IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| CIN-Q AUTOMOBILES, INC. and MEDICAL & CHIROPRACTIC CLINIC, INC., individually and as the representative of a class of similarly-situated persons,<br><br>Plaintiff,<br><br>v.<br><br>BUCCANEERS LIMITED PARTNERSHIP and JOHN DOES 1-10,<br><br>Defendants. | Civil Action No.:<br><br>8:13-CV-01592-17 EAK-AEP |

### PLAINTIFFS' OPPOSITION TO BLP'S MOTION TO CONSOLIDATE RELATED LAWSUITS

Plaintiffs, Cin-Q Automobiles, Inc. and Medical & Chiropractic Clinic, Inc., oppose the Motion to Consolidate Related Lawsuits filed by Defendant Buccaneers Limited Partnership ("BLP"). (Doc. 178). Plaintiff agrees *Accounting to You v. BLP*, No. 8:13-cv-02929-EAK-AEP (the "*ATY* Action") was properly *transferred* to this Court, but that does not mean *consolidation* is a given. This case is far more advanced than the *ATY* Action, and ATY will be a member of Plaintiffs' proposed class, undercutting the basis for consolidation. In the alternative, even if the Court orders the cases consolidated, it should rule that ATY is entitled to conduct discovery of its own.

### Standards for Consolidation

Under Fed. R. Civ. P. 42, the Court has wide discretion over whether to order actions consolidated where they involve a "common question of law or fact." *See Young v. City of Augusta, Ga.*, 59 F.3d 1160, 1169 (11th Cir. 1995) ("We have found no cases, however, in

which a court's refusal to order consolidation has been overturned."). In exercising its discretion, the Court should consider the stage of the proceedings in each action. *See, e.g.*, *Kilgo v. Bowman Transp., Inc.*, 570 F. Supp. 1509, 1513–14 (N.D. Ga. 1983) ("Consolidation of cases at such different stages, such as a recently filed case with no substantive proceedings undertaken and a case more than four years old awaiting decision, is not advisable.").

## **Procedural History**

Plaintiff Cin-Q Automobiles, Inc. filed this suit on June 18, 2013, with a First Amended Complaint on June 25, 2013 (Doc. 7), and a Second Amended Complaint on January 3, 2014, adding Plaintiff Medical & Chiropractic Clinic, Inc. (Doc. 70). The Court has decided substantive issues on BLP's motion to dismiss for failure to state a claim (Doc. 41), and the parties' cross-motions for summary judgment on BLP's liability as the "sender" as defined by FCC regulation (Doc. 167). The parties have conducted substantial discovery, and the Court has ruled on discovery disputes. (*E.g.*, Docs. 80, 121). Currently pending are Plaintiff's motion to reconsider the denial of its motion for summary judgment on the "sender" issue (Doc. 170) and BLP's motion to proceed to trial on Plaintiffs' individual claims without deciding class certification (Doc. 169). The Court heard argument on the latter two motions on February 24, 2014, taking them under advisement. (Doc. 176).

The *ATY* Action was filed November 18, 2013. Little to no discovery has been taken by either party. The Court stayed all discovery in the *ATY* Action pending a decision on vicarious liability in this case on September 3, 2014. There has been no dispositive motion practice or substantive court rulings.

On April 1, 2015, the parties filed a consent motion to transfer the *ATY* Action to Magistrate Judge Porcelli for all purposes as a "related case" under Local Rule 1.04(b), which the district court granted on April 2, 2015. Following the transfer, BLP filed the pending motion to consolidate the *ATY* Action with this case. In the *ATY* Action, BLP filed a motion to suspend the case management order and stay all discovery, arguing that Plaintiffs in this case have taken more than 10 depositions and so ATY has no right to conduct any discovery of any kind prior to a new case management schedule being entered.

On April 20, 2015, ATY served BLP with notice of three subpoenas it issued to persons and entities related to 127 High Street, the entity that transmitted BLP's faxes in the first broadcasts in July 2009. ATY may serve BLP with a notice of deposition for a second Rule 30(b)(6) corporate representative to testify regarding documents that were produced the evening before the first Rule 30(b)(6) deposition in this action on March 25, 2014, and documents produced *after* that deposition.

