UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CIN-Q AUTOMOBILES, INC., a
Florida corporation, individually and as
the representative of a class of similarly-
situated persons,

    Plaintiff,

v.                                                  CASE NO.: 8:13-cv-1592-T-AEP

BUCCANEERS LIMITED PARTNERSHIP
and JOHN DOES 1-10,

    Defendants.

_____/

## **ORDER**

This cause comes before the Court on Defendant's Motion to Bifurcate and Proceed Directly to Trial on Liability (Doc. 169), and Plaintiff's response thereto (Doc. 172), as well as Plaintiff's Motion for Reconsideration of Order Denying Plaintiff's Motion for Summary Judgment or, in the Alternative, to Certify Questions for Interlocutory Review Under 28 U.S.C. § 1292(b) (Doc. 170), and Defendant's response thereto (Doc. 173). On April 24, 2015, a hearing was held before the undersigned on these matters, and the motions were taken under advisement. (Doc. 176). For the reasons that follow, Defendant's motion to bifurcate and proceed directly to trial on liability is denied, Plaintiff's motion for reconsideration is denied, and Plaintiff's alternative motion to certify questions for interlocutory review is also denied.

### **I.     Motion to Bifurcate and Proceed Directly to Trial on Liability**

Defendant moves for what is, in essence, a continuation of the bifurcated procedure adopted by this Court at the onset of this action. Defendant argues that an immediate trial on liability may

obviate the need for eight to twelve additional months of proceedings and expenses related to class certification.

Federal Rule of Civil Procedure 42(b) "confers broad discretion on the district court in this area, permitting bifurcation merely in furtherance of convenience." *Harrington v. Cleburne Cnty. Bd. of Educ.*, 251 F.3d 935, 938 (11th Cir. 2001) (citing Fed. R. Civ. P. 42) (internal quotations omitted). The Court's discretion, while broad, is, however, not unlimited in scope. As Plaintiff contends, Rule 23(c) contemplates that class certification be decided "at an early practicable time." *See also* FED. R. CIV. P. 23, advisory committee notes ("Although an evaluation of the probable outcome on the merits is not properly part of the certification decision, discovery in aid of the certification decision often includes information required to identify the nature of the issues *that actually will be presented at trial*.") (emphasis added). The Local Rules of this tribunal are to the same effect.

Moreover, and more importantly, the United States Supreme Court's holding in *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds* ("*Amgen*") makes clear that "Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *See* 133 S. Ct. 1184, 1194-95 (2013). As the Court noted, "the office of a Rule 23(b)(3) certification ruling is not to adjudicate the case; rather, it is to select the 'metho[d]' best suited to adjudication of the controversy 'fairly and efficiently.' " *See id.* at 1191. Defendant here moves for what amounts to the functional equivalent of the request in *Amgen*—proof of an essential predicate to recovery on the merits prior to class certification. The *Amgen* decision, however, warned against preliminary adjudications, as they "would entail considerable expenditures of judicial time and resources, costs scarcely anticipated by Federal Rule of Civil Procedure 23(c)(1)(A), which instructs that the decision whether to certify a class action be made '[a]t an early practicable time.' " *Id.* at 1201.

Here, to proceed to a trial on liability prior to class certification would, procedurally, "put the cart before the horse." *See id*. at 1191. Additionally, while time and expenses are an important consideration in this and all litigation, *see* FED. R. CIV. P. 1, as explained more fully below, continuing the bifurcated procedure risks an unnecessary trial and multiple intervening appeals that pose an even greater threat to the speedy and inexpensive disposition of this case.

## II. Reconsideration

Plaintiff first moves for reconsideration of the Court's order denying summary judgment. (Doc. 167).

"Reconsideration is 'an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.' " *Kearney v. Auto-Owners Ins. Co.*, No. 8:06-cv-00595-T-24-TGW, 2010 WL 3062420, at *3 (M.D. Fla. Aug. 4, 2010) (quoting *Int'l Union of Painters v. Argyros*, No. 5-cv-1661, 2007 WL 1577840, at *1 (M.D. Fla. May 31, 2007)). A Rule 59 motion "does not provide an opportunity to simply reargue an issue the Court has once determined. Court opinions 'are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.' " *Am. Ass'n of People With Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1340 (M.D. Fla. 2003) (quoting *Quaker Alloy Casting Co. v. Gulfco Indus., Inc*., 123 F.R.D. 282, 288 (N.D. Ill. 1988)). Moreover, in determining whether reconsideration is warranted, only three circumstances will justify reconsideration: (1) a change in the controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice. *See Wi-Lan, Inc. v. HTC Corp.*, 951 F. Supp. 2d 1291, 1291 (M.D. Fla. 2013); *Argyros*, 2007 WL 1577840, at *1.

Upon review of Plaintiff's Motion, none of the grounds for reconsideration of the Court's Order (Doc. 167) have been met. Following the subject Order, the Eleventh Circuit *sua sponte*

issued a new opinion in *Palm Beach Golf Center-Boca, Inc.* v. *John G. Sarris, D.D.S., P.A*, No. 13-14013 ("*Sarris*"), leaving unchanged what this Court has interpreted to be a "totality of circumstances" test. (See Doc. 177). Additionally, the Eleventh Circuit has denied Plaintiff's motion to clarify its opinion in *Sarris.* (*See* Doc. 177-1).

