# EXHIBIT 2C1

## Phil Bock

| | |
|---|---|
| **From:** | Phil Bock |
| **Sent:** | Wednesday, May 18, 2016 9:27 AM |
| **To:** | peter@grillimediation.com |
| **Subject:** | Buccaneers mediation on May 19, 2016 - Plaintiff mediation statement |
| **Attachments:** | 16-05-18 - Technology Buccaneers - FINAL mediation statement.pdf |

Mr. Grilli -

Attached please find my law firm's confidential mediation statement in advance of tomorrow's mediation at 9:30 a.m.

We represent the plaintiff and have not shared this with the defendant.

Thank you for your assistance with this matter.

Phillip A. Bock
Bock & Hatch, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
312-658-5501 direct
312-658-5555 fax
847-845-3347 cell

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000001

# *Bock, Hatch, Lewis & Oppenheim, LLC*

134 North La Salle Street, Suite 1000
Chicago, IL 60602
312-658-5500 (Phone) • 312-658-5555 (Fax)

May 18, 2016

## CONFIDENTIAL MEDIATION STATEMENT

Peter J. Grilli
Peter J. Grilli Mediation
3001 West Azeele Street
Tampa, FL 33609

> **Re:** *Technology Training Associates, Inc. v. Buccaneers Limited Partnership* – TCPA Litigation

Dear Mr. Grilli:

We represent Technology Training Associates, Inc. ("TTA"), one of thousands of recipients of advertising facsimiles from the Tampa Bay Buccaneers. Mediation in this matter is scheduled for Thursday, May 19, 2016, at 9:30 a.m. at your office, 3001 West Azeele Street, Tampa, FL 33609. Following is TTA's mediation statement.

## TTA'S MEDIATION STATEMENT

The parties are mediating to resolve a controversy about 343,122 advertisements sent by facsimile to 131,011 different fax numbers from July 2009 to June 2010. Evidence demonstrates that the Buccaneers Limited Partnership ("BLP") hired, paid for, and directed a third-party fax broadcaster, FaxQom, to conduct three fax advertising campaigns about tickets for Bucs' games. BLP coordinated the marketing effort, creating the template advertisements to be sent by fax by FaxQom (and the entities FaxQom used to send out the fax advertisements), directing what area codes the faxes were sent to, and determining the amount of faxes sent.

The Telephone Consumer Protection Act ("TCPA") imposes statutory liquidated damages of $500 per fax, and that figure may be increased to $1,500 per

Peter J. Grilli
May 18, 2016
Page 2

fax if the court finds that the defendant's violations were committed "willfully or knowingly." 47 U.S.C. § 227 (b) (3). A plaintiff need not prove that the defendant had knowledge of the TCPA's provisions in order to establish that the defendant willfully or knowingly violated the TCPA. *See Sengenberger v. Credit Control Services, Inc.,* 2010 WL 1791270, at *6 (N.D. Ill. May 5, 2010) (trebling the statutory damages to $1,500 per violation because defendants "intentionally made the contested phone calls to Plaintiff").

As discussed more fully below, BLP's liability exposure is $171,561,000 and subject to possible trebling to $514,683,000.

## I.   DISCUSSION

The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, is a strict liability statute. *See Alea London Limited v. American Home Services, Inc.,* 638 F.3d 768, 776 (11th Cir. 2011); *Penzer v. Transp. Ins. Co.,* 545 F.3d 1303, 1311 (11th Cir.2008); *A Fast Sign Co., Inc. v. American Home Servs., Inc.,* 734 S.E.2d 31, 32 (Ga. 2012); *Erie Ins. Exchange v. Lake City Indus. Prods., Inc.,* 2012 WL 1758706, *3 (Mich. App. May 17, 2012); *Breslow v. Wells Fargo Bank, N.A.,* 857 F.Supp.2d 1316, 1318 (S.D. Fla. 2012); *Harris v. World Fin. Network Nat. Bank,* 867 F.Supp.2d 888, 892 (E.D. Mich. 2012); *Park University Enterprises, Inc. v. American Cas. Co. of Reading, PA,* 314 F.Supp.2d 1094, 1103 (D. Kan. 2004), *aff'd,* 442 F.2d 1239 (10th Cir. 2006). A party can be liable under the TCPA for sending an unsolicited advertisement by facsimile, even if it believed, reasonably and in good faith, that the recipient wanted and authorized receipt of the fax. *Park Univ.,* 314 F.Supp.2d at 1103.

The TCPA defines "unsolicited" as material "transmitted to any person without that person's prior express invitation or permission." 47 U.S.C. § 227 (a) (4). "In ordinary parlance, there is no such thing as 'implied express consent'—that is an oxymoron. Giving out one's [fax] number, … is not 'express' consent to besiegement by" junk advertising faxing. *Thrasher-Lyon v. CCS Commercial, LLC,* No. 11 C 04473, 2012 WL 3835089, *5 (N.D. Ill. Sept. 4, 2012), *appeal dismissed,* No. 12-3891 (7th Cir. June 18, 2013). The FCC has stated: "We do not believe that the intent of the TCPA is to equate mere distribution or publication of a telephone facsimile number with prior express permission or invitation to receive … advertisements." *In the Matter of the Telephone Consumer Protection Act of 1991,* Memo. Opinion and Order, ¶ 37, 10 FCC Rcd. 12391 (Aug. 7, 1995).

Prior express consent is consent that is clearly and unmistakably stated. *Satterfield v. Simon & Schuster,* 569 F.3d 946, 955 (9th Cir. 2009). The defendant bears the burden of proving it had prior express consent to fax. "Express permission to receive a faxed ad requires that the consumer understand that by providing a fax

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

Peter J. Grilli
May 18, 2016
Page 3

number, he or she is agreeing to receive faxed advertisements. We believe the burden on companies to obtain express permission is warranted when balanced against the need to protect consumers and businesses from bearing the advertising costs of those companies." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014, 14129-30 (July 3, 2003). In 2006, the FCC codified its view, explaining that "*the sender must take reasonable steps to verify that the recipient consented ….*" 71 Fed. Reg. 25967-01, 25968 (italics added); *Spine and Sports*, 2014 WL 2946421, *19 n.22.

TTA expects to show, beyond dispute, that the faxes were unsolicited. Not one recipient agreed to, much less asked for, advertisements for BLP tickets to be sent to it by fax. BLP did not contact a single recipient beforehand to obtain permission to send faxes. Instead, the entity that managed the fax broadcasting on BLP's behalf simply purchased database lists of fax numbers for various Florida area codes.

On July 11, 2005, Congress passed the Junk Fax Prevention Act of 2005, Pub. L. No. 109-21, 119 Stat. 359 (2005) ("JFPA"), placing additional restrictions on the sending of faxed advertisements, including an "opt-out notice" requirement. SOF at ¶¶ 12-12, 16, 20-22. Subsection (b) of the TCPA requires the FCC to "prescribe regulations to implement the requirements of this subsection"—specifically, regulations governing opt-out notice requirements. 47 U.S.C. § 227 (b) (2) (D). Congress required the FCC to implement regulations that:

> [S]hall provide that a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if—
>
> (i) the notice is clear and conspicuous and on the first page of the unsolicited advertisement; [and]
>
> (ii) the notice states that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or machines and that failure to comply, within the shortest reasonable time, as determined by the Commission, with such a request meeting the requirements under subparagraph (E) is unlawful.

47 U.S.C. § 227(b) (2) (D).

Pursuant to this authority, during the relevant time period, the FCC promulgated regulations requiring an opt-out notice on all advertisements sent by fax, whether with or without permission. *Ira Holtzman,* 728 F.3d at 683 ("Because Top of Mind omitted opt-out notices, it does not matter which recipients consented or had an established business relation with Turza.") "The Court notes as well that

TTA10262018 000004

Peter J. Grilli
May 18, 2016
Page 4

even if the defendants had presented evidence sufficient to raise a fact issue as to whether any class members consented to the WEI fax, or had an existing business relationship with WEI, such that sending the fax to them would have been permissible, summary judgment on this issue would still be warranted because the [TCPA] requires that an unsolicited advertisement clearly and conspicuously notify a recipient that it may opt out of receiving any future unsolicited advertisements from the sender and that the sender's failure to comply, within 30 days, is unlawful." *Paldo Sign,* 67 F.Supp.3d at 885.

Effective August 1, 2006, the FCC promulgated regulations applicable here, including a definition of "sender" of a fax advertisement to include "the person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement." *In the Matter of Rules & Regulations Implementing the Tel. Cons. Prt. Act of 1991 Junk Fax Prevention Act of 2005*, 21 FCC Rcd. 3787, 3815-16 (2006). The FCC also required an opt-out notice on every advertisement sent by fax, even those sent with prior express consent ("permission-based faxes"). 47 U.S.C. § 227(b) (2) (D).

Large judgments are common in TCPA blast faxing cases like this one. *See, e.g., A Fast Sign Co., Inc. v. Am. Home Servs.*, Case No. 2003-CV-77276, 2010 WL 4496651 (Ga. Super. Sept. 15, 2010) (summary judgment entered in amount of $459,000,000.00, calculated at $1,500 per fax for 306,000 faxes), *aff'd by* 734 S.E.2d 31 (Ga. 2012); *Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682 (7th Cir. 2013) (affirming award of $4,215,000, calculated at $500 per fax for 8,430 faxes); *G.M. Sign, Inc. v. Group C Communications, Inc.*, Case No. 1:08-cv-04521 (N.D. Ill. Jan. 10, 2011) (Darrah, J.) (summary judgment for $18,966,000, representing $500 per fax for 37,932 faxes); *National Union Fire Ins. Co. of Pittsburgh v. ESI Ergonomics Solutions, LLC*, 342 F. Supp. 2d 853 (D. Ariz. 2004) (summary judgment entered in amount of $40,446,580.00, representing $500.00 per fax plus statutory interest); *Hooters of Augusta, Inc. v. American Global Ins. Co.*, 272 F. Supp. 2d 1365 (S.D. Ga. 2003), *aff'd*, 157 Fed. Appx. 201 (11th Cir. 2005) (insurer owed duty to indemnify $11,889,000.00 judgment, representing $1,500.00 per fax).

Large settlements are common as well:

| TCPA/Type | Case | Jur. | Fund Amount | Class Members | Eligible relief |
|---|---|---|---|---|---|
| Calls | In re Capital One | NDIL | $75,455,099.00 | 17,522,049 | $39.66 per claimant |
| Calls | Hageman v. AT&T Mobility | D.Mont. | $45,000,000.00 | N/A | $500/pro rata |
| Fax | Sawyer v. Stericycle | IL State | $45,000,000.00 | 137923 | $500.00 |
| Fax | Fun Services v. Hertz | Kansas | $40,782,000.00 | 2,000 | $500 per fax |
| Calls | Wilkins v. HSBC | NDIL | $39,975,000.00 | N/A | $110 per claimant |
| Calls | Rose v. Bank of America | ND CA | $32,083,905.00 | 7,723,860 | $20-$40 per |

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

Peter J. Grilli
May 18, 2016
Page 5

| | | | | | claimant |
|------|-------------------------------------------|-----------|-----------------|-----------|----------------------------|
| Fax | Fauley v. Met Life | IL State | $23,000,000.00 | 2,792,213 | $292.89 per fax |
| Fax | GM v. MFG.com | IL State | $22,536,500.00 | 494,212 | N/A |
| Fax | Addison v. Domino | IL State | $17,751,363.81 | 145,000 | N/A |
| Fax | Windmill v. Res-Care | IL State | $17,000,000.00 | 51,881 | $217.48 per claimant |
| Fax | Addison v. Rossi | NDIL | $15,875,000.00 | 31,004 | N/A |
| Calls| CVS v. CBRE | IL State | $13,680,500.00 | 21893 | N/A |
| Fax | Brodsky v. NIP | IL State | $13,500,000.00 | 1,200,000 | $500 per claimant |
| Fax | A Aventura Chiropractic v. Med Waste | S.D. Fla. | $10,000,000.00 | 20,000 | N/A |
| Fax | Italia v. Sun Tours | IL State | $8,700,000.00 | 62,450 | $94.00 |
| Fax | Byram | IL State | $8,550,000.00 | 31,394 | $272.35 |
| Fax | Medical West v. Food Marketing | Missouri | $8,370,000.00 | 60,632 | $138.05 |
| Fax | Mt. Lookout v. Quest | IL State | $8,097,000.00 | 6554 | N/A |
| Fax | Goans v. Hard Wok | MO | $6,230,000.00 | 9,752 | $638.84 per claimant |
| Fax | Sandusky v. Heel | ND Oh. | $6,000,000.00 | 34831 | $61.79 |
| Fax | Zimmer v. Moore | MO State | $5,516,000.00 | 5539 | $339.06 |

## II.   SCOPE OF LIABILITY

The Eleventh Circuit's decision in *Palm Beach Golf Center-Boca, Inc. v. Sarris*, 781 F.3d 1245 (11th Cir. 2015), will play a large role in a Florida court's decision about whether BLP is liable for the faxes sent by its agent/contractor. Although *Sarris* involves faxes sent before a regulatory change in August 2006, the *Sarris* decision reversed the trial court's prior summary judgment, which was based on the notion that the plaintiff was required to establish the defendant's liability through common law vicarious liability/agency principles. The Eleventh Circuit, after receiving input from the Federal Communications Commission ("FCC"), held that TCPA liability is direct (not vicarious) for businesses whose products or services are promoted via unlawful faxes. *Id., generally.*

Specifically, the Eleventh Circuit held that "a person whose services are advertised in an unsolicited fax transmission, and on whose behalf the fax is transmitted, may be held liable directly under the TCPA's ban on the sending of junk faxes." *Id.* at 1254. It noted, "[t]he TCPA makes it unlawful 'to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement.'" *Id.* at 1255. The statute fails to identify "whether, for purposes of section 227(b) (1) (C), the sender is the advertiser, a fax broadcasting service hired by the advertiser, the common carrier whose network is used to send the fax, or whether multiple individuals or entities are 'senders.'" *Id.* at 1256. To answer the question, "the FCC stated that the TCPA

Peter J. Grilli
May 18, 2016
Page 6

provided for direct liability for an entity on whose behalf goods or services were promoted by unsolicited fax advertisement." *Id.* In so doing, "the FCC has placed liability at the source of the offending behavior that Congress intended to curtail." *Id.* at 1257.

Here, the undisputed evidence demonstrates that Matt Kaiser, BLP's Director of New Business Development, contracted with and ultimately hired the fax broadcasting company FaxQom in order to conduct a fax broadcast campaign in an effort to generate ticket sales in and around Tampa Bay. Defendant ultimately ordered three different fax blasts from FaxQom: (1) July 14-16, 2009; (2) August 17-20, 2009; and (3) May 24 - June 9, 2010. BLP paid FaxQom $15,336.80, $7,668.40, and $14,766.92 respectively for these fax blasts. Furthermore, BLP created the fax advertisements that FaxQom sent by fax, and directed what area codes the faxes would be sent to.

BLP has argued in related litigation that it cannot be held liable for the fax advertisements because they were sent outside the authority BLP provided to FaxQom. Most notably, BLP had asked FaxQom if the persons to whom the faxes were being sent had "opt-ed in" to receiving fax advertisements and if FaxQom's business was legal. FaxQom assured BLP that the numbers being used had "opted-in" to receiving fax advertisements, and even agreed to indemnify BLP. In reality, the numbers being used never agreed to receive fax advertisements, and indeed, FaxQom itself never did the actual faxing, as it outsourced the job to third parties USA Datalink, 127 Highstreet, and Rocket Messaging. Moreover, the person BLP dealt with at FaxQom – Steven Simms – did not actually exist and was the alias of Michael Clement. Therefore, according to BLP, because its authorization was based on deceit, and that it exerted much less control over FaxQom (and its delegates), the faxes cannot be held to be "on behalf of" BLP, and thus BLP is not liable as the "sender" of the fax advertisements.

These defenses, however, cannot prevent BLP from being held liable. As discussed above, in *Palm Beach Golf Center-Boca, Inc.*, 781 F.3d at 1256, the Eleventh Circuit found that direct liability attaches to an entity *on whose behalf* goods or services were promoted by unsolicited fax advertisement. While the Eleventh Circuit did not explicitly define the term, "on behalf of," subsequent courts have found that, where a party hires a third-party fax broadcaster to conduct a fax campaign, creates the subject fax, and that fax advertises its goods and services, the faxes can be deemed to be sent "on behalf of" that party, and thus liable as a "sender" under the TCPA. *See, e.g., City Select Auto Sales, Inc. v. David/Randall Associates, Inc.*, 96 F. Supp. 3d 403, 420 (D. N.J. 2015)

Moreover, other circuits have adopted the approach that a party who hires a third-party fax broadcaster is liable for the broadcaster's actions. In *Imhoff*

TTA10262018 000007

Peter J. Grilli
May 18, 2016
Page 7

*Investment, L.L.C. v. Alfoccino, Inc.*, 792 F.3d 627, 634 (6th Cir. 2015), the Sixth Circuit stated that "direct liability attaches to the entity whose goods are advertised." *Id.* "Direct liability may therefore attach to Alfoccino if an unsolicited advertisement for its goods or services was faxed to an entity with which it had no existing business relationship." *Id.* at 636. "The pertinent FCC regulations are explicit **that the party whose goods or services are advertised**—and not the fax broadcaster—is the sender. We therefore find that Alfoccino is a party subject to direct liability for the unsolicited Alfoccino advertisements B2B transmitted to Avio in violation of the TCPA." *Id.* (emphasis added).

More recently, in *Siding and Insulation Co. v. Alco Vending, Inc.*, No. 15-3551, 2016 WL 2620507 (6th Cir. May 9, 2006), the Sixth Circuit held that as of August 1, 2006, there was a strict-liability standard regarding "any person whose goods or services are advertised in an offending fax." *Id.* at *4-9. As a result, any entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement is a "sender" under the TCPA and is therefore strictly liable. *Id.*

Therefore, we expect BLP will ultimately be held liable for all of the actions of FaxQom and its delegates, but recognize risks in getting to that point.

## III.   DEFENSES TO LIABILITY

As outlined above, in the related action involving the same fax campaigns, *Cin-Q Auto., Inc. v. Buccaneers Ltd. Partnership*, 2014 WL 7224943 (M.D. Fla. 2014), the district court rejected both parties' motions for summary judgment. The *Cin-Q* court noted that there was no dispute that BLP hired FaxQom to send out the fax advertisements, that BLP created the fax advertisements sent, or even that BLP was aware of complaints about the fax advertisements, yet continued to direct FaxQom to conduct its fax broadcast campaign. *Id.* at *8. *See* Exhibits. A-C (BLP ordering the three fax campaigns).

The *Cin-Q* court did point out, however, that, due to the actions of FaxQom, BLP was "two or three degrees of connection removed from the transmissions." *Id.* at *2. The *Cin-Q* court went on to create a set of factors to consider for determining whether a fax was sent "on behalf of" a party who hired a third party fax broadcaster.[1] BLP may argue that, because of the disconnect between itself and

---

[1] The *Cin-Q* court holding that these factors include, but are not limited to, "the degree of input and control over the content of the fax(es), the actual content of the fax(es), contractual or expressly stated limitations and scope of control between the parties, privity of the parties involved, approval of the final draft of the fax(es) and

Peter J. Grilli
May 18, 2016
Page 8

FaxQom's actions, the faxes were not sent "on behalf of" BLP, and therefore BLP cannot be held liable as the "sender" under the TCPA, as defined by the Eleventh Circuit in *Palm Beach Golf Center-Boca, Inc.*

### A.    The Fax Ads Were Sent on BLP's Behalf.

Due to the extent of BLP's involvement and control over the fax advertising campaign, were this case to proceed to trial, a jury could well determine the faxes were sent "on behalf of" BLP. BLP does not seriously dispute that its representative, Matt Kaiser, hired FaxQom to conduct a fax broadcasting campaign, created the fax, directed FaxQom to send the faxes to specific area codes in particular time frames, and even monitored the fax broadcast campaign. Nothing in the record suggests that FaxQom exceeded its authority or deviated from BLP's instructions as to the sending of the faxes or the target markets. In those respects, FaxQom conducted the fax broadcast campaign exactly as directed by BLP. *Id.*

### B.    BLP Had Sufficient Information to Know Its Fax Ads Were Illegal.

BLP contends it did not know its conduct was illegal. But BLP will be unable to prove this because Matt Kaiser looked up the TCPA rules before beginning BLP's campaign and the faxes were in violation of the opt-out notice requirement on their face. In addition, recipients warned BLP of its fax ads halfway through the campaign that they were illegal and in violation of the TCPA, but BLP pressed forward sending more fax ads anyway. And it is immaterial whether BLP knew that FaxQom was using third party fax broadcasters, because the underlying facts remain unchanged – FaxQom acted exactly as BLP directed it to act. The TCPA is a strict liability statute, and BLP's intent (or lack thereof) to break the law is inconsequential. *See Alea London Ltd.,* 638 F.3d at 776. Therefore, BLP is facing high exposure and the potential for a very large verdict/judgment.

Moreover, BLP's faxes did not contain an opt-out notice that strictly satisfied the requirements of the TCPA and of 47 C.F.R. § 64.1200 in order to be effective. Therefore, neither of two typical TCPA defenses—express consent and established business relationship—is especially strong for BLP. Ex. B at p. 8 n.13. *See, e.g., Turza*, 728 F.3d at 684 ("Because Top of Mind omitted opt-out notices, it does not matter which recipients consented or had an established business relation with

---

its transmission(s), method and structure of payment, overall awareness of the circumstances (including access to and control over facsimile lists and transmission information), and the existence of measures taken to ensure compliance and/or to cure non-compliance with the TCPA." *Cin-Q Auto., Inc.*, 2014 WL 7224943 at *7.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

Peter J. Grilli
May 18, 2016
Page 9

Turza"); *Walburg*, 715 F.3d at 685 ("the regulation as written requires the senders of fax advertisements to employ the above-described opt-out language even if the sender received prior express permission to send the fax."); *C-Mart, Inc. v. Metropolitan Life Ins. Co.*, 299 F.R.D. 679, 688-89 (S.D. Fla. 2014); *Med Waste*, 2013 WL 3463489; *A Aventura Chiropractic Center, Inc. v. Med Waste Management LLC*, 2013 WL 3463489 at *3-4 (S.D. Fla. July 3, 2013).

Here, BLP's three fax templates had deficient opt-out notices. Exhibits D-F. The unsolicited fax BLP sent in July 2009 did not contain an opt-out notice on the first page, which is improper. 47 C.F.R. § 64.1200 (a) (3) (iii). The opt-out notice included on the second page was not clear and conspicuous and it did not state that failure to comply with a request to stop sending faxes to a recipient within 30 days is unlawful. Exhibit D. Similarly, the unsolicited fax BLP sent in August 2009 also fails the "clear and conspicuous test" and failed to state that failure to comply with a request to stop sending faxes to a recipient within 30 days is unlawful. Exhibit E. Finally, the unsolicited fax BLP sent in May and June 2010 also contained improper opt-out notices. Exhibit F. The unsolicited fax BLP sent in May and June 2010, failed as it was not clear and conspicuous and it also did not state that failure to comply with a request to stop sending faxes to a recipient within 30 days is unlawful. 47 C.F.R. § 64.1200 (a) (3) (iii). Full compliance of these regulations are required. *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991; Junk Fax Prevention Act of 2005*, CG Docket Nos. 02-278, 05-338, Order, FCC 14-164 (rel. Oct. 30, 2014) ("FCC Opt-Out Order"). In October 2014, the FCC made clear that "substantial compliance" was not enough to comply with the opt-out notice provisions. *Id.*

## C.   TTA Has Standing to Sue BLP.

The recent Supreme Court decision in *Spokeo, Inc. v. Robins*, No. 13-1339, 578 U.S. __ (May 16, 2016), precludes any argument that victims of illegally sent junk faxes lack standing to pursue claims for statutory damages under the Telephone Consumer Protection ACT ("TCPA"), 47 U.S.C § 227(b) (3). *Spokeo* held standing requires two elements. First, the plaintiff must show the statutory violation is "particular" to the plaintiff and must affect him in a "personal and individual way," and not just as it affects the public at large. *Id.*, Slip op., p. 7 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 n.1 (1992)). Second, the plaintiff must show the effect on him is "concrete," not "abstract." *Id.* at 8. The Court held, however, that "concrete" does not mean "tangible." *Id.* at 8-9. Thus, a violation may be concrete even though the plaintiff has suffered no real harm and the violation only creates a "risk of real harm." *Id.* at 9.

In *Spokeo*, the plaintiff sued the defendant for violating the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. The plaintiff alleged the defendant

Peter J. Grilli
May 18, 2016
Page 10

willfully posted inaccurate information about him online, entitling him to statutory damages of $100 to $1,000 per violation. Slip op., p. 3, 15 U.S.C. § 1681n(a). The plaintiff did not, however, allege that anyone had read the inaccurate information and used it to his detriment in any way. He only alleged that some unknown person at some unknown time had viewed it. Slip op., p. 4. The Court remanded to the Ninth Circuit for a determination of whether the "particular procedural violations" of FCRA allegedly committed by the defendant in composing its inaccurate profile of the plaintiff "entail a degree of risk sufficient to meet the concreteness requirement." Slip op., p. 11.

In contrast to the FCRA violation alleged in *Spokeo*, TCPA junk fax violations necessarily cause a "particularized" and "concrete" injury to the recipient of a fax because they *necessarily* result in an illegal occupation of the recipient's telephone line. *Imhoff Investment, L.L.C. v. Alfoccino, Inc.*, 792 F.3d 627, 633 (6th Cir. 2015) (receipt of a fax in violation of the TCPA was a "concrete, particularized and personal injury" to the recipient because it necessarily occupied his telephone line in violation of the law). This may be a fleeting and small injury, but as Justice Thomas wrote in his concurrence in *Spokeo*, "Thus, when one man placed his foot on another's property, the property owner needed to show no more to establish a traditional case or controversy." Slip op., p. 2 (Thomas, J. concurring). Likewise actual illegal occupation of a telephone line, like the placement of a foot on a lawn, may be a small violation, but it is still more "concrete" than the mere "risk of harm" test established in *Spokeo*. *Spokeo*, thus, forecloses any argument that the recipient of a fax sent in violation of the TCPA lacks standing to sue for statutory damages for each such fax sent.

## IV.   NUMBER OF VIOLATIONS

Were a court to find that the subject fax advertisements were sent "on behalf of" BLP, and therefore is liable as the "sender," BLP would be liable for all 343,122 violations. Plaintiff expects the evidence will show that 131,011 unique fax numbers received a combined 343,122 successful error-free fax transmission containing advertisements for BLP's goods and services.

In sum, if a court enters judgment against BLP for all 343,122 violations of the TCPA, then that would carry with it the statutory penalty of imposes statutory liquidated damages of $500 per fax, resulting in a verdict of $171,561,000 against BLP. 47 U.S.C. § 227 (b) (3). The court has the discretion to increase the award up to three times—up to $1,500 per violation—if it first finds that BLP "willfully" or "knowingly" violated the TCPA or the relevant FCC regulations, which could result in a total award against BLP in the amount of $514,683,000. *Id.*

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

Peter J. Grilli
May 18, 2016
Page 11

## V.    SETTLEMENT NEGOTIATIONS

We look forward to working with you to reach a class settlement with BLP. The attorneys in our firm have many years of experience litigating TCPA claims and we will apply that experience in Thursday's mediation.


Sincerely,

Phillip A. Bock

IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
CIVIL DIVISION

TECHNOLOGY TRAINING
ASSOCIATES, INC.,

    Plaintiff,

v.                               Case No.: 16-CA-004333
                               Div:

BUCCANEERS LIMITED PARTNERSHIP,
et al.,

    Defendants.

_____/

MEDIATION NOTES – CONFIDENTIAL MEDIATION DOCUMENT

Last P/current D:

**\*\*\***

1.   $24M fund/$17M

2.   Fees and incentives paid from the fund

3.   Notice and administration paid by D outside fund/paid from fund

4.   Full reversion to D

**\*\*\***

5.   $500 per fax to each unique fax number/$300

    **\*\*\*** $100 for the second fax/$100

        $100 for the third fax/$50

        $20 for each thereafter if supported by Biggerstaff

        analysis/$20 each for 4th and 5th

6.   Verification must indicate that this was class member's fax number at relevant times/agreed verified (penalty of perjury) claim form

7.   Claim form will have fax number pre-filled where possible/number blank

8.   Robust scrutiny of claims

9.   Notice first by mail, then fax, then publication/mail then

**\*\*\* = redacted handwritten notes of**

**attorney Jonathan B Piper**                    **\*\*\***

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000022

publication in relevant area codes

10.   D agrees not to violate TCPA

11.   Fees and incentives to be discussed later, no agreement on
      anything until there is agreement on everything

## Phil Bock

| | |
|---|---|
| **From:** | Phil Bock |
| **Sent:** | Wednesday, June 01, 2016 2:25 PM |
| **To:** | francesca@grillimediation.com |
| **Subject:** | TTA v Buccaneers draft mediation term sheet |
| **Attachments:** | 16-06-01 - Techology Buccaneers -draft settlement term sheet.docx |

Please print 4 copies of the attached document for me?

Phillip A. Bock
Bock, Hatch, Lewis & Oppenheim, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
312-658-5501 direct
312-658-5555 fax
847-845-3347 cell

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000024

**Technology Training Associates, Inc. ("TTA") v. Buccaneers Limited Partnership ("BLP")**
**Principal Terms of Class Settlement**

1.      The parties will seek court approval of their settlement to resolve all claims regarding facsimile advertisements allegedly sent by or on behalf of BLP to the following settlement class:

> All persons or entities who were successfully sent one or more faxes during the time period from July 2009 through June 2010 offering group or individual game tickets for Tampa Bay Buccaneers games, but not stating on the first page that the fax recipient may make a request to the sender not to send any future ads and that failure to comply, within 30 days, with such a request is unlawful.

The class excludes BLP, any of their parents, subsidiaries, divisions, affiliates, associated entities, business units, agents, predecessors, predecessors-in interest, successors, or successors-in-interest, each attorney or law firm that has represented any party suing BLP regarding fax advertising, and each judge assigned to the litigation, their immediate family members, and each judge's staff and their immediate family members.

For purposes of this settlement only, the parties agree that the class includes the calendar year 2009-2010 users of approximately 131,000 different telephone numbers to which approximately 343,000 facsimiles regarding Buccaneers tickets were successfully sent, as summarized in Exhibit 7 to the Expert Report of Robert Biggerstaff (dated March 20, 2014). Such data in said expert report shall be deemed conclusive for purposes of this settlement only.

Settlement approval will be sought in a forum of TTA's choosing, subject to BLP's consent, which shall not be unreasonably withheld. The parties anticipate seeking approval before the judge then assigned to case number 13-01592, pending in the U.S. District Court for the Middle District of Florida.

2.      BLP will make available the total sum of $19,500,000.00 (the "Settlement Fund"). BLP need not segregate funds or otherwise create special accounts to hold the Settlement Fund prior to final court approval of this settlement. BLP will not relinquish control of any money until payments are due.

3.      The Settlement Fund will be distributed on a "claims-made" basis as follows:

(a)      <u>Payments to claiming class members</u>. BLP agrees to pay timely claims submitted by members of the settlement class. Approved claimants will be paid their per fax, pro rata share of the Settlement Fund for each fax successfully sent to them, allocated as follows: (1) $350 for the first fax successfully sent to each of a claimant's unique fax numbers; (2) $100 for the second fax successfully sent to said number; (3) $75 for the third fax successfully sent to said number; and (4) $20 for each subsequent fax successfully sent to said number. The claim form is attached to this term sheet.

Term Sheet – page 1

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000025

(b) <u>Incentive awards to the class representatives</u>. BLP agrees to pay and will not oppose or appeal a request for incentive awards of $20,000 to be paid from the Settlement Fund to Technology Training Associates, Inc. for serving as the class representative, and $3,000 each to be paid from the Settlement Fund to Spicola International, Inc. and Back to Basics Family Chiropractic for serving as additional class representatives.

(c) <u>Fees and expenses to Class Counsel</u>. BLP agrees to pay and will not oppose or appeal a request by Class Counsel (Bock, Hatch, Lewis & Oppenheim, LLC) for attorney's fees in an amount equal to $4,875,000, plus reasonable out-of-pocket expenses from the Settlement Fund not to exceed $50,000.

(d) <u>Reversion to BLP</u>. After making all required payments, any remainder shall revert to and be kept by BLP.

4. The Settlement Class will release BLP from all claims arising out of or relating to advertisements successfully sent by fax regarding Buccaneers tickets during the period from July 2009 through June 2010.

5. If the court preliminarily approves this settlement, the class members will be notified about the settlement terms and the class members' rights and responsibilities in connection with the settlement. The parties will request that the court permit the parties to send their agreed notice with attached claim form to the class members by mail. The parties will jointly select vendors and methods for determining the mailing addresses for the mail notice program. The mailing addresses will be updated with the National Change of Address Database before mailing and notices will be re-mailed to better addresses when returned as undeliverable. Additionally, the parties will select a notice expert to achieve a publication notice program that satisfies due process when considered in conjunction with the mailed notice program.

6. BLP will pay all costs associated with class notice and claims administration, including retaining an experienced third party claims administrator (including any notice consultants/experts/vendors) to develop and issue the class notice, assist the class members in completing and submitting claim forms, receive the submitted claim forms, and pay the approved claims from the Settlement Fund. These costs shall not be paid out of the Settlement Fund.

7. This term sheet constitutes a binding agreement if accepted. The parties will submit a formal written settlement agreement and other papers necessary to obtain the Court's preliminary and final approval of this settlement. Within 14 days after this term sheet is signed, TTA's counsel will draft and provide such documents for BLP's review, revisions, and approval. The parties anticipate seeking preliminary approval from the Court within 28 days of signing this term sheet.

8. BLP agrees to notify its insurance carrier about this settlement within 10 days.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000026

**BUCCANEERS LIMITED
PARTNERSHIP**

_____

Its: _____

Dated: _____

**TECHNOLOGY TRAINING
ASSOCIATES, INC. AND THE
SETTLEMENT CLASS**

By: _____
    Michael Higgins

By: _____
    Phillip A. Bock

Dated: _____

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                TTA10262018 000027

## CLAIM FORM (Direct Notice) – Tampa Bay Buccaneers TCPA Settlement

*You must complete all **THREE** steps to claim a share of the settlement fund*:

1. **You must provide your contact information:**

   Name: _____

   Company: _____

   Address: _____

   City/State/Zip Code: _____

   Fax Number(s): <7 numbers pre-populated by the claims adminminstrator: the three-digit telephone number prefix (area code) plus the relevant three-digit central office code > ___-___-____.

   _____
   [List all of your fax numbers from June 2009 – July 2010. You may attach and submit a separate sheet. If the fax number typed above was not yours in at the time, cross that out.]

2. **You must verify ownership of the fax number(s) listed in #1 above:**

   "I declare (or certify, verify, or state) under penalty of perjury that my company, household, or I used each of the fax number(s) identified above or attached to this claim form to receive faxes during the period from July 14, 2009, through June 9, 2010."

   Executed on _____, 2016        _____
                  (Insert date)                              (Sign your name here)

   If your company, household, or you used any of those fax number(s) only for some part of the time period, rather than the entire period, contact the claims administrator to provide additional information.

3. **You must return this Claim Form by [120 days]_____, 2016:**

   a.   Fax this Claim Form to: <u>\<fax number for claims \></u>

        ***OR***

   b.   Mail this Claim Form to: [CLAIMS ADMINISTRATOR]

        ***OR***

   c.   Submit this Claim Form electronically at: <u>\<website\></u>

If you have a question regarding your claim, please contact the claims administrator at _____. If you have a question about the notice or the lawsuit, please contact attorney Phillip A. Bock of Bock, Hatch, Lewis & Oppenheim, LLC, at 312-658-5501 or at Phil@classlawyers.com.

Term Sheet – page 4

## CLAIM FORM (Publication Notice) – Tampa Bay Buccaneers TCPA Settlement

*You must complete all **THREE** steps to claim a share of the settlement fund*:

**1.**   **You must provide your contact information:**

Name: _____

Company: _____

Address: _____

City/State/Zip Code: _____

_____
[List all of your fax numbers from June 2009 – July 2010. You may attach and submit a separate sheet. If the fax number typed above was not yours in at the time, cross that out.]

**2.**   **You must verify ownership of the fax number(s) listed in #1 above:**

"I declare (or certify, verify, or state) under penalty of perjury that my company, household, or I used each of the fax number(s) identified above or attached to this claim form to receive faxes during the period from July 14, 2009, through June 9, 2010."

Executed on _____, 2016      _____
           (Insert date)                        (Sign your name here)

If your company, household, or you used any of those fax number(s) only for some part of the time period, rather than the entire period, contact the claims administrator to provide additional information.

**3.**   **You must return this Claim Form by [120 days]_____, 2016:**

a.      Fax this Claim Form to: <u>&lt;fax number for claims &gt;</u>

        ***OR***

b.      Mail this Claim Form to: [CLAIMS ADMINISTRATOR]

        ***OR***

c.      Submit this Claim Form electronically at: <u>&lt;website&gt;</u>

If you have a question regarding your claim, please contact the claims administrator at _____. If you have a question about the notice or the lawsuit, please contact attorney Phillip A. Bock of Bock, Hatch, Lewis & Oppenheim, LLC, at 312-658-5501 or at Phil@classlawyers.com.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000029

## Phil Bock

| | |
|---|---|
| **From:** | Phil Bock |
| **Sent:** | Wednesday, June 01, 2016 2:40 PM |
| **To:** | francesca@grillimediation.com |
| **Subject:** | RE: TTA v Buccaneers draft mediation term sheet |
| **Attachments:** | 16-06-01 - Techology Buccaneers -TO PRINT draft settlement term sheet.docx |

Please print 10 copies of the attached document.

Phillip A. Bock
Bock, Hatch, Lewis & Oppenheim, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
312-658-5501 direct
312-658-5555 fax
847-845-3347 cell

---

**From:** Phil Bock
**Sent:** Wednesday, June 01, 2016 2:24 PM
**To:** francesca@grillimediation.com
**Subject:** TTA v Buccaneers draft mediation term sheet

Please print 4 copies of the attached document for me?

Phillip A. Bock
Bock, Hatch, Lewis & Oppenheim, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
312-658-5501 direct
312-658-5555 fax
847-845-3347 cell

1

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                TTA10262018 000030

**Technology Training Associates, Inc. ("TTA") v. Buccaneers Limited Partnership ("BLP")**
**Principal Terms of Class Settlement**

1.      The parties will seek court approval of their settlement to resolve all claims regarding facsimile advertisements allegedly sent by or on behalf of BLP to the following settlement class:

> All persons or entities who were successfully sent one or more faxes during the time period from July 2009 through June 2010 offering group or individual game tickets for Tampa Bay Buccaneers games, but not stating on the first page that the fax recipient may make a request to the sender not to send any future ads and that failure to comply, within 30 days, with such a request is unlawful.

The class excludes BLP, any of their parents, subsidiaries, divisions, affiliates, associated entities, business units, agents, predecessors, predecessors-in interest, successors, or successors-in-interest, each attorney or law firm that has represented any party suing BLP regarding fax advertising, and each judge assigned to the litigation, their immediate family members, and each judge's staff and their immediate family members.

For purposes of this settlement only, the parties agree that the class includes the calendar year 2009-2010 users of approximately 131,000 different telephone numbers to which approximately 343,000 facsimiles regarding Buccaneers tickets were successfully sent, as summarized in Exhibit 7 to the Expert Report of Robert Biggerstaff (dated March 20, 2014). Such data in said expert report shall be deemed conclusive for purposes of this settlement only.

Settlement approval will be sought in a forum of TTA's choosing, subject to BLP's consent, which shall not be unreasonably withheld. The parties anticipate seeking approval before the judge then assigned to case number 13-01592, pending in the U.S. District Court for the Middle District of Florida.

2.      BLP will make available the total sum of $19,500,000.00 (the "Settlement Fund"). BLP need not segregate funds or otherwise create special accounts to hold the Settlement Fund prior to final court approval of this settlement. BLP will not relinquish control of any money until payments are due.

3.      The Settlement Fund will be distributed on a "claims-made" basis as follows:

(a)      <u>Payments to claiming class members</u>. BLP agrees to pay timely claims submitted by members of the settlement class. Approved claimants will be paid their per fax, pro rata share of the Settlement Fund for each fax successfully sent to them, allocated as follows: (1) $350 for the first fax successfully sent to each of a claimant's unique fax numbers; (2) $100 for the second fax successfully sent to said number; (3) $75 for the third fax successfully sent to said number; and (4) $20 for each subsequent fax successfully sent to said number. The claim form is attached to this term sheet.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                           TTA10262018 000031

(b)   <u>Incentive awards to the class representatives</u>. BLP agrees to pay and will not oppose or appeal a request for incentive awards of $20,000 to be paid from the Settlement Fund to Technology Training Associates, Inc. for serving as the class representative, and $3,000 each to be paid from the Settlement Fund to Spicola International, Inc. and Back to Basics Family Chiropractic for serving as additional class representatives.

(c)   <u>Fees and expenses to Class Counsel</u>. BLP agrees to pay and will not oppose or appeal a request by Class Counsel (Bock, Hatch, Lewis & Oppenheim, LLC) for attorney's fees in an amount equal to $4,875,000, plus reasonable out-of-pocket expenses from the Settlement Fund not to exceed $50,000.

(d)   <u>Reversion to BLP</u>. After making all required payments, any remainder shall revert to and be kept by BLP.

4.   The Settlement Class will release BLP from all claims arising out of or relating to advertisements successfully sent by fax regarding Buccaneers tickets during the period from July 2009 through June 2010.

5.   If the court preliminarily approves this settlement, the class members will be notified about the settlement terms and the class members' rights and responsibilities in connection with the settlement. The parties will request that the court permit the parties to send their agreed notice with attached claim form to the class members by mail. The parties will jointly select vendors and methods for determining the mailing addresses for the mail notice program. The mailing addresses will be updated with the National Change of Address Database before mailing and notices will be re-mailed to better addresses when returned as undeliverable. Additionally, the parties will select a notice expert to achieve a publication notice program that satisfies due process when considered in conjunction with the mailed notice program.

6.   BLP will pay all costs associated with class notice and claims administration, including retaining an experienced third party claims administrator (including any notice consultants/experts/vendors) to develop and issue the class notice, assist the class members in completing and submitting claim forms, receive the submitted claim forms, and pay the approved claims from the Settlement Fund. These costs shall not be paid out of the Settlement Fund.

7.   This term sheet constitutes a binding agreement if accepted. The parties will submit a formal written settlement agreement and other papers necessary to obtain the Court's preliminary and final approval of this settlement. Within 14 days after this term sheet is signed, TTA's counsel will draft and provide such documents for BLP's review, revisions, and approval. The parties anticipate seeking preliminary approval from the Court within 28 days of signing this term sheet.

8.   BLP agrees to notify its insurance carrier about this settlement within 10 days.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000032

**BUCCANEERS LIMITED PARTNERSHIP**

_____

Its: _____

Dated: _____

**TECHNOLOGY TRAINING ASSOCIATES, INC. AND THE SETTLEMENT CLASS**

By: _____
    Michael Higgins

By: _____
    Phillip A. Bock

Dated: _____

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000033

### CLAIM FORM (Direct Notice) – Tampa Bay Buccaneers TCPA Settlement

*You must complete all **THREE** steps to claim a share of the settlement fund*:

1. **You must provide your contact information:**

   Name: _____

   Company: _____

   Address: _____

   City/State/Zip Code: _____

   Fax Number(s): <7 numbers pre-populated by the claims adminnistrator: the three-digit telephone number prefix (area code) plus the relevant three-digit central office code > ___-___-____.

   _____
   [List all of your fax numbers from June 2009 – July 2010. You may attach and submit a separate sheet. If the fax number typed above was not yours in at the time, cross that out.]

2. **You must verify ownership of the fax number(s) listed in #1 above:**

   "I declare (or certify, verify, or state) under penalty of perjury that my company, household, or I used each of the fax number(s) identified above or attached to this claim form to receive faxes during the period from July 14, 2009, through June 9, 2010."

   Executed on _____, 2016        _____
             (Insert date)                (Sign your name here)

   If your company, household, or you used any of those fax number(s) only for some part of the time period, rather than the entire period, contact the claims administrator to provide additional information.

3. **You must return this Claim Form by [120 days]_____, 2016:**

   a.      Fax this Claim Form to: <u>&lt;fax number for claims &gt;</u>

           ***OR***

   b.      Mail this Claim Form to: [CLAIMS ADMINISTRATOR]

           ***OR***

   c.      Submit this Claim Form electronically at: <u>&lt;website&gt;</u>

If you have a question regarding your claim, please contact the claims administrator at _____. If you have a question about the notice or the lawsuit, please contact attorney Phillip A. Bock of Bock, Hatch, Lewis & Oppenheim, LLC, at 312-658-5501 or at Phil@classlawyers.com.

Term Sheet – page 4

## CLAIM FORM (Publication Notice) – Tampa Bay Buccaneers TCPA Settlement

*You must complete all **THREE** steps to claim a share of the settlement fund*:

1.  **You must provide your contact information:**

    Name: _____

    Company: _____

    Address: _____

    City/State/Zip Code: _____

    _____
    [List all of your fax numbers from June 2009 – July 2010. You may attach and submit a separate sheet. If the fax number typed above was not yours in at the time, cross that out.]

2.  **You must verify ownership of the fax number(s) listed in #1 above:**

    "I declare (or certify, verify, or state) under penalty of perjury that my company, household, or I used each of the fax number(s) identified above or attached to this claim form to receive faxes during the period from July 14, 2009, through June 9, 2010."

    Executed on _____, 2016        _____
                (Insert date)                                   (Sign your name here)

    If your company, household, or you used any of those fax number(s) only for some part of the time period, rather than the entire period, contact the claims administrator to provide additional information.

3.  **You must return this Claim Form by [120 days]_____, 2016:**

    a.  Fax this Claim Form to: <u><fax number for claims ></u>

         ***OR***

    b.  Mail this Claim Form to: [CLAIMS ADMINISTRATOR]

         ***OR***

    c.  Submit this Claim Form electronically at: <u><website></u>

If you have a question regarding your claim, please contact the claims administrator at _____. If you have a question about the notice or the lawsuit, please contact attorney Phillip A. Bock of Bock, Hatch, Lewis & Oppenheim, LLC, at 312-658-5501 or at Phil@classlawyers.com.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000035

## Technology Training Associates, Inc. ("TTA") v. Buccaneers Limited Partnership ("BLP")
## Principal Terms of Class Settlement

1.   The parties will seek court approval of their settlement to resolve all claims regarding facsimile advertisements allegedly sent by or on behalf of BLP to the following settlement class:

> All persons or entities who were successfully sent one or more faxes during the time period from July 2009 through June 2010 offering group or individual game tickets for Tampa Bay Buccaneers games, but not stating on the first page that the fax recipient may make a request to the sender not to send any future ads and that failure to comply, within 30 days, with such a request is unlawful.

The class excludes BLP, any of their parents, subsidiaries, divisions, affiliates, associated entities, business units, agents, predecessors, predecessors-in interest, successors, or successors-in-interest, each attorney or law firm that has represented any party suing BLP regarding fax advertising, and each judge assigned to the litigation, their immediate family members, and each judge's staff and their immediate family members.

For purposes of this settlement only, the parties agree that the class includes the calendar year 2009-2010 users of approximately 131,000 different telephone numbers to which approximately 343,000 facsimiles regarding Buccaneers tickets were successfully sent, as summarized in Exhibit 7 to the Expert Report of Robert Biggerstaff (dated March 20, 2014). Such summary data in said expert report shall be deemed conclusive for purposes of this settlement only.

Settlement approval will be sought in a forum of TTA's choosing, subject to BLP's consent, which shall not be unreasonably withheld. The parties anticipate seeking approval before the judge then assigned to case number 13-01592, pending in the U.S. District Court for the Middle District of Florida.

2.   BLP will make available the total sum of $19,500,000.00 (the "Settlement Fund"). BLP need not segregate funds or otherwise create special accounts to hold the Settlement Fund prior to final court approval of this settlement. BLP will not relinquish control of any money until payments are due.

3.   The Settlement Fund will be distributed on a "claims-made" basis as follows:

(a)   <u>Payments to claiming class members</u>. BLP agrees to pay timely claims submitted by members of the settlement class. Approved claimants will be paid their per fax, pro rata share of the Settlement Fund for each fax successfully sent to them, allocated as follows: (1) $350 for the first fax successfully sent to each of a claimant's unique fax numbers; (2) $100 for the second fax successfully sent to said number; (3) $75 for the third fax successfully sent to said number; and (4) $20 for each subsequent fax successfully sent to said number. The claim form is attached to this term sheet.

(b)    <u>Incentive awards to the class representatives</u>. BLP agrees to pay and will not oppose or appeal a request for incentive awards of $20,000 to be paid from the Settlement Fund to Technology Training Associates, Inc. for serving as the class representative, and $3,000 each to be paid from the Settlement Fund to Spicola International, Inc. and Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic for serving as additional class representatives.

(c)    <u>Fees and expenses to Class Counsel</u>. BLP agrees to pay and will not oppose or appeal a request by Class Counsel (Bock Law Firm, LLC) for attorney's fees in an amount equal to $4,875,000, plus reasonable out-of-pocket expenses from the Settlement Fund.

(d)    <u>Reversion to BLP</u>. After making all required payments, any remainder shall revert to and be kept by BLP.

4.    The Settlement Class will release BLP from all claims arising out of or relating to advertisements successfully sent by fax regarding Buccaneers tickets during the period from July 2009 through June 2010.

5.    If the court preliminarily approves this settlement, the class members will be notified about the settlement terms and the class members' rights and responsibilities in connection with the settlement. The parties will request that the court permit the parties to send their agreed notice with attached claim form to the class members by mail. The parties will jointly select vendors and methods for determining the mailing addresses for the mail notice program. The mailing addresses will be updated with the National Change of Address Database before mailing and notices will be re-mailed to better addresses when returned as undeliverable. Additionally, the parties will select a notice expert to achieve a publication notice program that satisfies due process when considered in conjunction with the mailed notice program.

6.    BLP will pay all costs associated with class notice and claims administration, including retaining an experienced third party claims administrator (including any notice consultants/experts/vendors) to develop and issue the class notice, assist the class members in completing and submitting claim forms, receive the submitted claim forms, and pay the approved claims from the Settlement Fund. These costs shall not be paid out of the Settlement Fund.

7.    This term sheet constitutes a binding agreement if accepted. The parties will submit a formal written settlement agreement and other papers necessary to obtain the Court's preliminary and final approval of this settlement. Within 10 days after this term sheet is signed, TTA's counsel will draft and provide such documents for BLP's review, revisions, and approval. The parties anticipate seeking preliminary approval from the Court within 28 days of signing this term sheet.

8.    BLP agrees to notify its insurance carrier about this settlement within 10 days.

**BUCCANEERS LIMITED
PARTNERSHIP**

_____

Its: _____

Dated: _____

**TECHNOLOGY TRAINING
ASSOCIATES, INC. AND THE
SETTLEMENT CLASS**

By: _____
          Michael Higgins

By: _____
          Phillip A. Bock

Dated: _____

TTA
Signature

## CLAIM FORM (Direct Notice) – Tampa Bay Buccaneers TCPA Settlement

*You must complete all **THREE** steps to claim a share of the settlement fund:*

**1.**   **You must provide your contact information:**

Name: _____

Company: _____

Address: _____

City/State/Zip Code: _____

Fax Number(s): <7 numbers pre-populated by the claims adminstrator: the three-digit telephone number prefix (area code) plus the relevant three-digit central office code > ___-___-____.

_____

[List all of your fax numbers from June 2009 – July 2010. You may attach and submit a separate sheet. If the fax number typed above was not yours at the time, cross that out.]

**2.**   **You must verify ownership of the fax number(s) listed in #1 above:**

"I declare (or certify, verify, or state) under penalty of perjury that my company, household, or I used each of the fax number(s) identified above or attached to this claim form to receive faxes during the period from July 14, 2009, through June 9, 2010."

Executed on _____, 2016        _____
              (Insert date)                      (Sign your name here)

If your company, household, or you used any of those fax number(s) only for some part of the time period, rather than the entire period, contact the claims administrator to provide additional information.

**3.**   **You must return this Claim Form by [120 days]_____, 2016:**

a.   Fax this Claim Form to: <fax number for claims >

   ***OR***

b.   Mail this Claim Form to: [CLAIMS ADMINISTRATOR]

   ***OR***

c.   Submit this Claim Form electronically at: <website>

If you have a question regarding your claim, please contact the claims administrator at _____. If you have a question about the notice or the lawsuit, please contact attorney Phillip A. Bock of Bock Law Firm, LLC at 312-658-5501 or at Phil@classlawyers.com.

**CLAIM FORM (Publication Notice) – Tampa Bay Buccaneers TCPA Settlement**

*You must complete all **THREE** steps to claim a share of the settlement fund:*

1. **You must provide your contact information:**

   Name: _____

   Company: _____

   Address: _____

   City/State/Zip Code: _____

   _____
   [List all of your fax numbers from June 2009 – July 2010. You may attach and submit a separate sheet. If the fax number typed above was not yours in at the time, cross that out.]

2. **You must verify ownership of the fax number(s) listed in #1 above:**

   "I declare (or certify, verify, or state) under penalty of perjury that my company, household, or I used each of the fax number(s) identified above or attached to this claim form to receive faxes during the period from July 14, 2009, through June 9, 2010."

   Executed on _____, 2016      _____
               (Insert date)      (Sign your name here)

   If your company, household, or you used any of those fax number(s) only for some part of the time period, rather than the entire period, contact the claims administrator to provide additional information.

3. **You must return this Claim Form by [120 days]_____, 2016:**

   a.   Fax this Claim Form to: <fax number for claims >

   **OR**

   b.   Mail this Claim Form to: [CLAIMS ADMINISTRATOR]

   **OR**

   c.   Submit this Claim Form electronically at: <website>

If you have a question regarding your claim, please contact the claims administrator at _____. If you have a question about the notice or the lawsuit, please contact attorney Phillip A. Bock of Bock, Hatch, Lewis & Oppenheim, LLC, at 312-658-5501 or at Phil@classlawyers.com.

## MEDIATION NOTES – CONFIDENTIAL MEDIATION DOCUMENT

Deal points for class settlement

1.   $19.5M fund
2.   Fees, costs and incentives paid from the fund
3.   Notice and administration paid by D outside fund.
4.   Full reversion to D
5.   $350 per first fax to each unique fax number
          -$100 for the second fax
          -$75 for the third fax
          -$20 each for 4th and 5th if supported by available
          documentation
6.   Verification must indicate that this was class member's fax
     number at relevant times in an agreed verified (penalty of
     perjury) claim form
7.   Claim form will have fax number pre-filled except the last digits
     e.g. 1-813-874-xxxx.
8.   Robust scrutiny of claims
9.   Notice first by mail then publication in relevant area codes,
     publication to include website which has claim form with blank
     space for fax number
10.  D agrees not to violate TCPA
11.  Fees and costs 25% of the fund.
12.  Incentive payments of $20,000 to TTA and $3,000 each to two other
     class representatives.
13.  BLP will have 10 days to seek approval from its insurance
     carrier(s).
14.  The parties will cooperate in preparing final documentation.
15.  The parties will jointly select vendors and methods for
     determining mailing addresses and public notice terms which
     will satisfy due process.

_____
Peter J. Grilli
Mediator

 Gmail

**Daniel Cohen <danieljaycohen209@gmail.com>**

---

## TTA v. BLP

---

**Daniel Cohen** <danieljaycohen209@gmail.com>                    Sun, Jun 5, 2016 at 4:42 PM
To: Mark Mester <mark.mester@lw.com>
Cc: Daniel Cohen <danieljaycohen209@gmail.com>

Mark,

When the mediation concluded on Wednesday, it was our understanding that we had reached agreement on all material terms of a settlement as reflected in the draft term sheet and Mr. Grilli's notes, and that your team was preparing final settlement documents.  Mr. Grilli indicated that we would receive these documents by the end of last week, but we have not yet received them.  For multiple reasons, we perceive a significant time sensitivity to this matter.  When will you send draft settlement documents?

Dan

--
Daniel J. Cohen
Law Offices of Daniel J. Cohen
P.O. Box 432040
St. Louis, Missouri 63143
Phone: 314.497.6352
Fax: 314.932.1185
Email: danieljaycohen209@gmail.com

CONFIDENTIALITY NOTICE
You are hereby notified that 1) e-mail communication is not a secure method of communication; 2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you or vice versa; 3) persons not participating in our communication may intercept our communication by improperly accessing your computer or my computer or even some computer unconnected to either of us which the e-mail passed through. I am communicating to you via e-mail because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please let me know at once.

The information contained in this e-mail transmission is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this transmission is strictly prohibited. If you have received this transmission in error, please call 314.497.6352.

The information contained in this electronic message may be attorney client privileged, confidential and exempt from disclosure under applicable law and is intended only for the use of the individual (s) to whom this electronic message is addressed. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this electronic communication or any attachment thereto is strictly prohibited.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000042

 Gmail

**Daniel Cohen <danieljaycohen209@gmail.com>**

## RE: TTA v. BLP

**mark.mester@lw.com** <mark.mester@lw.com>                    Sun, Jun 5, 2016 at 4:48 PM
To: danieljaycohen209@gmail.com

As I think we made clear to Jon and the mediator, we are hoping to get a draft to you early this week.

_____
From: Daniel Cohen <danieljaycohen209@gmail.com>
Sent: Sunday, June 5, 2016 2:42:37 PM
To: Mester, Mark (CH)
Cc: Daniel Cohen
Subject: TTA v. BLP

Mark,

When the mediation concluded on Wednesday, it was our understanding that we had reached agreement on all material terms of a settlement as reflected in the draft term sheet and Mr. Grilli's notes, and that your team was preparing final settlement documents.  Mr. Grilli indicated that we would receive these documents by the end of last week, but we have not yet received them.  For multiple reasons, we perceive a significant time sensitivity to this matter.  When will you send draft settlement documents?

Dan

--
Daniel J. Cohen
Law Offices of Daniel J. Cohen
P.O. Box 432040
St. Louis, Missouri 63143
Phone: 314.497.6352
Fax: 314.932.1185
Email: danieljaycohen209@gmail.com<mailto:danieljaycohen209@gmail.com>

CONFIDENTIALITY NOTICE
You are hereby notified that 1) e-mail communication is not a secure method of communication; 2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you or vice versa; 3) persons not participating in our communication may intercept our communication by improperly accessing your computer or my computer or even some computer unconnected to either of us which the e-mail passed through. I am communicating to you via e-mail because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please let me know at once.

The information contained in this e-mail transmission is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this transmission is strictly prohibited. If you have received this transmission in error, please call 314.497.6352.

The information contained in this electronic message may be attorney client privileged, confidential and exempt from disclosure under applicable law and is intended only for the use of the individual (s) to whom this electronic message is addressed. If the reader of this message is not the intended recipient, or the employee

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000043
10/25/18 4:48 PM

or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this electronic communication or any attachment thereto is strictly prohibited.

-------------------------------------------------------------------------------

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

-------------------------------------------------------------------------------

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000044

 **Gmail**

Daniel Cohen <danieljaycohen209@gmail.com>

---

## TTA v BLP

---

**Daniel Cohen** <danieljaycohen209@gmail.com>                Tue, Jun 7, 2016 at 11:12 AM
To: Mark Mester <mark.mester@lw.com>
Cc: Daniel Cohen <danieljaycohen209@gmail.com>

Mark,

At the conclusion of our first mediation session, we requested and the mediator notified us that you agreed that your client would not negotiate with anyone else unless and/or until our negotiations concluded/ terminated. The only exception to your client's agreement in that regard was in the event the federal court granted your motion for a settlement conference. That has not happened.

We understand that you have been ordered to one final mediation session with Wanca and that it must take place by no later than June 20. However, it is our understanding that your agreement that you will not negotiate with Wanca while we are still negotiating, and now really just waiting on you to forward draft paperwork confirming the terms of the settlement agreement that we reached, remains in place. Can you please confirm that our understanding in that regard is correct?

Dan


--
Daniel J. Cohen
Law Offices of Daniel J. Cohen
P.O. Box 432040
St. Louis, Missouri 63143
Phone: 314.497.6352
Fax: 314.932.1185
Email: danieljaycohen209@gmail.com

CONFIDENTIALITY NOTICE
You are hereby notified that 1) e-mail communication is not a secure method of communication; 2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you or vice versa; 3) persons not participating in our communication may intercept our communication by improperly accessing your computer or my computer or even some computer unconnected to either of us which the e-mail passed through. I am communicating to you via e-mail because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please let me know at once.

The information contained in this e-mail transmission is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this transmission is strictly prohibited. If you have received this transmission in error, please call 314.497.6352.

The information contained in this electronic message may be attorney client privileged, confidential and exempt from disclosure under applicable law and is intended only for the use of the individual (s) to whom this electronic message is addressed. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this electronic communication or any attachment thereto is strictly prohibited.

    CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER      TTA10262018 000045
         10/25/18 4:49 PM

Case 8:13-cv-01592-AEP    Document 258-6    Filed 11/15/19    Page 38 of 400 PageID 7603

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

TTA10262018 000046



**Daniel Cohen <danieljaycohen209@gmail.com>**

---

## RE: TTA v BLP

---

**mark.mester@lw.com** <mark.mester@lw.com>                    Tue, Jun 7, 2016 at 11:20 AM
To: danieljaycohen209@gmail.com
Cc: Kathleen.Lally@lw.com

Dan - As I think we made clear to Mr. Grilli at the second mediation session and as we understand Mr. Grilli conveyed to Jon Piper and the others present on your team, we have, consistent with the directive of Judge Porcelli, scheduled a mediation session with Magistrate Judge Bobrick on June 17th. Our hope and expectation, however, is that we can and will finalize our settlement agreement with you before that date so that we do not need to go forward with the mediation with Judge Bobrick. I can also confirm that there have not been and will not be any negotiations with the Wanca firm in the interim.

Best regards.

---

From: Daniel Cohen <danieljaycohen209@gmail.com>
Sent: Tuesday, June 7, 2016 9:12:38 AM
To: Mester, Mark (CH)
Cc: Daniel Cohen
Subject: TTA v BLP

Mark,

At the conclusion of our first mediation session, we requested and the mediator notified us that you agreed that your client would not negotiate with anyone else unless and/or until our negotiations concluded/terminated. The only exception to your client's agreement in that regard was in the event the federal court granted your motion for a settlement conference. That has not happened.

We understand that you have been ordered to one final mediation session with Wanca and that it must take place by no later than June 20. However, it is our understanding that your agreement that you will not negotiate with Wanca while we are still negotiating, and now really just waiting on you to forward draft paperwork confirming the terms of the settlement agreement that we reached, remains in place. Can you please confirm that our understanding in that regard is correct?

Dan

--
Daniel J. Cohen
Law Offices of Daniel J. Cohen
P.O. Box 432040
St. Louis, Missouri 63143
Phone: 314.497.6352
Fax: 314.932.1185
Email: danieljaycohen209@gmail.com<mailto:danieljaycohen209@gmail.com>

CONFIDENTIALITY NOTICE
You are hereby notified that 1) e-mail communication is not a secure method of communication; 2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from

---

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000047

me to you or vice versa; 3) persons not participating in our communication may intercept our communication by improperly accessing your computer or my computer or even some computer unconnected to either of us which the e-mail passed through. I am communicating to you via e-mail because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please let me know at once.

The information contained in this e-mail transmission is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this transmission is strictly prohibited. If you have received this transmission in error, please call 314.497.6352.

The information contained in this electronic message may be attorney client privileged, confidential and exempt from disclosure under applicable law and is intended only for the use of the individual (s) to whom this electronic message is addressed. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this electronic communication or any attachment thereto is strictly prohibited.

--------------------------------------------------------------------------------
This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP
--------------------------------------------------------------------------------

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                              TTA10262018 000048

 **Gmail**

**Daniel Cohen <danieljaycohen209@gmail.com>**

---

## Re: TTA v BLP

**Daniel Cohen** <danieljaycohen209@gmail.com>                     Wed, Jun 8, 2016 at 6:17 PM
To: Mark Mester <mark.mester@lw.com>
Cc: Kathleen.Lally@lw.com, Daniel Cohen <danieljaycohen209@gmail.com>

Mark,

As we await receipt of your first draft of the settlement documents I wanted to let you know that our team was unaware of the June 17th mediation scheduled in the CinQ case.  Hence the reason for my previous inquiry. Thanks.

Dan

On Tue, Jun 7, 2016 at 11:20 AM, <mark.mester@lw.com> wrote:
> Dan - As I think we made clear to Mr. Grilli at the second mediation session and as we understand Mr. Grilli conveyed to Jon Piper and the others present on your team, we have, consistent with the directive of Judge Porcelli, scheduled a mediation session with Magistrate Judge Bobrick on June 17th.  Our hope and expectation, however, is that we can and will finalize our settlement agreement with you before that date so that we do not need to go forward with the mediation with Judge Bobrick.  I can also confirm that there have not been and will not be any negotiations with the Wanca firm in the interim.
>
> Best regards.
>
> _____
> From: Daniel Cohen <danieljaycohen209@gmail.com>
> Sent: Tuesday, June 7, 2016 9:12:38 AM
> To: Mester, Mark (CH)
> Cc: Daniel Cohen
> Subject: TTA v BLP
>
> Mark,
>
> At the conclusion of our first mediation session, we requested and the mediator notified us that you agreed that your client would not negotiate with anyone else unless and/or until our negotiations concluded/terminated. The only exception to your client's agreement in that regard was in the event the federal court granted your motion for a settlement conference. That has not happened.
>
> We understand that you have been ordered to one final mediation session with Wanca and that it must take place by no later than June 20. However, it is our understanding that your agreement that you will not negotiate with Wanca while we are still negotiating, and now really just waiting on you to forward draft paperwork confirming the terms of the settlement agreement that we reached, remains in place. Can you please confirm that our understanding in that regard is correct?
>
> Dan
>
>
> --
> Daniel J. Cohen
> Law Offices of Daniel J. Cohen

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                          TTA10262018 000049

P.O. Box 432040
St. Louis, Missouri 63143
Phone: 314.497.6352
Fax: 314.932.1185
Email: danieljaycohen209@gmail.com<mailto:danieljaycohen209@gmail.com>

CONFIDENTIALITY NOTICE
You are hereby notified that 1) e-mail communication is not a secure method of communication; 2) any
e-mail that is sent to you or by you may be copied and held by various computers it passes through as it
goes from me to you or vice versa; 3) persons not participating in our communication may intercept our
communication by improperly accessing your computer or my computer or even some computer
unconnected to either of us which the e-mail passed through. I am communicating to you via e-mail
because you have consented to receive communications via this medium. If you change your mind and
want future communications to be sent in a different fashion, please let me know at once.

The information contained in this e-mail transmission is legally privileged and confidential information
intended only for the use of the individual or entity named above. If the reader of this transmission is not the
intended recipient, you are hereby notified that any dissemination, distribution or copying of this
transmission is strictly prohibited. If you have received this transmission in error, please call 314.497.6352.

The information contained in this electronic message may be attorney client privileged, confidential and
exempt from disclosure under applicable law and is intended only for the use of the individual (s) to whom
this electronic message is addressed. If the reader of this message is not the intended recipient, or the
employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any
dissemination, distribution or copying of this electronic communication or any attachment thereto is strictly
prohibited.

--------------------------------------------------------------------------------
This email may contain material that is confidential, privileged and/or attorney work product for the sole use
of the intended recipient.  Any review, reliance or distribution by others or forwarding without express
permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete
all copies.

Latham & Watkins LLP
--------------------------------------------------------------------------------


--
Daniel J. Cohen
Law Offices of Daniel J. Cohen
P.O. Box 432040
St. Louis, Missouri 63143
Phone: 314.497.6352
Fax: 314.932.1185
Email: danieljaycohen209@gmail.com

CONFIDENTIALITY NOTICE
You are hereby notified that 1) e-mail communication is not a secure method of communication; 2) any e-mail
that is sent to you or by you may be copied and held by various computers it passes through as it goes from
me to you or vice versa; 3) persons not participating in our communication may intercept our communication
by improperly accessing your computer or my computer or even some computer unconnected to either of us
which the e-mail passed through. I am communicating to you via e-mail because you have consented to
receive communications via this medium. If you change your mind and want future communications to be sent

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER
TTA10262018 000050
10/25/18 4:50 PM

in a different fashion, please let me know at once.

The information contained in this e-mail transmission is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this transmission is strictly prohibited. If you have received this transmission in error, please call 314.497.6352.

The information contained in this electronic message may be attorney client privileged, confidential and exempt from disclosure under applicable law and is intended only for the use of the individual (s) to whom this electronic message is addressed. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this electronic communication or any attachment thereto is strictly prohibited.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000051



Daniel Cohen <danieljaycohen209@gmail.com>

---

## RE: TTA v BLP

---

**mark.mester@lw.com** <mark.mester@lw.com>                    Wed, Jun 8, 2016 at 6:34 PM
To: danieljaycohen209@gmail.com
Cc: Kathleen.Lally@lw.com, danieljaycohen209@gmail.com

Dan - I apologize for that.   Our understanding was that the mediator had discussed that date and the mediation with you.   In any event, however, we have an update and good news on that front.  Due to scheduling issues that arose today involving the deposition of Robert Biggerstaff, it looks like the mediation will not be going forward on the 17th and, instead, we will be deposing Biggerstaff on the 15th in Charleston. A new date has not been chosen for the mediation, but we are now looking at dates in early July.   We will let you know once a new date has been chosen.

---

From: Daniel Cohen <danieljaycohen209@gmail.com>
Sent: Wednesday, June 8, 2016 4:17:40 PM
To: Mester, Mark (CH)
Cc: Lally, Kathleen (CH); Daniel Cohen
Subject: Re: TTA v BLP

Mark,

As we await receipt of your first draft of the settlement documents I wanted to let you know that our team was unaware of the June 17th mediation scheduled in the CinQ case.  Hence the reason for my previous inquiry. Thanks.

Dan

On Tue, Jun 7, 2016 at 11:20 AM, <mark.mester@lw.com<mailto:mark.mester@lw.com>> wrote:
Dan - As I think we made clear to Mr. Grilli at the second mediation session and as we understand Mr. Grilli conveyed to Jon Piper and the others present on your team, we have, consistent with the directive of Judge Porcelli, scheduled a mediation session with Magistrate Judge Bobrick on June 17th. Our hope and expectation, however, is that we can and will finalize our settlement agreement with you before that date so that we do not need to go forward with the mediation with Judge Bobrick.  I can also confirm that there have not been and will not be any negotiations with the Wanca firm in the interim.

Best regards.

---

From: Daniel Cohen <danieljaycohen209@gmail.com<mailto:danieljaycohen209@gmail.com>>
Sent: Tuesday, June 7, 2016 9:12:38 AM
To: Mester, Mark (CH)
Cc: Daniel Cohen
Subject: TTA v BLP

Mark,

At the conclusion of our first mediation session, we requested and the mediator notified us that you agreed that your client would not negotiate with anyone else unless and/or until our negotiations concluded/terminated. The only exception to your client's agreement in that regard was in the event the

---

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                        TTA10262018 000052

federal court granted your motion for a settlement conference. That has not happened.

We understand that you have been ordered to one final mediation session with Wanca and that it must take place by no later than June 20. However, it is our understanding that your agreement that you will not negotiate with Wanca while we are still negotiating, and now really just waiting on you to forward draft paperwork confirming the terms of the settlement agreement that we reached, remains in place. Can you please confirm that our understanding in that regard is correct?

Dan


--
Daniel J. Cohen
Law Offices of Daniel J. Cohen
P.O. Box 432040
St. Louis, Missouri 63143
Phone: 314.497.6352<tel:314.497.6352>
Fax: 314.932.1185<tel:314.932.1185>
Email: danieljaycohen209@gmail.com<mailto:danieljaycohen209@gmail.com><mailto:danieljaycoh en209@gmail.com<mailto:danieljaycohen209@gmail.com>>

CONFIDENTIALITY NOTICE
You are hereby notified that 1) e-mail communication is not a secure method of communication; 2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you or vice versa; 3) persons not participating in our communication may intercept our communication by improperly accessing your computer or my computer or even some computer unconnected to either of us which the e-mail passed through. I am communicating to you via e-mail because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please let me know at once.

The information contained in this e-mail transmission is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this transmission is strictly prohibited. If you have received this transmission in error, please call 314.497.6352<tel:314.497.6352>.

The information contained in this electronic message may be attorney client privileged, confidential and exempt from disclosure under applicable law and is intended only for the use of the individual (s) to whom this electronic message is addressed. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this electronic communication or any attachment thereto is strictly prohibited.

-----------------------------------------------------------------------------
This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP
-----------------------------------------------------------------------------



--
Daniel J. Cohen

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                       TTA10262018 000053

10/25/18 4:51 PM

Law Offices of Daniel J. Cohen
P.O. Box 432040
St. Louis, Missouri 63143
Phone: 314.497.6352
Fax: 314.932.1185
Email: danieljaycohen209@gmail.com<mailto:danieljaycohen209@gmail.com>

CONFIDENTIALITY NOTICE
You are hereby notified that 1) e-mail communication is not a secure method of communication; 2) any e-mail
that is sent to you or by you may be copied and held by various computers it passes through as it goes from
me to you or vice versa; 3) persons not participating in our communication may intercept our communication
by improperly accessing your computer or my computer or even some computer unconnected to either of us
which the e-mail passed through. I am communicating to you via e-mail because you have consented to
receive communications via this medium. If you change your mind and want future communications to be sent
in a different fashion, please let me know at once.

The information contained in this e-mail transmission is legally privileged and confidential information
intended only for the use of the individual or entity named above. If the reader of this transmission is not the
intended recipient, you are hereby notified that any dissemination, distribution or copying of this transmission
is strictly prohibited. If you have received this transmission in error, please call 314.497.6352.

The information contained in this electronic message may be attorney client privileged, confidential and
exempt from disclosure under applicable law and is intended only for the use of the individual (s) to whom this
electronic message is addressed. If the reader of this message is not the intended recipient, or the employee
or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination,
distribution or copying of this electronic communication or any attachment thereto is strictly prohibited.
----------------------------------------------------------------------------
This email may contain material that is confidential, privileged and/or attorney work product for the sole use of
the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission
is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP
----------------------------------------------------------------------------

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

TTA10262018 000054

| | |
|---|---|
| **From:** | Kathleen.Lally@lw.com |
| **To:** | Jon Piper |
| **Subject:** | Buccaneers |
| **Date:** | Wednesday, June 08, 2016 6:54:25 PM |

Jon,

I have pushed as hard as I can today and I think we are close, but the agreement will likely come tomorrow.  I promise to continue to keep you posted.

Kate

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

| | |
|---|---|
| **From:** | Jon Piper |
| **To:** | Kathleen.Lally@lw.com |
| **Subject:** | Re: Buccaneers |
| **Date:** | Wednesday, June 08, 2016 6:56:24 PM |

Please let me know in the morning what time you think you can send it.

*Sent from my Verizon 4G LTE Droid*
On Jun 8, 2016 6:54 PM, Kathleen.Lally@lw.com wrote:

Jon,


        I have pushed as hard as I can today and I think we are close, but the agreement will likely come tomorrow.  I promise to continue to keep you posted.



Kate


**Kathleen P. Lally**


**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                      TTA10262018 000056

| From: | Kathleen.Lally@lw.com |
| To: | Jon Piper |
| Subject: | RE: Buccaneers |
| Date: | Wednesday, June 08, 2016 7:06:12 PM |

Also, it does now look like the 17th mediation is off.  We will keep you posted.

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Wednesday, June 08, 2016 6:56 PM
**To:** Lally, Kathleen (CH)
**Subject:** Re: Buccaneers

Please let me know in the morning what time you think you can send it.

*Sent from my Verizon 4G LTE Droid*
On Jun 8, 2016 6:54 PM, Kathleen.Lally@lw.com wrote:

Jon,


        I have pushed as hard as I can today and I think we are close, but the agreement will likely come tomorrow.  I promise to continue to keep you posted.



Kate



**Kathleen P. Lally**


**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the

sender and delete all copies.

Latham & Watkins LLP

| | |
|---|---|
| **From:** | Kathleen.Lally@lw.com |
| **To:** | Jon Piper |
| **Cc:** | mark.mester@lw.com |
| **Subject:** | Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release |
| **Date:** | Thursday, June 09, 2016 2:13:07 PM |
| **Attachments:** | Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release(7719933_10_NY).DOCX |

Jon,

Attached please find a draft settlement agreement for your review.  Our client is still digesting this, but we know that you have been patient (and we really thank you for that) so we wanted to get this in your hands as soon as we could.  We are working on the ancillary documents and will get those to you as soon as possible.  I have a final approval hearing tomorrow afternoon, but will otherwise try to make myself available to you at your convenience if you would like to discuss.

Thanks,
Kate

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is entered into between Plaintiffs Technology Training Associates, Inc., Spicola International, Inc. and Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic and Defendant Buccaneers Limited Partnership in order to effect a full and final settlement and dismissal with prejudice of all claims against Buccaneers Limited Partnership as alleged in the case captioned _____ on the terms set forth below and to the full extent reflected herein, subject to approval of the Court. Capitalized terms shall have the meaning ascribed to them in Section II of this Settlement Agreement.

## I.    RECITALS

A.    On or about May 6, 2016, Plaintiff Technology Training Associates, Inc. filed a complaint in the Circuit Court of the 13th Judicial Circuit in and for Hillsborough County, Florida alleging that in 2009 and 2010 BLP improperly sent advertisements by facsimile. Technology Training Associates, Inc. sought actual damages and statutory damages under the TCPA on behalf of itself and a proposed class of "[a]ll persons who, from July 1, 2009, to present, were sent one or more facsimile advertisements offering group or individual game tickets for Tampa Bay Buccaneer games, but not stating on the first page that the fax recipient may make a request to the sender not to send any future ads and that failure to comply, within 30 days, with such a request is unlawful."

B.    The complaint filed by Technology Training Associates, Inc. addressed the same conduct and sought to represent the same class as a case pending in the United States District Court for the Middle District of Florida before Magistrate Judge Anthony E. Porcelli, captioned <u>Cin-Q Automobiles, Inc., et al. v. Buccaneers Limited Partnership, et al.</u>, Case No. 8:13-cv-01592-AEP ("<u>Cin-Q</u>").  The parties in <u>Cin-Q</u> had been engaged in mediation and attempting to

reach a settlement for more than eight (8) months, but had been unsuccessful.  Indeed, on April 18, 2016, BLP had filed a motion for a settlement conference in Cin-Q, offering to waive the mediation privilege, relying on the Court's supervisory authority under Fed. R. Civ. P. 23(g) and requesting that the Court or its designee hold a settlement conference.  The Cin-Q plaintiffs and their counsel, however, opposed any settlement conference before the Court or its designee, insisted that the mediator in the prior mediation declare an impasse (which he did) and flatly refused to waive the mediation privilege.

C.      After the complaint on behalf of Technology Training Associates, Inc. was filed, Class Counsel contacted BLP Counsel and indicated that they were aware of and had reviewed the motion for a settlement conference filed by BLP in Cin-Q and understood that Cin-Q's counsel had opposed that motion and had filed a notice of impasse.  Class Counsel then asked if BLP would have any interest in an early mediation of the new case, pointing out that the parties in that case would apparently be required to engage in alternative dispute resolution under the applicable court rules.  The Parties agreed to a mediation and scheduled an initial mediation session for May 19, 2016.

D.      Prior to the May 19, 2016 mediation, however, Plaintiff Technology Training Associates, Inc. dismissed, without prejudice, the complaint filed in Hillsborough County, Florida due to efforts by counsel for the plaintiffs in Cin-Q to interfere with the Parties' mediation and settlement discussion.  Class Counsel indicated to BLP, however, that they were maintaining the claims and that they intended to formally re-file that complaint once settlement discussions had concluded, whether or not those discussions resulted in a settlement.

NY\7719933.10   Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release **DRAFT** 10-09-2018  18:47  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                      TTA10262018 000061

E.      Thereafter, the Parties participated in a full-day mediation on May 19, 2016 in Tampa, Florida before mediator Peter Grilli.  The Parties were not able to reach a settlement during that mediation, but made progress and agreed to continue negotiations.

F.      Over the next two (2) weeks, the Parties continued their settlement discussions, which culminated in a second full-day mediation session on June 1, 2016 in Tampa, Florida with Mr. Grilli.  At the end of that mediation session, the Parties had reached an agreement in principal that would resolve the claims in Plaintiffs' Complaint on a class-wide basis, subject to finalization of a mutually-agreeable settlement agreement and subject to court approval.

G.      On or about _____, Plaintiffs filed their Complaint in the _____, alleging that in 2009 and 2010 BLP improperly sent advertisements by facsimile, seeking actual damages, as well as statutory damages under the TCPA on behalf of themselves and a proposed class of "_____."

H.      BLP denies all material allegations in the Litigation and have asserted a variety of affirmative defenses.  BLP specifically denies that they have engaged in any wrongdoing whatsoever, that they have any liability in connection with the claims asserted or that could have been asserted in the Litigation and further deny that the claims in the Litigation can properly be maintained as a class action, other than for the purposes of settlement.

I.      Plaintiffs and Class Counsel have conducted an examination of the facts and documents relating to the Litigation, including documents and information produced by BLP prior to and during mediation, and have concluded that this Settlement provides substantial benefits to Plaintiffs and the Settlement Class and resolves all issues that were or could have been raised in the Litigation without prolonged litigation and the risks and uncertainties inherent

NY\7719933.10  Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release **DRAFT** 10-09-2018  18:47  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                        TTA10262018 000062

in litigation.  Plaintiffs, Class Counsel and Mr. Grilli have further concluded that this Settlement

is fair, reasonable, adequate and in the best interest of the Settlement Class.

J.      BLP denies each and every allegation of wrongdoing, liability and damages that

were or could have been asserted in the Litigation and further deny that the claims in the

Litigation would be appropriate for class treatment if the Litigation were to proceed through

litigation and trial.  Nonetheless, without admitting or conceding any wrongdoing, liability or

damages or the appropriateness of Plaintiffs' claims or similar claims for class treatment, BLP

consents to the Settlement solely to avoid the expense, inconvenience and inherent risk of

litigation as well as continued disruption of their business operations.

K.      Nothing in this Settlement or Settlement Agreement shall be construed as an

admission or concession by BLP of the truth of any allegations raised in the Litigation or of any

fault, wrongdoing, liability or damages of any kind.

L.      This Settlement Agreement, its terms, documents related to it and the negotiations

or proceedings connected with it shall not be offered or received into evidence in the Litigation

or in any other action or proceeding to establish any liability or admission by BLP.

**NOW**, **THEREFORE**, in consideration of the foregoing and the mutual covenants,

promises and general releases set forth below and subject to preliminary and final approval of the

Court, the Parties hereby agree as follows:

## II.      DEFINITIONS

As used herein, the following terms have the meanings set forth below.

A.      "Attorneys' Fee Award" means the Court-approved award to Class Counsel as

defined in Section __, Paragraph __ and payable from the Net Settlement Fund.

B.      "Available Award Total" means the amount of money in the Net Settlement Fund

available to pay such Awards.

4

C.     "Award" means the cash compensation that Settlement Class Members who submit Valid Claims shall be entitled to receive as detailed in Section __ and payable from the Net Settlement Fund.

D.     "BLP" shall mean Defendant Buccaneers Limited Partnership.

E.     "BLP Counsel" means Latham & Watkins LLP and Holland & Knight.

F.     "CAFA Notices" means the notice of this settlement to be served upon State and Federal regulatory authorities as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

G.     "Claim Deadline" means the date by which Class Members must submit Claims Forms to be eligible for the benefits described herein, which date will be specified in the Class Notice.

H.     "Claim Form" means the claim form that Settlement Class Members must complete and submit on or before the Claim Deadline to be eligible for the benefits described herein, which document shall be submitted to the Court when the Parties seek preliminary approval of the Settlement.  Claim Forms will be processed after the Effective Date.

I.     "Class Counsel" means Phillip A. Bock, Jonathan B. Piper and Daniel J. Cohen of Bock, Hatch, Lewis & Oppenheim, LLC.

J.     "Class Notice" means the Court-approved forms of notice to the Settlement Class, which will notify members of the Settlement Class of entry of the Preliminary Approval Order and the scheduling of the Fairness Hearing, among other things.

K.     "Court" means the United States District Court for the Middle District of Florida.

L.     "Days" means calendar days, except that when computing any period of time prescribed or allowed by this Settlement Agreement, the day of the act, event or default from

5

which the designated period of time begins to run shall not be included.  Furthermore, when computing any period of time prescribed or allowed by this Settlement Agreement, the last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a Federal or State of Florida legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday or Federal or State of Florida legal holiday.

      M.     "Effective Date" means the date defined in Section __.

      N.     "Fairness Hearing" means the hearing at which the Court orders final approval of the Settlement.

      O.     "Final" means final as defined in Section __, Paragraph __.

      P.     "Final Order and Judgment" means a final order entered by the Court after the Fairness Hearing, granting approval of the Settlement as further described in Section __.

      Q.     "Incentive Award" means the Court-approved award, if any, to the individual class representative as defined in Section __, Paragraph __ and payable from the Net Settlement Fund.

      R.     "Litigation" means the action captioned _____.

      S.     "Mailed Notice" shall mean the notice of the settlement provided to the Settlement Class by first class mail, postage pre-paid, which shall be without material alteration from Exhibit __.

      T.     "Net Settlement Fund" means the Settlement Fund, less the amounts paid for the Attorneys' Fee Award and Incentive Awards, as described in more detail in Section __.

      U.     "Notice And Administration Costs" means the reasonable and authorized costs and expenses of the Settlement Class Notice Program and all reasonable and authorized costs and expenses incurred by the Settlement Administrator or BLP in administering the Settlement,

6

including but not limited to costs and expenses associated with assisting members of the Settlement Class, processing claims, escrowing funds, issuing and mailing the benefits provided by the Settlement and other reasonable and authorized fees and expenses of the Settlement Administrator.

V.      "Notice Date" means the first day on which the Settlement Administrator begins disseminating the Class Notice.

W.      "Opt-Out" shall refer to a member of the Settlement Class who properly and timely submits a request for exclusion from the Settlement Class as set forth in Section __, Paragraph __.  An Opt-Out may rescind a request for exclusion by submitting a Claim Form to the Settlement Administrator to obtain benefits under the Settlement.

X.      "Opt-Out List" shall refer to the list compiled by the Settlement Administrator identifying those who properly and timely submit a request for exclusion from the Settlement Class and become Opt-Outs.

Y.       "Opt-Out and Objection Date" means the date by which a request for exclusion must be filed with the Settlement Administrator in order for a member of the Settlement Class to be excluded from the Settlement Class, and the date by which Settlement Class Members must file objections, if any, to the Settlement.

Z.      "Parties" means Plaintiffs and Settlement Class Members together with BLP. Plaintiffs and Settlement Class Members shall be collectively referred to as one "Party," with BLP as the other "Party."

AA.      "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, member, joint stock company, estate, legal representative,

NY\7719933.10  Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release **DRAFT** 10-09-2018  18:47  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                        TTA10262018 000066

trust, unincorporated association, any business or legal entity and such individual's or entity's spouse, heirs, predecessors, successors, representatives and assignees.

BB.    "Plaintiffs" means Technology Training Associates, Inc., Spicola International, Inc. and Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic.

CC.    "Preliminary Approval Date" means the date the Preliminary Approval Order has been executed and entered by the Court and received by counsel for the Parties.

DD.    "Preliminary Approval Order" means the order defined in Section __ and entered by the Court preliminary approving the Settlement.

EE.    "Published Notice" shall mean the notice published as part of the Settlement Class Notice Program, which shall be without material alteration from Exhibit __.

FF.    "Release" means the release and discharge, as of the Effective Date, by Plaintiffs and all Settlement Class Members (and their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors), who have not excluded themselves from the Settlement Class, of the Released Persons and shall include the agreement and commitment by Plaintiffs and all Settlement Class Members to not now or hereafter initiate, maintain or assert against the Released Persons or any of them any and all causes of action, claims, rights, demands, actions, claims for damages, equitable, legal and/or administrative relief, interest, demands or rights, including without limitation, claims for damages of any kind, including those in excess of actual damages, whether based on federal, state or local law, statute, ordinance, regulation, contract, common law or any other sources that have been, could have been, may be or could be alleged or asserted now or in the future by Plaintiffs or any Settlement Class Members against the Released Persons, or any of them, in the Litigation or in any other court action or before any administrative body (including any

8

regulatory entity or organization), tribunal, arbitration panel or other adjudicating body arising out of or related to the Released Claims.

GG.    "Released Claims" means any and all claims, actions, causes of action, rights, demands, suits, debts, liens, contracts, agreements, offsets or liabilities, including but not limited to statutory consumer protection claims, tort claims, conversion claims, negligence claims, claims for breach of contract, breach of the duty of good faith and fair dealing, breach of statutory duties, actual or constructive fraud, misrepresentations, fraudulent inducement, statutory and consumer fraud, breach of fiduciary duty, unfair business or trade practices, conversion, restitution, rescission, compensatory and punitive damages, injunctive or declaratory relief, attorneys' fees, interests, costs, penalties and any other claims, whether known or unknown, alleged or not alleged in the Litigation, suspected or unsuspected, contingent or matured, under federal, state or local law, which Plaintiffs and/or any Settlement Class Member had, now have or may in the future have with respect to any conduct, act, omissions, facts, matters, transactions or oral or written statements or occurrences on or prior to the Preliminary Approval Date arising from or relating to facsimiles sent by and/or on behalf of the Released Persons to the Releasing Persons, including, without limitation, the causes of action and allegations made by Plaintiffs in the Litigation as well as claims and allegations that the Released Persons violated any consumer protection, deceptive trade practices acts, privacy laws, the TCPA and/or and common law of any state or the District of Columbia.

HH.    "Released Persons" means BLP, its affiliates, past, present and future direct and indirect predecessors, successors, assigns, parents, subsidiaries, affiliates, joint venturers, partnerships, limited liability companies, corporations, unincorporated entities, divisions, groups, directors, officers, shareholders, members, employees, partners, agents, insurers and attorneys.

NY\7719933.10   Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release **DRAFT** 10-09-2018   18:47  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000068

II.      "Releasing Persons" means Plaintiffs and all Settlement Class Members, and the respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors of each of Plaintiffs and Settlement Class Members.

JJ.      "Settlement" means the settlement set forth in this Settlement Agreement.

KK.     "Settlement Administrator" means the independent professional service company to be selected by the Parties, subject to approval of the Court, which will administer Class Notice, administer the Settlement in accordance with this Settlement Agreement and engage in any other tasks directed by the Court, Class Counsel or BLP Counsel.

LL.      "Settlement Agreement" or "Agreement" means this Settlement Agreement and Release, including all exhibits hereto.

MM.     "Settlement Class" means all Persons who fall within the definition of the class identified in Section ___, Paragraph ___.

NN.     "Settlement Class Members" means all Persons in the Settlement Class who do not exclude themselves (i.e., become Opt-Outs) pursuant to Section __, Paragraph __.

OO.     "Settlement Class Notice Program" means the process devised by the Parties and the Settlement Administrator, and approved by the Court, for notifying the Settlement Class of the Settlement and Settlement Agreement.

PP.      "Settlement Fund" means $19,500,000 as described in Section __, Paragraph __.

QQ.     "TCPA" means the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227.

RR.     "Valid Claim" means a timely and fully completed Claim Form submitted by a Settlement Class Member as more fully described in Section __.

10

SS.     The plural of any defined term includes the singular, and vice versa, as made

necessary in context.

### III.     PROPOSED CLASS FOR SETTLEMENT PURPOSES

A.     Pursuant to Fed. R. Civ. P. 23, the Parties hereto agree to certification, for

settlement purposes only, of the following Settlement Class:

> All persons who, from July 1, 2009 to present, received one or more facsimile advertisements sent by or on behalf of BLP.

> Specifically excluded from the Settlement Class are the following Persons:

> (i)     BLP and its respective parents, subsidiaries, divisions, affiliates, associated entities, business units, predecessors in interest, successors, successors in interest and representatives and each of their respective immediate family members;

> (ii)     Class Counsel; and

> (iii)     The judges who have presided over the Litigation and any related cases.

B.     Solely for the purpose of implementing this Settlement Agreement and

effectuating the Settlement, the Parties stipulate to the entry of an order preliminarily certifying

the Settlement Class, appointing Plaintiffs as representative of the Settlement Class and

appointing the following as counsel for the Settlement Class:

> Phillip A. Bock
> Jonathan B. Piper
> Daniel J. Cohen
> Bock, Hatch, Lewis & Oppenheim, LLC
> 134 North La Salle Street, Suite 1000
> Chicago, Illinois 60602
> Telephone:  (312) 658-5500
> Facsimile:  (312) 658-5555

C.     Solely for the purpose of implementing this Settlement Agreement and

effectuating the Settlement, the Parties stipulate to the Court entering an order preliminarily

finding that Plaintiffs and Class Counsel are adequate representatives of the Settlement Class.

11

D.      In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in any material respect (including with respect to the Settlement Class Notice Program) by the Court, or such approval is reversed, vacated or modified in any material respect by the Court or by any other court, the certification of the Settlement Class shall be deemed vacated, the Litigation shall proceed as if the Settlement Class had never been certified and no reference to the Settlement Class, this Settlement Agreement or any other Settlement documents, shall be made for any purpose in the Litigation or in any other action or proceeding.

## IV.      BENEFITS TO THE CLASS

A.      Pursuant to the terms and conditions set forth below in Section __, Paragraph __, BLP agrees to fund a Settlement Fund of up to $19,500,000, which will be used to pay all Awards, Attorneys' Fee Awards and Incentive Awards.

B.      Subject to the terms of this Agreement, Settlement Class Members who received one or more unsolicited facsimile advertisements sent by or on behalf of BLP and who submit a Valid Claim shall be eligible to receive up to:

(i)      $350 for the first such facsimile;

(ii)      $100 for the second such facsimile;

(iii)      $75 for the third such facsimile;

(iv)      $20 for the fourth such facsimile; and

(v)      $20 for the fifth such facsimile.

C.      Without admitting wrongdoing or liability and solely to avoid the cost and disruption of further litigation, BLP further agrees to not send any unsolicited, facsimile advertisements that do not otherwise comply with the TCPA.

NY\7719933.10  Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release **DRAFT** 10-09-2018  18:47  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000071

## V.   THE SETTLEMENT FUND

A.      BLP shall have no obligation to make any payments under this Settlement

Agreement until the Court enters a Preliminary Approval Order.  Once the Court enters a

Preliminary Approval Order, BLP shall pay reasonable Notice and Administration Costs arising

under this Settlement Agreement by making such payments directly to the Settlement

Administrator (or to such other party incurring such costs) as those costs are incurred and

payment becomes due.

B.      Within forty-five (45) Days of the Effective Date, BLP will cause an amount

sufficient to cover all Valid Claims, Attorneys' Fees and Costs and Incentive Awards, but not to

exceed $19,500,000, to be transferred into an interest-bearing bank account (the "Settlement

Account") designated by the Settlement Administrator.  Any interest that accrues on the

Settlement Fund in the Settlement Account will be added to the Settlement Fund.

C.      Any amounts remaining in the Settlement Fund following disbursement of all

Awards, Attorneys' Fee Award and Incentive Awards shall revert in full to BLP.

D.      Under no circumstances shall BLP be obligated to pay more under this Settlement

Agreement than $19,500,000 to the Settlement Fund and for Notice and Administration Costs.

## VI.   ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD

A.      Class Counsel will apply to the Court for an aggregate award of attorneys' fees

and reimbursement of costs in an amount not to exceed in total 25% of the Settlement Fund and

to be paid from the Settlement Fund.  BLP will not oppose Class Counsel's application for said

award of fees, costs and expenses.  Class Counsel agree that once BLP has funded the Settlement

Fund, BLP's obligations to Class Counsel shall be fully satisfied and discharged, Class Counsel

shall have no further or other claim against BLP, including but not limited to any attorneys' lien

NY\7719933.10   Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release **DRAFT** 10-09-2018  18:47  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                                            TTA10262018 000072

claim, and that BLP shall have fully discharged their obligation to pay fees, costs and expenses to any lawyers claiming to represent the interests of the Settlement Class.

B.      Plaintiffs will apply for Incentive Awards in an amount to be paid from the Settlement Fund.  Plaintiff Technology Training Associates shall apply for an award of $20,000 and Plaintiffs Spicola International, Inc. and Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic shall apply for $3,000 each.  Plaintiffs agree that once BLP has funded the Settlement Fund and paid Notice and Administration Costs, BLP's obligations to Plaintiffs and the Settlement Class shall be fully satisfied and discharged, and Plaintiffs and the Settlement Class shall have no further or other claim against BLP.

C.      Any order or proceedings relating to the applications for the Attorneys' Fee Award and the Incentive Awards, or any appeal from any order relating thereto or reversal or modification thereof, will not operate to terminate or cancel this Agreement or affect or delay the finality of Final Order and Judgment approving the Settlement Agreement and the Settlement.

## VII.      SETTLEMENT CLASS NOTICE PROGRAM

A.      The Parties agree the following Settlement Class Notice Program provides reasonable notice to the Settlement Class.

B.      BLP will bear all Notice and Administration Costs.

C.      The Parties have agreed to have _____ serve as the Settlement Administrator and will request that the Court appoint _____ as Settlement Administrator.  Once approved by the Court, the Settlement Administrator will be an agent of the Court and will be subject to the Court's supervision and direction as circumstances may require. The Settlement Administrator will be responsible for administering:

(i)      The CAFA Notice as required by statute;

(ii)      The Settlement Class Notice Program as set forth below; and

14

(iii)     The claims' process set forth in Section __ as well as any additional processes agreed to by Class Counsel and BLP Counsel and subject to the Court's supervision and direction as circumstances may require.

D.     Within ten (10) Days of the Preliminary Approval Date, the Parties shall provide to the Settlement Administrator records identifying the fax numbers to which the unsolicited facsimile advertisements offering group or individual game tickets for Tampa Bay Buccaneer games were sent.  The Settlement Administrator will then use these records to determine the mailing addresses for as many members of the Settlement Class as possible.  The Parties will work cooperatively with the Settlement Administrator to mutually-agree upon the most practicable methods under the circumstances by which the addresses of the members of the Settlement Class can be derived.  The mailing addresses will be updated with the National Change of Address Database maintained by the United States Postal Service before mailing.

E.     No later than sixty (60) Days after the Preliminary Approval Date, the Settlement Administrator will mail the Court-approved Mailed Notice (Exhibit __) to all members of the Settlement Class whose addresses were derived as part of the process described in Paragraph __ above.

F.     No later than sixty (60) Days after the Preliminary Approval Date, the Settlement Administrator will cause the Published Notice (Exhibit __) to be published in a manner that satisfies due process when considered in conjunction with the mailed notice portion of the Settlement Class Notice Program discussed in Paragraph __ above.

G.     Prior to the Fairness Hearing, the Settlement Administrator shall provide to the Court documentation reflecting that the Settlement Class Notice Program has been executed in accordance with the Settlement Agreement and Preliminary Approval Order.

NY\7719933.10  Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release **DRAFT** 10-09-2018  18:47  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                    TTA10262018 000074

H.     The Settlement Administrator, Class Counsel or any Person acting on behalf of Class Counsel shall not provide or publish any form of notice other than the agreed-upon Class Notice without prior written approval of the content of any such notice by BLP Counsel.

## VIII.   CLAIMS PROCESS AND PAYMENTS TO SETTLEMENT CLASS MEMBERS

A.     Class Notice shall be sent to all Settlement Class Members for whom the Settlement Administrator is able to determine a mailing address.

B.     To file a Valid Claim, Settlement Class Members must:

(i)     Complete a Claim Form, providing all of the information required by the Settlement Agreement and the Claim Form;

(ii)    Sign the Claim Form and state under penalty of perjury that they received one or more unsolicited facsimile advertisements sent by or on behalf of BLP at the telephone number provided by the Settlement Class Member on the Claim Form; and

(iii)   Return the completed and signed Claim Form to the Settlement Administrator on or before the Claim Deadline.

Only Settlement Class Members who submit Valid Claims shall be entitled to an Award.

C.     The Settlement Administrator shall be responsible for reviewing all claims to determine their validity.

(i)     Any claim that is not substantially in compliance with the instructions on the Claim Form or the terms of this Settlement Agreement or is postmarked later than the Claim Deadline shall be rejected.

(ii)    Following the Claim Deadline, the Settlement Administrator shall provide a report of any rejected claims to BLP Counsel and Class Counsel.  If Class Counsel do not agree with the rejection of a claim, they shall bring it to the

16

attention of BLP Counsel, and the Parties shall meet and confer and attempt, in good faith, to resolve any dispute regarding the rejected claim.  Following their meet and confer, the Parties will provide the Settlement Administrator with their positions regarding the disputed, rejected claim.  The Settlement Administrator, after considering the positions of the Parties and, if appropriate, seeking any additional information from the Settlement Class Member, will make the final decision in its sole discretion, subject only to review by the Court.

D.      BLP shall have the right to audit Claim Forms for validity and fraud.  In the event that BLP determines that a Claim Form is invalid or fraudulent and should be rejected, they shall bring it to the attention of Class Counsel, and the Parties shall meet and confer and attempt, in good faith, to resolve any dispute regarding the rejected claim.  Following their meet and confer, the Parties will provide the Settlement Administrator with their positions regarding the disputed, rejected claim.  The Settlement Administrator, after considering the positions of the Parties and, if appropriate, seeking any additional information from the Settlement Class Member, will make the final decision in its sole discretion, subject only to review by the Court.

E.      At any time during the claims' process, if the Settlement Administrator has a reasonable suspicion of fraud, the Settlement Administrator shall immediately notify both Class Counsel and BLP Counsel of that fact and the basis for its suspicion.  Class Counsel and BLP Counsel shall endeavor to reach an agreed-upon solution to any suspected fraud and, if necessary, BLP may suspend the claims' process, and the Parties will promptly seek assistance from the Court.

F.      No later than seven (7) Days after the Parties have resolved any disputes regarding rejected claims, the Settlement Administrator will provide Class Counsel and BLP

Counsel with a report identifying the total of the Awards and the amount of money in the Net

Settlement Fund available to pay such Awards ("Available Award Total").  If the Awards exceed

the Available Award Total, the Awards to the Settlement Class Members who submitted Valid

Claims will be reduced on a pro rata basis until the Awards equal the Available Award Total.

       G.     Within forty-five (45) Days after the Effective Date, or another such time as the

Parties agree upon, the Settlement Administrator shall cause the Awards in the form of checks to

be distributed to members of the Settlement Class, and shall remit the Attorneys' Fee Award and

Incentive Award as approved by the Court.

## IX.    OBJECTIONS AND OPT-OUT RIGHTS

       A.     Any Settlement Class Member who intends to object must do so on or before the

Opt-Out and Objection Date.  In order to object, the Settlement Class Member must include in

the objection submitted to the Court and served on Class Counsel and BLP Counsel the

following:

       (i)     The name, address, telephone number of the Person objecting and,

if represented by counsel, of his/her counsel;

       (ii)     A signed declaration stating that he or she is a member of the

Settlement Class and between July 1, 2009 to present, received one or more

facsimile advertisements sent by or on behalf of BLP;

       (iii)     A statement of all objections to the Settlement; and

       (iv)     A statement of whether he or she intends to appear at the Fairness

Hearing, either with or without counsel, and if with counsel, the name of his or

her counsel who will attend.  Any Settlement Class Member who fails to file and

serve a timely written objection and notice of his or her intent to appear at the

Fairness Hearing pursuant to this Paragraph and as detailed in the Class Notice

<div align="center">18</div>

shall not be permitted to object to the approval of the Settlement at the Fairness Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

B.      A member of the Settlement Class who wishes to opt out of the Settlement Class must complete and send to the Settlement Administrator a request for exclusion that is post-marked no later than the Opt-Out and Objection Date.  The request for exclusion must be personally signed by the member of the Settlement Class requesting exclusion, contain a statement that indicates his or her desire to be excluded from the Settlement Class and contain a statement that he or she is otherwise a member of the Settlement Class.  A member of the Settlement Class may opt-out on an individual basis only.  So-called "mass" or "class" opt-outs, whether filed by third parties on behalf of a "mass" or "class" of class members or multiple class members where no personal statement has been signed by each and every individual class members, shall not be allowed.

C.      Except for those members of the Settlement Class who timely and properly file a request for exclusion, all members of the Settlement Class will be deemed to be Settlement Class Members for all purposes under the Settlement Agreement, and upon the Effective Date, will be bound by its terms, regardless of whether they file a Claim Form or receive any monetary relief.

D.      Any member of the Settlement Class who properly opts out of the Settlement Class shall not:  (i) be bound by any orders or judgments entered in the Litigation or relating to the Settlement; (ii) be entitled to relief under, or be affected by, the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement.

19

E.     The Settlement Administrator shall provide Class Counsel and BLP Counsel with the Opt-Out List within seven (7) Days after the Opt-Out and Objection Date.

## X.     PRELIMINARY APPROVAL PROCESS AND CLASS NOTICE

After execution of this Settlement Agreement, Class Counsel shall promptly move the Court for a Preliminary Approval Order preliminarily approving the Settlement and the Settlement Class Notice Program.  The Preliminary Approval Order will:

A.     Preliminarily approve this Settlement Agreement.

B.     Preliminarily certify the Settlement Class.

C.     Find that the proposed Settlement is sufficiently fair, reasonable and adequate to warrant providing notice to the Settlement Class, which notice will: (i) describe the essential terms of the Settlement; (ii) disclose any special benefits or incentives to the Class Representatives; (iii) provide information regarding the Attorneys' Fee Award; (iv) indicate the time and place of the hearing to consider final approval of the Settlement, and the method for objection to and/or opting out of the Settlement; (v) explain the procedures for allocating and distributing the Settlement Fund; and (vi) prominently display the address of Class Counsel and the procedure for making inquiries.

D.     Schedule a Fairness Hearing on final approval of this Settlement and Settlement Agreement to consider the fairness, reasonableness and adequacy of the proposed Settlement and whether it should be finally approved by the Court.

E.     Appoint the Settlement Administrator.

F.     Approve the Class Notice, and directs the Settlement Administrator to disseminate the Class Notice in accordance with the Settlement Class Notice Program.

G.     Find that the Settlement Class Notice Program:  (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the

20

pendency of the Litigation and of their right to object to or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all Persons entitled to receive notice; and (iv) meets all requirements of applicable law.

       H.      Require the Settlement Administrator to file proof of compliance with the Settlement Class Notice Program at or before the Fairness Hearing.

       I.      Approve the Claim Form and sets a Claim Deadline.

       J.      Require any member of the Settlement Class who wishes to exclude himself or herself from the Settlement Class to submit an appropriate, timely request for exclusion, postmarked no later than the Opt-Out and Objection Date, or as the Court may otherwise direct, to the Settlement Administrator at the address on the Class Notice.

       K.      Order that any member of the Settlement Class who does not submit a timely, written request for exclusion from the Settlement Class (i.e., becomes an Opt-Out) will be bound by all proceedings, orders and judgments in the Litigation, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

       L.      Require any Settlement Class Member who does not become an Opt-Out and who wishes to object to the fairness, reasonableness or adequacy of this Settlement or Settlement Agreement to file with the Court and serve on Class Counsel and BLP Counsel no later than the Opt-Out and Objection Date, or as the court may otherwise direct, a statement of the objection signed by the Settlement Class Member containing all of the following information:

       (i)      The objector's name, address, telephone number and, if represented by counsel, of his/her counsel;

NY\7719933.10   Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release **DRAFT** 10-09-2018  18:47  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000080

(ii)     A declaration stating that he or she is a member of the Settlement Class and received one or more unsolicited facsimile advertisements offering group or individual game tickets for Tampa Bay Buccaneer games;

(iii)    A statement of all objections to the Settlement; and

(iv)     A statement of whether the objector intends to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of counsel who will attend.

M.     Order that any response to an objection shall be filed with the Court no later than seven (7) Days prior to the Fairness Hearing.

N.     Specify that any Settlement Class Member who does not file a timely written objection to the Settlement or who fails to otherwise comply with applicable requirements shall be foreclosed from seeking any adjudication or review of this Settlement by appeal or otherwise.

O.     Require that any attorney, hired by a Settlement Class Member for the purpose of objecting to the proposed Settlement, the Attorneys' Fee Award or the Incentive Award and who intends to make an appearance at the Fairness Hearing, shall provide to the Settlement Administrator (who shall forward it to Class Counsel and BLP Counsel) and file with the Clerk of the Court a notice of intention to appear no later than the Opt-Out and Objection Date or as the Court may otherwise direct.

P.     Require any Settlement Class Member who files and serves a written objection and who intends to make an appearance at the Fairness Hearing shall so state in their objection papers or as the Court otherwise may direct.

Q.     Direct the Settlement Administrator to establish a post office box in the name of the Settlement Administrator to be used for receiving requests for exclusion and any other

NY\7719933.10  Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release **DRAFT** 10-09-2018  18:47  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                    TTA10262018 000081

communications, and providing that only the Settlement Administrator, Class Counsel, BLP

Counsel, the Court, the Clerk of the Court and their designated agents shall have access to this

post office box, except as otherwise provided in this Settlement Agreement.

      R.      Direct that Class Counsel shall file their applications for the Attorneys' Fee

Award and Plaintiffs' Incentive Award at least fourteen (14) Days prior to the Opt-Out and

Objection Date.

      S.      Order the Settlement Administrator to provide the Opt-Out List to Class Counsel

and BLP Counsel no later than seven (7) Days after the Opt-Out and Objection Date and then file

with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy

thereof no later than five (5) Days thereafter or on such other date as the Parties may direct.

      T.      Preliminarily enjoin all members of the Settlement Class unless and until they

have timely excluded themselves from the Settlement Class from (i) filing, commencing,

prosecuting, intervening in or participating as plaintiff, claimant or class member in any other

lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on,

relating to or arising out of the claims and causes of action or the facts and circumstances giving

rise to the Litigation and/or the Released Claims; (ii) filing, commencing, participating in or

prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class

action on behalf of any member of the Settlement Class who has not timely excluded himself or

herself (including by seeking to amend a pending complaint to include class allegations or

seeking class certification in a pending action), based on, relating to or arising out of the claims

and causes of action or the facts and circumstances giving rise to the Litigation and/or the

Released Claims; and (iii) attempting to effect Opt-Outs of a class of individuals in any lawsuit

or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out

NY\7719933.10   Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release **DRAFT** 10-09-2018  18:47  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                      TTA10262018 000082

of the claims and causes of action or the facts and circumstances giving rise to the Litigation

and/or the Released Claims.  Any Person who knowingly violates such injunction shall pay the

attorneys' fees and costs incurred by BLP, any other Released Person and Class Counsel as a

result of the violation.  This Settlement Agreement is not intended to prevent members of the

Settlement Class from participating in any action or investigation initiated by a state or federal

agency.

U.     Contain any additional provisions agreeable to the Parties that might be necessary

or advisable to implement the terms of this Settlement Agreement and the proposed settlement.

## XI.    FINAL ORDER AND JUDGMENT AND RELEASES

A.     If this Settlement Agreement (including any modification thereto made with the

consent of the Parties as provided for herein) is approved by the Court following the Fairness

Hearing scheduled by the Court in its Preliminary Approval Order, the Parties shall request the

Court to enter a Final Order and Judgment pursuant to the Federal Rules of Civil Procedure and

all applicable laws that, among other things:

(i)     Finds that the Court has personal jurisdiction over Plaintiffs and all

Settlement Class Members and that the Court has subject matter jurisdiction to

approve this Settlement and Settlement Agreement and all exhibits thereto;

(ii)    Certifies a Settlement Class solely for purposes of this Settlement;

(iii)   Grants final approval to this Settlement Agreement as being fair,

reasonable and adequate as to all Parties and consistent and in compliance with all

requirements of due process and applicable law, as to and in the best interests of

all Parties and directs the Parties and their counsel to implement and consummate

this Settlement Agreement in accordance with its terms and provisions;

NY\7719933.10  Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release **DRAFT** 10-09-2018  18:47  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                    TTA10262018 000083

(iv)     Declares this Settlement Agreement and the Final Order and Judgment to be binding on and have <u>res judicata</u> and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of Plaintiffs and all Settlement Class Members, as well as their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors;

(v)     Finds that the Settlement Class Notice Program:  (1) constituted the best practicable notice; (2) constituted notice that was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Litigation, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing and of their right to seek monetary and other relief; (3) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (4) met all requirements of due process and any other applicable law;

(vi)     Approves the Claim Form that was distributed to the Settlement Class;

(vii)     Finds that Class Counsel and Plaintiffs adequately represented the Settlement Class for purposes of entering into and implementing the Settlement and Settlement Agreement;

(viii)     Dismisses the Litigation now pending before the Court on the merits and with prejudice and without fees or costs except as provided herein, in accordance with the terms of the Final Order and Judgment;

NY\7719933.10   Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release **DRAFT** 10-09-2018  18:47  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                              TTA10262018 000084

(ix)     Adjudges that Plaintiffs and the Settlement Class have conclusively compromised, settled, dismissed and released any and all Released Claims against BLP and the Released Persons;

(x)     Approves payment of the Attorneys' Fee Award and Incentive Awards as determined by the Court;

(xi)     Without affecting the finality of the Final Order and Judgment for purposes of appeal, reserves jurisdiction over the Settlement Administrator, BLP, Plaintiffs and the Settlement Class Members as to all matters relating to the administration, consummation, enforcement and interpretation of the terms of the Settlement, the Settlement Agreement and Final Order and Judgment and for any other necessary purposes;

(xii)     Provides that upon the Effective Date, Plaintiffs and all Settlement Class Members, whether or not they return a Claim Form within the time and in the manner provided for, shall be barred from asserting any Released Claims against BLP and/or any Released Persons, and any such Settlement Class Members shall have released any and all Released Claims as against BLP and all Released Persons;

(xiii)     Determines that the Settlement Agreement and the Settlement provided for therein and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by BLP or any Released Persons or of the suitability of these or similar claims to class treatment in active

26

litigation and trial; provided, however, that reference may be made to this Settlement Agreement and the Settlement provided for therein in such proceedings solely as may be necessary to effectuate the Settlement Agreement;

(xiv)    Bars and permanently enjoins all Settlement Class Members from (1) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (2) organizing Settlement Class Members who have not excluded themselves from the Settlement Class into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency;

(xv)    States that any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by BLP and/or any other Released Persons and Class Counsel as a result of the violation;

(xvi)    Approves the Opt-Out List and determines that the Opt-Out List is a complete list of all members of the Settlement Class who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be

27

bound by the Final Order and Judgment, except for Opt-Outs who subsequently elect to submit Claim Forms during the Claim Period; and

(xvii)   Authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of this Settlement Agreement and all exhibits hereto as (1) shall be consistent in all material respects with the Final Order and Judgment; and (2) do not limit the rights of the Parties or Settlement Class Members.

B.      As of the Effective Date, the Releasing Persons are deemed to have fully released and forever discharged the Released Persons of and from all Released Claims by operation of entry of the Final Order and Judgment.

(i)      Subject to Court approval, all Settlement Class Members who have not excluded themselves from the Settlement Class shall be bound by this Settlement Agreement and the Release and all of their claims shall be dismissed with prejudice and released, irrespective of whether they received actual notice of the Litigation or this Settlement.

(ii)     Without in any way limiting the scope of the Release, this Release covers any and all claims for attorneys' fees, costs or disbursements incurred by Class Counsel or any other counsel representing Plaintiffs or Settlement Class Members, or any of them, in connection with or related in any manner to the Litigation, the Settlement, the administration of such Settlement and/or the Released Claims as well as any and all claims for the Incentive Award to Plaintiffs and the Attorneys' Fee Award to Class Counsel.

28

(iii)     The Releasing Persons and the Released Persons expressly

acknowledge that they are familiar with principles of law such as Section 1542 of

the Civil Code of the State of California, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MIGHT HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Notwithstanding California or other law, the Releasing Persons and the Released Persons hereby

expressly agree that the provisions, rights and benefits of Section 1542 and all similar federal or

state laws, rights, rules or legal principles of any other jurisdiction that may be applicable herein

are hereby knowingly and voluntarily waived, released and relinquished to the fullest extent

permitted by law solely in connection with unknown claims that are the same as, substantially

similar to, or overlap the Released Claims, and the Releasing Persons and the Released Persons

hereby agree and acknowledge that this is an essential term of the Releases.  In connection with

the Release, the Releasing Persons and the Released Persons acknowledge that they are aware

that they may hereafter discover claims presently unknown and unsuspected or facts in addition

to or different from those which they now know or believe to be true with respect to matters

released herein, and that such claims, to the extent that they are the same as, substantially similar

to, or overlap the Released Claims, are hereby released, relinquished and discharged.

(iv)     Nothing in the Releases shall preclude any action to enforce the

terms of this Settlement Agreement, including participation in any of the

processes detailed herein.

NY\7719933.10  Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release **DRAFT** 10-09-2018  18:47  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                  TTA10262018 000088

## XII.     WITHDRAWAL FROM OR TERMINATION OF SETTLEMENT

A.     Within fifteen (15) Days after the occurrence of any of the following events and upon written notice to counsel for all Parties, a Party shall have the right to withdraw from the Settlement and terminate this Settlement Agreement:

(i)     If the Court fails to approve the Settlement Agreement as written or if on appeal the Court's approval is reversed or modified;

(ii)     If the Court materially alters any of the terms of the Settlement Agreement, except that a reduction in the Attorneys' Fee Award or the Incentive Awards shall not be deemed to be a material alteration; or

(iii)     If the Preliminary Approval Order or the Final Order and Judgment is not entered by the Court or is reversed or modified on appeal, or otherwise fails for any reason.

B.     If, at any time prior to Final Order and Judgment, legislation is enacted or a controlling judicial or regulatory decision or other administrative guidance or action is rendered or undertaken that impacts or addresses this Litigation, then BLP shall have the right to withdraw from the Settlement and terminate this Settlement Agreement.

C.     In the event of a withdrawal pursuant to Paragraphs __ or ___ above, any certification of a Settlement Class will be vacated, without prejudice to any Party's position on the issue of class certification and the amenability of the claims asserted in the Litigation to class treatment, and the Parties shall be restored to their litigation position existing immediately before the execution of this Settlement Agreement.

D.     If members of the Settlement Class properly and timely submit requests for exclusion from the Settlement Class thereby becoming Opt-Outs in a number exceeding the number submitted to the Court under seal by the Parties, then BLP may elect in their sole

NY\7719933.10  Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release **DRAFT** 10-09-2018  18:47  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                                TTA10262018 000089

discretion to withdraw from the Settlement and terminate this Settlement Agreement.  In that event, all of BLP's obligations under this Agreement shall cease to be of any force and effect; the certification of the Settlement Class shall be vacated without prejudice to BLP's position on the issue of class certification; and BLP shall be restored to their litigation position existing immediately before the execution of this Settlement Agreement.

      (i)    In order to elect to withdraw from the Settlement and terminate this Settlement Agreement on the basis set forth above, BLP must notify Class Counsel in writing of their election to do so within fourteen (14) Days after the Opt-Out List has been served on the Parties.

      (ii)    In the event that BLP exercises such right, Class Counsel shall have fourteen (14) Days or such longer period as agreed to by the Parties to address the concerns of the Opt-Outs.  If through such efforts the total number on the Opt-Out List subsequently becomes and remains fewer than the number submitted to the Court under seal at the time of filing the Motion For Preliminary Approval, BLP shall withdraw their election to withdraw from the Settlement and terminate the Settlement Agreement.  In no event, however, shall BLP have any further obligation under this Agreement to any Opt-Out unless he or she withdraws his or her request for exclusion.

      (iii)    For purposes of this Paragraph, Opt-Outs shall not include (1) Persons who are specifically excluded from the Settlement Class definition; (2) Opt-Outs who elect to withdraw their request for exclusion; and (3) Opt-Outs who agree to sign an undertaking that they will not pursue an individual claim,

NY\7719933.10   Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release **DRAFT** 10-09-2018   18:47   056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                          TTA10262018 000090

class claim or any other claim that would otherwise be a Released Claim as defined in this Settlement Agreement.

E.       In the event of withdrawal by any Party in accordance with the terms set forth in this Section, the Settlement Agreement shall be null and void, shall have no further force and effect with respect to any Party in the Litigation and shall not be offered in evidence or used in any litigation for any purpose, including the existence, certification or maintenance of any proposed or existing class or the amenability of these or similar claims to class treatment.  In the event of such withdrawal, this Settlement Agreement and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to BLP, Plaintiffs and the Settlement Class Members and shall not be deemed or construed to be an admission or confession in any way by any Party of any fact, matter or proposition of law and shall not be used in any manner for any purpose, and the Parties to the Litigation shall stand in the same position as if this Settlement Agreement had not been negotiated, made or filed with the Court.

## XIII.   EFFECTIVE DATE

A.       The Effective Date of this Settlement Agreement shall be the date when each and all of the following conditions have occurred:

(i)       This Settlement Agreement has been fully executed by all Parties and their counsel;

(ii)       Orders have been entered by the Court certifying the Settlement Class, granting preliminary approval of this Settlement and approving the forms of Class Notice and Claim Form, all as provided above;

(iii)       The Settlement Class Notice Program has been executed in accordance with the Preliminary Approval Order;

32

(iv)     The Court has entered a Final Order and Judgment finally approving this Agreement, as provided above; and

(v)     The Final Order and Judgment has become Final as defined in Paragraph __ below.

B.     "Final," when referring to a judgment or order means that (i) the judgment is a final, appealable judgment; and (ii) either (1) no appeal has been taken from the judgment as of the date on which all deadlines to appeal therefrom have expired; or (2) an appeal or other review proceeding of the judgment having been commenced, the date by which such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions or rehearing or re-argument, petitions for rehearing en banc, petitions for writ of certiorari, or otherwise, and such appeal or other review has been finally resolved in a manner that affirms the Final Order and Judgment in all material respects.

C.     If, for any reason, this Settlement Agreement fails to become Final pursuant to the foregoing Paragraph __, the orders, judgment and dismissal to be entered pursuant to this Settlement Agreement shall be vacated, and the Parties will be returned to the status quo ante with respect to the Litigation as if this Settlement Agreement had never been entered into.

## XIV.   NOTICES

A.     All Notices (other than the Class Notice and CAFA Notices) required by the Settlement Agreement shall be made in writing and communicated by mail to the following addresses:

All Notices to the Settlement Class or Class Counsel shall be sent to Class Counsel, c/o:

33

> Phillip A. Bock
> Jonathan B. Piper
> Daniel J. Cohen
> Bock, Hatch, Lewis & Oppenheim, LLC
> 134 North La Salle Street, Suite 1000
> Chicago, Illinois 60602
> Telephone:  (312) 658-5500
> Facsimile:  (312) 658-5555

All Notices to BLP or BLP Counsel provided herein shall be sent to BLP Counsel, c/o:

> Mark S. Mester
> Kathleen P. Lally
> Latham & Watkins LLP
> 330 North Wabash Avenue, Suite 2800
> Chicago, Illinois  60611
> Telephone:  (312) 876-7700
> Facsimile:  (312) 993-9767

B.      The notice recipients and addresses designated above may be changed by written notice.

C.      Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of comments, objections, requests for exclusion, or other documents or filings received as a result of the Class Notice.

## XV.   <u>MISCELLANEOUS PROVISIONS</u>

A.      **<u>Interpretation</u>**.  This Settlement Agreement contains the entire agreement among the Parties hereto and supersedes any prior discussions, agreements or understandings among them as well as any and all prior drafts of this Settlement Agreement.  All terms are contractual. For the purpose of construing or interpreting this Settlement Agreement, the Parties agree that the Settlement Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party, and the Parties further agree that any prior drafts may not be used to construe or interpret this Settlement Agreement.

B.     **Binding Effect**.  The terms are and shall be binding upon each of the Parties hereto, their administrators, agents, assigns, attorneys, executors, heirs, partners, representatives, predecessors-in-interest and successors as well as upon all other Persons claiming any interest in the subject matter hereto through any of the Parties hereto including any Settlement Class Members.

C.     **Headings**.  The headings contained in this Settlement Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Settlement Agreement.

D.     **No Rescission on Grounds of Mistake**.  The Parties acknowledge that they have made their own investigations of the matters covered by this Settlement Agreement to the extent they have deemed it necessary to do so.  Therefore, the Parties agree that they will not seek to set aside any part of the Settlement Agreement on the grounds of mistake.  Moreover, the Parties understand, agree and expressly assume the risk that any fact not recited, contained, or embodied in the Settlement Agreement may turn out hereinafter to be other than, different from, or contrary to the facts now known to them or believed by them to be true, and further agree that the Settlement Agreement shall be effective in all respects notwithstanding and shall not be subject to termination, modification, or rescission by reason of any such difference in facts.

E.     **Amendment**.  This Settlement Agreement may be amended or modified only by a written instrument signed by the Parties or their counsel.  Amendments and modifications may be made without notice to the Settlement Class unless notice is required by law or by the Court.

F.     **Integration Of Exhibits**.  Any exhibits to this Settlement Agreement are hereby incorporated and made a part of the Settlement Agreement.

35

G.      **Jurisdiction**.  The United States District Court for the Middle District of Florida has jurisdiction over the Parties to this Settlement Agreement and the Settlement Class.

H.      **No Admission**.  Neither this Settlement Agreement nor any of its provisions, its exhibits or related documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order or the Final Order and Judgment), its negotiation or any proceedings relating in any way to the Settlement shall be construed as or deemed to be evidence of an admission or concession by any person, including BLP, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or Court order.  The provisions of this Paragraph shall become effective when this Settlement Agreement has been signed by the Parties and shall be binding on the Parties and their counsel regardless of whether the Settlement Agreement is approved by this Court or any other court and regardless of whether the Settlement Agreement is otherwise rendered null and void.

I.      **Governing Law**.  This Settlement Agreement shall be governed by and construed in accordance with the internal laws (as opposed to the conflicts of law provisions) of the State of Florida.

J.      **Counterparts**.  This Settlement Agreement may be executed in counterparts and may be executed by facsimile, and as so executed shall constitute one agreement.

K.      **No Media Statements.**  Plaintiffs, Class Counsel and all other counsel of record for Plaintiffs agree not to issue any press releases regarding this settlement or publicize it in any way and further agree not to engage in any communications with the media or the press, on the internet, or in any public forum, orally or in writing, that relate to this Settlement or the Litigation other than statements that are fully consistent with the Mailed Notice and Published

Notice.  Notwithstanding the foregoing, nothing in this Settlement Agreement shall preclude Plaintiffs or Class Counsel from making a public statement in support of the Settlement.  For example, Plaintiffs or Class Counsel may state that the Settlement is a good result for the Class.  In addition, nothing in this Settlement Agreement shall preclude Plaintiffs or Class Counsel from making a public statement that is consistent with the language of the Settlement Agreement or any motions submitted for approval of the Settlement.

L.      **Confidentiality.**  All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

M.      **Return Of Material.**  Within thirty (30) Days after the Effective Date, Class Counsel and BLP Counsel will return all material produced by one to the other in discovery or otherwise in connection with the Litigation.

N.      **No Assignment**.  Plaintiffs represent and warrant that no portion of any claim, right, demand, action, or cause of action against the Released Persons that Plaintiffs have or may have arising out of any allegations made in any of the actions comprising the Litigation or pertaining to any of the Released Claims, and no portion of any recovery or settlement to which Plaintiffs may be entitled, has been assigned, transferred, or conveyed by or for Plaintiffs in any manner; and no Person other than Plaintiffs have any legal or equitable interest in the claims, demands, actions, or causes of action referred to in this Agreement as those of Plaintiffs.

O.      **Stay.**  The Parties stipulate to stay all proceedings in the Litigation until the approval of this Settlement Agreement has been finally determined, except the stay of proceedings shall not prevent the filing of any motions, affidavits and other matters necessary to obtain and preserve final judicial approval of this Settlement Agreement.

NY\7719933.10  Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release **DRAFT** 10-09-2018  18:47  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                     TTA10262018 000096

P.    **<u>Best Efforts.</u>**  In the event that there are any developments in the effectuation and administration of this Agreement that are not dealt with by the terms of this Agreement, then such matters shall be dealt with as agreed upon by the Parties, and failing agreement, as shall be ordered by the Court.  The Parties shall execute all documents and use their best efforts to perform all acts necessary and proper to promptly effectuate the terms of this Agreement and to take all necessary or appropriate actions to obtain judicial approval of this Agreement in order to give this Agreement full force and effect.  The execution of documents must take place prior to the date scheduled for the Preliminary Approval Hearing.

NY\7719933.10  Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release **DRAFT** 10-09-2018  18:47  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000097

IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by their duly authorized representatives below.

*Plaintiffs:*

Technology Training Associates, Inc.

By:_____

Spicola International, Inc.

By:_____

Larry E. Schwanke, D.C. d/b/a
Back to Basics Family Chiropractic

By:_____

*Approved as to form:*                         **BOCK, HATCH, LEWIS & OPPENHEIM, LLC**

                                               By:_____
                                                   Phillip A. Bock
                                                   Jonathan B. Piper
                                                   Daniel J. Cohen
                                                   Bock, Hatch, Lewis & Oppenheim, LLC
                                                   134 North La Salle Street, Suite 1000
                                                   Chicago, Illinois 60602
                                                   Telephone:  (312) 658-5500
                                                   Facsimile:  (312) 658-5555

NY\7719933.10  Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release **DRAFT** 10-09-2018  18:47  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                         TTA10262018 000098

*Defendant:*

BUCCANEERS LIMITED PARTNERSHIP

By:_____

Its:_____

*Approved as to form:*                    **LATHAM & WATKINS LLP**

By:_____

Mark S. Mester
Kathleen P. Lally
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois  60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

NY\7719933.10   Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release **DRAFT** 10-09-2018  18:47  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000099

 **Gmail**

**Daniel Cohen <danieljaycohen209@gmail.com>**

---

## (no subject)

---

**mark.mester@lw.com** <mark.mester@lw.com>
To: danieljaycohen209@gmail.com
Cc: Kathleen.Lally@lw.com

Sat, Jun 11, 2016 at 2:52 PM

Dan - I wanted to update you on the status of the Biggerstaff deposition and the mediation with Judge Bobrick.  As indicated in my last email, Ryan Kelly had initially insisted that we depose Biggerstaff on the 15th and that we postpone the Bobrick mediation (originally scheduled for the 17th).  Due to Dave Canfield's health situation, however, we asked that the Biggerstaff deposition on the 15th occur in Philadelphia instead of Charelston, and Kelly was unwilling to even consider that request.   At the same time, Ross Good insisted yesterday that we put the mediation with Judge Bobrick back on the calendar for the 17th given the fact that the Biggerstaff deposition is not going forward on the 15th.   We don't yet know for sure whether Judge Bobrick is still available on the 17th, but if he is, we feel like we need to attend the mediation on the 17th, given the pending order we have from Judge Porcelli to mediate with Wanca and Addison.   As we learn more, however, we will keep you updated.

I am out in Palo Alto for a graduation of one of my kids from Stanford, so I will have very limited availability this weekend and on Monday, when I am traveling back to Chicago.   Please let us know, however, if you have any other questions.

Best regards.

-------------------------------------------------------------------------------
This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP
-------------------------------------------------------------------------------

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

TTA10262018 000102



Daniel Cohen <danieljaycohen209@gmail.com>

---

# TTA v. BLP

---

**Daniel Cohen** <danieljaycohen209@gmail.com>                                    Sat, Jun 11, 2016 at 11:28 PM
To: Mark Mester <mark.mester@lw.com>
Cc: Kathleen.Lally@lw.com, Daniel Cohen <danieljaycohen209@gmail.com>

Mark,

Please allow this email to confirm my receipt of your email of earlier today advising that the date for the court-ordered mediation with Wanca's group -- originally scheduled for June 17th and then moved to sometime in July -- has been moved back to June 17th (provided the mediator still has that date available).

This scheduling change adds urgency to Jon Piper's discussions with Kate Lally regarding the final form of the settlement paperwork, because if the final form is not agreed to and signed by both sides before June 17th, we will have no alternative but to withdraw from all negotiations, and immediately notify Wanca that we are no longer involved and will not be involved in the future.

The need to withdraw in that event and immediately notify Wanca would be to ensure against a reverse auction where Wanca could feel pressure to reduce his settlement position to something lower than we have already negotiated with you.  That kind of race to the bottom is the very essence of a reverse auction, and we could not be a part of it.  For this reason, if we don't have a signed settlement agreement before June 17th, then Wanca needs to know that we have permanently withdrawn so that his negotiations with you are not tainted by reverse-auction pressure.

Please let me know if you have questions or concerns in the foregoing regard.

Dan

--
Daniel J. Cohen
Law Offices of Daniel J. Cohen
P.O. Box 432040
St. Louis, Missouri 63143
Phone: 314.497.6352
Fax: 314.932.1185
Email: danieljaycohen209@gmail.com

CONFIDENTIALITY NOTICE
You are hereby notified that 1) e-mail communication is not a secure method of communication; 2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you or vice versa; 3) persons not participating in our communication may intercept our communication by improperly accessing your computer or my computer or even some computer unconnected to either of us which the e-mail passed through. I am communicating to you via e-mail because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please let me know at once.

The information contained in this e-mail transmission is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this transmission is strictly prohibited. If you have received this transmission in error, please call 314.497.6352.

---

Case 8:13-cv-01592-AEP   Document 258-6   Filed 11/15/19   Page 94 of 400 PageID 7659

The information contained in this electronic message may be attorney client privileged, confidential and exempt from disclosure under applicable law and is intended only for the use of the individual (s) to whom this electronic message is addressed. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this electronic communication or any attachment thereto is strictly prohibited.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000104

Case 8:13-cv-01592-AEP   Document 258-6   Filed 11/15/19   Page 95 of 400 PageID 7660



**Daniel Cohen <danieljaycohen209@gmail.com>**

---

## RE: TTA v. BLP

---

**mark.mester@lw.com** <mark.mester@lw.com>                    Sun, Jun 12, 2016 at 12:40 AM
To: danieljaycohen209@gmail.com
Cc: Kathleen.Lally@lw.com, danieljaycohen209@gmail.com

Dan - I really think this is an over-reaction to what is an obligation we have by virtue of the directive we have from Judge Porcelli to mediate with Wanca.   We have no intention of engaging in a reverse auction or doing anything to undercut the tentative agreement we reached during the second session with Mr. Grilli and are now in the process of documenting.   I agree it would be preferable to finalize the settlement agreement we are working on before the mediation, and we will certainly continue to work toward that end.   Based on Wanca's past behavior, however, I think there is zero chance he will put the interests of the class ahead of his own in the event the mediation with Judge Bobrick goes forward.

From: Daniel Cohen <danieljaycohen209@gmail.com>
Sent: Saturday, June 11, 2016 9:28:23 PM
To: Mester, Mark (CH)
Cc: Lally, Kathleen (CH); Daniel Cohen
Subject: TTA v. BLP

Mark,

Please allow this email to confirm my receipt of your email of earlier today advising that the date for the court-ordered mediation with Wanca's group -- originally scheduled for June 17th and then moved to sometime in July -- has been moved back to June 17th (provided the mediator still has that date available).

This scheduling change adds urgency to Jon Piper's discussions with Kate Lally regarding the final form of the settlement paperwork, because if the final form is not agreed to and signed by both sides before June 17th, we will have no alternative but to withdraw from all negotiations, and immediately notify Wanca that we are no longer involved and will not be involved in the future.

The need to withdraw in that event and immediately notify Wanca would be to ensure against a reverse auction where Wanca could feel pressure to reduce his settlement position to something lower than we have already negotiated with you.  That kind of race to the bottom is the very essence of a reverse auction, and we could not be a part of it.  For this reason, if we don't have a signed settlement agreement before June 17th, then Wanca needs to know that we have permanently withdrawn so that his negotiations with you are not tainted by reverse-auction pressure.

Please let me know if you have questions or concerns in the foregoing regard.

Dan

--
Daniel J. Cohen
Law Offices of Daniel J. Cohen
P.O. Box 432040
St. Louis, Missouri 63143
Phone: 314.497.6352
Fax: 314.932.1185

---

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000105

Case 8:13-cv-01592-AEP   Document 258-6   Filed 11/15/19   Page 96 of 400 PageID 7661

Email: danieljaycohen209@gmail.com<mailto:danieljaycohen209@gmail.com>

CONFIDENTIALITY NOTICE
You are hereby notified that 1) e-mail communication is not a secure method of communication; 2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you or vice versa; 3) persons not participating in our communication may intercept our communication by improperly accessing your computer or my computer or even some computer unconnected to either of us which the e-mail passed through. I am communicating to you via e-mail because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please let me know at once.

The information contained in this e-mail transmission is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this transmission is strictly prohibited. If you have received this transmission in error, please call 314.497.6352.

The information contained in this electronic message may be attorney client privileged, confidential and exempt from disclosure under applicable law and is intended only for the use of the individual (s) to whom this electronic message is addressed. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this electronic communication or any attachment thereto is strictly prohibited.
-------------------------------------------------------------------------------
This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP
-------------------------------------------------------------------------------

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000106

| From: | Jon Piper |
|---|---|
| To: | Kathleen.Lally@lw.com |
| Cc: | mark.mester@lw.com; Dan Cohen - External Email; Phil Bock |
| Subject: | RE: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release |
| Date: | Sunday, June 12, 2016 9:22:32 PM |

Kate -

Just checking in on the status. We still have not yet received the draft exhibits to the settlement agreement. Will you be sending those in the morning?

I'm also looking forward to your responses to the comments we discussed Friday. Can we set up a time tomorrow morning to discuss them?

Jon

---

**From:** Kathleen.Lally@lw.com [Kathleen.Lally@lw.com]
**Sent:** Thursday, June 09, 2016 2:13 PM
**To:** Jon Piper
**Cc:** mark.mester@lw.com
**Subject:** Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release

Jon,

        Attached please find a draft settlement agreement for your review. Our client is still digesting this, but we know that you have been patient (and we really thank you for that) so we wanted to get this in your hands as soon as we could. We are working on the ancillary documents and will get those to you as soon as possible. I have a final approval hearing tomorrow afternoon, but will otherwise try to make myself available to you at your convenience if you would like to discuss.

Thanks,
Kate


**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

| | |
|---|---|
| **From:** | Kathleen.Lally@lw.com |
| **To:** | Jon Piper |
| **Cc:** | mark.mester@lw.com; Dan Cohen - External Email; Phil Bock |
| **Subject:** | RE: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release |
| **Date:** | Monday, June 13, 2016 10:46:18 AM |

Jon,

        We are talking with the client again today and will provide additional information as soon as I can.

Kate

---

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Sunday, June 12, 2016 9:23 PM
**To:** Lally, Kathleen (CH)
**Cc:** Mester, Mark (CH); Dan Cohen - External Email; Phil Bock
**Subject:** RE: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release

Kate -

Just checking in on the status. We still have not yet received the draft exhibits to the settlement agreement. Will you be sending those in the morning?

I'm also looking forward to your responses to the comments we discussed Friday.  Can we set up a time tomorrow morning to discuss them?

Jon

---

**From:** Kathleen.Lally@lw.com [Kathleen.Lally@lw.com]
**Sent:** Thursday, June 09, 2016 2:13 PM
**To:** Jon Piper
**Cc:** mark.mester@lw.com
**Subject:** Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release

Jon,

        Attached please find a draft settlement agreement for your review.  Our client is still digesting this, but we know that you have been patient (and we really thank you for that) so we wanted to get this in your hands as soon as we could.  We are working on the ancillary documents and will get those to you as soon as possible.  I have a final approval hearing tomorrow afternoon, but will otherwise try to make myself available to you at your convenience if you would like to discuss.

Thanks,
Kate

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com

http://www.lw.com

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

| | |
|---|---|
| **From:** | Kathleen.Lally@lw.com |
| **To:** | Jon Piper |
| **Subject:** | RE: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release |
| **Date:** | Monday, June 13, 2016 6:04:43 PM |

Jon,

Can we talk tomorrow at 9:30?  My discussions with the client were a bit delayed but we are talking to them early tomorrow and should be able to send a draft to you prior to the 9:30 call.

Kate

---

**From:** Lally, Kathleen (CH)
**Sent:** Monday, June 13, 2016 10:46 AM
**To:** 'Jon Piper'
**Cc:** Mester, Mark (CH); Dan Cohen - External Email; Phil Bock
**Subject:** RE: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release

Jon,

We are talking with the client again today and will provide additional information as soon as I can.

Kate

---

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Sunday, June 12, 2016 9:23 PM
**To:** Lally, Kathleen (CH)
**Cc:** Mester, Mark (CH); Dan Cohen - External Email; Phil Bock
**Subject:** RE: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release

Kate -

Just checking in on the status. We still have not yet received the draft exhibits to the settlement agreement. Will you be sending those in the morning?

I'm also looking forward to your responses to the comments we discussed Friday.  Can we set up a time tomorrow morning to discuss them?

Jon

---

**From:** Kathleen.Lally@lw.com [Kathleen.Lally@lw.com]
**Sent:** Thursday, June 09, 2016 2:13 PM
**To:** Jon Piper
**Cc:** mark.mester@lw.com
**Subject:** Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release

Jon,

Attached please find a draft settlement agreement for your review.  Our client is still digesting this, but we know that you have been patient (and we really thank you for that) so we wanted to get this in your hands as soon as we could.  We are working on the ancillary documents and will get those

to you as soon as possible.  I have a final approval hearing tomorrow afternoon, but will otherwise try to make myself available to you at your convenience if you would like to discuss.

Thanks,
Kate

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

| | |
|---|---|
| **From:** | Jon Piper |
| **To:** | Kathleen.Lally@lw.com |
| **Cc:** | Dan Cohen - External Email; Phil Bock |
| **Subject:** | RE: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release |
| **Date:** | Monday, June 13, 2016 6:08:54 PM |

Yes. That works.

*Sent from my Verizon 4G LTE Droid*
On Jun 13, 2016 6:04 PM, Kathleen.Lally@lw.com wrote:

> Jon,
>
>
>         Can we talk tomorrow at 9:30?  My discussions with the client were a
> bit delayed but we are talking to them early tomorrow and should be able to send
> a draft to you prior to the 9:30 call.
>
>
> Kate
>
> _____
>
> **From:** Lally, Kathleen (CH)
> **Sent:** Monday, June 13, 2016 10:46 AM
> **To:** 'Jon Piper'
> **Cc:** Mester, Mark (CH); Dan Cohen - External Email; Phil Bock
> **Subject:** RE: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release
>
>
> Jon,
>
>
>         We are talking with the client again today and will provide additional
> information as soon as I can.
>
>
> Kate
>
> _____
>
> **From:** Jon Piper [mailto:jon@classlawyers.com]
> **Sent:** Sunday, June 12, 2016 9:23 PM
> **To:** Lally, Kathleen (CH)
> **Cc:** Mester, Mark (CH); Dan Cohen - External Email; Phil Bock
> **Subject:** RE: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release

TTA10262018 000112

Kate -

Just checking in on the status. We still have not yet received the draft exhibits to the settlement agreement. Will you be sending those in the morning?

I'm also looking forward to your responses to the comments we discussed Friday. Can we set up a time tomorrow morning to discuss them?

Jon

---

**From:** Kathleen.Lally@lw.com [Kathleen.Lally@lw.com]
**Sent:** Thursday, June 09, 2016 2:13 PM
**To:** Jon Piper
**Cc:** mark.mester@lw.com
**Subject:** Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release

Jon,


        Attached please find a draft settlement agreement for your review. Our client is still digesting this, but we know that you have been patient (and we really thank you for that) so we wanted to get this in your hands as soon as we could. We are working on the ancillary documents and will get those to you as soon as possible. I have a final approval hearing tomorrow afternoon, but will otherwise try to make myself available to you at your convenience if you would like to discuss.


Thanks,

Kate


**Kathleen P. Lally**


**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

This email may contain material that is confidential, privileged and/or attorney work product for the

sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

| | |
|---|---|
| **From:** | Kathleen.Lally@lw.com |
| **To:** | Jon Piper |
| **Cc:** | mark.mester@lw.com |
| **Subject:** | Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release |
| **Date:** | Tuesday, June 14, 2016 9:18:15 AM |
| **Attachments:** | NY-7719933-v11 Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release.docx<br>CP_Redline - NY-7719933-v10 Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and<br>Release and NY-7719933-v11 Technology Training.pdf |

Jon,

Per my email yesterday, here are our revisions to the settlement agreement based on our discussions last week. We did not make any changes in this draft with respect to the two major issues that you flagged, but I am prepared to discuss them on our call this morning.

Thanks,
Kate

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is entered into between Plaintiffs Technology Training Associates, Inc., Spicola International, Inc. and Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic and Defendant Buccaneers Limited Partnership in order to effect a full and final settlement and dismissal with prejudice of all claims against Buccaneers Limited Partnership as alleged in the case captioned _____ on the terms set forth below and to the full extent reflected herein, subject to approval of the Court.  Capitalized terms shall have the meaning ascribed to them in Section II of this Settlement Agreement.

## I.    RECITALS

A.    On or about May 6, 2016, Plaintiff Technology Training Associates, Inc. filed a complaint in the Circuit Court of the 13th Judicial Circuit in and for Hillsborough County, Florida alleging that in 2009 and 2010 BLP improperly sent advertisements by facsimile. Technology Training Associates, Inc. sought actual damages and statutory damages under the TCPA on behalf of itself and a proposed class of "[a]ll persons who, from July 1, 2009, to present, were sent one or more facsimile advertisements offering group or individual game tickets for Tampa Bay Buccaneer games, but not stating on the first page that the fax recipient may make a request to the sender not to send any future ads and that failure to comply, within 30 days, with such a request is unlawful."

B.    The complaint filed by Technology Training Associates, Inc. addressed the same conduct and sought to represent **essentially** the same class as a case pending in the United States District Court for the Middle District of Florida before Magistrate Judge Anthony E. Porcelli, captioned Cin-Q Automobiles, Inc., et al. v. Buccaneers Limited Partnership, et al.,

Case No. 8:13-cv-01592-AEP ("Cin-Q").  The parties in Cin-Q had been engaged in mediation and attempting to reach a settlement for more than eight (8) months, but had been unsuccessful.  Indeed, on April 18, 2016, BLP had filed a motion for a settlement conference in Cin-Q, offering to waive the mediation privilege, relying on the Court's supervisory authority under Fed. R. Civ. P. 23(g) and requesting that the Court or its designee hold a settlement conference.  The Cin-Q plaintiffs and their counsel, however, opposed any settlement conference before the Court or its designee, insisted that the mediator in the prior mediation declare an impasse (which he did) and flatly refused to waive the mediation privilege.

C.       After the complaint on behalf of Technology Training Associates, Inc. was filed, Class Counsel contacted BLP Counsel and indicated that they were aware of and had reviewed the motion for a settlement conference filed by BLP in Cin-Q and understood that Cin-Q's counsel had opposed that motion and had filed a notice of impasse.  Class Counsel then asked if BLP would have any interest in an early mediation of the new case, pointing out that the parties in that case would apparently be required to engage in alternative dispute resolution under the applicable court rules.  The Parties agreed to a mediation and scheduled an initial mediation session for May 19, 2016.

D.       Prior to the May 19, 2016 mediation, however, Plaintiff Technology Training Associates, Inc. dismissed, without prejudice, the complaint filed in Hillsborough County, Florida due to efforts by counsel for the plaintiffs in Cin-Q to interfere with the Parties' mediation and settlement discussion.  Class Counsel indicated to BLP, however, that they were maintaining the claims and that they intended to formally re-file that complaint once settlement discussions had concluded, whether or not those discussions resulted in a settlement.

E.      Thereafter, the Parties participated in a full-day mediation on May 19, 2016 in Tampa, Florida before mediator Peter Grilli.  The Parties were not able to reach a settlement during that mediation, but made progress and agreed to continue negotiations.

F.      Over the next two (2) weeks, the Parties continued their settlement discussions, which culminated in a second full-day mediation session on June 1, 2016 in Tampa, Florida with Mr. Grilli.  At the end of that mediation session, the Parties had reached an agreement in ~~principal~~principle that would resolve the claims in Plaintiffs' Complaint on a class-wide basis, subject to finalization of a mutually-agreeable settlement agreement and subject to court approval.

G.      On or about _____, Plaintiffs filed their Complaint in the _____, alleging that in 2009 and 2010 BLP improperly sent advertisements by facsimile, seeking actual damages, as well as statutory damages under the TCPA on behalf of themselves and a proposed class of "_____."

H.      BLP denies all material allegations in the Litigation and have asserted a variety of affirmative defenses.  BLP specifically denies that ~~they have~~it has engaged in any wrongdoing whatsoever, that ~~they have~~it has any liability in connection with the claims asserted or that could have been asserted in the Litigation and further deny that the claims in the Litigation can properly be maintained as a class action, other than for the purposes of settlement.

I.      Plaintiffs and Class Counsel have conducted an examination of the facts and documents relating to the Litigation, including documents and information produced by BLP prior to and during mediation, and have concluded that this Settlement provides substantial benefits to Plaintiffs and the Settlement Class and resolves all issues that were or could have

3

been raised in the Litigation without prolonged litigation and the risks and uncertainties inherent in litigation.  Plaintiffs, Class Counsel and Mr. Grilli have further concluded that this Settlement is fair, reasonable, adequate and in the best interest of the Settlement Class.

J.      BLP denies each and every allegation of wrongdoing, liability and damages that were or could have been asserted in the Litigation and further deny that the claims in the Litigation would be appropriate for class treatment if the Litigation were to proceed through litigation and trial.  Nonetheless, without admitting or conceding any wrongdoing, liability or damages or the appropriateness of Plaintiffs' claims or similar claims for class treatment, BLP consents to the Settlement solely to avoid the expense, inconvenience and inherent risk of litigation as well as continued disruption of their business operations.

K.      Nothing in this Settlement or Settlement Agreement shall be construed as an admission or concession by BLP of the truth of any allegations raised in the Litigation or of any fault, wrongdoing, liability or damages of any kind.

L.      This Settlement Agreement, its terms, documents related to it and the negotiations or proceedings connected with it shall not be offered or received into evidence in the Litigation or in any other action or proceeding to establish any liability or admission by BLP.

**NOW**, **THEREFORE**, in consideration of the foregoing and the mutual covenants, promises and general releases set forth below and subject to preliminary and final approval of the Court, the Parties hereby agree as follows:

## II.      <u>DEFINITIONS</u>

As used herein, the following terms have the meanings set forth below.

NY\~~7719933.10~~7719933.11   Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release **DRAFT** 06-14-2016  09:08  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000122

A.     "Attorneys' Fee Award" means the Court-approved award to Class Counsel as defined in Section __, Paragraph __ and payable from the Net Settlement Fund.

B.     "Available Award Total" means the amount of money in the Net Settlement Fund available to pay such Awards.

C.     "Award" means the cash compensation that Settlement Class Members who submit Valid Claims shall be entitled to receive as detailed in Section __ and payable from the Net Settlement Fund.

D.     "BLP" shall mean Defendant Buccaneers Limited Partnership.

E.     "BLP Counsel" means Latham & Watkins LLP and Holland & Knight.

F.     "CAFA Notices" means the notice of this settlement to be served upon State and Federal regulatory authorities as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

G.     "Claim Deadline" means the date by which Class Members must submit Claims Forms to be eligible for the benefits described herein, which date will be specified in the Class Notice.

H.     "Claim Form" means the claim form that Settlement Class Members must complete and submit on or before the Claim Deadline to be eligible for the benefits described herein, which document shall be submitted to the Court when the Parties seek preliminary approval of the Settlement.  Claim Forms will be processed after the Effective Date.

I.     "Class Counsel" means Phillip A. Bock, Jonathan B. Piper and Daniel J. Cohen of Bock, Hatch, Lewis & Oppenheim, LLC.

J.      "Class Notice" means the Court-approved forms of notice to the Settlement

Class, which will notify members of the Settlement Class of entry of the Preliminary Approval

Order and the scheduling of the Fairness Hearing, among other things.

K.      "Court" means the United States District Court for the Middle District of

Florida.

L.      "Days" means calendar days, except that when computing any period of time

prescribed or allowed by this Settlement Agreement, the day of the act, event or default from

which the designated period of time begins to run shall not be included.  Furthermore, when

computing any period of time prescribed or allowed by this Settlement Agreement, the last day

of the period so computed shall be included, unless it is a Saturday, a Sunday or a Federal or

State of Florida legal holiday, in which event the period runs until the end of the next day

which is not a Saturday, Sunday or Federal or State of Florida legal holiday.

M.      "Effective Date" means the date defined in Section __.

N.      "Fairness Hearing" means the hearing at which the Court orders final approval

of the Settlement.

O.      "Final" means final as defined in Section __, Paragraph __.

P.      "Final Order and Judgment" means a final order entered by the Court after the

Fairness Hearing, granting approval of the Settlement as further described in Section __.

Q.      "Incentive Award" means the Court-approved award, if any, to the individual

class representative as defined in Section __, Paragraph __ and payable from the Net

Settlement Fund.

R.      "Litigation" means the action captioned _____.

6

S.      "Mailed Notice" shall mean the notice of the settlement provided to the

Settlement Class by first class mail, postage pre-paid, which shall be without material alteration

from Exhibit __.

T.      "Net Settlement Fund" means the Settlement Fund, less the amounts paid for the

Attorneys' Fee Award and Incentive Awards, as described in more detail in Section __.

U.      "Notice And Administration Costs" means the reasonable and authorized costs

and expenses of the Settlement Class Notice Program and all reasonable and authorized costs

and expenses incurred by the Settlement Administrator or BLP in administering the Settlement,

including but not limited to costs and expenses associated with assisting members of the

Settlement Class, processing claims, escrowing funds, issuing and mailing the benefits provided

by the Settlement and other reasonable and authorized fees and expenses of the Settlement

Administrator.

V.      "Notice Date" means the first day on which the Settlement Administrator begins

disseminating the Class Notice.

W.      "Opt-Out" shall refer to a member of the Settlement Class who properly and

timely submits a request for exclusion from the Settlement Class as set forth in Section __,

Paragraph __.  An Opt-Out may rescind a request for exclusion by submitting a Claim Form to

the Settlement Administrator to obtain benefits under the Settlement.

X.      "Opt-Out List" shall refer to the list compiled by the Settlement Administrator

identifying those who properly and timely submit a request for exclusion from the Settlement

Class and become Opt-Outs.

Y.       "Opt-Out and Objection Date" means the date by which a request for exclusion

must be filed with the Settlement Administrator in order for a member of the Settlement Class

to be excluded from the Settlement Class, and the date by which Settlement Class Members

must file objections, if any, to the Settlement.

Z.     "Parties" means Plaintiffs and Settlement Class Members together with BLP.

Plaintiffs and Settlement Class Members shall be collectively referred to as one "Party," with

BLP as the other "Party."

AA.     "Person" means an individual, corporation, partnership, limited partnership,

limited liability company, association, member, joint stock company, estate, legal representative,

trust, unincorporated association, any business or legal entity and such individual's or entity's

spouse, heirs, predecessors, successors, representatives and assignees.

BB.     "Plaintiffs" means Technology Training Associates, Inc., Spicola International,

Inc. and Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic.

CC.     "Preliminary Approval Date" means the date the Preliminary Approval Order has

been executed and entered by the Court and received by counsel for the Parties.

DD.     "Preliminary Approval Order" means the order defined in Section __ and entered

by the Court preliminary approving the Settlement.

EE.     "Published Notice" shall mean the notice published as part of the Settlement

Class Notice Program **and on the Settlement Website**, which shall be without material

alteration from Exhibit __.

FF.     "Release" means the release and discharge, as of the Effective Date, by Plaintiffs

and all Settlement Class Members (and their respective present, former and future

administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and

successors), who have not excluded themselves from the Settlement Class, of the Released

Persons and shall include the agreement and commitment by Plaintiffs and all Settlement Class

8

Members to not now or hereafter initiate, maintain or assert against the Released Persons or any of them any and all causes of action, claims, rights, demands, actions, claims for damages, equitable, legal and/or administrative relief, interest, demands or rights, including without limitation, claims for damages of any kind, including those in excess of actual damages, whether based on federal, state or local law, statute, ordinance, regulation, contract, common law or any other sources that have been, could have been, may be or could be alleged or asserted now or in the future by Plaintiffs or any Settlement Class Members against the Released Persons, or any of them, in the Litigation or in any other court action or before any administrative body (including any regulatory entity or organization), tribunal, arbitration panel or other adjudicating body arising out of or related to the Released Claims.

GG. "Released Claims" means any and all claims, actions, causes of action, rights, demands, suits, debts, liens, contracts, agreements, offsets or liabilities, including but not limited to statutory consumer protection claims, tort claims, conversion claims, negligence claims, claims for breach of contract, breach of the duty of good faith and fair dealing, breach of statutory duties, actual or constructive fraud, misrepresentations, fraudulent inducement, statutory and consumer fraud, breach of fiduciary duty, unfair business or trade practices, conversion, restitution, rescission, compensatory and punitive damages, injunctive or declaratory relief, attorneys' fees, interests, costs, penalties and any other claims, whether known or unknown, alleged or not alleged in the Litigation, suspected or unsuspected, contingent or matured, under federal, state or local law, which Plaintiffs and/or any Settlement Class Member had, now have or may in the future have with respect to any conduct, act, omissions, facts, matters, transactions or oral or written statements or occurrences on or prior to the Preliminary Approval Date arising from or relating to ~~facsimiles~~f facsimile

NY\~~7719933.10~~7719933.11   Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release **DRAFT** 06-14-2016  09:08  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                        TTA10262018 000127

**advertisements offering group or individual game tickets for Tampa Bay Buccaneer**

**games** sent by and/or on behalf of the Released Persons**, FaxQom and/or any entities hired**

**by FaxQom** to the Releasing Persons, including, without limitation, the causes of action and

allegations made by Plaintiffs in the Litigation as well as claims and allegations that the

Released Persons violated any consumer protection, deceptive trade practices acts, privacy

laws, the TCPA and/or and common law of any state or the District of Columbia.

HH.    "Released Persons" means BLP, its affiliates, past, present and future direct and

indirect predecessors, successors, assigns, parents, subsidiaries, affiliates, joint venturers,

partnerships, limited liability companies, corporations, unincorporated entities, divisions, groups,

directors, officers, shareholders, members, employees, partners, agents, insurers and attorneys.

**Released Persons does not include FaxQom or any entities hired by FaxQom to send**

**facsimile advertisements offering group or individual game tickets for Tampa Bay**

**Buccaneer games.**

II.    "Releasing Persons" means Plaintiffs and all Settlement Class Members, and the

respective present, former and future administrators, agents, assigns, attorneys, executors, heirs,

partners, predecessors-in-interest and successors of each of Plaintiffs and Settlement Class

Members.

JJ.    "Settlement" means the settlement set forth in this Settlement Agreement.

KK.    "Settlement Administrator" means the independent professional service company

to be selected by the Parties, subject to approval of the Court, which will administer Class

Notice, administer the Settlement in accordance with this Settlement Agreement**, maintain the**

**Settlement Website** and engage in any other tasks directed by the Court, Class Counsel or

BLP Counsel.

10

LL.      "Settlement Agreement" or "Agreement" means this Settlement Agreement and Release, including all exhibits hereto.

MM.      "Settlement Class" means all Persons who fall within the definition of the class identified in Section ____, Paragraph ___.

NN.      "Settlement Class Members" means all Persons in the Settlement Class who do not exclude themselves (i.e., become Opt-Outs) pursuant to Section ___, Paragraph ___.

OO.      "Settlement Class Notice Program" means the process devised by the Parties and the Settlement Administrator, and approved by the Court, for notifying the Settlement Class of the Settlement and Settlement Agreement.

PP.      "Settlement Fund" means $19,500,000 as described in Section ___, Paragraph ___.

QQ.      **"Settlement Website" means the dedicated website created and maintained by the Settlement Administrator, which will contain relevant documents and information about the Settlement, including this Settlement Agreement, the Class Notice and the Claim Form.**

RR.      ~~QQ.~~ "TCPA" means the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227.

SS.      ~~RR.~~ "Valid Claim" means a timely and fully completed Claim Form submitted by a Settlement Class Member as more fully described in Section ___.

TT.      ~~SS.~~ The plural of any defined term includes the singular, and vice versa, as made necessary in context.

### III.    PROPOSED CLASS FOR SETTLEMENT PURPOSES

A.      Pursuant to Fed. R. Civ. P. 23, the Parties hereto agree to certification, for settlement purposes only, of the following Settlement Class:

All persons who, from July 1, 2009 to present, received one or more facsimile advertisements sent by or on behalf of BLP **and offering group or individual game tickets for Tampa Bay Buccaneer games**.

Specifically excluded from the Settlement Class are the following Persons:

(i)     BLP and its respective parents, subsidiaries, divisions, affiliates, associated entities, business units, predecessors in interest, successors, successors in interest and representatives and each of their respective immediate family members;

(ii)    Class Counsel; and

(iii)   The judges who have presided over the Litigation and any related cases.

B.      Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement, the Parties stipulate to the entry of an order preliminarily certifying the Settlement Class, appointing Plaintiffs as representative of the Settlement Class and appointing the following as counsel for the Settlement Class:

> Phillip A. Bock
> Jonathan B. Piper
> Daniel J. Cohen
> Bock, Hatch, Lewis & Oppenheim, LLC
> 134 North La Salle Street, Suite 1000
> Chicago, Illinois 60602
> Telephone:  (312) 658-5500
> Facsimile:  (312) 658-5555

C.      Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement, the Parties stipulate to the Court entering an order preliminarily finding that Plaintiffs and Class Counsel are adequate representatives of the Settlement Class.

D.      In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in any material respect (including with respect to the Settlement Class Notice Program) by the Court, or such approval is reversed, vacated or modified in any material respect by the Court or by any other court, the certification of the Settlement Class

12

shall be deemed vacated, the Litigation shall proceed as if the Settlement Class had never been certified and no reference to the Settlement Class, this Settlement Agreement or any other Settlement documents, shall be made for any purpose in the Litigation or in any other action or proceeding.

## IV.   BENEFITS TO THE CLASS

A.   Pursuant to the terms and conditions set forth below in Section ___, Paragraph ___, BLP agrees to fund a Settlement Fund of up to $19,500,000, which will be used to pay all Awards, Attorneys' Fee Awards and Incentive Awards.

B.   Subject to the terms of this Agreement, Settlement Class Members who received one or more unsolicited facsimile advertisements sent by or on behalf of BLP and who submit a Valid Claim shall be eligible to receive up to:

(i)   $350 for the first such facsimile;

(ii)   $100 for the second such facsimile;

(iii)   $75 for the third such facsimile;

(iv)   $20 for the fourth such facsimile; and

(v)   $20 for the fifth such facsimile.

**C.   No later than seven (7) Days after the Parties have resolved any disputes regarding rejected claims, the Settlement Administrator will provide Class Counsel and BLP Counsel with a report identifying the total of the Awards and the amount of money in the Net Settlement Fund available to pay such Awards ("Available Award Total"). If the Awards exceed the Available Award Total, the Awards to the Settlement Class Members who submitted Valid Claims will be reduced on a pro rata basis until the Awards equal the Available Award Total.**

13

**D.**   ~~C.~~ Without admitting wrongdoing or liability and solely to avoid the cost and disruption of further litigation, BLP further agrees to not send any unsolicited, facsimile advertisements that do not otherwise comply with the TCPA.

## V.   THE SETTLEMENT FUND

A.   BLP shall have no obligation to make any payments under this Settlement Agreement until the Court enters a Preliminary Approval Order.  Once the Court enters a Preliminary Approval Order, BLP shall pay reasonable Notice and Administration Costs arising under this Settlement Agreement by making such payments directly to the Settlement Administrator (or to such other party incurring such costs) as those costs are incurred and payment becomes due.

B.   Within forty-five (45) Days of the Effective Date, BLP will cause an amount sufficient to cover all Valid Claims, Attorneys' Fees and Costs and Incentive Awards, but not to exceed $19,500,000, to be transferred into an interest-bearing bank account (the "Settlement Account") designated by the Settlement Administrator.  Any interest that accrues on the Settlement Fund in the Settlement Account will be added to the Settlement Fund.

C.   Any amounts remaining in the Settlement Fund following disbursement of all Awards, Attorneys' Fee Award and Incentive Awards shall revert in full to BLP.

D.   Under no circumstances shall BLP be obligated to pay more under this Settlement Agreement than $19,500,000 to the Settlement Fund and for Notice and Administration Costs.

## VI.   ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD

A.   Class Counsel will apply to the Court for an aggregate award of attorneys' fees and reimbursement of costs in an amount not to exceed in total 25% of the Settlement Fund

and to be paid from the Settlement Fund.  BLP will not oppose Class Counsel's application for said award of fees, costs and expenses.  Class Counsel agree that once BLP has funded the Settlement Fund, BLP's obligations to Class Counsel shall be fully satisfied and discharged, Class Counsel shall have no further or other claim against BLP, including but not limited to any attorneys' lien claim, and that BLP shall have fully discharged their obligation to pay fees, costs and expenses to any lawyers claiming to represent the interests of the Settlement Class.

B.      Plaintiffs will apply for Incentive Awards in an amount to be paid from the Settlement Fund.  Plaintiff Technology Training Associates shall apply for an award of $20,000 and Plaintiffs Spicola International, Inc. and Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic shall apply for $3,000 each.  Plaintiffs agree that once BLP has funded the Settlement Fund and paid Notice and Administration Costs, BLP's obligations to Plaintiffs and the Settlement Class shall be fully satisfied and discharged, and Plaintiffs and the Settlement Class shall have no further or other claim against BLP.

C.      Any order or proceedings relating to the applications for the Attorneys' Fee Award and the Incentive Awards, or any appeal from any order relating thereto or reversal or modification thereof, will not operate to terminate or cancel this Agreement or affect or delay the finality of Final Order and Judgment approving the Settlement Agreement and the Settlement.

## VII.     SETTLEMENT CLASS NOTICE PROGRAM

A.      The Parties agree the following Settlement Class Notice Program provides reasonable notice to the Settlement Class.

B.      BLP will bear all Notice and Administration Costs.

NY\7719933.107719933.11   Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release **DRAFT** 06-14-2016  09:08  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                    TTA10262018 000133

C.      The Parties have agreed to have _____ serve as the Settlement

Administrator and will request that the Court appoint _____ as Settlement

Administrator.  Once approved by the Court, the Settlement Administrator will be an agent of

the Court and will be subject to the Court's supervision and direction as circumstances may

require.  The Settlement Administrator will be responsible for administering:

    (i)     The CAFA Notice as required by statute;

    (ii)    The Settlement Class Notice Program as set forth below; ~~and~~

    **(iii)    The Settlement Website; and**

    **(iv)**    ~~(iii)~~ The claims' process set forth in Section __ as well as any

additional processes agreed to by Class Counsel and BLP Counsel and subject

to the Court's supervision and direction as circumstances may require.

D.      Within ten (10) Days of the Preliminary Approval Date, the Parties shall provide

to the Settlement Administrator records identifying the fax numbers to which the ~~unsolicited~~

facsimile advertisements offering group or individual game tickets for Tampa Bay Buccaneer

games were sent.  The Settlement Administrator will then use these records to determine the

mailing addresses for as many members of the Settlement Class as possible.  The Parties will

work cooperatively with the Settlement Administrator to mutually-agree upon the most

practicable methods under the circumstances by which the addresses of the members of the

Settlement Class can be derived.  The mailing addresses will be updated with the National

Change of Address Database maintained by the United States Postal Service before mailing.

**E.       No later than 30 Days after the Preliminary Approval Date, the Settlement**

**Administrator shall create the Settlement Website.  The Settlement Website shall provide**

**information and relevant documents related to this Settlement, including but not limited**

16

**to, the following:  applicable deadlines; Published Notice; Mailed Notice; a downloadable Claim Form that may be submitted by U.S. Mail; FAQs and answers; orders of the Court pertaining to the Settlement; this Agreement; and contact address for questions. The Settlement Website shall be rendered inactive five (5) Days after the Claim Deadline has passed.  Class Counsel and the BLP Counsel shall agree on all information and documents to be posted on the Settlement Website.**

**F.**      ~~E.~~ No later than sixty (60) Days after the Preliminary Approval Date, the Settlement Administrator will mail the Court-approved Mailed Notice (Exhibit __) to all members of the Settlement Class whose addresses were derived as part of the process described in Paragraph __ above.

**G.**      ~~F.~~ No later than sixty (60) Days after the Preliminary Approval Date, the Settlement Administrator will cause the Published Notice (Exhibit __) to be published in a manner that satisfies due process when considered in conjunction with the mailed notice portion of the Settlement Class Notice Program discussed in Paragraph __ above.

**H.**      ~~G.~~ Prior to the Fairness Hearing, the Settlement Administrator shall provide to the Court documentation reflecting that the Settlement Class Notice Program has been executed in accordance with the Settlement Agreement and Preliminary Approval Order.

**I.**      ~~H.~~ The Settlement Administrator, Class Counsel or any Person acting on behalf of Class Counsel shall not provide or publish any form of notice other than the agreed-upon Class Notice without prior written approval of the content of any such notice by BLP Counsel.

**VIII.    CLAIMS PROCESS AND PAYMENTS TO SETTLEMENT CLASS MEMBERS**

A.    Class Notice shall be sent to all Settlement Class Members for whom the Settlement Administrator is able to determine a mailing address.

17

B.      To file a Valid Claim, Settlement Class Members must:

(i)      Complete a Claim Form, providing all of the information required by the Settlement Agreement and the Claim Form;

(ii)     Sign the Claim Form and state under penalty of perjury that they received one or more unsolicited facsimile advertisements sent by or on behalf of BLP at the telephone number provided by the Settlement Class Member on the Claim Form; and

(iii)    Return the completed and signed Claim Form to the Settlement Administrator on or before the Claim Deadline.

Only Settlement Class Members who submit Valid Claims shall be entitled to an Award.

C.      The Settlement Administrator shall be responsible for reviewing all claims to determine their validity.

(i)      Any claim that is not substantially in compliance with the instructions on the Claim Form or the terms of this Settlement Agreement or is postmarked later than the Claim Deadline shall be rejected.

(ii)     Following the Claim Deadline, the Settlement Administrator shall provide a report of any rejected claims to BLP Counsel and Class Counsel.  If Class Counsel do not agree with the rejection of a claim, they shall bring it to the attention of BLP Counsel, and the Parties shall meet and confer and attempt, in good faith, to resolve any dispute regarding the rejected claim.  Following their meet and confer, the Parties will provide the Settlement Administrator with their positions regarding the disputed, rejected claim.  The Settlement Administrator, after considering the positions of the Parties and, if appropriate,

18

seeking any additional information from the Settlement Class Member, will make the final decision in its sole discretion, subject only to review by the Court.

D.       BLP shall have the right to audit Claim Forms for validity and fraud.  In the event that BLP determines that a Claim Form is invalid or fraudulent and should be rejected, they shall bring it to the attention of Class Counsel, and the Parties shall meet and confer and attempt, in good faith, to resolve any dispute regarding the rejected claim.  Following their meet and confer, the Parties will provide the Settlement Administrator with their positions regarding the disputed, rejected claim.  The Settlement Administrator, after considering the positions of the Parties and, if appropriate, seeking any additional information from the Settlement Class Member, will make the final decision in its sole discretion, subject only to review by the Court.

E.       At any time during the claims' process, if the Settlement Administrator has a reasonable suspicion of fraud, the Settlement Administrator shall immediately notify both Class Counsel and BLP Counsel of that fact and the basis for its suspicion.  Class Counsel and BLP Counsel shall endeavor to reach an agreed-upon solution to any suspected fraud and, if necessary, BLP may suspend the claims' process, and the Parties will promptly seek assistance from the Court.

F. No later than seven (7) Days after the Parties have resolved any disputes regarding rejected claims, the Settlement Administrator will provide Class Counsel and BLP Counsel with a report identifying the total of the Awards and the amount of money in the Net Settlement Fund available to pay such Awards ("Available Award Total").  If the Awards exceed the Available Award Total, the Awards to the Settlement Class

19

~~Members who submitted Valid Claims will be reduced on a pro rata basis until the Awards equal the Available Award Total.~~

**F.**    ~~G.~~ Within forty-five (45) Days after the Effective Date, or another such time as the Parties agree upon, the Settlement Administrator shall cause the Awards in the form of checks to be distributed to members of the Settlement Class, and shall remit the Attorneys' Fee Award and Incentive Award as approved by the Court.

## IX.    OBJECTIONS AND OPT-OUT RIGHTS

A.    Any Settlement Class Member who intends to object must do so on or before the Opt-Out and Objection Date.  In order to object, the Settlement Class Member must include in the objection submitted to the Court and served on Class Counsel and BLP Counsel the following:

(i)    The name, address, telephone number of the Person objecting and, if represented by counsel, of his/her counsel;

(ii)    A signed declaration stating that he or she is a member of the Settlement Class and between July 1, 2009 to present, received one or more facsimile advertisements sent by or on behalf of BLP;

(iii)    A statement of all objections to the Settlement; and

(iv)    A statement of whether he or she intends to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of his or her counsel who will attend.  Any Settlement Class Member who fails to file and serve a timely written objection and notice of his or her intent to appear at the Fairness Hearing pursuant to this Paragraph and as detailed in the Class Notice shall not be permitted to object to the approval of the Settlement

at the Fairness Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

B.      A member of the Settlement Class who wishes to opt out of the Settlement Class must complete and send to the Settlement Administrator a request for exclusion that is post-marked no later than the Opt-Out and Objection Date.  The request for exclusion must be personally signed by the member of the Settlement Class requesting exclusion, contain a statement that indicates his or her desire to be excluded from the Settlement Class and contain a statement that he or she is otherwise a member of the Settlement Class.  A member of the Settlement Class may opt-out on an individual basis only.  So-called "mass" or "class" opt-outs, whether filed by third parties on behalf of a "mass" or "class" of class members or multiple class members where no personal statement has been signed by each and every individual class members, shall not be allowed.

C.      Except for those members of the Settlement Class who timely and properly file a request for exclusion, all members of the Settlement Class will be deemed to be Settlement Class Members for all purposes under the Settlement Agreement, and upon the Effective Date, will be bound by its terms, regardless of whether they file a Claim Form or receive any monetary relief.

D.      Any member of the Settlement Class who properly opts out of the Settlement Class shall not:  (i) be bound by any orders or judgments entered in the Litigation or relating to the Settlement; (ii) be entitled to relief under, or be affected by, the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement.

E.      The Settlement Administrator shall provide Class Counsel and BLP Counsel

with the Opt-Out List within seven (7) Days after the Opt-Out and Objection Date.

## X.      PRELIMINARY APPROVAL PROCESS AND CLASS NOTICE

After execution of this Settlement Agreement, Class Counsel shall promptly move the

Court for a Preliminary Approval Order preliminarily approving the Settlement and the

Settlement Class Notice Program.  The Preliminary Approval Order will:

A.      Preliminarily approve this Settlement Agreement.

B.      Preliminarily certify the Settlement Class.

C.      Find that the proposed Settlement is sufficiently fair, reasonable and adequate to

warrant providing notice to the Settlement Class, which notice will: (i) describe the essential

terms of the Settlement; (ii) disclose any special benefits or incentives to the Class

Representatives; (iii) provide information regarding the Attorneys' Fee Award; (iv) indicate the

time and place of the hearing to consider final approval of the Settlement, and the method for

objection to and/or opting out of the Settlement; (v) explain the procedures for allocating and

distributing the Settlement Fund; and (vi) prominently display the address of Class Counsel and

the procedure for making inquiries.

D.      Schedule a Fairness Hearing on final approval of this Settlement and Settlement

Agreement to consider the fairness, reasonableness and adequacy of the proposed Settlement

and whether it should be finally approved by the Court.

E.      Appoint the Settlement Administrator.

F.      Approve the Class Notice, and directs the Settlement Administrator to

disseminate the Class Notice in accordance with the Settlement Class Notice Program.

22

G.     Find that the Settlement Class Notice Program:  (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and of their right to object to or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all Persons entitled to receive notice; and (iv) meets all requirements of applicable law.

H.     Require the Settlement Administrator to file proof of compliance with the Settlement Class Notice Program at or before the Fairness Hearing.

I.     Approve the Claim Form and sets a Claim Deadline.

J.     Require any member of the Settlement Class who wishes to exclude himself or herself from the Settlement Class to submit an appropriate, timely request for exclusion, postmarked no later than the Opt-Out and Objection Date, or as the Court may otherwise direct, to the Settlement Administrator at the address on the Class Notice.

K.     Order that any member of the Settlement Class who does not submit a timely, written request for exclusion from the Settlement Class (i.e., becomes an Opt-Out) will be bound by all proceedings, orders and judgments in the Litigation, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

L.     Require any Settlement Class Member who does not become an Opt-Out and who wishes to object to the fairness, reasonableness or adequacy of this Settlement or Settlement Agreement to file with the Court and serve on Class Counsel and BLP Counsel no later than the Opt-Out and Objection Date, or as the court may otherwise direct, a statement of the objection signed by the Settlement Class Member containing all of the following information:

23

(i)      The objector's name, address, telephone number and, if represented by counsel, of his/her counsel;

(ii)      A declaration stating that he or she is a member of the Settlement Class and received one or more unsolicited facsimile advertisements offering group or individual game tickets for Tampa Bay Buccaneer games;

(iii)      A statement of all objections to the Settlement; and

(iv)      A statement of whether the objector intends to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of counsel who will attend.

M.      Order that any response to an objection shall be filed with the Court no later than seven (7) Days prior to the Fairness Hearing.

N.      Specify that any Settlement Class Member who does not file a timely written objection to the Settlement or who fails to otherwise comply with applicable requirements shall be foreclosed from seeking any adjudication or review of this Settlement by appeal or otherwise.

O.      Require that any attorney, hired by a Settlement Class Member for the purpose of objecting to the proposed Settlement, the Attorneys' Fee Award or the Incentive Award and who intends to make an appearance at the Fairness Hearing, shall provide to the Settlement Administrator (who shall forward it to Class Counsel and BLP Counsel) and file with the Clerk of the Court a notice of intention to appear no later than the Opt-Out and Objection Date or as the Court may otherwise direct.

P.      Require any Settlement Class Member who files and serves a written objection

and who intends to make an appearance at the Fairness Hearing shall so state in their objection

papers or as the Court otherwise may direct.

Q.      Direct the Settlement Administrator to establish a post office box in the name of

the Settlement Administrator to be used for receiving requests for exclusion and any other

communications, and providing that only the Settlement Administrator, Class Counsel, BLP

Counsel, the Court, the Clerk of the Court and their designated agents shall have access to this

post office box, except as otherwise provided in this Settlement Agreement.

R.      Direct that Class Counsel shall file their applications for the Attorneys' Fee

Award and Plaintiffs' Incentive Award at least fourteen (14) Days prior to the Opt-Out and

Objection Date.

S.      Order the Settlement Administrator to provide the Opt-Out List to Class

Counsel and BLP Counsel no later than seven (7) Days after the Opt-Out and Objection Date

and then file with the Court the Opt-Out List with an affidavit attesting to the completeness

and accuracy thereof no later than five (5) Days thereafter or on such other date as the Parties

may direct.

T.      Preliminarily enjoin all members of the Settlement Class unless and until they

have timely excluded themselves from the Settlement Class from (i) filing, commencing,

prosecuting, intervening in or participating as plaintiff, claimant or class member in any other

lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based

on, relating to or arising out of the claims and causes of action or the facts and circumstances

giving rise to the Litigation and/or the Released Claims; (ii) filing, commencing, participating in

or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class

25

action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (iii) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims.  Any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by BLP, any other Released Person and Class Counsel as a result of the violation.  This Settlement Agreement is not intended to prevent members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency.

U.     Contain any additional provisions agreeable to the Parties that might be necessary or advisable to implement the terms of this Settlement Agreement and the proposed settlement.

## XI.     FINAL ORDER AND JUDGMENT AND RELEASES

A.     If this Settlement Agreement (including any modification thereto made with the consent of the Parties as provided for herein) is approved by the Court following the Fairness Hearing scheduled by the Court in its Preliminary Approval Order, the Parties shall request the Court to enter a Final Order and Judgment pursuant to the Federal Rules of Civil Procedure and all applicable laws that, among other things:

(i)      Finds that the Court has personal jurisdiction over Plaintiffs and all Settlement Class Members and that the Court has subject matter jurisdiction to approve this Settlement and Settlement Agreement and all exhibits thereto;

(ii)     Certifies a Settlement Class solely for purposes of this Settlement;

(iii)    Grants final approval to this Settlement Agreement as being fair, reasonable and adequate as to all Parties and consistent and in compliance with all requirements of due process and applicable law, as to and in the best interests of all Parties and directs the Parties and their counsel to implement and consummate this Settlement Agreement in accordance with its terms and provisions;

(iv)     Declares this Settlement Agreement and the Final Order and Judgment to be binding on and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of Plaintiffs and all Settlement Class Members, as well as their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors;

(v)      Finds that the Settlement Class Notice Program:  (1) constituted the best practicable notice; (2) constituted notice that was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Litigation, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing and of their right to seek monetary and other relief; (3) constituted reasonable, due, adequate and

27

sufficient notice to all Persons entitled to receive notice; and (4) met all

requirements of due process and any other applicable law;

(vi)     Approves the Claim Form that was distributed to the Settlement

Class;

(vii)    Finds that Class Counsel and Plaintiffs adequately represented the

Settlement Class for purposes of entering into and implementing the Settlement

and Settlement Agreement;

(viii)   Dismisses the Litigation now pending before the Court on the

merits and with prejudice and without fees or costs except as provided herein, in

accordance with the terms of the Final Order and Judgment;

(ix)     Adjudges that Plaintiffs and the Settlement Class have

conclusively compromised, settled, dismissed and released any and all Released

Claims against BLP and the Released Persons;

(x)     Approves payment of the Attorneys' Fee Award and Incentive

Awards as determined by the Court;

(xi)     Without affecting the finality of the Final Order and Judgment for

purposes of appeal, reserves jurisdiction over the Settlement Administrator,

BLP, Plaintiffs and the Settlement Class Members as to all matters relating to

the administration, consummation, enforcement and interpretation of the terms of

the Settlement, the Settlement Agreement and Final Order and Judgment and for

any other necessary purposes;

(xii)    Provides that upon the Effective Date, Plaintiffs and all

Settlement Class Members, whether or not they return a Claim Form within the

NY\7719933.107719933.11   Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release **DRAFT** 06-14-2016  09:08  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                        TTA10262018 000146

time and in the manner provided for, shall be barred from asserting any Released

Claims against BLP and/or any Released Persons, and any such Settlement Class

Members shall have released any and all Released Claims as against BLP and all

Released Persons;

(xiii)   Determines that the Settlement Agreement and the Settlement

provided for therein and any proceedings taken pursuant thereto are not and

should not in any event be offered or received as evidence of, a presumption,

concession or an admission of liability or of any misrepresentation or omission in

any statement or written document approved or made by BLP or any Released

Persons or of the suitability of these or similar claims to class treatment in active

litigation and trial; provided, however, that reference may be made to this

Settlement Agreement and the Settlement provided for therein in such

proceedings solely as may be necessary to effectuate the Settlement Agreement;

(xiv)   Bars and permanently enjoins all Settlement Class Members from

(1) filing, commencing, prosecuting, intervening in or participating (as class

members or otherwise) in any other lawsuit or administrative, regulatory,

arbitration or other proceeding in any jurisdiction based on, relating to or arising

out of the claims and causes of action or the facts and circumstances giving rise

to the Litigation and/or the Released Claims; and (2) organizing Settlement

Class Members who have not excluded themselves from the Settlement Class

into a separate class for purposes of pursuing as a purported class action any

lawsuit or arbitration or other proceeding (including by seeking to amend a

pending complaint to include class allegations or seeking class certification in a

NY\7719933.107719933.11   Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release **DRAFT** 06-14-2016  09:08  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                      TTA10262018 000147

pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency;

(xv)    States that any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by BLP and/or any other Released Persons and Class Counsel as a result of the violation;

(xvi)    Approves the Opt-Out List and determines that the Opt-Out List is a complete list of all members of the Settlement Class who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment, except for Opt-Outs who subsequently elect to submit Claim Forms during the Claim Period; and

(xvii)   Authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of this Settlement Agreement and all exhibits hereto as (1) shall be consistent in all material respects with the Final Order and Judgment; and (2) do not limit the rights of the Parties or Settlement Class Members.

B.    As of the Effective Date, the Releasing Persons are deemed to have fully released and forever discharged the Released Persons of and from all Released Claims by operation of entry of the Final Order and Judgment.

(i)    Subject to Court approval, all Settlement Class Members who have not excluded themselves from the Settlement Class shall be bound by this Settlement Agreement and the Release and all of their claims shall be dismissed

30

with prejudice and released, irrespective of whether they received actual notice

of the Litigation or this Settlement.

(ii)     Without in any way limiting the scope of the Release, this Release

covers any and all claims for attorneys' fees, costs or disbursements incurred by

Class Counsel or any other counsel representing Plaintiffs or Settlement Class

Members, or any of them, in connection with or related in any manner to the

Litigation, the Settlement, the administration of such Settlement and/or the

Released Claims as well as any and all claims for the Incentive Award to

Plaintiffs and the Attorneys' Fee Award to Class Counsel.

(iii)    The Releasing Persons and the Released Persons expressly

acknowledge that they are familiar with principles of law such as Section 1542

of the Civil Code of the State of California, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH
THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS
OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE,
WHICH IF KNOWN BY HIM OR HER MIGHT HAVE MATERIALLY
AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Notwithstanding California or other law, the Releasing Persons and the Released Persons

hereby expressly agree that the provisions, rights and benefits of Section 1542 and all similar

federal or state laws, rights, rules or legal principles of any other jurisdiction that may be

applicable herein are hereby knowingly and voluntarily waived, released and relinquished to the

fullest extent permitted by law solely in connection with unknown claims that are the same as,

substantially similar to, or overlap the Released Claims, and the Releasing Persons and the

Released Persons hereby agree and acknowledge that this is an essential term of the Releases.

In connection with the Release, the Releasing Persons and the Released Persons acknowledge

that they are aware that they may hereafter discover claims presently unknown and unsuspected or facts in addition to or different from those which they now know or believe to be true with respect to matters released herein, and that such claims, to the extent that they are the same as, substantially similar to, or overlap the Released Claims, are hereby released, relinquished and discharged.

(iv)   Nothing in the Releases shall preclude any action to enforce the terms of this Settlement Agreement, including participation in any of the processes detailed herein.

## XII.   WITHDRAWAL FROM OR TERMINATION OF SETTLEMENT

A.     Within fifteen (15) Days after the occurrence of any of the following events and upon written notice to counsel for all Parties, a Party shall have the right to withdraw from the Settlement and terminate this Settlement Agreement:

(i)     If the Court ~~fails~~<ins>declines</ins> to approve the Settlement Agreement as written or if on appeal the Court's approval is reversed or modified;

(ii)    If the Court materially alters any of the terms of the Settlement Agreement, except that a reduction in the Attorneys' Fee Award or the Incentive Awards shall not be deemed to be a material alteration; or

(iii)   If the Preliminary Approval Order or the Final Order and Judgment is not entered by the Court or is reversed or modified on appeal, or otherwise fails for any reason.

B.     If, at any time prior to Final Order and Judgment, legislation is enacted or a controlling judicial or regulatory decision or other administrative guidance or action is rendered

or undertaken that impacts or addresses this Litigation, then BLP shall have the right to withdraw from the Settlement and terminate this Settlement Agreement.

C.      In the event of a withdrawal pursuant to Paragraphs __ or ___ above, any certification of a Settlement Class will be vacated, without prejudice to any Party's position on the issue of class certification and the amenability of the claims asserted in the Litigation to class treatment, and the Parties shall be restored to their litigation position existing immediately before the execution of this Settlement Agreement.

D.      If members of the Settlement Class properly and timely submit requests for exclusion from the Settlement Class thereby becoming Opt-Outs in a number exceeding the number submitted to the Court under seal by the Parties, then BLP may elect in their sole discretion to withdraw from the Settlement and terminate this Settlement Agreement.  In that event, all of BLP's obligations under this Agreement shall cease to be of any force and effect; the certification of the Settlement Class shall be vacated without prejudice to BLP's position on the issue of class certification; and BLP shall be restored to their litigation position existing immediately before the execution of this Settlement Agreement.

(i)      In order to elect to withdraw from the Settlement and terminate this Settlement Agreement on the basis set forth above, BLP must notify Class Counsel in writing of their election to do so within fourteen (14) Days after the Opt-Out List has been served on the Parties.

(ii)      In the event that BLP exercises such right, Class Counsel shall have fourteen (14) Days or such longer period as agreed to by the Parties to address the concerns of the Opt-Outs.  If through such efforts the total number on the Opt-Out List subsequently becomes and remains fewer than the number

submitted to the Court under seal at the time of filing the Motion For

Preliminary Approval, BLP shall withdraw their election to withdraw from the

Settlement and terminate the Settlement Agreement.  In no event, however, shall

BLP have any further obligation under this Agreement to any Opt-Out unless he

or she withdraws his or her request for exclusion.

(iii)     For purposes of this Paragraph, Opt-Outs shall not include

(1) Persons who are specifically excluded from the Settlement Class definition;

(2) Opt-Outs who elect to withdraw their request for exclusion; and (3) Opt-

Outs who agree to sign an undertaking that they will not pursue an individual

claim, class claim or any other claim that would otherwise be a Released Claim

as defined in this Settlement Agreement.

E.     In the event of withdrawal by any Party in accordance with the terms set forth

in this Section, the Settlement Agreement shall be null and void, shall have no further force and

effect with respect to any Party in the Litigation and shall not be offered in evidence or used in

any litigation for any purpose, including the existence, certification or maintenance of any

proposed or existing class or the amenability of these or similar claims to class treatment.  In

the event of such withdrawal, this Settlement Agreement and all negotiations, proceedings,

documents prepared and statements made in connection herewith shall be without prejudice to

BLP, Plaintiffs and the Settlement Class Members and shall not be deemed or construed to be

an admission or confession in any way by any Party of any fact, matter or proposition of law

and shall not be used in any manner for any purpose, and the Parties to the Litigation shall

stand in the same position as if this Settlement Agreement had not been negotiated, made or

filed with the Court.

34

## XIII.   EFFECTIVE DATE

A.     The Effective Date of this Settlement Agreement shall be the date when each and all of the following conditions have occurred:

(i)     This Settlement Agreement has been fully executed by all Parties and their counsel;

(ii)     Orders have been entered by the Court certifying the Settlement Class, granting preliminary approval of this Settlement and approving the forms of Class Notice and Claim Form, all as provided above;

(iii)     The Settlement Class Notice Program has been executed in accordance with the Preliminary Approval Order;

(iv)     The Court has entered a Final Order and Judgment finally approving this Agreement, as provided above; and

(v)     The Final Order and Judgment has become Final as defined in Paragraph __ below.

B.     "Final," when referring to a judgment or order means that (i) the judgment is a final, appealable judgment; and (ii) either (1) no appeal has been taken from the judgment as of the date on which all deadlines to appeal therefrom have expired; or (2) an appeal or other review proceeding of the judgment having been commenced, the date by which such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions or rehearing or re-argument, petitions for rehearing en banc, petitions for writ of certiorari, or otherwise, and such appeal or other review has been finally resolved in a manner that affirms the Final Order and Judgment in all material respects.

NY\7719933.107719933.11   Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release **DRAFT** 06-14-2016  09:08  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                    TTA10262018 000153

C.     If, for any reason, this Settlement Agreement fails to become Final pursuant to the foregoing Paragraph __, the orders, judgment and dismissal to be entered pursuant to this Settlement Agreement shall be vacated, and the Parties will be returned to the status quo ante with respect to the Litigation as if this Settlement Agreement had never been entered into.

## XIV.     NOTICES

A.     All Notices (other than the Class Notice and CAFA Notices) required by the Settlement Agreement shall be made in writing and communicated by mail to the following addresses:

All Notices to the Settlement Class or Class Counsel shall be sent to Class Counsel, c/o:

> Phillip A. Bock
> Jonathan B. Piper
> Daniel J. Cohen
> Bock, Hatch, Lewis & Oppenheim, LLC
> 134 North La Salle Street, Suite 1000
> Chicago, Illinois 60602
> Telephone:  (312) 658-5500
> Facsimile:  (312) 658-5555

All Notices to BLP or BLP Counsel provided herein shall be sent to BLP Counsel, c/o:

> Mark S. Mester
> Kathleen P. Lally
> Latham & Watkins LLP
> 330 North Wabash Avenue, Suite 2800
> Chicago, Illinois  60611
> Telephone:  (312) 876-7700
> Facsimile:  (312) 993-9767

B.     The notice recipients and addresses designated above may be changed by written notice.

NY\7719933.107719933.11   Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release **DRAFT** 06-14-2016  09:08  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                      TTA10262018 000154

C.      Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of comments, objections, requests for exclusion, or other documents or filings received as a result of the Class Notice.

## XV.    MISCELLANEOUS PROVISIONS

A.      **Interpretation**.  This Settlement Agreement contains the entire agreement among the Parties hereto and supersedes any prior discussions, agreements or understandings among them as well as any and all prior drafts of this Settlement Agreement.  All terms are contractual.  For the purpose of construing or interpreting this Settlement Agreement, the Parties agree that the Settlement Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party, and the Parties further agree that any prior drafts may not be used to construe or interpret this Settlement Agreement.

B.      **Binding Effect**.  The terms are and shall be binding upon each of the Parties hereto, their administrators, agents, assigns, attorneys, executors, heirs, partners, representatives, predecessors-in-interest and successors as well as upon all other Persons claiming any interest in the subject matter hereto through any of the Parties hereto including any Settlement Class Members.

C.      **Headings**.  The headings contained in this Settlement Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Settlement Agreement.

D.      **No Rescission on Grounds of Mistake**.  The Parties acknowledge that they have made their own investigations of the matters covered by this Settlement Agreement to the extent they have deemed it necessary to do so.  Therefore, the Parties agree that they will not

37

seek to set aside any part of the Settlement Agreement on the grounds of mistake.  Moreover,

the Parties understand, agree and expressly assume the risk that any fact not recited, contained,

or embodied in the Settlement Agreement may turn out hereinafter to be other than, different

from, or contrary to the facts now known to them or believed by them to be true, and further

agree that the Settlement Agreement shall be effective in all respects notwithstanding and shall

not be subject to termination, modification, or rescission by reason of any such difference in

facts.

   E. **Amendment**.  This Settlement Agreement may be amended or modified only by

a written instrument signed by the Parties or their counsel.  Amendments and modifications

may be made without notice to the Settlement Class unless notice is required by law or by the

Court.

   F. **Integration Of Exhibits**.  Any exhibits to this Settlement Agreement are hereby

incorporated and made a part of the Settlement Agreement.

   G. **Jurisdiction**.  The United States District Court for the Middle District of

Florida has jurisdiction over the Parties to this Settlement Agreement and the Settlement Class.

   H. **No Admission**.  Neither this Settlement Agreement nor any of its provisions, its

exhibits or related documents (including but not limited to drafts of the Settlement Agreement,

the Preliminary Approval Order or the Final Order and Judgment), its negotiation or any

proceedings relating in any way to the Settlement shall be construed as or deemed to be

evidence of an admission or concession by any person, including BLP, and shall not be offered

or received in evidence, or subject to discovery, in this or any other action or proceeding

except in an action brought to enforce its terms or except as may be required by law or Court

order.  The provisions of this Paragraph shall become effective when this Settlement

Agreement has been signed by the Parties and shall be binding on the Parties and their counsel regardless of whether the Settlement Agreement is approved by this Court or any other court and regardless of whether the Settlement Agreement is otherwise rendered null and void.

I.      **Governing Law**.  This Settlement Agreement shall be governed by and construed in accordance with the internal laws (as opposed to the conflicts of law provisions) of the State of Florida.

J.      **Counterparts**.  This Settlement Agreement may be executed in counterparts and may be executed by facsimile, and as so executed shall constitute one agreement.

K.      **No Media Statements.**  **BLP, BLP Counsel,** Plaintiffs, Class Counsel and all other counsel of record for Plaintiffs agree not to issue any press releases regarding this settlement or publicize it in any way and further agree not to engage in any communications with the media or the press, on the internet, or in any public forum, orally or in writing, that relate to this Settlement or the Litigation other than statements that are fully consistent with the Mailed Notice and Published Notice.  Notwithstanding the foregoing, nothing in this Settlement Agreement shall preclude ~~Plaintiffs or Class Counsel~~a Party from making a public statement in support of the Settlement.  For example, Plaintiffs or Class Counsel may state that the Settlement is a good result for the Class.  In addition, nothing in this Settlement Agreement shall preclude Plaintiffs or Class Counsel from making a public statement that is consistent with the language of the Settlement Agreement or any motions submitted for approval of the Settlement.

L.      **Confidentiality.**  All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

39

M.    **Return Of Material.**  Within thirty (30) Days after the Effective Date, Class Counsel and BLP Counsel will return all material produced by one to the other in discovery or otherwise in connection with the Litigation.

N.    **No Assignment**.  Plaintiffs represent and warrant that no portion of any claim, right, demand, action, or cause of action against the Released Persons that Plaintiffs have or may have arising out of any allegations made in any of the actions comprising the Litigation or pertaining to any of the Released Claims, and no portion of any recovery or settlement to which Plaintiffs may be entitled, has been assigned, transferred, or conveyed by or for Plaintiffs in any manner; and no Person other than Plaintiffs have any legal or equitable interest in the claims, demands, actions, or causes of action referred to in this Agreement as those of Plaintiffs.

O.    **Stay.**  The Parties stipulate to stay all proceedings in the Litigation until the approval of this Settlement Agreement has been finally determined, except the stay of proceedings shall not prevent the filing of any motions, affidavits and other matters necessary to obtain and preserve final judicial approval of this Settlement Agreement.

P.    **Best Efforts.**  In the event that there are any developments in the effectuation and administration of this Agreement that are not dealt with by the terms of this Agreement, then such matters shall be dealt with as agreed upon by the Parties, and failing agreement, as shall be ordered by the Court.  The Parties shall execute all documents and use their best efforts to perform all acts necessary and proper to promptly effectuate the terms of this Agreement and to take all necessary or appropriate actions to obtain judicial approval of this Agreement in order to give this Agreement full force and effect.  The execution of documents must take place prior to the date scheduled for the Preliminary Approval Hearing.

IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by their duly authorized representatives below.

*Plaintiffs:*

Technology Training Associates, Inc.


By:_____


Spicola International, Inc.


By:_____


Larry E. Schwanke, D.C. d/b/a
Back to Basics Family Chiropractic


By:_____


*Approved as to form:*                          **BOCK, HATCH, LEWIS & OPPENHEIM, LLC**


By:_____
      Phillip A. Bock
      Jonathan B. Piper
      Daniel J. Cohen
      Bock, Hatch, Lewis & Oppenheim, LLC
      134 North La Salle Street, Suite 1000
      Chicago, Illinois 60602
      Telephone:  (312) 658-5500
      Facsimile:  (312) 658-5555

NY\7719933.107719933.11   Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release **DRAFT** 06-14-2016  09:08  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                    TTA10262018 000159

*Defendant:*

BUCCANEERS LIMITED PARTNERSHIP

By:_____

Its:_____

*Approved as to form:*         **LATHAM & WATKINS LLP**

By:_____

    Mark S. Mester
    Kathleen P. Lally
    Latham & Watkins LLP
    330 North Wabash Avenue, Suite 2800
    Chicago, Illinois  60611
    Telephone:  (312) 876-7700
    Facsimile:  (312) 993-9767

| Summary report: Litéra® Change-Pro TDC 7.5.0.145 Document comparison done on 6/14/2016 9:07:30 AM | |
|---|---|
| **Style name:** L&W without Moves | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:**iw://US-DOCS/NY/7719933/10 | |
| **Modified DMS:** iw://US-DOCS/NY/7719933/11 | |
| **Changes:** | |
| Add | 33 |
| Delete | 24 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 57 |

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

| From: | Kathleen.Lally@lw.com |
|---|---|
| To: | Jon Piper |
| Cc: | mark.mester@lw.com |
| Subject: | Postcard Notice - Buccaneers.DOCX:Detailed Class Notice - Buccaneers.DOCX |
| Date: | Tuesday, June 14, 2016 4:22:49 PM |
| Attachments: | Postcard Notice - Buccaneers(7720795_2_NY).DOCX |
| | Detailed Class Notice - Buccaneers(7720796_4_NY).DOCX |

Jon,

Attached please find the draft notices.  Please let us know if you have any questions or comments.

Kate

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

# If You Received A Facsimile Advertising Allegedly Sent By Or On Behalf Of BLP Between July 1, 2009 And [PA], You May Be Part Of A Class Action Settlement

### IMPORTANT
### PLEASE READ THIS NOTICE CAREFULLY

### THIS NOTICE RELATES TO THE PENDENCY OF A CLASS ACTION LAWSUIT AND, IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS UNDER THE SETTLEMENT[1]

*A federal court directed this notice.  This is not a solicitation from a lawyer.  You are not being sued.*

- A Settlement has been reached in a class action lawsuit alleging that the Buccaneers Limited Partnership ("BLP") improperly sent advertisements by facsimile.  BLP denies the allegations in the lawsuit, and the Court has not decided who is right.

- Settlement Class Members who submit Valid Claims will be entitled to an Award.

- Your legal rights are affected whether you act or do not act.  Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** (_____, 201_) | Submit a Claim Form seeking payment. |
| | Give up your right to be part of another lawsuit, arbitration or proceeding against BLP for the same legal claims resolved by this Settlement. |
| **OPT OUT OF THE SETTLEMENT** (_____, 201_) | Request to be excluded and receive no benefits from the Settlement.  This is the only option that allows you to start or continue your own lawsuit against BLP for the claims at issue in the Settlement. |
| **OBJECT** (_____, 201_) | Remain in the Settlement and write to the Court about why you do not like the Settlement.  If you would like benefits from the Settlement, you will need to file a Valid Claim. |
| | Give up your right to be part of another lawsuit, arbitration or proceeding against BLP for the same legal claims resolved by this Settlement. |
| **GO TO A HEARING** (_____, 201_) | Remain in the Settlement and ask to speak in Court about the fairness of the Settlement. |
| | Give up your right to be part of another lawsuit, arbitration or proceeding against BLP for the same legal claims resolved by this Settlement. |
| **DO NOTHING** | Get no benefits. |
| | Give up your right to be part of another lawsuit, arbitration or proceeding against BLP for the same legal claims resolved by this Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court still has to decide whether to approve the Settlement.  If it does, and after any appeals are resolved, benefits will be distributed to those who submit qualifying claim forms.  Please be patient.

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Settlement Agreement and Release ("Settlement Agreement") available from Class Counsel or by visiting the Settlement Website.  If this notice conflicts with the Settlement Agreement, the Settlement Agreement will control.

**QUESTIONS?  CALL 1-8XX-XXX-XXXX OR GO TO [WEBSITE]**

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ...................................................................................................PAGE 4
    1. Why is there a notice?
    2. What is this litigation about?
    3. What is the Telephone Consumer Protection Act?
    4. Why is this a class action?
    5. Why is there a settlement?

**WHO IS PART OF THE SETTLEMENT**..............................................................................PAGE 5
    6. Who is included in the Settlement?
    7. What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS**.........................................................................................PAGE 5
    8. What does the Settlement provide?
    9. How do I file a Claim?
    10. When will I receive my payment?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** .........................................................PAGE 6
    11. How do I get out of the Settlement?
    12. If I do not exclude myself, can I sue the Defendant for the same thing later?
    13. What am I giving up to stay in the Settlement Class?
    14. If I exclude myself, can I still get a payment?

**THE LAWYERS REPRESENTING YOU**..............................................................................PAGE 7
    15. Do I have a lawyer in the case?
    16. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** ................................................................................PAGE 8
    17. How do I tell the Court if I do not like the Settlement?
    18. What is the difference between objecting and asking to be excluded?

**THE FAIRNESS HEARING** ..............................................................................................PAGE 9
    19. When and where will the Court decide whether to approve the Settlement?
    20. Do I have to attend the hearing?
    21. May I speak at the hearing?

**IF YOU DO NOTHING** ....................................................................................................PAGE 9
    22. What happens if I do nothing at all?

**GETTING MORE INFORMATION** ....................................................................................PAGE 10
    23. How do I get more information?

**QUESTIONS?  CALL 1-8XX-XXX-XXXX OR GO TO [WEBSITE]**

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER　　　　　　　　　　　TTA10262018 000216

## BASIC INFORMATION

| **1. Why is there a notice?** |
|---|

This Notice is to inform you of the proposed Settlement of a class action lawsuit and about all of your rights and options before the Court decides whether to approve it. This Notice describes the lawsuit, the proposed Settlement, your legal rights, what benefits are available and who can get them.

Magistrate Judge Anthony Porcelli of the United States District Court for the Middle District of Florida is overseeing the proposed Settlement in the matter of [ ] (the "Litigation"). The proposed Settlement will resolve the claims made against BLP in the Litigation.  The people who sued are called the "Plaintiffs."  BLP is the "Defendant."

| **2.  What is this Litigation about?** |
|---|

The Litigation alleges that in 2009 and 2010 BLP improperly sent advertisements by facsimile and seeks actual damages, as well as statutory damages under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA") on behalf of a proposed class of all persons who received one or more facsimile advertisements from or on behalf of BLP from July 1, 2009 to [PA Date].

BLP denies each and every allegation of wrongdoing, liability and damages that were or could have been asserted in the Litigation and further denies that the claims in the Litigation would be appropriate for class treatment if the Litigation were to proceed through trial.

The Settlement resolves the lawsuit.  The Court has not decided who is right.

| **3.  What is the Telephone Consumer Protection Act?** |
|---|

The TCPA is a federal law that restricts telephone solicitations and the use of certain automated telephone equipment, such as automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines.

| **4. Why is this a class action?** |
|---|

In a class action, one or more people called "Class Representatives" (in this case, Plaintiffs Technology Training Associates, Inc. and Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic) sue on behalf of themselves and other similarly situated people.  Together, all the people with similar claims are members of a "Settlement Class."

| **5. Why is there a Settlement?** |
|---|

The Court has not decided in favor of Plaintiffs or BLP.  Instead, both sides have agreed to a settlement.  By agreeing to the Settlement, the parties avoid the costs and uncertainty of a trial, and if the Settlement is approved by the Court, Settlement Class Members will receive the benefits described in this notice.  The proposed Settlement does not mean that any law was broken or that BLP did anything wrong.  BLP denies all legal claims in this case.  Plaintiffs and their lawyers think the proposed Settlement is best for everyone who is affected.

**QUESTIONS?  CALL 1-8XX-XXX-XXXX OR GO TO [WEBSITE]**

3

# WHO IS PART OF THE SETTLEMENT

## 6. Who is included in the Settlement?

The Settlement includes all persons who, from July 1, 2009 to the [PA Date], received one or more facsimile advertisements sent by or on behalf of BLP. These people are called the "Settlement Class."

Excluded from the Settlement Class are (a) BLP and its respective parents, subsidiaries, divisions, affiliates, associated entities, business units, predecessors in interest, successors, successors in interest and representatives and each of their respective immediate family members; (b) Class Counsel; and (c) the Judges who have presided over the Litigation and any related cases.

## 7. What if I am not sure whether I am included in the Settlement?

If you are not sure whether you are in the Settlement Class, or have any other questions about the Settlement, call the toll free number, 1-8XX-XXX-XXXX, visit the Settlement Website, www._____, or send questions to the Settlement Administrator at _____, PO Box XXXX, [City], [State] XXXXX-XXXX. You may also call Class Counsel at the number listed in Question 17.

# THE SETTLEMENT BENEFITS

## 8. What does the Settlement provide?

BLP has agreed to pay up to $19.5 million to create a "Settlement Fund." The Settlement Fund will be used to pay Awards, the Attorneys' Fee Awards, and Incentive Awards to Plaintiffs. Awards will be distributed to Settlement Class Members who submit Valid Claims. Each Settlement Class Member who received one or more unsolicited facsimile advertisements sent by or on behalf of BLP and who submit a Valid Claim shall be eligible to receive up to: (i) $350 for the first such facsimile; (ii) $100 for the second such facsimile; (iii) $75 for the third such facsimile; (iv) $20 for the fourth such facsimile; and (v) $20 for the fifth such facsimile.

## 9. How do I file a Claim?

To receive a payment, you must submit a Valid Claim. To submit a Valid Claim, you must timely and fully complete and submit a Claim Form by mail on or before Month DD, 201_.

You can submit your Claim Form via regular mail. Claim Forms submitted by mail must be postmarked on or before Month Day, 2016 to:

_____ Settlement Administrator
PO Box XXX
City, State XXXXX-XXXX

Please read the Claim Form carefully and provide all the information required.

QUESTIONS? CALL 1-8XX-XXX-XXXX OR GO TO [WEBSITE]

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                TTA10262018 000218

## 10.  When will I receive my payment?

Payments for Valid Claims will be made only after the Court enters a Final Order and Judgment granting approval of the Settlement and after any appeals are resolved (*see* "Fairness Hearing" below).  If there are appeals, resolving them can take time.  Please be patient.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

## 11.  How do I get out of the Settlement?

If you do not want benefits from the Settlement, and you want to keep any right you might have to sue BLP about the issues in this case, then you must take steps to exclude yourself from the Settlement.  This is called "opting-out" of the Settlement Class.

To exclude yourself from the Settlement, you must send a letter or other written document by mail to:

_____ Settlement Administrator
PO Box XXXX
City, State XXXXX-XXXX

Your request to be excluded from the Settlement must be personally signed by you and contain a statement that you are a member of the Settlement Class but desire to be excluded from it.

Your exclusion request must be postmarked no later than **Month Day, 2016**.  You <u>cannot</u> ask to be excluded on the phone, by email or in any other manner.

You may opt-out of the Settlement Class only for yourself.  So-called "mass" or "class" opt outs, whether filed by third parties on behalf of a "mass" or "class" of members of the Settlement Class or multiple members of the Settlement Class where no personal statement has been signed by each and every individual member of the Settlement Class, are not allowed.

## 12.  If I do not exclude myself, can I sue the Defendant for the same thing later?

No.  Unless you exclude yourself, you give up any right you might have to sue BLP for legal claims that the Settlement resolves.  You must exclude yourself from the Settlement Class in order to try to maintain your own lawsuit.  If you start your own lawsuit, you will have to hire your own lawyer and you will have to prove your claims.

## 13.  What am I giving up to stay in the Settlement Class?

Unless you exclude yourself from the Settlement, you cannot sue or be part of any other lawsuit against BLP about the issues in this case, including any existing litigation, arbitration, or proceeding.  Unless you exclude yourself, all of the decisions and judgments by the Court will bind you.  If you file a Claim Form for benefits or do nothing at all, you will be releasing BLP from all of the claims described and identified in Section [ ] of the Settlement Agreement.

The Settlement Agreement is available by calling [SA Number] or writing to [SA ADDRESS].  The Settlement Agreement provides more detail regarding the release and describes the released claims with specific descriptions in necessary, accurate legal terminology, so read it carefully.  You can talk

**QUESTIONS?  CALL 1-8XX-XXX-XXXX OR GO TO [WEBSITE]**

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                         TTA10262018 000219

to the law firm seeking to represent the Settlement Class and listed in Question 15 for free or you can, at your own expense, talk to your own lawyer if you have any questions about the released claims or what they mean.

| **14.  If I exclude myself, can I still get a payment?** |
|---|

No.   You will not get a payment from the Settlement Fund if you exclude yourself from the settlement.

# THE LAWYERS REPRESENTING YOU

| **15.  Do I have a lawyer in the case?** |
|---|

The Court has appointed Phillip A. Bock, Jonathan B. Piper, Daniel J. Cohen of Bock, Hatch, Lewis & Oppenheim, LLC  as "Class Counsel" to represent all members of the Settlement Class.

You will not be charged for this lawyer's services. The Attorneys' Fee Awards will be paid directly from the Settlement Fund. If you want to be represented by another lawyer, you may hire one to appear in Court for you at your own expense.

| **16.  How will the lawyers be paid?** |
|---|

Class Counsel intend to request up to twenty-five percent (25%) (approximately $4,875,000) of the Settlement Fund for attorneys' fees and reasonable, actual out-of-pocket expenses incurred in the Litigation.  The fees and expenses awarded by the Court will be paid out of the Settlement Fund.  The Court will decide the amount of fees and expenses to award.

Plaintiffs will apply for Incentive Awards in an amount to be paid from the Settlement Fund. Plaintiff Technology Training Associates will apply for an award of $20,000 and Plaintiff Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic will apply for $3,000.

# OBJECTING TO THE SETTLEMENT

| **17.  How do I tell the Court if I do not like the Settlement?** |
|---|

If you are a Settlement Class Member (and do not exclude yourself from the Settlement Class), you can object to any part of the Settlement.  To object, you must submit a letter or other written document that includes the following:

1)   A heading that includes the case name and case number - [ ].

2)   Your name, address, telephone number and, if represented by counsel, the name, bar number, address and telephone number of your counsel;

3)   A signed declaration stating that you are a member of the Settlement Class and between July 1, 2009 to present, received one or more facsimile advertisements sent by or on behalf of BLP;

4)   A statement of all your objections to the Settlement; and

5) A statement of whether you intend to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name, bar number, address, and telephone number of your counsel who will attend.

You must file your objection with the Court and mail or email your objection to each of the following postmarked or emailed by **Month Day, 2016**:

| Settlement Administrator | Class Counsel | Defendant's Counsel |
|---|---|---|
| | Phillip A. Bock<br>Jonathan B. Piper<br>Daniel J. Cohen<br>Bock, Hatch, Lewis & Oppenheim, LLC<br>134 North La Salle Street, Suite 1000<br>Chicago, Illinois 60602 | Mark S. Mester<br>Kathleen P. Lally<br>Latham & Watkins LLP<br>330 N. Wabash Avenue<br>Suite 2800<br>Chicago, Illinois 60611 |

### 18.  What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you do not like something about the Settlement.  You can object to the Settlement only if you do not exclude yourself.  Excluding yourself is telling the Court that you do not want to be part of the Settlement.  If you exclude yourself, you have no basis to object to the Settlement because it no longer affects you.

## THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement and any requests for fees and expenses ("Fairness Hearing").

### 19.  When and where will the Court decide whether to approve the Settlement?

The Court has scheduled a Fairness Hearing on **Month Day, 2016 at __:__ _m**, at the [address].  The hearing may be moved to a different date or time without additional notice.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  The Court will also consider the requests by Class Counsel for Attorneys' Fee Award and for Inventive Awards to the Class Representatives.  If there are objections, the Court will consider them at that time.  After the hearing, the Court will decide whether to approve the Settlement.  It is unknown how long these decisions will take.

### 20.  Do I have to attend the hearing?

No.  Class Counsel will answer any questions the Court may have.  But, you are welcome to attend the hearing at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you submitted your written objection on time, to the proper addresses, and it complies with the other requirements set forth above, the Court will consider it.  You also may pay your own lawyer to attend the hearing, but it is not necessary.

**QUESTIONS?  CALL 1-8XX-XXX-XXXX OR GO TO [WEBSITE]**

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000221

## 21.  May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, your filed objection must include a statement of whether you intend to appear at the Fairness Hearing (*See* question 17 above).

You cannot speak at the hearing if you exclude yourself from the Settlement.

# IF YOU DO NOTHING

## 22.  What happens if I do nothing at all?

If you are a member of the Settlement Class and do nothing, you will not get benefits from the Settlement.  And, unless you exclude yourself, you will be bound by the judgment entered by the Court. This means you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit or proceeding against BLP about the claims at issue in this case.

# GETTING MORE INFORMATION

## 23.  How do I get more information?

This notice summarizes the proposed Settlement.  More details are in the Settlement Agreement.  For a complete, definitive statement of the settlement terms visit the Settlement Website at _____, write with questions to the Settlement Administrator at _____ Settlement Administrator, PO Box XXXX, City, State XXXXX-XXXX, or call the toll-free number, 1-8XX-XXX-XXXX.

**QUESTIONS?  CALL 1-8XX-XXX-XXXX OR GO TO [WEBSITE]**

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                        TTA10262018 000222

<u>DRAFT POSTCARD NOTICE</u>

**If You Received A Facsimile Advertising Allegedly Sent By Or On Behalf Of BLP Between July 1, 2009 And [PA], You May Be Part Of A Class Action Settlement.**

A Settlement has been reached in a class action lawsuit alleging that the Buccaneers Limited Partnership ("BLP") improperly sent advertisements by facsimile. BLP denies the allegations in the lawsuit, and the Court has not decided who is right.

**Who's Included?** The Settlement includes all persons who, from July 1, 2009 to [PA DATE], received one or more facsimile advertisements sent by or on behalf of BLP.

**What Are the Settlement Terms?** A Settlement Fund of up to $19.5 million has been established to pay all Valid Claims, the Attorneys' Fee Award and Plaintiffs' Incentive Awards.

**How can I receive a Payment?** To receive a payment, you must submit a Claim Form by mail on or before **Month DD, 201_**.  Settlement Class Members who received one or more unsolicited facsimile advertisements sent by or on behalf of BLP and who submit a Valid Claim shall be eligible to receive up to: (i) $350 for the first such facsimile; (ii) $100 for the second such facsimile; (iii) $75 for the third such facsimile; (iv) $20 for the fourth such facsimile; and (v) $20 for the fifth such facsimile.

**Your Other Options.** If you **Stay In** the Settlement Class, you will be legally bound by the Settlement's terms and you will release your claims against BLP, regardless of whether you file a Valid Claim. If you do not want to be legally bound by the Settlement, you must **Opt Out** of the Settlement by **Month DD, 201_**. If you Opt Out, you will not be entitled to any payments, but you will retain the ability to file your own claim against BLP. If you do not Opt Out, you may **Object** to the Settlement by **Month DD, 201_**. The detailed notice available on the Settlement Website explains how to Opt Out or Object. The Court will hold a Hearing on **Month DD, 201_** to consider whether to approve the Settlement and a request for attorneys' fees of up to 25% of the Settlement Fund (approximately $4,875,000) and Incentive Awards of $23,000 to be divided among the Plaintiffs.  You may appear at the hearing, either on your own behalf or through an attorney hired by you, but you don't have to. For more information, call the number or write to the address below.

**1-(8XX) XXX-XXX [ADDRESS OF ADMINISTRATOR] [WEBSITE]**

**From:**   Jon Piper
**To:**   Kathleen.Lally@lw.com
**Cc:**   mark.mester@lw.com
**Subject:**   Re: Postcard Notice - Buccaneers.DOCX;Detailed Class Notice - Buccaneers.DOCX
**Date:**   Tuesday, June 14, 2016 6:17:28 PM

When will we get the rest of the exhibits?

*Sent from my Verizon 4G LTE Droid*
On Jun 14, 2016 4:22 PM, Kathleen.Lally@lw.com wrote:

> Jon,
>
>
>         Attached please find the draft notices.  Please let us know if you have any questions or comments.
>
>
> Kate
>
>
> **Kathleen P. Lally**
>
>
> **LATHAM & WATKINS LLP**
> 330 North Wabash Avenue, Suite 2800
> Chicago, IL 60611
> Direct Dial: +1.312.777.7005
> Fax: +1.312.993.9767
> Email: kathleen.lally@lw.com
> http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

| From: | mark.mester@lw.com |
|---|---|
| To: | Jon Piper |
| Cc: | Kathleen.Lally@lw.com |
| Subject: | FW: Technology Training v. Bucs -- Proof of Claim.DOCX |
| Date: | Tuesday, June 14, 2016 6:18:58 PM |
| Attachments: | Technology Training v. Bucs -- Proof of Claim(7720495_15_NY).DOCX |

Jon - We sincerely apologize for the delay in getting this to you. As we alluded to this morning, our client has insisted on carefully reviewing this and all other settlement documents. Our client also asked that we provide a number of other sample claim forms used in other TCPA fax class actions, which we did.

I am certain there are issues in this claim form that you are going to want to discuss with Kate and I, and we will make ourselves available at your convenience tomorrow to do so. In particular, you will note that this draft of the claim form contains the pared down verification you proposed this morning (omitting the verification of the number of faxes received). From the outset, we have have been clear I think that our client was very concerned about the potential for fraud, and the elimination of the verification of the number of faxes coupled with the lack of reliable records typically available in these sorts of cases makes elimination of that element of verification very problematic for our client. To address that concern, our client asked us to delete the pre-population of fax numbers in this draft and pointedly noted that of the 20 or so samples we provided, only 2 used pre-population, which does suggest I think it is less essential than might otherwise be claimed. We remain willing, however, to discuss this and any other issues with you.

Best regards.

_____
From: Lally, Kathleen (CH)
Sent: Tuesday, June 14, 2016 4:03:57 PM
To: Mester, Mark (CH)
Subject: Technology Training v. Bucs -- Proof of Claim.DOCX


Kathleen P. Lally

LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com<mailto://kathleen.lally@lw.com>
http://www.lw.com
----------------------------------------------------------------------------
This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP
----------------------------------------------------------------------------

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                      TTA10262018 000225

## PROOF OF CLAIM

[CASE CAPTION]

**BLP FAX MARKETING SETTLEMENT**
**C/O [SETTLEMENT ADMINISTRATOR ADDRESS]**

> **Your Signed Claim Form Must Be Completed, Mailed**
> **And Postmarked No Later Than [_____, 201_].**
>
> **If You Do Not Submit A Claim Form By [_____, 201_], You**
> **Will Not Receive The Benefits Described In The Class Notice.**
> **Please Read This Entire Form Carefully.**

*You Must Complete <u>All</u> Steps to Claim a Share of the Settlement Fund:*

1. **You Must Provide Your Contact Information.**

   Name: _____

   Company: _____

   Address: _____

   City/State/Zip Code: _____

   Fax Number(s): _____
   List all numbers on which you received faxes sent by or on behalf of BLP.
   Attach an additional sheet if necessary.  The Settlement Administrator will verify that the fax number(s) appears in the existing records related to the case before approving your claim.

   If you believe you received more than one fax to the number(s) listed above, please indicate how many you believe you received at each number: _____

   _____

2. **You Must Verify Ownership Of The Fax Number(S) Listed In #1 Above:**

   (a)  The fax number(s) identified above or attached to this Proof of Claim was/were registered to me or a company I owned or operated from July 1, 2009 to present.

   > ***OR***

   (b)  The fax number(s) identified in No. 1 above or attached to this Proof of Claim was **not**/were **not** registered to me or a company I owned or operated throughout the period from July 1, 2009 to present.  Explain when you obtained the fax number(s) identified in No. 1 above and how you received the faxes at issue:
   _____

   _____

3. **Requested Information If The Settlement Administrator Needs To Contact You:**

   Daytime Phone Number: _____   Email Address: _____

4. **Certification:**

   **Pursuant to 28 U.S. § 1746, I hereby state under penalty of perjury punishable by fine and/or imprisonment that I/my company owned and/or used the fax number(s) specified above and that I/my company received one (1) or more faxes sent by or on behalf of the Buccaneers to the specified fax number(s) for which I/my company did not consent.  I further state that the information in this claim form is true and correct.  I understand that the Settlement Administrator has the right to verify my responses and dispute any claims that are based in inaccurate responses.**

   Signature: _____   Date: _____

   Print Name: _____

   **Partial records exist of faxes allegedly sent by or on behalf of BLP, and BLP has the right to audit this claim form and verify your statements and dispute any claims that are based on inaccurate responses.**

**If the Settlement is granted Final Approval and your claim is accepted, you will be mailed a check representing your share of the Settlement Fund.  This process takes time, so please be patient.  Please keep a copy of your completed Claim Form for your records and ensure that you keep your current address on file with the Settlement Administrator.**

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

TTA10262018 000227

| | |
|---|---|
| **From:** | mark.mester@lw.com |
| **To:** | Jon Piper; Kathleen.Lally@lw.com |
| **Subject:** | RE: Postcard Notice - Buccaneers.DOCX;Detailed Class Notice - Buccaneers.DOCX |
| **Date:** | Tuesday, June 14, 2016 6:21:15 PM |

Just sent you the claim form.  What else are you waiting for?   I may well have missed something.

_____
From: Jon Piper <jon@classlawyers.com>
Sent: Tuesday, June 14, 2016 4:17:27 PM
To: Lally, Kathleen (CH)
Cc: Mester, Mark (CH)
Subject: Re: Postcard Notice - Buccaneers.DOCX;Detailed Class Notice - Buccaneers.DOCX

When will we get the rest of the exhibits?

Sent from my Verizon 4G LTE Droid
On Jun 14, 2016 4:22 PM, Kathleen.Lally@lw.com wrote:

Jon,


        Attached please find the draft notices.  Please let us know if you have any questions or comments.

Kate



Kathleen P. Lally



LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com<mailto://kathleen.lally@lw.com>
http://www.lw.com

_____
This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP
_____
----------------------------------------------------------------------------
This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP
----------------------------------------------------------------------------

| | |
|---|---|
| **From:** | Kathleen.Lally@lw.com |
| **To:** | mark.mester@lw.com; Jon Piper |
| **Subject:** | RE: Postcard Notice - Buccaneers.DOCX;Detailed Class Notice - Buccaneers.DOCX |
| **Date:** | Tuesday, June 14, 2016 6:24:57 PM |

Those are the only exhibits I note in the Settlement Agreement.

**From:** Mester, Mark (CH)
**Sent:** Tuesday, June 14, 2016 6:21 PM
**To:** Jon Piper; Lally, Kathleen (CH)
**Subject:** RE: Postcard Notice - Buccaneers.DOCX;Detailed Class Notice - Buccaneers.DOCX

Just sent you the claim form.  What else are you waiting for?   I may well have missed something.

**From:** Jon Piper <jon@classlawyers.com>
**Sent:** Tuesday, June 14, 2016 4:17:27 PM
**To:** Lally, Kathleen (CH)
**Cc:** Mester, Mark (CH)
**Subject:** Re: Postcard Notice - Buccaneers.DOCX;Detailed Class Notice - Buccaneers.DOCX

When will we get the rest of the exhibits?

*Sent from my Verizon 4G LTE Droid*
On Jun 14, 2016 4:22 PM, Kathleen.Lally@lw.com wrote:

Jon,


        Attached please find the draft notices.  Please let us know if you have any questions or comments.


Kate


**Kathleen P. Lally**


**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without

express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

| | |
|---|---|
| **From:** | Jon Piper |
| **To:** | Kathleen.Lally@lw.com |
| **Cc:** | mark.mester@lw.com |
| **Subject:** | RE: Postcard Notice - Buccaneers.DOCX;Detailed Class Notice - Buccaneers.DOCX |
| **Date:** | Tuesday, June 14, 2016 6:27:00 PM |

No orders?

*Sent from my Verizon 4G LTE Droid*
On Jun 14, 2016 6:24 PM, Kathleen.Lally@lw.com wrote:

> Those are the only exhibits I note in the Settlement Agreement.
>
>
> ---
>
> **From:** Mester, Mark (CH)
> **Sent:** Tuesday, June 14, 2016 6:21 PM
> **To:** Jon Piper; Lally, Kathleen (CH)
> **Subject:** RE: Postcard Notice - Buccaneers.DOCX;Detailed Class Notice - Buccaneers.DOCX
>
>
> Just sent you the claim form.  What else are you waiting for?   I may well have missed something.
>
> ---
>
> **From:** Jon Piper <jon@classlawyers.com>
> **Sent:** Tuesday, June 14, 2016 4:17:27 PM
> **To:** Lally, Kathleen (CH)
> **Cc:** Mester, Mark (CH)
> **Subject:** Re: Postcard Notice - Buccaneers.DOCX;Detailed Class Notice - Buccaneers.DOCX
>
>
> When will we get the rest of the exhibits?
>
>
> *Sent from my Verizon 4G LTE Droid*
>
> On Jun 14, 2016 4:22 PM, Kathleen.Lally@lw.com wrote:
>
> Jon,
>
>
>  Attached please find the draft notices.  Please let us know if you have any questions or comments.
>
>
> Kate

TTA10262018 000231

**Kathleen P. Lally**


**LATHAM & WATKINS** LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

| | |
|---|---|
| **From:** | Kathleen.Lally@lw.com |
| **To:** | Jon Piper |
| **Cc:** | mark.mester@lw.com |
| **Subject:** | RE: Postcard Notice - Buccaneers.DOCX;Detailed Class Notice - Buccaneers.DOCX |
| **Date:** | Tuesday, June 14, 2016 6:28:28 PM |

I don't typically attach orders to the agreement, instead make them part of Plaintiff's approval papers.  The terms are all spelled out in the agreement, however.

---

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Tuesday, June 14, 2016 6:27 PM
**To:** Lally, Kathleen (CH)
**Cc:** Mester, Mark (CH)
**Subject:** RE: Postcard Notice - Buccaneers.DOCX;Detailed Class Notice - Buccaneers.DOCX

No orders?

*Sent from my Verizon 4G LTE Droid*
On Jun 14, 2016 6:24 PM, Kathleen.Lally@lw.com wrote:

Those are the only exhibits I note in the Settlement Agreement.

---

**From:** Mester, Mark (CH)
**Sent:** Tuesday, June 14, 2016 6:21 PM
**To:** Jon Piper; Lally, Kathleen (CH)
**Subject:** RE: Postcard Notice - Buccaneers.DOCX;Detailed Class Notice - Buccaneers.DOCX

Just sent you the claim form.  What else are you waiting for?   I may well have missed something.

---

**From:** Jon Piper <jon@classlawyers.com>
**Sent:** Tuesday, June 14, 2016 4:17:27 PM
**To:** Lally, Kathleen (CH)
**Cc:** Mester, Mark (CH)
**Subject:** Re: Postcard Notice - Buccaneers.DOCX;Detailed Class Notice - Buccaneers.DOCX

When will we get the rest of the exhibits?

*Sent from my Verizon 4G LTE Droid*

On Jun 14, 2016 4:22 PM, Kathleen.Lally@lw.com wrote:

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                     TTA10262018 000233

Jon,

      Attached please find the draft notices.  Please let us know if you have any questions or comments.

Kate

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

| | |
|---|---|
| **From:** | Jon Piper |
| **To:** | Kathleen.Lally@lw.com |
| **Cc:** | mark.mester@lw.com |
| **Subject:** | RE: Postcard Notice - Buccaneers.DOCX;Detailed Class Notice - Buccaneers.DOCX |
| **Date:** | Tuesday, June 14, 2016 7:01:47 PM |

That works…

*Sent from my Verizon 4G LTE Droid*
On Jun 14, 2016 6:28 PM, Kathleen.Lally@lw.com wrote:

> I don't typically attach orders to the agreement, instead make them part of Plaintiff's
> approval papers.  The terms are all spelled out in the agreement, however.

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Tuesday, June 14, 2016 6:27 PM
**To:** Lally, Kathleen (CH)
**Cc:** Mester, Mark (CH)
**Subject:** RE: Postcard Notice - Buccaneers.DOCX;Detailed Class Notice - Buccaneers.DOCX

No orders?

*Sent from my Verizon 4G LTE Droid*

On Jun 14, 2016 6:24 PM, Kathleen.Lally@lw.com wrote:

Those are the only exhibits I note in the Settlement Agreement.

**From:** Mester, Mark (CH)
**Sent:** Tuesday, June 14, 2016 6:21 PM
**To:** Jon Piper; Lally, Kathleen (CH)
**Subject:** RE: Postcard Notice - Buccaneers.DOCX;Detailed Class Notice -
Buccaneers.DOCX

Just sent you the claim form.  What else are you waiting for?   I may well have
missed something.

**From:** Jon Piper <jon@classlawyers.com>
**Sent:** Tuesday, June 14, 2016 4:17:27 PM
**To:** Lally, Kathleen (CH)
**Cc:** Mester, Mark (CH)

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

**Subject:** Re: Postcard Notice - Buccaneers.DOCX;Detailed Class Notice - Buccaneers.DOCX

When will we get the rest of the exhibits?

*Sent from my Verizon 4G LTE Droid*

On Jun 14, 2016 4:22 PM, Kathleen.Lally@lw.com wrote:

Jon,

Attached please find the draft notices.  Please let us know if you have any questions or comments.

Kate

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

| | |
|---|---|
| **From:** | Jon Piper |
| **To:** | mark.mester@lw.com |
| **Cc:** | Kathleen.Lally@lw.com; Phil Bock; danieljaycohen209@gmail.com |
| **Subject:** | RE: Technology Training v. Bucs -- Proof of Claim.DOCX |
| **Date:** | Wednesday, June 15, 2016 8:28:51 AM |

Mark -

In light of your client's new position on the claim form, which is a step backward from what had previously been agreed, we view this mediation as having reached impasse and we are withdrawing from negotiations.

We intend to advise Brian Wanca of the termination of our negotiations in writing tomorrow (Thursday) morning.

Jonathan Piper

_____
From: mark.mester@lw.com [mark.mester@lw.com]
Sent: Tuesday, June 14, 2016 6:18 PM
To: Jon Piper
Cc: Kathleen.Lally@lw.com
Subject: FW: Technology Training v. Bucs -- Proof of Claim.DOCX

Jon - We sincerely apologize for the delay in getting this to you.  As we alluded to this morning, our client has insisted on carefully reviewing this and all other settlement documents.   Our client also asked that we provide a number of other sample claim forms used in other TCPA fax class actions, which we did.

I am certain there are issues in this claim form that you are going to want to discuss with Kate and I, and we will make ourselves available at your convenience tomorrow to do so.   In particular, you will note that this draft of the claim form contains the pared down verification you proposed this morning (omitting the verification of the number of faxes received).   From the outset, we have have been clear I think that our client was very concerned about the potential for fraud, and the elimination of the verification of the number of faxes coupled with the lack of reliable records typically available in these sorts of cases makes elimination of that element of verification very problematic for our client.   To address that concern, our client asked us to delete the pre-population of fax numbers in this draft and pointedly noted that of the 20 or so samples we provided, only 2 used pre-population, which does suggest I think it is less essential than might otherwise be claimed.  We remain willing, however, to discuss this and any other issues with you.

Best regards.

_____
From: Lally, Kathleen (CH)
Sent: Tuesday, June 14, 2016 4:03:57 PM
To: Mester, Mark (CH)
Subject: Technology Training v. Bucs -- Proof of Claim.DOCX


Kathleen P. Lally

LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com<mailto://kathleen.lally@lw.com>

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

http://www.lw.com
--------------------------------------------------------------------------------
This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP
--------------------------------------------------------------------------------

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

| | |
|---|---|
| **From:** | mark.mester@lw.com |
| **To:** | Jon Piper |
| **Cc:** | Kathleen.Lally@lw.com; Phil Bock; Dan Cohen - External Email |
| **Subject:** | RE: Technology Training v. Bucs -- Proof of Claim.DOCX |
| **Date:** | Wednesday, June 15, 2016 8:34:45 AM |

Jon - As I tried to make clear in my email below, that modification (which I acknowledge varies from what was agreed to at the last mediation) was the result of what we believe was an unnecessary restriction on the verification.   Before we call it quits, however, we really should discuss this, as I suggested below.   We are by no means ruling out the use of pre-populated forms but would like to discuss it with you.

Both sides have put far too much effort in to reaching agreement to let this fall apart over an issue such as this.  I have a call with the NCAA at 9:00 am, which should last no more than a half hour, but I am available for the balance of the morning and all afternoon to discuss this and any other issues with you.   I sincerely hope you will reconsider your position.

_____
From: Jon Piper <jon@classlawyers.com>
Sent: Wednesday, June 15, 2016 6:28:49 AM
To: Mester, Mark (CH)
Cc: Lally, Kathleen (CH); Phil Bock; Dan Cohen - External Email
Subject: RE: Technology Training v. Bucs -- Proof of Claim.DOCX

Mark -

In light of your client's new position on the claim form, which is a step backward from what had previously been agreed, we view this mediation as having reached impasse and we are withdrawing from negotiations.

We intend to advise Brian Wanca of the termination of our negotiations in writing tomorrow (Thursday) morning.

Jonathan Piper

_____
From: mark.mester@lw.com [mark.mester@lw.com]
Sent: Tuesday, June 14, 2016 6:18 PM
To: Jon Piper
Cc: Kathleen.Lally@lw.com
Subject: FW: Technology Training v. Bucs -- Proof of Claim.DOCX

Jon - We sincerely apologize for the delay in getting this to you.  As we alluded to this morning, our client has insisted on carefully reviewing this and all other settlement documents.   Our client also asked that we provide a number of other sample claim forms used in other TCPA fax class actions, which we did.

I am certain there are issues in this claim form that you are going to want to discuss with Kate and I, and we will make ourselves available at your convenience tomorrow to do so.   In particular, you will note that this draft of the claim form contains the pared down verification you proposed this morning (omitting the verification of the number of faxes received).   From the outset, we have have been clear I think that our client was very concerned about the potential for fraud, and the elimination of the verification of the number of faxes coupled with the lack of reliable records typically available in these sorts of cases makes elimination of that element of verification very problematic for our client.   To address that concern, our client asked us to delete the pre-population of fax numbers in this draft and pointedly noted that of the 20 or so samples we provided, only 2 used pre-population, which does suggest I think it is less essential than might otherwise be claimed.  We remain willing, however, to discuss this and any other issues with you.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

Best regards.

_____
From: Lally, Kathleen (CH)
Sent: Tuesday, June 14, 2016 4:03:57 PM
To: Mester, Mark (CH)
Subject: Technology Training v. Bucs -- Proof of Claim.DOCX


Kathleen P. Lally

LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com<mailto://kathleen.lally@lw.com>
http://www.lw.com
-------------------------------------------------------------------------------
This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP
-------------------------------------------------------------------------------
-------------------------------------------------------------------------------
This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP
-------------------------------------------------------------------------------

| | |
|---|---|
| **From:** | Kathleen.Lally@lw.com |
| **To:** | Jon Piper |
| **Cc:** | mark.mester@lw.com |
| **Subject:** | Technology Training v. Bucs -- Proof of Claim.DOCX |
| **Date:** | Wednesday, June 15, 2016 8:51:15 AM |
| **Attachments:** | Technology Training v. Bucs -- Proof of Claim(7720495_15_NY).DOCX |

Jon,

        We have revised the claim form to include the pre-population of the fax number.  As Mark indicated in both his email last night and this morning, we are open to discussing other aspects of the form that you would like to discuss, and are generally available today.

Kate

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

## PROOF OF CLAIM

[CASE CAPTION]

**BLP FAX MARKETING SETTLEMENT**
**C/O [SETTLEMENT ADMINISTRATOR ADDRESS]**

---

**Your Signed Claim Form Must Be Completed, Mailed
And Postmarked No Later Than [_____, 201_].**

**If You Do Not Submit A Claim Form By [_____, 201_], You
Will Not Receive The Benefits Described In The Class Notice.
Please Read This Entire Form Carefully.**

---

*You Must Complete All Steps to Claim a Share of the Settlement Fund:*

1. **You Must Provide Your Contact Information.**

   Name:_____

   Company:_____

   Address:_____

   City/State/Zip Code:_____

   Fax Number(s):   XXX-XXX-___ ___ ___ ___

   _____
   List all numbers on which you received faxes sent by or on behalf of BLP.[1]  Attach an additional
   sheet if necessary.  The Settlement Administrator will verify that the fax number(s) appears in the
   existing records related to the case before approving your claim.

   If you believe you received more than one fax to the number(s) listed above, please indicate how many you believe
   you received at each number:_____

   _____

2. **You Must Verify Ownership Of The Fax Number(S) Listed In #1 Above:**

   (a)  The fax number(s) identified above or attached to this Proof of Claim was/were registered to me or a company I
   owned or operated from July 1, 2009 to present.

   ***OR***

   (b)  The fax number(s) identified in No. 1 above or attached to this Proof of Claim was **not**/were **not** registered to
   me or a company I owned or operated throughout the period from July 1, 2009 to present.  Explain when you
   obtained the fax number(s) identified in No. 1 above and how you received the faxes at issue:
   _____

   _____

3. **Requested Information If The Settlement Administrator Needs To Contact You:**

   Daytime Phone Number:_____   Email Address:_____

4. **Certification:**

   **Pursuant to 28 U.S. § 1746, I hereby state under penalty of perjury punishable by fine and/or imprisonment
   that I/my company owned and/or used the fax number(s) specified above and that I/my company received one
   (1) or more faxes sent by or on behalf of the Buccaneers to the specified fax number(s) for which I/my
   company did not consent.  I further state that the information in this claim form is true and correct.  I
   understand that the Settlement Administrator has the right to verify my responses and dispute any claims
   that are based in inaccurate responses.**

---

[1]   If applicable, the partial phone number listed above is based on existing records of faxes allegedly sent by or on behalf of BLP.  In order to
submit a valid claim, you/your company need to supply the last four digits of the fax number you/your company held and on which faxes were
received that were allegedly sent by or on behalf of BLP.  If the partial number(s) listed above is incorrect for you/your company, however, provide
the correct number in the space provided.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000243

Signature: _____   Date: _____

Print Name: _____

**Partial records exist of faxes allegedly sent by or on behalf of BLP, and BLP has the right to audit this claim form and verify your statements and dispute any claims that are based on inaccurate responses.**

**If the Settlement is granted Final Approval and your claim is accepted, you will be mailed a check representing your share of the Settlement Fund.  This process takes time, so please be patient.  Please keep a copy of your completed Claim Form for your records and ensure that you keep your current address on file with the Settlement Administrator.**

**From:**    mark.mester@lw.com
**To:**      Kathleen.Lally@lw.com; Jon Piper
**Subject:** RE: Technology Training v. Bucs -- Proof of Claim.DOCX
**Date:**    Wednesday, June 15, 2016 8:53:03 AM

Jon - To be clear, we would have to discuss this with our client, but I can assure you that we would do our damndest to get authority to put the pre-population back in if it is as important to you as it appears to be.

_____
From: Lally, Kathleen (CH)
Sent: Wednesday, June 15, 2016 6:51:07 AM
To: Jon Piper
Cc: Mester, Mark (CH)
Subject: Technology Training v. Bucs -- Proof of Claim.DOCX

Jon,

        We have revised the claim form to include the pre-population of the fax number.  As Mark indicated in both his email last night and this morning, we are open to discussing other aspects of the form that you would like to discuss, and are generally available today.

Kate

Kathleen P. Lally

LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com<mailto://kathleen.lally@lw.com>
http://www.lw.com
-----------------------------------------------------------------------------
This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP
-----------------------------------------------------------------------------

| | |
|---|---|
| **From:** | Jon Piper |
| **To:** | mark.mester@lw.com; Kathleen.Lally@lw.com |
| **Cc:** | danieljaycohen209@gmail.com; Phil Bock |
| **Subject:** | RE: Technology Training v. Bucs -- Proof of Claim.DOCX |
| **Date:** | Wednesday, June 15, 2016 10:18:32 AM |

Mark -

Thanks for reaching out to see if we can close this gap. I would like to emphasize that the claim form issues include not only the prepopulation but also the receipt verification. I can talk by phone this morning, either at 10:45 or 11:30. Here are issues we'd like you and Kate to be prepared to discuss and hopefully resolve at  that time.

1. Claim Form - prepopulation and receipt issues.
2. Confirm language for change of law clause.
3. Confirm Class Definition.
4. Waiver of statute of limitations.
5. Notices - we'd like them to have the words "Tampa Bay Buccaneers" prominent in the title or first paragraph so that people have some idea what fax we're talking about.

Please let me know what time is convenient for you.

Jonathan

_____
From: mark.mester@lw.com [mark.mester@lw.com]
Sent: Wednesday, June 15, 2016 8:52 AM
To: Kathleen.Lally@lw.com; Jon Piper
Subject: RE: Technology Training v. Bucs -- Proof of Claim.DOCX

Jon - To be clear, we would have to discuss this with our client, but I can assure you that we would do our damndest to get authority to put the pre-population back in if it is as important to you as it appears to be.

_____
From: Lally, Kathleen (CH)
Sent: Wednesday, June 15, 2016 6:51:07 AM
To: Jon Piper
Cc: Mester, Mark (CH)
Subject: Technology Training v. Bucs -- Proof of Claim.DOCX

Jon,

        We have revised the claim form to include the pre-population of the fax number.  As Mark indicated in both his email last night and this morning, we are open to discussing other aspects of the form that you would like to discuss, and are generally available today.

Kate

Kathleen P. Lally

LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com<mailto://kathleen.lally@lw.com>
http://www.lw.com

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                  TTA10262018 000246

---------------------------------------------------------------------------------

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP
---------------------------------------------------------------------------------

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

TTA10262018 000247

| From: | mark.mester@lw.com |
|---|---|
| To: | Jon Piper; Kathleen.Lally@lw.com |
| Cc: | Dan Cohen - External Email; Phil Bock |
| Subject: | RE: Technology Training v. Bucs -- Proof of Claim.DOCX |
| Date: | Wednesday, June 15, 2016 10:27:58 AM |

Jon - Thanks.   I appreciate it.   Let's talk at 11:30.  Kate can and will circulate a dial-in number.

_____

From: Jon Piper <jon@classlawyers.com>
Sent: Wednesday, June 15, 2016 8:18:31 AM
To: Mester, Mark (CH); Lally, Kathleen (CH)
Cc: Dan Cohen - External Email; Phil Bock
Subject: RE: Technology Training v. Bucs -- Proof of Claim.DOCX

Mark -

Thanks for reaching out to see if we can close this gap. I would like to emphasize that the claim form issues include not only the prepopulation but also the receipt verification. I can talk by phone this morning, either at 10:45 or 11:30. Here are issues we'd like you and Kate to be prepared to discuss and hopefully resolve at  that time.

1. Claim Form - prepopulation and receipt issues.
2. Confirm language for change of law clause.
3. Confirm Class Definition.
4. Waiver of statute of limitations.
5. Notices - we'd like them to have the words "Tampa Bay Buccaneers" prominent in the title or first paragraph so that people have some idea what fax we're talking about.

Please let me know what time is convenient for you.

Jonathan

_____

From: mark.mester@lw.com [mark.mester@lw.com]
Sent: Wednesday, June 15, 2016 8:52 AM
To: Kathleen.Lally@lw.com; Jon Piper
Subject: RE: Technology Training v. Bucs -- Proof of Claim.DOCX

Jon - To be clear, we would have to discuss this with our client, but I can assure you that we would do our damndest to get authority to put the pre-population back in if it is as important to you as it appears to be.

_____

From: Lally, Kathleen (CH)
Sent: Wednesday, June 15, 2016 6:51:07 AM
To: Jon Piper
Cc: Mester, Mark (CH)
Subject: Technology Training v. Bucs -- Proof of Claim.DOCX

Jon,

        We have revised the claim form to include the pre-population of the fax number.  As Mark indicated in both his email last night and this morning, we are open to discussing other aspects of the form that you would like to discuss, and are generally available today.

Kate

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                    TTA10262018 000248

Kathleen P. Lally

LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com<mailto://kathleen.lally@lw.com>
http://www.lw.com
------------------------------------------------------------------------
This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP
------------------------------------------------------------------------

------------------------------------------------------------------------
This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP
------------------------------------------------------------------------

## Jon Piper

| | |
|---|---|
| **From:** | Jon Piper |
| **Sent:** | Wednesday, June 15, 2016 11:25 AM |
| **To:** | Kathleen.Lally@lw.com |
| **Subject:** | Accepted: Call re Buccaneers |

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

## Jon Piper

| | |
|---|---|
| **From:** | Jon Piper |
| **Sent:** | Wednesday, June 15, 2016 11:25 AM |
| **To:** | Kathleen.Lally@lw.com |
| **Subject:** | Accepted: Discuss Settlement Issues |

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

TTA10262018 000251

| | |
|---|---|
| **From:** | Kathleen.Lally@lw.com |
| **To:** | Jon Piper |
| **Cc:** | mark.mester@lw.com |
| **Subject:** | Settlement -- Language re Change of Law |
| **Date:** | Wednesday, June 15, 2016 1:20:40 PM |

Jon,

We just got off the phone with the client and we will get back to you about everything else as soon as possible.  In the meantime, however, we wanted to get you the change in law provision.  You will note that we called out the TCPA claims.  We don't intend to make any change in common law claims subject to the same provision.

If, at any time prior to Final Order and Judgment, legislation is enacted, a controlling judicial opinion is rendered or regulatory agency action is undertaken that would entitle BLP to summary judgment on Plaintiffs' claims under the TCPA, then subject to Court approval, BLP shall have the right to withdraw from the Settlement and terminate this Settlement Agreement.

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

| From: | Jon Piper |
|---|---|
| To: | Kathleen.Lally@lw.com |
| Cc: | mark.mester@lw.com |
| Subject: | RE: Settlement -- Language re Change of Law |
| Date: | Wednesday, June 15, 2016 1:57:00 PM |

Is there a way to make explicit that the opt out waiver would not constitute regulatory action?

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Wednesday, June 15, 2016 1:21 PM
**To:** Jon Piper
**Cc:** mark.mester@lw.com
**Subject:** Settlement -- Language re Change of Law

Jon,

We just got off the phone with the client and we will get back to you about everything else as soon as possible. In the meantime, however, we wanted to get you the change in law provision. You will note that we called out the TCPA claims. We don't intend to make any change in common law claims subject to the same provision.

If, at any time prior to Final Order and Judgment, legislation is enacted, a controlling judicial opinion is rendered or regulatory agency action is undertaken that would entitle BLP to summary judgment on Plaintiffs' claims under the TCPA, then subject to Court approval, BLP shall have the right to withdraw from the Settlement and terminate this Settlement Agreement.

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

| | |
|---|---|
| **From:** | mark.mester@lw.com |
| **To:** | Jon Piper; Kathleen.Lally@lw.com |
| **Subject:** | RE: Settlement -- Language re Change of Law |
| **Date:** | Wednesday, June 15, 2016 2:17:05 PM |

Sure.  We can do that.

_____
From: Jon Piper <jon@classlawyers.com>
Sent: Wednesday, June 15, 2016 12:01:16 PM
To: Lally, Kathleen (CH)
Cc: Mester, Mark (CH)
Subject: RE: Settlement -- Language re Change of Law

Is there a way to make explicit that the opt out waiver would not constitute regulatory action?

From: Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
Sent: Wednesday, June 15, 2016 1:21 PM
To: Jon Piper
Cc: mark.mester@lw.com
Subject: Settlement -- Language re Change of Law

Jon,

        We just got off the phone with the client and we will get back to you about everything else as soon as possible.  In the meantime, however, we wanted to get you the change in law provision.  You will note that we called out the TCPA claims.  We don't intend to make any change in common law claims subject to the same provision.

If, at any time prior to Final Order and Judgment, legislation is enacted, a controlling judicial opinion is rendered or regulatory agency action is undertaken that would entitle BLP to summary judgment on Plaintiffs' claims under the TCPA, then subject to Court approval, BLP shall have the right to withdraw from the Settlement and terminate this Settlement Agreement.


Kathleen P. Lally

LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com<mailto://kathleen.lally@lw.com>
http://www.lw.com
_____
This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

_____
--------------------------------------------------------------------------
This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP
-------------------------------------------------------------------------------

| | |
|---|---|
| **From:** | Kathleen.Lally@lw.com |
| **To:** | Jon Piper |
| **Subject:** | Are you available for a call? |
| **Date:** | Wednesday, June 15, 2016 2:42:21 PM |

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**

330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

| | |
|---|---|
| **From:** | Jon Piper |
| **To:** | Kathleen.Lally@lw.com |
| **Subject:** | Re: Are you available for a call? |
| **Date:** | Wednesday, June 15, 2016 2:44:53 PM |

In 5 minutes

*Sent from my Verizon 4G LTE Droid*
On Jun 15, 2016 2:42 PM, Kathleen.Lally@lw.com wrote:


**Kathleen P. Lally**


**LATHAM & WATKINS** LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

| | |
|---|---|
| **From:** | Kathleen.Lally@lw.com |
| **To:** | Jon Piper |
| **Subject:** | RE: Are you available for a call? |
| **Date:** | Wednesday, June 15, 2016 2:46:48 PM |

Let me know when and where to call you.

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Wednesday, June 15, 2016 2:45 PM
**To:** Lally, Kathleen (CH)
**Subject:** Re: Are you available for a call?

In 5 minutes

*Sent from my Verizon 4G LTE Droid*
On Jun 15, 2016 2:42 PM, Kathleen.Lally@lw.com wrote:

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

| | |
|---|---|
| **From:** | Jon Piper |
| **To:** | Kathleen.Lally@lw.com |
| **Subject:** | RE: Are you available for a call? |
| **Date:** | Wednesday, June 15, 2016 2:48:00 PM |

You can call my office now 312-609-0906

---

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Wednesday, June 15, 2016 2:47 PM
**To:** Jon Piper
**Subject:** RE: Are you available for a call?

Let me know when and where to call you.

---

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Wednesday, June 15, 2016 2:45 PM
**To:** Lally, Kathleen (CH)
**Subject:** Re: Are you available for a call?

In 5 minutes

*Sent from my Verizon 4G LTE Droid*
On Jun 15, 2016 2:42 PM, Kathleen.Lally@lw.com wrote:

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

TTA10262018 000260

| | |
|---|---|
| **From:** | Kathleen.Lally@lw.com |
| **To:** | kpasich@linerlaw.com; Jon Piper |
| **Subject:** | Canceled: Call re Buccaneers |
| **Start:** | Wednesday, June 15, 2016 4:00:00 PM |
| **End:** | Wednesday, June 15, 2016 4:30:00 PM |
| **Location:** | Dial-in Below |
| **Importance:** | High |

Kirk & Jon, Jon and I are working on the underlying issues right now.  can we reschedule this?

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

| | |
|---|---|
| **From:** | Jon Piper |
| **To:** | Kathleen.Lally@lw.com ; kpasich@linerlaw.com |
| **Subject:** | RE: Call re Buccaneers |
| **Date:** | Wednesday, June 15, 2016 4:02:00 PM |

Sure – I'm around until 5pm at least. If you want Kirk and I can talk. Kirk – have you seen the previously filed complaint?

-----Original Appointment-----
**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Wednesday, June 15, 2016 3:55 PM
**To:** kpasich@linerlaw.com; Jon Piper
**Subject:** Canceled: Call re Buccaneers
**When:** Wednesday, June 15, 2016 4:00 PM-4:30 PM (UTC-06:00) Central Time (US & Canada).
**Where:** Dial-in Below
**Importance:** High

Kirk & Jon, Jon and I are working on the underlying issues right now.  can we reschedule this?

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

| | |
|---|---|
| **From:** | Kathleen.Lally@lw.com |
| **To:** | Jon Piper; kpasich@linerlaw.com |
| **Subject:** | RE: Call re Buccaneers |
| **Date:** | Wednesday, June 15, 2016 4:18:51 PM |

Let's try to do this all together, but my night has just gotten away from me.  I can do tomorrow between 11 and 2.

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Wednesday, June 15, 2016 4:06 PM
**To:** Lally, Kathleen (CH); kpasich@linerlaw.com
**Subject:** RE: Call re Buccaneers

Sure – I'm around until 5pm at least. If you want Kirk and I can talk. Kirk – have you seen the previously filed complaint?

-----Original Appointment-----
**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Wednesday, June 15, 2016 3:55 PM
**To:** kpasich@linerlaw.com; Jon Piper
**Subject:** Canceled: Call re Buccaneers
**When:** Wednesday, June 15, 2016 4:00 PM-4:30 PM (UTC-06:00) Central Time (US & Canada).
**Where:** Dial-in Below
**Importance:** High

Kirk & Jon, Jon and I are working on the underlying issues right now.  can we reschedule this?

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

| | |
|---|---|
| **From:** | Jon Piper |
| **To:** | Kathleen.Lally@lw.com; kpasich@linerlaw.com |
| **Subject:** | RE: Call re Buccaneers |
| **Date:** | Wednesday, June 15, 2016 4:24:00 PM |

Ok – let's plan for 11

---

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Wednesday, June 15, 2016 4:19 PM
**To:** Jon Piper; kpasich@linerlaw.com
**Subject:** RE: Call re Buccaneers

Let's try to do this all together, but my night has just gotten away from me.  I can do tomorrow between 11 and 2.

---

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Wednesday, June 15, 2016 4:06 PM
**To:** Lally, Kathleen (CH); kpasich@linerlaw.com
**Subject:** RE: Call re Buccaneers

Sure – I'm around until 5pm at least. If you want Kirk and I can talk. Kirk – have you seen the previously filed complaint?

-----Original Appointment-----
**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Wednesday, June 15, 2016 3:55 PM
**To:** kpasich@linerlaw.com; Jon Piper
**Subject:** Canceled: Call re Buccaneers
**When:** Wednesday, June 15, 2016 4:00 PM-4:30 PM (UTC-06:00) Central Time (US & Canada).
**Where:** Dial-in Below
**Importance:** High


Kirk & Jon, Jon and I are working on the underlying issues right now.  can we reschedule this?

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

| | |
|---|---|
| **From:** | Jon Piper |
| **To:** | mark.mester@lw.com |
| **Cc:** | Kathleen.Lally@lw.com; Phil Bock; Dan Cohen - External Email |
| **Subject:** | RE: Technology Training v. Bucs -- Proof of Claim.DOCX |
| **Date:** | Wednesday, June 15, 2016 5:18:00 PM |

Mark -

I've had  a few discussions today with your team, and perhaps we've all reached greater clarity on what the respective concerns are that have prevented us from being able to close the deal. However, it is not obvious whether or not we are going to be able to move past the impasse.

I am hoping that your team will be able to meet our needs on the claim form and we can get a deal finalized, at least by side letter and draft settlement agreement, by tomorrow. On the other issues it seemed we were getting closer, although the question of whether it would make sense to narrow the class definition did come up again in the discussion with Mr. Nussbaum this afternoon. Without giving you an ultimatum, to accomplish what we hope to accomplish, I think we need your  client's final position on terms by soon after the start of business tomorrow.

I have plans this evening but I'm open to talking if there's anything to discuss.

Jonathan

_____
From: Jon Piper <jon@classlawyers.com>
Sent: Wednesday, June 15, 2016 6:28:49 AM
To: Mester, Mark (CH)
Cc: Lally, Kathleen (CH); Phil Bock; Dan Cohen - External Email
Subject: RE: Technology Training v. Bucs -- Proof of Claim.DOCX

Mark -

In light of your client's new position on the claim form, which is a step backward from what had previously been agreed, we view this mediation as having reached impasse and we are withdrawing from negotiations.

We intend to advise Brian Wanca of the termination of our negotiations in writing tomorrow (Thursday) morning.

Jonathan Piper
_____

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000265

| | |
|---|---|
| **From:** | mark.mester@lw.com |
| **To:** | Jon Piper |
| **Cc:** | Kathleen.Lally@lw.com; Phil Bock; Dan Cohen - External Email |
| **Subject:** | RE: Technology Training v. Bucs -- Proof of Claim.DOCX |
| **Date:** | Wednesday, June 15, 2016 5:29:18 PM |

Jon - I got a full report from Kate on the last call, and I believe we are very close.   It is clear we made a good deal of progress today and that the number of open issues is now very narrow.  And whether or not we were ever at an impasse, I am confident we are not now.

Mitch is talking to the Glazer's now, and I assure you will get back to you either later today or early tomorrow morning at the latest on the few remaining issues.

Thank for your time today and constructive approach.  It was appreciated.

_____
From: Jon Piper <jon@classlawyers.com>
Sent: Wednesday, June 15, 2016 3:21:50 PM
To: Mester, Mark (CH)
Cc: Lally, Kathleen (CH); Phil Bock; Dan Cohen - External Email
Subject: RE: Technology Training v. Bucs -- Proof of Claim.DOCX

Mark -

I've had  a few discussions today with your team, and perhaps we've all reached greater clarity on what the respective concerns are that have prevented us from being able to close the deal. However, it is not obvious whether or not we are going to be able to move past the impasse.

I am hoping that your team will be able to meet our needs on the claim form and we can get a deal finalized, at least by side letter and draft settlement agreement, by tomorrow. On the other issues it seemed we were getting closer, although the question of whether it would make sense to narrow the class definition did come up again in the discussion with Mr. Nussbaum this afternoon. Without giving you an ultimatum, to accomplish what we hope to accomplish, I think we need your  client's final position on terms by soon after the start of business tomorrow.

I have plans this evening but I'm open to talking if there's anything to discuss.

Jonathan

_____
From: Jon Piper <jon@classlawyers.com>
Sent: Wednesday, June 15, 2016 6:28:49 AM
To: Mester, Mark (CH)
Cc: Lally, Kathleen (CH); Phil Bock; Dan Cohen - External Email
Subject: RE: Technology Training v. Bucs -- Proof of Claim.DOCX

Mark -

In light of your client's new position on the claim form, which is a step backward from what had previously been agreed, we view this mediation as having reached impasse and we are withdrawing from negotiations.

We intend to advise Brian Wanca of the termination of our negotiations in writing tomorrow (Thursday) morning.

Jonathan Piper
_____

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                                      TTA10262018 000266

--------------------------------------------------------------------------
This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP
--------------------------------------------------------------------------

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER          TTA10262018 000267

| | |
|---|---|
| **From:** | Kathleen.Lally@lw.com |
| **To:** | Jon Piper |
| **Cc:** | mark.mester@lw.com |
| **Subject:** | TTA v. BLP -- Stipulation re Settlement.DOCX |
| **Date:** | Thursday, June 16, 2016 8:17:09 AM |
| **Attachments:** | TTA v. BLP -- Stipulation re Settlement(7729911_1_NY).DOCX |

Jon,

      In an effort to move things forward, given our mutual desire to finalize the settlement this morning, we wanted to provide you with a draft of the stipulation re agreement to the settlement terms. We are not wed to any of the language and are comfortable doing either a stipulation or a letter, but wanted to provide you a draft so we can continue to move forward and provide notice of the settlement as soon as possible allowing us to call off the mediation.  We also will be calling you shortly on the remaining issues.

Thanks,
Kate

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

 TTA10262018 000268

## STIPULATION REGARDING SETTLEMENT

Plaintiffs Technology Training Associates, Inc. and Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic (collectively, "Plaintiffs") and Defendant Buccaneers Limited Partnership ("BLP") (each a "Party" and collectively, the "Parties"), by and through their respective undersigned counsel, hereby agree as follows:

**A.**     The Parties participated in two full-day mediation sessions on May 19, 2016 and June 1, 2016 in Tampa, Florida before mediator Peter Grilli during which they discussed the settlement of allegations raised by Plaintiffs that in 2009 and 2010, BLP improperly sent advertisements by facsimile.

**B.**     At the end of the second day of mediation, the Parties had reached an agreement in principle that would resolve the allegations of Plaintiffs on a class-wide basis, subject to finalization of a mutually-agreeable settlement agreement and subject to court approval.

**C.**     Since the termination of the June 1, 2016 mediation session, the Parties have worked diligently to finalize a mutually-agreeable settlement agreement, as well as draft notices and claim forms.

**D.**     By the signatures of their respective counsel below, the Parties acknowledge that they have come to agreement to the terms set forth in the Settlement Agreement and Release (including all exhibits thereto) attached hereto as Exhibit A, subject to (1) the filing of a Complaint by Plaintiffs and (2) the selection of a mutually-agreeable Settlement Administrator.

**E.**     The Parties agree to continue to work diligently and cooperatively to choose a mutually-agreeable Settlement Administrator, and Plaintiffs agree to file a Complaint in a timely manner so that the Parties may formally sign the Settlement Agreement and Release and seek approval of that agreement from the Court.

IN WITNESS WHEREOF, the parties have executed and caused this agreement to be executed by their duly authorized representatives below.

| BOCK, HATCH, LEWIS & OPPENHEIM | LATHAM & WATKINS |
|---|---|
| By:_____ | By:_____ |
| Counsel for Plaintiffs | Counsel for BLP |
| Phillip A. Bock<br>Jonathan B. Piper<br>Daniel J. Cohen<br>Bock, Hatch, Lewis & Oppenheim, LLC<br>134 North La Salle Street, Suite 1000<br>Chicago, Illinois 60602<br>Telephone:  (312) 658-5500<br>Facsimile:  (312) 658-5555 | Mark S. Mester<br>Kathleen P. Lally<br>Latham & Watkins LLP<br>330 North Wabash Avenue, Suite 2800<br>Chicago, Illinois  60611<br>Telephone:  (312) 876-7700<br>Facsimile:  (312) 993-9767 |

| | |
|---|---|
| **From:** | Kathleen.Lally@lw.com |
| **To:** | Jon Piper |
| **Cc:** | mark.mester@lw.com |
| **Subject:** | RE: Settlement -- Language re Change of Law |
| **Date:** | Thursday, June 16, 2016 8:41:46 AM |

Jon,

Please also see below our revision to the change of law provision.  Please let us know if this works for you.

If, at any time prior to Final Order and Judgment, legislation is enacted, a controlling judicial opinion is rendered or regulatory agency action is undertaken that would entitle BLP to summary judgment on Plaintiffs' claims under the TCPA, then subject to Court approval, BLP shall have the right to withdraw from the Settlement and terminate this Settlement Agreement.  For the purposes of this provision, the issuance of a retroactive waiver of 47 C.F.R. § 64.1200(a)(4)(iv) regarding the Federal Communication Commission's opt-out notice requirement for faxes sent with the recipient's prior express permission in favor of BLP would not be considered agency action that would entitle BLP to summary judgment on Plaintiffs' claims under the TCPA and would not trigger BLP's right to terminate the Settlement.

**From:** Mester, Mark (CH)
**Sent:** Wednesday, June 15, 2016 2:17 PM
**To:** Jon Piper; Lally, Kathleen (CH)
**Subject:** RE: Settlement -- Language re Change of Law

Sure.  We can do that.

**From:** Jon Piper <jon@classlawyers.com>
**Sent:** Wednesday, June 15, 2016 12:01:16 PM
**To:** Lally, Kathleen (CH)
**Cc:** Mester, Mark (CH)
**Subject:** RE: Settlement -- Language re Change of Law

Is there a way to make explicit that the opt out waiver would not constitute regulatory action?

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Wednesday, June 15, 2016 1:21 PM
**To:** Jon Piper

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                      TTA10262018 000271

**Cc:** mark.mester@lw.com
**Subject:** Settlement -- Language re Change of Law

Jon,

　　　We just got off the phone with the client and we will get back to you about everything else as soon as possible.  In the meantime, however, we wanted to get you the change in law provision.  You will note that we called out the TCPA claims.  We don't intend to make any change in common law claims subject to the same provision.

If, at any time prior to Final Order and Judgment, legislation is enacted, a controlling judicial opinion is rendered or regulatory agency action is undertaken that would entitle BLP to summary judgment on Plaintiffs' claims under the TCPA, then subject to Court approval, BLP shall have the right to withdraw from the Settlement and terminate this Settlement Agreement.

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

| From: | Kathleen.Lally@lw.com |
|---|---|
| To: | Jon Piper |
| Cc: | mark.mester@lw.com |
| Subject: | Technology Training v. Bucs -- Proof of Claim.DOCX |
| Date: | Thursday, June 16, 2016 9:30:12 AM |
| Attachments: | Technology Training v. Bucs -- Proof of Claim(7720495_19_NY)_(4).DOCX |

Jon,

      After discussions, our clients have agreed to accept your suggestion that the class be limited to 2009/2010, allowing the list of fax numbers to speak for itself, and we have revised the claim form according to our discussion yesterday.  We have also attempted to incorporate the other edits you suggested on the claim form as well as a few other tweaks in an effort to give the claim form slightly better flow.  One of those was to add a line to sign under sections 3(a) and (b), so that we know the selection being made.  We are happy to discuss this with you or any other suggestions you have on this or other pieces of the settlement.  I am available this morning other than at 10 when I have a short meeting.  Please let me know what works.

Thanks,
Kate

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000273

## Technology Training Association Inc., et al. v Buccaneers Limited Partnership

## Case No. XXXXXXXXX

### C/O [SETTLEMENT ADMINISTRATOR ADDRESS]

> **Your Signed Claim Form Must Be Completed, Mailed**
> **And Postmarked No Later Than [_____, 201_].**
>
> **If You Do Not Submit A Claim Form By [_____, 201_], You**
> **Will Not Receive The Benefits Described In The Class Notice.**
> **Please Read This Entire Form Carefully.**

*To be eligible to receive payment under the proposed Settlement Agreement you must complete all steps to claim a share of the settlement fund:*

1.  Fax Number(s):   ___ ___ ___-___ ___ ___-___ ___ ___ ___

    _____

    List all numbers on which you may have received faxes sent by or on behalf of BLP.  Attach an additional sheet if necessary.  The Settlement Administrator will verify that the fax number(s) appears in the existing records related to the case before approving your claim. If you believe you received more than one fax to the number(s) listed above, please indicate how many you believe you received at each number in parenthesis next to each number.

2.  **You Must Provide Your Contact Information.**

    Name:_____

    Company:_____

    Address:_____

    City/State/Zip Code:_____

3.  **You Must Verify Ownership Of The Fax Number(s) Listed In #1 Above:**

    (a) The fax number(s) identified above or attached to this Proof of Claim was/were registered to me or a company I owned or operated in 2009 or 2010.

    _____

    (Sign your name here)

    ### *OR*

    (b) The fax number(s) identified in No. 1 above or attached to this Proof of Claim was **not**/were **not** registered to me or a company I owned or operated throughout 2009 and 2010.  Explain when you obtained the fax number(s) identified in No. 1 above and how you received the faxes at issue:

    _____

    _____

    (Sign your name here)

4.  **Requested Information If The Settlement Administrator Needs To Contact You:**

    Daytime Phone Number:_____   Email Address:_____

5.  **Certification:**

    **PURSUANT TO 28 U.S. § 1746, I HEREBY STATE UNDER PENALTY OF PERJURY THAT I/MY COMPANY OWNED AND/OR USED THE FAX NUMBER(S) SPECIFIED ABOVE.  I FURTHER STATE THAT THE INFORMATION IN THIS CLAIM FORM IS TRUE AND CORRECT.**

    Signature: _____   Date:_____

    Print Name:_____

**Partial records exist of faxes allegedly sent by or on behalf of BLP, and BLP has the right to audit this claim form and verify your statements and dispute any claims that are based on inaccurate responses.**

**If the** ... **representing your share of the Settlement Fund. This process takes time, so please be patient. Please keep a copy of your completed Claim Form for your records and ensure that you keep your current address on file with the Settlement Administrator.**

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

| | |
|---|---|
| **From:** | Jon Piper |
| **To:** | Kathleen.Lally@lw.com |
| **Cc:** | mark.mester@lw.com |
| **Subject:** | Re: Technology Training v. Bucs -- Proof of Claim.DOCX |
| **Date:** | Thursday, June 16, 2016 9:48:29 AM |

Can we talk at 1030?

*Sent from my Verizon 4G LTE Droid*
On Jun 16, 2016 9:30 AM, Kathleen.Lally@lw.com wrote:

> Jon,
>
>
> After discussions, our clients have agreed to accept your suggestion that the class be limited to 2009/2010, allowing the list of fax numbers to speak for itself, and we have revised the claim form according to our discussion yesterday. We have also attempted to incorporate the other edits you suggested on the claim form as well as a few other tweaks in an effort to give the claim form slightly better flow. One of those was to add a line to sign under sections 3(a) and (b), so that we know the selection being made. We are happy to discuss this with you or any other suggestions you have on this or other pieces of the settlement. I am available this morning other than at 10 when I have a short meeting. Please let me know what works.
>
>
> Thanks,
>
> Kate
>
>
> **Kathleen P. Lally**
>
>
> **LATHAM & WATKINS LLP**
> 330 North Wabash Avenue, Suite 2800
> Chicago, IL 60611
> Direct Dial: +1.312.777.7005
> Fax: +1.312.993.9767
> Email: kathleen.lally@lw.com
> http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

TTA10262018 000276

| | |
|---|---|
| **From:** | mark.mester@lw.com |
| **To:** | Jon Piper; Kathleen.Lally@lw.com |
| **Subject:** | RE: Technology Training v. Bucs -- Proof of Claim.DOCX |
| **Date:** | Thursday, June 16, 2016 9:50:50 AM |

Sure.   Kate will send a dial in and talk to you then.

_____
From: Jon Piper <jon@classlawyers.com>
Sent: Thursday, June 16, 2016 7:48:27 AM
To: Lally, Kathleen (CH)
Cc: Mester, Mark (CH)
Subject: Re: Technology Training v. Bucs -- Proof of Claim.DOCX

Can we talk at 1030?

Sent from my Verizon 4G LTE Droid
On Jun 16, 2016 9:30 AM, Kathleen.Lally@lw.com wrote:

Jon,


       After discussions, our clients have agreed to accept your suggestion that the class be limited to 2009/2010, allowing the list of fax numbers to speak for itself, and we have revised the claim form according to our discussion yesterday.  We have also attempted to incorporate the other edits you suggested on the claim form as well as a few other tweaks in an effort to give the claim form slightly better flow.  One of those was to add a line to sign under sections 3(a) and (b), so that we know the selection being made.  We are happy to discuss this with you or any other suggestions you have on this or other pieces of the settlement.  I am available this morning other than at 10 when I have a short meeting.  Please let me know what works.

Thanks,

Kate


Kathleen P. Lally


LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com<mailto://kathleen.lally@lw.com>
http://www.lw.com

_____
This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP
_____

-------------------------------------------------------------------------------
This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP
-------------------------------------------------------------------------------

**Jon Piper**

| | |
|---|---|
| **From:** | Jon Piper |
| **Sent:** | Thursday, June 16, 2016 9:55 AM |
| **To:** | Kathleen.Lally@lw.com |
| **Subject:** | Accepted: Call re Settlement |

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000279

| | |
|---|---|
| **From:** | Jon Piper |
| **To:** | Kathleen.Lally@lw.com |
| **Cc:** | mark.mester@lw.com |
| **Subject:** | RE: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release |
| **Date:** | Thursday, June 16, 2016 10:30:00 AM |

Is this the right number?

---

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Tuesday, June 14, 2016 2:11 PM
**To:** Jon Piper
**Cc:** mark.mester@lw.com; Dan Cohen - External Email
**Subject:** RE: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release

It is on the invite and below:

United States (Toll Free):  +1.877.205.3155

ACCESS CODE:  107892

---

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Tuesday, June 14, 2016 2:09 PM
**To:** Lally, Kathleen (CH)
**Cc:** Mester, Mark (CH); Dan Cohen - External Email
**Subject:** RE: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release

Kate – is there a dial in for the call at 2:30pm?

---

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Tuesday, June 14, 2016 9:27 AM
**To:** Jon Piper
**Cc:** mark.mester@lw.com
**Subject:** RE: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release

No problem.  Talk to you soon.

---

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Tuesday, June 14, 2016 9:19 AM
**To:** Lally, Kathleen (CH)
**Cc:** Mester, Mark (CH)
**Subject:** RE: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release

Thanks - can you call me on my cell phone at 9:30am? 312-952-1984

---

**From:** Kathleen.Lally@lw.com [Kathleen.Lally@lw.com]
**Sent:** Tuesday, June 14, 2016 9:17 AM
**To:** Jon Piper
**Cc:** mark.mester@lw.com
**Subject:** Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release

Jon,

Per my email yesterday, here are our revisions to the settlement agreement based on our discussions last week. We did not make any changes in this draft with respect to the two major issues that you flagged, but I am prepared to discuss them on our call this morning.

Thanks,
Kate

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

| | |
|---|---|
| **From:** | Kathleen.Lally@lw.com |
| **To:** | Jon Piper |
| **Cc:** | mark.mester@lw.com |
| **Subject:** | RE: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release |
| **Date:** | Thursday, June 16, 2016 10:35:12 AM |

Yes:

**United States (Toll Free):**  +1.877.205.3155

**ACCESS CODE:  107892**

**Audio Dial-In Information (By Region)**

---

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Thursday, June 16, 2016 10:34 AM
**To:** Lally, Kathleen (CH)
**Cc:** Mester, Mark (CH)
**Subject:** RE: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release

Is this the right number?

---

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Tuesday, June 14, 2016 2:11 PM
**To:** Jon Piper
**Cc:** mark.mester@lw.com; Dan Cohen - External Email
**Subject:** RE: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release

It is on the invite and below:

United States (Toll Free):  +1.877.205.3155

ACCESS CODE:  107892

---

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Tuesday, June 14, 2016 2:09 PM
**To:** Lally, Kathleen (CH)
**Cc:** Mester, Mark (CH); Dan Cohen - External Email
**Subject:** RE: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release

Kate – is there a dial in for the call at 2:30pm?

---

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Tuesday, June 14, 2016 9:27 AM
**To:** Jon Piper
**Cc:** mark.mester@lw.com
**Subject:** RE: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

No problem.  Talk to you soon.

---

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Tuesday, June 14, 2016 9:19 AM
**To:** Lally, Kathleen (CH)
**Cc:** Mester, Mark (CH)
**Subject:** RE: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release

Thanks - can you call me on my cell phone at 9:30am? 312-952-1984

---

**From:** Kathleen.Lally@lw.com [Kathleen.Lally@lw.com]
**Sent:** Tuesday, June 14, 2016 9:17 AM
**To:** Jon Piper
**Cc:** mark.mester@lw.com
**Subject:** Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release

Jon,

    Per my email yesterday, here are our revisions to the settlement agreement based on our discussions last week. We did not make any changes in this draft with respect to the two major issues that you flagged, but I am prepared to discuss them on our call this morning.

Thanks,
Kate

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

| | |
|---|---|
| **From:** | Kathleen.Lally@lw.com |
| **To:** | Jon Piper |
| **Cc:** | mark.mester@lw.com |
| **Subject:** | Technology Training v. Bucs -- Proof of Claim.DOCX |
| **Date:** | Thursday, June 16, 2016 12:10:08 PM |
| **Attachments:** | Technology Training v. Bucs -- Proof of Claim(7720495_20_NY).DOCX |

Jon,

   We are conforming the remainder of the documents and getting our client's final approval, but we have sign off on the claim form attached hereto, which incorporates our discussion this morning.

Thanks,
Kate

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

## Technology Training Association Inc., et al. v Buccaneers Limited Partnership

## Case No. XXXXXXXXX

### C/O [SETTLEMENT ADMINISTRATOR ADDRESS]

| |
|---|
| **Your Signed Claim Form Must Be Completed, Mailed And Postmarked No Later Than [_____, 201_].** |
| **If You Do Not Submit A Claim Form By [_____, 201_], You Will Not Receive The Benefits Described In The Class Notice. Please Read This Entire Form Carefully.** |

*To be eligible to receive payment under the proposed Settlement Agreement you must complete all steps to claim a share of the settlement fund:*

1.   Fax Number(s):    ___ ___ ___-___ ___ ___-___ ___ ___ ___

_____

List all numbers on which you may have received faxes sent by or on behalf of BLP.  Attach an additional sheet if necessary.  The Settlement Administrator will verify that the fax number(s) appears in the existing records related to the case before approving your claim. If you believe you received more than one fax to the number(s) listed above, please indicate how many you believe you received at each number in parenthesis next to each number.

**2.   You Must Provide Your Contact Information.**

Name:_____

Company:_____

Address:_____

City/State/Zip Code:_____

**3.   Requested Information If The Settlement Administrator Needs To Contact You (select (a) or (b) and sign your name):**

Daytime Phone Number:_____   Email Address:_____

**4.   You Must Verify Ownership Of The Fax Number(s) Listed In #1 Above:**

(a) The fax number(s) identified above or attached to this Proof of Claim was/were registered to me or a company I owned or operated in 2009 or 2010.

_____

(Sign your name here)

### *OR*

(b) The fax number(s) identified in No. 1 above or attached to this Proof of Claim was **not**/were **not** registered to me or a company I owned or operated throughout 2009 and 2010.  Explain when you obtained the fax number(s) identified in No. 1 above and how you received the faxes at issue:

_____

(Sign your name here)

5.   **Certification (please sign below):**

**PURSUANT TO 28 U.S. § 1746, I HEREBY STATE UNDER PENALTY OF PERJURY THAT I/MY COMPANY OWNED AND/OR USED THE FAX NUMBER(S) SPECIFIED ABOVE.  I FURTHER STATE THAT THE INFORMATION IN THIS CLAIM FORM IS TRUE AND CORRECT.**

Signature: _____   Date:_____

Print Name:_____

**Participate in this legal process more than once or modify, complete or change this form and verify your statements and dispute any claims that are based on inaccurate responses.**

If the Settlement is granted Final Approval and your claim is accepted, you will be mailed a check representing your share of the Settlement Fund.  This process takes time, so please be patient.  Please keep a copy of your completed Claim Form for your records and ensure that you keep your current address on file with the Settlement Administrator.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

| | |
|---|---|
| **From:** | Jon Piper |
| **To:** | Kathleen.Lally@lw.com |
| **Cc:** | mark.mester@lw.com |
| **Subject:** | RE: Technology Training v. Bucs -- Proof of Claim.DOCX |
| **Date:** | Thursday, June 16, 2016 12:10:00 PM |

The parenthetical that should go with the 4. verification of ownership somehow ended up in 3. Requested information. That should be moved down to 4..

**3.** **Requested Information If The Settlement Administrator Needs To Contact You** *(select (a) or (b) and sign your name)*:

Daytime Phone Number:_____   Email Address:_____

**4.** **You Must Verify Ownership Of The Fax Number(s) Listed In #1 Above**:

(a) The fax number(s) identified above or attached to this Proof of Claim was/were r….

---

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Thursday, June 16, 2016 12:10 PM
**To:** Jon Piper
**Cc:** mark.mester@lw.com
**Subject:** Technology Training v. Bucs -- Proof of Claim.DOCX

Jon,

        We are conforming the remainder of the documents and getting our client's final approval, but we have sign off on the claim form attached hereto, which incorporates our discussion this morning.

Thanks,
Kate

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

| From: | Kathleen.Lally@lw.com |
|---|---|
| To: | Jon Piper |
| Cc: | mark.mester@lw.com |
| Subject: | RE: Technology Training v. Bucs -- Proof of Claim.DOCX |
| Date: | Thursday, June 16, 2016 12:15:54 PM |

My apologies.  I will correct that right away.

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Thursday, June 16, 2016 12:14 PM
**To:** Lally, Kathleen (CH)
**Cc:** Mester, Mark (CH)
**Subject:** RE: Technology Training v. Bucs -- Proof of Claim.DOCX

The parenthetical that should go with the 4. verification of ownership somehow ended up in 3.
Requested information. That should be moved down to 4..

3.   **Requested Information If The Settlement Administrator Needs To Contact You** *(select (a) or (b) and sign your name)***:**

   Daytime Phone Number:_____   Email
   Address:_____

4.   **You Must Verify Ownership Of The Fax Number(s) Listed In #1 Above:**

(a) The fax number(s) identified above or attached to this Proof of Claim was/were r….

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Thursday, June 16, 2016 12:10 PM
**To:** Jon Piper
**Cc:** mark.mester@lw.com
**Subject:** Technology Training v. Bucs -- Proof of Claim.DOCX

Jon,

        We are conforming the remainder of the documents and getting our client's final approval, but we have sign off on the claim form attached hereto, which incorporates our discussion this morning.

Thanks,
Kate


**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the

sender and delete all copies.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

| | |
|---|---|
| **From:** | Kathleen.Lally@lw.com |
| **To:** | Jon Piper |
| **Cc:** | mark.mester@lw.com |
| **Subject:** | RE: Technology Training v. Bucs -- Proof of Claim.DOCX |
| **Date:** | Thursday, June 16, 2016 12:17:08 PM |
| **Attachments:** | Technology Training v. Bucs -- Proof of Claim(7720495_20_NY) (2).DOCX |

Corrected.

---

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Thursday, June 16, 2016 12:14 PM
**To:** Lally, Kathleen (CH)
**Cc:** Mester, Mark (CH)
**Subject:** RE: Technology Training v. Bucs -- Proof of Claim.DOCX

The parenthetical that should go with the 4. verification of ownership somehow ended up in 3. Requested information. That should be moved down to 4..

3. **Requested Information If The Settlement Administrator Needs To Contact You** *(select (a) or (b) and sign your name)***:**

   Daytime Phone Number:_____     Email
   Address:_____

4. **You Must Verify Ownership Of The Fax Number(s) Listed In #1 Above:**

(a) The fax number(s) identified above or attached to this Proof of Claim was/were r....

---

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Thursday, June 16, 2016 12:10 PM
**To:** Jon Piper
**Cc:** mark.mester@lw.com
**Subject:** Technology Training v. Bucs -- Proof of Claim.DOCX

Jon,

       We are conforming the remainder of the documents and getting our client's final approval, but we have sign off on the claim form attached hereto, which incorporates our discussion this morning.

Thanks,
Kate

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without

TTA10262018 000291

express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

**Technology Training Association Inc., et al. v Buccaneers Limited Partnership**

**Case No. XXXXXXXXX**

**C/O [SETTLEMENT ADMINISTRATOR ADDRESS]**

> **Your Signed Claim Form Must Be Completed, Mailed**
> **And Postmarked No Later Than [_____, 201_].**
>
> **If You Do Not Submit A Claim Form By [_____, 201_], You**
> **Will Not Receive The Benefits Described In The Class Notice.**
> **Please Read This Entire Form Carefully.**

*To be eligible to receive payment under the proposed Settlement Agreement you must complete all steps to claim a share of the settlement fund:*

1.  Fax Number(s):   ___ ___ ___-___ ___ ___-___ ___ ___ ___

List all numbers on which you may have received faxes sent by or on behalf of BLP.  Attach an additional sheet if necessary.  The Settlement Administrator will verify that the fax number(s) appears in the existing records related to the case before approving your claim. If you believe you received more than one fax to the number(s) listed above, please indicate how many you believe you received at each number in parenthesis next to each number.

**2.  You Must Provide Your Contact Information.**

Name:_____

Company:_____

Address:_____

City/State/Zip Code:_____

**3.  Requested Information If The Settlement Administrator Needs To Contact You:**

Daytime Phone Number:_____   Email Address:_____

**4.  You Must Verify Ownership Of The Fax Number(s) Listed In #1 Above (select (a) or (b) and sign your name):**

(a) The fax number(s) identified above or attached to this Proof of Claim was/were registered to me or a company I owned or operated in 2009 or 2010.

_____

(Sign your name here)

### *OR*

(b) The fax number(s) identified in No. 1 above or attached to this Proof of Claim was **not**/were **not** registered to me or a company I owned or operated throughout 2009 and 2010.  Explain when you obtained the fax number(s) identified in No. 1 above and how you received the faxes at issue:

_____

_____

(Sign your name here)

5.  **Certification (please sign below):**

**PURSUANT TO 28 U.S. § 1746, I HEREBY STATE UNDER PENALTY OF PERJURY THAT I/MY COMPANY OWNED AND/OR USED THE FAX NUMBER(S) SPECIFIED ABOVE.  I FURTHER STATE THAT THE INFORMATION IN THIS CLAIM FORM IS TRUE AND CORRECT.**

Signature: _____   Date:_____

Print Name:_____

**Partial records exist of faxes allegedly sent by or on behalf of BLP, and BLP has the right to audit this claim form and verify your statements and dispute any claims that are based on inaccurate responses.**

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER TTA10262018 000293

**If the ... claims ... Approximate amount ... you ... mail ... representing your share of the Settlement Fund. This process takes time, so please be patient. Please keep a copy of your completed Claim Form for your records and ensure that you keep your current address on file with the Settlement Administrator.**

| | |
|---|---|
| **From:** | Jon Piper |
| **To:** | Kathleen.Lally@lw.com |
| **Cc:** | mark.mester@lw.com |
| **Subject:** | RE: Technology Training v. Bucs -- Proof of Claim.DOCX |
| **Date:** | Thursday, June 16, 2016 12:52:00 PM |

Kate – we have a few nits. What's a good time to talk?

---

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Thursday, June 16, 2016 12:17 PM
**To:** Jon Piper
**Cc:** mark.mester@lw.com
**Subject:** RE: Technology Training v. Bucs -- Proof of Claim.DOCX

Corrected.

---

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Thursday, June 16, 2016 12:14 PM
**To:** Lally, Kathleen (CH)
**Cc:** Mester, Mark (CH)
**Subject:** RE: Technology Training v. Bucs -- Proof of Claim.DOCX

The parenthetical that should go with the 4. verification of ownership somehow ended up in 3. Requested information. That should be moved down to 4..

3. **Requested Information If The Settlement Administrator Needs To Contact You** *(select (a) or (b) and sign your name)*:

   Daytime Phone Number:_____   Email
   Address:_____

4. **You Must Verify Ownership Of The Fax Number(s) Listed In #1 Above:**

(a) The fax number(s) identified above or attached to this Proof of Claim was/were r....

---

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Thursday, June 16, 2016 12:10 PM
**To:** Jon Piper
**Cc:** mark.mester@lw.com
**Subject:** Technology Training v. Bucs -- Proof of Claim.DOCX

Jon,

        We are conforming the remainder of the documents and getting our client's final approval, but we have sign off on the claim form attached hereto, which incorporates our discussion this morning.

Thanks,
Kate


**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800

Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

| | |
|---|---|
| **From:** | Jon Piper |
| **To:** | Kathleen.Lally@lw.com |
| **Cc:** | mark.mester@lw.com |
| **Subject:** | RE: Technology Training v. Bucs -- Proof of Claim.DOCX |
| **Date:** | Thursday, June 16, 2016 1:01:00 PM |

312-906-0906

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Thursday, June 16, 2016 1:04 PM
**To:** Jon Piper
**Cc:** mark.mester@lw.com
**Subject:** RE: Technology Training v. Bucs -- Proof of Claim.DOCX

I can call you now.  What is the best number?

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Thursday, June 16, 2016 12:56 PM
**To:** Lally, Kathleen (CH)
**Cc:** Mester, Mark (CH)
**Subject:** RE: Technology Training v. Bucs -- Proof of Claim.DOCX

Kate – we have a few nits. What's a good time to talk?

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Thursday, June 16, 2016 12:17 PM
**To:** Jon Piper
**Cc:** mark.mester@lw.com
**Subject:** RE: Technology Training v. Bucs -- Proof of Claim.DOCX

Corrected.

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Thursday, June 16, 2016 12:14 PM
**To:** Lally, Kathleen (CH)
**Cc:** Mester, Mark (CH)
**Subject:** RE: Technology Training v. Bucs -- Proof of Claim.DOCX

The parenthetical that should go with the 4. verification of ownership somehow ended up in 3.
Requested information. That should be moved down to 4..

3. <u>**Requested Information If The Settlement Administrator Needs To Contact You**</u> *(select (a) or (b) and sign your name)*:

    Daytime Phone Number:_____    Email
    Address:_____

4. <u>**You Must Verify Ownership Of The Fax Number(s) Listed In #1 Above**</u>:

(a) The fax number(s) identified above or attached to this Proof of Claim was/were r....

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]

**Sent:** Thursday, June 16, 2016 12:10 PM
**To:** Jon Piper
**Cc:** mark.mester@lw.com
**Subject:** Technology Training v. Bucs -- Proof of Claim.DOCX

Jon,

We are conforming the remainder of the documents and getting our client's final approval, but we have sign off on the claim form attached hereto, which incorporates our discussion this morning.

Thanks,
Kate

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

TTA10262018 000298

| From: | Kathleen.Lally@lw.com |
|---|---|
| To: | Jon Piper |
| Cc: | mark.mester@lw.com |
| Subject: | RE: Technology Training v. Bucs -- Proof of Claim.DOCX |
| Date: | Thursday, June 16, 2016 1:04:30 PM |

I can call you now.  What is the best number?

---

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Thursday, June 16, 2016 12:56 PM
**To:** Lally, Kathleen (CH)
**Cc:** Mester, Mark (CH)
**Subject:** RE: Technology Training v. Bucs -- Proof of Claim.DOCX

Kate – we have a few nits. What's a good time to talk?

---

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Thursday, June 16, 2016 12:17 PM
**To:** Jon Piper
**Cc:** mark.mester@lw.com
**Subject:** RE: Technology Training v. Bucs -- Proof of Claim.DOCX

Corrected.

---

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Thursday, June 16, 2016 12:14 PM
**To:** Lally, Kathleen (CH)
**Cc:** Mester, Mark (CH)
**Subject:** RE: Technology Training v. Bucs -- Proof of Claim.DOCX

The parenthetical that should go with the 4. verification of ownership somehow ended up in 3. Requested information. That should be moved down to 4..

3. **Requested Information If The Settlement Administrator Needs To Contact You** *(select (a) or (b) and sign your name)*:

    Daytime Phone Number:_____   Email
    Address:_____

4. **You Must Verify Ownership Of The Fax Number(s) Listed In #1 Above:**

(a) The fax number(s) identified above or attached to this Proof of Claim was/were r….

---

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Thursday, June 16, 2016 12:10 PM
**To:** Jon Piper
**Cc:** mark.mester@lw.com
**Subject:** Technology Training v. Bucs -- Proof of Claim.DOCX

Jon,

      We are conforming the remainder of the documents and getting our client's final approval, but we have sign off on the claim form attached hereto, which incorporates our discussion this morning.

Thanks,
Kate

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

| From: | Kathleen.Lally@lw.com |
|---|---|
| To: | Jon Piper |
| Cc: | mark.mester@lw.com |
| Subject: | Notice and Claim Form |
| Date: | Thursday, June 16, 2016 2:56:46 PM |
| Attachments: | Detailed Class Notice - Buccaneers(7720796_6_NY).DOCX |
| | Technology Training v. Bucs -- Proof of Claim(7720495_21_NY)_(2).DOCX |

Jon,

   Attached please find the notice and claim form.  I will send a clean and redline of the Settlement Agreement soon.

Kate

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

## If You Received A Facsimile Advertising Allegedly Sent By Or On Behalf Of BLP In 2009 Or 2010, You May Be Part Of A Class Action Settlement

### IMPORTANT
### PLEASE READ THIS NOTICE CAREFULLY

### THIS NOTICE RELATES TO THE PENDENCY OF A CLASS ACTION LAWSUIT AND, IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS UNDER THE SETTLEMENT[1]

*A federal court directed this notice.  This is not a solicitation from a lawyer.  You are not being sued.*

- A Settlement has been reached in a class action lawsuit alleging that the Buccaneers Limited Partnership ("BLP") improperly sent advertisements regarding tickets for Tampa Bay Buccaneer games by facsimile. BLP denies the allegations in the lawsuit, and the Court has not decided who is right.

- Settlement Class Members who submit Valid Claims will be entitled to an Award.

- Your legal rights are affected whether you act or do not act.  Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
| --- | --- |
| **SUBMIT A CLAIM FORM** (_____, 201_) | Submit a Claim Form seeking payment. Give up your right to be part of another lawsuit, arbitration or proceeding against BLP for the same legal claims resolved by this Settlement. |
| **OPT OUT OF THE SETTLEMENT** (_____, 201_) | Request to be excluded and receive no benefits from the Settlement.  This is the only option that allows you to start or continue your own lawsuit against BLP for the claims at issue in the Settlement. |
| **OBJECT** (_____, 201_) | Remain in the Settlement and write to the Court about why you do not like the Settlement.  If you would like benefits from the Settlement, you will need to file a Valid Claim. Give up your right to be part of another lawsuit, arbitration or proceeding against BLP for the same legal claims resolved by this Settlement. |
| **GO TO A HEARING** (_____, 201_) | Remain in the Settlement and ask to speak in Court about the fairness of the Settlement. Give up your right to be part of another lawsuit, arbitration or proceeding against BLP for the same legal claims resolved by this Settlement. |
| **DO NOTHING** | Get no benefits. Give up your right to be part of another lawsuit, arbitration or proceeding against BLP for the same legal claims resolved by this Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court still has to decide whether to approve the Settlement.  If it does, and after any appeals are resolved, benefits will be distributed to those who submit qualifying claim forms.  Please be patient.

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Settlement Agreement and Release ("Settlement Agreement") available from Class Counsel or by visiting the Settlement Website.  If this notice conflicts with the Settlement Agreement, the Settlement Agreement will control.

**QUESTIONS?  CALL 1-8XX-XXX-XXXX OR GO TO [WEBSITE]**

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ..........................................................................................................PAGE 3
    1. Why is there a notice?
    2. What is this litigation about?
    3. What is the Telephone Consumer Protection Act?
    4. Why is this a class action?
    5. Why is there a settlement?

**WHO IS PART OF THE SETTLEMENT**..........................................................................PAGE 4
    6. Who is included in the Settlement?
    7. What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS**......................................................................................PAGE 4-5
    8. What does the Settlement provide?
    9. How do I file a Claim?
    10. When will I receive my payment?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** .........................................................PAGE 5-6
    11. How do I get out of the Settlement?
    12. If I do not exclude myself, can I sue the Defendant for the same thing later?
    13. What am I giving up to stay in the Settlement Class?
    14. If I exclude myself, can I still get a payment?

**THE LAWYERS REPRESENTING YOU**..........................................................................PAGE 6
    15. Do I have a lawyer in the case?
    16. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** ...........................................................................PAGE 6-7
    17. How do I tell the Court if I do not like the Settlement?
    18. What is the difference between objecting and asking to be excluded?

**THE FAIRNESS HEARING** .........................................................................................PAGE 7-8
    19. When and where will the Court decide whether to approve the Settlement?
    20. Do I have to attend the hearing?
    21. May I speak at the hearing?

**IF YOU DO NOTHING** ...............................................................................................PAGE 8
    22. What happens if I do nothing at all?

**GETTING MORE INFORMATION** ................................................................................PAGE 8
    23. How do I get more information?

**QUESTIONS?  CALL 1-8XX-XXX-XXXX OR GO TO [WEBSITE]**

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER   TTA10262018 000303

## BASIC INFORMATION

| 1. Why is there a notice? |
|---|

This Notice is to inform you of the proposed Settlement of a class action lawsuit and about all of your rights and options before the Court decides whether to approve it. This Notice describes the lawsuit, the proposed Settlement, your legal rights, what benefits are available and who can get them.

_____ of the United States District Court for the Middle District of Florida is overseeing the proposed Settlement in the matter of [ ] (the "Litigation"). The proposed Settlement will resolve the claims made against BLP in the Litigation.  The people who sued are called the "Plaintiffs."  BLP is the "Defendant."

| 2.  What is this Litigation about? |
|---|

The Litigation alleges that in 2009 and 2010 BLP improperly sent advertisements by facsimile and seeks actual damages, as well as statutory damages under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA") on behalf of a proposed class of all persons who received one or more facsimile advertisements from or on behalf of BLP in 2009 and 2010.

BLP denies each and every allegation of wrongdoing, liability and damages that were or could have been asserted in the Litigation and further denies that the claims in the Litigation would be appropriate for class treatment if the Litigation were to proceed through trial.

The Settlement resolves the lawsuit.  The Court has not decided who is right.

| 3.  What is the Telephone Consumer Protection Act? |
|---|

The TCPA is a federal law that restricts telephone solicitations and the use of certain automated telephone equipment, such as automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines for advertising and certain other purposes.

| 4. Why is this a class action? |
|---|

In a class action, one or more people called "Class Representatives" (in this case, Plaintiffs Technology Training Associates, Inc. and Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic) sue on behalf of themselves and other similarly situated people.  Together, all the people with similar claims are members of a "Settlement Class."

| 5. Why is there a Settlement? |
|---|

The Court has not decided in favor of Plaintiffs or BLP.  Instead, both sides have agreed to a settlement.  By agreeing to the Settlement, the parties avoid the costs and uncertainty of a trial, and if the Settlement is approved by the Court, Settlement Class Members will receive the benefits described in this notice.  The proposed Settlement does not mean that any law was broken or that BLP did anything wrong.  BLP denies all legal claims in this case.  Plaintiffs and their lawyers think the proposed Settlement is best for everyone who is affected.

**QUESTIONS?  CALL 1-8XX-XXX-XXXX OR GO TO [WEBSITE]**

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                    TTA10262018 000304

# WHO IS PART OF THE SETTLEMENT

## 6. Who is included in the Settlement?

The Settlement includes all persons who, in 2009 or 2010, received one or more facsimile advertisements sent by or on behalf of BLP and offering group or individual game tickets for Tampa Bay Buccaneer games.  These people are called the "Settlement Class."

Excluded from the Settlement Class are (a) BLP and its respective parents, subsidiaries, divisions, affiliates, associated entities, business units, predecessors in interest, successors, successors in interest and representatives and each of their respective immediate family members; (b) Class Counsel; and (c) the Judges who have presided over the Litigation and any related cases.

## 7.  What if I am not sure whether I am included in the Settlement?

If you are not sure whether you are in the Settlement Class, or have any other questions about the Settlement, call the toll free number, 1-8XX-XXX-XXXX, visit the Settlement Website, www._____, or send questions to the Settlement Administrator at _____, PO Box XXXX, [City], [State] XXXXX-XXXX.  You may also call Class Counsel at the number listed in Question 17.

# THE SETTLEMENT BENEFITS

## 8.  What does the Settlement provide?

BLP has agreed to pay up to $19.5 million to create a "Settlement Fund."  The Settlement Fund will be used to pay Awards, the Attorneys' Fee Awards, and Incentive Awards to Plaintiffs.  Awards will be distributed to Settlement Class Members who submit Valid Claims.  Each Settlement Class Member who received one or more unsolicited facsimile advertisements sent by or on behalf of BLP and who submit a Valid Claim shall be eligible to receive up to: (i) $350 for the first such facsimile; (ii) $100 for the second such facsimile; (iii) $75 for the third such facsimile; (iv) $20 for the fourth such facsimile; and (v) $20 for the fifth such facsimile.

## 9.  How do I file a Claim?

To receive a payment, you must submit a Valid Claim.  To submit a Valid Claim, you must timely and fully complete and submit a Claim Form by mail on or before Month DD, 201_.  Claim Forms may be obtained on the Settlement Website, www._____.

You can submit your Claim Form via regular mail.  Claim Forms submitted by mail must be postmarked on or before Month Day, 2016 to:

<div align="center">

_____ Settlement Administrator
PO Box XXX
City, State XXXXX-XXXX

</div>

Please read the Claim Form carefully and provide all the information required.

<div align="center">

QUESTIONS?  CALL 1-8XX-XXX-XXXX OR GO TO [WEBSITE]

</div>

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER    TTA10262018 000305

## 10.  When will I receive my payment?

Payments for Valid Claims will be made only after the Court enters a Final Order and Judgment granting approval of the Settlement and after any appeals are resolved (*see* "Fairness Hearing" below).  If there are appeals, resolving them can take time.  Please be patient.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

## 11.  How do I get out of the Settlement?

If you want to keep any right you might have to sue BLP about the issues in this case and if you do not want benefits from the Settlement, then you must take steps to exclude yourself from the Settlement.  This is called "opting-out" of the Settlement Class.

To exclude yourself from the Settlement, you must send a letter or other written document by mail to:

<div align="center">

_____ Settlement Administrator
PO Box XXXX
City, State XXXXX-XXXX

</div>

Your request to be excluded from the Settlement must be personally signed by you and contain a statement that you are a member of the Settlement Class but desire to be excluded from it.

Your exclusion request must be postmarked no later than Month Day, 2016.  You cannot ask to be excluded on the phone, by email or in any other manner.

You may opt-out of the Settlement Class only for yourself.  So-called "mass" or "class" opt outs, whether filed by third parties on behalf of a "mass" or "class" of members of the Settlement Class or multiple members of the Settlement Class where no personal statement has been signed by each and every individual member of the Settlement Class, are not allowed.

## 12.  If I do not exclude myself, can I sue the Defendant for the same thing later?

No.  Unless you exclude yourself, you give up any right you might have to sue BLP for legal claims that the Settlement resolves.  You must exclude yourself from the Settlement Class in order to try to maintain your own lawsuit.  If you start your own lawsuit, you will have to hire your own lawyer and you will have to prove your claims.

## 13.  What am I giving up to stay in the Settlement Class?

Unless you exclude yourself from the Settlement, you cannot sue or be part of any other lawsuit against BLP about the issues in this case, including any existing litigation, arbitration, or proceeding.  Unless you exclude yourself, all of the decisions and judgments by the Court will bind you.  If you file a Claim Form for benefits or do nothing at all, you will be releasing BLP from all of the claims described and identified in Section [ ] of the Settlement Agreement.

The Settlement Agreement is available by calling [SA Number] or writing to [SA ADDRESS].  The Settlement Agreement provides more detail regarding the release and describes the released claims

<div align="center">

QUESTIONS?  CALL 1-8XX-XXX-XXXX OR GO TO [WEBSITE]

</div>

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                TTA10262018 000306

with specific descriptions in necessary, accurate legal terminology, so read it carefully. You can talk to the law firm seeking to represent the Settlement Class and listed in Question 15 for free or you can, at your own expense, talk to your own lawyer if you have any questions about the released claims or what they mean.

### 14.  If I exclude myself, can I still get a payment?

No.   You will not get a payment from the Settlement Fund if you exclude yourself from the settlement.

## THE LAWYERS REPRESENTING YOU

### 15.  Do I have a lawyer in the case?

The Court has appointed Phillip A. Bock, Jonathan B. Piper, Daniel J. Cohen of Bock, Hatch, Lewis & Oppenheim, LLC  as "Class Counsel" to represent all members of the Settlement Class.

You will not be charged for these lawyers' services. The Attorneys' Fee Awards will be paid directly from the Settlement Fund. If you want to be represented by another lawyer, you may hire one to appear in Court for you at your own expense.

### 16.  How will the lawyers be paid?

Class Counsel intend to request up to twenty-five percent (25%) ($4,875,000) of the Settlement Fund for attorneys' fees and reasonable, actual out-of-pocket expenses incurred in the Litigation.  The fees and expenses awarded by the Court will be paid out of the Settlement Fund.  The Court will decide the amount of fees and expenses to award.

Plaintiffs will apply for Incentive Awards in an amount to be paid from the Settlement Fund. Plaintiff Technology Training Associates will apply for an award of $20,000 and Plaintiff Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic will apply for $3,000.

## OBJECTING TO THE SETTLEMENT

### 17.  How do I tell the Court if I do not like the Settlement?

If you are a Settlement Class Member (and do not exclude yourself from the Settlement Class), you can object to any part of the Settlement.  To object, you must submit a letter or other written document that includes the following:

1) A heading that includes the case name and case number - [ ].

2) Your name, address, telephone number and, if represented by counsel, the name, bar number, address and telephone number of your counsel;

3) A signed declaration stating that you are a member of the Settlement Class and in 2009 and/or 2010, received one or more facsimile advertisements sent by or on behalf of BLP;

4) A statement of all your objections to the Settlement; and

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000307

5) A statement of whether you intend to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name, bar number, address, and telephone number of your counsel who will attend.

You must file your objection with the Court and mail or email your objection to each of the following postmarked or emailed by **Month Day, 2016**:

| Settlement Administrator | Class Counsel | Defendant's Counsel |
|---|---|---|
| | Phillip A. Bock<br>Jonathan B. Piper<br>Daniel J. Cohen<br>Bock, Hatch, Lewis &<br>Oppenheim, LLC<br>134 North La Salle Street,<br>Suite 1000<br>Chicago, Illinois 60602 | Mark S. Mester<br>Kathleen P. Lally<br>Latham & Watkins LLP<br>330 N. Wabash Avenue<br>Suite 2800<br>Chicago, Illinois 60611 |

## 18.  What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you do not like something about the Settlement.  You can object to the Settlement only if you do not exclude yourself.  Excluding yourself is telling the Court that you do not want to be part of the Settlement.  If you exclude yourself, you have no basis to object to the Settlement because it no longer affects you.

# THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement and any requests for fees and expenses ("Fairness Hearing").

## 19.  When and where will the Court decide whether to approve the Settlement?

The Court has scheduled a Fairness Hearing on **Month Day, 2016 at __:__ _m**, at the [address].  The hearing may be moved to a different date or time without additional notice.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  The Court will also consider the requests by Class Counsel for Attorneys' Fee Award and for Inventive Awards to the Class Representatives.  If there are objections, the Court will consider them at that time.  After the hearing, the Court will decide whether to approve the Settlement.  It is unknown how long these decisions will take.

## 20.  Do I have to attend the hearing?

No.  Class Counsel will answer any questions the Court may have.  But, you are welcome to attend the hearing at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you submitted your written objection on time, to the proper addresses, and it complies with the other requirements set forth above, the Court will consider it.  You also may pay your own lawyer to attend the hearing, but it is not necessary.

**QUESTIONS?  CALL 1-8XX-XXX-XXXX OR GO TO [WEBSITE]**

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER   TTA10262018 000308

| 21.  May I speak at the hearing? |
|---|

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, your filed objection must include a statement of whether you intend to appear at the Fairness Hearing (*See* question 17 above).

You cannot speak at the hearing if you exclude yourself from the Settlement.

## IF YOU DO NOTHING

| 22.  What happens if I do nothing at all? |
|---|

If you are a member of the Settlement Class and do nothing, you will not get benefits from the Settlement.  And, unless you exclude yourself, you will be bound by the judgment entered by the Court.  This means you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit or proceeding against BLP about the claims at issue in this case.

## GETTING MORE INFORMATION

| 23.  How do I get more information? |
|---|

This notice summarizes the proposed Settlement.  More details are in the Settlement Agreement.  For a complete, definitive statement of the settlement terms visit the Settlement Website at _____, write with questions to the Settlement Administrator at _____ Settlement Administrator, PO Box XXXX, City, State XXXXX-XXXX, or call the toll-free number, 1-8XX-XXX-XXXX.

**QUESTIONS?  CALL 1-8XX-XXX-XXXX OR GO TO [WEBSITE]**

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000309

## Technology Training Associates, Inc., et al. v Buccaneers Limited Partnership

## Case No. XXXXXXXXX

### C/O [SETTLEMENT ADMINISTRATOR ADDRESS]

---

**Your Signed Claim Form Must Be Completed, Mailed
And Postmarked No Later Than [_____, 201_].**

**If You Do Not Submit A Claim Form By [_____, 201_], You
Will Not Receive The Benefits Described In The Class Notice.
Please Read This Entire Form Carefully.**

---

*To be eligible to receive payment under the proposed Settlement Agreement you must complete <u>all</u> steps to claim a share of the settlement fund:*

1.  Fax Number(s):   ___ ___ ___-___ ___ ___-___ ___ ___ ___

    _____

    List all numbers on which you may have received faxes sent by or on behalf of BLP.  Attach an additional sheet if necessary.  The Settlement Administrator will verify that the fax number(s) appears in the existing records related to the case before approving your claim. If you believe you received more than one fax to the number(s) listed above, you may indicate how many you believe you received at each number in parenthesis next to each number.

**2.  You Must Provide Your Contact Information.**

Name:_____

Company:_____

Address:_____

City/State/Zip Code:_____

**3.  Requested Information If The Settlement Administrator Needs To Contact You:**

Daytime Phone Number:_____   Email Address:_____

**4.  You Must Verify Ownership Of The Fax Number(s) Listed In #1 Above (select (a) or (b) and sign your name):**

(a) The fax number(s) identified above or attached to this Proof of Claim was/were registered to me or a company I owned or operated in 2009 or 2010.

_____

(Sign your name here)

### *OR*

(b) The fax number(s) identified in No. 1 above or attached to this Proof of Claim was **not**/were **not** registered to me or a company I owned or operated throughout 2009 and 2010.  Explain when you obtained the fax number(s) identified in No. 1 above and how you received the faxes at issue:

_____

_____

(Sign your name here)

5.  **Certification (please sign below):**

**PURSUANT TO 28 U.S. § 1746, I HEREBY STATE UNDER PENALTY OF PERJURY THAT I/MY COMPANY OWNED AND/OR USED THE FAX NUMBER(S) SPECIFIED ABOVE.  I FURTHER STATE THAT THE INFORMATION IN THIS CLAIM FORM IS TRUE AND CORRECT.**

Signature: _____   Date:_____

Print Name:_____

**Partial records exist of faxes allegedly sent by or on behalf of BLP, and BLP has the right to audit this claim form and verify your statements and dispute any claims that are based on inaccurate responses.**

TTA10262018 000310

**If the... Final Approval... claims... representing your share of the Settlement Fund.  This process takes time, so please be patient.  Please keep a copy of your completed Claim Form for your records and ensure that you keep your current address on file with the Settlement Administrator.**

TTA10262018 000311

| | |
|---|---|
| **From:** | Kathleen.Lally@lw.com |
| **To:** | Jon Piper |
| **Cc:** | mark.mester@lw.com |
| **Subject:** | Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release |
| **Date:** | Thursday, June 16, 2016 3:01:29 PM |
| **Attachments:** | NY-7719933-v11 Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release.docx |
| | CP_Redline - NY-7719933-v10 Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and |
| | Release and NY-7719933-v11 Technology Training.pdf |

Jon,

Attached is a clean and redline of the Settlement Agreement.  My clients are looking at this one more time as well, though, just FYI.

Thanks,
Kate

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is entered into between Plaintiffs Technology Training Associates~~, Inc., Spicola International~~, Inc. and Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic and Defendant Buccaneers Limited Partnership in order to effect a full and final settlement and dismissal with prejudice of all claims against Buccaneers Limited Partnership as alleged in the case captioned

_____ on the terms set forth below and to the full extent reflected herein, subject to approval of the Court.  Capitalized terms shall have the meaning ascribed to them in Section II of this Settlement Agreement.

## I.    RECITALS

A.     On or about May 6, 2016, Plaintiff Technology Training Associates, Inc. filed a complaint in the Circuit Court of the 13th Judicial Circuit in and for Hillsborough County, Florida alleging that in 2009 and 2010 BLP improperly sent advertisements by facsimile. Technology Training Associates, Inc. sought actual damages and statutory damages under the TCPA on behalf of itself and a proposed class of "[a]ll persons who, from July 1, 2009, to present, were sent one or more facsimile advertisements offering group or individual game tickets for Tampa Bay Buccaneer games, but not stating on the first page that the fax recipient may make a request to the sender not to send any future ads and that failure to comply, within 30 days, with such a request is unlawful."

B.     The complaint filed by Technology Training Associates, Inc. addressed ~~the same~~similar conduct and sought to represent essentially the same class as a case pending in the United States District Court for the Middle District of Florida before Magistrate Judge Anthony E. Porcelli, captioned Cin-Q Automobiles, Inc., et al. v. Buccaneers Limited

Partnership, et al., Case No. 8:13-cv-01592-AEP ("Cin-Q").  The parties in Cin-Q had been

engaged in mediation and attempting to reach a settlement for more than eight (8) months, but

had been unsuccessful.  Indeed, on April 18, 2016, BLP had filed a motion for a settlement

conference in Cin-Q, offering to waive the mediation privilege, relying on the Court's

supervisory authority under Fed. R. Civ. P. 23(g) and requesting that the Court or its designee

hold a settlement conference.  The Cin-Q plaintiffs and their counsel, however, opposed any

settlement conference before the Court or its designee, insisted that the mediator in the prior

mediation declare an impasse (which he did) and flatly refused to waive the mediation privilege.

  C.  After the complaint on behalf of Technology Training Associates, Inc. was filed,

Class Counsel contacted BLP Counsel and indicated that they were aware of and had reviewed

the motion for a settlement conference filed by BLP in Cin-Q and understood that Cin-Q's

counsel had opposed that motion and had filed a notice of impasse.  Class Counsel then asked

if BLP would have any interest in an early mediation of the new case, pointing out that the

parties in that case would apparently be required to engage in alternative dispute resolution

under the applicable court rules.  The Parties agreed to a mediation and scheduled an initial

mediation session for May 19, 2016.

  D.  Prior to the May 19, 2016 mediation, however, Plaintiff Technology Training

Associates, Inc. dismissed, without prejudice, the complaint filed in Hillsborough County,

Florida due to efforts by counsel for the plaintiffs in Cin-Q to interfere with the Parties'

mediation and settlement discussion.  Class Counsel indicated to BLP, however, that they were

maintaining the claims and that they intended to formally re-file that complaint once settlement

discussions had concluded, whether or not those discussions resulted in a settlement.

NY\7719933.10 - Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release DRAFT 06-16-2016  14:53  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER            TTA10262018 000314

E.      Thereafter, the Parties participated in a full-day mediation on May 19, 2016 in Tampa, Florida before mediator Peter Grilli.  The Parties were not able to reach a settlement during that mediation, but made progress and agreed to continue negotiations.

F.      ~~Over the next two (2) weeks, the~~The Parties continued their settlement discussions~~, which culminated~~ in a second full-day mediation session on June 1, 2016 in Tampa, Florida with Mr. Grilli.  At the end of that mediation session, the Parties had reached an agreement in ~~principal~~principle that would resolve the claims in Plaintiffs' Complaint on a class-wide basis, subject to finalization of a mutually-agreeable settlement agreement and subject to court approval.

G.      On or about _____, Plaintiffs filed their Complaint in the ~~_____~~United States District Court for the Middle District of Florida, alleging that in 2009 and 2010 BLP improperly sent advertisements by facsimile, seeking actual damages, as well as statutory damages under the TCPA on behalf of themselves and a proposed class of "_____."

H.      BLP denies all material allegations in the Litigation and have asserted a variety of affirmative defenses.  BLP specifically denies that ~~they have~~it has engaged in any wrongdoing whatsoever, that ~~they have~~it has any liability in connection with the claims asserted or that could have been asserted in the Litigation and further deny that the claims in the Litigation can properly be maintained as a class action, other than for the purposes of settlement.

I.      Plaintiffs and Class Counsel have conducted an examination of the facts and documents relating to the Litigation, including documents and information produced by BLP prior to and during mediation, and have concluded that this Settlement provides substantial

NY\7719933.10 - Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release DRAFT 06-16-2016  14:53  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                          TTA10262018 000315

benefits to Plaintiffs and the Settlement Class and resolves all issues that were or could have been raised in the Litigation without prolonged litigation and the risks and uncertainties inherent in litigation.  Plaintiffs, Class Counsel and Mr. Grilli have further concluded that this Settlement is fair, reasonable, adequate and in the best interest of the Settlement Class.

J.      BLP denies each and every allegation of wrongdoing, liability and damages that were or could have been asserted in the Litigation and further deny that the claims in the Litigation would be appropriate for class treatment if the Litigation were to proceed through litigation and trial.  Nonetheless, without admitting or conceding any wrongdoing, liability or damages or the appropriateness of Plaintiffs' claims or similar claims for class treatment, BLP consents to the Settlement solely to avoid the expense, inconvenience and inherent risk of litigation as well as continued disruption of their business operations.

K.      Nothing in this Settlement or Settlement Agreement shall be construed as an admission or concession by BLP of the truth of any allegations raised in the Litigation or of any fault, wrongdoing, liability or damages of any kind.

L.      This Settlement Agreement, its terms, documents related to it and the negotiations or proceedings connected with it shall not be offered or received into evidence in the Litigation or in any other action or proceeding to establish any liability or admission by BLP.

**NOW**, **THEREFORE**, in consideration of the foregoing and the mutual covenants, promises and general releases set forth below and subject to preliminary and final approval of the Court, the Parties hereby agree as follows:

## II.      DEFINITIONS

As used herein, the following terms have the meanings set forth below.

NY\7719933.10 - Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release DRAFT 06-16-2016  14:53  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                          TTA10262018 000316

A.      "Attorneys' Fee Award" means the Court-approved award to Class Counsel as defined in Section —VI, Paragraph —A and payable from the Net Settlement Fund.

B.      "Available Award Total" means the amount of money in the Net Settlement Fund available to pay such Awards.

C.      "Award" means the cash compensation that Settlement Class Members who submit Valid Claims shall be entitled to receive as detailed in Section —Sections IV and VIII and payable from the Net Settlement Fund.

D.      "BLP" shall mean Defendant Buccaneers Limited Partnership.

E.      "BLP Counsel" means Latham & Watkins LLP and Holland & Knight.

F.      "CAFA Notices" means the notice of this settlement to be served upon State and Federal regulatory authorities as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

G.      "Claim Deadline" means the date by which Class Members must submit Claims Forms to be eligible for the benefits described herein, which date will be specified in the Class Notice.

H.      "Claim Form" means the claim form that Settlement Class Members must complete and submit on or before the Claim Deadline to be eligible for the benefits described herein, which document shall be submitted to the Court when the Parties seek preliminary approval of the Settlement shall be without material alteration from Exhibit A.  Claim Forms will be processed after the Effective Date.

I.      "Class Counsel" means Phillip A. Bock, Jonathan B. Piper and Daniel J. Cohen of Bock, Hatch, Lewis & Oppenheim, LLC.

J.      "Class Notice" means the Court-approved forms of notice to the Settlement Class, which will notify members of the Settlement Class of entry of the Preliminary Approval Order and the scheduling of the Fairness Hearing, among other things.

K.      "Court" means the United States District Court for the Middle District of Florida.

L.      "Days" means calendar days, except that when computing any period of time prescribed or allowed by this Settlement Agreement, the day of the act, event or default from which the designated period of time begins to run shall not be included.  Furthermore, when computing any period of time prescribed or allowed by this Settlement Agreement, the last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a Federal or State of Florida legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday or Federal or State of Florida legal holiday.

M.      "Effective Date" means the date defined in Section —**XIII**.

N.      "Fairness Hearing" means the hearing at which the Court orders final approval of the Settlement.

O.      "Final" means final as defined in Section —**XIII**, Paragraph —**B**.

P.      "Final Order and Judgment" means a final order entered by the Court after the Fairness Hearing, granting approval of the Settlement as further described in Section __.

Q.      "Incentive Award" means the Court-approved award, if any, to the individual class representative as defined in Section —**VI**, Paragraph —**B** and payable from the Net Settlement Fund.

R.      "Litigation" means the action captioned _____.

NY\7719933.10   Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release DRAFT 06-16-2016  14:53  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                              TTA10262018 000318

S.     "Mailed Notice" shall mean the notice of the settlement provided to the Settlement Class by first class mail, postage pre-paid, which shall be without material alteration from Exhibit —**B**.

T.     "Net Settlement Fund" means the Settlement Fund, less the amounts paid for the Attorneys' Fee Award and Incentive Awards, as described in more detail in Section —**IV**.

U.     "Notice And Administration Costs" means the reasonable and authorized costs and expenses of the Settlement Class Notice Program and all reasonable and authorized costs and expenses incurred by the Settlement Administrator or BLP in administering the Settlement, including but not limited to costs and expenses associated with assisting members of the Settlement Class, processing claims, escrowing funds, issuing and mailing the benefits provided by the Settlement and other reasonable and authorized fees and expenses of the Settlement Administrator.

V.     "Notice Date" means the first day on which the Settlement Administrator begins disseminating the Class Notice.

W.     "Opt-Out" shall refer to a member of the Settlement Class who properly and timely submits a request for exclusion from the Settlement Class as set forth in Section —**IX**, Paragraph —**B**.  An Opt-Out may rescind a request for exclusion by submitting a Claim Form to the Settlement Administrator to obtain benefits under the Settlement.

X.     "Opt-Out List" shall refer to the list compiled by the Settlement Administrator identifying those who properly and timely submit a request for exclusion from the Settlement Class and become Opt-Outs.

Y.      "Opt-Out and Objection Date" means the date by which a request for exclusion must be filed with the Settlement Administrator in order for a member of the Settlement Class

7

to be excluded from the Settlement Class, and the date by which Settlement Class Members must file objections, if any, to the Settlement.

Z.    "Parties" means Plaintiffs and Settlement Class Members together with BLP. Plaintiffs and Settlement Class Members shall be collectively referred to as one "Party," with BLP as the other "Party."

AA.    "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, member, joint stock company, estate, legal representative, trust, unincorporated association, any business or legal entity and such individual's or entity's spouse, heirs, predecessors, successors, representatives and assignees.

BB.    "Plaintiffs" means Technology Training Associates~~, Inc., Spicola International~~, Inc. and Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic.

CC.    "Preliminary Approval Date" means the date the Preliminary Approval Order has been executed and entered by the Court and received by counsel for the Parties.

DD.    "Preliminary Approval Order" means the order defined in Section ~~—~~X and entered by the Court preliminary approving the Settlement.

~~EE. "Published Notice" shall mean the notice published as part of the Settlement Class Notice Program, which shall be without material alteration from Exhibit —.~~

EE.    ~~FF.~~ "Release" means the release and discharge, as of the Effective Date, by Plaintiffs and all Settlement Class Members (and their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors), who have not excluded themselves from the Settlement Class, of the Released Persons and shall include the agreement and commitment by Plaintiffs and all Settlement Class Members to not now or hereafter initiate, maintain or assert against the Released Persons or

8

any of them any and all causes of action, claims, rights, demands, actions, claims for damages, equitable, legal and/or administrative relief, interest, demands or rights, including without limitation, claims for damages of any kind, including those in excess of actual damages, whether based on federal, state or local law, statute, ordinance, regulation, contract, common law or any other sources that have been, could have been, may be or could be alleged or asserted now or in the future by Plaintiffs or any Settlement Class Members against the Released Persons, or any of them, in the Litigation or in any other court action or before any administrative body (including any regulatory entity or organization), tribunal, arbitration panel or other adjudicating body arising out of or related to the Released Claims.

**FF.** ~~GG.~~ "Released Claims" means any and all claims, actions, causes of action, rights, demands, suits, debts, liens, contracts, agreements, offsets or liabilities, including but not limited to statutory consumer protection claims, tort claims, conversion claims, negligence claims, claims for breach of contract, breach of the duty of good faith and fair dealing, breach of statutory duties, actual or constructive fraud, misrepresentations, fraudulent inducement, statutory and consumer fraud, breach of fiduciary duty, unfair business or trade practices, conversion, restitution, rescission, compensatory and punitive damages, injunctive or declaratory relief, attorneys' fees, interests, costs, penalties and any other claims, whether known or unknown, alleged or not alleged in the Litigation, suspected or unsuspected, contingent or matured, under federal, state or local law, which Plaintiffs and/or any Settlement Class Member had, now have or may in the future have with respect to any conduct, act, omissions, facts, matters, transactions or oral or written statements or occurrences on or prior to the Preliminary Approval Date arising from or relating to ~~facsimiles~~ facsimile advertisements offering group or individual game tickets for Tampa Bay Buccaneer

NY\7719933.10   Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release DRAFT 06-16-2016  14:53  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                              TTA10262018 000321

**games** sent by and/or on behalf of the Released Persons**, FaxQom and/or any entities hired by FaxQom** to the Releasing Persons, including, without limitation, the causes of action and allegations made by Plaintiffs in the Litigation as well as claims and allegations that the Released Persons violated any consumer protection, deceptive trade practices acts, privacy laws, the TCPA and/or and common law of any state or the District of Columbia.

**GG.** ~~HHH.~~ "Released Persons" means BLP, its affiliates, past, present and future direct and indirect predecessors, successors, assigns, parents, subsidiaries, affiliates, joint venturers, partnerships, limited liability companies, corporations, unincorporated entities, divisions, groups, directors, officers, shareholders, members, employees, partners, agents, insurers and attorneys. **Released Persons does not include FaxQom or any entities hired by FaxQom to send facsimile advertisements offering group or individual game tickets for Tampa Bay Buccaneer games.**

**HH.** ~~II.~~ "Releasing Persons" means Plaintiffs and all Settlement Class Members, and the respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors of each of Plaintiffs and Settlement Class Members.

**II.** ~~JJ.~~ "Settlement" means the settlement set forth in this Settlement Agreement.

**JJ.** ~~KK.~~ "Settlement Administrator" means the independent professional service company to be selected by the Parties, subject to approval of the Court, which will administer Class Notice, administer the Settlement in accordance with this Settlement Agreement**,** **maintain the Settlement Website** and engage in any other tasks directed by the Court, Class Counsel or BLP Counsel.

**KK.** ~~LL.~~ "Settlement Agreement" or "Agreement" means this Settlement Agreement and Release, including all exhibits hereto.

**LL.** ~~MM.~~ "Settlement Class" means all Persons who fall within the definition of the class identified in Section ~~───~~**III**, Paragraph ~~──~~**A**.

**MM.** ~~NN.~~ "Settlement Class Members" means all Persons in the Settlement Class who do not exclude themselves (i.e., become Opt-Outs) pursuant to Section ~~──~~**IX**, Paragraph ~~──~~**A**.

**NN.** ~~OO.~~ "Settlement Class Notice Program" means the process devised by the Parties and the Settlement Administrator, and approved by the Court, for notifying the Settlement Class of the Settlement and Settlement Agreement.

**OO.** ~~PP.~~ "Settlement Fund" means $19,500,000 as described in **more detail in** Section ~~──, Paragraph ──~~**IV**.

**PP.** **"Settlement Website" means the dedicated website created and maintained by the Settlement Administrator, which will contain relevant documents and information about the Settlement, including this Settlement Agreement, the Class Notice and the Claim Form.**

QQ.    "TCPA" means the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227.

RR.    "Valid Claim" means a timely and fully completed Claim Form submitted by a Settlement Class Member as more fully described in Section ~~──~~**VIII**.

SS.    The plural of any defined term includes the singular, and vice versa, as made necessary in context.

11

NY\7719933.10   Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release DRAFT 06-16-2016  14:53  056866-0001

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000323

### III.   PROPOSED CLASS FOR SETTLEMENT PURPOSES

A.    Pursuant to Fed. R. Civ. P. 23, the Parties hereto agree to certification, for

settlement purposes only, of the following Settlement Class:

> All persons who, ~~from July 1,~~in 2009 ~~to present~~or 2010, received one or more facsimile advertisements sent by or on behalf of BLP and offering group or individual game tickets for Tampa Bay Buccaneer games.

Specifically excluded from the Settlement Class are the following Persons:

(i)     BLP and its respective parents, subsidiaries, divisions, affiliates, associated entities, business units, predecessors in interest, successors, successors in interest and representatives and each of their respective immediate family members;

(ii)    Class Counsel; and

(iii)   The judges who have presided over the Litigation and any related cases.

B.    Solely for the purpose of implementing this Settlement Agreement and

effectuating the Settlement, the Parties stipulate to the entry of an order preliminarily certifying

the Settlement Class, appointing Plaintiffs as representative of the Settlement Class and

appointing the following as counsel for the Settlement Class:

> Phillip A. Bock
> Jonathan B. Piper
> Daniel J. Cohen
> Bock, Hatch, Lewis & Oppenheim, LLC
> 134 North La Salle Street, Suite 1000
> Chicago, Illinois 60602
> Telephone:  (312) 658-5500
> Facsimile:  (312) 658-5555

C.    Solely for the purpose of implementing this Settlement Agreement and

effectuating the Settlement, the Parties stipulate to the Court entering an order preliminarily

finding that Plaintiffs and Class Counsel are adequate representatives of the Settlement Class.

D.      In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in any material respect (including with respect to the Settlement Class Notice Program) by the Court, or such approval is reversed, vacated or modified in any material respect by the Court or by any other court, the certification of the Settlement Class shall be deemed vacated, the Litigation shall proceed as if the Settlement Class had never been certified and no reference to the Settlement Class, this Settlement Agreement or any other Settlement documents, shall be made for any purpose in the Litigation or in any other action or proceeding.

### IV.      BENEFITS TO THE CLASS

A.      Pursuant to the terms and conditions set forth ~~below in Section   , Paragraph   in this Agreement~~, BLP agrees to fund a Settlement Fund of up to $19,500,000, which will be used to pay all Awards, Attorneys' Fee Awards and Incentive Awards.

B.      Subject to the terms of this Agreement, Settlement Class Members who received one or more unsolicited facsimile advertisements sent by or on behalf of BLP and who submit a Valid Claim shall be eligible to receive up to:

(i)      $350 for the first such facsimile;

(ii)     $100 for the second such facsimile;

(iii)    $75 for the third such facsimile;

(iv)     $20 for the fourth such facsimile; and

(v)      $20 for the fifth such facsimile.

**C.      No later than seven (7) Days after the Parties have resolved any disputes regarding rejected claims, the Settlement Administrator will provide Class Counsel and BLP Counsel with a report identifying the total of the Awards and the amount of money**

13

in the Net Settlement Fund available to pay such Awards ("Available Award Total").  If the Awards exceed the Available Award Total, the Awards to the Settlement Class Members who submitted Valid Claims will be reduced on a pro rata basis until the Awards equal the Available Award Total.

    **D.**   ~~C.~~ Without admitting wrongdoing or liability and solely to avoid the cost and disruption of further litigation, BLP further agrees to not send any unsolicited, facsimile advertisements that do not otherwise comply with the TCPA.

## V.   THE SETTLEMENT FUND

    A.    BLP shall have no obligation to make any payments under this Settlement Agreement until the Court enters a Preliminary Approval Order.  Once the Court enters a Preliminary Approval Order, BLP shall pay reasonable Notice and Administration Costs arising under this Settlement Agreement by making such payments directly to the Settlement Administrator (or to such other party incurring such costs) as those costs are incurred and payment becomes due.

    B.    Within forty-five (45) Days of the Effective Date, BLP will cause an amount sufficient to cover all Valid Claims, Attorneys' Fees and Costs and Incentive Awards, but not to exceed $19,500,000, to be transferred into an interest-bearing bank account (the "Settlement Account") designated by the Settlement Administrator.  Any interest that accrues on the Settlement Fund in the Settlement Account will be added to the Settlement Fund.

    C.    Any amounts remaining in the Settlement Fund following disbursement of all Awards, Attorneys' Fee Award and Incentive Awards shall revert in full to BLP.

NY\7719933.10   Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release DRAFT 06-16-2016  14:53  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                        TTA10262018 000326

D.      Under no circumstances shall BLP be obligated to pay more under this Settlement Agreement than $19,500,000 to the Settlement Fund ~~and~~, excluding costs for Notice and Administration Costs.

## VI.      ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARD

A.      Class Counsel will apply to the Court for an aggregate award of attorneys' fees and reimbursement of costs in an amount not to exceed in total 25% of the Settlement Fund and to be paid from the Settlement Fund.  BLP will not oppose Class Counsel's application for said award of fees, costs and expenses.  Class Counsel agree that once BLP has funded the Settlement Fund, BLP's obligations to Class Counsel shall be fully satisfied and discharged, Class Counsel shall have no further or other claim against BLP, including but not limited to any attorneys' lien claim, and that BLP shall have fully discharged their obligation to pay fees, costs and expenses to any lawyers claiming to represent the interests of the Settlement Class.

B.      Plaintiffs will apply for Incentive Awards in an amount to be paid from the Settlement Fund.  Plaintiff Technology Training Associates shall apply for an award of $20,000 and ~~Plaintiffs Spicola International, Inc. and~~Plaintiff Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic shall apply for $3,000 ~~each~~.  Plaintiffs agree that once BLP has funded the Settlement Fund and paid Notice and Administration Costs, BLP's obligations to Plaintiffs and the Settlement Class shall be fully satisfied and discharged, and Plaintiffs and the Settlement Class shall have no further or other claim against BLP.

C.      Any order or proceedings relating to the applications for the Attorneys' Fee Award and the Incentive Awards, or any appeal from any order relating thereto or reversal or modification thereof, will not operate to terminate or cancel this Agreement or affect or delay

15

the finality of Final Order and Judgment approving the Settlement Agreement and the Settlement.

## VII.    SETTLEMENT CLASS NOTICE PROGRAM

A.    The Parties agree the following Settlement Class Notice Program provides reasonable notice to the Settlement Class.

B.    BLP will bear all Notice and Administration Costs.

C.    The Parties have agreed to have _____ serve as the Settlement Administrator and will request that the Court appoint _____ as Settlement Administrator.  Once approved by the Court, the Settlement Administrator will be an agent of the Court and will be subject to the Court's supervision and direction as circumstances may require.  The Settlement Administrator will be responsible for administering:

(i)    The CAFA Notice as required by statute;

(ii)    The Settlement Class Notice Program as set forth below; ~~and~~

**(iii)    The Settlement Website; and**

**(iv)**    ~~(iii)~~ The claims' process set forth in Section ~~—~~**VIII** as well as any additional processes agreed to by Class Counsel and BLP Counsel and subject to the Court's supervision and direction as circumstances may require.

D.    Within ten (10) Days of the Preliminary Approval Date, the Parties shall provide to the Settlement Administrator records identifying the fax numbers to which the ~~unsolicited~~ facsimile advertisements offering group or individual game tickets for Tampa Bay Buccaneer games were sent.  The Settlement Administrator will then use these records to determine the mailing addresses for as many members of the Settlement Class as possible.  The Parties will work cooperatively with the Settlement Administrator to mutually-agree upon the most

16

practicable methods under the circumstances by which the addresses of the members of the Settlement Class can be derived.  The mailing addresses will be updated with the National Change of Address Database maintained by the United States Postal Service before mailing.

**E.**     **No later than 30 Days after the Preliminary Approval Date, the Settlement Administrator shall create the Settlement Website.  The Settlement Website shall provide information and relevant documents related to this Settlement, including but not limited to, the following:  applicable deadlines; Mailed Notice; a downloadable Claim Form that may be submitted by U.S. Mail; FAQs and answers; orders of the Court pertaining to the Settlement; this Agreement; and contact address for questions.  The Settlement Website shall be rendered inactive five (5) Days after the Claim Deadline has passed. Class Counsel and the BLP Counsel shall agree on all information and documents to be posted on the Settlement Website.**

**F.**     ~~E.~~No later than sixty (60) Days after the Preliminary Approval Date, the Settlement Administrator will mail the Court-approved Mailed Notice (Exhibit ~~—~~**B**) to all members of the Settlement Class whose addresses were derived as part of the process described in Paragraph ~~—~~**D** above.

**G.**     ~~F.~~No later than sixty (60) Days after the Preliminary Approval Date, the Settlement Administrator will cause ~~the Published Notice (Exhibit     —)~~**notice** to be published in a manner that satisfies due process when considered in conjunction with the mailed notice portion of the Settlement Class Notice Program discussed in ~~Paragraph     —~~**Paragraphs D and F** above.

17

**H.** ~~G.~~ Prior to the Fairness Hearing, the Settlement Administrator shall provide to the Court documentation reflecting that the Settlement Class Notice Program has been executed in accordance with the Settlement Agreement and Preliminary Approval Order.

**I.** ~~H.~~ The Settlement Administrator, Class Counsel or any Person acting on behalf of Class Counsel shall not provide or publish any form of notice other than the agreed-upon Class Notice without prior written approval of the content of any such notice by BLP Counsel.

## VIII. CLAIMS PROCESS AND PAYMENTS TO SETTLEMENT CLASS MEMBERS

A.     Class Notice shall be sent to all Settlement Class Members for whom the Settlement Administrator is able to determine a mailing address.

B.     To file a Valid Claim, Settlement Class Members must:

(i)     Complete a Claim Form, providing all of the information required by the Settlement Agreement and the Claim Form;

(ii)     Sign the Claim Form ~~and state~~ under penalty of perjury ~~that they received one or more unsolicited facsimile advertisements sent by or on behalf of BLP at the telephone number provided by the Settlement Class Member on the Claim Form~~; and

(iii)     Return the completed and signed Claim Form to the Settlement Administrator on or before the Claim Deadline.

Only Settlement Class Members who submit Valid Claims shall be entitled to an Award.

C.     The Settlement Administrator shall be responsible for reviewing all claims to determine their validity.

NY\7719933.10   Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release DRAFT 06-16-2016  14:53  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                TTA10262018 000330

(i)      Any claim that is not substantially in compliance with the instructions on the Claim Form or the terms of this Settlement Agreement or is postmarked later than the Claim Deadline shall be rejected.

(ii)      Following the Claim Deadline, the Settlement Administrator shall provide a report of any rejected claims to BLP Counsel and Class Counsel.  If Class Counsel do not agree with the rejection of a claim, they shall bring it to the attention of BLP Counsel, and the Parties shall meet and confer and attempt, in good faith, to resolve any dispute regarding the rejected claim.  Following their meet and confer, the Parties will provide the Settlement Administrator with their positions regarding the disputed, rejected claim.  The Settlement Administrator, after considering the positions of the Parties and, if appropriate, seeking any additional information from the Settlement Class Member, will make the final decision in its sole discretion, subject only to review by the Court.

D.      BLP shall have the right to audit Claim Forms for validity and fraud.  In the event that BLP determines that a Claim Form is invalid or fraudulent and should be rejected, they shall bring it to the attention of Class Counsel, and the Parties shall meet and confer and attempt, in good faith, to resolve any dispute regarding the rejected claim.  Following their meet and confer, the Parties will provide the Settlement Administrator with their positions regarding the disputed, rejected claim.  The Settlement Administrator, after considering the positions of the Parties and, if appropriate, seeking any additional information from the Settlement Class Member, will make the final decision in its sole discretion, subject only to review by the Court.

E.     At any time during the claims' process, if the Settlement Administrator has a reasonable suspicion of fraud, the Settlement Administrator shall immediately notify both Class Counsel and BLP Counsel of that fact and the basis for its suspicion.  Class Counsel and BLP Counsel shall endeavor to reach an agreed-upon solution to any suspected fraud and, if necessary, BLP may suspend the claims' process, and the Parties will promptly seek assistance from the Court.

~~F.  No later than seven (7) Days after the Parties have resolved any disputes regarding rejected claims, the Settlement Administrator will provide Class Counsel and BLP Counsel with a report identifying the total of the Awards and the amount of money in the Net Settlement Fund available to pay such Awards ("Available Award Total").  If the Awards exceed the Available Award Total, the Awards to the Settlement Class Members who submitted Valid Claims will be reduced on a pro rata basis until the Awards equal the Available Award Total.~~

**F.**     ~~G. Within forty-five (45) Days~~ As soon as practicable after the Effective Date, ~~or another such time as the Parties agree upon,~~ the Settlement Administrator shall cause the Awards in the form of checks to be distributed to members of the Settlement Class, and shall remit the Attorneys' Fee Award and Incentive Award as approved by the Court.

## IX.     OBJECTIONS AND OPT-OUT RIGHTS

A.     Any Settlement Class Member who intends to object must do so on or before the Opt-Out and Objection Date.  In order to object, the Settlement Class Member must include in the objection submitted to the Court and served on Class Counsel and BLP Counsel the following:

       (i)     The name, address, telephone number of the Person objecting and, if represented by counsel, of his/her counsel;

       (ii)     A signed declaration stating that he or she is a member of the Settlement Class and ~~between July 1,~~in 2009 ~~to present~~and/or 2010, received one or more facsimile advertisements sent by or on behalf of BLP;

       (iii)     A statement of all objections to the Settlement; and

       (iv)     A statement of whether he or she intends to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of his or her counsel who will attend.  Any Settlement Class Member who fails to file and serve a timely written objection and notice of his or her intent to appear at the Fairness Hearing pursuant to this Paragraph and as detailed in the Class Notice shall not be permitted to object to the approval of the Settlement at the Fairness Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

B.     A member of the Settlement Class who wishes to opt out of the Settlement Class must complete and send to the Settlement Administrator a request for exclusion that is post-marked no later than the Opt-Out and Objection Date.  The request for exclusion must be personally signed by the member of the Settlement Class requesting exclusion, contain a statement that indicates his or her desire to be excluded from the Settlement Class and contain a statement that he or she is otherwise a member of the Settlement Class.  A member of the Settlement Class may opt-out on an individual basis only.  So-called "mass" or "class" opt-outs, whether filed by third parties on behalf of a "mass" or "class" of class members or

NY\7719933.10 - Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release DRAFT 06-16-2016  14:53  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                          TTA10262018 000333

multiple class members where no personal statement has been signed by each and every individual class members, shall not be allowed.

C.     Except for those members of the Settlement Class who timely and properly file a request for exclusion, all members of the Settlement Class will be deemed to be Settlement Class Members for all purposes under the Settlement Agreement, and upon the Effective Date, will be bound by its terms, regardless of whether they file a Claim Form or receive any monetary relief.

D.     Any member of the Settlement Class who properly opts out of the Settlement Class shall not:  (i) be bound by any orders or judgments entered in the Litigation or relating to the Settlement; (ii) be entitled to relief under, or be affected by, the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement.

E.     The Settlement Administrator shall provide Class Counsel and BLP Counsel with the Opt-Out List within seven (7) Days after the Opt-Out and Objection Date.

## X.     PRELIMINARY APPROVAL PROCESS AND CLASS NOTICE

After execution of this Settlement Agreement, Class Counsel shall promptly move the Court for a Preliminary Approval Order preliminarily approving the Settlement and the Settlement Class Notice Program.  The Preliminary Approval Order will:

A.     Preliminarily approve this Settlement Agreement.

B.     Preliminarily certify the Settlement Class.

C.     Find that the proposed Settlement is sufficiently fair, reasonable and adequate to warrant providing notice to the Settlement Class, which notice will: (i) describe the essential terms of the Settlement; (ii) disclose any special benefits or incentives to the Class

NY\7719933.10 - Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release DRAFT 06-16-2016  14:53  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                    TTA10262018 000334

Representatives; (iii) provide information regarding the Attorneys' Fee Award; (iv) indicate the time and place of the hearing to consider final approval of the Settlement, and the method for objection to and/or opting out of the Settlement; (v) explain the procedures for allocating and distributing the Settlement Fund; and (vi) prominently display the address of Class Counsel and the procedure for making inquiries.

D.      Schedule a Fairness Hearing on final approval of this Settlement and Settlement Agreement to consider the fairness, reasonableness and adequacy of the proposed Settlement and whether it should be finally approved by the Court.

E.      Appoint the Settlement Administrator.

F.      Approve the Class Notice, and directs the Settlement Administrator to disseminate the Class Notice in accordance with the Settlement Class Notice Program.

G.      Find that the Settlement Class Notice Program:  (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and of their right to object to or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all Persons entitled to receive notice; and (iv) meets all requirements of applicable law.

H.      Require the Settlement Administrator to file proof of compliance with the Settlement Class Notice Program at or before the Fairness Hearing.

I.      Approve the Claim Form and sets a Claim Deadline.

J.      Require any member of the Settlement Class who wishes to exclude himself or herself from the Settlement Class to submit an appropriate, timely request for exclusion, postmarked no later than the Opt-Out and Objection Date, or as the Court may otherwise direct, to the Settlement Administrator at the address on the Class Notice.

NY\7719933.10 - Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release DRAFT 06-16-2016  14:53  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                        TTA10262018 000335

K.      Order that any member of the Settlement Class who does not submit a timely, written request for exclusion from the Settlement Class (i.e., becomes an Opt-Out) will be bound by all proceedings, orders and judgments in the Litigation, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

L.      Require any Settlement Class Member who does not become an Opt-Out and who wishes to object to the fairness, reasonableness or adequacy of this Settlement or Settlement Agreement to file with the Court and serve on Class Counsel and BLP Counsel no later than the Opt-Out and Objection Date, or as the court may otherwise direct, a statement of the objection signed by the Settlement Class Member containing all of the following information:

(i)     The objector's name, address, telephone number and, if represented by counsel, of his/her counsel;

(ii)    A declaration stating that he or she is a member of the Settlement Class and received one or more unsolicited facsimile advertisements offering group or individual game tickets for Tampa Bay Buccaneer games;

(iii)   A statement of all objections to the Settlement; and

(iv)    A statement of whether the objector intends to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of counsel who will attend.

M.      Order that any response to an objection shall be filed with the Court no later than seven (7) Days prior to the Fairness Hearing.

NY\7719933.10   Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release DRAFT 06-16-2016  14:53  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                                    TTA10262018 000336

N.      Specify that any Settlement Class Member who does not file a timely written objection to the Settlement or who fails to otherwise comply with applicable requirements shall be foreclosed from seeking any adjudication or review of this Settlement by appeal or otherwise.

O.      Require that any attorney, hired by a Settlement Class Member for the purpose of objecting to the proposed Settlement, the Attorneys' Fee Award or the Incentive Award and who intends to make an appearance at the Fairness Hearing, shall provide to the Settlement Administrator (who shall forward it to Class Counsel and BLP Counsel) and file with the Clerk of the Court a notice of intention to appear no later than the Opt-Out and Objection Date or as the Court may otherwise direct.

P.      Require any Settlement Class Member who files and serves a written objection and who intends to make an appearance at the Fairness Hearing shall so state in their objection papers or as the Court otherwise may direct.

Q.      Direct the Settlement Administrator to establish a post office box in the name of the Settlement Administrator to be used for receiving requests for exclusion and any other communications, and providing that only the Settlement Administrator, Class Counsel, BLP Counsel, the Court, the Clerk of the Court and their designated agents shall have access to this post office box, except as otherwise provided in this Settlement Agreement.

R.      Direct that Class Counsel shall file their applications for the Attorneys' Fee Award and Plaintiffs' Incentive Award at least fourteen (14) Days prior to the Opt-Out and Objection Date.

S.      Order the Settlement Administrator to provide the Opt-Out List to Class Counsel and BLP Counsel no later than seven (7) Days after the Opt-Out and Objection Date

NY\7719933.10   Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release DRAFT 06-16-2016  14:53  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                          TTA10262018 000337

and then file with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy thereof no later than five (5) Days thereafter or on such other date as the Parties may direct.

   T. Preliminarily enjoin all members of the Settlement Class unless and until they have timely excluded themselves from the Settlement Class from (i) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; (ii) filing, commencing, participating in or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (iii) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims.  Any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by BLP, any other Released Person and Class Counsel as a result of the violation.  This Settlement Agreement is not intended to prevent members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency.

NY\7719933.10 - Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release DRAFT 06-16-2016  14:53  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER         TTA10262018 000338

U.     Contain any additional provisions agreeable to the Parties that might be necessary or advisable to implement the terms of this Settlement Agreement and the proposed settlement.

## XI.     FINAL ORDER AND JUDGMENT AND RELEASES

A.     If this Settlement Agreement (including any modification thereto made with the consent of the Parties as provided for herein) is approved by the Court following the Fairness Hearing scheduled by the Court in its Preliminary Approval Order, the Parties shall request the Court to enter a Final Order and Judgment pursuant to the Federal Rules of Civil Procedure and all applicable laws that, among other things:

(i)     Finds that the Court has personal jurisdiction over Plaintiffs and all Settlement Class Members and that the Court has subject matter jurisdiction to approve this Settlement and Settlement Agreement and all exhibits thereto;

(ii)     Certifies a Settlement Class solely for purposes of this Settlement;

(iii)     Grants final approval to this Settlement Agreement as being fair, reasonable and adequate as to all Parties and consistent and in compliance with all requirements of due process and applicable law, as to and in the best interests of all Parties and directs the Parties and their counsel to implement and consummate this Settlement Agreement in accordance with its terms and provisions;

(iv)     Declares this Settlement Agreement and the Final Order and Judgment to be binding on and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of Plaintiffs and all Settlement Class Members, as

NY\7719933.10   Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release DRAFT 06-16-2016  14:53  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                      TTA10262018 000339

well as their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors;

(v)     Finds that the Settlement Class Notice Program:  (1) constituted the best practicable notice; (2) constituted notice that was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Litigation, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing and of their right to seek monetary and other relief; (3) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (4) met all requirements of due process and any other applicable law;

(vi)     Approves the Claim Form that was distributed to the Settlement Class;

(vii)     Finds that Class Counsel and Plaintiffs adequately represented the Settlement Class for purposes of entering into and implementing the Settlement and Settlement Agreement;

(viii)     Dismisses the Litigation now pending before the Court on the merits and with prejudice and without fees or costs except as provided herein, in accordance with the terms of the Final Order and Judgment;

(ix)     Adjudges that Plaintiffs and the Settlement Class have conclusively compromised, settled, dismissed and released any and all Released Claims against BLP and the Released Persons;

NY\7719933.10 - Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release DRAFT 06-16-2016  14:53  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                          TTA10262018 000340

(x)     Approves payment of the Attorneys' Fee Award and Incentive Awards as determined by the Court;

(xi)     Without affecting the finality of the Final Order and Judgment for purposes of appeal, reserves jurisdiction over the Settlement Administrator, BLP, Plaintiffs and the Settlement Class Members as to all matters relating to the administration, consummation, enforcement and interpretation of the terms of the Settlement, the Settlement Agreement and Final Order and Judgment and for any other necessary purposes;

(xii)     Provides that upon the Effective Date, Plaintiffs and all Settlement Class Members, whether or not they return a Claim Form within the time and in the manner provided for, shall be barred from asserting any Released Claims against BLP and/or any Released Persons, and any such Settlement Class Members shall have released any and all Released Claims as against BLP and all Released Persons;

(xiii)     Determines that the Settlement Agreement and the Settlement provided for therein and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by BLP or any Released Persons or of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to this Settlement Agreement and the Settlement provided for therein in such proceedings solely as may be necessary to effectuate the Settlement Agreement;

NY\7719933.10 - Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release DRAFT 06-16-2016  14:53  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                            TTA10262018 000341

(xiv)    Bars and permanently enjoins all Settlement Class Members from (1) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (2) organizing Settlement Class Members who have not excluded themselves from the Settlement Class into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency;

(xv)    States that any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by BLP and/or any other Released Persons and Class Counsel as a result of the violation;

(xvi)    Approves the Opt-Out List and determines that the Opt-Out List is a complete list of all members of the Settlement Class who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment, except for Opt-Outs who subsequently elect to submit Claim Forms during the Claim Period; and

NY\7719933.10 - Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release DRAFT 06-16-2016  14:53  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                     TTA10262018 000342

(xvii)   Authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of this Settlement Agreement and all exhibits hereto as (1) shall be consistent in all material respects with the Final Order and Judgment; and (2) do not limit the rights of the Parties or Settlement Class Members.

B.      As of the Effective Date, the Releasing Persons are deemed to have fully released and forever discharged the Released Persons of and from all Released Claims by operation of entry of the Final Order and Judgment.

(i)      Subject to Court approval, all Settlement Class Members who have not excluded themselves from the Settlement Class shall be bound by this Settlement Agreement and the Release and all of their claims shall be dismissed with prejudice and released, irrespective of whether they received actual notice of the Litigation or this Settlement.

(ii)     Without in any way limiting the scope of the Release, this Release covers any and all claims for attorneys' fees, costs or disbursements incurred by Class Counsel or any other counsel representing Plaintiffs or Settlement Class Members, or any of them, in connection with or related in any manner to the Litigation, the Settlement, the administration of such Settlement and/or the Released Claims as well as any and all claims for the Incentive Award to Plaintiffs and the Attorneys' Fee Award to Class Counsel.

(iii)    The Releasing Persons and the Released Persons expressly acknowledge that they are familiar with principles of law such as Section 1542 of the Civil Code of the State of California, which provides:

NY\7719933.10 - Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release DRAFT 06-16-2016  14:53  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                    TTA10262018 000343

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MIGHT HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Notwithstanding California or other law, the Releasing Persons and the Released Persons hereby expressly agree that the provisions, rights and benefits of Section 1542 and all similar federal or state laws, rights, rules or legal principles of any other jurisdiction that may be applicable herein are hereby knowingly and voluntarily waived, released and relinquished to the fullest extent permitted by law solely in connection with unknown claims that are the same as, substantially similar to, or overlap the Released Claims, and the Releasing Persons and the Released Persons hereby agree and acknowledge that this is an essential term of the Releases. In connection with the Release, the Releasing Persons and the Released Persons acknowledge that they are aware that they may hereafter discover claims presently unknown and unsuspected or facts in addition to or different from those which they now know or believe to be true with respect to matters released herein, and that such claims, to the extent that they are the same as, substantially similar to, or overlap the Released Claims, are hereby released, relinquished and discharged.

(iv)    Nothing in the Releases shall preclude any action to enforce the terms of this Settlement Agreement, including participation in any of the processes detailed herein.

## XII.    WITHDRAWAL FROM OR TERMINATION OF SETTLEMENT

A.    Within fifteen (15) Days after the occurrence of any of the following events and upon written notice to counsel for all Parties, a Party shall have the right to withdraw from the Settlement and terminate this Settlement Agreement:

NY\7719933.10   Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release DRAFT 06-16-2016  14:53  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                                TTA10262018 000344

(i)     If the Court ~~fails~~declines to approve the Settlement Agreement

as written or if on appeal the Court's approval is reversed or modified;

(ii)    If the Court materially alters any of the terms of the Settlement

Agreement, except that a reduction in the Attorneys' Fee Award or the

Incentive Awards shall not be deemed to be a material alteration; or

(iii)   If the Preliminary Approval Order or the Final Order and

Judgment is not entered by the Court or is reversed or modified on appeal, or

otherwise fails for any reason.

B.      If, at any time prior to Final Order and Judgment, legislation is enacted ~~or~~, a

controlling judicial ~~or regulatory decision or other administrative guidance or~~

~~action~~opinion is rendered or regulatory agency action is undertaken that ~~impacts or~~

~~addresses this Litigation, then~~would entitle BLP to summary judgment on Plaintiffs'

claims under the TCPA, then subject to Court approval, BLP shall have the right to

withdraw from the Settlement and terminate this Settlement Agreement.  For the purposes of

this provision, the issuance of a retroactive waiver of 47 C.F.R. § 64.1200(a)(4)(iv)

regarding the Federal Communication Commission's opt-out notice requirement for faxes

sent with the recipient's prior express permission in favor of BLP would not be

considered agency action that would entitle BLP to summary judgment on Plaintiffs'

claims under the TCPA and would not trigger BLP's right to terminate the Settlement.

C.      In the event of a withdrawal pursuant to Paragraphs —A or —B above, any

certification of a Settlement Class will be vacated, without prejudice to any Party's position on

the issue of class certification and the amenability of the claims asserted in the Litigation to

NY\7719933.10   Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release DRAFT 06-16-2016  14:53  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                    TTA10262018 000345

class treatment, and the Parties shall be restored to their litigation position existing immediately before the execution of this Settlement Agreement.

D.      If members of the Settlement Class properly and timely submit requests for exclusion from the Settlement Class thereby becoming Opt-Outs in a number exceeding the number submitted to the Court under seal by the Parties, then BLP may elect in their sole discretion to withdraw from the Settlement and terminate this Settlement Agreement.  In that event, all of BLP's obligations under this Agreement shall cease to be of any force and effect; the certification of the Settlement Class shall be vacated without prejudice to BLP's position on the issue of class certification; and BLP shall be restored to their litigation position existing immediately before the execution of this Settlement Agreement.

(i)      In order to elect to withdraw from the Settlement and terminate this Settlement Agreement on the basis set forth above, BLP must notify Class Counsel in writing of their election to do so within fourteen (14) Days after the Opt-Out List has been served on the Parties.

(ii)      In the event that BLP exercises such right, Class Counsel shall have**, at their discretion,** fourteen (14) Days or such longer period as agreed to by the Parties to address the concerns of the Opt-Outs.  If through such efforts the total number on the Opt-Out List subsequently becomes and remains fewer than the number submitted to the Court under seal at the time of filing the Motion For Preliminary Approval, BLP shall withdraw their election to withdraw from the Settlement and terminate the Settlement Agreement.  In no event, however, shall BLP have any further obligation under this Agreement to any Opt-Out unless he or she withdraws his or her request for exclusion.

(iii)     For purposes of this Paragraph, Opt-Outs shall not include

(1) Persons who are specifically excluded from the Settlement Class definition;

(2) Opt-Outs who elect to withdraw their request for exclusion; and (3) Opt-

Outs who agree to sign an undertaking that they will not pursue an individual

claim, class claim or any other claim that would otherwise be a Released Claim

as defined in this Settlement Agreement.

E.     In the event of withdrawal by any Party in accordance with the terms set forth

in this Section, the Settlement Agreement shall be null and void, shall have no further force and

effect with respect to any Party in the Litigation and shall not be offered in evidence or used in

any litigation for any purpose, including the existence, certification or maintenance of any

proposed or existing class or the amenability of these or similar claims to class treatment.  In

the event of such withdrawal, this Settlement Agreement and all negotiations, proceedings,

documents prepared and statements made in connection herewith shall be without prejudice to

BLP, Plaintiffs and the Settlement Class Members and shall not be deemed or construed to be

an admission or confession in any way by any Party of any fact, matter or proposition of law

and shall not be used in any manner for any purpose, and the Parties to the Litigation shall

stand in the same position as if this Settlement Agreement had not been negotiated, made or

filed with the Court.

## XIII.   EFFECTIVE DATE

A.     The Effective Date of this Settlement Agreement shall be the date when each

and all of the following conditions have occurred:

(i)     This Settlement Agreement has been fully executed by all Parties

and their counsel;

35

(ii)    Orders have been entered by the Court certifying the Settlement Class, granting preliminary approval of this Settlement and approving the forms of Class Notice and Claim Form, all as provided above;

(iii)    The Settlement Class Notice Program has been executed in accordance with the Preliminary Approval Order;

(iv)    The Court has entered a Final Order and Judgment finally approving this Agreement, as provided above; and

(v)    The Final Order and Judgment has become Final as defined in Paragraph —B below.

B.    "Final," when referring to a judgment or order means that (i) the judgment is a final, appealable judgment; and (ii) either (1) no appeal has been taken from the judgment as of the date on which all deadlines to appeal therefrom have expired; or (2) an appeal or other review proceeding of the judgment having been commenced, the date by which such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions or rehearing or re-argument, petitions for rehearing en banc, petitions for writ of certiorari, or otherwise, and such appeal or other review has been finally resolved in a manner that affirms the Final Order and Judgment in all material respects.

C.    If, for any reason, this Settlement Agreement fails to become Final pursuant to the foregoing Paragraph —B, the orders, judgment and dismissal to be entered pursuant to this Settlement Agreement shall be vacated, and the Parties will be returned to the status quo ante with respect to the Litigation as if this Settlement Agreement had never been entered into.

NY\7719933.10   Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release DRAFT 06-16-2016  14:53  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                        TTA10262018 000348

# XIV.   NOTICES

A.      All Notices (other than the Class Notice and CAFA Notices) required by the

Settlement Agreement shall be made in writing and communicated by mail to the following

addresses:

All Notices to the Settlement Class or Class Counsel shall be sent to Class Counsel,

c/o:

> Phillip A. Bock
> Jonathan B. Piper
> Daniel J. Cohen
> Bock, Hatch, Lewis & Oppenheim, LLC
> 134 North La Salle Street, Suite 1000
> Chicago, Illinois 60602
> Telephone:  (312) 658-5500
> Facsimile:  (312) 658-5555

All Notices to BLP or BLP Counsel provided herein shall be sent to BLP Counsel, c/o:

> Mark S. Mester
> Kathleen P. Lally
> Latham & Watkins LLP
> 330 North Wabash Avenue, Suite 2800
> Chicago, Illinois  60611
> Telephone:  (312) 876-7700
> Facsimile:  (312) 993-9767

B.      The notice recipients and addresses designated above may be changed by written

notice.

C.      Upon the request of any of the Parties, the Parties agree to promptly provide

each other with copies of comments, objections, requests for exclusion, or other documents or

filings received as a result of the Class Notice.

# XV.   MISCELLANEOUS PROVISIONS

A.      **Interpretation**.  This Settlement Agreement contains the entire agreement

among the Parties hereto and supersedes any prior discussions, agreements or understandings

NY\7719933.10   Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release DRAFT 06-16-2016  14:53  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                    TTA10262018 000349

among them as well as any and all prior drafts of this Settlement Agreement.  All terms are contractual.  For the purpose of construing or interpreting this Settlement Agreement, the Parties agree that the Settlement Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party, and the Parties further agree that any prior drafts may not be used to construe or interpret this Settlement Agreement.

B.      **Binding Effect**.  The terms are and shall be binding upon each of the Parties hereto, their administrators, agents, assigns, attorneys, executors, heirs, partners, representatives, predecessors-in-interest and successors as well as upon all other Persons claiming any interest in the subject matter hereto through any of the Parties hereto including any Settlement Class Members.

C.      **Headings**.  The headings contained in this Settlement Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Settlement Agreement.

D.      **No Rescission on Grounds of Mistake**.  The Parties acknowledge that they have made their own investigations of the matters covered by this Settlement Agreement to the extent they have deemed it necessary to do so.  Therefore, the Parties agree that they will not seek to set aside any part of the Settlement Agreement on the grounds of mistake.  Moreover, the Parties understand, agree and expressly assume the risk that any fact not recited, contained, or embodied in the Settlement Agreement may turn out hereinafter to be other than, different from, or contrary to the facts now known to them or believed by them to be true, and further agree that the Settlement Agreement shall be effective in all respects notwithstanding and shall

NY\7719933.10 - Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release DRAFT 06-16-2016  14:53  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                    TTA10262018 000350

not be subject to termination, modification, or rescission by reason of any such difference in facts.

E.   **Amendment**.  This Settlement Agreement may be amended or modified only by a written instrument signed by the Parties or their counsel.  Amendments and modifications may be made without notice to the Settlement Class unless notice is required by law or by the Court.

F.   **Integration Of Exhibits**.  Any exhibits to this Settlement Agreement are hereby incorporated and made a part of the Settlement Agreement.

G.   **Jurisdiction**.  The United States District Court for the Middle District of Florida has jurisdiction over the Parties to this Settlement Agreement and the Settlement Class.

H.   **Waiver of Statute of Limitations.  BLP waives any affirmative defense regarding the statute of limitations that it may have had to Plaintiffs' claims.  This waiver shall survive in the event of the termination of this Agreement.**

I.   ~~H.~~ **No Admission**.  Neither this Settlement Agreement nor any of its provisions, its exhibits or related documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order or the Final Order and Judgment), its negotiation or any proceedings relating in any way to the Settlement shall be construed as or deemed to be evidence of an admission or concession by any person, including BLP, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or Court order.  The provisions of this Paragraph shall become effective when this Settlement Agreement has been signed by the Parties and shall be binding on the Parties and their counsel

39

regardless of whether the Settlement Agreement is approved by this Court or any other court and regardless of whether the Settlement Agreement is otherwise rendered null and void.

**J.** ~~I.~~ **Governing Law**.  This Settlement Agreement shall be governed by and construed in accordance with the internal laws (as opposed to the conflicts of law provisions) of the State of Florida.

**K.** ~~J.~~ **Counterparts**.  This Settlement Agreement may be executed in counterparts and may be executed by facsimile, and as so executed shall constitute one agreement.

**L.** ~~K.~~ **No Media Statements.** **BLP, BLP Counsel,** Plaintiffs, Class Counsel and all other counsel of record for Plaintiffs agree not to issue any press releases regarding this settlement or publicize it in any way and further agree not to engage in any communications with the media or the press, on the internet, or in any public forum, orally or in writing, that relate to this Settlement or the Litigation other than statements that are fully consistent with the Mailed Notice ~~and Published Notice~~.  Notwithstanding the foregoing, nothing in this Settlement Agreement shall preclude ~~Plaintiffs or Class Counsel~~**a Party** from making a public statement in support of the Settlement.  For example, Plaintiffs or Class Counsel may state that the Settlement is a good result for the Class.  In addition, nothing in this Settlement Agreement shall preclude Plaintiffs or Class Counsel from making a public statement that is consistent with the language of the Settlement Agreement or any motions submitted for approval of the Settlement.

**M.** ~~L.~~ **Confidentiality.**  All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

40

**N.** ~~M.~~ **Return Of Material.**  Within thirty (30) Days after the Effective Date, Class Counsel and BLP Counsel will return all material produced by one to the other in discovery or otherwise in connection with the Litigation.

**O.**     ~~N.~~ **No Assignment**.  Plaintiffs represent and warrant that no portion of any claim, right, demand, action, or cause of action against the Released Persons that Plaintiffs have or may have arising out of any allegations made in any of the actions comprising the Litigation or pertaining to any of the Released Claims, and no portion of any recovery or settlement to which Plaintiffs may be entitled, has been assigned, transferred, or conveyed by or for Plaintiffs in any manner; and no Person other than Plaintiffs have any legal or equitable interest in the claims, demands, actions, or causes of action referred to in this Agreement as those of Plaintiffs.

**P.**     ~~O.~~ **Stay.**  The Parties stipulate to stay all proceedings in the Litigation until the approval of this Settlement Agreement has been finally determined, except the stay of proceedings shall not prevent the filing of any motions, affidavits and other matters necessary to obtain and preserve final judicial approval of this Settlement Agreement.

**Q.**     ~~P.~~ **Best Efforts.**  In the event that there are any developments in the effectuation and administration of this Agreement that are not dealt with by the terms of this Agreement, then such matters shall be dealt with as agreed upon by the Parties, and failing agreement, as shall be ordered by the Court.  The Parties shall execute all documents and use their best efforts to perform all acts necessary and proper to promptly effectuate the terms of this Agreement and to take all necessary or appropriate actions to obtain judicial approval of this Agreement in order to give this Agreement full force and effect.  The execution of documents must take place prior to the date scheduled for the Preliminary Approval Hearing.

IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by their duly authorized representatives below.

*Plaintiffs:*

Technology Training Associates, Inc.

By:_____

~~Spicola International, Inc.~~

~~By:~~_____

Larry E. Schwanke, D.C. d/b/a
Back to Basics Family Chiropractic

By:_____

*Approved as to form:*                    **BOCK, HATCH, LEWIS & OPPENHEIM, LLC**

By:_____
      Phillip A. Bock
      Jonathan B. Piper
      Daniel J. Cohen
      Bock, Hatch, Lewis & Oppenheim, LLC
      134 North La Salle Street, Suite 1000
      Chicago, Illinois 60602
      Telephone:  (312) 658-5500
      Facsimile:  (312) 658-5555

NY\7719933.10   Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release DRAFT 06-16-2016  14:53  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                        TTA10262018 000354

*Defendant:*

BUCCANEERS LIMITED PARTNERSHIP

By:_____

Its:_____

*Approved as to form:*         **LATHAM & WATKINS LLP**

                  By:_____

                      Mark S. Mester
                      Kathleen P. Lally
                      Latham & Watkins LLP
                      330 North Wabash Avenue, Suite 2800
                      Chicago, Illinois  60611
                      Telephone:  (312) 876-7700
                      Facsimile:  (312) 993-9767

NY\7719933.10 - Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release DRAFT 06-16-2016  14:53  056866-0001
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                TTA10262018 000355

| Summary report: Litéra® Change-Pro TDC 7.5.0.145 Document comparison done on 6/16/2016 2:53:38 PM | |
|---|---|
| **Style name:** L&W without Moves | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:**iw://US-DOCS/NY/7719933/10 | |
| **Modified DMS:** iw://US-DOCS/NY/7719933/11 | |
| **Changes:** | |
| Add | 96 |
| Delete | 100 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 196 |

TTA10262018 000356

| | |
|---|---|
| **From:** | Jon Piper |
| **To:** | Kathleen.Lally@lw.com |
| **Subject:** | RE: Detailed Class Notice - Buccaneers.DOCX |
| **Date:** | Thursday, June 16, 2016 4:39:00 PM |

This is ok. If you can send me the settlement agreement with the last set of changes red-lined I think we're done and can sign.

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Thursday, June 16, 2016 4:40 PM
**To:** Jon Piper
**Subject:** Detailed Class Notice - Buccaneers.DOCX


**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

| From: | Kathleen.Lally@lw.com |
|-------|------------------------|
| To: | Jon Piper |
| Subject: | Detailed Class Notice - Buccaneers.DOCX |
| Date: | Thursday, June 16, 2016 4:40:15 PM |
| Attachments: | Detailed Class Notice - Buccaneers(7720796_6_NY) (2).DOCX |

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

TTA10262018 000403

## If You Received A Facsimile Advertising Allegedly Sent By Or On Behalf Of BLP In 2009 Or 2010, You May Be Part Of A Class Action Settlement

### IMPORTANT
### PLEASE READ THIS NOTICE CAREFULLY

### THIS NOTICE RELATES TO THE PENDENCY OF A CLASS ACTION LAWSUIT AND, IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS UNDER THE SETTLEMENT[1]

*A federal court directed this notice. This is not a solicitation from a lawyer. You are not being sued.*

- A Settlement has been reached in a class action lawsuit alleging that the Buccaneers Limited Partnership ("BLP") improperly sent advertisements regarding tickets for Tampa Bay Buccaneer games by facsimile. BLP denies the allegations in the lawsuit, and the Court has not decided who is right.

- Settlement Class Members who submit Valid Claims will be entitled to an Award.

- Your legal rights are affected whether you act or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** (_____, 201_) | Submit a Claim Form seeking payment. Give up your right to be part of another lawsuit, arbitration or proceeding against BLP for the same legal claims resolved by this Settlement. |
| **OPT OUT OF THE SETTLEMENT** (_____, 201_) | Request to be excluded and receive no benefits from the Settlement. This is the only option that allows you to start or continue your own lawsuit against BLP for the claims at issue in the Settlement. |
| **OBJECT** (_____, 201_) | Remain in the Settlement and write to the Court about why you do not like the Settlement. If you would like benefits from the Settlement, you will need to file a Valid Claim. Give up your right to be part of another lawsuit, arbitration or proceeding against BLP for the same legal claims resolved by this Settlement. |
| **GO TO A HEARING** (_____, 201_) | Remain in the Settlement and ask to speak in Court about the fairness of the Settlement. Give up your right to be part of another lawsuit, arbitration or proceeding against BLP for the same legal claims resolved by this Settlement. |
| **DO NOTHING** | Get no benefits. Give up your right to be part of another lawsuit, arbitration or proceeding against BLP for the same legal claims resolved by this Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court still has to decide whether to approve the Settlement. If it does, and after any appeals are resolved, benefits will be distributed to those who submit qualifying claim forms. Please be patient.

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Settlement Agreement and Release ("Settlement Agreement") available from Class Counsel or by visiting the Settlement Website. If this notice conflicts with the Settlement Agreement, the Settlement Agreement will control.

**QUESTIONS? CALL 1-8XX-XXX-XXXX OR GO TO [WEBSITE]**

| WHAT THIS NOTICE CONTAINS |
|:-:|

**BASIC INFORMATION** ...................................................................................................................PAGE 3
    1. Why is there a notice?
    2. What is this litigation about?
    3. What is the Telephone Consumer Protection Act?
    4. Why is this a class action?
    5. Why is there a settlement?

**WHO IS PART OF THE SETTLEMENT**.................................................................................................PAGE 4
    6. Who is included in the Settlement?
    7. What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS**........................................................................................................PAGE 4-5
    8. What does the Settlement provide?
    9. How do I file a Claim?
    10. When will I receive my payment?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ........................................................................PAGE 5-6
    11. How do I get out of the Settlement?
    12. If I do not exclude myself, can I sue the Defendant for the same thing later?
    13. What am I giving up to stay in the Settlement Class?
    14. If I exclude myself, can I still get a payment?

**THE LAWYERS REPRESENTING YOU**.................................................................................................PAGE 6
    15. Do I have a lawyer in the case?
    16. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** ...............................................................................................PAGE 6-7
    17. How do I tell the Court if I do not like the Settlement?
    18. What is the difference between objecting and asking to be excluded?

**THE FAIRNESS HEARING** ...........................................................................................................PAGE 7-8
    19. When and where will the Court decide whether to approve the Settlement?
    20. Do I have to attend the hearing?
    21. May I speak at the hearing?

**IF YOU DO NOTHING** ..................................................................................................................PAGE 8
    22. What happens if I do nothing at all?

**GETTING MORE INFORMATION** ......................................................................................................PAGE 8
    23. How do I get more information?

**QUESTIONS?  CALL 1-8XX-XXX-XXXX OR GO TO [WEBSITE]**

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER
TTA10262018 000405

# BASIC INFORMATION

## 1. Why is there a notice?

This Notice is to inform you of the proposed Settlement of a class action lawsuit and about all of your rights and options before the Court decides whether to approve it. This Notice describes the lawsuit, the proposed Settlement, your legal rights, what benefits are available and who can get them.

_____ of the United States District Court for the Middle District of Florida is overseeing the proposed Settlement in the matter of [ ] (the "Litigation"). The proposed Settlement will resolve the claims made against BLP in the Litigation.  The people who sued are called the "Plaintiffs."  BLP is the "Defendant."

## 2.  What is this Litigation about?

The Litigation alleges that in 2009 and 2010 BLP improperly sent advertisements by facsimile and seeks actual damages, as well as statutory damages under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA") on behalf of a proposed class of all persons who received one or more facsimile advertisements from or on behalf of BLP in 2009 and 2010.

BLP denies each and every allegation of wrongdoing, liability and damages that were or could have been asserted in the Litigation and further denies that the claims in the Litigation would be appropriate for class treatment if the Litigation were to proceed through trial.

The Settlement resolves the lawsuit.  The Court has not decided who is right.

## 3.  What is the Telephone Consumer Protection Act?

The TCPA is a federal law that restricts telephone solicitations and the use of certain automated telephone equipment, such as automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines for advertising and certain other purposes.

## 4. Why is this a class action?

In a class action, one or more people called "Class Representatives" (in this case, Plaintiffs Technology Training Associates, Inc. and Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic) sue on behalf of themselves and other similarly situated people.  Together, all the people with similar claims are members of a "Settlement Class."

## 5. Why is there a Settlement?

The Court has not decided in favor of Plaintiffs or BLP.  Instead, both sides have agreed to a settlement.  By agreeing to the Settlement, the parties avoid the costs and uncertainty of a trial, and if the Settlement is approved by the Court, Settlement Class Members will receive the benefits described in this notice.  The proposed Settlement does not mean that any law was broken or that BLP did anything wrong.  BLP denies all legal claims in this case.  Plaintiffs and their lawyers think the proposed Settlement is best for everyone who is affected.

**QUESTIONS?  CALL 1-8XX-XXX-XXXX OR GO TO [WEBSITE]**

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER   TTA10262018 000406

# WHO IS PART OF THE SETTLEMENT

## 6. Who is included in the Settlement?

The Settlement includes all persons who, in 2009 or 2010, received one or more facsimile advertisements sent by or on behalf of BLP and offering group or individual game tickets for Tampa Bay Buccaneer games.  These people are called the "Settlement Class."

Excluded from the Settlement Class are (a) BLP and its respective parents, subsidiaries, divisions, affiliates, associated entities, business units, predecessors in interest, successors, successors in interest and representatives and each of their respective immediate family members; (b) Class Counsel; and (c) the Judges who have presided over the Litigation and any related cases.

## 7.  What if I am not sure whether I am included in the Settlement?

If you are not sure whether you are in the Settlement Class, or have any other questions about the Settlement, call the toll free number, 1-8XX-XXX-XXXX, visit the Settlement Website, www._____, or send questions to the Settlement Administrator at _____, PO Box XXXX, [City], [State] XXXXX-XXXX.  You may also call Class Counsel at the number listed in Question 17.

# THE SETTLEMENT BENEFITS

## 8.  What does the Settlement provide?

BLP has agreed to pay up to $19.5 million to create a "Settlement Fund."  The Settlement Fund will be used to pay Awards, the Attorneys' Fee Awards, and Incentive Awards to Plaintiffs.  Awards will be distributed to Settlement Class Members who submit Valid Claims.  Each Settlement Class Member who received one or more unsolicited facsimile advertisements sent by or on behalf of BLP and who submit a Valid Claim shall be eligible to receive up to: (i) $350 for the first such facsimile; (ii) $100 for the second such facsimile; (iii) $75 for the third such facsimile; (iv) $20 for the fourth such facsimile; and (v) $20 for the fifth such facsimile.

## 9.  How do I file a Claim?

To receive a payment, you must submit a Valid Claim.  To submit a Valid Claim, you must timely and fully complete and submit a Claim Form by mail on or before Month DD, 201_.  Claim Forms may be obtained on the Settlement Website, www._____.

You can submit your Claim Form via regular mail.  Claim Forms submitted by mail must be postmarked on or before Month Day, 2016 to:

> _____ Settlement Administrator
> PO Box XXX
> City, State XXXXX-XXXX

Please read the Claim Form carefully and provide all the information required.

QUESTIONS?  CALL 1-8XX-XXX-XXXX OR GO TO [WEBSITE]

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

TTA10262018 000407

## 10.  When will I receive my payment?

Payments for Valid Claims will be made only after the Court enters a Final Order and Judgment granting approval of the Settlement and after any appeals are resolved (*see* "Fairness Hearing" below).  If there are appeals, resolving them can take time.  Please be patient.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

## 11.  How do I get out of the Settlement?

If you want to keep any right you might have to sue BLP about the issues in this case and if you do not want benefits from the Settlement, then you must take steps to exclude yourself from the Settlement.  This is called "opting-out" of the Settlement Class.

To exclude yourself from the Settlement, you must send a letter or other written document by mail to:

> _____ Settlement Administrator
> PO Box XXXX
> City, State XXXXX-XXXX

Your request to be excluded from the Settlement must be personally signed by you and contain a statement that you are a member of the Settlement Class but desire to be excluded from it.

Your exclusion request must be postmarked no later than **Month Day, 2016**.  You <u>cannot</u> ask to be excluded on the phone, by email or in any other manner.

You may opt-out of the Settlement Class only for yourself.  So-called "mass" or "class" opt outs, whether filed by third parties on behalf of a "mass" or "class" of members of the Settlement Class or multiple members of the Settlement Class where no personal statement has been signed by each and every individual member of the Settlement Class, are not allowed.

## 12.  If I do not exclude myself, can I sue the Defendant for the same thing later?

No.  Unless you exclude yourself, you give up any right you might have to sue BLP for legal claims that the Settlement resolves.  You must exclude yourself from the Settlement Class in order to try to maintain your own lawsuit.  If you start your own lawsuit, you will have to hire your own lawyer and you will have to prove your claims.

## 13.  What am I giving up to stay in the Settlement Class?

Unless you exclude yourself from the Settlement, you cannot sue or be part of any other lawsuit against BLP about the issues in this case, including any existing litigation, arbitration, or proceeding.  Unless you exclude yourself, all of the decisions and judgments by the Court will bind you.  If you file a Claim Form for benefits or do nothing at all, you will be releasing BLP from all of the claims described and identified in Section [ ] of the Settlement Agreement.

The Settlement Agreement is available by visiting the Settlement Website [WEBSITE], calling [SA Number] or writing to [SA ADDRESS].  The Settlement Agreement provides more detail regarding

**QUESTIONS?  CALL 1-8XX-XXX-XXXX OR GO TO [WEBSITE]**

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000408

the release and describes the released claims with specific descriptions in necessary, accurate legal terminology, so read it carefully. You can talk to the law firm seeking to represent the Settlement Class and listed in Question 15 for free or you can, at your own expense, talk to your own lawyer if you have any questions about the released claims or what they mean.

## 14. If I exclude myself, can I still get a payment?

No.  You will not get a payment from the Settlement Fund if you exclude yourself from the settlement.

## THE LAWYERS REPRESENTING YOU

## 15. Do I have a lawyer in the case?

The Court has appointed Phillip A. Bock, Jonathan B. Piper, Daniel J. Cohen of Bock, Hatch, Lewis & Oppenheim, LLC  as "Class Counsel" to represent all members of the Settlement Class.

You will not be charged for these lawyers' services. The Attorneys' Fee Awards will be paid directly from the Settlement Fund. If you want to be represented by another lawyer, you may hire one to appear in Court for you at your own expense.

## 16. How will the lawyers be paid?

Class Counsel intend to request up to twenty-five percent (25%) ($4,875,000) of the Settlement Fund for attorneys' fees and reasonable, actual out-of-pocket expenses incurred in the Litigation.  The fees and expenses awarded by the Court will be paid out of the Settlement Fund.  The Court will decide the amount of fees and expenses to award.

Plaintiffs will apply for Incentive Awards in an amount to be paid from the Settlement Fund. Plaintiff Technology Training Associates will apply for an award of $20,000 and Plaintiff Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic will apply for $3,000.

## OBJECTING TO THE SETTLEMENT

## 17. How do I tell the Court if I do not like the Settlement?

If you are a Settlement Class Member (and do not exclude yourself from the Settlement Class), you can object to any part of the Settlement.  To object, you must submit a letter or other written document that includes the following:

1) A heading that includes the case name and case number - [ ].

2) Your name, address, telephone number and, if represented by counsel, the name, bar number, address and telephone number of your counsel;

3) A signed declaration stating that you are a member of the Settlement Class and in 2009 and/or 2010, received one or more facsimile advertisements sent by or on behalf of BLP;

4) A statement of all your objections to the Settlement; and

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                   TTA10262018 000409

5) A statement of whether you intend to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name, bar number, address, and telephone number of your counsel who will attend.

You must file your objection with the Court and mail or email your objection to each of the following postmarked or emailed by Month Day, 2016:

| Settlement Administrator | Class Counsel | Defendant's Counsel |
|---|---|---|
| | Phillip A. Bock | Mark S. Mester |
| | Jonathan B. Piper | mark.mester@lw.com |
| | Daniel J. Cohen | Kathleen P. Lally |
| | Bock, Hatch, Lewis & Oppenheim, LLC | kathleen.lally@lw.com |
| | 134 North La Salle Street, Suite 1000 | Latham & Watkins LLP |
| | Chicago, Illinois 60602 | 330 N. Wabash Avenue |
| | Phone: _____ | Suite 2800 |
| | Email: _____ | Chicago, Illinois 60611 |

## 18.  What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you do not like something about the Settlement.  You can object to the Settlement only if you do not exclude yourself.  Excluding yourself is telling the Court that you do not want to be part of the Settlement.  If you exclude yourself, you have no basis to object to the Settlement because it no longer affects you.

# THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement and any requests for fees and expenses ("Fairness Hearing").

## 19.  When and where will the Court decide whether to approve the Settlement?

The Court has scheduled a Fairness Hearing on Month Day, 2016 at __:___ _m, at the [address].  The hearing may be moved to a different date or time without additional notice.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  The Court will also consider the requests by Class Counsel for Attorneys' Fee Award and for Inventive Awards to the Class Representatives.  If there are objections, the Court will consider them at that time.  After the hearing, the Court will decide whether to approve the Settlement.  It is unknown how long these decisions will take.

## 20.  Do I have to attend the hearing?

No.  Class Counsel will answer any questions the Court may have.  But, you are welcome to attend the hearing at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you submitted your written objection on time, to the proper addresses, and it complies with the other requirements set forth above, the Court will consider it.  You also may pay your own lawyer to attend the hearing, but it is not necessary.

**QUESTIONS?  CALL 1-8XX-XXX-XXXX OR GO TO [WEBSITE]**

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                        TTA10262018 000410

## 21.  May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, your filed objection must include a statement of whether you intend to appear at the Fairness Hearing (*See* question 17 above).

You cannot speak at the hearing if you exclude yourself from the Settlement.

# IF YOU DO NOTHING

## 22.  What happens if I do nothing at all?

If you are a member of the Settlement Class and do nothing, you will not get benefits from the Settlement.  And, unless you exclude yourself, you will be bound by the judgment entered by the Court.  This means you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit or proceeding against BLP about the claims at issue in this case.

# GETTING MORE INFORMATION

## 23.  How do I get more information?

This notice summarizes the proposed Settlement.  More details are in the Settlement Agreement.  For a complete, definitive statement of the settlement terms visit the Settlement Website at _____, write with questions to the Settlement Administrator at _____ Settlement Administrator, PO Box XXXX, City, State XXXXX-XXXX, or call the toll-free number, 1-8XX-XXX-XXXX.

**QUESTIONS?  CALL 1-8XX-XXX-XXXX OR GO TO [WEBSITE]**

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                TTA10262018 000411

| From: | Kathleen.Lally@lw.com |
| To: | Jon Piper |
| Date: | Thursday, June 16, 2016 4:47:42 PM |

A.      The Claim Form shall be removed from the Settlement Website five

(5) Days after the Claim Deadline has passed.  The Settlement Website will be deactivated at

a time agreed upon by the Parties.


**Kathleen P. Lally**

**LATHAM & WATKINS LLP**

330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

| | |
|---|---|
| **From:** | Kathleen.Lally@lw.com |
| **To:** | Jon Piper |
| **Subject:** | Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release |
| **Date:** | Thursday, June 16, 2016 4:53:19 PM |
| **Attachments:** | NY-7719933-v12 Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release.docx |
| | CP_Redline - NY-7719933-v11 Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release and NY-7719933-v12 Technology Training.pdf |

Also sending to my client.

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

## **SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release is entered into between Plaintiffs Technology Training Associates, Inc. and Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic and Defendant Buccaneers Limited Partnership in order to effect a full and final settlement and dismissal with prejudice of all claims against Buccaneers Limited Partnership as alleged in the case captioned _____ on the terms set forth below and to the full extent reflected herein, subject to approval of the Court. Capitalized terms shall have the meaning ascribed to them in Section II of this Settlement Agreement.

## **I.     RECITALS**

A.     On or about May 6, 2016, Plaintiff Technology Training Associates, Inc. filed a complaint in the Circuit Court of the 13th Judicial Circuit in and for Hillsborough County, Florida alleging that in 2009 and 2010 BLP improperly sent advertisements by facsimile. Technology Training Associates, Inc. sought actual damages and statutory damages under the TCPA on behalf of itself and a proposed class of "[a]ll persons who, from July 1, 2009, to present, were sent one or more facsimile advertisements offering group or individual game tickets for Tampa Bay Buccaneer games, but not stating on the first page that the fax recipient may make a request to the sender not to send any future ads and that failure to comply, within 30 days, with such a request is unlawful."

B.     The complaint filed by Technology Training Associates, Inc. addressed similar conduct and sought to represent essentially the same class as a case pending in the United States District Court for the Middle District of Florida before Magistrate Judge Anthony E. Porcelli, captioned <u>Cin-Q Automobiles, Inc., et al. v. Buccaneers Limited Partnership, et al.</u>,

Case No. 8:13-cv-01592-AEP ("Cin-Q").  The parties in Cin-Q had been engaged in mediation and attempting to reach a settlement for more than eight (8) months, but had been unsuccessful.  Indeed, on April 18, 2016, BLP had filed a motion for a settlement conference in Cin-Q, offering to waive the mediation privilege, relying on the Court's supervisory authority under Fed. R. Civ. P. 23(g) and requesting that the Court or its designee hold a settlement conference.  The Cin-Q plaintiffs and their counsel, however, opposed any settlement conference before the Court or its designee, insisted that the mediator in the prior mediation declare an impasse (which he did) and flatly refused to waive the mediation privilege.

C.     After the complaint on behalf of Technology Training Associates, Inc. was filed, Class Counsel contacted BLP Counsel and indicated that they were aware of and had reviewed the motion for a settlement conference filed by BLP in Cin-Q and understood that Cin-Q's counsel had opposed that motion and had filed a notice of impasse.  Class Counsel then asked if BLP would have any interest in an early mediation of the new case, pointing out that the parties in that case would apparently be required to engage in alternative dispute resolution under the applicable court rules.  The Parties agreed to a mediation and scheduled an initial mediation session for May 19, 2016.

D.     Prior to the May 19, 2016 mediation, however, Plaintiff Technology Training Associates, Inc. dismissed, without prejudice, the complaint filed in Hillsborough County, Florida due to efforts by counsel for the plaintiffs in Cin-Q to interfere with the Parties' mediation and settlement discussion.  Class Counsel indicated to BLP, however, that they were maintaining the claims and that they intended to formally re-file that complaint once settlement discussions had concluded, whether or not those discussions resulted in a settlement.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000415

E.      Thereafter, the Parties participated in a full-day mediation on May 19, 2016 in Tampa, Florida before mediator Peter Grilli.  The Parties were not able to reach a settlement during that mediation, but made progress and agreed to continue negotiations.

F.      The Parties continued their settlement discussions in a second full-day mediation session on June 1, 2016 in Tampa, Florida with Mr. Grilli.  At the end of that mediation session, the Parties had reached an agreement in principle that would resolve the claims in Plaintiffs' Complaint on a class-wide basis, subject to finalization of a mutually-agreeable settlement agreement and subject to court approval.

G.      On or about _____, Plaintiffs filed their Complaint in the United States District Court for the Middle District of Florida, alleging that in 2009 and 2010 BLP improperly sent advertisements by facsimile, seeking actual damages, as well as statutory damages under the TCPA on behalf of themselves and a proposed class of "_____."

H.      BLP denies all material allegations in the Litigation and have asserted a variety of affirmative defenses.  BLP specifically denies that it has engaged in any wrongdoing whatsoever, that it has any liability in connection with the claims asserted or that could have been asserted in the Litigation and further deny that the claims in the Litigation can properly be maintained as a class action, other than for the purposes of settlement.

I.      Plaintiffs and Class Counsel have conducted an examination of the facts and documents relating to the Litigation, including documents and information produced by BLP prior to and during mediation, and have concluded that this Settlement provides substantial benefits to Plaintiffs and the Settlement Class and resolves all issues that were or could have been raised in the Litigation without prolonged litigation and the risks and uncertainties

3

inherent in litigation.  Plaintiffs, Class Counsel and Mr. Grilli have further concluded that this Settlement is fair, reasonable, adequate and in the best interest of the Settlement Class.

J.      BLP denies each and every allegation of wrongdoing, liability and damages that were or could have been asserted in the Litigation and further deny that the claims in the Litigation would be appropriate for class treatment if the Litigation were to proceed through litigation and trial.  Nonetheless, without admitting or conceding any wrongdoing, liability or damages or the appropriateness of Plaintiffs' claims or similar claims for class treatment, BLP consents to the Settlement solely to avoid the expense, inconvenience and inherent risk of litigation as well as continued disruption of their business operations.

K.      Nothing in this Settlement or Settlement Agreement shall be construed as an admission or concession by BLP of the truth of any allegations raised in the Litigation or of any fault, wrongdoing, liability or damages of any kind.

L.      This Settlement Agreement, its terms, documents related to it and the negotiations or proceedings connected with it shall not be offered or received into evidence in the Litigation or in any other action or proceeding to establish any liability or admission by BLP.

**NOW**, **THEREFORE**, in consideration of the foregoing and the mutual covenants, promises and general releases set forth below and subject to preliminary and final approval of the Court, the Parties hereby agree as follows:

## II.      DEFINITIONS

As used herein, the following terms have the meanings set forth below.

A.      "Attorneys' Fee Award" means the Court-approved award to Class Counsel as defined in Section VI, Paragraph A and payable from the Net Settlement Fund.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000417

B.      "Available Award Total" means the amount of money in the Net Settlement Fund available to pay such Awards.

C.      "Award" means the cash compensation that Settlement Class Members who submit Valid Claims shall be entitled to receive as detailed in Sections IV and VIII and payable from the Net Settlement Fund.

D.      "BLP" shall mean Defendant Buccaneers Limited Partnership.

E.      "BLP Counsel" means Latham & Watkins LLP and Holland & Knight.

F.      "CAFA Notices" means the notice of this settlement to be served upon State and Federal regulatory authorities as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

G.      "Claim Deadline" means the date by which Class Members must submit Claims Forms to be eligible for the benefits described herein, which date will be specified in the Class Notice.

H.      "Claim Form" means the claim form that Settlement Class Members must complete and submit on or before the Claim Deadline to be eligible for the benefits described herein, which shall be without material alteration from Exhibit A.  Claim Forms will be processed after the Effective Date.

I.      "Class Counsel" means Phillip A. Bock, Jonathan B. Piper and Daniel J. Cohen of Bock, Hatch, Lewis & Oppenheim, LLC.

J.      "Class Notice" means the Court-approved forms of notice to the Settlement Class, which will notify members of the Settlement Class of entry of the Preliminary Approval Order and the scheduling of the Fairness Hearing, among other things.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

TTA10262018 000418

K.      "Court" means the United States District Court for the Middle District of Florida.

L.      "Days" means calendar days, except that when computing any period of time prescribed or allowed by this Settlement Agreement, the day of the act, event or default from which the designated period of time begins to run shall not be included.  Furthermore, when computing any period of time prescribed or allowed by this Settlement Agreement, the last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a Federal or State of Florida legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday or Federal or State of Florida legal holiday.

M.      "Effective Date" means the date defined in Section XIII.

N.      "Fairness Hearing" means the hearing at which the Court orders final approval of the Settlement.

O.      "Final" means final as defined in Section XIII, Paragraph B.

P.      "Final Order and Judgment" means a final order entered by the Court after the Fairness Hearing, granting approval of the Settlement as further described in Section —**XI**.

Q.      "Incentive Award" means the Court-approved award, if any, to the individual class representative as defined in Section VI, Paragraph B and payable from the Net Settlement Fund.

R.      "Litigation" means the action captioned _____.

S.      "Mailed Notice" shall mean the notice of the settlement provided to the Settlement Class by first class mail, postage pre-paid, which shall be without material alteration from Exhibit B.

6

T.     "Net Settlement Fund" means the Settlement Fund, less the amounts paid for the Attorneys' Fee Award and Incentive Awards, as described in more detail in Section IV.

U.     "Notice And Administration Costs" means the reasonable and authorized costs and expenses of the Settlement Class Notice Program and all reasonable and authorized costs and expenses incurred by the Settlement Administrator or BLP in administering the Settlement, including but not limited to costs and expenses associated with assisting members of the Settlement Class, processing claims, escrowing funds, issuing and mailing the benefits provided by the Settlement and other reasonable and authorized fees and expenses of the Settlement Administrator.

V.     "Notice Date" means the first day on which the Settlement Administrator begins disseminating the Class Notice.

W.     "Opt-Out" shall refer to a member of the Settlement Class who properly and timely submits a request for exclusion from the Settlement Class as set forth in Section IX, Paragraph B.  An Opt-Out may rescind a request for exclusion by submitting a Claim Form to the Settlement Administrator to obtain benefits under the Settlement.

X.     "Opt-Out List" shall refer to the list compiled by the Settlement Administrator identifying those who properly and timely submit a request for exclusion from the Settlement Class and become Opt-Outs.

Y.     "Opt-Out and Objection Date" means the date by which a request for exclusion must be filed with the Settlement Administrator in order for a member of the Settlement Class to be excluded from the Settlement Class, and the date by which Settlement Class Members must file objections, if any, to the Settlement.

7

Z.      "Parties" means Plaintiffs and Settlement Class Members together with BLP.

Plaintiffs and Settlement Class Members shall be collectively referred to as one "Party," with

BLP as the other "Party."

AA.      "Person" means an individual, corporation, partnership, limited partnership,

limited liability company, association, member, joint stock company, estate, legal representative,

trust, unincorporated association, any business or legal entity and such individual's or entity's

spouse, heirs, predecessors, successors, representatives and assignees.

BB.      "Plaintiffs" means Technology Training Associates, Inc. and Larry E. Schwanke,

D.C. d/b/a Back to Basics Family Chiropractic.

CC.      "Preliminary Approval Date" means the date the Preliminary Approval Order has

been executed and entered by the Court and received by counsel for the Parties.

DD.      "Preliminary Approval Order" means the order defined in Section X and entered

by the Court preliminary approving the Settlement.

EE.      "Release" means the release and discharge, as of the Effective Date, by Plaintiffs

and all Settlement Class Members (and their respective present, former and future

administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and

successors), who have not excluded themselves from the Settlement Class, of the Released

Persons and shall include the agreement and commitment by Plaintiffs and all Settlement Class

Members to not now or hereafter initiate, maintain or assert against the Released Persons or

any of them any and all causes of action, claims, rights, demands, actions, claims for damages,

equitable, legal and/or administrative relief, interest, demands or rights, including without

limitation, claims for damages of any kind, including those in excess of actual damages,

whether based on federal, state or local law, statute, ordinance, regulation, contract, common

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                                    TTA10262018 000421

law or any other sources that have been, could have been, may be or could be alleged or asserted now or in the future by Plaintiffs or any Settlement Class Members against the Released Persons, or any of them, in the Litigation or in any other court action or before any administrative body (including any regulatory entity or organization), tribunal, arbitration panel or other adjudicating body arising out of or related to the Released Claims.

FF. "Released Claims" means any and all claims, actions, causes of action, rights, demands, suits, debts, liens, contracts, agreements, offsets or liabilities, including but not limited to statutory consumer protection claims, tort claims, conversion claims, negligence claims, claims for breach of contract, breach of the duty of good faith and fair dealing, breach of statutory duties, actual or constructive fraud, misrepresentations, fraudulent inducement, statutory and consumer fraud, breach of fiduciary duty, unfair business or trade practices, conversion, restitution, rescission, compensatory and punitive damages, injunctive or declaratory relief, attorneys' fees, interests, costs, penalties and any other claims, whether known or unknown, alleged or not alleged in the Litigation, suspected or unsuspected, contingent or matured, under federal, state or local law, which Plaintiffs and/or any Settlement Class Member had, now have or may in the future have with respect to any conduct, act, omissions, facts, matters, transactions or oral or written statements or occurrences on or prior to the Preliminary Approval Date arising from or relating to facsimile advertisements offering ~~group or individual game~~ tickets for Tampa Bay Buccaneer games sent **in 2009 or 2010** by and/or on behalf of the Released Persons, FaxQom and/or any entities hired **directly or indirectly** by FaxQom to the Releasing Persons, including, without limitation, the causes of action and allegations made by Plaintiffs in the Litigation as well as claims and allegations that

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

TTA10262018 000422

the Released Persons violated any consumer protection, deceptive trade practices acts, privacy laws, the TCPA and/or and common law of any state or the District of Columbia.

GG.    "Released Persons" means BLP, its affiliates, past, present and future direct and indirect predecessors, successors, assigns, parents, subsidiaries, affiliates, joint venturers, partnerships, limited liability companies, corporations, unincorporated entities, divisions, groups, directors, officers, shareholders, members, employees, partners, agents, insurers and attorneys. Released Persons does not include FaxQom or any entities hired by FaxQom to send facsimile advertisements offering ~~group or individual game~~ tickets for Tampa Bay Buccaneer games.

HH.    "Releasing Persons" means Plaintiffs and all Settlement Class Members, and the respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors of each of Plaintiffs and Settlement Class Members.

II.    "Settlement" means the settlement set forth in this Settlement Agreement.

JJ.    "Settlement Administrator" means the independent professional service company to be selected by the Parties, subject to approval of the Court, which will administer Class Notice, administer the Settlement in accordance with this Settlement Agreement, maintain the Settlement Website and engage in any other tasks directed by the Court, Class Counsel or BLP Counsel.

KK.    "Settlement Agreement" or "Agreement" means this Settlement Agreement and Release, including all exhibits hereto.

LL.    "Settlement Class" means all Persons who fall within the definition of the class identified in Section III, Paragraph A.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                    TTA10262018 000423

MM.   "Settlement Class Members" means all Persons in the Settlement Class who do not exclude themselves (i.e., become Opt-Outs) pursuant to Section IX, Paragraph A.

NN.   "Settlement Class Notice Program" means the process devised by the Parties and the Settlement Administrator, and approved by the Court, for notifying the Settlement Class of the Settlement and Settlement Agreement.

OO.   "Settlement Fund" means $19,500,000 as described in more detail in Section IV.

PP.   "Settlement Website" means the dedicated website created and maintained by the Settlement Administrator, which will contain relevant documents and information about the Settlement, including this Settlement Agreement, the Class Notice and the Claim Form.

QQ.   "TCPA" means the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227.

RR.   "Valid Claim" means a timely and fully completed Claim Form submitted by a Settlement Class Member as more fully described in Section VIII.

SS.   The plural of any defined term includes the singular, and vice versa, as made necessary in context.

## III.   PROPOSED CLASS FOR SETTLEMENT PURPOSES

A.   Pursuant to Fed. R. Civ. P. 23, the Parties hereto agree to certification, for settlement purposes only, of the following Settlement Class:

> All persons who, in 2009 or 2010, received one or more facsimile advertisements sent by or on behalf of BLP and offering ~~group or individual game~~ tickets for Tampa Bay Buccaneer games.

Specifically excluded from the Settlement Class are the following Persons:

(i)   BLP and its respective parents, subsidiaries, divisions, affiliates, associated entities, business units, predecessors in interest, successors,

11

successors in interest and representatives and each of their respective immediate family members;

(ii)     Class Counsel; and

(iii)    The judges who have presided over the Litigation and any related cases.

B.      Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement, the Parties stipulate to the entry of an order preliminarily certifying the Settlement Class, appointing Plaintiffs as representative of the Settlement Class and appointing the following as counsel for the Settlement Class:

> Phillip A. Bock
> Jonathan B. Piper
> Daniel J. Cohen
> Bock, Hatch, Lewis & Oppenheim, LLC
> 134 North La Salle Street, Suite 1000
> Chicago, Illinois 60602
> Telephone:  (312) 658-5500
> Facsimile:  (312) 658-5555

C.      Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement, the Parties stipulate to the Court entering an order preliminarily finding that Plaintiffs and Class Counsel are adequate representatives of the Settlement Class.

D.      In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in any material respect (including with respect to the Settlement Class Notice Program) by the Court, or such approval is reversed, vacated or modified in any material respect by the Court or by any other court, the certification of the Settlement Class shall be deemed vacated, the Litigation shall proceed as if the Settlement Class had never been certified and no reference to the Settlement Class, this Settlement Agreement or any other Settlement documents, shall be made for any purpose in the Litigation or in any other action or proceeding.

12

## IV.   <u>BENEFITS TO THE CLASS</u>

A.      Pursuant to the terms and conditions set forth in this Agreement, BLP agrees to

fund a Settlement Fund of up to $19,500,000, which will be used to pay all Awards,

Attorneys' Fee Awards and Incentive Awards.

B.      Subject to the terms of this Agreement, Settlement Class Members who received

one or more unsolicited facsimile advertisements sent by or on behalf of BLP and who submit

a Valid Claim shall be eligible to receive up to:

(i)      $350 for the first such facsimile;

(ii)      $100 for the second such facsimile;

(iii)      $75 for the third such facsimile;

(iv)      $20 for the fourth such facsimile; and

(v)      $20 for the fifth such facsimile.

C.      No later than seven (7) Days after the Parties have resolved any disputes

regarding rejected claims, the Settlement Administrator will provide Class Counsel and BLP

Counsel with a report identifying the total of the Awards and the amount of money in the Net

Settlement Fund available to pay such Awards ("Available Award Total").  If the Awards

exceed the Available Award Total, the Awards to the Settlement Class Members who

submitted Valid Claims will be reduced on a pro rata basis until the Awards equal the

Available Award Total.

D.      Without admitting wrongdoing or liability and solely to avoid the cost and

disruption of further litigation, BLP further agrees to not send any unsolicited, facsimile

advertisements that do not otherwise comply with the TCPA.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000426

## V.    THE SETTLEMENT FUND

A.    BLP shall have no obligation to make any payments under this Settlement Agreement until the Court enters a Preliminary Approval Order.  Once the Court enters a Preliminary Approval Order, BLP shall pay reasonable Notice and Administration Costs arising under this Settlement Agreement by making such payments directly to the Settlement Administrator (or to such other party incurring such costs) as those costs are incurred and payment becomes due.

B.    Within forty-five (45) Days of the Effective Date, BLP will cause an amount sufficient to cover all Valid Claims, Attorneys' Fees and Costs and Incentive Awards, but not to exceed $19,500,000, to be transferred into an interest-bearing bank account (the "Settlement Account") designated by the Settlement Administrator.  Any interest that accrues on the Settlement Fund in the Settlement Account will be added to the Settlement Fund.

C.    Any amounts remaining in the Settlement Fund following disbursement of all Awards, Attorneys' Fee Award and Incentive Awards shall revert in full to BLP.

D.    Under no circumstances shall BLP be obligated to pay more under this Settlement Agreement than $19,500,000 to the Settlement Fund, excluding costs for Notice and Administration Costs.

## VI.    ATTORNEYS' FEES AND COSTS AND INCENTIVE ~~AWARD~~AWARDS

A.    Class Counsel will apply to the Court for an aggregate award of attorneys' fees and reimbursement of costs in an amount not to exceed in total 25% of the Settlement Fund and to be paid from the Settlement Fund.  BLP will not oppose Class Counsel's application for said award of fees, costs and expenses.  Class Counsel agree that once BLP has funded the Settlement Fund, BLP's obligations to Class Counsel shall be fully satisfied and discharged,

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER    TTA10262018 000427

Class Counsel shall have no further or other claim against BLP, including but not limited to any attorneys' lien claim, and that BLP shall have fully discharged their obligation to pay fees, costs and expenses to any lawyers claiming to represent the interests of the Settlement Class.

B.      Plaintiffs will apply for Incentive Awards in an amount to be paid from the Settlement Fund.  Plaintiff Technology Training Associates shall apply for an award of $20,000 and Plaintiff Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic shall apply for $3,000.  Plaintiffs agree that once BLP has funded the Settlement Fund and paid Notice and Administration Costs, BLP's obligations to Plaintiffs and the Settlement Class shall be fully satisfied and discharged, and Plaintiffs and the Settlement Class shall have no further or other claim against BLP.

C.      Any order or proceedings relating to the applications for the Attorneys' Fee Award and the Incentive Awards, or any appeal from any order relating thereto or reversal or modification thereof, will not operate to terminate or cancel this Agreement or affect or delay the finality of Final Order and Judgment approving the Settlement Agreement and the Settlement.

## VII.     SETTLEMENT CLASS NOTICE PROGRAM

A.      The Parties agree the following Settlement Class Notice Program provides reasonable notice to the Settlement Class.

B.      BLP will bear all Notice and Administration Costs.

C.      The Parties have agreed to have _____ serve as the Settlement Administrator and will request that the Court appoint _____ as Settlement Administrator.  Once approved by the Court, the Settlement Administrator will be an agent of

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000428

the Court and will be subject to the Court's supervision and direction as circumstances may require.  The Settlement Administrator will be responsible for administering:

      (i)      The CAFA Notice as required by statute;

      (ii)      The Settlement Class Notice Program as set forth below;

      (iii)      The Settlement Website; and

      (iv)      The claims' process set forth in Section VIII as well as any

additional processes agreed to by Class Counsel and BLP Counsel and subject

to the Court's supervision and direction as circumstances may require.

D.      Within ten (10) Days of the Preliminary Approval Date, the Parties shall provide to the Settlement Administrator records identifying the fax numbers to which the facsimile advertisements offering ~~group or individual game~~ tickets for Tampa Bay Buccaneer games were sent.  The Settlement Administrator will then use these records to determine the mailing addresses for as many members of the Settlement Class as possible.  The Parties will work cooperatively with the Settlement Administrator to mutually-agree upon the most practicable methods under the circumstances by which the addresses of the members of the Settlement Class can be derived.  The mailing addresses will be updated with the National Change of Address Database maintained by the United States Postal Service before mailing.

E.      No later than 30 Days after the Preliminary Approval Date, the Settlement Administrator shall create the Settlement Website.  The Settlement Website shall provide information and relevant documents related to this Settlement, including but not limited to, the following:  applicable deadlines; Mailed Notice; a downloadable Claim Form that may be submitted by U.S. Mail; FAQs and answers; orders of the Court pertaining to the Settlement; this Agreement; and contact address for questions.  ~~The Settlement Website shall be~~

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

TTA10262018 000429

~~rendered inactive five (5) Days after the Claim Deadline has passed.~~  Class Counsel and the BLP Counsel shall agree on all information and documents to be posted on the Settlement Website.  **The Claim Form shall be removed from the Settlement Website five (5) Days after the Claim Deadline has passed.  The Settlement Website will be deactivated at a time agreed upon by the Parties.**

F.      No later than sixty (60) Days after the Preliminary Approval Date, the Settlement Administrator will mail the Court-approved Mailed Notice (Exhibit B) to all members of the Settlement Class whose addresses were derived as part of the process described in Paragraph D above.

G.      No later than sixty (60) Days after the Preliminary Approval Date, the Settlement Administrator will cause notice to be published in a manner that satisfies due process when considered in conjunction with the mailed notice portion of the Settlement Class Notice Program discussed in Paragraphs D and F above.

H.      Prior to the Fairness Hearing, the Settlement Administrator shall provide to the Court documentation reflecting that the Settlement Class Notice Program has been executed in accordance with the Settlement Agreement and Preliminary Approval Order.

I.      The Settlement Administrator, Class Counsel or any Person acting on behalf of Class Counsel shall not provide or publish any form of notice other than the agreed-upon Class Notice without prior written approval of the content of any such notice by BLP Counsel.

## VIII.   CLAIMS PROCESS AND PAYMENTS TO SETTLEMENT CLASS MEMBERS

A.      Class Notice shall be sent to all Settlement Class Members for whom the Settlement Administrator is able to determine a mailing address.

B.      To file a Valid Claim, Settlement Class Members must:

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                      TTA10262018 000430

(i)      Complete a Claim Form, providing all of the information required

by the Settlement Agreement and the Claim Form;

(ii)      Sign the Claim Form under penalty of perjury; and

(iii)      Return the completed and signed Claim Form to the Settlement

Administrator on or before the Claim Deadline.

Only Settlement Class Members who submit Valid Claims shall be entitled to an Award.

C.      The Settlement Administrator shall be responsible for reviewing all claims to

determine their validity.

(i)      Any claim that is not substantially in compliance with the

instructions on the Claim Form or the terms of this Settlement Agreement or is

postmarked later than the Claim Deadline shall be rejected.

(ii)      Following the Claim Deadline, the Settlement Administrator shall

provide a report of any rejected claims to BLP Counsel and Class Counsel.  If

Class Counsel do not agree with the rejection of a claim, they shall bring it to

the attention of BLP Counsel, and the Parties shall meet and confer and attempt,

in good faith, to resolve any dispute regarding the rejected claim.  Following

their meet and confer, the Parties will provide the Settlement Administrator with

their positions regarding the disputed, rejected claim.  The Settlement

Administrator, after considering the positions of the Parties and, if appropriate,

seeking any additional information from the Settlement Class Member, will make

the final decision in its sole discretion, subject only to review by the Court.

D.      BLP shall have the right to audit Claim Forms for validity and fraud.  In the

event that BLP determines that a Claim Form is invalid or fraudulent and should be rejected,

18

they shall bring it to the attention of Class Counsel, and the Parties shall meet and confer and attempt, in good faith, to resolve any dispute regarding the rejected claim.  Following their meet and confer, the Parties will provide the Settlement Administrator with their positions regarding the disputed, rejected claim.  The Settlement Administrator, after considering the positions of the Parties and, if appropriate, seeking any additional information from the Settlement Class Member, will make the final decision in its sole discretion, subject only to review by the Court.

E.      At any time during the claims' process, if the Settlement Administrator has a reasonable suspicion of fraud, the Settlement Administrator shall immediately notify both Class Counsel and BLP Counsel of that fact and the basis for its suspicion.  Class Counsel and BLP Counsel shall endeavor to reach an agreed-upon solution to any suspected fraud and, if necessary, BLP may suspend the claims' process, and the Parties will promptly seek assistance from the Court.

F.      As soon as practicable after the Effective Date, the Settlement Administrator shall cause the Awards in the form of checks to be distributed to members of the Settlement Class, and shall remit the Attorneys' Fee Award and Incentive Award as approved by the Court.

## IX.     OBJECTIONS AND OPT-OUT RIGHTS

A.      Any Settlement Class Member who intends to object must do so on or before the Opt-Out and Objection Date.  In order to object, the Settlement Class Member must include in the objection submitted to the Court and served on Class Counsel and BLP Counsel the following:

19

(i)      The name, address, telephone number of the Person objecting and, if represented by counsel, of his/her counsel;

(ii)      A signed declaration stating that he or she is a member of the Settlement Class and in 2009 and/or 2010, received one or more facsimile advertisements sent by or on behalf of BLP;

(iii)      A statement of all objections to the Settlement; and

(iv)      A statement of whether he or she intends to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of his or her counsel who will attend.  Any Settlement Class Member who fails to file and serve a timely written objection and notice of his or her intent to appear at the Fairness Hearing pursuant to this Paragraph and as detailed in the Class Notice shall not be permitted to object to the approval of the Settlement at the Fairness Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

B.      A member of the Settlement Class who wishes to opt out of the Settlement Class must complete and send to the Settlement Administrator a request for exclusion that is post-marked no later than the Opt-Out and Objection Date.  The request for exclusion must be personally signed by the member of the Settlement Class requesting exclusion, contain a statement that indicates his or her desire to be excluded from the Settlement Class and contain a statement that he or she is otherwise a member of the Settlement Class.  A member of the Settlement Class may opt-out on an individual basis only.  So-called "mass" or "class" opt-outs, whether filed by third parties on behalf of a "mass" or "class" of class members or

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000433

multiple class members where no personal statement has been signed by each and every individual class members, shall not be allowed.

C.     Except for those members of the Settlement Class who timely and properly file a request for exclusion, all members of the Settlement Class will be deemed to be Settlement Class Members for all purposes under the Settlement Agreement, and upon the Effective Date, will be bound by its terms, regardless of whether they file a Claim Form or receive any monetary relief.

D.     Any member of the Settlement Class who properly opts out of the Settlement Class shall not:  (i) be bound by any orders or judgments entered in the Litigation or relating to the Settlement; (ii) be entitled to relief under, or be affected by, the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement.

E.     The Settlement Administrator shall provide Class Counsel and BLP Counsel with the Opt-Out List within seven (7) Days after the Opt-Out and Objection Date.

## X.     PRELIMINARY APPROVAL PROCESS AND CLASS NOTICE

After execution of this Settlement Agreement, Class Counsel shall promptly move the Court for a Preliminary Approval Order preliminarily approving the Settlement and the Settlement Class Notice Program.  The Preliminary Approval Order will:

A.     Preliminarily approve this Settlement Agreement.

B.     Preliminarily certify the Settlement Class.

C.     Find that the proposed Settlement is sufficiently fair, reasonable and adequate to warrant providing notice to the Settlement Class, which notice will: (i) describe the essential terms of the Settlement; (ii) disclose any special benefits or incentives to the Class

21

Representatives; (iii) provide information regarding the Attorneys' Fee Award; (iv) indicate the time and place of the hearing to consider final approval of the Settlement, and the method for objection to and/or opting out of the Settlement; (v) explain the procedures for allocating and distributing the Settlement Fund; and (vi) prominently display the address of Class Counsel and the procedure for making inquiries.

D.      Schedule a Fairness Hearing on final approval of this Settlement and Settlement Agreement to consider the fairness, reasonableness and adequacy of the proposed Settlement and whether it should be finally approved by the Court.

E.      Appoint the Settlement Administrator.

F.      Approve the Class Notice, and ~~directs~~direct the Settlement Administrator to disseminate the Class Notice in accordance with the Settlement Class Notice Program.

G.      Find that the Settlement Class Notice Program:  (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and of their right to object to or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all Persons entitled to receive notice; and (iv) meets all requirements of applicable law.

H.      Require the Settlement Administrator to file proof of compliance with the Settlement Class Notice Program at or before the Fairness Hearing.

I.      Approve the Claim Form and ~~sets~~set a Claim Deadline.

J.      Require any member of the Settlement Class who wishes to exclude himself or herself from the Settlement Class to submit an appropriate, timely request for exclusion, postmarked no later than the Opt-Out and Objection Date, or as the Court may otherwise direct, to the Settlement Administrator at the address on the Class Notice.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                      TTA10262018 000435

K.      Order that any member of the Settlement Class who does not submit a timely, written request for exclusion from the Settlement Class (i.e., becomes an Opt-Out) will be bound by all proceedings, orders and judgments in the Litigation, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

L.      Require any Settlement Class Member who does not become an Opt-Out and who wishes to object to the fairness, reasonableness or adequacy of this Settlement or Settlement Agreement to file with the Court and serve on Class Counsel and BLP Counsel no later than the Opt-Out and Objection Date, or as the court may otherwise direct, a statement of the objection signed by the Settlement Class Member containing all of the following information:

(i)      The objector's name, address, telephone number and, if represented by counsel, of his/her counsel;

(ii)      A declaration stating that he or she is a member of the Settlement Class and received one or more unsolicited facsimile advertisements offering ~~group or individual game~~ tickets for Tampa Bay Buccaneer games;

(iii)      A statement of all objections to the Settlement; and

(iv)      A statement of whether the objector intends to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of counsel who will attend.

M.      Order that any response to an objection shall be filed with the Court no later than seven (7) Days prior to the Fairness Hearing.

23

N.      Specify that any Settlement Class Member who does not file a timely written objection to the Settlement or who fails to otherwise comply with applicable requirements shall be foreclosed from seeking any adjudication or review of this Settlement by appeal or otherwise.

O.      Require that any attorney, hired by a Settlement Class Member for the purpose of objecting to the proposed Settlement, the Attorneys' Fee Award or the Incentive Award and who intends to make an appearance at the Fairness Hearing, shall provide to the Settlement Administrator (who shall forward it to Class Counsel and BLP Counsel) and file with the Clerk of the Court a notice of intention to appear no later than the Opt-Out and Objection Date or as the Court may otherwise direct.

P.      Require any Settlement Class Member who files and serves a written objection and who intends to make an appearance at the Fairness Hearing ~~shall~~**to** so state in their objection papers or as the Court otherwise may direct.

Q.      Direct the Settlement Administrator to establish a post office box in the name of the Settlement Administrator to be used for receiving requests for exclusion and any other communications, and providing that only the Settlement Administrator, Class Counsel, BLP Counsel, the Court, the Clerk of the Court and their designated agents shall have access to this post office box, except as otherwise provided in this Settlement Agreement.

R.      Direct that Class Counsel shall file their applications for the Attorneys' Fee Award and Plaintiffs' Incentive Award at least fourteen (14) Days prior to the Opt-Out and Objection Date.

S.      Order the Settlement Administrator to provide the Opt-Out List to Class Counsel and BLP Counsel no later than seven (7) Days after the Opt-Out and Objection Date

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000437

and then file with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy thereof no later than five (5) Days thereafter or on such other date as the Parties may direct.

       T.     Preliminarily enjoin all members of the Settlement Class unless and until they have timely excluded themselves from the Settlement Class from (i) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; (ii) filing, commencing, participating in or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (iii) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims.  Any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by BLP, any other Released Person and Class Counsel as a result of the violation.  This Settlement Agreement is not intended to prevent members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                          TTA10262018 000438

U.      Contain any additional provisions agreeable to the Parties that might be necessary or advisable to implement the terms of this Settlement Agreement and the proposed settlement.

## XI.      **FINAL ORDER AND JUDGMENT AND RELEASES**

A.      If this Settlement Agreement (including any modification thereto made with the consent of the Parties as provided for herein) is approved by the Court following the Fairness Hearing scheduled by the Court in its Preliminary Approval Order, the Parties shall request the Court to enter a Final Order and Judgment pursuant to the Federal Rules of Civil Procedure and all applicable laws that, among other things:

(i)      Finds that the Court has personal jurisdiction over Plaintiffs and all Settlement Class Members and that the Court has subject matter jurisdiction to approve this Settlement and Settlement Agreement and all exhibits thereto;

(ii)      Certifies a Settlement Class solely for purposes of this Settlement;

(iii)      Grants final approval to this Settlement Agreement as being fair, reasonable and adequate as to all Parties and consistent and in compliance with all requirements of due process and applicable law, as to and in the best interests of all Parties and directs the Parties and their counsel to implement and consummate this Settlement Agreement in accordance with its terms and provisions;

(iv)      Declares this Settlement Agreement and the Final Order and Judgment to be binding on and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of Plaintiffs and all Settlement Class Members, as

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000439

well as their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors;

(v)     Finds that the Settlement Class Notice Program:  (1) constituted the best practicable notice; (2) constituted notice that was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Litigation, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing and of their right to seek monetary and other relief; (3) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (4) met all requirements of due process and any other applicable law;

(vi)     Approves the Claim Form that was distributed to the Settlement Class;

(vii)     Finds that Class Counsel and Plaintiffs adequately represented the Settlement Class for purposes of entering into and implementing the Settlement and Settlement Agreement;

(viii)     Dismisses the Litigation now pending before the Court on the merits and with prejudice and without fees or costs except as provided herein, in accordance with the terms of the Final Order and Judgment;

(ix)     Adjudges that Plaintiffs and the Settlement Class have conclusively compromised, settled, dismissed and released any and all Released Claims against BLP and the Released Persons;

27

(x)     Approves payment of the Attorneys' Fee Award and Incentive Awards as determined by the Court;

(xi)    Without affecting the finality of the Final Order and Judgment for purposes of appeal, reserves jurisdiction over the Settlement Administrator, BLP, Plaintiffs and the Settlement Class Members as to all matters relating to the administration, consummation, enforcement and interpretation of the terms of the Settlement, the Settlement Agreement and Final Order and Judgment and for any other necessary purposes;

(xii)   Provides that upon the Effective Date, Plaintiffs and all Settlement Class Members, whether or not they return a Claim Form within the time and in the manner provided for, shall be barred from asserting any Released Claims against BLP and/or any Released Persons, and any such Settlement Class Members shall have released any and all Released Claims as against BLP and all Released Persons;

(xiii)  Determines that the Settlement Agreement and the Settlement provided for therein and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by BLP or any Released Persons or of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to this Settlement Agreement and the Settlement provided for therein in such proceedings solely as may be necessary to effectuate the Settlement Agreement;

28

(xiv)    Bars and permanently enjoins all Settlement Class Members from (1) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (2) organizing Settlement Class Members who have not excluded themselves from the Settlement Class into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency;

(xv)    States that any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by BLP and/or any other Released Persons and Class Counsel as a result of the violation;

(xvi)    Approves the Opt-Out List and determines that the Opt-Out List is a complete list of all members of the Settlement Class who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment, except for Opt-Outs who subsequently elect to submit Claim Forms during the Claim Period; and

29

(xvii)   Authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of this Settlement Agreement and all exhibits hereto as (1) shall be consistent in all material respects with the Final Order and Judgment; and (2) do not limit the rights of the Parties or Settlement Class Members.

B.      As of the Effective Date, the Releasing Persons are deemed to have fully released and forever discharged the Released Persons of and from all Released Claims by operation of entry of the Final Order and Judgment.

(i)      Subject to Court approval, all Settlement Class Members who have not excluded themselves from the Settlement Class shall be bound by this Settlement Agreement and the Release and all of their claims shall be dismissed with prejudice and released, irrespective of whether they received actual notice of the Litigation or this Settlement.

(ii)     Without in any way limiting the scope of the Release, this Release covers any and all claims for attorneys' fees, costs or disbursements incurred by Class Counsel or any other counsel representing Plaintiffs or Settlement Class Members, or any of them, in connection with or related in any manner to the Litigation, the Settlement, the administration of such Settlement and/or the Released Claims as well as any and all claims for the Incentive Award to Plaintiffs and the Attorneys' Fee Award to Class Counsel.

(iii)    The Releasing Persons and the Released Persons expressly acknowledge that they are familiar with principles of law such as Section 1542 of the Civil Code of the State of California, which provides:

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                              TTA10262018 000443

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MIGHT HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Notwithstanding California or other law, the Releasing Persons and the Released Persons hereby expressly agree that the provisions, rights and benefits of Section 1542 and all similar federal or state laws, rights, rules or legal principles of any other jurisdiction that may be applicable herein are hereby knowingly and voluntarily waived, released and relinquished to the fullest extent permitted by law solely in connection with unknown claims that are the same as, substantially similar to, or overlap the Released Claims, and the Releasing Persons and the Released Persons hereby agree and acknowledge that this is an essential term of the Releases. In connection with the Release, the Releasing Persons and the Released Persons acknowledge that they are aware that they may hereafter discover claims presently unknown and unsuspected or facts in addition to or different from those which they now know or believe to be true with respect to matters released herein, and that such claims, to the extent that they are the same as, substantially similar to, or overlap the Released Claims, are hereby released, relinquished and discharged.

(iv)     Nothing in the Releases shall preclude any action to enforce the terms of this Settlement Agreement, including participation in any of the processes detailed herein.

## XII.     WITHDRAWAL FROM OR TERMINATION OF SETTLEMENT

A.     Within fifteen (15) Days after the occurrence of any of the following events and upon written notice to counsel for all Parties, a Party shall have the right to withdraw from the Settlement and terminate this Settlement Agreement:

31

(i)     If the Court declines to approve the Settlement Agreement as written or if on appeal the Court's approval is reversed or modified;

(ii)    If the Court materially alters any of the terms of the Settlement Agreement, except that a reduction in the Attorneys' Fee Award or the Incentive Awards shall not be deemed to be a material alteration; or

(iii)   If the Preliminary Approval Order or the Final Order and Judgment is not entered by the Court or is reversed or modified on appeal, or otherwise fails for any reason.

B.      If, at any time prior to Final Order and Judgment, legislation is enacted, a controlling judicial opinion is rendered or regulatory agency action is undertaken that would entitle BLP to summary judgment on Plaintiffs' claims under the TCPA, then subject to Court approval, BLP shall have the right to withdraw from the Settlement and terminate this Settlement Agreement.  For the purposes of this provision, the issuance of a retroactive waiver of 47 C.F.R. § 64.1200(a)(4)(iv) regarding the Federal Communication Commission's opt-out notice requirement for faxes sent with the recipient's prior express permission in favor of BLP would not be considered agency action that would entitle BLP to summary judgment on Plaintiffs' claims under the TCPA and would not trigger BLP's right to terminate the Settlement.

C.      In the event of a withdrawal pursuant to Paragraphs A or B above, any certification of a Settlement Class will be vacated, without prejudice to any Party's position on the issue of class certification and the amenability of the claims asserted in the Litigation to class treatment, and the Parties shall be restored to their litigation position existing immediately before the execution of this Settlement Agreement.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000445

D.      If members of the Settlement Class properly and timely submit requests for exclusion from the Settlement Class thereby becoming Opt-Outs in a number exceeding the number submitted to the Court under seal by the Parties, then BLP may elect in their sole discretion to withdraw from the Settlement and terminate this Settlement Agreement.  In that event, all of BLP's obligations under this Agreement shall cease to be of any force and effect; the certification of the Settlement Class shall be vacated without prejudice to BLP's position on the issue of class certification; and BLP shall be restored to their litigation position existing immediately before the execution of this Settlement Agreement.

(i)      In order to elect to withdraw from the Settlement and terminate this Settlement Agreement on the basis set forth above, BLP must notify Class Counsel in writing of their election to do so within fourteen (14) Days after the Opt-Out List has been served on the Parties.

(ii)      In the event that BLP exercises such right, Class Counsel shall have, at their discretion, fourteen (14) Days or such longer period as agreed to by the Parties to address the concerns of the Opt-Outs.  If through such efforts the total number on the Opt-Out List subsequently becomes and remains fewer than the number submitted to the Court under seal at the time of filing the Motion For Preliminary Approval, BLP shall withdraw their election to withdraw from the Settlement and terminate the Settlement Agreement.  In no event, however, shall BLP have any further obligation under this Agreement to any Opt-Out unless he or she withdraws his or her request for exclusion.

(iii)      For purposes of this Paragraph, Opt-Outs shall not include (1) Persons who are specifically excluded from the Settlement Class definition;

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000446

(2) Opt-Outs who elect to withdraw their request for exclusion; and (3) Opt-Outs who agree to sign an undertaking that they will not pursue an individual claim, class claim or any other claim that would otherwise be a Released Claim as defined in this Settlement Agreement.

E.      In the event of withdrawal by any Party in accordance with the terms set forth in this Section, the Settlement Agreement shall be null and void, shall have no further force and effect with respect to any Party in the Litigation and shall not be offered in evidence or used in any litigation for any purpose, including the existence, certification or maintenance of any proposed or existing class or the amenability of these or similar claims to class treatment.  In the event of such withdrawal, this Settlement Agreement and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to BLP, Plaintiffs and the Settlement Class Members and shall not be deemed or construed to be an admission or confession in any way by any Party of any fact, matter or proposition of law and shall not be used in any manner for any purpose, and the Parties to the Litigation shall stand in the same position as if this Settlement Agreement had not been negotiated, made or filed with the Court.

## XIII.   <u>EFFECTIVE DATE</u>

A.      The Effective Date of this Settlement Agreement shall be the date when each and all of the following conditions have occurred:

(i)      This Settlement Agreement has been fully executed by all Parties and their counsel;

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                TTA10262018 000447

(ii)    Orders have been entered by the Court certifying the Settlement Class, granting preliminary approval of this Settlement and approving the forms of Class Notice and Claim Form, all as provided above;

(iii)    The Settlement Class Notice Program has been executed in accordance with the Preliminary Approval Order;

(iv)    The Court has entered a Final Order and Judgment finally approving this Agreement, as provided above; and

(v)    The Final Order and Judgment has become Final as defined in Paragraph B below.

B.    "Final," when referring to a judgment or order means that (i) the judgment is a final, appealable judgment; and (ii) either (1) no appeal has been taken from the judgment as of the date on which all deadlines to appeal therefrom have expired; or (2) an appeal or other review proceeding of the judgment having been commenced, the date by which such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions or rehearing or re-argument, petitions for rehearing en banc, petitions for writ of certiorari, or otherwise, and such appeal or other review has been finally resolved in a manner that affirms the Final Order and Judgment in all material respects.

C.    If, for any reason, this Settlement Agreement fails to become Final pursuant to the foregoing Paragraph B, the orders, judgment and dismissal to be entered pursuant to this Settlement Agreement shall be vacated, and the Parties will be returned to the status quo ante with respect to the Litigation as if this Settlement Agreement had never been entered into.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

TTA10262018 000448

# XIV.   NOTICES

A.     All Notices (other than the Class Notice and CAFA Notices) required by the Settlement Agreement shall be made in writing and communicated by mail to the following addresses:

All Notices to the Settlement Class or Class Counsel shall be sent to Class Counsel, c/o:

> Phillip A. Bock
> Jonathan B. Piper
> Daniel J. Cohen
> Bock, Hatch, Lewis & Oppenheim, LLC
> 134 North La Salle Street, Suite 1000
> Chicago, Illinois 60602
> Telephone:  (312) 658-5500
> Facsimile:  (312) 658-5555

All Notices to BLP or BLP Counsel provided herein shall be sent to BLP Counsel, c/o:

> Mark S. Mester
> Kathleen P. Lally
> Latham & Watkins LLP
> 330 North Wabash Avenue, Suite 2800
> Chicago, Illinois  60611
> Telephone:  (312) 876-7700
> Facsimile:  (312) 993-9767

B.     The notice recipients and addresses designated above may be changed by written notice.

C.     Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of comments, objections, requests for exclusion, or other documents or filings received as a result of the Class Notice.

# XV.   MISCELLANEOUS PROVISIONS

A.     **Interpretation**.  This Settlement Agreement contains the entire agreement among the Parties hereto and supersedes any prior discussions, agreements or understandings

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000449

among them as well as any and all prior drafts of this Settlement Agreement.  All terms are

contractual.  For the purpose of construing or interpreting this Settlement Agreement, the

Parties agree that the Settlement Agreement is to be deemed to have been drafted equally by

all Parties hereto and shall not be construed strictly for or against any Party, and the Parties

further agree that any prior drafts may not be used to construe or interpret this Settlement

Agreement.

   B. **Binding Effect**.  The terms are and shall be binding upon each of the Parties

hereto, their administrators, agents, assigns, attorneys, executors, heirs, partners,

representatives, predecessors-in-interest and successors as well as upon all other Persons

claiming any interest in the subject matter hereto through any of the Parties hereto including

any Settlement Class Members.

   C. **Headings**.  The headings contained in this Settlement Agreement are for

reference purposes only and shall not affect in any way the meaning or interpretation of this

Settlement Agreement.

   D. **No Rescission on Grounds of Mistake**.  The Parties acknowledge that they

have made their own investigations of the matters covered by this Settlement Agreement to the

extent they have deemed it necessary to do so.  Therefore, the Parties agree that they will not

seek to set aside any part of the Settlement Agreement on the grounds of mistake.  Moreover,

the Parties understand, agree and expressly assume the risk that any fact not recited, contained,

or embodied in the Settlement Agreement may turn out hereinafter to be other than, different

from, or contrary to the facts now known to them or believed by them to be true, and further

agree that the Settlement Agreement shall be effective in all respects notwithstanding and shall

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER              TTA10262018 000450

not be subject to termination, modification, or rescission by reason of any such difference in facts.

E.   **Amendment**.  This Settlement Agreement may be amended or modified only by a written instrument signed by the Parties or their counsel.  Amendments and modifications may be made without notice to the Settlement Class unless notice is required by law or by the Court.

F.   **Integration Of Exhibits**.  Any exhibits to this Settlement Agreement are hereby incorporated and made a part of the Settlement Agreement.

G.   **Jurisdiction**.  The United States District Court for the Middle District of Florida has jurisdiction over the Parties to this Settlement Agreement and the Settlement Class.

H.   **Waiver of Statute of Limitations.**  BLP waives any affirmative defense regarding the statute of limitations that it may have had to Plaintiffs' claims.  This waiver shall survive in the event of the termination of this Agreement.

I.   **No Admission**.  Neither this Settlement Agreement nor any of its provisions, its exhibits or related documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order or the Final Order and Judgment), its negotiation or any proceedings relating in any way to the Settlement shall be construed as or deemed to be evidence of an admission or concession by any person, including BLP, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or Court order.  The provisions of this Paragraph shall become effective when this Settlement Agreement has been signed by the Parties and shall be binding on the Parties and their counsel

38

regardless of whether the Settlement Agreement is approved by this Court or any other court and regardless of whether the Settlement Agreement is otherwise rendered null and void.

J.      **Governing Law**.  This Settlement Agreement shall be governed by and construed in accordance with the internal laws (as opposed to the conflicts of law provisions) of the State of Florida.

K.      **Counterparts**.  This Settlement Agreement may be executed in counterparts and may be executed by facsimile, and as so executed shall constitute one agreement.

L.      **No Media Statements.**  BLP, BLP Counsel, Plaintiffs, Class Counsel and all other counsel of record for Plaintiffs agree not to issue any press releases regarding this settlement or publicize it in any way and further agree not to engage in any communications with the media or the press, on the internet, or in any public forum, orally or in writing, that relate to this Settlement or the Litigation other than statements that are fully consistent with the Mailed Notice.  Notwithstanding the foregoing, nothing in this Settlement Agreement shall preclude a Party from making a public statement in support of the Settlement.  For example, Plaintiffs or Class Counsel may state that the Settlement is a good result for the Class.  In addition, nothing in this Settlement Agreement shall preclude Plaintiffs or Class Counsel from making a public statement that is consistent with the language of the Settlement Agreement or any motions submitted for approval of the Settlement.

M.      **Confidentiality.**  All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000452

N.     **Return Of Material.**  Within thirty (30) Days after the Effective Date, Class Counsel and BLP Counsel will return all material produced by one to the other in discovery or otherwise in connection with the Litigation.

O.     **No Assignment**.  Plaintiffs represent and warrant that no portion of any claim, right, demand, action, or cause of action against the Released Persons that Plaintiffs have or may have arising out of any allegations made in any of the actions comprising the Litigation or pertaining to any of the Released Claims, and no portion of any recovery or settlement to which Plaintiffs may be entitled, has been assigned, transferred, or conveyed by or for Plaintiffs in any manner; and no Person other than Plaintiffs have any legal or equitable interest in the claims, demands, actions, or causes of action referred to in this Agreement as those of Plaintiffs.

P.     **Stay.**  The Parties stipulate to stay all proceedings in the Litigation until the approval of this Settlement Agreement has been finally determined, except the stay of proceedings shall not prevent the filing of any motions, affidavits and other matters necessary to obtain and preserve final judicial approval of this Settlement Agreement.

Q.     **Best Efforts.**  In the event that there are any developments in the effectuation and administration of this Agreement that are not dealt with by the terms of this Agreement, then such matters shall be dealt with as agreed upon by the Parties, and failing agreement, as shall be ordered by the Court.  The Parties shall execute all documents and use their best efforts to perform all acts necessary and proper to promptly effectuate the terms of this Agreement and to take all necessary or appropriate actions to obtain judicial approval of this Agreement in order to give this Agreement full force and effect.  The execution of documents must take place prior to the date scheduled for the Preliminary Approval Hearing.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000453

IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by their duly authorized representatives below.

*Plaintiffs:*

Technology Training Associates, Inc.

By:_____

Larry E. Schwanke, D.C. d/b/a
Back to Basics Family Chiropractic

By:_____

*Approved as to form:*          **BOCK, HATCH, LEWIS & OPPENHEIM, LLC**

                                By:_____
                                    Phillip A. Bock
                                    Jonathan B. Piper
                                    Daniel J. Cohen
                                    Bock, Hatch, Lewis & Oppenheim,
                                    LLC
                                    134 North La Salle Street, Suite 1000
                                    Chicago, Illinois 60602
                                    Telephone:  (312) 658-5500
                                    Facsimile:  (312) 658-5555

*Defendant:*

BUCCANEERS LIMITED PARTNERSHIP

By:_____

Its:_____

*Approved as to form:*          **LATHAM & WATKINS LLP**

                                By:_____

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                TTA10262018 000454

Mark S. Mester
Kathleen P. Lally
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois  60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

TTA10262018 000455

| Summary report: Litéra® Change-Pro TDC 7.5.0.145 Document comparison done on 6/16/2016 4:50:12 PM | |
|---|---|
| **Style name:** L&W without Moves | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:**iw://US-DOCS/NY/7719933/11 | |
| **Modified DMS:** iw://US-DOCS/NY/7719933/12 | |
| **Changes:** | |
| Add | 8 |
| Delete | 12 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 20 |

| From: | Kathleen.Lally@lw.com |
|---|---|
| To: | Jon Piper |
| Subject: | TTA v. BLP -- Stipulation re Settlement.DOCX |
| Date: | Thursday, June 16, 2016 4:59:18 PM |
| Attachments: | TTA v. BLP -- Stipulation re Settlement(7729911_1_NY) (2).DOCX |

I think I fixed the formatting.

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

## STIPULATION REGARDING SETTLEMENT

Plaintiffs Technology Training Associates, Inc. and Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic (collectively, "Plaintiffs") and Defendant Buccaneers Limited Partnership ("BLP") (each a "Party" and collectively, the "Parties"), by and through their respective undersigned counsel, hereby agree as follows:

**A.**     The Parties participated in two full-day mediation sessions on May 19, 2016 and June 1, 2016 in Tampa, Florida before mediator Peter Grilli during which they discussed the settlement of allegations raised by Plaintiffs that in 2009 and 2010, BLP improperly sent advertisements by facsimile.

**B.**     At the end of the second day of mediation, the Parties had reached an agreement in principle that would resolve the allegations of Plaintiffs on a class-wide basis, subject to finalization of a mutually-agreeable settlement agreement and subject to court approval.

**C.**     Since the termination of the June 1, 2016 mediation session, the Parties have worked diligently to finalize a mutually-agreeable settlement agreement, as well as draft notices and claim forms.

**D.**     By the signatures of their respective counsel below, the Parties acknowledge that they have come to agreement to the terms set forth in the Settlement Agreement and Release (including all exhibits thereto) attached hereto as Exhibit A, subject to (1) the filing of a Complaint by Plaintiffs and (2) the selection of a mutually-agreeable Settlement Administrator.

**E.**     The Parties agree to continue to work diligently and cooperatively to choose a mutually-agreeable Settlement Administrator, and Plaintiffs agree to file a Complaint in a timely manner so that the Parties may formally sign the Settlement Agreement and Release and seek approval of that agreement from the Court.

IN WITNESS WHEREOF, the parties have executed and caused this agreement to be executed by their duly authorized representatives below.

| BOCK, HATCH, LEWIS & OPPENHEIM | LATHAM & WATKINS |
|---|---|
| By:_____ | By:_____ |
| Counsel for Plaintiffs | Counsel for BLP |
| Phillip A. Bock<br>Jonathan B. Piper<br>Daniel J. Cohen<br>Bock, Hatch, Lewis & Oppenheim, LLC<br>134 North La Salle Street, Suite 1000<br>Chicago, Illinois 60602<br>Telephone:  (312) 658-5500<br>Facsimile:  (312) 658-5555 | Mark S. Mester<br>Kathleen P. Lally<br>Latham & Watkins LLP<br>330 North Wabash Avenue, Suite 2800<br>Chicago, Illinois  60611<br>Telephone:  (312) 876-7700<br>Facsimile:  (312) 993-9767 |

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

TTA10262018 000500

| | |
|---|---|
| **From:** | Jon Piper |
| **To:** | Kathleen.Lally@lw.com |
| **Subject:** | RE: TTA v. BLP -- Stipulation re Settlement.DOCX |
| **Date:** | Thursday, June 16, 2016 5:02:00 PM |
| **Attachments:** | TTA v. BLP -- Stipulation re Settlement(7729911_1_NY) (2).docx |

The signature lines were still printing funny. I de-underscored both lines and it worked. Attached.

The agreement looks good. I can send you a signed copy of the stip when you are ready to go.

---

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Thursday, June 16, 2016 4:59 PM
**To:** Jon Piper
**Subject:** TTA v. BLP -- Stipulation re Settlement.DOCX

I think I fixed the formatting.

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

## STIPULATION REGARDING SETTLEMENT

Plaintiffs Technology Training Associates, Inc. and Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic (collectively, "Plaintiffs") and Defendant Buccaneers Limited Partnership ("BLP") (each a "Party" and collectively, the "Parties"), by and through their respective undersigned counsel, hereby agree as follows:

**A.**     The Parties participated in two full-day mediation sessions on May 19, 2016 and June 1, 2016 in Tampa, Florida before mediator Peter Grilli during which they discussed the settlement of allegations raised by Plaintiffs that in 2009 and 2010, BLP improperly sent advertisements by facsimile.

**B.**     At the end of the second day of mediation, the Parties had reached an agreement in principle that would resolve the allegations of Plaintiffs on a class-wide basis, subject to finalization of a mutually-agreeable settlement agreement and subject to court approval.

**C.**     Since the termination of the June 1, 2016 mediation session, the Parties have worked diligently to finalize a mutually-agreeable settlement agreement, as well as draft notices and claim forms.

**D.**     By the signatures of their respective counsel below, the Parties acknowledge that they have come to agreement to the terms set forth in the Settlement Agreement and Release (including all exhibits thereto) attached hereto as Exhibit A, subject to (1) the filing of a Complaint by Plaintiffs and (2) the selection of a mutually-agreeable Settlement Administrator.

**E.**     The Parties agree to continue to work diligently and cooperatively to choose a mutually-agreeable Settlement Administrator, and Plaintiffs agree to file a Complaint in a timely manner so that the Parties may formally sign the Settlement Agreement and Release and seek approval of that agreement from the Court.

IN WITNESS WHEREOF, the parties have executed and caused this agreement to be executed by their duly authorized representatives below.

| BOCK, HATCH, LEWIS & OPPENHEIM | LATHAM & WATKINS |
|---|---|
| By: _____ | By: _____ |
| Counsel for Plaintiffs | Counsel for BLP |
| Phillip A. Bock<br>Jonathan B. Piper<br>Daniel J. Cohen<br>Bock, Hatch, Lewis & Oppenheim, LLC<br>134 North La Salle Street, Suite 1000<br>Chicago, Illinois 60602<br>Telephone:  (312) 658-5500<br>Facsimile:  (312) 658-5555 | Mark S. Mester<br>Kathleen P. Lally<br>Latham & Watkins LLP<br>330 North Wabash Avenue, Suite 2800<br>Chicago, Illinois  60611<br>Telephone:  (312) 876-7700<br>Facsimile:  (312) 993-9767 |

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

TTA10262018 000503

| | |
|---|---|
| **From:** | Jon Piper |
| **To:** | Kathleen.Lally@lw.com |
| **Cc:** | Phil Bock; Dan Cohen - External Email; Hatch, Robert (shinhatch@outlook.com) (shinhatch@outlook.com); Jim Smith |
| **Subject:** | FW: |
| **Date:** | Thursday, June 16, 2016 5:13:00 PM |
| **Attachments:** | doc07138320160616171226.pdf |

Kate - Here is my signature. Please send me clean copies of the final versions of the settlement agreement and exhibits.

## STIPULATION REGARDING SETTLEMENT

Plaintiffs Technology Training Associates, Inc. and Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic (collectively, "Plaintiffs") and Defendant Buccaneers Limited Partnership ("BLP") (each a "Party" and collectively, the "Parties"), by and through their respective undersigned counsel, hereby agree as follows:

A.     The Parties participated in two full-day mediation sessions on May 19, 2016 and June 1, 2016 in Tampa, Florida before mediator Peter Grilli during which they discussed the settlement of allegations raised by Plaintiffs that in 2009 and 2010, BLP improperly sent advertisements by facsimile.

B.     At the end of the second day of mediation, the Parties had reached an agreement in principle that would resolve the allegations of Plaintiffs on a class-wide basis, subject to finalization of a mutually-agreeable settlement agreement and subject to court approval.

C.     Since the termination of the June 1, 2016 mediation session, the Parties have worked diligently to finalize a mutually-agreeable settlement agreement, as well as draft notices and claim forms.

D.     By the signatures of their respective counsel below, the Parties acknowledge that they have come to agreement to the terms set forth in the Settlement Agreement and Release (including all exhibits thereto) attached hereto as Exhibit A, subject to (1) the filing of a Complaint by Plaintiffs and (2) the selection of a mutually-agreeable Settlement Administrator.

E.     The Parties agree to continue to work diligently and cooperatively to choose a mutually-agreeable Settlement Administrator, and Plaintiffs agree to file a Complaint in a timely manner so that the Parties may formally sign the Settlement Agreement and Release and seek approval of that agreement from the Court.

IN WITNESS WHEREOF, the parties have executed and caused this agreement to be executed by their duly authorized representatives below.

| BOCK, HATCH, LEWIS & OPPENHEIM | LATHAM & WATKINS |
|---|---|
| By: _____ | By: _____ |
| Counsel for Plaintiffs | Counsel for BLP |
| Phillip A. Bock<br>Jonathan B. Piper<br>Daniel J. Cohen<br>Bock, Hatch, Lewis & Oppenheim, LLC<br>134 North La Salle Street, Suite 1000<br>Chicago, Illinois 60602<br>Telephone: (312) 658-5500<br>Facsimile: (312) 658-5555 | Mark S. Mester<br>Kathleen P. Lally<br>Latham & Watkins LLP<br>330 North Wabash Avenue, Suite 2800<br>Chicago, Illinois 60611<br>Telephone: (312) 876-7700<br>Facsimile: (312) 993-9767 |

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

| | |
|---|---|
| **From:** | Kathleen.Lally@lw.com |
| **To:** | Jon Piper |
| **Subject:** | RE: TTA v. BLP -- Stipulation re Settlement.DOCX |
| **Date:** | Thursday, June 16, 2016 5:15:41 PM |

We are ready to sign.

---

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Thursday, June 16, 2016 5:06 PM
**To:** Lally, Kathleen (CH)
**Subject:** RE: TTA v. BLP -- Stipulation re Settlement.DOCX

The signature lines were still printing funny. I de-underscored both lines and it worked. Attached.

The agreement looks good. I can send you a signed copy of the stip when you are ready to go.

---

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Thursday, June 16, 2016 4:59 PM
**To:** Jon Piper
**Subject:** TTA v. BLP -- Stipulation re Settlement.DOCX

I think I fixed the formatting.

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

 TTA10262018 000506

| | |
|---|---|
| **From:** | Kathleen.Lally@lw.com |
| **To:** | Jon Piper |
| **Cc:** | Phil Bock; Dan Cohen - External Email; Robert Hatch - Outlook.com; Jim Smith |
| **Subject:** | RE: |
| **Date:** | Thursday, June 16, 2016 5:29:14 PM |

Putting it all together and will send shortly.

-----Original Message-----
From: Jon Piper [mailto:jon@classlawyers.com]
Sent: Thursday, June 16, 2016 5:17 PM
To: Lally, Kathleen (CH)
Cc: Phil Bock; Dan Cohen - External Email; Robert Hatch - Outlook.com; Jim Smith
Subject: FW:

Kate - Here is my signature. Please send me clean copies of the final versions of the settlement agreement and exhibits.
----------------------------------------------------------------------------
This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP
----------------------------------------------------------------------------

| From: | Jon Piper |
|---|---|
| To: | Kathleen.Lally@lw.com |
| Cc: | Phil Bock; Dan Cohen - External Email; Robert Hatch - Outlook.com; Jim Smith; mark.mester@lw.com |
| Subject: | RE: TTA v. BLP -- Stipulation |
| Date: | Thursday, June 16, 2016 5:30:00 PM |

Thanks for all your efforts, Kate. We should talk tomorrow morning about the remaining tasks to get this moving in court.

-----Original Message-----
From: Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
Sent: Thursday, June 16, 2016 5:33 PM
To: Jon Piper
Cc: Phil Bock; Dan Cohen - External Email; Robert Hatch - Outlook.com; Jim Smith; mark.mester@lw.com
Subject: TTA v. BLP -- Stipulation

All,

    Please find the executed stipulation and exhibits.

Kate

-----Original Message-----
From: Jon Piper [mailto:jon@classlawyers.com]
Sent: Thursday, June 16, 2016 5:17 PM
To: Lally, Kathleen (CH)
Cc: Phil Bock; Dan Cohen - External Email; Robert Hatch - Outlook.com; Jim Smith
Subject: FW:

Kate - Here is my signature. Please send me clean copies of the final versions of the settlement agreement and exhibits.
---------------------------------------------------------------------------
This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP
---------------------------------------------------------------------------

| | |
|---|---|
| **From:** | Kathleen.Lally@lw.com |
| **To:** | Jon Piper |
| **Cc:** | Phil Bock; Dan Cohen - External Email; Robert Hatch - Outlook.com; Jim Smith; mark.mester@lw.com |
| **Subject:** | TTA v. BLP -- Stipulation |
| **Date:** | Thursday, June 16, 2016 5:32:52 PM |
| **Attachments:** | Stipulation.pdf |

All,

      Please find the executed stipulation and exhibits.

Kate

-----Original Message-----
From: Jon Piper [mailto:jon@classlawyers.com]
Sent: Thursday, June 16, 2016 5:17 PM
To: Lally, Kathleen (CH)
Cc: Phil Bock; Dan Cohen - External Email; Robert Hatch - Outlook.com; Jim Smith
Subject: FW:

Kate - Here is my signature. Please send me clean copies of the final versions of the settlement
agreement and exhibits.
----------------------------------------------------------------------------
This email may contain material that is confidential, privileged and/or attorney work product for the sole
use of the intended recipient.  Any review, reliance or distribution by others or forwarding without
express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender
and delete all copies.

Latham & Watkins LLP
----------------------------------------------------------------------------

## STIPULATION REGARDING SETTLEMENT

Plaintiffs Technology Training Associates, Inc. and Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic (collectively, "Plaintiffs") and Defendant Buccaneers Limited Partnership ("BLP") (each a "Party" and collectively, the "Parties"), by and through their respective undersigned counsel, hereby agree as follows:

A.      The Parties participated in two full-day mediation sessions on May 19, 2016 and June 1, 2016 in Tampa, Florida before mediator Peter Grilli during which they discussed the settlement of allegations raised by Plaintiffs that in 2009 and 2010, BLP improperly sent advertisements by facsimile.

B.      At the end of the second day of mediation, the Parties had reached an agreement in principle that would resolve the allegations of Plaintiffs on a class-wide basis, subject to finalization of a mutually-agreeable settlement agreement and subject to court approval.

C.      Since the termination of the June 1, 2016 mediation session, the Parties have worked diligently to finalize a mutually-agreeable settlement agreement, as well as draft notices and claim forms.

D.      By the signatures of their respective counsel below, the Parties acknowledge that they have come to agreement to the terms set forth in the Settlement Agreement and Release (including all exhibits thereto) attached hereto as Exhibit A, subject to (1) the filing of a Complaint by Plaintiffs and (2) the selection of a mutually-agreeable Settlement Administrator.

E.      The Parties agree to continue to work diligently and cooperatively to choose a mutually-agreeable Settlement Administrator, and Plaintiffs agree to file a Complaint in a timely manner so that the Parties may formally sign the Settlement Agreement and Release and seek approval of that agreement from the Court.

IN WITNESS WHEREOF, the parties have executed and caused this agreement to be executed by their duly authorized representatives below.

| BOCK, HATCH, LEWIS & OPPENHEIM | LATHAM & WATKINS |
|---|---|
| By: _____ | By: _____ |
| Counsel for Plaintiffs | Counsel for BLP |
| Phillip A. Bock<br>Jonathan B. Piper<br>Daniel J. Cohen<br>Bock, Hatch, Lewis & Oppenheim, LLC<br>134 North La Salle Street, Suite 1000<br>Chicago, Illinois 60602<br>Telephone: (312) 658-5500<br>Facsimile: (312) 658-5555 | Mark S. Mester<br>Kathleen P. Lally<br>Latham & Watkins LLP<br>330 North Wabash Avenue, Suite 2800<br>Chicago, Illinois 60611<br>Telephone: (312) 876-7700<br>Facsimile: (312) 993-9767 |

TTA10262018 000510

# EXHIBIT A

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

## <u>SETTLEMENT AGREEMENT AND RELEASE</u>

This Settlement Agreement and Release is entered into between Plaintiffs Technology Training Associates, Inc. and Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic and Defendant Buccaneers Limited Partnership in order to effect a full and final settlement and dismissal with prejudice of all claims against Buccaneers Limited Partnership as alleged in the case captioned _____ on the terms set forth below and to the full extent reflected herein, subject to approval of the Court.  Capitalized terms shall have the meaning ascribed to them in Section II of this Settlement Agreement.

## I.    <u>RECITALS</u>

A.      On or about May 6, 2016, Plaintiff Technology Training Associates, Inc. filed a complaint in the Circuit Court of the 13th Judicial Circuit in and for Hillsborough County, Florida alleging that in 2009 and 2010 BLP improperly sent advertisements by facsimile. Technology Training Associates, Inc. sought actual damages and statutory damages under the TCPA on behalf of itself and a proposed class of "[a]ll persons who, from July 1, 2009, to present, were sent one or more facsimile advertisements offering group or individual game tickets for Tampa Bay Buccaneer games, but not stating on the first page that the fax recipient may make a request to the sender not to send any future ads and that failure to comply, within 30 days, with such a request is unlawful."

B.      The complaint filed by Technology Training Associates, Inc. addressed similar conduct and sought to represent essentially the same class as a case pending in the United States District Court for the Middle District of Florida before Magistrate Judge Anthony E. Porcelli, captioned <u>Cin-Q Automobiles, Inc., et al. v. Buccaneers Limited Partnership, et al.</u>, Case No. 8:13-cv-01592-AEP ("<u>Cin-Q</u>").  The parties in <u>Cin-Q</u> had been engaged in mediation and attempting to reach a settlement for more than eight (8) months, but had been unsuccessful.

Indeed, on April 18, 2016, BLP had filed a motion for a settlement conference in Cin-Q, offering to waive the mediation privilege, relying on the Court's supervisory authority under Fed. R. Civ. P. 23(g) and requesting that the Court or its designee hold a settlement conference. The Cin-Q plaintiffs and their counsel, however, opposed any settlement conference before the Court or its designee, insisted that the mediator in the prior mediation declare an impasse (which he did) and flatly refused to waive the mediation privilege.

  C.  After the complaint on behalf of Technology Training Associates, Inc. was filed, Class Counsel contacted BLP Counsel and indicated that they were aware of and had reviewed the motion for a settlement conference filed by BLP in Cin-Q and understood that Cin-Q's counsel had opposed that motion and had filed a notice of impasse. Class Counsel then asked if BLP would have any interest in an early mediation of the new case, pointing out that the parties in that case would apparently be required to engage in alternative dispute resolution under the applicable court rules. The Parties agreed to a mediation and scheduled an initial mediation session for May 19, 2016.

  D.  Prior to the May 19, 2016 mediation, however, Plaintiff Technology Training Associates, Inc. dismissed, without prejudice, the complaint filed in Hillsborough County, Florida due to efforts by counsel for the plaintiffs in Cin-Q to interfere with the Parties' mediation and settlement discussion. Class Counsel indicated to BLP, however, that they were maintaining the claims and that they intended to formally re-file that complaint once settlement discussions had concluded, whether or not those discussions resulted in a settlement.

  E.  Thereafter, the Parties participated in a full-day mediation on May 19, 2016 in Tampa, Florida before mediator Peter Grilli. The Parties were not able to reach a settlement during that mediation, but made progress and agreed to continue negotiations.

<div style="text-align:center">2</div>

F.      The Parties continued their settlement discussions in a second full-day mediation session on June 1, 2016 in Tampa, Florida with Mr. Grilli.  At the end of that mediation session, the Parties had reached an agreement in principle that would resolve the claims in Plaintiffs' Complaint on a class-wide basis, subject to finalization of a mutually-agreeable settlement agreement and subject to court approval.

G.      On or about _____, Plaintiffs filed their Complaint in the United States District Court for the Middle District of Florida, alleging that in 2009 and 2010 BLP improperly sent advertisements by facsimile, seeking actual damages, as well as statutory damages under the TCPA on behalf of themselves and a proposed class of "_____."

H.      BLP denies all material allegations in the Litigation and have asserted a variety of affirmative defenses.  BLP specifically denies that it has engaged in any wrongdoing whatsoever, that it has any liability in connection with the claims asserted or that could have been asserted in the Litigation and further deny that the claims in the Litigation can properly be maintained as a class action, other than for the purposes of settlement.

I.      Plaintiffs and Class Counsel have conducted an examination of the facts and documents relating to the Litigation, including documents and information produced by BLP prior to and during mediation, and have concluded that this Settlement provides substantial benefits to Plaintiffs and the Settlement Class and resolves all issues that were or could have been raised in the Litigation without prolonged litigation and the risks and uncertainties inherent in litigation.  Plaintiffs, Class Counsel and Mr. Grilli have further concluded that this Settlement is fair, reasonable, adequate and in the best interest of the Settlement Class.

J.      BLP denies each and every allegation of wrongdoing, liability and damages that were or could have been asserted in the Litigation and further deny that the claims in the

3

Litigation would be appropriate for class treatment if the Litigation were to proceed through litigation and trial.  Nonetheless, without admitting or conceding any wrongdoing, liability or damages or the appropriateness of Plaintiffs' claims or similar claims for class treatment, BLP consents to the Settlement solely to avoid the expense, inconvenience and inherent risk of litigation as well as continued disruption of their business operations.

K.      Nothing in this Settlement or Settlement Agreement shall be construed as an admission or concession by BLP of the truth of any allegations raised in the Litigation or of any fault, wrongdoing, liability or damages of any kind.

L.      This Settlement Agreement, its terms, documents related to it and the negotiations or proceedings connected with it shall not be offered or received into evidence in the Litigation or in any other action or proceeding to establish any liability or admission by BLP.

**NOW**, **THEREFORE**, in consideration of the foregoing and the mutual covenants, promises and general releases set forth below and subject to preliminary and final approval of the Court, the Parties hereby agree as follows:

## II.      <u>DEFINITIONS</u>

As used herein, the following terms have the meanings set forth below.

A.      "Attorneys' Fee Award" means the Court-approved award to Class Counsel as defined in Section VI, Paragraph A and payable from the Net Settlement Fund.

B.      "Available Award Total" means the amount of money in the Net Settlement Fund available to pay such Awards.

C.      "Award" means the cash compensation that Settlement Class Members who submit Valid Claims shall be entitled to receive as detailed in Sections IV and VIII and payable from the Net Settlement Fund.

D.      "BLP" shall mean Defendant Buccaneers Limited Partnership.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000515

E.      "BLP Counsel" means Latham & Watkins LLP and Holland & Knight.

F.      "CAFA Notices" means the notice of this settlement to be served upon State and Federal regulatory authorities as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

G.      "Claim Deadline" means the date by which Class Members must submit Claims Forms to be eligible for the benefits described herein, which date will be specified in the Class Notice.

H.      "Claim Form" means the claim form that Settlement Class Members must complete and submit on or before the Claim Deadline to be eligible for the benefits described herein, which shall be without material alteration from Exhibit A.  Claim Forms will be processed after the Effective Date.

I.      "Class Counsel" means Phillip A. Bock, Jonathan B. Piper and Daniel J. Cohen of Bock, Hatch, Lewis & Oppenheim, LLC.

J.      "Class Notice" means the Court-approved forms of notice to the Settlement Class, which will notify members of the Settlement Class of entry of the Preliminary Approval Order and the scheduling of the Fairness Hearing, among other things.

K.      "Court" means the United States District Court for the Middle District of Florida.

L.      "Days" means calendar days, except that when computing any period of time prescribed or allowed by this Settlement Agreement, the day of the act, event or default from which the designated period of time begins to run shall not be included.  Furthermore, when computing any period of time prescribed or allowed by this Settlement Agreement, the last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a Federal or

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER      TTA10262018 000516

State of Florida legal holiday, in which event the period runs until the end of the next day which

is not a Saturday, Sunday or Federal or State of Florida legal holiday.

      M.      "Effective Date" means the date defined in Section XIII.

      N.      "Fairness Hearing" means the hearing at which the Court orders final approval of

the Settlement.

      O.      "Final" means final as defined in Section XIII, Paragraph B.

      P.      "Final Order and Judgment" means a final order entered by the Court after the

Fairness Hearing, granting approval of the Settlement as further described in Section XI.

      Q.      "Incentive Award" means the Court-approved award, if any, to the individual

class representative as defined in Section VI, Paragraph B and payable from the Net Settlement

Fund.

      R.      "Litigation" means the action captioned _____.

      S.      "Mailed Notice" shall mean the notice of the settlement provided to the

Settlement Class by first class mail, postage pre-paid, which shall be without material alteration

from Exhibit B.

      T.      "Net Settlement Fund" means the Settlement Fund, less the amounts paid for the

Attorneys' Fee Award and Incentive Awards, as described in more detail in Section IV.

      U.      "Notice And Administration Costs" means the reasonable and authorized costs

and expenses of the Settlement Class Notice Program and all reasonable and authorized costs and

expenses incurred by the Settlement Administrator or BLP in administering the Settlement,

including but not limited to costs and expenses associated with assisting members of the

Settlement Class, processing claims, escrowing funds, issuing and mailing the benefits provided

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                           TTA10262018 000517

by the Settlement and other reasonable and authorized fees and expenses of the Settlement Administrator.

V.    "Notice Date" means the first day on which the Settlement Administrator begins disseminating the Class Notice.

W.    "Opt-Out" shall refer to a member of the Settlement Class who properly and timely submits a request for exclusion from the Settlement Class as set forth in Section IX, Paragraph B.  An Opt-Out may rescind a request for exclusion by submitting a Claim Form to the Settlement Administrator to obtain benefits under the Settlement.

X.    "Opt-Out List" shall refer to the list compiled by the Settlement Administrator identifying those who properly and timely submit a request for exclusion from the Settlement Class and become Opt-Outs.

Y.    "Opt-Out and Objection Date" means the date by which a request for exclusion must be filed with the Settlement Administrator in order for a member of the Settlement Class to be excluded from the Settlement Class, and the date by which Settlement Class Members must file objections, if any, to the Settlement.

Z.    "Parties" means Plaintiffs and Settlement Class Members together with BLP. Plaintiffs and Settlement Class Members shall be collectively referred to as one "Party," with BLP as the other "Party."

AA.    "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, member, joint stock company, estate, legal representative, trust, unincorporated association, any business or legal entity and such individual's or entity's spouse, heirs, predecessors, successors, representatives and assignees.

7

   TTA10262018 000518

BB.    "Plaintiffs" means Technology Training Associates, Inc. and Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic.

CC.    "Preliminary Approval Date" means the date the Preliminary Approval Order has been executed and entered by the Court and received by counsel for the Parties.

DD.    "Preliminary Approval Order" means the order defined in Section X and entered by the Court preliminary approving the Settlement.

EE.    "Release" means the release and discharge, as of the Effective Date, by Plaintiffs and all Settlement Class Members (and their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors), who have not excluded themselves from the Settlement Class, of the Released Persons and shall include the agreement and commitment by Plaintiffs and all Settlement Class Members to not now or hereafter initiate, maintain or assert against the Released Persons or any of them any and all causes of action, claims, rights, demands, actions, claims for damages, equitable, legal and/or administrative relief, interest, demands or rights, including without limitation, claims for damages of any kind, including those in excess of actual damages, whether based on federal, state or local law, statute, ordinance, regulation, contract, common law or any other sources that have been, could have been, may be or could be alleged or asserted now or in the future by Plaintiffs or any Settlement Class Members against the Released Persons, or any of them, in the Litigation or in any other court action or before any administrative body (including any regulatory entity or organization), tribunal, arbitration panel or other adjudicating body arising out of or related to the Released Claims.

FF.    "Released Claims" means any and all claims, actions, causes of action, rights, demands, suits, debts, liens, contracts, agreements, offsets or liabilities, including but not limited

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000519

to statutory consumer protection claims, tort claims, conversion claims, negligence claims, claims for breach of contract, breach of the duty of good faith and fair dealing, breach of statutory duties, actual or constructive fraud, misrepresentations, fraudulent inducement, statutory and consumer fraud, breach of fiduciary duty, unfair business or trade practices, conversion, restitution, rescission, compensatory and punitive damages, injunctive or declaratory relief, attorneys' fees, interests, costs, penalties and any other claims, whether known or unknown, alleged or not alleged in the Litigation, suspected or unsuspected, contingent or matured, under federal, state or local law, which Plaintiffs and/or any Settlement Class Member had, now have or may in the future have with respect to any conduct, act, omissions, facts, matters, transactions or oral or written statements or occurrences on or prior to the Preliminary Approval Date arising from or relating to facsimile advertisements offering tickets for Tampa Bay Buccaneer games sent in 2009 or 2010 by and/or on behalf of the Released Persons, FaxQom and/or any entities hired directly or indirectly by FaxQom to the Releasing Persons, including, without limitation, the causes of action and allegations made by Plaintiffs in the Litigation as well as claims and allegations that the Released Persons violated any consumer protection, deceptive trade practices acts, privacy laws, the TCPA and/or and common law of any state or the District of Columbia.

GG.    "Released Persons" means BLP, its affiliates, past, present and future direct and indirect predecessors, successors, assigns, parents, subsidiaries, affiliates, joint venturers, partnerships, limited liability companies, corporations, unincorporated entities, divisions, groups, directors, officers, shareholders, members, employees, partners, agents, insurers and attorneys. Released Persons does not include FaxQom or any entities hired by FaxQom to send facsimile advertisements offering tickets for Tampa Bay Buccaneer games.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                          TTA10262018 000520

HH.     "Releasing Persons" means Plaintiffs and all Settlement Class Members, and the respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors of each of Plaintiffs and Settlement Class Members.

II.     "Settlement" means the settlement set forth in this Settlement Agreement.

JJ.     "Settlement Administrator" means the independent professional service company to be selected by the Parties, subject to approval of the Court, which will administer Class Notice, administer the Settlement in accordance with this Settlement Agreement, maintain the Settlement Website and engage in any other tasks directed by the Court, Class Counsel or BLP Counsel.

KK.     "Settlement Agreement" or "Agreement" means this Settlement Agreement and Release, including all exhibits hereto.

LL.      "Settlement Class" means all Persons who fall within the definition of the class identified in Section III, Paragraph A.

MM.     "Settlement Class Members" means all Persons in the Settlement Class who do not exclude themselves (i.e., become Opt-Outs) pursuant to Section IX, Paragraph A.

NN.     "Settlement Class Notice Program" means the process devised by the Parties and the Settlement Administrator, and approved by the Court, for notifying the Settlement Class of the Settlement and Settlement Agreement.

OO.     "Settlement Fund" means $19,500,000 as described in more detail in Section IV.

PP.     "Settlement Website" means the dedicated website created and maintained by the Settlement Administrator, which will contain relevant documents and information about the Settlement, including this Settlement Agreement, the Class Notice and the Claim Form.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000521

QQ.    "TCPA" means the Telephone Consumer Protection Act of 1991, 47 U.S.C.

§ 227.

RR.    "Valid Claim" means a timely and fully completed Claim Form submitted by a

Settlement Class Member as more fully described in Section VIII.

SS.    The plural of any defined term includes the singular, and vice versa, as made

necessary in context.

### III.    PROPOSED CLASS FOR SETTLEMENT PURPOSES

A.    Pursuant to Fed. R. Civ. P. 23, the Parties hereto agree to certification, for

settlement purposes only, of the following Settlement Class:

> All persons who, in 2009 or 2010, received one or more facsimile advertisements
> sent by or on behalf of BLP and offering tickets for Tampa Bay Buccaneer games.

Specifically excluded from the Settlement Class are the following Persons:

(i)    BLP and its respective parents, subsidiaries, divisions, affiliates,
associated entities, business units, predecessors in interest, successors,
successors in interest and representatives and each of their respective
immediate family members;

(ii)    Class Counsel; and

(iii)    The judges who have presided over the Litigation and any related cases.

B.    Solely for the purpose of implementing this Settlement Agreement and

effectuating the Settlement, the Parties stipulate to the entry of an order preliminarily certifying

the Settlement Class, appointing Plaintiffs as representative of the Settlement Class and

appointing the following as counsel for the Settlement Class:

11

Phillip A. Bock
Jonathan B. Piper
Daniel J. Cohen
Bock, Hatch, Lewis & Oppenheim, LLC
134 North La Salle Street, Suite 1000
Chicago, Illinois 60602
Telephone:  (312) 658-5500
Facsimile:  (312) 658-5555

C.     Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement, the Parties stipulate to the Court entering an order preliminarily finding that Plaintiffs and Class Counsel are adequate representatives of the Settlement Class.

D.     In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in any material respect (including with respect to the Settlement Class Notice Program) by the Court, or such approval is reversed, vacated or modified in any material respect by the Court or by any other court, the certification of the Settlement Class shall be deemed vacated, the Litigation shall proceed as if the Settlement Class had never been certified and no reference to the Settlement Class, this Settlement Agreement or any other Settlement documents, shall be made for any purpose in the Litigation or in any other action or proceeding.

## IV.     BENEFITS TO THE CLASS

A.     Pursuant to the terms and conditions set forth in this Agreement, BLP agrees to fund a Settlement Fund of up to $19,500,000, which will be used to pay all Awards, Attorneys' Fee Awards and Incentive Awards.

B.     Subject to the terms of this Agreement, Settlement Class Members who received one or more unsolicited facsimile advertisements sent by or on behalf of BLP and who submit a Valid Claim shall be eligible to receive up to:

(i)     $350 for the first such facsimile;

(ii)     $100 for the second such facsimile;

12

(iii)   $75 for the third such facsimile;

(iv)   $20 for the fourth such facsimile; and

(v)   $20 for the fifth such facsimile.

C.   No later than seven (7) Days after the Parties have resolved any disputes regarding rejected claims, the Settlement Administrator will provide Class Counsel and BLP Counsel with a report identifying the total of the Awards and the amount of money in the Net Settlement Fund available to pay such Awards ("Available Award Total").  If the Awards exceed the Available Award Total, the Awards to the Settlement Class Members who submitted Valid Claims will be reduced on a pro rata basis until the Awards equal the Available Award Total.

D.   Without admitting wrongdoing or liability and solely to avoid the cost and disruption of further litigation, BLP further agrees to not send any unsolicited, facsimile advertisements that do not otherwise comply with the TCPA.

## V.   THE SETTLEMENT FUND

A.   BLP shall have no obligation to make any payments under this Settlement Agreement until the Court enters a Preliminary Approval Order.  Once the Court enters a Preliminary Approval Order, BLP shall pay reasonable Notice and Administration Costs arising under this Settlement Agreement by making such payments directly to the Settlement Administrator (or to such other party incurring such costs) as those costs are incurred and payment becomes due.

B.   Within forty-five (45) Days of the Effective Date, BLP will cause an amount sufficient to cover all Valid Claims, Attorneys' Fees and Costs and Incentive Awards, but not to exceed $19,500,000, to be transferred into an interest-bearing bank account (the "Settlement Account") designated by the Settlement Administrator.  Any interest that accrues on the Settlement Fund in the Settlement Account will be added to the Settlement Fund.

13

   TTA10262018 000524

C.     Any amounts remaining in the Settlement Fund following disbursement of all Awards, Attorneys' Fee Award and Incentive Awards shall revert in full to BLP.

D.     Under no circumstances shall BLP be obligated to pay more under this Settlement Agreement than $19,500,000 to the Settlement Fund, excluding costs for Notice and Administration Costs.

## VI.     ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARDS

A.     Class Counsel will apply to the Court for an aggregate award of attorneys' fees and reimbursement of costs in an amount not to exceed in total 25% of the Settlement Fund and to be paid from the Settlement Fund.  BLP will not oppose Class Counsel's application for said award of fees, costs and expenses.  Class Counsel agree that once BLP has funded the Settlement Fund, BLP's obligations to Class Counsel shall be fully satisfied and discharged, Class Counsel shall have no further or other claim against BLP, including but not limited to any attorneys' lien claim, and that BLP shall have fully discharged their obligation to pay fees, costs and expenses to any lawyers claiming to represent the interests of the Settlement Class.

B.     Plaintiffs will apply for Incentive Awards in an amount to be paid from the Settlement Fund.  Plaintiff Technology Training Associates shall apply for an award of $20,000 and Plaintiff Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic shall apply for $3,000.  Plaintiffs agree that once BLP has funded the Settlement Fund and paid Notice and Administration Costs, BLP's obligations to Plaintiffs and the Settlement Class shall be fully satisfied and discharged, and Plaintiffs and the Settlement Class shall have no further or other claim against BLP.

C.     Any order or proceedings relating to the applications for the Attorneys' Fee Award and the Incentive Awards, or any appeal from any order relating thereto or reversal or

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                      TTA10262018 000525

modification thereof, will not operate to terminate or cancel this Agreement or affect or delay the finality of Final Order and Judgment approving the Settlement Agreement and the Settlement.

## VII.   SETTLEMENT CLASS NOTICE PROGRAM

A.      The Parties agree the following Settlement Class Notice Program provides reasonable notice to the Settlement Class.

B.      BLP will bear all Notice and Administration Costs.

C.      The Parties have agreed to have _____ serve as the Settlement Administrator and will request that the Court appoint _____ as Settlement Administrator.  Once approved by the Court, the Settlement Administrator will be an agent of the Court and will be subject to the Court's supervision and direction as circumstances may require. The Settlement Administrator will be responsible for administering:

      (i)      The CAFA Notice as required by statute;

      (ii)     The Settlement Class Notice Program as set forth below;

      (iii)    The Settlement Website; and

      (iv)     The claims' process set forth in Section VIII as well as any additional processes agreed to by Class Counsel and BLP Counsel and subject to the Court's supervision and direction as circumstances may require.

D.      Within ten (10) Days of the Preliminary Approval Date, the Parties shall provide to the Settlement Administrator records identifying the fax numbers to which the facsimile advertisements offering tickets for Tampa Bay Buccaneer games were sent.  The Settlement Administrator will then use these records to determine the mailing addresses for as many members of the Settlement Class as possible.  The Parties will work cooperatively with the Settlement Administrator to mutually-agree upon the most practicable methods under the circumstances by which the addresses of the members of the Settlement Class can be derived.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000526

The mailing addresses will be updated with the National Change of Address Database maintained by the United States Postal Service before mailing.

E.     No later than 30 Days after the Preliminary Approval Date, the Settlement Administrator shall create the Settlement Website.  The Settlement Website shall provide information and relevant documents related to this Settlement, including but not limited to, the following:  applicable deadlines; Mailed Notice; a downloadable Claim Form that may be submitted by U.S. Mail; FAQs and answers; orders of the Court pertaining to the Settlement; this Agreement; and contact address for questions.  Class Counsel and the BLP Counsel shall agree on all information and documents to be posted on the Settlement Website.  The Claim Form shall be removed from the Settlement Website five (5) Days after the Claim Deadline has passed.  The Settlement Website will be deactivated at a time agreed upon by the Parties.

F.     No later than sixty (60) Days after the Preliminary Approval Date, the Settlement Administrator will mail the Court-approved Mailed Notice (Exhibit B) to all members of the Settlement Class whose addresses were derived as part of the process described in Paragraph D above.

G.     No later than sixty (60) Days after the Preliminary Approval Date, the Settlement Administrator will cause notice to be published in a manner that satisfies due process when considered in conjunction with the mailed notice portion of the Settlement Class Notice Program discussed in Paragraphs D and F above.

H.     Prior to the Fairness Hearing, the Settlement Administrator shall provide to the Court documentation reflecting that the Settlement Class Notice Program has been executed in accordance with the Settlement Agreement and Preliminary Approval Order.

16

I.      The Settlement Administrator, Class Counsel or any Person acting on behalf of Class Counsel shall not provide or publish any form of notice other than the agreed-upon Class Notice without prior written approval of the content of any such notice by BLP Counsel.

**VIII.     CLAIMS PROCESS AND PAYMENTS TO SETTLEMENT CLASS MEMBERS**

A.      Class Notice shall be sent to all Settlement Class Members for whom the Settlement Administrator is able to determine a mailing address.

B.      To file a Valid Claim, Settlement Class Members must:

(i)     Complete a Claim Form, providing all of the information required by the Settlement Agreement and the Claim Form;

(ii)    Sign the Claim Form under penalty of perjury; and

(iii)   Return the completed and signed Claim Form to the Settlement Administrator on or before the Claim Deadline.

Only Settlement Class Members who submit Valid Claims shall be entitled to an Award.

C.      The Settlement Administrator shall be responsible for reviewing all claims to determine their validity.

(i)     Any claim that is not substantially in compliance with the instructions on the Claim Form or the terms of this Settlement Agreement or is postmarked later than the Claim Deadline shall be rejected.

(ii)    Following the Claim Deadline, the Settlement Administrator shall provide a report of any rejected claims to BLP Counsel and Class Counsel.  If Class Counsel do not agree with the rejection of a claim, they shall bring it to the attention of BLP Counsel, and the Parties shall meet and confer and attempt, in good faith, to resolve any dispute regarding the rejected claim.  Following their meet and confer, the Parties will provide the Settlement Administrator with their

17

positions regarding the disputed, rejected claim.  The Settlement Administrator, after considering the positions of the Parties and, if appropriate, seeking any additional information from the Settlement Class Member, will make the final decision in its sole discretion, subject only to review by the Court.

D.      BLP shall have the right to audit Claim Forms for validity and fraud.  In the event that BLP determines that a Claim Form is invalid or fraudulent and should be rejected, they shall bring it to the attention of Class Counsel, and the Parties shall meet and confer and attempt, in good faith, to resolve any dispute regarding the rejected claim.  Following their meet and confer, the Parties will provide the Settlement Administrator with their positions regarding the disputed, rejected claim.  The Settlement Administrator, after considering the positions of the Parties and, if appropriate, seeking any additional information from the Settlement Class Member, will make the final decision in its sole discretion, subject only to review by the Court.

E.      At any time during the claims' process, if the Settlement Administrator has a reasonable suspicion of fraud, the Settlement Administrator shall immediately notify both Class Counsel and BLP Counsel of that fact and the basis for its suspicion.  Class Counsel and BLP Counsel shall endeavor to reach an agreed-upon solution to any suspected fraud and, if necessary, BLP may suspend the claims process, and the Parties will promptly seek assistance from the Court.

F.      As soon as practicable after the Effective Date, the Settlement Administrator shall cause the Awards in the form of checks to be distributed to members of the Settlement Class, and shall remit the Attorneys' Fee Award and Incentive Award as approved by the Court.

## IX.      OBJECTIONS AND OPT-OUT RIGHTS

A.      Any Settlement Class Member who intends to object must do so on or before the Opt-Out and Objection Date.  In order to object, the Settlement Class Member must include in

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                          TTA10262018 000529

the objection submitted to the Court and served on Class Counsel and BLP Counsel the

following:

        (i)      The name, address, telephone number of the Person objecting and,

if represented by counsel, of his/her counsel;

        (ii)     A signed declaration stating that he or she is a member of the

Settlement Class and in 2009 and/or 2010, received one or more facsimile

advertisements sent by or on behalf of BLP;

        (iii)    A statement of all objections to the Settlement; and

        (iv)    A statement of whether he or she intends to appear at the Fairness

Hearing, either with or without counsel, and if with counsel, the name of his or

her counsel who will attend.  Any Settlement Class Member who fails to file and

serve a timely written objection and notice of his or her intent to appear at the

Fairness Hearing pursuant to this Paragraph and as detailed in the Class Notice

shall not be permitted to object to the approval of the Settlement at the Fairness

Hearing and shall be foreclosed from seeking any review of the Settlement or the

terms of the Settlement Agreement by appeal or other means.

      B.     A member of the Settlement Class who wishes to opt out of the Settlement Class

must complete and send to the Settlement Administrator a request for exclusion that is post-

marked no later than the Opt-Out and Objection Date.  The request for exclusion must be

personally signed by the member of the Settlement Class requesting exclusion, contain a

statement that indicates his or her desire to be excluded from the Settlement Class and contain a

statement that he or she is otherwise a member of the Settlement Class.  A member of the

Settlement Class may opt-out on an individual basis only.  So-called "mass" or "class" opt-outs,

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER TTA10262018 000530

whether filed by third parties on behalf of a "mass" or "class" of class members or multiple class members where no personal statement has been signed by each and every individual class members, shall not be allowed.

C.      Except for those members of the Settlement Class who timely and properly file a request for exclusion, all members of the Settlement Class will be deemed to be Settlement Class Members for all purposes under the Settlement Agreement, and upon the Effective Date, will be bound by its terms, regardless of whether they file a Claim Form or receive any monetary relief.

D.      Any member of the Settlement Class who properly opts out of the Settlement Class shall not:  (i) be bound by any orders or judgments entered in the Litigation or relating to the Settlement; (ii) be entitled to relief under, or be affected by, the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement.

E.      The Settlement Administrator shall provide Class Counsel and BLP Counsel with the Opt-Out List within seven (7) Days after the Opt-Out and Objection Date.

## X.      **PRELIMINARY APPROVAL PROCESS AND CLASS NOTICE**

After execution of this Settlement Agreement, Class Counsel shall promptly move the Court for a Preliminary Approval Order preliminarily approving the Settlement and the Settlement Class Notice Program.  The Preliminary Approval Order will:

A.      Preliminarily approve this Settlement Agreement.

B.      Preliminarily certify the Settlement Class.

C.      Find that the proposed Settlement is sufficiently fair, reasonable and adequate to warrant providing notice to the Settlement Class, which notice will: (i) describe the essential terms of the Settlement; (ii) disclose any special benefits or incentives to the Class Representatives; (iii) provide information regarding the Attorneys' Fee Award; (iv) indicate the

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000531

time and place of the hearing to consider final approval of the Settlement, and the method for

objection to and/or opting out of the Settlement; (v) explain the procedures for allocating and

distributing the Settlement Fund; and (vi) prominently display the address of Class Counsel and

the procedure for making inquiries.

      D.      Schedule a Fairness Hearing on final approval of this Settlement and Settlement

Agreement to consider the fairness, reasonableness and adequacy of the proposed Settlement and

whether it should be finally approved by the Court.

      E.      Appoint the Settlement Administrator.

      F.      Approve the Class Notice, and direct the Settlement Administrator to disseminate

the Class Notice in accordance with the Settlement Class Notice Program.

      G.      Find that the Settlement Class Notice Program:  (i) is the best practicable notice;

(ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the

pendency of the Litigation and of their right to object to or to exclude themselves from the

proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all

Persons entitled to receive notice; and (iv) meets all requirements of applicable law.

      H.      Require the Settlement Administrator to file proof of compliance with the

Settlement Class Notice Program at or before the Fairness Hearing.

      I.      Approve the Claim Form and set a Claim Deadline.

      J.      Require any member of the Settlement Class who wishes to exclude himself or

herself from the Settlement Class to submit an appropriate, timely request for exclusion,

postmarked no later than the Opt-Out and Objection Date, or as the Court may otherwise direct,

to the Settlement Administrator at the address on the Class Notice.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                               TTA10262018 000532

K.      Order that any member of the Settlement Class who does not submit a timely, written request for exclusion from the Settlement Class (i.e., becomes an Opt-Out) will be bound by all proceedings, orders and judgments in the Litigation, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

L.      Require any Settlement Class Member who does not become an Opt-Out and who wishes to object to the fairness, reasonableness or adequacy of this Settlement or Settlement Agreement to file with the Court and serve on Class Counsel and BLP Counsel no later than the Opt-Out and Objection Date, or as the court may otherwise direct, a statement of the objection signed by the Settlement Class Member containing all of the following information:

(i)      The objector's name, address, telephone number and, if represented by counsel, of his/her counsel;

(ii)      A declaration stating that he or she is a member of the Settlement Class and received one or more unsolicited facsimile advertisements offering tickets for Tampa Bay Buccaneer games;

(iii)      A statement of all objections to the Settlement; and

(iv)      A statement of whether the objector intends to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of counsel who will attend.

M.      Order that any response to an objection shall be filed with the Court no later than seven (7) Days prior to the Fairness Hearing.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                      TTA10262018 000533

N.      Specify that any Settlement Class Member who does not file a timely written objection to the Settlement or who fails to otherwise comply with applicable requirements shall be foreclosed from seeking any adjudication or review of this Settlement by appeal or otherwise.

O.      Require that any attorney, hired by a Settlement Class Member for the purpose of objecting to the proposed Settlement, the Attorneys' Fee Award or the Incentive Award and who intends to make an appearance at the Fairness Hearing, shall provide to the Settlement Administrator (who shall forward it to Class Counsel and BLP Counsel) and file with the Clerk of the Court a notice of intention to appear no later than the Opt-Out and Objection Date or as the Court may otherwise direct.

P.      Require any Settlement Class Member who files and serves a written objection and who intends to make an appearance at the Fairness Hearing to so state in their objection papers or as the Court otherwise may direct.

Q.      Direct the Settlement Administrator to establish a post office box in the name of the Settlement Administrator to be used for receiving requests for exclusion and any other communications, and providing that only the Settlement Administrator, Class Counsel, BLP Counsel, the Court, the Clerk of the Court and their designated agents shall have access to this post office box, except as otherwise provided in this Settlement Agreement.

R.      Direct that Class Counsel shall file their applications for the Attorneys' Fee Award and Plaintiffs' Incentive Award at least fourteen (14) Days prior to the Opt-Out and Objection Date.

S.      Order the Settlement Administrator to provide the Opt-Out List to Class Counsel and BLP Counsel no later than seven (7) Days after the Opt-Out and Objection Date and then file

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                         TTA10262018 000534

with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy

thereof no later than five (5) Days thereafter or on such other date as the Parties may direct.

  T.  Preliminarily enjoin all members of the Settlement Class unless and until they

have timely excluded themselves from the Settlement Class from (i) filing, commencing,

prosecuting, intervening in or participating as plaintiff, claimant or class member in any other

lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on,

relating to or arising out of the claims and causes of action or the facts and circumstances giving

rise to the Litigation and/or the Released Claims; (ii) filing, commencing, participating in or

prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class

action on behalf of any member of the Settlement Class who has not timely excluded himself or

herself (including by seeking to amend a pending complaint to include class allegations or

seeking class certification in a pending action), based on, relating to or arising out of the claims

and causes of action or the facts and circumstances giving rise to the Litigation and/or the

Released Claims; and (iii) attempting to effect Opt-Outs of a class of individuals in any lawsuit

or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out

of the claims and causes of action or the facts and circumstances giving rise to the Litigation

and/or the Released Claims.  Any Person who knowingly violates such injunction shall pay the

attorneys' fees and costs incurred by BLP, any other Released Person and Class Counsel as a

result of the violation.  This Settlement Agreement is not intended to prevent members of the

Settlement Class from participating in any action or investigation initiated by a state or federal

agency.

  U.  Contain any additional provisions agreeable to the Parties that might be necessary

or advisable to implement the terms of this Settlement Agreement and the proposed settlement.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER    TTA10262018 000535

## XI.    FINAL ORDER AND JUDGMENT AND RELEASES

A.      If this Settlement Agreement (including any modification thereto made with the consent of the Parties as provided for herein) is approved by the Court following the Fairness Hearing scheduled by the Court in its Preliminary Approval Order, the Parties shall request the Court to enter a Final Order and Judgment pursuant to the Federal Rules of Civil Procedure and all applicable laws that, among other things:

(i)      Finds that the Court has personal jurisdiction over Plaintiffs and all Settlement Class Members and that the Court has subject matter jurisdiction to approve this Settlement and Settlement Agreement and all exhibits thereto;

(ii)     Certifies a Settlement Class solely for purposes of this Settlement;

(iii)    Grants final approval to this Settlement Agreement as being fair, reasonable and adequate as to all Parties and consistent and in compliance with all requirements of due process and applicable law, as to and in the best interests of all Parties and directs the Parties and their counsel to implement and consummate this Settlement Agreement in accordance with its terms and provisions;

(iv)     Declares this Settlement Agreement and the Final Order and Judgment to be binding on and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of Plaintiffs and all Settlement Class Members, as well as their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors;

(v)      Finds that the Settlement Class Notice Program:  (1) constituted the best practicable notice; (2) constituted notice that was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                        TTA10262018 000536

Litigation, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing and of their right to seek monetary and other relief; (3) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (4) met all requirements of due process and any other applicable law;

(vi)    Approves the Claim Form that was distributed to the Settlement Class;

(vii)   Finds that Class Counsel and Plaintiffs adequately represented the Settlement Class for purposes of entering into and implementing the Settlement and Settlement Agreement;

(viii)  Dismisses the Litigation now pending before the Court on the merits and with prejudice and without fees or costs except as provided herein, in accordance with the terms of the Final Order and Judgment;

(ix)    Adjudges that Plaintiffs and the Settlement Class have conclusively compromised, settled, dismissed and released any and all Released Claims against BLP and the Released Persons;

(x)     Approves payment of the Attorneys' Fee Award and Incentive Awards as determined by the Court;

(xi)    Without affecting the finality of the Final Order and Judgment for purposes of appeal, reserves jurisdiction over the Settlement Administrator, BLP, Plaintiffs and the Settlement Class Members as to all matters relating to the administration, consummation, enforcement and interpretation of the terms of the

26

Settlement, the Settlement Agreement and Final Order and Judgment and for any other necessary purposes;

(xii)   Provides that upon the Effective Date, Plaintiffs and all Settlement Class Members, whether or not they return a Claim Form within the time and in the manner provided for, shall be barred from asserting any Released Claims against BLP and/or any Released Persons, and any such Settlement Class Members shall have released any and all Released Claims as against BLP and all Released Persons;

(xiii)   Determines that the Settlement Agreement and the Settlement provided for therein and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by BLP or any Released Persons or of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to this Settlement Agreement and the Settlement provided for therein in such proceedings solely as may be necessary to effectuate the Settlement Agreement;

(xiv)   Bars and permanently enjoins all Settlement Class Members from (1) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (2) organizing Settlement Class

27

Members who have not excluded themselves from the Settlement Class into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency;

(xv)     States that any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by BLP and/or any other Released Persons and Class Counsel as a result of the violation;

(xvi)    Approves the Opt-Out List and determines that the Opt-Out List is a complete list of all members of the Settlement Class who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment, except for Opt-Outs who subsequently elect to submit Claim Forms during the Claim Period; and

(xvii)   Authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of this Settlement Agreement and all exhibits hereto as (1) shall be consistent in all material respects with the Final Order and Judgment; and (2) do not limit the rights of the Parties or Settlement Class Members.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000539

B.      As of the Effective Date, the Releasing Persons are deemed to have fully released and forever discharged the Released Persons of and from all Released Claims by operation of entry of the Final Order and Judgment.

(i)      Subject to Court approval, all Settlement Class Members who have not excluded themselves from the Settlement Class shall be bound by this Settlement Agreement and the Release and all of their claims shall be dismissed with prejudice and released, irrespective of whether they received actual notice of the Litigation or this Settlement.

(ii)      Without in any way limiting the scope of the Release, this Release covers any and all claims for attorneys' fees, costs or disbursements incurred by Class Counsel or any other counsel representing Plaintiffs or Settlement Class Members, or any of them, in connection with or related in any manner to the Litigation, the Settlement, the administration of such Settlement and/or the Released Claims as well as any and all claims for the Incentive Award to Plaintiffs and the Attorneys' Fee Award to Class Counsel.

(iii)      The Releasing Persons and the Released Persons expressly acknowledge that they are familiar with principles of law such as Section 1542 of the Civil Code of the State of California, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MIGHT HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Notwithstanding California or other law, the Releasing Persons and the Released Persons hereby expressly agree that the provisions, rights and benefits of Section 1542 and all similar federal or state laws, rights, rules or legal principles of any other jurisdiction that may be applicable herein

29

are hereby knowingly and voluntarily waived, released and relinquished to the fullest extent permitted by law solely in connection with unknown claims that are the same as, substantially similar to, or overlap the Released Claims, and the Releasing Persons and the Released Persons hereby agree and acknowledge that this is an essential term of the Releases.  In connection with the Release, the Releasing Persons and the Released Persons acknowledge that they are aware that they may hereafter discover claims presently unknown and unsuspected or facts in addition to or different from those which they now know or believe to be true with respect to matters released herein, and that such claims, to the extent that they are the same as, substantially similar to, or overlap the Released Claims, are hereby released, relinquished and discharged.

(iv)    Nothing in the Releases shall preclude any action to enforce the terms of this Settlement Agreement, including participation in any of the processes detailed herein.

## XII.    WITHDRAWAL FROM OR TERMINATION OF SETTLEMENT

A.    Within fifteen (15) Days after the occurrence of any of the following events and upon written notice to counsel for all Parties, a Party shall have the right to withdraw from the Settlement and terminate this Settlement Agreement:

(i)    If the Court declines to approve the Settlement Agreement as written or if on appeal the Court's approval is reversed or modified;

(ii)    If the Court materially alters any of the terms of the Settlement Agreement, except that a reduction in the Attorneys' Fee Award or the Incentive Awards shall not be deemed to be a material alteration; or

(iii)    If the Preliminary Approval Order or the Final Order and Judgment is not entered by the Court or is reversed or modified on appeal, or otherwise fails for any reason.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

TTA10262018 000541

B.      If, at any time prior to Final Order and Judgment, legislation is enacted, a controlling judicial opinion is rendered or regulatory agency action is undertaken that would entitle BLP to summary judgment on Plaintiffs' claims under the TCPA, then subject to Court approval, BLP shall have the right to withdraw from the Settlement and terminate this Settlement Agreement.  For the purposes of this provision, the issuance of a retroactive waiver of 47 C.F.R. § 64.1200(a)(4)(iv) regarding the Federal Communication Commission's opt-out notice requirement for faxes sent with the recipient's prior express permission in favor of BLP would not be considered agency action that would entitle BLP to summary judgment on Plaintiffs' claims under the TCPA and would not trigger BLP's right to terminate the Settlement.

C.      In the event of a withdrawal pursuant to Paragraphs A or B above, any certification of a Settlement Class will be vacated, without prejudice to any Party's position on the issue of class certification and the amenability of the claims asserted in the Litigation to class treatment, and the Parties shall be restored to their litigation position existing immediately before the execution of this Settlement Agreement.

D.      If members of the Settlement Class properly and timely submit requests for exclusion from the Settlement Class thereby becoming Opt-Outs in a number exceeding the number submitted to the Court under seal by the Parties, then BLP may elect in their sole discretion to withdraw from the Settlement and terminate this Settlement Agreement.  In that event, all of BLP's obligations under this Agreement shall cease to be of any force and effect; the certification of the Settlement Class shall be vacated without prejudice to BLP's position on the issue of class certification; and BLP shall be restored to their litigation position existing immediately before the execution of this Settlement Agreement.

31

(i)      In order to elect to withdraw from the Settlement and terminate this Settlement Agreement on the basis set forth above, BLP must notify Class Counsel in writing of their election to do so within fourteen (14) Days after the Opt-Out List has been served on the Parties.

(ii)      In the event that BLP exercises such right, Class Counsel shall have, at their discretion, fourteen (14) Days or such longer period as agreed to by the Parties to address the concerns of the Opt-Outs.  If through such efforts the total number on the Opt-Out List subsequently becomes and remains fewer than the number submitted to the Court under seal at the time of filing the Motion For Preliminary Approval, BLP shall withdraw their election to withdraw from the Settlement and terminate the Settlement Agreement.  In no event, however, shall BLP have any further obligation under this Agreement to any Opt-Out unless he or she withdraws his or her request for exclusion.

(iii)      For purposes of this Paragraph, Opt-Outs shall not include (1) Persons who are specifically excluded from the Settlement Class definition; (2) Opt-Outs who elect to withdraw their request for exclusion; and (3) Opt-Outs who agree to sign an undertaking that they will not pursue an individual claim, class claim or any other claim that would otherwise be a Released Claim as defined in this Settlement Agreement.

E.      In the event of withdrawal by any Party in accordance with the terms set forth in this Section, the Settlement Agreement shall be null and void, shall have no further force and effect with respect to any Party in the Litigation and shall not be offered in evidence or used in any litigation for any purpose, including the existence, certification or maintenance of any

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000543

proposed or existing class or the amenability of these or similar claims to class treatment.  In the event of such withdrawal, this Settlement Agreement and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to BLP, Plaintiffs and the Settlement Class Members and shall not be deemed or construed to be an admission or confession in any way by any Party of any fact, matter or proposition of law and shall not be used in any manner for any purpose, and the Parties to the Litigation shall stand in the same position as if this Settlement Agreement had not been negotiated, made or filed with the Court.

### XIII.   EFFECTIVE DATE

A.      The Effective Date of this Settlement Agreement shall be the date when each and all of the following conditions have occurred:

(i)      This Settlement Agreement has been fully executed by all Parties and their counsel;

(ii)      Orders have been entered by the Court certifying the Settlement Class, granting preliminary approval of this Settlement and approving the forms of Class Notice and Claim Form, all as provided above;

(iii)      The Settlement Class Notice Program has been executed in accordance with the Preliminary Approval Order;

(iv)      The Court has entered a Final Order and Judgment finally approving this Agreement, as provided above; and

(v)      The Final Order and Judgment has become Final as defined in Paragraph B below.

B.      "Final," when referring to a judgment or order means that (i) the judgment is a final, appealable judgment; and (ii) either (1) no appeal has been taken from the judgment as of

33

the date on which all deadlines to appeal therefrom have expired; or (2) an appeal or other review proceeding of the judgment having been commenced, the date by which such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions or rehearing or re-argument, petitions for rehearing en banc, petitions for writ of certiorari, or otherwise, and such appeal or other review has been finally resolved in a manner that affirms the Final Order and Judgment in all material respects.

C.      If, for any reason, this Settlement Agreement fails to become Final pursuant to the foregoing Paragraph B, the orders, judgment and dismissal to be entered pursuant to this Settlement Agreement shall be vacated, and the Parties will be returned to the status quo ante with respect to the Litigation as if this Settlement Agreement had never been entered into.

## XIV.   NOTICES

A.      All Notices (other than the Class Notice and CAFA Notices) required by the Settlement Agreement shall be made in writing and communicated by mail to the following addresses:

All Notices to the Settlement Class or Class Counsel shall be sent to Class Counsel, c/o:

> Phillip A. Bock
> Jonathan B. Piper
> Daniel J. Cohen
> Bock, Hatch, Lewis & Oppenheim, LLC
> 134 North La Salle Street, Suite 1000
> Chicago, Illinois 60602
> Telephone:  (312) 658-5500
> Facsimile:  (312) 658-5555

All Notices to BLP or BLP Counsel provided herein shall be sent to BLP Counsel, c/o:

> Mark S. Mester
> Kathleen P. Lally
> Latham & Watkins LLP
> 330 North Wabash Avenue, Suite 2800
> Chicago, Illinois  60611

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                        TTA10262018 000545

Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

B.    The notice recipients and addresses designated above may be changed by written notice.

C.    Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of comments, objections, requests for exclusion, or other documents or filings received as a result of the Class Notice.

## XV.   **MISCELLANEOUS PROVISIONS**

A.    **Interpretation**.  This Settlement Agreement contains the entire agreement among the Parties hereto and supersedes any prior discussions, agreements or understandings among them as well as any and all prior drafts of this Settlement Agreement.  All terms are contractual. For the purpose of construing or interpreting this Settlement Agreement, the Parties agree that the Settlement Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party, and the Parties further agree that any prior drafts may not be used to construe or interpret this Settlement Agreement.

B.    **Binding Effect**.  The terms are and shall be binding upon each of the Parties hereto, their administrators, agents, assigns, attorneys, executors, heirs, partners, representatives, predecessors-in-interest and successors as well as upon all other Persons claiming any interest in the subject matter hereto through any of the Parties hereto including any Settlement Class Members.

C.    **Headings**.  The headings contained in this Settlement Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Settlement Agreement.

35

D.    **No Rescission on Grounds of Mistake**.  The Parties acknowledge that they have

made their own investigations of the matters covered by this Settlement Agreement to the extent

they have deemed it necessary to do so.  Therefore, the Parties agree that they will not seek to set

aside any part of the Settlement Agreement on the grounds of mistake.  Moreover, the Parties

understand, agree and expressly assume the risk that any fact not recited, contained, or embodied

in the Settlement Agreement may turn out hereinafter to be other than, different from, or contrary

to the facts now known to them or believed by them to be true, and further agree that the

Settlement Agreement shall be effective in all respects notwithstanding and shall not be subject

to termination, modification, or rescission by reason of any such difference in facts.

E.    **Amendment**.  This Settlement Agreement may be amended or modified only by a

written instrument signed by the Parties or their counsel.  Amendments and modifications may

be made without notice to the Settlement Class unless notice is required by law or by the Court.

F.    **Integration Of Exhibits**.  Any exhibits to this Settlement Agreement are hereby

incorporated and made a part of the Settlement Agreement.

G.    **Jurisdiction**.  The United States District Court for the Middle District of Florida

has jurisdiction over the Parties to this Settlement Agreement and the Settlement Class.

H.    **Waiver of Statute of Limitations.**  BLP waives any affirmative defense

regarding the statute of limitations that it may have had to Plaintiffs' claims.  This waiver shall

survive in the event of the termination of this Agreement.

I.    **No Admission**.  Neither this Settlement Agreement nor any of its provisions, its

exhibits or related documents (including but not limited to drafts of the Settlement Agreement,

the Preliminary Approval Order or the Final Order and Judgment), its negotiation or any

proceedings relating in any way to the Settlement shall be construed as or deemed to be evidence

36

of an admission or concession by any person, including BLP, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or Court order.  The provisions of this Paragraph shall become effective when this Settlement Agreement has been signed by the Parties and shall be binding on the Parties and their counsel regardless of whether the Settlement Agreement is approved by this Court or any other court and regardless of whether the Settlement Agreement is otherwise rendered null and void.

J.      **Governing Law**.  This Settlement Agreement shall be governed by and construed in accordance with the internal laws (as opposed to the conflicts of law provisions) of the State of Florida.

K.      **Counterparts**.  This Settlement Agreement may be executed in counterparts and may be executed by facsimile, and as so executed shall constitute one agreement.

L.      **No Media Statements.**  BLP, BLP Counsel, Plaintiffs, Class Counsel and all other counsel of record for Plaintiffs agree not to issue any press releases regarding this settlement or publicize it in any way and further agree not to engage in any communications with the media or the press, on the internet, or in any public forum, orally or in writing, that relate to this Settlement or the Litigation other than statements that are fully consistent with the Mailed Notice.  Notwithstanding the foregoing, nothing in this Settlement Agreement shall preclude a Party from making a public statement in support of the Settlement.  For example, Plaintiffs or Class Counsel may state that the Settlement is a good result for the Class.  In addition, nothing in this Settlement Agreement shall preclude Plaintiffs or Class Counsel from making a public statement that is consistent with the language of the Settlement Agreement or any motions submitted for approval of the Settlement.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER          TTA10262018 000548

M.      **Confidentiality.**  All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

N.      **Return Of Material.**  Within thirty (30) Days after the Effective Date, Class Counsel and BLP Counsel will return all material produced by one to the other in discovery or otherwise in connection with the Litigation.

O.      **No Assignment**.  Plaintiffs represent and warrant that no portion of any claim, right, demand, action, or cause of action against the Released Persons that Plaintiffs have or may have arising out of any allegations made in any of the actions comprising the Litigation or pertaining to any of the Released Claims, and no portion of any recovery or settlement to which Plaintiffs may be entitled, has been assigned, transferred, or conveyed by or for Plaintiffs in any manner; and no Person other than Plaintiffs have any legal or equitable interest in the claims, demands, actions, or causes of action referred to in this Agreement as those of Plaintiffs.

P.      **Stay.**  The Parties stipulate to stay all proceedings in the Litigation until the approval of this Settlement Agreement has been finally determined, except the stay of proceedings shall not prevent the filing of any motions, affidavits and other matters necessary to obtain and preserve final judicial approval of this Settlement Agreement.

Q.      **Best Efforts.**  In the event that there are any developments in the effectuation and administration of this Agreement that are not dealt with by the terms of this Agreement, then such matters shall be dealt with as agreed upon by the Parties, and failing agreement, as shall be ordered by the Court.  The Parties shall execute all documents and use their best efforts to perform all acts necessary and proper to promptly effectuate the terms of this Agreement and to take all necessary or appropriate actions to obtain judicial approval of this Agreement in order to

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000549

give this Agreement full force and effect.  The execution of documents must take place prior to

the date scheduled for the Preliminary Approval Hearing.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000550

IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by their duly authorized representatives below.

*Plaintiffs:*

Technology Training Associates, Inc.

By:_____

Larry E. Schwanke, D.C. d/b/a
Back to Basics Family Chiropractic

By:_____

*Approved as to form:*                    **BOCK, HATCH, LEWIS & OPPENHEIM, LLC**

By:_____
    Phillip A. Bock
    Jonathan B. Piper
    Daniel J. Cohen
    Bock, Hatch, Lewis & Oppenheim, LLC
    134 North La Salle Street, Suite 1000
    Chicago, Illinois 60602
    Telephone:  (312) 658-5500
    Facsimile:  (312) 658-5555

*Defendant:*

BUCCANEERS LIMITED PARTNERSHIP

By:_____

Its:_____

*Approved as to form:*                    **LATHAM & WATKINS LLP**

By:_____
    Mark S. Mester
    Kathleen P. Lally
    Latham & Watkins LLP

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000551