## Argument

Although the *ATY* Action was properly transferred to this Court, given its familiarity with the facts underlying BLP's fax advertising, the Court should decline to consolidate the actions at this time. In *Kilgo v. Bowman Transp., Inc.*, 570 F. Supp. 1509, 1513–14 (N.D. Ga. 1983), the court declined to consolidate two employment-discrimination class actions, even though they alleged the same pattern of sex discrimination, where "no substantial proceedings" had been undertaken in the later-filed action and the earlier-filed action was "awaiting decision" following class certification and a bench trial. In addition, the court held, consolidation was unnecessary, having granted the first-filed plaintiff's motion to redefine

the class such that the later-filed plaintiff was "within the parameters of the newly-defined class." *Id.*

In this case, although there has been no decision on class certification or a class trial, this case has seen substantial motion practice, including a motion to dismiss and cross-motions for summary judgment, along with substantial discovery. The *ATY* Action has seen neither. Moreover, Plaintiffs are preparing their motion for class certification, and ATY will be "within the parameters" of Plaintiffs' proposed class definition. The *ATY* Action is properly under this Court's supervision, but there is no need to consolidate the action with this case at this time. Even where "[t]he core issue of liability" is the same and "[c]ounsel for the parties is the same in both cases," consolidation is never *required. Young v. City of Augusta, Ga.*, 59 F.3d 1160, 1169 (11th Cir. 1995) (affirming denial of consolidation).

In the alternative, if the Court consolidates the actions, it should increase the number of depositions allowed per side so ATY can conduct discovery. *See Campanella v. Longoria*, 2007 WL 3035153, at *1 (N.D. Cal. Oct. 16, 2007) (holding "in recognition of the nature of these consolidated cases . . . each side shall be permitted up to 20 depositions"). At the least, the Court should rule ATY is entitled to take a Rule 30(b)(6) deposition relating to documents BLP produced either hours before the first Rule 30(b)(6) deposition or weeks later. *See Tardif ex rel. Yerk v. People for the Ethical Treatment of Animals*, 2011 WL 2413630, at *2 (M.D. Fla. June 13, 2011) (allowing plaintiff to take second Rule 30(b)(6) deposition of defendant where representative at first deposition did not have knowledge regarding one of the designated topics).

## Conclusion

For the foregoing reasons, the Court should decline to consolidate this action and the *ATY* Action at this time. In the alternative, the Court should hold ATY is entitled to conduct discovery of its own, including a Rule 30(b)(6) deposition of BLP to investigate documents produced by BLP hours before the first Rule 30(b)(6) deposition in this case or *after* that deposition.

                              Respectfully submitted,

                              By:/s/Glenn L. Hara
                              Glenn L. Hara (pro hac vice)
                              **ANDERSON + WANCA**
                              3701 Algonquin Rd., Suite 760
                              Rolling Meadows, IL 60008
                              Tel: (847) 368-1500
                              Fax: (847) 368-1501
                              Email: ghara@andersonwanca.com

                              Michael C. Addison
                              Florida Bar No. 0145579
                              **ADDISON & HOWARD, P.A.**
                              400 N. Tampa St., Suite 1100
                              Tampa, FL 33602-4714
                              Tel: (813) 223-2000
                              Fax: (813) 228-6000
                              Email: m@mcalaw.net

## **CERTIFICATE OF SERVICE**

   I HEREBY CERTIFY that on April 21, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the persons listed below.

                 /s/Glenn L. Hara
                 Glenn L. Hara


Justin C. Sorel, Esq.
Barry A. Postman, Esq.
David C. Borucke
Cole, Scott & Kissane, P.A.
1645 Palm Beach Lakes Blvd., 2nd Floor
West Palm Beach, FL 33401
(561) 383-9229  FAX (561) 683-8977
Email:
justin.sorel@csklegal.com;
barry.postman@csklegal.com
david.borucke@csklegal.com