Plaintiff raises a litany of other arguments, the vast majority of which were briefed and fully considered by the undersigned—including collateral FCC rulings addressing other areas of the telemarketing arena. Plaintiff also attempts to buttress its position by submitting that a "but-for causation" element solves one of the Court's interpretive concerns relating to "sabotage liability." The Court does not agree that Plaintiff's proposal necessarily solves the analytical dilemma, and, in any event, declines to read new elements into the regulation and its related cause of action—particularly in view of this Court's jurisdictional restrains under the Hobbs Act. The Court further declines to respond in-kind to the remaining contentions in Plaintiff's motion.[1] Ultimately, however, no change in law or need to correct clear error or manifest injustice exist. Plaintiff's motion for reconsideration is, accordingly, denied.

### III. Interlocutory Review

In the alternative to its motion for reconsideration, Plaintiff requests that the Court certify the following questions for interlocutory review under 28 U.S.C. 1292(b):

(1) Whether an unsolicited facsimile advertisement is sent "on behalf of" a defendant as a matter of law under *Palm Beach Golf Ctr.-Boca, Inc. v. Sarris*, 771 F.3d 1274 (11th Cir. 2014), where the defendant creates the advertisement, hires a fax broadcaster, specifies the area codes, dates, and times for transmission, pays for the transmissions, tracks the sales generated by the faxes, makes interim modifications to the content, and exercises authority to halt and restart the transmissions.

---

[1] While Plaintiff argues the Court exceeded its scope of authority in one part of its interpretive analysis, Plaintiff's motion for reconsideration does not raise a fundamental jurisdictional issue, as implied by Plaintiff's reference to *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehabilitative Servs.*, 225 F.3d 1208, 1218 (11th Cir. 2000).

(2) Whether a district court lacks jurisdiction under the Hobbs Act to hold an FCC regulation defining the "sender" of an unsolicited fax advertisement applies only to the person "on whose behalf" the fax is sent, giving no effect to the part of the definition including the person "whose goods or services are advertised" on the basis that it "leads to absurd results which cannot possibly follow from a permissible construction of the TCPA or from an agency's reasonable interpretation of its regulations."

(3) Whether the part of the regulation defining the "sender" as the person "whose goods or services are advertised" in the fax should be applied literally, or whether it entails the default requirement of "but-for" causation for torts created by statute under *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2525 (2013).

A district court, after issuing "an order not otherwise appealable," may allow for immediate appeal provided the order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and that such an appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C.A. § 1292(b). A "controlling question of law" in this context is an abstract legal issue, or, "pure" legal question, rather than a question engendering "the application of settled law to fact," or one requiring the court of appeals to "delve beyond the surface of the record."[2] *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1258-59 (11th Cir. 2004). The "substantial ground for difference of opinion" requirement is not met when the appellate court is in "complete and unequivocal" agreement with the district court. *Burrell v. Bd. of Trustees of Ga. Military Coll.*, 970 F.2d 785, 789 (11th Cir. 1992). Finally, whether resolution "may materially advance the ultimate termination of the litigation. . .means that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation." *McFarlin*, 381 F.3d at 1259 (internal citation omitted). If review is granted, the appellate court may address

---

[2] "The legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law. And the answer to that question must substantially reduce the amount of litigation left in the case." *McFarlin*, 381 F.3d at 1259.

any issue fairly included within the certified order. *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 205 (1996).

There is no doubt that the interpretive issue at hand involves a controlling question of law to which there is substantial ground for difference of opinion.[3]  In light of the procedural posture of this case, however, an interlocutory appeal under 28 U.S.C.A. § 1292(b) would not materially advance the ultimate termination of this litigation.  As discussed above, this case will not proceed directly to trial on liability, but, rather, will proceed directly to class discovery and Plaintiff's anticipated motion for class certification.  Upon disposition of that motion, the parties will be able to petition for interlocutory review under Federal Rule of Civil Procedure 23(f).  If, as Plaintiff contends, this Court has abused its discretion by applying an incorrect legal standard, such error will be reviewable if the Eleventh Circuit grants the anticipated Rule 23(f) petition. *See, e.g.*, *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1264 (11th Cir. 2009); *Klay v. Humana, Inc.*, 382 F.3d 1241, 1251 (11th Cir. 2004); *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1096 (11th Cir. 2004).  Therefore, granting interlocutory appeal at this juncture does not avoid a trial, nor does it substantially shorten the life of the action. *See McFarlin*, 381 F.3d at 1259.  Instead, granting an appeal at this juncture risks the undesirable outcome of piecemeal appeals that may further delay and increase the expense of this litigation. *See id.* at 1246-47, 1259 ("Because permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy.").

Accordingly, it is hereby

---

[3] Interpretation of the regulation at issue, which is perhaps the predominant controlling legal issue in this case, is a matter of pure law—completely free from entanglement with the factual record.  And, as is evident from the Court's Order denying summary judgment, as well as from the extensive briefing and hearings on this matter, a substantial ground for difference of opinion exists.

ORDERED:

1. Defendant's motion (Doc. 169) is DENIED. This action shall proceed directly to discovery in aid of Plaintiff's anticipated motion for class certification under Rule 23. A status conference shall be set by separate notice, where the Court will address the parties' Amended Supplemental Case Management Report (Doc. 166), as well as Defendant's Motion to Consolidate Related Lawsuits (Doc. 178).

2. Plaintiff's motion (Doc. 170) is DENIED in its entirety.

**DONE AND ORDERED** at Tampa, Florida this 5th day of May, 2015.

ANTHONY E. PORCELLI
United States Magistrate Judge

Copies furnished to:
Counsel of Record