# EXHIBIT 2C2

330 North Wabash Avenue, Suite 2800
Chicago, Illinois  60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

41

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                    TTA10262018 000552

# EXHIBIT A

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

## PROOF OF CLAIM

### Technology Training Associates, Inc., et al. v Buccaneers Limited Partnership

### Case No. XXXXXXXXX

### C/O [SETTLEMENT ADMINISTRATOR ADDRESS]

> **Your Signed Claim Form Must Be Completed, Mailed
> And Postmarked No Later Than [_____, 201_].**
>
> **If You Do Not Submit A Claim Form By [_____, 201_], You
> Will Not Receive The Benefits Described In The Class Notice.
> Please Read This Entire Form Carefully.**

*To be eligible to receive payment under the proposed Settlement Agreement you must complete all steps to claim a share of the settlement fund:*

1. Fax Number(s):    ___ ___ ___-___ ___ ___-___ ___ ___ ___

   _____

   List all numbers on which you may have received faxes sent by or on behalf of BLP.  Attach an additional sheet if necessary.  The Settlement Administrator will verify that the fax number(s) appears in the existing records related to the case before approving your claim. If you believe you received more than one fax to the number(s) listed above, you may indicate how many you believe you received at each number in parenthesis next to each number.

2. **You Must Provide Your Contact Information.**

   Name:_____

   Company:_____

   Address:_____

   City/State/Zip Code:_____

3. **Requested Information If The Settlement Administrator Needs To Contact You:**

   Daytime Phone Number:_____    Email Address:_____

4. **You Must Verify Ownership Of The Fax Number(s) Listed In #1 Above (select (a) or (b) and sign your name):**

   (a) The fax number(s) identified above or attached to this Proof of Claim was/were registered to me or a company I owned or operated in 2009 or 2010.

   _____

   (Sign your name here)

   ### *OR*

   (b) The fax number(s) identified in No. 1 above or attached to this Proof of Claim was **not**/were **not** registered to me or a company I owned or operated throughout 2009 and 2010.  Explain when you obtained the fax number(s) identified in No. 1 above and how you received the faxes at issue:

   _____

   _____

   (Sign your name here)

5. **Certification (please sign below):**

   **PURSUANT TO 28 U.S. § 1746, I HEREBY STATE UNDER PENALTY OF PERJURY THAT I/MY COMPANY OWNED AND/OR USED THE FAX NUMBER(S) SPECIFIED ABOVE.  I FURTHER STATE THAT THE INFORMATION IN THIS CLAIM FORM IS TRUE AND CORRECT.**

   Signature: _____    Date:_____

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000554

Print Name:_____

**Partial records exist of faxes allegedly sent by or on behalf of BLP, and BLP has the right to audit this claim form and verify your statements and dispute any claims that are based on inaccurate responses.**

**If the Settlement is granted Final Approval and your claim is accepted, you will be mailed a check representing your share of the Settlement Fund.  This process takes time, so please be patient.  Please keep a copy of your completed Claim Form for your records and ensure that you keep your current address on file with the Settlement Administrator.**

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                           TTA10262018 000555

# EXHIBIT B

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

# If You Received A Facsimile Advertising Allegedly Sent By Or On Behalf Of BLP In 2009 Or 2010, You May Be Part Of A Class Action Settlement

## IMPORTANT
## PLEASE READ THIS NOTICE CAREFULLY

## THIS NOTICE RELATES TO THE PENDENCY OF A CLASS ACTION LAWSUIT AND, IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS UNDER THE SETTLEMENT[1]

*A federal court directed this notice.  This is not a solicitation from a lawyer.  You are not being sued.*

- A Settlement has been reached in a class action lawsuit alleging that the Buccaneers Limited Partnership ("BLP") improperly sent advertisements regarding tickets for Tampa Bay Buccaneer games by facsimile. BLP denies the allegations in the lawsuit, and the Court has not decided who is right.

- Settlement Class Members who submit Valid Claims will be entitled to an Award.

- Your legal rights are affected whether you act or do not act.  Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** (_____, 201_) | Submit a Claim Form seeking payment. Give up your right to be part of another lawsuit, arbitration or proceeding against BLP for the same legal claims resolved by this Settlement. |
| **OPT OUT OF THE SETTLEMENT** (_____, 201_) | Request to be excluded and receive no benefits from the Settlement.  This is the only option that allows you to start or continue your own lawsuit against BLP for the claims at issue in the Settlement. |
| **OBJECT** (_____, 201_) | Remain in the Settlement and write to the Court about why you do not like the Settlement.  If you would like benefits from the Settlement, you will need to file a Valid Claim. Give up your right to be part of another lawsuit, arbitration or proceeding against BLP for the same legal claims resolved by this Settlement. |
| **GO TO A HEARING** (_____, 201_) | Remain in the Settlement and ask to speak in Court about the fairness of the Settlement. Give up your right to be part of another lawsuit, arbitration or proceeding against BLP for the same legal claims resolved by this Settlement. |
| **DO NOTHING** | Get no benefits. Give up your right to be part of another lawsuit, arbitration or proceeding against BLP for the same legal claims resolved by this Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court still has to decide whether to approve the Settlement.  If it does, and after any appeals are resolved, benefits will be distributed to those who submit qualifying claim forms.  Please be patient.

---

[1]  Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Settlement Agreement and Release ("Settlement Agreement") available from Class Counsel or by visiting the Settlement Website.  If this notice conflicts with the Settlement Agreement, the Settlement Agreement will control.

**QUESTIONS?  CALL 1-8XX-XXX-XXXX OR GO TO [WEBSITE]**

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                          TTA10262018 000557

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ............................................................................................**PAGE 3**
    1. Why is there a notice?
    2. What is this litigation about?
    3. What is the Telephone Consumer Protection Act?
    4. Why is this a class action?
    5. Why is there a settlement?

**WHO IS PART OF THE SETTLEMENT**..............................................................**PAGE 4**
    6. Who is included in the Settlement?
    7. What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS** ................................................................**PAGE 4-5**
    8. What does the Settlement provide?
    9. How do I file a Claim?
    10. When will I receive my payment?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ...............................**PAGE 5-6**
    11. How do I get out of the Settlement?
    12. If I do not exclude myself, can I sue the Defendant for the same thing later?
    13. What am I giving up to stay in the Settlement Class?
    14. If I exclude myself, can I still get a payment?

**THE LAWYERS REPRESENTING YOU** .......................................................**PAGE 6**
    15. Do I have a lawyer in the case?
    16. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT**.........................................................**PAGE 6-7**
    17. How do I tell the Court if I do not like the Settlement?
    18. What is the difference between objecting and asking to be excluded?

**THE FAIRNESS HEARING** .......................................................................**PAGE 7-8**
    19. When and where will the Court decide whether to approve the Settlement?
    20. Do I have to attend the hearing?
    21. May I speak at the hearing?

**IF YOU DO NOTHING** ..............................................................................**PAGE 8**
    22. What happens if I do nothing at all?

**GETTING MORE INFORMATION** ..............................................................**PAGE 8**
    23. How do I get more information?

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                TTA10262018 000558

# BASIC INFORMATION

## 1. Why is there a notice?

This Notice is to inform you of the proposed Settlement of a class action lawsuit and about all of your rights and options before the Court decides whether to approve it. This Notice describes the lawsuit, the proposed Settlement, your legal rights, what benefits are available and who can get them.

_____ of the United States District Court for the Middle District of Florida is overseeing the proposed Settlement in the matter of [  ] (the "Litigation"). The proposed Settlement will resolve the claims made against BLP in the Litigation.  The people who sued are called the "Plaintiffs."  BLP is the "Defendant."

## 2. What is this Litigation about?

The Litigation alleges that in 2009 and 2010 BLP improperly sent advertisements by facsimile and seeks actual damages, as well as statutory damages under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA") on behalf of a proposed class of all persons who received one or more facsimile advertisements from or on behalf of BLP in 2009 and 2010.

BLP denies each and every allegation of wrongdoing, liability and damages that were or could have been asserted in the Litigation and further denies that the claims in the Litigation would be appropriate for class treatment if the Litigation were to proceed through trial.

The Settlement resolves the lawsuit.  The Court has not decided who is right.

## 3. What is the Telephone Consumer Protection Act?

The TCPA is a federal law that restricts telephone solicitations and the use of certain automated telephone equipment, such as automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines for advertising and certain other purposes.

## 4. Why is this a class action?

In a class action, one or more people called "Class Representatives" (in this case, Plaintiffs Technology Training Associates, Inc. and Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic) sue on behalf of themselves and other similarly situated people.  Together, all the people with similar claims are members of a "Settlement Class."

## 5. Why is there a Settlement?

The Court has not decided in favor of Plaintiffs or BLP.  Instead, both sides have agreed to a settlement.  By agreeing to the Settlement, the parties avoid the costs and uncertainty of a trial, and if the Settlement is approved by the Court, Settlement Class Members will receive the benefits described in this notice.  The proposed Settlement does not mean that any law was broken or that BLP did anything wrong.  BLP denies all legal claims in this case.  Plaintiffs and their lawyers think the proposed Settlement is best for everyone who is affected.

**QUESTIONS?  CALL 1-8XX-XXX-XXXX OR GO TO [WEBSITE]**

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                          TTA10262018 000559

# WHO IS PART OF THE SETTLEMENT

## 6. Who is included in the Settlement?

The Settlement includes all persons who, in 2009 or 2010, received one or more facsimile advertisements sent by or on behalf of BLP and offering group or individual game tickets for Tampa Bay Buccaneer games. These people are called the "Settlement Class."

Excluded from the Settlement Class are (a) BLP and its respective parents, subsidiaries, divisions, affiliates, associated entities, business units, predecessors in interest, successors, successors in interest and representatives and each of their respective immediate family members; (b) Class Counsel; and (c) the Judges who have presided over the Litigation and any related cases.

## 7. What if I am not sure whether I am included in the Settlement?

If you are not sure whether you are in the Settlement Class, or have any other questions about the Settlement, call the toll free number, 1-8XX-XXX-XXXX, visit the Settlement Website, www._____, or send questions to the Settlement Administrator at _____, PO Box XXXX, [City], [State] XXXXX-XXXX. You may also call Class Counsel at the number listed in Question 17.

# THE SETTLEMENT BENEFITS

## 8. What does the Settlement provide?

BLP has agreed to pay up to $19.5 million to create a "Settlement Fund." The Settlement Fund will be used to pay Awards, the Attorneys' Fee Awards, and Incentive Awards to Plaintiffs. Awards will be distributed to Settlement Class Members who submit Valid Claims. Each Settlement Class Member who received one or more unsolicited facsimile advertisements sent by or on behalf of BLP and who submit a Valid Claim shall be eligible to receive up to: (i) $350 for the first such facsimile; (ii) $100 for the second such facsimile; (iii) $75 for the third such facsimile; (iv) $20 for the fourth such facsimile; and (v) $20 for the fifth such facsimile.

## 9. How do I file a Claim?

To receive a payment, you must submit a Valid Claim. To submit a Valid Claim, you must timely and fully complete and submit a Claim Form by mail on or before Month DD, 201_. Claim Forms may be obtained on the Settlement Website, www._____.

You can submit your Claim Form via regular mail. Claim Forms submitted by mail must be postmarked on or before Month Day, 2016 to:

_____ Settlement Administrator
PO Box XXX
City, State XXXXX-XXXX

Please read the Claim Form carefully and provide all the information required.

**QUESTIONS? CALL 1-8XX-XXX-XXXX OR GO TO [WEBSITE]**

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000560

## 10.  When will I receive my payment?

Payments for Valid Claims will be made only after the Court enters a Final Order and Judgment granting approval of the Settlement and after any appeals are resolved (*see* "Fairness Hearing" below).  If there are appeals, resolving them can take time.  Please be patient.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

## 11.  How do I get out of the Settlement?

If you want to keep any right you might have to sue BLP about the issues in this case and if you do not want benefits from the Settlement, then you must take steps to exclude yourself from the Settlement.  This is called "opting-out" of the Settlement Class.

To exclude yourself from the Settlement, you must send a letter or other written document by mail to:

_____ Settlement Administrator
PO Box XXXX
City, State XXXXX-XXXX

Your request to be excluded from the Settlement must be personally signed by you and contain a statement that you are a member of the Settlement Class but desire to be excluded from it.

Your exclusion request must be postmarked no later than **Month Day, 2016**.  You <u>cannot</u> ask to be excluded on the phone, by email or in any other manner.

You may opt-out of the Settlement Class only for yourself.  So-called "mass" or "class" opt outs, whether filed by third parties on behalf of a "mass" or "class" of members of the Settlement Class or multiple members of the Settlement Class where no personal statement has been signed by each and every individual member of the Settlement Class, are not allowed.

## 12.  If I do not exclude myself, can I sue the Defendant for the same thing later?

No.  Unless you exclude yourself, you give up any right you might have to sue BLP for legal claims that the Settlement resolves.  You must exclude yourself from the Settlement Class in order to try to maintain your own lawsuit.  If you start your own lawsuit, you will have to hire your own lawyer and you will have to prove your claims.

## 13.  What am I giving up to stay in the Settlement Class?

Unless you exclude yourself from the Settlement, you cannot sue or be part of any other lawsuit against BLP about the issues in this case, including any existing litigation, arbitration, or proceeding.  Unless you exclude yourself, all of the decisions and judgments by the Court will bind you.  If you file a Claim Form for benefits or do nothing at all, you will be releasing BLP from all of the claims described and identified in Section [ ] of the Settlement Agreement.

The Settlement Agreement is available by visiting the Settlement Website [WEBSITE], calling [SA Number] or writing to [SA ADDRESS].  The Settlement Agreement provides more detail regarding the release and describes the released claims with specific descriptions in necessary, accurate legal

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                         TTA10262018 000561

terminology, so read it carefully. You can talk to the law firm seeking to represent the Settlement Class and listed in Question 15 for free or you can, at your own expense, talk to your own lawyer if you have any questions about the released claims or what they mean.

| 14.  If I exclude myself, can I still get a payment? |
| --- |

No.  You will not get a payment from the Settlement Fund if you exclude yourself from the settlement.

## THE LAWYERS REPRESENTING YOU

| 15.  Do I have a lawyer in the case? |
| --- |

The Court has appointed Phillip A. Bock, Jonathan B. Piper, Daniel J. Cohen of Bock, Hatch, Lewis & Oppenheim, LLC  as "Class Counsel" to represent all members of the Settlement Class.

You will not be charged for these lawyers' services. The Attorneys' Fee Awards will be paid directly from the Settlement Fund. If you want to be represented by another lawyer, you may hire one to appear in Court for you at your own expense.

| 16.  How will the lawyers be paid? |
| --- |

Class Counsel intend to request up to twenty-five percent (25%) ($4,875,000) of the Settlement Fund for attorneys' fees and reasonable, actual out-of-pocket expenses incurred in the Litigation.  The fees and expenses awarded by the Court will be paid out of the Settlement Fund.  The Court will decide the amount of fees and expenses to award.

Plaintiffs will apply for Incentive Awards in an amount to be paid from the Settlement Fund. Plaintiff Technology Training Associates will apply for an award of $20,000 and Plaintiff Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic will apply for $3,000.

## OBJECTING TO THE SETTLEMENT

| 17.  How do I tell the Court if I do not like the Settlement? |
| --- |

If you are a Settlement Class Member (and do not exclude yourself from the Settlement Class), you can object to any part of the Settlement.  To object, you must submit a letter or other written document that includes the following:

   1)  A heading that includes the case name and case number - [ ].

   2)  Your name, address, telephone number and, if represented by counsel, the name, bar number, address and telephone number of your counsel;

   3)  A signed declaration stating that you are a member of the Settlement Class and in 2009 and/or 2010, received one or more facsimile advertisements sent by or on behalf of BLP;

   4)  A statement of all your objections to the Settlement; and

   5)  A statement of whether you intend to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name, bar number, address, and telephone number of your counsel who will attend.

You must file your objection with the Court and mail or email your objection to each of the following postmarked or emailed by **Month Day, 2016**:

| Settlement Administrator | Class Counsel | Defendant's Counsel |
|---|---|---|
| | Phillip A. Bock<br>Jonathan B. Piper<br>Daniel J. Cohen<br>Bock, Hatch, Lewis & Oppenheim, LLC<br>134 North La Salle Street, Suite 1000<br>Chicago, Illinois 60602<br>Phone: _____<br>Email: _____ | Mark S. Mester<br>mark.mester@lw.com<br>Kathleen P. Lally<br>kathleen.lally@lw.com<br>Latham & Watkins LLP<br>330 N. Wabash Avenue<br>Suite 2800<br>Chicago, Illinois 60611 |

## 18.  What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you do not like something about the Settlement.  You can object to the Settlement only if you do not exclude yourself.  Excluding yourself is telling the Court that you do not want to be part of the Settlement.  If you exclude yourself, you have no basis to object to the Settlement because it no longer affects you.

# THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement and any requests for fees and expenses ("Fairness Hearing").

## 19.  When and where will the Court decide whether to approve the Settlement?

The Court has scheduled a Fairness Hearing on **Month Day, 2016 at __:__ _m**, at the [address].  The hearing may be moved to a different date or time without additional notice.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  The Court will also consider the requests by Class Counsel for Attorneys' Fee Award and for Inventive Awards to the Class Representatives.  If there are objections, the Court will consider them at that time.  After the hearing, the Court will decide whether to approve the Settlement.  It is unknown how long these decisions will take.

## 20.  Do I have to attend the hearing?

No.  Class Counsel will answer any questions the Court may have.  But, you are welcome to attend the hearing at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you submitted your written objection on time, to the proper addresses, and it complies with the other requirements set forth above, the Court will consider it.  You also may pay your own lawyer to attend the hearing, but it is not necessary.

**QUESTIONS?  CALL 1-8XX-XXX-XXXX OR GO TO [WEBSITE]**

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000563

## 21.  May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, your filed objection must include a statement of whether you intend to appear at the Fairness Hearing (*See* question 17 above).

You cannot speak at the hearing if you exclude yourself from the Settlement.

## IF YOU DO NOTHING

## 22.  What happens if I do nothing at all?

If you are a member of the Settlement Class and do nothing, you will not get benefits from the Settlement.  And, unless you exclude yourself, you will be bound by the judgment entered by the Court. This means you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit or proceeding against BLP about the claims at issue in this case.

## GETTING MORE INFORMATION

## 23.  How do I get more information?

This notice summarizes the proposed Settlement.  More details are in the Settlement Agreement.  For a complete, definitive statement of the settlement terms visit the Settlement Website at _____, write with questions to the Settlement Administrator at _____ Settlement Administrator, PO Box XXXX, City, State XXXXX-XXXX, or call the toll-free number, 1-8XX-XXX-XXXX.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

| | |
|---|---|
| **From:** | Kathleen.Lally@lw.com |
| **To:** | Jon Piper |
| **Cc:** | Phil Bock; Dan Cohen - External Email; Robert Hatch - Outlook.com; Jim Smith; mark.mester@lw.com |
| **Subject:** | RE: TTA v. BLP -- Stipulation |
| **Date:** | Thursday, June 16, 2016 5:36:33 PM |

Yes, I should be available most of the day.

-----Original Message-----
From: Jon Piper [mailto:jon@classlawyers.com]
Sent: Thursday, June 16, 2016 5:34 PM
To: Lally, Kathleen (CH)
Cc: Phil Bock; Dan Cohen - External Email; Robert Hatch - Outlook.com; Jim Smith; Mester, Mark (CH)
Subject: RE: TTA v. BLP -- Stipulation

Thanks for all your efforts, Kate. We should talk tomorrow morning about the remaining tasks to get this moving in court.

-----Original Message-----
From: Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
Sent: Thursday, June 16, 2016 5:33 PM
To: Jon Piper
Cc: Phil Bock; Dan Cohen - External Email; Robert Hatch - Outlook.com; Jim Smith; mark.mester@lw.com
Subject: TTA v. BLP -- Stipulation

All,

        Please find the executed stipulation and exhibits.

Kate

-----Original Message-----
From: Jon Piper [mailto:jon@classlawyers.com]
Sent: Thursday, June 16, 2016 5:17 PM
To: Lally, Kathleen (CH)
Cc: Phil Bock; Dan Cohen - External Email; Robert Hatch - Outlook.com; Jim Smith
Subject: FW:

Kate - Here is my signature. Please send me clean copies of the final versions of the settlement agreement and exhibits.
---------------------------------------------------------------------------
This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP
---------------------------------------------------------------------------
---------------------------------------------------------------------------
This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP
---------------------------------------------------------------------------

| | |
|---|---|
| **From:** | Jon Piper |
| **To:** | Kathleen.Lally@lw.com |
| **Cc:** | mark.mester@lw.com |
| **Subject:** | Re: TTA v. BLP -- Stipulation re Settlement.DOCX |
| **Date:** | Thursday, June 16, 2016 7:32:43 PM |

Wondered if you can confirm that you let Wanca know and that you cancelled tomorrow's mediation.

*Sent from my Verizon 4G LTE Droid*

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                TTA10262018 000566

| | |
|---|---|
| **From:** | mark.mester@lw.com |
| **To:** | Jon Piper; Kathleen.Lally@lw.com |
| **Subject:** | RE: TTA v. BLP -- Stipulation re Settlement.DOCX |
| **Date:** | Thursday, June 16, 2016 7:36:05 PM |

Yes and maybe.  We let Wanca know less than an hour after an agreement was reached this afternoon, and we likewise let Judge Bobrick know, noting that there was no purpose in going forward tomorrow. Ross Good, however, sent me an email a half hour ago insisting that the mediation go forward nonetheless.    I asked Ross what he thought there was left to mediate.   He hasn't answered that question and probably can't.  If Judge Bobrick is unwilling to cancel, then Kate will go but say nothing.

_____

From: Jon Piper <jon@classlawyers.com>
Sent: Thursday, June 16, 2016 5:32:42 PM
To: Lally, Kathleen (CH)
Cc: Mester, Mark (CH)
Subject: Re: TTA v. BLP -- Stipulation re Settlement.DOCX

Wondered if you can confirm that you let Wanca know and that you cancelled tomorrow's mediation.

Sent from my Verizon 4G LTE Droid
----------------------------------------------------------------------------
This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP
----------------------------------------------------------------------------

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

| | |
|---|---|
| **From:** | Jon Piper |
| **To:** | mark.mester@lw.com |
| **Subject:** | RE: TTA v. BLP -- Stipulation re Settlement.DOCX |
| **Date:** | Thursday, June 16, 2016 7:46:43 PM |

Thanks for the update.

*Sent from my Verizon 4G LTE Droid*
On Jun 16, 2016 7:36 PM, mark.mester@lw.com wrote:
> Yes and maybe.  We let Wanca know less than an hour after an agreement was
> reached this afternoon, and we likewise let Judge Bobrick know, noting that there
> was no purpose in going forward tomorrow.   Ross Good, however, sent me an
> email a half hour ago insisting that the mediation go forward nonetheless.    I
> asked Ross what he thought there was left to mediate.   He hasn't answered that
> question and probably can't.  If Judge Bobrick is unwilling to cancel, then Kate will
> go but say nothing.
>
> _____
> From: Jon Piper <jon@classlawyers.com>
> Sent: Thursday, June 16, 2016 5:32:42 PM
> To: Lally, Kathleen (CH)
> Cc: Mester, Mark (CH)
> Subject: Re: TTA v. BLP -- Stipulation re Settlement.DOCX
>
> Wondered if you can confirm that you let Wanca know and that you cancelled
> tomorrow's mediation.
>
> Sent from my Verizon 4G LTE Droid
> -------------------------------------------------------------------------
> This email may contain material that is confidential, privileged and/or attorney
> work product for the sole use of the intended recipient.  Any review, reliance or
> distribution by others or forwarding without express permission is strictly
> prohibited.  If you are not the intended recipient, please contact the sender and
> delete all copies.
>
> Latham & Watkins LLP
> -------------------------------------------------------------------------

| | |
|---|---|
| **From:** | mark.mester@lw.com |
| **To:** | Jon Piper |
| **Subject:** | RE: TTA v. BLP -- Stipulation re Settlement.DOCX |
| **Date:** | Thursday, June 16, 2016 7:47:55 PM |

No problem.    We will keep you apprised.

_____
From: Jon Piper <jon@classlawyers.com>
Sent: Thursday, June 16, 2016 5:46:42 PM
To: Mester, Mark (CH)
Subject: RE: TTA v. BLP -- Stipulation re Settlement.DOCX

Thanks for the update.

Sent from my Verizon 4G LTE Droid
On Jun 16, 2016 7:36 PM, mark.mester@lw.com wrote:
Yes and maybe.  We let Wanca know less than an hour after an agreement was reached this afternoon,
and we likewise let Judge Bobrick know, noting that there was no purpose in going forward tomorrow.
Ross Good, however, sent me an email a half hour ago insisting that the mediation go forward
nonetheless.    I asked Ross what he thought there was left to mediate.   He hasn't answered that
question and probably can't.  If Judge Bobrick is unwilling to cancel, then Kate will go but say nothing.

_____
From: Jon Piper <jon@classlawyers.com>
Sent: Thursday, June 16, 2016 5:32:42 PM
To: Lally, Kathleen (CH)
Cc: Mester, Mark (CH)
Subject: Re: TTA v. BLP -- Stipulation re Settlement.DOCX

Wondered if you can confirm that you let Wanca know and that you cancelled tomorrow's mediation.

Sent from my Verizon 4G LTE Droid
--------------------------------------------------------------------------
This email may contain material that is confidential, privileged and/or attorney work product for the sole
use of the intended recipient.  Any review, reliance or distribution by others or forwarding without
express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender
and delete all copies.

Latham & Watkins LLP
--------------------------------------------------------------------------


--------------------------------------------------------------------------
This email may contain material that is confidential, privileged and/or attorney work product for the sole
use of the intended recipient.  Any review, reliance or distribution by others or forwarding without
express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender
and delete all copies.

Latham & Watkins LLP
--------------------------------------------------------------------------

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

| From: | Jon Piper |
|---|---|
| To: | mark.mester@lw.com |
| Cc: | danieljaycohen209@gmail.com; Phil Bock |
| Subject: | RE: TTA v. BLP -- Stipulation re Settlement.DOCX |
| Date: | Friday, June 17, 2016 10:16:28 AM |

any news?

_____
From: mark.mester@lw.com [mark.mester@lw.com]
Sent: Thursday, June 16, 2016 7:47 PM
To: Jon Piper
Subject: RE: TTA v. BLP -- Stipulation re Settlement.DOCX

No problem.   We will keep you apprised.


_____
From: Jon Piper <jon@classlawyers.com>
Sent: Thursday, June 16, 2016 5:46:42 PM
To: Mester, Mark (CH)
Subject: RE: TTA v. BLP -- Stipulation re Settlement.DOCX

Thanks for the update.

Sent from my Verizon 4G LTE Droid
On Jun 16, 2016 7:36 PM, mark.mester@lw.com wrote:
Yes and maybe.  We let Wanca know less than an hour after an agreement was reached this afternoon,
and we likewise let Judge Bobrick know, noting that there was no purpose in going forward tomorrow.
Ross Good, however, sent me an email a half hour ago insisting that the mediation go forward
nonetheless.   I asked Ross what he thought there was left to mediate.  He hasn't answered that
question and probably can't.  If Judge Bobrick is unwilling to cancel, then Kate will go but say nothing.


_____
From: Jon Piper <jon@classlawyers.com>
Sent: Thursday, June 16, 2016 5:32:42 PM
To: Lally, Kathleen (CH)
Cc: Mester, Mark (CH)
Subject: Re: TTA v. BLP -- Stipulation re Settlement.DOCX

Wondered if you can confirm that you let Wanca know and that you cancelled tomorrow's mediation.

Sent from my Verizon 4G LTE Droid
----------------------------------------------------------------------------
This email may contain material that is confidential, privileged and/or attorney work product for the sole
use of the intended recipient.  Any review, reliance or distribution by others or forwarding without
express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender
and delete all copies.

Latham & Watkins LLP
----------------------------------------------------------------------------


----------------------------------------------------------------------------
This email may contain material that is confidential, privileged and/or attorney work product for the sole
use of the intended recipient.  Any review, reliance or distribution by others or forwarding without
express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender
and delete all copies.

Latham & Watkins LLP
----------------------------------------------------------------------------

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                        TTA10262018 000570

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

| | |
|---|---|
| **From:** | Jon Piper |
| **To:** | Kathleen.Lally@lw.com |
| **Subject:** | next call |
| **Date:** | Friday, June 17, 2016 10:17:28 AM |

Did you have a time in mind for the call about the insurance angles? I am free after 1130.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000572

| | |
|---|---|
| **From:** | mark.mester@lw.com |
| **To:** | Jon Piper |
| **Cc:** | Dan Cohen - External Email; Phil Bock |
| **Subject:** | RE: TTA v. BLP -- Stipulation re Settlement.DOCX |
| **Date:** | Friday, June 17, 2016 10:22:20 AM |

Yes.    Wanca insisted on the mediation going forward, though he was unable to specify what was left to mediate or address on the class claim.    Judge Bobrick was a bit confused, so he sided with Wanca and we had the general session.    We declined to negotiate the class claim for reasons that should be obvious, and the mediation was ended without further incident.    Big waste of time.

_____
From: Jon Piper <jon@classlawyers.com>
Sent: Friday, June 17, 2016 8:16:28 AM
To: Mester, Mark (CH)
Cc: Dan Cohen - External Email; Phil Bock
Subject: RE: TTA v. BLP -- Stipulation re Settlement.DOCX

any news?

_____
From: mark.mester@lw.com [mark.mester@lw.com]
Sent: Thursday, June 16, 2016 7:47 PM
To: Jon Piper
Subject: RE: TTA v. BLP -- Stipulation re Settlement.DOCX

No problem.    We will keep you apprised.

_____
From: Jon Piper <jon@classlawyers.com>
Sent: Thursday, June 16, 2016 5:46:42 PM
To: Mester, Mark (CH)
Subject: RE: TTA v. BLP -- Stipulation re Settlement.DOCX

Thanks for the update.

Sent from my Verizon 4G LTE Droid
On Jun 16, 2016 7:36 PM, mark.mester@lw.com wrote:
Yes and maybe.  We let Wanca know less than an hour after an agreement was reached this afternoon, and we likewise let Judge Bobrick know, noting that there was no purpose in going forward tomorrow. Ross Good, however, sent me an email a half hour ago insisting that the mediation go forward nonetheless.    I asked Ross what he thought there was left to mediate.   He hasn't answered that question and probably can't.  If Judge Bobrick is unwilling to cancel, then Kate will go but say nothing.

_____
From: Jon Piper <jon@classlawyers.com>
Sent: Thursday, June 16, 2016 5:32:42 PM
To: Lally, Kathleen (CH)
Cc: Mester, Mark (CH)
Subject: Re: TTA v. BLP -- Stipulation re Settlement.DOCX

Wondered if you can confirm that you let Wanca know and that you cancelled tomorrow's mediation.

Sent from my Verizon 4G LTE Droid
-----------------------------------------------------------------------------
This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                                TTA10262018 000573

Latham & Watkins LLP
-----------------------------------------------------------------------------

-----------------------------------------------------------------------------
This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP
-----------------------------------------------------------------------------

-----------------------------------------------------------------------------
This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP
-----------------------------------------------------------------------------

| | |
|---|---|
| **From:** | Jon Piper |
| **To:** | Kathleen.Lally@lw.com; mark.mester@lw.com |
| **Cc:** | Phil Bock; Dan Cohen - External Email; Julia Titolo; Marie Ang |
| **Subject:** | RE: |
| **Date:** | Friday, June 17, 2016 4:26:00 PM |
| **Attachments:** | 2016-06-15 DRAFT FEDERAL TTA v. Bucs Complaint.pdf |
| | Group Exhibit A .pdf.pdf |

Kate and Mark – as a courtesy in the context of settlement, we are sending you a copy of the complaint we intend to file.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA,
TAMPA DIVISION

| | |
|---|---|
| TECHNOLOGY TRAINING ASSOCIATES, INC., and LARRY E. SCHWANKE, D.C. d/b/a BACK TO BASICS FAMILY CHIROPRACTIC, individually and as the representative of a class of similarly-situated persons, )))))) | |
| Plaintiffs, ) | Case No. |
| v. )) | |
| BUCCANEERS LIMITED PARTNERSHIP, )))) | |
| Defendant. ) | |

## CLASS ACTION COMPLAINT

Plaintiffs, Technology Training Associates, Inc., and Larry E. Schwanke, D.C., d/b/a Back To Basics Family Chiropractic (collectively "Plaintiffs"), bring this action on behalf of themselves and all other persons similarly situated and, except for those allegations pertaining to Plaintiffs or their attorneys, which are based upon personal knowledge, alleges the following upon information and belief against defendant Buccaneers Limited Partnership ("BLP"):

## PRELIMINARY STATEMENT

1.      Defendant has sent advertisements by facsimile in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the regulations the Federal Communications Commission ("FCC") has prescribed thereunder, 47 C.F.R. § 64.1200 (collectively, the "TCPA").

2.     Defendant sent Plaintiffs at least three advertisements each by facsimile and in violation of the TCPA. Group Exhibit A.

3.     These faxes also converted Plaintiffs' property and invaded Plaintiff's privacy.

4.     Plaintiffs bring this action on behalf of themselves and a class of all similarly-situated persons, and against Defendant, seeking statutory damages for each violation of the TCPA, trebling of the statutory damages, injunctive relief, compensation and attorney fees (under the conversion and invasion of privacy counts), punitive damages (under the invasion of privacy count) and all other relief the Court deems appropriate under the circumstances.

5.     Unsolicited faxes cause damage to their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. Unsolicited faxes tie up the telephone lines, prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message. Moreover, a junk fax interrupts the recipient's privacy. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else.

## PARTIES, JURISDICTION, AND VENUE

6.     Plaintiff Technology Training Associates, Inc. is a Florida corporation with its principal place of business in Hillsborough County, Florida.

7.     Plaintiff Larry E. Schwanke, D.C., is a Florida resident doing business

2

as Back To Basics Family Chiropractic with his principal place of business in Marion County, Florida.

8.      On information and belief, BLP is a Foreign Limited Partnership with its principal place of business in Tampa, Florida.

9.      The Court has subject matter jurisdiction over Plaintiff's federal statutory claim under 28 U.S.C. § 1331 and 47 U.S.C. § 227. The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

10.     Personal jurisdiction exists over Defendant in Florida because Defendant has transacted business and committed tortious acts within the State.

11.     Venue is proper in the Middle District of Florida, Tampa Division because Defendant committed statutory torts within this District and a significant portion of the events took place here.

<u>FACTS</u>

12.     Defendant sent advertisements by facsimile to Plaintiffs and a class of similarly-situated persons. Defendant sent thousands of these fax advertisements to Plaintiffs and the other class members through assistance from FaxQom, USA Datalink, DMI Marketing, 127 High Street, Rocket Messaging, or other intermediaries. Defendant is directly liable for violating the TCPA.

13.     Plaintiffs have each received at least three of Defendant's unsolicited advertisements by facsimile in 2009 or 2010.

14.     Plaintiffs did not expressly invite or give permission to anyone to send any of the faxes in <u>Group Exhibit A</u> or any other advertisement from BLP to

3

Plaintiffs' fax machines.

15.     On information and belief, Defendant sent advertisements by facsimile to Plaintiffs and thousands of other persons in violation of the TCPA.

16.     Plaintiffs and the other class members owe no obligation to protect their fax machines from Defendant. Their fax machines are ready to send and receive their urgent communications, private communications and business information, not to receive Defendant's unlawful advertisements.

## CLASS ACTION ALLEGATIONS

17.     Plaintiffs bring this action as a class action on behalf of themselves and all others similarly situated as members of a class, initially defined as follows:

> All persons who, in 2009 or 2010, received one or more facsimile advertisements sent by or on behalf of BLP and offering tickets for Tampa Bay Buccaneer games.

18.     Specifically excluded from the Class are the following Persons:

(a) BLP and its respective parents, subsidiaries, divisions, affiliates, associated entities, business units, predecessors in interest, successors, successors in interest and representatives and each of their respective immediate family members;

(b) Class Counsel; and

(c) The judges who have presided over the Litigation and any related cases.

Plaintiffs expressly reserve the right to modify the proposed class definition or propose subclasses.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                              TTA10262018 000587

19.     On information and belief, Defendant's fax advertising campaigns involved other, substantially-similar advertisements also sent without the opt-out notice required by the TCPA.

20.     This action is brought and may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23. This action satisfies Rule 23 (a)'s numerosity, commonality, typicality, and adequacy requirements. Additionally, prosecution of Plaintiffs' claims separately from the putative class's claims would create a risk of inconsistent or varying adjudications under Rule 23 (b) (1) (A). Furthermore, the questions of law or fact that are common in this action predominate over any individual questions of law or fact making class representation the superior method to adjudicate this controversy under Rule 23 (b) (3).

21.     **Numerosity/impracticality of joinder.** On information and belief, the class consists of more than 39 persons and, thus, is so numerous that individual joinder of each member is impracticable. The precise number of class members and their identities are unknown to Plaintiffs, but will be obtained from Defendant's records or the records of third parties.

22.     **Commonality and predominance.** There is a well-defined community of interest and common questions of law and fact that predominate over any questions affecting only individual members of the class. These common legal and factual questions, which do not vary from one class member to another, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to the following:

5

a.      Whether Defendant sent advertisements by facsimile promoting the commercial availability or quality of property, goods, or services;

b.      Whether <u>Group Exhibit A</u> and other yet-to-be-discovered facsimiles sent by or on behalf of Defendant advertised the commercial availability or quality of property, goods or services;

c.      The manner and method Defendant used to compile or obtain the list(s) of fax numbers to which they sent the faxes contained in <u>Group Exhibit A</u> and other fax advertisements;

d.      Whether Defendant's fax advertisements contained opt-out notices compliant with the TCPA;

e.      Whether Defendant converted the fax machines of Plaintiff and the members of the class and is liable to Plaintiff and the members of the class for damages arising from its conversion;

f.      Whether Defendant invaded the privacy of Plaintiffs and the class and is liable to Plaintiff and the members of the class for damages arising from its invasions of privacy;

g.      Whether Plaintiffs and the other class members should be awarded statutory damages;

h.      Whether Plaintiffs and the other class members should be awarded actual damages

i.      Whether Plaintiffs and the other class members should be awarded punitive damages;

6

j.     If the Court finds that Defendant willfully or knowingly violated the TCPA, whether the Court should exercise its discretion to increase the amount of the statutory damages award to an amount equal to not more than 3 times the amount; and

k.     Whether the Court should enjoin Defendant from faxing advertisements in the future.

23.    **Typicality of claims.** Plaintiffs' claims are typical of the claims of the other class members, because Plaintiffs and all class members were injured by the same wrongful practices. Plaintiffs and the members of the class received Defendant's advertisements by facsimile and those advertisements did not contain the opt-out notice required by the TCPA. Under the facts of this case, because the focus is upon Defendant's conduct, if Plaintiffs prevail on their claims, then the other putative class members will prevail as well.

24.    **Adequacy of representation.** Plaintiffs are an adequate representative of the class because their interests do not conflict with the interests of the class it seeks to represent. Plaintiffs have retained counsel competent and experienced in complex class action litigation, and TCPA litigation in particular, and Plaintiffs intend to vigorously prosecute this action. Plaintiffs and their counsel will fairly and adequately protect the interest of members of the class.

25.    **Prosecution of separate claims would yield inconsistent results.** Even though the questions of fact and law in this action are predominantly common to Plaintiffs and the putative class members, separate adjudication of each class

7

member's claims would yield inconsistent and varying adjudications. Such inconsistent rulings would create incompatible standards for Defendant to operate under if/when class members bring additional lawsuits concerning the same unsolicited fax advertisements of if Defendant choose to advertise by fax again in the future.

26. **A class action is the superior method of adjudicating the common questions of law or fact that predominate over individual questions.** A class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all class members is economically unfeasible and procedurally impracticable. The likelihood of individual class members prosecuting separate claims is remote, and even if every class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Relief concerning Plaintiffs' rights under the laws herein alleged and with respect to the class would be proper. Plaintiffs envision no difficulty in the management of this action as a class action.

**COUNT I**
**TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**

27. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

28. Plaintiffs bring Count I on behalf of themselves and a class of similarly situated persons against Defendants.

8

TTA10262018 000591

29.     The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227 (b) (1).

30.     The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227 (a) (4).

31.     The TCPA provides a private right of action as follows:

> 3.     <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> > (A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> >
> > (B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> >
> > (C)     Both such actions.

47 U.S.C. § 227 (b) (3).

32.     The Court, in its discretion, may treble the statutory damages if it determines that a violation was knowing or willful. 47 U.S.C. § 227 (b) (3).

33.     Here, Defendant violated 47 U.S.C. § 227 (b) (1) (C) by sending an advertisement by facsimile (such as <u>Group Exhibit A</u>) to Plaintiffs and the other class members without their prior express invitation or permission.

34.     The TCPA requires that every advertisement sent by facsimile must

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000592

include an opt-out notice clearly and conspicuously displayed on the bottom of its first page. 47 C.F.R. § 64.1200 (a) (4).

35.    Defendant failed to include a clear and conspicuous opt-out notice on the faxes in <u>Group Exhibit A</u>.

36.    The faxes in <u>Group Exhibit A</u> do not provide any of the information the TCPA requires for a compliant opt-out notice. For example, the faxes in <u>Group Exhibit A</u> fail to state on the advertisement's first page that the recipient may make a request to the sender not to send any future advertisement by facsimile and that the sender's failure to comply within 30 days is unlawful.

37.    Defendant violated the TCPA by failing to state on the first page of each fax advertisement that their failure to comply with an opt-out request within 30 days would be unlawful. <u>Group Exhibit A</u>.

38.    Facsimile advertising imposes burdens on recipients that are distinct from the burdens imposed by other types of advertising. The required opt-out notice provides recipients the necessary information to opt-out of future fax transmissions, including a notice that the sender's failure to comply with the opt-out request will be unlawful. 47 C.F.R. § 64.1200 (a) (4).

39.    Defendant's failure to include a compliant opt-out notice on their fax advertisements makes irrelevant any express consent or established business relationship ("EBR") that otherwise might have justified Defendant's fax advertising campaigns. 47 C.F.R. § 64.1200 (a) (4).

40.    The TCPA is a strict liability statute and Defendant is liable to

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                      TTA10262018 000593

Plaintiffs and the other class members even if their actions were negligent. 47 U.S.C. § 227 (b) (3).

41. Even if Defendant did not intend to injure Plaintiffs and the other class members, did not intend to violate their privacy, and did not intend to waste their valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

42. If Defendant's actions were knowing or purposeful, then the Court has the discretion to increase the statutory damages up to 3 times the amount. 47 U.S.C. § 227 (b) (3).

43. BLP is liable for the fax advertisements at issue because it sent the faxes, caused the faxes to be sent, participated in the activity giving rise to or constituting the violation, the faxes were sent on its behalf, or under general principles of vicarious liability, including actual authority, apparent authority and ratification.

44. Defendant knew or should have known that Plaintiffs and the other class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's goods, products, or services, that Plaintiffs and the other class members did not have an established business relationship with Defendants, that the faxes in Group Exhibit A are advertisements, and do not display compliant opt-out notices as required by the TCPA.

45. Defendant's actions damaged Plaintiffs and the other class members.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                          TTA10262018 000594

Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes. Moreover, the subject faxes used the fax machines of Plaintiffs and the other class members. The subject faxes cost Plaintiffs time, as Plaintiffs and their employees wasted their time receiving, reviewing and routing Defendant's illegal faxes. That time otherwise would have been spent on Plaintiffs' business activities. Defendant's faxes unlawfully interrupted Plaintiffs and the other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiffs and the other class members from the sending of unlawful fax advertisements occurred outside Defendant's premises.

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, demand judgment in their favor and against Defendant as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiffs as the representative of the class, and appoint Plaintiffs' counsel as counsel for the class;

B.     That the Court award $500.00 in statutory damages for each violation of the TCPA;

C.     That, if it finds Defendant willfully or knowingly violated the TCPA's faxing prohibitions, the Court exercise its discretion to increase the amount of the statutory damages award to an amount equal to not more than 3 times the amount (Plaintiffs request trebling);

D.     That the Court enter an injunction prohibiting Defendant from

12

violating the TCPA; and

    E.    That the Court award costs and such further relief as the Court may deem just and proper.

**COUNT II**
**CONVERSION**

    46.    Plaintiffs bring Count II on behalf of themselves and a class of similarly situated persons against Defendants.

    47.    Defendant sent advertisements by facsimile to Plaintiffs and a class of similarly-situated persons. Defendant sent thousands of these fax advertisements to Plaintiffs and the other class members through assistance from FaxQom, USA Datalink, DMI Marketing, 127 High Street, Rocket Messaging, or other intermediaries.

    48.    Plaintiffs have each received at least three of Defendant's unsolicited advertisements by facsimile in 2009 or 2010.

    49.    Plaintiffs did not expressly invite or give permission to anyone to send Group Exhibit A or any other advertisement from BLP to Plaintiffs' fax machines.

    50.    On information and belief, Defendant sent advertisements by facsimile to Plaintiffs and thousands of other persons.

    51.    Plaintiffs and the other class members owe no obligation to protect their fax machines from Defendant. Their fax machines are ready to send and receive their urgent communications, private communications and business information, not to receive Defendant's unlawful advertisements.

13

52.     By sending Plaintiffs and the other class members unsolicited faxes, Defendant improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendant also converted Plaintiffs' employees' time to Defendant's own use.

53.     Immediately prior to the sending of the unsolicited faxes, Plaintiffs and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

54.     By sending the unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendant's own use. Such misappropriation was wrongful and without authorization.

55.     Defendant knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

56.     Plaintiffs and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiffs and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

57.     Each of Defendant's unsolicited fax advertisements effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendant's unlawful faxes. Defendant knew or should have known employees' time is valuable to Plaintiff.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000597

58.     Defendant's actions caused damages to Plaintiff and the other members of the class because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner as a result. Defendant's actions prevented Plaintiffs' fax machines from being used for Plaintiffs' business purposes during the time Defendant was using Plaintiff's fax machines for Defendant's illegal purpose. Defendant's actions also cost Plaintiffs' employees' time, as Plaintiffs' employees used their time receiving, routing, and reviewing Defendant's illegal faxes, and that time otherwise would have been spent on Plaintiffs' business activities.

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, demand judgment in their favor and against Defendant as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiffs as the representative of the class, and appoint Plaintiffs' counsel as counsel for the class;

B.     That the Court enter judgment finding Defendant unlawfully converted the fax machines of Plaintiffs and the members of the class and is liable to Plaintiff and the members of the class for damages arising from its conversion;

C.     That the Court enter an injunction prohibiting Defendant from engaging in conversion of Plaintiffs' and the class members fax machines; and

D.     That the Court award costs, including reasonable attorneys' fees, and such further relief as the Court may deem just and proper.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                        TTA10262018 000598

## COUNT III
## INVASION OF PRIVACY

59.     Plaintiffs bring Count III on behalf of themselves and a class of similarly situated persons against Defendants.

60.     Defendant sent advertisements by facsimile to Plaintiffs and a class of similarly-situated persons. Defendant sent thousands of these fax advertisements to Plaintiffs and the other class members through assistance from FaxQom, USA Datalink, DMI Marketing, 127 High Street, Rocket Messaging, or other intermediaries.

61.     Plaintiffs have each received at least three of Defendant's unsolicited advertisements by facsimile in 2009 or 2010.

62.     Plaintiffs did not expressly invite or give permission to anyone to send Group Exhibit A or any other advertisement from BLP to Plaintiffs' fax machines.

63.     On information and belief, Defendant sent advertisements by facsimile to Plaintiffs and thousands of other persons.

64.     Plaintiffs and the other class members owe no obligation to protect their fax machines from Defendant. Their fax machines are ready to send and receive their urgent communications, private communications and business information, not to receive Defendant's unlawful advertisements.

65.     By sending Plaintiffs and the other class members unsolicited faxes, Defendant improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendant also converted Plaintiffs' employees' time to Defendant's own use.

16

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER   TTA10262018 000599

66.    By sending Plaintiffs and the other class members unsolicited faxes, Defendant intruded both physically and electronically into the private quarters of Plaintiffs and the class members. Defendant's faxes unlawfully interrupted Plaintiffs and the other class members' privacy interests and rights to seclusion and to be left alone.

67.    By so doing, Defendant invaded the privacy of Plaintiffs and the class.

68.    Defendant knew or should have known that its invasion of Plaintiffs' and the class members' privacy was wrongful and without authorization.

69.    Plaintiffs and the other class members were deprived of the use of their phone lines, fax machines, paper, toner, and personal and business time, which could no longer be used for any other purpose. Plaintiffs and each class member thereby suffered damages, including mental and emotional distress, as a result of their receipt of unsolicited fax advertisements from Defendant.

70.    Defendant's actions caused damages to Plaintiff and the other members of the class.

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, demand judgment in their favor and against Defendant as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiffs as the representative of the class, and appoint Plaintiffs' counsel as counsel for the class;

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                            TTA10262018 000600

B.     That the Court enter judgment finding Defendant unlawfully invaded the privacy of Plaintiffs and the members of the class and is liable to Plaintiff and the members of the class for damages arising from its invasion of privacy;

C.     That the Court enter judgment awarding Plaintiffs and the class members punitive damages in an amount sufficient to punish and deter Defendant;

D.     That the Court enter an injunction prohibiting Defendant from invading the privacy of Plaintiffs' and the class members; and

E.     That the Court award costs, including reasonable attorneys' fees, and such further relief as the Court may deem just and proper.

Respectfully submitted,

TECHNOLOGY TRAINING ASSOCIATES, INC., and LARRY E. SCHWANKE, D.C. d/b/a BACK TO BASICS FAMILY CHIROPRACTIC, individually and as the representative of a class of similarly-situated persons

By: /s/ Phillip A. Bock

Phillip A. Bock
Daniel J. Cohen
Jonathan B. Piper
Bock, Hatch, Lewis & Oppenheim, LLC
134 N. La Salle St,, Ste. 1000
Chicago, IL 60602
Telephone: 312-658-5500
Facsimile: 312-658-5555

18

# GROUP EXHIBIT A

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000602



# INDIVIDUAL GAME TICKETS ON SALE NOW!

| | | | |
|---|---|---|---|
| **MIAMI** | **August 27** | **8:00pm** | |
| **HOUSTON** | **September 4** | **7:00pm** | |
| **DALLAS** | **September 13** | **1:00pm** | |
| **N.Y. GIANTS** | **September 27** | **1:00pm** | |
| **CAROLINA** | **October 18** | **1:00pm** | |
| **GREEN BAY** | **November 8** | **1:00pm** | |
| **NEW ORLEANS** | **November 22** | **1:00pm** | |
| **N.Y. JETS** | **December 13** | **1:00pm** | |
| **ATLANTA** | **January 3** | **1:00pm** | |

All game dates and times are subject to NFL flexible scheduling.

# TO PURCHASE TICKETS CALL 800-745-3000
# OR VISIT BUCCANEERS.COM

To immediately and permanently remove your fax number from our opt-in compiled database, please call 888-703-9205. Removaltech@FaxQom.com

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER



# INDIVIDUAL GAME TICKETS ON SALE NOW!

| | | | |
|---|---|---|---|
| | **MIAMI** | **August 27** | **8:00pm** |
| | **HOUSTON** | **September 4** | **7:00pm** |
| | **DALLAS** | **September 13** | **1:00pm** |
| | **N.Y. GIANTS** | **September 27** | **1:00pm** |
| | **CAROLINA** | **October 18** | **1:00pm** |
| | **GREEN BAY** | **November 8** | **1:00pm** |
| | **NEW ORLEANS** | **November 22** | **1:00pm** |
| | **N.Y. JETS** | **December 13** | **1:00pm** |
| | **ATLANTA** | **January 3** | **1:00pm** |

All game dates and times are subject to NFL flexible scheduling.

# TO PURCHASE TICKETS CALL 800-745-3000
# OR VISIT BUCCANEERS.COM

To immediately and permanently remove your fax number from our opt-in compiled database, please call 888-703-9205. Removaltech@FaxQom.com

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER    TTA10262018 000604



# INDIVIDUAL GAME TICKETS ON SALE NOW!

| | | | |
|---|---|---|---|
| | MIAMI | August 27 | 8:00pm |
| | HOUSTON | September 4 | 7:00pm |
| | DALLAS | September 13 | 1:00pm |
| | N.Y. GIANTS | September 27 | 1:00pm |
| | CAROLINA | October 18 | 1:00pm |
| | GREEN BAY | November 8 | 1:00pm |
| | NEW ORLEANS | November 22 | 1:00pm |
| | N.Y. JETS | December 13 | 1:00pm |
| | ATLANTA | January 3 | 1:00pm |

All game dates and times are subject to NFL flexible scheduling.

# TO PURCHASE TICKETS CALL 800-745-3000
# OR VISIT BUCCANEERS.COM

To immediately and permanently remove your fax number from our opt-in compiled database, please call 888-703-9205. Removaltech@FaxQom.com

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000605



# INDIVIDUAL GAME TICKETS ON SALE NOW!

| | MIAMI | August 27 | 8:00pm |
| | HOUSTON | September 4 | 7:00pm |
| | DALLAS | September 13 | 1:00pm |
| | N.Y. GIANTS | September 27 | 1:00pm |
| | CAROLINA | October 18 | 1:00pm |
| | GREEN BAY | November 8 | 1:00pm |
| | NEW ORLEANS | November 22 | 1:00pm |
| | N.Y. JETS | December 13 | 1:00pm |
| | ATLANTA | January 3 | 1:00pm |

All game dates and times are subject to NFL flexible scheduling.

# TO PURCHASE TICKETS CALL 800-745-3000
# OR VISIT BUCCANEERS.COM

To immediately and permanently remove your fax number from our opt-in compiled database, please call 888-703-9205. Removaltech@FaxQom.com

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000606



# INDIVIDUAL GAME TICKETS ON SALE NOW!

| | | | |
|---|---|---|---|
| MIAMI | August 27 | 8:00pm |
| HOUSTON | September 4 | 7:00pm |
| DALLAS | September 13 | 1:00pm |
| N.Y. GIANTS | September 27 | 1:00pm |
| CAROLINA | October 18 | 1:00pm |
| GREEN BAY | November 8 | 1:00pm |
| NEW ORLEANS | November 22 | 1:00pm |
| N.Y. JETS | December 13 | 1:00pm |
| ATLANTA | January 3 | 1:00pm |

All game dates and times are subject to NFL flexible scheduling.

# TO PURCHASE TICKETS CALL 800-745-3000
# OR VISIT BUCCANEERS.COM

To immediately and permanently remove your fax number from our opt-in compiled database, please call 888-703-9205. Removaltech@FaxQom.com

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000607



# INDIVIDUAL GAME TICKETS ON SALE NOW!

| | | | |
|---|---|---|---|
| | **MIAMI** | **August 27** | **8:00pm** |
| | **HOUSTON** | **September 4** | **7:00pm** |
| | **DALLAS** | **September 13** | **1:00pm** |
| | **N.Y. GIANTS** | **September 27** | **1:00pm** |
| | **CAROLINA** | **October 18** | **1:00pm** |
| | **GREEN BAY** | **November 8** | **1:00pm** |
| | **NEW ORLEANS** | **November 22** | **1:00pm** |
| | **N.Y. JETS** | **December 13** | **1:00pm** |
| | **ATLANTA** | **January 3** | **1:00pm** |

All game dates and times are subject to NFL flexible scheduling.

# TO PURCHASE TICKETS CALL 800-745-3000
# OR VISIT BUCCANEERS.COM

To immediately and permanently remove your fax number from our opt-in compiled database, please call 888-703-9205. Removaltech@FaxQom.com

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000608



# INDIVIDUAL GAME TICKETS ON SALE NOW!

| | | | |
|---|---|---|---|
| | **MIAMI** | **August 27** | **8:00pm** |
| | **HOUSTON** | **September 4** | **7:00pm** |
| | **DALLAS** | **September 13** | **1:00pm** |
| | **N.Y. GIANTS** | **September 27** | **1:00pm** |
| | **CAROLINA** | **October 18** | **1:00pm** |
| | **GREEN BAY** | **November 8** | **1:00pm** |
| | **NEW ORLEANS** | **November 22** | **1:00pm** |
| | **N.Y. JETS** | **December 13** | **1:00pm** |
| | **ATLANTA** | **January 3** | **1:00pm** |

All game dates and times are subject to NFL flexible scheduling.

# TO PURCHASE TICKETS CALL 800-745-3000
# OR VISIT BUCCANEERS.COM

To immediately and permanently remove your fax number from our opt-in compiled database, please call 888-703-9205. Removaltech@FaxQom.com

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                TTA10262018 000609



# INDIVIDUAL GAME TICKETS ON SALE NOW!

| | | | |
|---|---|---|---|
| | **MIAMI** | **August 27** | **8:00pm** |
| | **HOUSTON** | **September 4** | **7:00pm** |
| | **DALLAS** | **September 13** | **1:00pm** |
| | **N.Y. GIANTS** | **September 27** | **1:00pm** |
| | **CAROLINA** | **October 18** | **1:00pm** |
| | **GREEN BAY** | **November 8** | **1:00pm** |
| | **NEW ORLEANS** | **November 22** | **1:00pm** |
| | **N.Y. JETS** | **December 13** | **1:00pm** |
| | **ATLANTA** | **January 3** | **1:00pm** |

All game dates and times are subject to NFL flexible scheduling.

# TO PURCHASE TICKETS CALL 800-745-3000
# OR VISIT BUCCANEERS.COM

To immediately and permanently remove your fax number from our opt-in compiled database, please call 888-703-9205. Removaltech@FaxQom.com

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

TTA10262018 000610



# INDIVIDUAL GAME TICKETS ON SALE NOW!

| | | | |
|---|---|---|---|
| | **MIAMI** | **August 27** | **8:00pm** |
| | **HOUSTON** | **September 4** | **7:00pm** |
| | **DALLAS** | **September 13** | **1:00pm** |
| | **N.Y. GIANTS** | **September 27** | **1:00pm** |
| | **CAROLINA** | **October 18** | **1:00pm** |
| | **GREEN BAY** | **November 8** | **1:00pm** |
| | **NEW ORLEANS** | **November 22** | **1:00pm** |
| | **N.Y. JETS** | **December 13** | **1:00pm** |
| | **ATLANTA** | **January 3** | **1:00pm** |

All game dates and times are subject to NFL flexible scheduling.

# TO PURCHASE TICKETS CALL 800-745-3000
# OR VISIT BUCCANEERS.COM

To immediately and permanently remove your fax number from our opt-in compiled database, please call 888-703-9205. Removaltech@FaxQom.com

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000611



# INDIVIDUAL GAME TICKETS ON SALE NOW!

| | | | |
|---|---|---|---|
| | **MIAMI** | **August 27** | **8:00pm** |
| | **HOUSTON** | **September 4** | **7:00pm** |
| | **DALLAS** | **September 13** | **1:00pm** |
| | **N.Y. GIANTS** | **September 27** | **1:00pm** |
| | **CAROLINA** | **October 18** | **1:00pm** |
| | **GREEN BAY** | **November 8** | **1:00pm** |
| | **NEW ORLEANS** | **November 22** | **1:00pm** |
| | **N.Y. JETS** | **December 13** | **1:00pm** |
| | **ATLANTA** | **January 3** | **1:00pm** |

All game dates and times are subject to NFL flexible scheduling.

# TO PURCHASE TICKETS CALL 800-745-3000
# OR VISIT BUCCANEERS.COM

To immediately and permanently remove your fax number from our opt-in compiled database, please call 888-703-9205. Removaltech@FaxQom.com

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER



# FAX COVER

ONE BUCCANEER PLACE, TAMPA, FL 33607    TEL: (877) 649-2827   WWW.BUCCANEERS.COM

| DATE: | 5/24/10 | # OF PAGES (INCLUDING COVER): | 2 |
|---|---|---|---|

| TO: | **Human Resources** |
|---|---|
| FROM: | **Group Sales Department** |
| SUBJECT: | **Your Group Ticket Order** |

**ADDITIONAL COMMENTS**

**Enclosed is the information you requested.**

## 2010 HOME SCHEDULE

**KANSAS CITY**
August 21 | 7:30pm

**JACKSONVILLE**
August 28 | 7:30pm

**CLEVELAND**
September 12 | 1:00pm

**PITTSBURGH**
September 26 | 1:00pm

**NEW ORLEANS**
October 17 | 1:00pm

**ST. LOUIS**
October 24 | 1:00pm

**CAROLINA**
November 14 | 1:00pm

**ATLANTA**
December 5 | 1:00pm

**DETROIT**
December 19 | 1:00pm

**SEATTLE**
December 26 | 1:00pm

If your office has decide to opt-out of further faxes please call 866-247-0920
Thank you

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER





# 2010 GROUP TICKET ORDER FORM

- Group tickets starting at $32 per seat per game
- Minimum group of 10 or more
- Savings up to $16 per ticket
- Fully catered tailgating packages available

| OPPONENT | DATE | | TIME* | # OF TICKETS | PRICE | TOTAL COST PER ORDER |
|---|---|---|---|---|---|---|
| Kansas City | Sat. | Aug. 21 | 7:30PM | | | |
| Jacksonville | Sat. | Aug. 28 | 7:30PM | | | |
| Cleveland | Sun. | Sept. 12 | 1:00PM | | | |
| Pittsburgh | Sun. | Sept. 26 | 1:00PM | | | |
| New Orleans | Sun. | Oct. 17 | 1:00PM | | | |
| St. Louis | Sun. | Oct. 24 | 1:00PM | | | |
| Carolina | Sun. | Nov. 14 | 1:00PM | | | |
| Atlanta | Sun. | Dec. 5 | 1:00PM | | | |
| Detroit | Sun. | Dec. 19 | 1:00PM | | | |
| Seattle | Sun. | Dec. 26 | 1:00PM | | | |

*Time Subject to change due to NFL Flex Scheduling

**FOR MORE INFORMATION
CALL 877-649-2827 EXT.2512
OR VISIT BUCCANEERS.COM**

| | |
|---|---|
| SUB TOTAL | |
| SHIPPING & HANDLING | $5.00 |
| GRAND TOTAL | |

Name/Company _____

Attn. _____

Address _____

City _____ State ___ Zip _____

Work Phone _____ Home _____

Fax _____ Email _____

**METHOD OF PAYMENT**

Check or Money Order • Make checks payable to Tampa Bay Buccaneers

Amount of Check Enclosed:  $ _____  Check # _____

Charge to:    VISA    MasterCard    American Express    Discover

Account # _____ Exp. Date _____

Name on Card _____

Card Member Signature _____

I agree to the ticket policies set forth on Buccaneers.com and authorize the above charge.

X _____

| ACCT# | AUTH. CODE |
|---|---|
| | |

## SEATING IS SELECTED FROM BEST AVAILABLE GROUP SECTIONS

Those requesting special accommodations must contact the Buccaneers Ticket Office at 877-649-2827. All persons, regardless of age, must have a ticket for admittance.

Mail to: Tampa Bay Buccaneers. Attn: Group Sales Dept.
One Buccaneer Place, Tampa Florida 33607 • FAX 813-554-1320
**NO REFUNDS/NO EXCHANGES** • Dates and times subject to change
Please contact the Group Sales Department for all terms and conditions.



CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER



# FAX COVER

ONE BUCCANEER PLACE, TAMPA, FL 33607    TEL: (877) 649-2827   WWW.BUCCANEERS.COM

| DATE: | 5/24/10 | # OF PAGES (INCLUDING COVER): | 2 |
|---|---|---|---|

| TO: | **Human Resources** |
|---|---|
| FROM: | **Group Sales Department** |
| SUBJECT: | **Your Group Ticket Order** |

**ADDITIONAL COMMENTS**

**Enclosed is the information you requested.**

**2010 HOME SCHEDULE**

**KANSAS CITY**
August 21 | 7:30pm

**JACKSONVILLE**
August 28 | 7:30pm

**CLEVELAND**
September 12 | 1:00pm

**PITTSBURGH**
September 26 | 1:00pm

**NEW ORLEANS**
October 17 | 1:00pm

**ST. LOUIS**
October 24 | 1:00pm

**CAROLINA**
November 14 | 1:00pm

**ATLANTA**
December 5 | 1:00pm

**DETROIT**
December 19 | 1:00pm

**SEATTLE**
December 26 | 1:00pm

If your office has decide to opt-out of further faxes please call 866-247-0920
Thank you

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                        TTA10262018 000615



# GROUP TICKETS ON SALE NOW!

- •Group tickets starting at **$32** per seat for groups of 10 or more
- •Savings up to **$16** per ticket
- •Fully catered tailgating packages also available

## GROUP TICKETS IDEAL TO:

- Reward employees
- Entertain clients
- Celebrate a birthday or special occasion

For more information, call the Buccaneers sales department at **877-649-2827 (2827)** or purchase online at www.buccaneers.com

| | | | | |
|---|---|---|---|---|
| | Kansas City | Sat. | Aug. 21 | 7:30 PM |
| | Jacksonville | Sat. | Aug. 28 | 7:30 PM |
| | Cleveland | Sun. | Sept. 12 | 1:00 PM |
| | Pittsburgh | Sun. | Sept. 26 | 1:00 PM |
| | New Orleans | Sun. | Oct. 17 | 1:00 PM |
| | St. Louis | Sun. | Oct. 24 | 1:00 PM |
| | Carolina | Sun. | Nov. 14 | 1:00 PM |
| | Atlanta | Sun. | Dec. 5 | 1:00 PM |
| | Detroit | Sun. | Dec. 19 | 1:00 PM |
| | Seattle | Sun. | Dec. 26 | 1:00 PM |

*Time Subject to change due to NFL Flex Scheduling*



CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000616



# FAX COVER

ONE BUCCANEER PLACE TAMPA, FL 33607    TEL: (877) 649-2827   WWW.BUCCANEERS.COM

| DATE: | 5/25/10 | # OF PAGES (INCLUDING COVER): | 2 |
|---|---|---|---|

**2010 HOME SCHEDULE**

| TO: | **Human Resources** |
|---|---|
| FROM: | **Group Sales Department** |
| SUBJECT: | **Your Group Ticket Order** |

ADDITIONAL COMMENTS

**Enclosed is the information you requested.**

**KANSAS CITY**
August 21 | 7:30pm

**JACKSONVILLE**
August 28 | 7:30pm

**CLEVELAND**
September 12 | 1:00pm

**PITTSBURGH**
September 26 | 1:00pm

**NEW ORLEANS**
October 17 | 1:00pm

**ST. LOUIS**
October 24 | 1:00pm

**CAROLINA**
November 14 | 1:00pm

**ATLANTA**
December 5 | 1:00pm

**DETROIT**
December 19 | 1:00pm

**SEATTLE**
December 26 | 1:00pm

If your office has decided to opt-out of further faxes please call  866-247-0920
Thank you

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                        TTA10262018 000617



# GROUP TICKETS ON SALE NOW!

- Group tickets starting at **$32** per seat for groups of 10 or more

- Savings up to **$16** per ticket

- Fully catered tailgating packages also available

## GROUP TICKETS IDEAL TO:

- Reward employees
- Entertain clients
- Celebrate a birthday or special occasion

For more information, call the Buccaneers sales department at **877-649-2827 (2827)** or purchase online at www.buccaneers.com

| | | | |
|---|---|---|---|
| Kansas City | Sat. | Aug. 21 | 7:30 PM |
| Jacksonville | Sat. | Aug. 28 | 7:30 PM |
| Cleveland | Sun. | Sept. 12 | 1:00 PM |
| Pittsburgh | Sun. | Sept. 26 | 1:00 PM |
| New Orleans | Sun. | Oct. 17 | 1:00 PM |
| St. Louis | Sun. | Oct. 24 | 1:00 PM |
| Carolina | Sun. | Nov. 14 | 1:00 PM |
| Atlanta | Sun. | Dec. 5 | 1:00 PM |
| Detroit | Sun. | Dec. 19 | 1:00 PM |
| Seattle | Sun. | Dec. 26 | 1:00 PM |

*Time Subject to change due to NFL Flex Scheduling*



CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

TTA10262018 000618



# FAX COVER

ONE BUCCANEER PLACE, TAMPA, FL 33607      TEL: (877) 649–2827   WWW.BUCCANEERS.COM

| DATE: | 5/25/10 | # OF PAGES (INCLUDING COVER): | 2 |
| --- | --- | --- | --- |

**2010 HOME SCHEDULE**

| | |
| --- | --- |
| TO: | **Human Resources** |
| FROM: | **Group Sales Department** |
| SUBJECT: | **Your Group Ticket Order** |

ADDITIONAL COMMENTS

**Enclosed is the information you requested.**

**KANSAS CITY**
August 21 | 7:30pm

**JACKSONVILLE**
August 28 | 7:30pm

**CLEVELAND**
September 12 | 1:00pm

**PITTSBURGH**
September 26 | 1:00pm

**NEW ORLEANS**
October 17 | 1:00pm

**ST. LOUIS**
October 24 | 1:00pm

**CAROLINA**
November 14 | 1:00pm

**ATLANTA**
December 5 | 1:00pm

**DETROIT**
December 19 | 1:00pm

**SEATTLE**
December 26 | 1:00pm

If your office has decided to opt-out of further faxes please call  866-247-0920
Thank you

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                                 TTA10262018 000619



# GROUP TICKETS ON SALE NOW!

- Group tickets starting at **$32** per seat for groups of 10 or more
- Savings up to $16 per ticket
- Fully catered tailgating packages also available

## GROUP TICKETS IDEAL TO:

- Reward employees
- Entertain clients
- Celebrate a birthday or special occasion

For more information, call the Buccaneers sales department at 877-649-2827 (2827) or purchase online at www.buccaneers.com

| | | | | |
|---|---|---|---|---|
| Kansas City | Sat. | Aug. 21 | 7:30 PM |
| Jacksonville | Sat. | Aug. 28 | 7:30 PM |
| Cleveland | Sun. | Sept. 12 | 1:00 PM |
| Pittsburgh | Sun. | Sept. 26 | 1:00 PM |
| New Orleans | Sun. | Oct. 17 | 1:00 PM |
| St. Louis | Sun. | Oct. 24 | 1:00 PM |
| Carolina | Sun. | Nov. 14 | 1:00 PM |
| Atlanta | Sun. | Dec. 5 | 1:00 PM |
| Detroit | Sun. | Dec. 19 | 1:00 PM |
| Seattle | Sun. | Dec. 26 | 1:00 PM |

*Time Subject to change due to NFL Flex Scheduling*



UNITE & CONQUER



# FAX COVER

ONE BUCCANEER PLACE, TAMPA, FL 33607      TEL: (877) 649-2827   WWW.BUCCANEERS.COM

| DATE: | 5/25/10 | # OF PAGES (INCLUDING COVER): | 2 |
|---|---|---|---|

**2010 HOME SCHEDULE**

| TO: | Human Resources |
|---|---|

| FROM: | Group Sales Department |
|---|---|

| SUBJECT: | Your Group Ticket Order |
|---|---|

ADDITIONAL COMMENTS

Enclosed is the information you requested.

**KANSAS CITY**
August 21 | 7:30pm

**JACKSONVILLE**
August 28 | 7:30pm

**CLEVELAND**
September 12 | 1:00pm

**PITTSBURGH**
September 26 | 1:00pm

**NEW ORLEANS**
October 17 | 1:00pm

**ST. LOUIS**
October 24 | 1:00pm

**CAROLINA**
November 14 | 1:00pm

**ATLANTA**
December 5 | 1:00pm

**DETROIT**
December 19 | 1:00pm

**SEATTLE**
December 26 | 1:00pm

If your office has decided to opt-out of further faxes please call 866-247-0920
Thank you

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                      TTA10262018 000621



# GROUP TICKETS ON SALE NOW!

- Group tickets starting at **$32** per seat for groups of 10 or more

- Savings up to **$16** per ticket

- Fully catered tailgating packages also available

## GROUP TICKETS IDEAL TO:

- Reward employees
- Entertain clients
- Celebrate a birthday or special occasion

For more information, call the Buccaneers sales department at **877-649-2827 (2827)** or purchase online at www.buccaneers.com

| | | | | |
|---|---|---|---|---|
| | Kansas City | Sat. | Aug. 21 | 7:30 PM |
| | Jacksonville | Sat. | Aug. 28 | 7:30 PM |
| | Cleveland | Sun. | Sept. 12 | 1:00 PM |
| | Pittsburgh | Sun. | Sept. 26 | 1:00 PM |
| | New Orleans | Sun. | Oct. 17 | 1:00 PM |
| | St. Louis | Sun. | Oct. 24 | 1:00 PM |
| | Carolina | Sun. | Nov. 14 | 1:00 PM |
| | Atlanta | Sun. | Dec. 5 | 1:00 PM |
| | Detroit | Sun. | Dec. 19 | 1:00 PM |
| | Seattle | Sun. | Dec. 26 | 1:00 PM |

*Time Subject to change due to NFL Flex Scheduling*



UNITE & CONQUER

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

TTA10262018 000622



# FAX COVER

ONE BUCCANEER PLACE  TAMPA, FL 33607      TEL: (877) 649-2827   WWW.BUCCANEERS.COM

| DATE: | 5/26/10 | # OF PAGES (INCLUDING COVER): | 2 |
|---|---|---|---|

**2010 HOME SCHEDULE**

| TO: | **Human Resources** |
|---|---|
| FROM: | **Group Sales Department** |
| SUBJECT: | **Your Group Ticket Order** |

ADDITIONAL COMMENTS

**Enclosed is the information you requested.**

**KANSAS CITY**
August 21 | 7:30pm

**JACKSONVILLE**
August 28 | 7:30pm

**CLEVELAND**
September 12 | 1:00pm

**PITTSBURGH**
September 26 | 1:00pm

**NEW ORLEANS**
October 17 | 1:00pm

**ST. LOUIS**
October 24 | 1:00pm

**CAROLINA**
November 14 | 1:00pm

**ATLANTA**
December 5 | 1:00pm

**DETROIT**
December 19 | 1:00pm

**SEATTLE**
December 26 | 1:00pm

If your office has decided to opt-out of further faxes please call 866-247-0920
Thank you

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000623



# GROUP TICKETS ON SALE NOW!

- Group tickets starting at **$32** per seat for groups of 10 or more

- Savings up to $16 per ticket

- Fully catered tailgating packages also available

## GROUP TICKETS IDEAL TO:

- Reward employees
- Entertain clients
- Celebrate a birthday or special occasion

For more information, call the Buccaneers sales department at **877-649-2827 (2827)** or purchase online at www.buccaneers.com

| | | | | |
|---|---|---|---|---|
| Kansas City | Sat. | Aug. 21 | 7:30 PM |
| Jacksonville | Sat. | Aug. 28 | 7:30 PM |
| Cleveland | Sun. | Sept. 12 | 1:00 PM |
| Pittsburgh | Sun. | Sept. 26 | 1:00 PM |
| New Orleans | Sun. | Oct. 17 | 1:00 PM |
| St. Louis | Sun. | Oct. 24 | 1:00 PM |
| Carolina | Sun. | Nov. 14 | 1:00 PM |
| Atlanta | Sun. | Dec. 5 | 1:00 PM |
| Detroit | Sun. | Dec. 19 | 1:00 PM |
| Seattle | Sun. | Dec. 26 | 1:00 PM |

*Time Subject to change due to NFL Flex Scheduling*



UNITE & CONQUER



# FAX COVER

ONE BUCCANEER PLACE TAMPA, FL 33607     TEL: (877) 649-2827   WWW.BUCCANEERS.COM

| DATE: | 5/27/10 | # OF PAGES (INCLUDING COVER): | 2 |
| --- | --- | --- | --- |

| TO: | **Human Resources** |
| --- | --- |
| FROM: | **Group Sales Department** |
| SUBJECT: | **Your Group Ticket Order** |

ADDITIONAL COMMENTS

**Enclosed is the information you requested.**

## 2010 HOME SCHEDULE

**KANSAS CITY**
August 21 | 7:30pm

**JACKSONVILLE**
August 28 | 7:30pm

**CLEVELAND**
September 12 | 1:00pm

**PITTSBURGH**
September 26 | 1:00pm

**NEW ORLEANS**
October 17 | 1:00pm

**ST. LOUIS**
October 24 | 1:00pm

**CAROLINA**
November 14 | 1:00pm

**ATLANTA**
December 5 | 1:00pm

**DETROIT**
December 19 | 1:00pm

**SEATTLE**
December 26 | 1:00pm

If your office has decided to opt-out of further faxes please call  866-247-0920
Thank you

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER          TTA10262018 000625



# GROUP TICKETS ON SALE NOW!

- Group tickets starting at **$32** per seat for groups of 10 or more
- Savings up to $16 per ticket
- Fully catered tailgating packages also available

## GROUP TICKETS IDEAL TO:

- Reward employees
- Entertain clients
- Celebrate a birthday or special occasion

For more information, call the Buccaneers sales department at **877-649-2827 (2827)** or purchase online at www.buccaneers.com

| | | | | |
|---|---|---|---|---|
| Kansas City | Sat. | Aug. 21 | 7:30 PM |
| Jacksonville | Sat. | Aug. 28 | 7:30 PM |
| Cleveland | Sun. | Sept. 12 | 1:00 PM |
| Pittsburgh | Sun. | Sept. 26 | 1:00 PM |
| New Orleans | Sun. | Oct. 17 | 1:00 PM |
| St. Louis | Sun. | Oct. 24 | 1:00 PM |
| Carolina | Sun. | Nov. 14 | 1:00 PM |
| Atlanta | Sun. | Dec. 5 | 1:00 PM |
| Detroit | Sun. | Dec. 19 | 1:00 PM |
| Seattle | Sun. | Dec. 26 | 1:00 PM |

*Time Subject to change due to NFL Flex Scheduling*



CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

TTA10262018 000626



# FAX COVER

ONE BUCCANEER PLACE TAMPA, FL 33607     TEL: (877) 649-2827   WWW.BUCCANEERS.COM

| DATE: | 5/28/10 | # OF PAGES (INCLUDING COVER): | 2 |
|---|---|---|---|

**2010 HOME SCHEDULE**

| TO: | Human Resources |
|---|---|

**KANSAS CITY**
August 21 | 7:30pm

| FROM: | Group Sales Department |
|---|---|

**JACKSONVILLE**
August 28 | 7:30pm

| SUBJECT: | Your Group Ticket Order |
|---|---|

**CLEVELAND**
September 12 | 1:00pm

ADDITIONAL COMMENTS

**PITTSBURGH**
September 26 | 1:00pm

**Enclosed is the information you requested.**

**NEW ORLEANS**
October 17 | 1:00pm

**ST. LOUIS**
October 24 | 1:00pm

**CAROLINA**
November 14 | 1:00pm

**ATLANTA**
December 5 | 1:00pm

**DETROIT**
December 19 | 1:00pm

**SEATTLE**
December 26 | 1:00pm

If your office has decide to opt-out of further faxes please call 866-247-0920
Thank you

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000627



# GROUP TICKETS ON SALE NOW!

- Group tickets starting at **$32** per seat for groups of 10 or more
- Savings up to $16 per ticket
- Fully catered tailgating packages also available

## GROUP TICKETS IDEAL TO:

- Reward employees
- Entertain clients
- Celebrate a birthday or special occasion

For more information, call the Buccaneers sales department at 877-649-2827 (2827) or purchase online at www.buccaneers.com

| | | | | |
|---|---|---|---|---|
| Kansas City | Sat. | Aug. 21 | 7:30 PM |
| Jacksonville | Sat. | Aug. 28 | 7:30 PM |
| Cleveland | Sun. | Sept. 12 | 1:00 PM |
| Pittsburgh | Sun. | Sept. 26 | 1:00 PM |
| New Orleans | Sun. | Oct. 17 | 1:00 PM |
| St. Louis | Sun. | Oct. 24 | 1:00 PM |
| Carolina | Sun. | Nov. 14 | 1:00 PM |
| Atlanta | Sun. | Dec. 5 | 1:00 PM |
| Detroit | Sun. | Dec. 19 | 1:00 PM |
| Seattle | Sun. | Dec. 26 | 1:00 PM |

*Time Subject to change due to NFL Flex Scheduling*



UNITE & CONQUER



# FAX COVER

ONE BUCCANEER PLACE TAMPA, FL 33607    TEL: (877) 649-2827   WWW.BUCCANEERS.COM

| DATE: | 6/01/10 | # OF PAGES (INCLUDING COVER): | 2 |
|-------|---------|-------------------------------|---|

| TO: | **Human Resources** |
|-----|---------------------|

| FROM: | **Group Sales Department** |
|-------|----------------------------|

| SUBJECT: | **Your Group Ticket Order** |
|----------|-----------------------------|

ADDITIONAL COMMENTS

**Enclosed is the information you requested.**

## 2010 HOME SCHEDULE

**KANSAS CITY**
August 21 | 7:30pm

**JACKSONVILLE**
August 28 | 7:30pm

**CLEVELAND**
September 12 | 1:00pm

**PITTSBURGH**
September 26 | 1:00pm

**NEW ORLEANS**
October 17 | 1:00pm

**ST. LOUIS**
October 24 | 1:00pm

**CAROLINA**
November 14 | 1:00pm

**ATLANTA**
December 5 | 1:00pm

**DETROIT**
December 19 | 1:00pm

**SEATTLE**
December 26 | 1:00pm

If your office has decide to opt-out of further faxes please call 866-247-0920
Thank you

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000629



# GROUP TICKETS ON SALE NOW!

- Group tickets starting at **$32** per seat for groups of 10 or more
- Savings up to $16 per ticket
- Fully catered tailgating packages also available

## GROUP TICKETS IDEAL TO:

- Reward employees
- Entertain clients
- Celebrate a birthday or special occasion

For more information, call the Buccaneers sales department at **877-649-2827 (2827)** or purchase online at www.buccaneers.com

| | | | | |
|---|---|---|---|---|
| | Kansas City | Sat. | Aug. 21 | 7:30 PM |
| | Jacksonville | Sat. | Aug. 28 | 7:30 PM |
| | Cleveland | Sun. | Sept. 12 | 1:00 PM |
| | Pittsburgh | Sun. | Sept. 26 | 1:00 PM |
| | New Orleans | Sun. | Oct. 17 | 1:00 PM |
| | St. Louis | Sun. | Oct. 24 | 1:00 PM |
| | Carolina | Sun. | Nov. 14 | 1:00 PM |
| | Atlanta | Sun. | Dec. 5 | 1:00 PM |
| | Detroit | Sun. | Dec. 19 | 1:00 PM |
| | Seattle | Sun. | Dec. 26 | 1:00 PM |

*Time Subject to change due to NFL Flex Scheduling*





# FAX COVER

ONE BUCCANEER PLACE TAMPA, FL 33607     TEL: (877) 649-2827   WWW.BUCCANEERS.COM

| DATE: | 6/07/10 | # OF PAGES (INCLUDING COVER): | 2 |
|---|---|---|---|

**2010 HOME SCHEDULE**

| TO: | **Human Resources** |
|---|---|
| FROM: | **Group Sales Department** |
| SUBJECT: | **Your Group Ticket Order** |

ADDITIONAL COMMENTS

**Enclosed is the information you requested.**

**KANSAS CITY**
August 21 | 7:30pm

**JACKSONVILLE**
August 28 | 7:30pm

**CLEVELAND**
September 12 | 1:00pm

**PITTSBURGH**
September 26 | 1:00pm

**NEW ORLEANS**
October 17 | 1:00pm

**ST. LOUIS**
October 24 | 1:00pm

**CAROLINA**
November 14 | 1:00pm

**ATLANTA**
December 5 | 1:00pm

**DETROIT**
December 19 | 1:00pm

**SEATTLE**
December 26 | 1:00pm

If your office has decided to opt-out of further faxes please call 866-247-0920
Thank you

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER        TTA10262018 000631



# GROUP TICKETS ON SALE NOW!

- Group tickets starting at **$32** per seat for groups of 10 or more
- Savings up to $16 per ticket
- Fully catered tailgating packages also available

## GROUP TICKETS IDEAL TO:

- Reward employees
- Entertain clients
- Celebrate a birthday or special occasion

For more information, call the Buccaneers sales department at 877-649-2827 (2827) or purchase online at www.buccaneers.com

| | | | |
|---|---|---|---|
| Kansas City | Sat. | Aug. 21 | 7:30 PM |
| Jacksonville | Sat. | Aug. 28 | 7:30 PM |
| Cleveland | Sun. | Sept. 12 | 1:00 PM |
| Pittsburgh | Sun. | Sept. 26 | 1:00 PM |
| New Orleans | Sun. | Oct. 17 | 1:00 PM |
| St. Louis | Sun. | Oct. 24 | 1:00 PM |
| Carolina | Sun. | Nov. 14 | 1:00 PM |
| Atlanta | Sun. | Dec. 5 | 1:00 PM |
| Detroit | Sun. | Dec. 19 | 1:00 PM |
| Seattle | Sun. | Dec. 26 | 1:00 PM |

*Time Subject to change due to NFL Flex Scheduling*



CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER
TTA10262018 000632



# FAX COVER

ONE BUCCANEER PLACE, TAMPA, FL 33607    TEL: (877) 649-2827   WWW.BUCCANEERS.COM

| DATE: | 6/08/10 | # OF PAGES (INCLUDING COVER): | 2 |
| --- | --- | --- | --- |

| | |
| --- | --- |
| TO: | **Human Resources** |
| FROM: | **Group Sales Department** |
| SUBJECT: | **Your Group Ticket Order** |

ADDITIONAL COMMENTS

**Enclosed is the information you requested.**

## 2010 HOME SCHEDULE

**KANSAS CITY**
August 21 | 7:30pm

**JACKSONVILLE**
August 28 | 7:30pm

**CLEVELAND**
September 12 | 1:00pm

**PITTSBURGH**
September 26 | 1:00pm

**NEW ORLEANS**
October 17 | 1:00pm

**ST. LOUIS**
October 24 | 1:00pm

**CAROLINA**
November 14 | 1:00pm

**ATLANTA**
December 5 | 1:00pm

**DETROIT**
December 19 | 1:00pm

**SEATTLE**
December 26 | 1:00pm

If your office has decide to opt-out of further faxes please call  866-247-0920
Thank you

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000633



# GROUP TICKETS ON SALE NOW!

- Group tickets starting at **$32** per seat for groups of 10 or more

- Savings up to $16 per ticket

- Fully catered tailgating packages also available

## GROUP TICKETS IDEAL TO:

- Reward employees
- Entertain clients
- Celebrate a birthday or special occasion

For more information, call the Buccaneers sales department at **877-649-2827 (2827)** or purchase online at www.buccaneers.com

| | | | | |
|---|---|---|---|---|
| Kansas City | Sat. | Aug. 21 | 7:30 PM |
| Jacksonville | Sat. | Aug. 28 | 7:30 PM |
| Cleveland | Sun. | Sept. 12 | 1:00 PM |
| Pittsburgh | Sun. | Sept. 26 | 1:00 PM |
| New Orleans | Sun. | Oct. 17 | 1:00 PM |
| St. Louis | Sun. | Oct. 24 | 1:00 PM |
| Carolina | Sun. | Nov. 14 | 1:00 PM |
| Atlanta | Sun. | Dec. 5 | 1:00 PM |
| Detroit | Sun. | Dec. 19 | 1:00 PM |
| Seattle | Sun. | Dec. 26 | 1:00 PM |

*Time Subject to change due to NFL Flex Scheduling*



UNITE & CONQUER

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

TTA10262018 000634



# FAX COVER

ONE BUCCANEER PLACE TAMPA, FL 33607    TEL: (877) 649-2827   WWW.BUCCANEERS.COM

| DATE: | 6/09/10 | # OF PAGES (INCLUDING COVER): | 2 |
|-------|---------|-------------------------------|---|

| TO: | **Human Resources** |
|-----|---------------------|

| FROM: | **Group Sales Department** |
|-------|----------------------------|

| SUBJECT: | **Your Group Ticket Order** |
|----------|-----------------------------|

**ADDITIONAL COMMENTS**

**Enclosed is the information you requested.**

## 2010 HOME SCHEDULE

**KANSAS CITY**
August 21 | 7:30pm

**JACKSONVILLE**
August 28 | 7:30pm

**CLEVELAND**
September 12 | 1:00pm

**PITTSBURGH**
September 26 | 1:00pm

**NEW ORLEANS**
October 17 | 1:00pm

**ST. LOUIS**
October 24 | 1:00pm

**CAROLINA**
November 14 | 1:00pm

**ATLANTA**
December 5 | 1:00pm

**DETROIT**
December 19 | 1:00pm

**SEATTLE**
December 26 | 1:00pm

If your office has decide to opt-out of further faxes please call 866-247-0920
Thank you

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER    TTA10262018 000635



# GROUP TICKETS ON SALE NOW!

- **Group tickets starting at $32 per seat for groups of 10 or more**
- **Savings up to $16 per ticket**
- **Fully catered tailgating packages also available**

## GROUP TICKETS IDEAL TO:

- Reward employees
- Entertain clients
- Celebrate a birthday or special occasion

For more information, call the Buccaneers sales department at **877-649-2827 (2827)** or purchase online at www.buccaneers.com

| | | | | |
|---|---|---|---|---|
| Kansas City | Sat. | Aug. 21 | 7:30 PM |
| Jacksonville | Sat. | Aug. 28 | 7:30 PM |
| Cleveland | Sun. | Sept. 12 | 1:00 PM |
| Pittsburgh | Sun. | Sept. 26 | 1:00 PM |
| New Orleans | Sun. | Oct. 17 | 1:00 PM |
| St. Louis | Sun. | Oct. 24 | 1:00 PM |
| Carolina | Sun. | Nov. 14 | 1:00 PM |
| Atlanta | Sun. | Dec. 5 | 1:00 PM |
| Detroit | Sun. | Dec. 19 | 1:00 PM |
| Seattle | Sun. | Dec. 26 | 1:00 PM |

*Time Subject to change due to NFL Flex Scheduling*



UNITE & CONQUER

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

# TAMPA BAY
# BUCCANEERS | FAX COVER



F A C S I M I L E



ONE BUCCANEER PLACE   TAMPA, FL 33607          TEL: (813) 870-2700        BUCCANEERS.COM

DATE: 7/15/09          # of Pages (including cover): 2

TO: Human Resources

FROM: Group Seating Department

SUBJECT: Buccaneers Group Tickets

ADDITIONAL COMMENTS:

Attached is the information on group seating. Tickets are available for groups of 20 or more people. When buying group seating, you save up to $16 per ticket versus the individual game ticket cost.  Group seating also gives you access to large blocks of seating that are not available any other way.

Many companies use group seating as a retreat and/or reward to build team unity.

If you have any questions, please don't hesitate to call us at (877) 649-BUCS (2827).

## 2009 SCHEDULE

**DALLAS**
September 13 | 1:00pm

**AT BUFFALO**
September 20 | 4:05pm

**N.Y. GIANTS**
September 27 | 1:00pm

**AT WASHINGTON**
October 4 | 1:00pm

**AT PHILADELPHIA**
October 11 | 1:00pm

**CAROLINA**
October 18 | 1:00pm

**NEW ENGLAND**
October 25 | 1:00pm | LONDON

**GREEN BAY**
November 8 | 1:00pm

**AT MIAMI**
November 15 | 1:00pm

**NEW ORLEANS**
November 22 | 1:00pm

**AT ATLANTA**
November 29 | 1:00pm

**AT CAROLINA**
December 6 | 1:00pm

**N.Y. JETS**
December 13 | 1:00pm

**AT SEATTLE**
December 20 | 4:15pm

**AT NEW ORLEANS**
December 27 | 1:00pm

**ATLANTA**
January 3 | 1:00pm

*ALL T MES EASTERN / SUBJECT TO CHANGE

# 2002 WORLD CHAMPIONS

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000638



# GROUP TICKETS ON SALE NOW!
## 877-649-BUCS (2827)

| SECTION | A | B | C | D | E |
|---|---|---|---|---|---|
| GROUP PER GAME PRICE | $99.00 | $89.00 | $85.00 | $75.00 | $65.00 |

Group tickets are available in packages of 20 or more and
reflect a discount of up to $16 per ticket

### 2009 SEASON

**DALLAS**
September 13 | 1:00pm

**N.Y. GIANTS**
September 27 | 1:00pm

**CAROLINA**
October 18 | 1:00pm

**GREEN BAY**
November 8 | 1:00pm

**NEW ORLEANS**
November 22 | 1:00pm

**N.Y. JETS**
December 13 | 1:00pm

**ATLANTA**
January 3 | 1:00pm



# Call 877-649-BUCS (2827) or visit www.buccaneers.com today for seat locations

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                                 TTA10262018 000639
To immediately and permanently remove your fax number from our opt-in compiled database, please call 877-272-7614.   Removaltech@FaxQom.com

# T A M P A   B A Y
# BUCCANEERS | FAX COVER

F A C S I M I L E

ONE BUCCANEER PLACE   TAMPA, FL 33607          TEL: (813) 870-2700          BUCCANEERS.COM



DATE: 7/16/09          # of Pages (including cover): 2

TO: Human Resources

FROM: Group Seating Department

SUBJECT: Buccaneers Group Tickets

ADDITIONAL COMMENTS:

Attached is the information on group seating. Tickets are available for groups of 20 or more people. When buying group seating, you save up to $16 per ticket versus the individual game ticket cost.  Group seating also gives you access to large blocks of seating that are not available any other way.

Many companies use group seating as a retreat and/or reward to build team unity.

If you have any questions, please don't hesitate to call us at (877) 649-BUCS (2827).

## 2009 SCHEDULE

**DALLAS**
September 13 | 1:00pm

**AT BUFFALO**
September 20 | 4:05pm

**N.Y. GIANTS**
September 27 | 1:00pm

**AT WASHINGTON**
October 4 | 1:00pm

**AT PHILADELPHIA**
October 11 | 1:00pm

**CAROLINA**
October 18 | 1:00pm

**NEW ENGLAND**
October 25 | 1:00pm | LONDON

**GREEN BAY**
November 8 | 1:00pm

**AT MIAMI**
November 15 | 1:00pm

**NEW ORLEANS**
November 22 | 1:00pm

**AT ATLANTA**
November 29 | 1:00pm

**AT CAROLINA**
December 6 | 1:00pm

**N.Y. JETS**
December 13 | 1:00pm

**AT SEATTLE**
December 20 | 4:15pm

**AT NEW ORLEANS**
December 27 | 1:00pm

**ATLANTA**
January 3 | 1:00pm

*ALL T MES EASTERN / SUBJECT TO CHANGE

## 2002 WORLD CHAMPIONS

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000640



# GROUP TICKETS ON SALE NOW!
## 877-649-BUCS (2827)

| SECTION | A | B | C | D | E |
|---|---|---|---|---|---|
| GROUP PER GAME PRICE | $99.00 | $89.00 | $85.00 | $75.00 | $65.00 |

Group tickets are available in packages of 20 or more and reflect a discount of up to $16 per ticket

### 2009 SEASON

**DALLAS**
September 13 | 1:00pm

**N.Y. GIANTS**
September 27 | 1:00pm

**CAROLINA**
October 18 | 1:00pm

**GREEN BAY**
November 8 | 1:00pm

**NEW ORLEANS**
November 22 | 1:00pm

**N.Y. JETS**
December 13 | 1:00pm

**ATLANTA**
January 3 | 1:00pm



## Call 877-649-BUCS (2827) or visit www.buccaneers.com today for seat locations

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000641
To immediately and permanently remove your fax number from our opt-in compiled database, please call 877-272-7614.   RemovalTech@FaxQom.com

# TAMPA BAY
# BUCCANEERS | FAX COVER



F A C S I M I L E



ONE BUCCANEER PLACE   TAMPA, FL 33607          TEL: (813) 870-2700          BUCCANEERS.COM

DATE: 7/14/09       # of Pages (including cover):   2

TO:  Human Resources

FROM:  Group Seating Department

SUBJECT:  Buccaneers Group Tickets

ADDITIONAL COMMENTS:

Attached is the information on group seating. Tickets are available for groups of 20 or more people. When buying group seating, you save up to $16 per ticket versus the individual game ticket cost.  Group seating also gives you access to large blocks of seating that are not available any other way.

Many companies use group seating as a retreat and/or reward to build team unity.

If you have any questions, please don't hesitate to call us at (877) 649-BUCS (2827).

## 2009 SCHEDULE

**DALLAS**
September 13 | 1:00pm

**AT BUFFALO**
September 20 | 4:05pm

**N.Y. GIANTS**
September 27 | 1:00pm

**AT WASHINGTON**
October 4 | 1:00pm

**AT PHILADELPHIA**
October 11 | 1:00pm

**CAROLINA**
October 18 | 1:00pm

**NEW ENGLAND**
October 25 | 1:00pm | LONDON

**GREEN BAY**
November 8 | 1:00pm

**AT MIAMI**
November 15 | 1:00pm

**NEW ORLEANS**
November 22 | 1:00pm

**AT ATLANTA**
November 29 | 1:00pm

**AT CAROLINA**
December 6 | 1:00pm

**N.Y. JETS**
December 13 | 1:00pm

**AT SEATTLE**
December 20 | 4:15pm

**AT NEW ORLEANS**
December 27 | 1:00pm

**ATLANTA**
January 3 | 1:00pm

*ALL TIMES EASTERN / SUBJECT TO CHANGE

# 2002 WORLD CHAMPIONS



# GROUP TICKETS ON SALE NOW!
## 877-649-BUCS (2827)

| SECTION | A | B | C | D | E |
|---|---|---|---|---|---|
| GROUP PER GAME PRICE | $99.00 | $89.00 | $85.00 | $75.00 | $65.00 |

Group tickets are available in packages of 20 or more and reflect a discount of up to $16 per ticket

### 2009 SEASON

**DALLAS**
September 13 | 1:00pm

**N.Y. GIANTS**
September 27 | 1:00pm

**CAROLINA**
October 18 | 1:00pm

**GREEN BAY**
November 8 | 1:00pm

**NEW ORLEANS**
November 22 | 1:00pm

**N.Y. JETS**
December 13 | 1:00pm

**ATLANTA**
January 3 | 1:00pm



## Call 877-649-BUCS (2827) or visit www.buccaneers.com today for seat locations

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000643
To immediately and permanantly remove your fax number from our opt-in compiled database, please call 877-272-7614.  Removaltech@FaxQom.com

| | |
|---|---|
| **From:** | Kathleen.Lally@lw.com |
| **To:** | Jon Piper |
| **Subject:** | 866.922.2170; 111892# |
| **Date:** | Friday, June 17, 2016 4:48:23 PM |

For this afternoon.

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

| | |
|---|---|
| **From:** | Kathleen.Lally@lw.com |
| **To:** | Jon Piper |
| **Subject:** | Call at 10 tomorrow |
| **Date:** | Monday, June 20, 2016 7:23:28 PM |

Hi Jon,

   Just a reminder to give me a call around 10 tomorrow.

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

| | |
|---|---|
| From: | Kathleen.Lally@lw.com |
| To: | Jon Piper |
| Subject: | Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release |
| Date: | Tuesday, June 21, 2016 9:16:35 AM |
| Attachments: | NY-7719933-v13 Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release.docx |
| | CP_Redline - NY-7719933-v12 Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release and NY-7719933-v13 Technology Training.pdf |
| | Preliminary Approval Order - TTA v. BLP(7733121_1_NY).DOC |

Jon,

In advance of our call, I revised the Settlement Agreement and drafted the PA order. Can you also send me the PA motion for our review? I will need to run these final drafts by my client, but thought it might help for you to have something to review before we discuss.

Kate

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is entered into between Plaintiffs Technology Training Associates, Inc. and Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic and Defendant Buccaneers Limited Partnership in order to effect a full and final settlement and dismissal with prejudice of all claims against Buccaneers Limited Partnership as alleged in the case captioned ——————————————— **Technology Training Associates, Inc., et al. v. Buccaneers Limited Partnership, Case No. 8:16-cv-01622-MSS-AEP (M.D. Fla. 2016)** on the terms set forth below and to the full extent reflected herein, subject to approval of the Court.  Capitalized terms shall have the meaning ascribed to them in Section II of this Settlement Agreement.

## I.    RECITALS

A.    On or about May 6, 2016, Plaintiff Technology Training Associates, Inc. filed a complaint in the Circuit Court of the 13th Judicial Circuit in and for Hillsborough County, Florida alleging that in 2009 and 2010 BLP improperly sent advertisements by facsimile. Technology Training Associates, Inc. sought actual damages and statutory damages under the TCPA on behalf of itself and a proposed class of "[a]ll persons who, from July 1, 2009, to present, were sent one or more facsimile advertisements offering group or individual game tickets for Tampa Bay Buccaneer games, but not stating on the first page that the fax recipient may make a request to the sender not to send any future ads and that failure to comply, within 30 days, with such a request is unlawful."

B.    The complaint filed by Technology Training Associates, Inc. addressed similar conduct and sought to represent essentially the same class as a case pending in the United States District Court for the Middle District of Florida before Magistrate Judge Anthony E.

Porcelli, captioned <u>Cin-Q Automobiles, Inc., et al. v. Buccaneers Limited Partnership, et al.</u>, Case No. 8:13-cv-01592-AEP ("<u>Cin-Q</u>").  The parties in <u>Cin-Q</u> had been engaged in mediation and attempting to reach a settlement for more than eight (8) months, but had been unsuccessful.  Indeed, on April 18, 2016, BLP had filed a motion for a settlement conference in <u>Cin-Q</u>, offering to waive the mediation privilege, relying on the Court's supervisory authority under Fed. R. Civ. P. 23(g) and requesting that the Court or its designee hold a settlement conference.  The <u>Cin-Q</u> plaintiffs and their counsel, however, opposed any settlement conference before the Court or its designee, insisted that the mediator in the prior mediation declare an impasse (which he did) and flatly refused to waive the mediation privilege.

C.      After the complaint on behalf of Technology Training Associates, Inc. was filed, Class Counsel contacted BLP Counsel and indicated that they were aware of and had reviewed the motion for a settlement conference filed by BLP in <u>Cin-Q</u> and understood that Cin-Q's counsel had opposed that motion and had filed a notice of impasse.  Class Counsel then asked if BLP would have any interest in an early mediation of the new case, pointing out that the parties in that case would apparently be required to engage in alternative dispute resolution under the applicable court rules.  The Parties agreed to a mediation and scheduled an initial mediation session for May 19, 2016.

D.      Prior to the May 19, 2016 mediation, however, Plaintiff Technology Training Associates, Inc. dismissed, without prejudice, the complaint filed in Hillsborough County, Florida due to efforts by counsel for the plaintiffs in <u>Cin-Q</u> to interfere with the Parties' mediation and settlement discussion.  Class Counsel indicated to BLP, however, that they were maintaining the claims and that they intended to formally re-file that complaint once settlement discussions had concluded, whether or not those discussions resulted in a settlement.

2

E.      Thereafter, the Parties participated in a full-day mediation on May 19, 2016 in Tampa, Florida before mediator Peter Grilli.  The Parties were not able to reach a settlement during that mediation, but made progress and agreed to continue negotiations.

F.      The Parties continued their settlement discussions in a second full-day mediation session on June 1, 2016 in Tampa, Florida with Mr. Grilli.  At the end of that mediation session, the Parties had reached an agreement in principle that would resolve the claims in Plaintiffs' Complaint on a class-wide basis, subject to finalization of a mutually-agreeable settlement agreement and subject to court approval.

G.      On or about ~~_____~~ **June 20, 2016**, Plaintiffs filed their Complaint in the United States District Court for the Middle District of Florida, alleging that in 2009 and 2010 BLP improperly sent advertisements by facsimile, seeking actual damages, as well as statutory damages under the TCPA on behalf of themselves and a proposed class of "~~_____~~**[a]ll persons who, in 2009 or 2010, received one or more facsimile advertisements sent by or on behalf of BLP and offering tickets for Tampa Bay Buccaneer games**."

H.      BLP denies all material allegations in the Litigation and have asserted a variety of affirmative defenses.  BLP specifically denies that it has engaged in any wrongdoing whatsoever, that it has any liability in connection with the claims asserted or that could have been asserted in the Litigation and further deny that the claims in the Litigation can properly be maintained as a class action, other than for the purposes of settlement.

I.      Plaintiffs and Class Counsel have conducted an examination of the facts and documents relating to the Litigation, including documents and information produced by BLP prior to and during mediation, and have concluded that this Settlement provides substantial

3

benefits to Plaintiffs and the Settlement Class and resolves all issues that were or could have been raised in the Litigation without prolonged litigation and the risks and uncertainties inherent in litigation.  Plaintiffs, Class Counsel and Mr. Grilli have further concluded that this Settlement is fair, reasonable, adequate and in the best interest of the Settlement Class.

J.       BLP denies each and every allegation of wrongdoing, liability and damages that were or could have been asserted in the Litigation and further deny that the claims in the Litigation would be appropriate for class treatment if the Litigation were to proceed through litigation and trial.  Nonetheless, without admitting or conceding any wrongdoing, liability or damages or the appropriateness of Plaintiffs' claims or similar claims for class treatment, BLP consents to the Settlement solely to avoid the expense, inconvenience and inherent risk of litigation as well as continued disruption of their business operations.

K.      Nothing in this Settlement or Settlement Agreement shall be construed as an admission or concession by BLP of the truth of any allegations raised in the Litigation or of any fault, wrongdoing, liability or damages of any kind.

L.       This Settlement Agreement, its terms, documents related to it and the negotiations or proceedings connected with it shall not be offered or received into evidence in the Litigation or in any other action or proceeding to establish any liability or admission by BLP.

**NOW**, **THEREFORE**, in consideration of the foregoing and the mutual covenants, promises and general releases set forth below and subject to preliminary and final approval of the Court, the Parties hereby agree as follows:

## II.      DEFINITIONS

As used herein, the following terms have the meanings set forth below.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000650

A.      "Attorneys' Fee Award" means the Court-approved award to Class Counsel as defined in Section VI, Paragraph A and payable from the Net Settlement Fund.

B.      "Available Award Total" means the amount of money in the Net Settlement Fund available to pay such Awards.

C.      "Award" means the cash compensation that Settlement Class Members who submit Valid Claims shall be entitled to receive as detailed in Sections IV and VIII and payable from the Net Settlement Fund.

D.      "BLP" shall mean Defendant Buccaneers Limited Partnership.

E.      "BLP Counsel" means Latham & Watkins LLP and Holland & Knight.

F.      "CAFA Notices" means the notice of this settlement to be served upon State and Federal regulatory authorities as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

G.      "Claim Deadline" means the date by which Class Members must submit Claims Forms to be eligible for the benefits described herein, which date will be specified in the Class Notice.

H.      "Claim Form" means the claim form that Settlement Class Members must complete and submit on or before the Claim Deadline to be eligible for the benefits described herein, which shall be without material alteration from Exhibit A.  Claim Forms will be processed after the Effective Date.

I.      "Class Counsel" means Phillip A. Bock, Jonathan B. Piper and Daniel J. Cohen of Bock, Hatch, Lewis & Oppenheim, LLC.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                        TTA10262018 000651

J.      "Class Notice" means the Court-approved forms of notice to the Settlement Class, which will notify members of the Settlement Class of entry of the Preliminary Approval Order and the scheduling of the Fairness Hearing, among other things.

K.      "Court" means the United States District Court for the Middle District of Florida.

L.      "Days" means calendar days, except that when computing any period of time prescribed or allowed by this Settlement Agreement, the day of the act, event or default from which the designated period of time begins to run shall not be included.  Furthermore, when computing any period of time prescribed or allowed by this Settlement Agreement, the last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a Federal or State of Florida legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday or Federal or State of Florida legal holiday.

M.      "Effective Date" means the date defined in Section XIII.

N.      "Fairness Hearing" means the hearing at which the Court orders final approval of the Settlement.

O.      "Final" means final as defined in Section XIII, Paragraph B.

P.      "Final Order and Judgment" means a final order entered by the Court after the Fairness Hearing, granting approval of the Settlement as further described in Section XI.

Q.      "Incentive Award" means the Court-approved award, if any, to the individual class representative as defined in Section VI, Paragraph B and payable from the Net Settlement Fund.

6

R.    "Litigation" means the action captioned

~~_____.~~**Technology Training Associates, Inc., et al. v. Buccaneers Limited Partnership, Case No. 8:16-cv-01622-MSS-AEP (M.D. Fla. 2016).**

S.    "Mailed Notice" shall mean the notice of the settlement provided to the Settlement Class by first class mail, postage pre-paid, which shall be without material alteration from Exhibit B.

T.    "Net Settlement Fund" means the Settlement Fund, less the amounts paid for the Attorneys' Fee Award and Incentive Awards, as described in more detail in Section IV.

U.    "Notice And Administration Costs" means the reasonable and authorized costs and expenses of the Settlement Class Notice Program and all reasonable and authorized costs and expenses incurred by the Settlement Administrator or BLP in administering the Settlement, including but not limited to costs and expenses associated with assisting members of the Settlement Class, processing claims, escrowing funds, issuing and mailing the benefits provided by the Settlement and other reasonable and authorized fees and expenses of the Settlement Administrator.

V.    "Notice Date" means the first day on which the Settlement Administrator begins disseminating the Class Notice.

W.    "Opt-Out" shall refer to a member of the Settlement Class who properly and timely submits a request for exclusion from the Settlement Class as set forth in Section IX, Paragraph B.  An Opt-Out may rescind a request for exclusion by submitting a Claim Form to the Settlement Administrator to obtain benefits under the Settlement.

7

X.      "Opt-Out List" shall refer to the list compiled by the Settlement Administrator identifying those who properly and timely submit a request for exclusion from the Settlement Class and become Opt-Outs.

Y.      "Opt-Out and Objection Date" means the date by which a request for exclusion must be filed with the Settlement Administrator in order for a member of the Settlement Class to be excluded from the Settlement Class, and the date by which Settlement Class Members must file objections, if any, to the Settlement.

Z.      "Parties" means Plaintiffs and Settlement Class Members together with BLP. Plaintiffs and Settlement Class Members shall be collectively referred to as one "Party," with BLP as the other "Party."

AA.     "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, member, joint stock company, estate, legal representative, trust, unincorporated association, any business or legal entity and such individual's or entity's spouse, heirs, predecessors, successors, representatives and assignees.

BB.     "Plaintiffs" means Technology Training Associates, Inc. and Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic.

CC.     "Preliminary Approval Date" means the date the Preliminary Approval Order has been executed and entered by the Court and received by counsel for the Parties.

DD.     "Preliminary Approval Order" means the order defined in Section X and entered by the Court preliminary approving the Settlement.

EE.     "Release" means the release and discharge, as of the Effective Date, by Plaintiffs and all Settlement Class Members (and their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and

8

successors), who have not excluded themselves from the Settlement Class, of the Released

Persons and shall include the agreement and commitment by Plaintiffs and all Settlement Class

Members to not now or hereafter initiate, maintain or assert against the Released Persons or

any of them any and all causes of action, claims, rights, demands, actions, claims for damages,

equitable, legal and/or administrative relief, interest, demands or rights, including without

limitation, claims for damages of any kind, including those in excess of actual damages,

whether based on federal, state or local law, statute, ordinance, regulation, contract, common

law or any other sources that have been, could have been, may be or could be alleged or

asserted now or in the future by Plaintiffs or any Settlement Class Members against the

Released Persons, or any of them, in the Litigation or in any other court action or before any

administrative body (including any regulatory entity or organization), tribunal, arbitration panel

or other adjudicating body arising out of or related to the Released Claims.

FF.   "Released Claims" means any and all claims, actions, causes of action, rights,

demands, suits, debts, liens, contracts, agreements, offsets or liabilities, including but not

limited to statutory consumer protection claims, tort claims, conversion claims, negligence

claims, claims for breach of contract, breach of the duty of good faith and fair dealing, breach

of statutory duties, actual or constructive fraud, misrepresentations, fraudulent inducement,

statutory and consumer fraud, breach of fiduciary duty, unfair business or trade practices,

conversion, restitution, rescission, compensatory and punitive damages, injunctive or

declaratory relief, attorneys' fees, interests, costs, penalties and any other claims, whether

known or unknown, alleged or not alleged in the Litigation, suspected or unsuspected,

contingent or matured, under federal, state or local law, which Plaintiffs and/or any Settlement

Class Member had, now have or may in the future have with respect to any conduct, act,

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                    TTA10262018 000655

omissions, facts, matters, transactions or oral or written statements or occurrences on or prior to the Preliminary Approval Date arising from or relating to facsimile advertisements offering tickets for Tampa Bay Buccaneer games sent in 2009 or 2010 by and/or on behalf of the Released Persons, FaxQom and/or any entities hired directly or indirectly by FaxQom to the Releasing Persons, including, without limitation, the causes of action and allegations made by Plaintiffs in the Litigation as well as claims and allegations that the Released Persons violated any consumer protection, deceptive trade practices acts, privacy laws, the TCPA and/or common law of any state or the District of Columbia.

GG.    "Released Persons" means BLP, its affiliates, past, present and future direct and indirect predecessors, successors, assigns, parents, subsidiaries, affiliates, joint venturers, partnerships, limited liability companies, corporations, unincorporated entities, divisions, groups, directors, officers, shareholders, members, employees, partners, agents, insurers and attorneys. Released Persons does not include FaxQom or any entities hired by FaxQom to send facsimile advertisements offering tickets for Tampa Bay Buccaneer games.

HH.    "Releasing Persons" means Plaintiffs and all Settlement Class Members, and the respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors of each of Plaintiffs and Settlement Class Members.

II.    "Settlement" means the settlement set forth in this Settlement Agreement.

JJ.    "Settlement Administrator" means the independent professional service company to be selected by the Parties, subject to approval of the Court, which will administer Class Notice, administer the Settlement in accordance with this Settlement Agreement, maintain the

10

Settlement Website and engage in any other tasks directed by the Court, Class Counsel or BLP Counsel.

KK.    "Settlement Agreement" or "Agreement" means this Settlement Agreement and Release, including all exhibits hereto.

LL.     "Settlement Class" means all Persons who fall within the definition of the class identified in Section III, Paragraph A.

MM.    "Settlement Class Members" means all Persons in the Settlement Class who do not exclude themselves (i.e., become Opt-Outs) pursuant to Section IX, Paragraph A.

NN.    "Settlement Class Notice Program" means the process devised by the Parties and the Settlement Administrator, and approved by the Court, for notifying the Settlement Class of the Settlement and Settlement Agreement.

OO.    "Settlement Fund" means $19,500,000 as described in more detail in Section IV.

PP.    "Settlement Website" means the dedicated website created and maintained by the Settlement Administrator, which will contain relevant documents and information about the Settlement, including this Settlement Agreement, the Class Notice and the Claim Form.

QQ.    "TCPA" means the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227.

RR.    "Valid Claim" means a timely and fully completed Claim Form submitted by a Settlement Class Member as more fully described in Section VIII.

SS.    The plural of any defined term includes the singular, and vice versa, as made necessary in context.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                    TTA10262018 000657

### III.   PROPOSED CLASS FOR SETTLEMENT PURPOSES

A.      Pursuant to Fed. R. Civ. P. 23, the Parties hereto agree to certification, for

settlement purposes only, of the following Settlement Class:

> All persons who, in 2009 or 2010, received one or more facsimile
> advertisements sent by or on behalf of BLP and offering tickets for Tampa Bay
> Buccaneer games.

> Specifically excluded from the Settlement Class are the following Persons:

> (i)      BLP and its respective parents, subsidiaries, divisions, affiliates,
> associated entities, business units, predecessors in interest, successors,
> successors in interest and representatives and each of their respective
> immediate family members;

> (ii)     Class Counsel; and

> (iii)    The judges who have presided over the Litigation and any related cases.

B.      Solely for the purpose of implementing this Settlement Agreement and

effectuating the Settlement, the Parties stipulate to the entry of an order preliminarily certifying

the Settlement Class, appointing Plaintiffs as representative of the Settlement Class and

appointing the following as counsel for the Settlement Class:

> Phillip A. Bock
> Jonathan B. Piper
> Daniel J. Cohen
> Bock, Hatch, Lewis & Oppenheim, LLC
> 134 North La Salle Street, Suite 1000
> Chicago, Illinois 60602
> Telephone:  (312) 658-5500
> Facsimile:  (312) 658-5555

C.      Solely for the purpose of implementing this Settlement Agreement and

effectuating the Settlement, the Parties stipulate to the Court entering an order preliminarily

finding that Plaintiffs and Class Counsel are adequate representatives of the Settlement Class.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                          TTA10262018 000658

D.      In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in any material respect (including with respect to the Settlement Class Notice Program) by the Court, or such approval is reversed, vacated or modified in any material respect by the Court or by any other court, the certification of the Settlement Class shall be deemed vacated, the Litigation shall proceed as if the Settlement Class had never been certified and no reference to the Settlement Class, this Settlement Agreement or any other Settlement documents, shall be made for any purpose in the Litigation or in any other action or proceeding.

## IV.      BENEFITS TO THE CLASS

A.      Pursuant to the terms and conditions set forth in this Agreement, BLP agrees to fund a Settlement Fund of up to $19,500,000, which will be used to pay all Awards, Attorneys' Fee Awards and Incentive Awards.

B.      Subject to the terms of this Agreement, Settlement Class Members who received one or more unsolicited facsimile advertisements sent by or on behalf of BLP and who submit a Valid Claim shall be eligible to receive up to:

> (i)      $350 for the first such facsimile;
>
> (ii)      $100 for the second such facsimile;
>
> (iii)      $75 for the third such facsimile;
>
> (iv)      $20 for the fourth such facsimile; and
>
> (v)      $20 for the fifth such facsimile.

C.      No later than seven (7) Days after the Parties have resolved any disputes regarding rejected claims, the Settlement Administrator will provide Class Counsel and BLP Counsel with a report identifying the total of the Awards and the amount of money in the Net

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                          TTA10262018 000659

Settlement Fund available to pay such Awards ("Available Award Total"). If the Awards exceed the Available Award Total, the Awards to the Settlement Class Members who submitted Valid Claims will be reduced on a pro rata basis until the Awards equal the Available Award Total.

  D.  Without admitting wrongdoing or liability and solely to avoid the cost and disruption of further litigation, BLP further agrees to not send any unsolicited, facsimile advertisements that do not otherwise comply with the TCPA.

## V.  THE SETTLEMENT FUND

  A.  BLP shall have no obligation to make any payments under this Settlement Agreement until the Court enters a Preliminary Approval Order. Once the Court enters a Preliminary Approval Order, BLP shall pay reasonable Notice and Administration Costs arising under this Settlement Agreement by making such payments directly to the Settlement Administrator (or to such other party incurring such costs) as those costs are incurred and payment becomes due.

  B.  Within forty-five (45) Days of the Effective Date, BLP will cause an amount sufficient to cover all Valid Claims, Attorneys' Fees and Costs and Incentive Awards, but not to exceed $19,500,000, to be transferred into an interest-bearing bank account (the "Settlement Account") designated by the Settlement Administrator. Any interest that accrues on the Settlement Fund in the Settlement Account will be added to the Settlement Fund.

  C.  Any amounts remaining in the Settlement Fund following disbursement of all Awards, Attorneys' Fee Award and Incentive Awards shall revert in full to BLP.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER    TTA10262018 000660

D.     Under no circumstances shall BLP be obligated to pay more under this Settlement Agreement than $19,500,000 to the Settlement Fund, excluding costs for Notice and Administration Costs.

### VI.     ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARDS

A.     Class Counsel will apply to the Court for an aggregate award of attorneys' fees and reimbursement of costs in an amount not to exceed in total 25% of the Settlement Fund and to be paid from the Settlement Fund.  BLP will not oppose Class Counsel's application for said award of fees, costs and expenses.  Class Counsel agree that once BLP has funded the Settlement Fund, BLP's obligations to Class Counsel shall be fully satisfied and discharged, Class Counsel shall have no further or other claim against BLP, including but not limited to any attorneys' lien claim, and that BLP shall have fully discharged their obligation to pay fees, costs and expenses to any lawyers claiming to represent the interests of the Settlement Class.

B.     Plaintiffs will apply for Incentive Awards in an amount to be paid from the Settlement Fund.  Plaintiff Technology Training Associates shall apply for an award of $20,000 and Plaintiff Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic shall apply for $3,000.  Plaintiffs agree that once BLP has funded the Settlement Fund and paid Notice and Administration Costs, BLP's obligations to Plaintiffs and the Settlement Class shall be fully satisfied and discharged, and Plaintiffs and the Settlement Class shall have no further or other claim against BLP.

C.     Any order or proceedings relating to the applications for the Attorneys' Fee Award and the Incentive Awards, or any appeal from any order relating thereto or reversal or modification thereof, will not operate to terminate or cancel this Agreement or affect or delay

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                      TTA10262018 000661

the finality of Final Order and Judgment approving the Settlement Agreement and the

Settlement.

## VII.    SETTLEMENT CLASS NOTICE PROGRAM

A.    The Parties agree the following Settlement Class Notice Program provides

reasonable notice to the Settlement Class.

B.    BLP will bear all Notice and Administration Costs.

C.    ~~The~~**Prior to the hearing on Preliminary Approval, the** Parties ~~have agreed~~

~~to have~~ _____**will submit an agreed-upon administrator to** serve as the

Settlement Administrator and will request that the Court appoint _____~~as~~**that**

Settlement Administrator.  Once approved by the Court, the Settlement Administrator will be

an agent of the Court and will be subject to the Court's supervision and direction as

circumstances may require.  The Settlement Administrator will be responsible for administering:

(i)    The CAFA Notice as required by statute;

(ii)    The Settlement Class Notice Program as set forth below;

(iii)    The Settlement Website; and

(iv)    The claims' process set forth in Section VIII as well as any

additional processes agreed to by Class Counsel and BLP Counsel and subject

to the Court's supervision and direction as circumstances may require.

D.    Within ten (10) Days of the Preliminary Approval Date, the Parties shall provide

to the Settlement Administrator records identifying the fax numbers to which the facsimile

advertisements offering tickets for Tampa Bay Buccaneer games were sent.  The Settlement

Administrator will then use these records to determine the mailing addresses for as many

members of the Settlement Class as possible.  The Parties will work cooperatively with the

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000662

Settlement Administrator to mutually-agree upon the most practicable methods under the circumstances by which the addresses of the members of the Settlement Class can be derived. The mailing addresses will be updated with the National Change of Address Database maintained by the United States Postal Service before mailing.

E.      No later than 30 Days after the Preliminary Approval Date, the Settlement Administrator shall create the Settlement Website.  The Settlement Website shall provide information and relevant documents related to this Settlement, including but not limited to, the following:  applicable deadlines; Mailed Notice; a downloadable Claim Form that may be submitted by U.S. Mail; FAQs and answers; orders of the Court pertaining to the Settlement; this Agreement; and contact address for questions.  Class Counsel and the BLP Counsel shall agree on all information and documents to be posted on the Settlement Website.  The Claim Form shall be removed from the Settlement Website five (5) Days after the Claim Deadline has passed.  The Settlement Website will be deactivated at a time agreed upon by the Parties.

F.      No later than sixty (60) Days after the Preliminary Approval Date, the Settlement Administrator will mail the Court-approved Mailed Notice (Exhibit B) to all members of the Settlement Class whose addresses were derived as part of the process described in Paragraph D above.

G.      No later than sixty (60) Days after the Preliminary Approval Date, the Settlement Administrator will cause notice to be published in a manner that satisfies due process when considered in conjunction with the mailed notice portion of the Settlement Class Notice Program discussed in Paragraphs D and F above.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                    TTA10262018 000663

H.    Prior to the Fairness Hearing, the Settlement Administrator shall provide to the Court documentation reflecting that the Settlement Class Notice Program has been executed in accordance with the Settlement Agreement and Preliminary Approval Order.

I.    The Settlement Administrator, Class Counsel or any Person acting on behalf of Class Counsel shall not provide or publish any form of notice other than the agreed-upon Class Notice without prior written approval of the content of any such notice by BLP Counsel.

## VIII.   CLAIMS PROCESS AND PAYMENTS TO SETTLEMENT CLASS MEMBERS

A.    Class Notice shall be sent to all Settlement Class Members for whom the Settlement Administrator is able to determine a mailing address.

B.    To file a Valid Claim, Settlement Class Members must:

(i)    Complete a Claim Form, providing all of the information required by the Settlement Agreement and the Claim Form;

(ii)    Sign the Claim Form under penalty of perjury; and

(iii)    Return the completed and signed Claim Form to the Settlement Administrator on or before the Claim Deadline.

Only Settlement Class Members who submit Valid Claims shall be entitled to an Award.

C.    The Settlement Administrator shall be responsible for reviewing all claims to determine their validity.

(i)    Any claim that is not substantially in compliance with the instructions on the Claim Form or the terms of this Settlement Agreement or is postmarked later than the Claim Deadline shall be rejected.

(ii)    Following the Claim Deadline, the Settlement Administrator shall provide a report of any rejected claims to BLP Counsel and Class Counsel.  If

18

Class Counsel do not agree with the rejection of a claim, they shall bring it to the attention of BLP Counsel, and the Parties shall meet and confer and attempt, in good faith, to resolve any dispute regarding the rejected claim.  Following their meet and confer, the Parties will provide the Settlement Administrator with their positions regarding the disputed, rejected claim.  The Settlement Administrator, after considering the positions of the Parties and, if appropriate, seeking any additional information from the Settlement Class Member, will make the final decision in its sole discretion, subject only to review by the Court.

D.      BLP shall have the right to audit Claim Forms for validity and fraud.  In the event that BLP determines that a Claim Form is invalid or fraudulent and should be rejected, they shall bring it to the attention of Class Counsel, and the Parties shall meet and confer and attempt, in good faith, to resolve any dispute regarding the rejected claim.  Following their meet and confer, the Parties will provide the Settlement Administrator with their positions regarding the disputed, rejected claim.  The Settlement Administrator, after considering the positions of the Parties and, if appropriate, seeking any additional information from the Settlement Class Member, will make the final decision in its sole discretion, subject only to review by the Court.

E.      At any time during the claims' process, if the Settlement Administrator has a reasonable suspicion of fraud, the Settlement Administrator shall immediately notify both Class Counsel and BLP Counsel of that fact and the basis for its suspicion.  Class Counsel and BLP Counsel shall endeavor to reach an agreed-upon solution to any suspected fraud and, if necessary, BLP may suspend the claims process, and the Parties will promptly seek assistance from the Court.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                          TTA10262018 000665

F.      As soon as practicable after the Effective Date, the Settlement Administrator shall cause the Awards in the form of checks to be distributed to members of the Settlement Class, and shall remit the Attorneys' Fee Award and Incentive Award as approved by the Court.

## IX.      OBJECTIONS AND OPT-OUT RIGHTS

A.      Any Settlement Class Member who intends to object must do so on or before the Opt-Out and Objection Date.  In order to object, the Settlement Class Member must include in the objection submitted to the Court and served on Class Counsel and BLP Counsel the following:

(i)      The name, address, telephone number of the Person objecting and, if represented by counsel, of his/her counsel;

(ii)      A signed declaration stating that he or she is a member of the Settlement Class and in 2009 and/or 2010, received one or more facsimile advertisements sent by or on behalf of BLP;

(iii)      A statement of all objections to the Settlement; and

(iv)      A statement of whether he or she intends to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of his or her counsel who will attend.  Any Settlement Class Member who fails to file and serve a timely written objection and notice of his or her intent to appear at the Fairness Hearing pursuant to this Paragraph and as detailed in the Class Notice shall not be permitted to object to the approval of the Settlement at the Fairness Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

20

B.      A member of the Settlement Class who wishes to opt out of the Settlement Class must complete and send to the Settlement Administrator a request for exclusion that is post-marked no later than the Opt-Out and Objection Date.  The request for exclusion must be personally signed by the member of the Settlement Class requesting exclusion, contain a statement that indicates his or her desire to be excluded from the Settlement Class and contain a statement that he or she is otherwise a member of the Settlement Class.  A member of the Settlement Class may opt-out on an individual basis only.  So-called "mass" or "class" opt-outs, whether filed by third parties on behalf of a "mass" or "class" of class members or multiple class members where no personal statement has been signed by each and every individual class members, shall not be allowed.

C.      Except for those members of the Settlement Class who timely and properly file a request for exclusion, all members of the Settlement Class will be deemed to be Settlement Class Members for all purposes under the Settlement Agreement, and upon the Effective Date, will be bound by its terms, regardless of whether they file a Claim Form or receive any monetary relief.

D.      Any member of the Settlement Class who properly opts out of the Settlement Class shall not:  (i) be bound by any orders or judgments entered in the Litigation or relating to the Settlement; (ii) be entitled to relief under, or be affected by, the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement.

E.      The Settlement Administrator shall provide Class Counsel and BLP Counsel with the Opt-Out List within seven (7) Days after the Opt-Out and Objection Date.

21

## X.    PRELIMINARY APPROVAL PROCESS AND CLASS NOTICE

After execution of this Settlement Agreement, Class Counsel shall promptly move the Court for a Preliminary Approval Order preliminarily approving the Settlement and the Settlement Class Notice Program.  The Preliminary Approval Order will:

A.    Preliminarily approve this Settlement Agreement.

B.    Preliminarily certify the Settlement Class.

C.    Find that the proposed Settlement is sufficiently fair, reasonable and adequate to warrant providing notice to the Settlement Class, which notice will: (i) describe the essential terms of the Settlement; (ii) disclose any special benefits or incentives to the Class Representatives; (iii) provide information regarding the Attorneys' Fee Award; (iv) indicate the time and place of the hearing to consider final approval of the Settlement, and the method for objection to and/or opting out of the Settlement; (v) explain the procedures for allocating and distributing the Settlement Fund; and (vi) prominently display the address of Class Counsel and the procedure for making inquiries.

D.    Schedule a Fairness Hearing on final approval of this Settlement and Settlement Agreement to consider the fairness, reasonableness and adequacy of the proposed Settlement and whether it should be finally approved by the Court.

E.    Appoint the Settlement Administrator.

F.    Approve the Class Notice, and direct the Settlement Administrator to disseminate the Class Notice in accordance with the Settlement Class Notice Program.

G.    Find that the Settlement Class Notice Program:  (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and of their right to object to or to exclude themselves from the

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000668

proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all

Persons entitled to receive notice; and (iv) meets all requirements of applicable law.

H.      Require the Settlement Administrator to file proof of compliance with the

Settlement Class Notice Program at or before the Fairness Hearing.

I.      Approve the Claim Form and set a Claim Deadline.

J.      Require any member of the Settlement Class who wishes to exclude himself or

herself from the Settlement Class to submit an appropriate, timely request for exclusion,

postmarked no later than the Opt-Out and Objection Date, or as the Court may otherwise

direct, to the Settlement Administrator at the address on the Class Notice.

K.      Order that any member of the Settlement Class who does not submit a timely,

written request for exclusion from the Settlement Class (i.e., becomes an Opt-Out) will be

bound by all proceedings, orders and judgments in the Litigation, even if such Settlement Class

Member has previously initiated or subsequently initiates individual litigation or other

proceedings encompassed by the Release.

L.      Require any Settlement Class Member who does not become an Opt-Out and

who wishes to object to the fairness, reasonableness or adequacy of this Settlement or

Settlement Agreement to file with the Court and serve on Class Counsel and BLP Counsel no

later than the Opt-Out and Objection Date, or as the court may otherwise direct, a statement

of the objection signed by the Settlement Class Member containing all of the following

information:

(i)      The objector's name, address, telephone number and, if

represented by counsel, of his/her counsel;

23

(ii)     A declaration stating that he or she is a member of the Settlement Class and received one or more unsolicited facsimile advertisements offering tickets for Tampa Bay Buccaneer games;

(iii)    A statement of all objections to the Settlement; and

(iv)    A statement of whether the objector intends to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of counsel who will attend.

M.     Order that any response to an objection shall be filed with the Court no later than seven (7) Days prior to the Fairness Hearing.

N.     Specify that any Settlement Class Member who does not file a timely written objection to the Settlement or who fails to otherwise comply with applicable requirements shall be foreclosed from seeking any adjudication or review of this Settlement by appeal or otherwise.

O.     Require that any attorney, hired by a Settlement Class Member for the purpose of objecting to the proposed Settlement, the Attorneys' Fee Award or the Incentive Award and who intends to make an appearance at the Fairness Hearing, shall provide to the Settlement Administrator (who shall forward it to Class Counsel and BLP Counsel) and file with the Clerk of the Court a notice of intention to appear no later than the Opt-Out and Objection Date or as the Court may otherwise direct.

P.     Require any Settlement Class Member who files and serves a written objection and who intends to make an appearance at the Fairness Hearing to so state in their objection papers or as the Court otherwise may direct.

24

Q.      Direct the Settlement Administrator to establish a post office box in the name of the Settlement Administrator to be used for receiving requests for exclusion and any other communications, and providing that only the Settlement Administrator, Class Counsel, BLP Counsel, the Court, the Clerk of the Court and their designated agents shall have access to this post office box, except as otherwise provided in this Settlement Agreement.

R.      Direct that Class Counsel shall file their applications for the Attorneys' Fee Award and Plaintiffs' Incentive Award at least fourteen (14) Days prior to the Opt-Out and Objection Date.

S.      Order the Settlement Administrator to provide the Opt-Out List to Class Counsel and BLP Counsel no later than seven (7) Days after the Opt-Out and Objection Date and then file with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy thereof no later than five (5) Days thereafter or on such other date as the Parties may direct.

T.      Preliminarily enjoin all members of the Settlement Class unless and until they have timely excluded themselves from the Settlement Class from (i) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; (ii) filing, commencing, participating in or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims

25

and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (iii) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims.  Any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by BLP, any other Released Person and Class Counsel as a result of the violation.  This Settlement Agreement is not intended to prevent members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency.

U.    Contain any additional provisions agreeable to the Parties that might be necessary or advisable to implement the terms of this Settlement Agreement and the proposed settlement.

## XI.    FINAL ORDER AND JUDGMENT AND RELEASES

A.    If this Settlement Agreement (including any modification thereto made with the consent of the Parties as provided for herein) is approved by the Court following the Fairness Hearing scheduled by the Court in its Preliminary Approval Order, the Parties shall request the Court to enter a Final Order and Judgment pursuant to the Federal Rules of Civil Procedure and all applicable laws that, among other things:

(i)    Finds that the Court has personal jurisdiction over Plaintiffs and all Settlement Class Members and that the Court has subject matter jurisdiction to approve this Settlement and Settlement Agreement and all exhibits thereto;

(ii)    Certifies a Settlement Class solely for purposes of this Settlement;

26

(iii)     Grants final approval to this Settlement Agreement as being fair, reasonable and adequate as to all Parties and consistent and in compliance with all requirements of due process and applicable law, as to and in the best interests of all Parties and directs the Parties and their counsel to implement and consummate this Settlement Agreement in accordance with its terms and provisions;

(iv)     Declares this Settlement Agreement and the Final Order and Judgment to be binding on and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of Plaintiffs and all Settlement Class Members, as well as their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors;

(v)     Finds that the Settlement Class Notice Program:  (1) constituted the best practicable notice; (2) constituted notice that was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Litigation, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing and of their right to seek monetary and other relief; (3) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (4) met all requirements of due process and any other applicable law;

(vi)     Approves the Claim Form that was distributed to the Settlement Class;

27

(vii)     Finds that Class Counsel and Plaintiffs adequately represented the

Settlement Class for purposes of entering into and implementing the Settlement

and Settlement Agreement;

(viii)    Dismisses the Litigation now pending before the Court on the

merits and with prejudice and without fees or costs except as provided herein, in

accordance with the terms of the Final Order and Judgment;

(ix)     Adjudges that Plaintiffs and the Settlement Class have

conclusively compromised, settled, dismissed and released any and all Released

Claims against BLP and the Released Persons;

(x)     Approves payment of the Attorneys' Fee Award and Incentive

Awards as determined by the Court;

(xi)     Without affecting the finality of the Final Order and Judgment for

purposes of appeal, reserves jurisdiction over the Settlement Administrator,

BLP, Plaintiffs and the Settlement Class Members as to all matters relating to

the administration, consummation, enforcement and interpretation of the terms of

the Settlement, the Settlement Agreement and Final Order and Judgment and for

any other necessary purposes;

(xii)     Provides that upon the Effective Date, Plaintiffs and all

Settlement Class Members, whether or not they return a Claim Form within the

time and in the manner provided for, shall be barred from asserting any Released

Claims against BLP and/or any Released Persons, and any such Settlement Class

Members shall have released any and all Released Claims as against BLP and all

Released Persons;

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                         TTA10262018 000674

(xiii)   Determines that the Settlement Agreement and the Settlement provided for therein and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by BLP or any Released Persons or of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to this Settlement Agreement and the Settlement provided for therein in such proceedings solely as may be necessary to effectuate the Settlement Agreement;

(xiv)   Bars and permanently enjoins all Settlement Class Members from (1) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (2) organizing Settlement Class Members who have not excluded themselves from the Settlement Class into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency;

29

(xv)     States that any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by BLP and/or any other Released Persons and Class Counsel as a result of the violation;

(xvi)    Approves the Opt-Out List and determines that the Opt-Out List is a complete list of all members of the Settlement Class who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment, except for Opt-Outs who subsequently elect to submit Claim Forms during the Claim Period; and

(xvii)   Authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of this Settlement Agreement and all exhibits hereto as (1) shall be consistent in all material respects with the Final Order and Judgment; and (2) do not limit the rights of the Parties or Settlement Class Members.

B.       As of the Effective Date, the Releasing Persons are deemed to have fully released and forever discharged the Released Persons of and from all Released Claims by operation of entry of the Final Order and Judgment.

(i)      Subject to Court approval, all Settlement Class Members who have not excluded themselves from the Settlement Class shall be bound by this Settlement Agreement and the Release and all of their claims shall be dismissed with prejudice and released, irrespective of whether they received actual notice of the Litigation or this Settlement.

(ii)     Without in any way limiting the scope of the Release, this Release covers any and all claims for attorneys' fees, costs or disbursements incurred by

30

Class Counsel or any other counsel representing Plaintiffs or Settlement Class

Members, or any of them, in connection with or related in any manner to the

Litigation, the Settlement, the administration of such Settlement and/or the

Released Claims as well as any and all claims for the Incentive Award to

Plaintiffs and the Attorneys' Fee Award to Class Counsel.

(iii)    The Releasing Persons and the Released Persons expressly

acknowledge that they are familiar with principles of law such as Section 1542

of the Civil Code of the State of California, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH
THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS
OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE,
WHICH IF KNOWN BY HIM OR HER MIGHT HAVE MATERIALLY
AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Notwithstanding California or other law, the Releasing Persons and the Released Persons

hereby expressly agree that the provisions, rights and benefits of Section 1542 and all similar

federal or state laws, rights, rules or legal principles of any other jurisdiction that may be

applicable herein are hereby knowingly and voluntarily waived, released and relinquished to the

fullest extent permitted by law solely in connection with unknown claims that are the same as,

substantially similar to, or overlap the Released Claims, and the Releasing Persons and the

Released Persons hereby agree and acknowledge that this is an essential term of the Releases.

In connection with the Release, the Releasing Persons and the Released Persons acknowledge

that they are aware that they may hereafter discover claims presently unknown and unsuspected

or facts in addition to or different from those which they now know or believe to be true with

respect to matters released herein, and that such claims, to the extent that they are the same as,

31

substantially similar to, or overlap the Released Claims, are hereby released, relinquished and discharged.

(iv)    Nothing in the Releases shall preclude any action to enforce the terms of this Settlement Agreement, including participation in any of the processes detailed herein.

## XII.    WITHDRAWAL FROM OR TERMINATION OF SETTLEMENT

A.    Within fifteen (15) Days after the occurrence of any of the following events and upon written notice to counsel for all Parties, a Party shall have the right to withdraw from the Settlement and terminate this Settlement Agreement:

(i)    If the Court declines to approve the Settlement Agreement as written or if on appeal the Court's approval is reversed or modified;

(ii)    If the Court materially alters any of the terms of the Settlement Agreement, except that a reduction in the Attorneys' Fee Award or the Incentive Awards shall not be deemed to be a material alteration; or

(iii)    If the Preliminary Approval Order or the Final Order and Judgment is not entered by the Court or is reversed or modified on appeal, or otherwise fails for any reason.

B.    If, at any time prior to Final Order and Judgment, legislation is enacted, a controlling judicial opinion is rendered or regulatory agency action is undertaken that would entitle BLP to summary judgment on Plaintiffs' claims under the TCPA, then subject to Court approval, BLP shall have the right to withdraw from the Settlement and terminate this Settlement Agreement.  For the purposes of this provision, the issuance of a retroactive waiver of 47 C.F.R. § 64.1200(a)(4)(iv) regarding the Federal Communication Commission's opt-out

32

notice requirement for faxes sent with the recipient's prior express permission in favor of BLP would not be considered agency action that would entitle BLP to summary judgment on Plaintiffs' claims under the TCPA and would not trigger BLP's right to terminate the Settlement.

C.      In the event of a withdrawal pursuant to Paragraphs A or B above, any certification of a Settlement Class will be vacated, without prejudice to any Party's position on the issue of class certification and the amenability of the claims asserted in the Litigation to class treatment, and the Parties shall be restored to their litigation position existing immediately before the execution of this Settlement Agreement.

D.      If members of the Settlement Class properly and timely submit requests for exclusion from the Settlement Class thereby becoming Opt-Outs in a number exceeding the number submitted to the Court under seal by the Parties, then BLP may elect in their sole discretion to withdraw from the Settlement and terminate this Settlement Agreement.  In that event, all of BLP's obligations under this Agreement shall cease to be of any force and effect; the certification of the Settlement Class shall be vacated without prejudice to BLP's position on the issue of class certification; and BLP shall be restored to their litigation position existing immediately before the execution of this Settlement Agreement.

(i)      In order to elect to withdraw from the Settlement and terminate this Settlement Agreement on the basis set forth above, BLP must notify Class Counsel in writing of their election to do so within fourteen (14) Days after the Opt-Out List has been served on the Parties.

(ii)      In the event that BLP exercises such right, Class Counsel shall have, at their discretion, fourteen (14) Days or such longer period as agreed to

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                      TTA10262018 000679

by the Parties to address the concerns of the Opt-Outs.  If through such efforts

the total number on the Opt-Out List subsequently becomes and remains fewer

than the number submitted to the Court under seal at the time of filing the

Motion For Preliminary Approval, BLP shall withdraw their election to

withdraw from the Settlement and terminate the Settlement Agreement.  In no

event, however, shall BLP have any further obligation under this Agreement to

any Opt-Out unless he or she withdraws his or her request for exclusion.

      (iii)    For purposes of this Paragraph, Opt-Outs shall not include

(1) Persons who are specifically excluded from the Settlement Class definition;

(2) Opt-Outs who elect to withdraw their request for exclusion; and (3) Opt-

Outs who agree to sign an undertaking that they will not pursue an individual

claim, class claim or any other claim that would otherwise be a Released Claim

as defined in this Settlement Agreement.

      E.    In the event of withdrawal by any Party in accordance with the terms set forth

in this Section, the Settlement Agreement shall be null and void, shall have no further force and

effect with respect to any Party in the Litigation and shall not be offered in evidence or used in

any litigation for any purpose, including the existence, certification or maintenance of any

proposed or existing class or the amenability of these or similar claims to class treatment.  In

the event of such withdrawal, this Settlement Agreement and all negotiations, proceedings,

documents prepared and statements made in connection herewith shall be without prejudice to

BLP, Plaintiffs and the Settlement Class Members and shall not be deemed or construed to be

an admission or confession in any way by any Party of any fact, matter or proposition of law

and shall not be used in any manner for any purpose, and the Parties to the Litigation shall

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                             TTA10262018 000680

stand in the same position as if this Settlement Agreement had not been negotiated, made or filed with the Court.

## XIII.   EFFECTIVE DATE

A.     The Effective Date of this Settlement Agreement shall be the date when each and all of the following conditions have occurred:

(i)     This Settlement Agreement has been fully executed by all Parties and their counsel;

(ii)     Orders have been entered by the Court certifying the Settlement Class, granting preliminary approval of this Settlement and approving the forms of Class Notice and Claim Form, all as provided above;

(iii)     The Settlement Class Notice Program has been executed in accordance with the Preliminary Approval Order;

(iv)     The Court has entered a Final Order and Judgment finally approving this Agreement, as provided above; and

(v)     The Final Order and Judgment has become Final as defined in Paragraph B below.

B.     "Final," when referring to a judgment or order means that (i) the judgment is a final, appealable judgment; and (ii) either (1) no appeal has been taken from the judgment as of the date on which all deadlines to appeal therefrom have expired; or (2) an appeal or other review proceeding of the judgment having been commenced, the date by which such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions or rehearing or re-argument, petitions for rehearing en banc, petitions for writ

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000681

of certiorari, or otherwise, and such appeal or other review has been finally resolved in a manner that affirms the Final Order and Judgment in all material respects.

C.      If, for any reason, this Settlement Agreement fails to become Final pursuant to the foregoing Paragraph B, the orders, judgment and dismissal to be entered pursuant to this Settlement Agreement shall be vacated, and the Parties will be returned to the status quo ante with respect to the Litigation as if this Settlement Agreement had never been entered into.

## XIV.   NOTICES

A.      All Notices (other than the Class Notice and CAFA Notices) required by the Settlement Agreement shall be made in writing and communicated by mail to the following addresses:

All Notices to the Settlement Class or Class Counsel shall be sent to Class Counsel, c/o:

> Phillip A. Bock
> Jonathan B. Piper
> Daniel J. Cohen
> Bock, Hatch, Lewis & Oppenheim, LLC
> 134 North La Salle Street, Suite 1000
> Chicago, Illinois 60602
> Telephone:  (312) 658-5500
> Facsimile:  (312) 658-5555

All Notices to BLP or BLP Counsel provided herein shall be sent to BLP Counsel, c/o:

> Mark S. Mester
> Kathleen P. Lally
> Latham & Watkins LLP
> 330 North Wabash Avenue, Suite 2800
> Chicago, Illinois  60611
> Telephone:  (312) 876-7700
> Facsimile:  (312) 993-9767

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                      TTA10262018 000682

B.      The notice recipients and addresses designated above may be changed by written notice.

C.      Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of comments, objections, requests for exclusion, or other documents or filings received as a result of the Class Notice.

## XV.    MISCELLANEOUS PROVISIONS

A.      **Interpretation**.  This Settlement Agreement contains the entire agreement among the Parties hereto and supersedes any prior discussions, agreements or understandings among them as well as any and all prior drafts of this Settlement Agreement.  All terms are contractual.  For the purpose of construing or interpreting this Settlement Agreement, the Parties agree that the Settlement Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party, and the Parties further agree that any prior drafts may not be used to construe or interpret this Settlement Agreement.

B.      **Binding Effect**.  The terms are and shall be binding upon each of the Parties hereto, their administrators, agents, assigns, attorneys, executors, heirs, partners, representatives, predecessors-in-interest and successors as well as upon all other Persons claiming any interest in the subject matter hereto through any of the Parties hereto including any Settlement Class Members.

C.      **Headings**.  The headings contained in this Settlement Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Settlement Agreement.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                    TTA10262018 000683

D.    **No Rescission on Grounds of Mistake**.  The Parties acknowledge that they have made their own investigations of the matters covered by this Settlement Agreement to the extent they have deemed it necessary to do so.  Therefore, the Parties agree that they will not seek to set aside any part of the Settlement Agreement on the grounds of mistake.  Moreover, the Parties understand, agree and expressly assume the risk that any fact not recited, contained, or embodied in the Settlement Agreement may turn out hereinafter to be other than, different from, or contrary to the facts now known to them or believed by them to be true, and further agree that the Settlement Agreement shall be effective in all respects notwithstanding and shall not be subject to termination, modification, or rescission by reason of any such difference in facts.

E.    **Amendment**.  This Settlement Agreement may be amended or modified only by a written instrument signed by the Parties or their counsel.  Amendments and modifications may be made without notice to the Settlement Class unless notice is required by law or by the Court.

F.    **Integration Of Exhibits**.  Any exhibits to this Settlement Agreement are hereby incorporated and made a part of the Settlement Agreement.

G.    **Jurisdiction**.  The United States District Court for the Middle District of Florida has jurisdiction over the Parties to this Settlement Agreement and the Settlement Class.

H.    **Waiver of Statute of Limitations.**  BLP waives any affirmative defense regarding the statute of limitations that it may have had to Plaintiffs' claims.  This waiver shall survive in the event of the termination of this Agreement.

I.    **No Admission**.  Neither this Settlement Agreement nor any of its provisions, its exhibits or related documents (including but not limited to drafts of the Settlement Agreement,

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000684

the Preliminary Approval Order or the Final Order and Judgment), its negotiation or any proceedings relating in any way to the Settlement shall be construed as or deemed to be evidence of an admission or concession by any person, including BLP, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or Court order.  The provisions of this Paragraph shall become effective when this Settlement Agreement has been signed by the Parties and shall be binding on the Parties and their counsel regardless of whether the Settlement Agreement is approved by this Court or any other court and regardless of whether the Settlement Agreement is otherwise rendered null and void.

       J.      **Governing Law**.  This Settlement Agreement shall be governed by and construed in accordance with the internal laws (as opposed to the conflicts of law provisions) of the State of Florida.

       K.      **Counterparts**.  This Settlement Agreement may be executed in counterparts and may be executed by facsimile, and as so executed shall constitute one agreement.

       L.      **No Media Statements.**  BLP, BLP Counsel, Plaintiffs, Class Counsel and all other counsel of record for Plaintiffs agree not to issue any press releases regarding this settlement or publicize it in any way and further agree not to engage in any communications with the media or the press, on the internet, or in any public forum, orally or in writing, that relate to this Settlement or the Litigation other than statements that are fully consistent with the Mailed Notice.  Notwithstanding the foregoing, nothing in this Settlement Agreement shall preclude a Party from making a public statement in support of the Settlement.  For example, Plaintiffs or Class Counsel may state that the Settlement is a good result for the Class.  In addition, nothing in this Settlement Agreement shall preclude Plaintiffs or Class Counsel from

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000685

making a public statement that is consistent with the language of the Settlement Agreement or any motions submitted for approval of the Settlement.

M.   **Confidentiality.**   All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

N.   **Return Of Material.**   Within thirty (30) Days after the Effective Date, Class Counsel and BLP Counsel will return all material produced by one to the other in discovery or otherwise in connection with the Litigation.

O.   **No Assignment**.   Plaintiffs represent and warrant that no portion of any claim, right, demand, action, or cause of action against the Released Persons that Plaintiffs have or may have arising out of any allegations made in any of the actions comprising the Litigation or pertaining to any of the Released Claims, and no portion of any recovery or settlement to which Plaintiffs may be entitled, has been assigned, transferred, or conveyed by or for Plaintiffs in any manner; and no Person other than Plaintiffs have any legal or equitable interest in the claims, demands, actions, or causes of action referred to in this Agreement as those of Plaintiffs.

P.   **Stay.**   The Parties stipulate to stay all proceedings in the Litigation until the approval of this Settlement Agreement has been finally determined, except the stay of proceedings shall not prevent the filing of any motions, affidavits and other matters necessary to obtain and preserve final judicial approval of this Settlement Agreement.

Q.   **Best Efforts.**   In the event that there are any developments in the effectuation and administration of this Agreement that are not dealt with by the terms of this Agreement, then such matters shall be dealt with as agreed upon by the Parties, and failing agreement, as

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000686

shall be ordered by the Court.  The Parties shall execute all documents and use their best efforts to perform all acts necessary and proper to promptly effectuate the terms of this Agreement and to take all necessary or appropriate actions to obtain judicial approval of this Agreement in order to give this Agreement full force and effect.  The execution of documents must take place prior to the date scheduled for the Preliminary Approval Hearing.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000687

IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by their duly authorized representatives below.

*Plaintiffs:*

Technology Training Associates, Inc.

By:_____

Larry E. Schwanke, D.C. d/b/a
Back to Basics Family Chiropractic

By:_____

*Approved as to form:*                    **BOCK, HATCH, LEWIS & OPPENHEIM, LLC**

By:_____
    Phillip A. Bock
    Jonathan B. Piper
    Daniel J. Cohen
    Bock, Hatch, Lewis & Oppenheim, LLC
    134 North La Salle Street, Suite 1000
    Chicago, Illinois 60602
    Telephone:  (312) 658-5500
    Facsimile:  (312) 658-5555

*Defendant:*

BUCCANEERS LIMITED PARTNERSHIP

By:_____

Its:_____

*Approved as to form:*                    **LATHAM & WATKINS LLP**

By:_____

42

Mark S. Mester
Kathleen P. Lally
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois  60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

43

TTA10262018 000689

| Summary report:<br>Litéra® Change-Pro TDC 7.5.0.145 Document comparison done on<br>6/21/2016 9:13:20 AM | |
| --- | --- |
| **Style name:** L&W without Moves | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:**iw://US-DOCS/NY/7719933/12 | |
| **Modified DMS:** iw://US-DOCS/NY/7719933/13 | |
| **Changes:** | |
| Add | 7 |
| Delete | 7 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 14 |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| TECHNOLOGY TRAINING ASSOCIATES, INC. and LARRY E. SCHWANKE, D.C. d/b/a/ BACK TO BASICS FAMILY CHIROPRACTIC, individually and as the representatives of a class of similarly-situated persons, | ) ) ) ) ) ) | |
| | ) | **Case No. 8:16-cv-01622-MSS-AEP** |
| Plaintiffs, | ) | **Judge Mary S. Scriven** |
| v. | ) | **Magistrate Judge Anthony E. Porcelli** |
| | ) | |
| BUCCANEERS LIMITED PARTNERSHIP, | ) ) | |
| Defendant. | ) | |

<u>**PRELIMINARY APPROVAL ORDER**</u>

Having fully considered the Motion For Preliminary Approval Of Class Action Settlement (the "Motion") of Plaintiffs Technology Training Associates, Inc. and Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic (collectively, "Plaintiffs"), the parties' arguments and submissions concerning the Motion, and the applicable facts and law, the Court hereby finds and orders as follows:

1.      Except as otherwise provided below, all capitalized terms used in this Preliminary Approval Order shall have the meanings and/or definitions given them in the Settlement Agreement and Release ("Agreement").

2.      The Court preliminarily approves the Agreement subject to the Fairness Hearing, the purpose of which will be to decide whether to grant final approval to the Settlement Agreement reached by the Parties (the "Settlement").  The Court finds that the Agreement, the Settlement set forth therein and all exhibits attached thereto or to Plaintiffs' Motion For Preliminary Approval Of Class Action Settlement are fair, reasonable, and adequate, entered into in good faith, free of collusion to the detriment of the Settlement Class and within the range of

possible judicial approval to warrant sending notice of the Litigation and the proposed

Settlement to the Settlement Class and to hold a full hearing on the proposed Settlement.

3.      For settlement purposes only, conditioned upon final certification of the proposed

class and upon Final Judgment, the Court finds that the Litigation may be maintained on behalf

of the following class:

> All persons who, in 2009 or 2010, received one or more facsimile advertisements
> sent by or on behalf of BLP and offering tickets for Tampa Bay Buccaneer games.
>
> Specifically excluded from the Settlement Class are the following Persons: (i)
> BLP and its respective parents, subsidiaries, divisions, affiliates, associated
> entities, business units, predecessors in interest, successors, successors in interest
> and representatives and each of their respective immediate family members; (ii)
> Class Counsel; and (iii) the judges who have presided over the Litigation and any
> related cases.

4.      The Court recognizes that Defendant Buccaneers Limited Partnership ("BLP")

reserves all of its defenses and objections against and rights to oppose any request for class

certification in the event that the proposed Settlement does not become Final for any reason.

BLP also reserves all its defenses to the merits of the claims asserted in the event the Settlement

does not become Final for any reason.

5.      For settlement purposes only, the Court preliminarily appoints Plaintiffs as

representative of the Settlement Class.

6.      For settlement purposes only, the Court preliminarily appoints the following

attorney to act as Class Counsel for the Settlement Class:

> Phillip A. Bock
> Jonathan B. Piper
> Daniel J. Cohen
> Bock, Hatch, Lewis & Oppenheim, LLC
> 134 North La Salle Street, Suite 1000
> Chicago, Illinois 60602
> Telephone:  (312) 658-5500
> Facsimile:  (312) 658-5555

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                     TTA10262018 000733

7.      The Court appoints the Settlement Administrator designated by the Parties, who will be an agent of the Court and subject to the Court's supervision and direction as circumstances may require.

8.      The Settlement Class Notice Program shall be effectuated as follows:

a.   Within ten (10) Days of the entry of this Order, the Parties shall provide to the Settlement Administrator records identifying the fax numbers to which the facsimile advertisements offering tickets for Tampa Bay Buccaneer games were sent.   The Settlement Administrator will then use these records to determine the mailing addresses for as many members of the Settlement Class as possible.

b.   No later than sixty (60) Days after the entry of this Order, the Settlement Administrator will mail the Mailed Notice to all such members of the Settlement Class whose addresses were derived as part of the process described in the paragraph above.

c.   No later than sixty (60) Days after the entry of this Order, the Settlement Administrator will also cause notice to be published in a manner that satisfies due process when considered in conjunction with the mailed notice portion of the Settlement Class Notice Program discussed in the paragraph above.

9.      The form and content of the Class Notice are fair, reasonable and adequate, and notice shall be disseminated to the Settlement Class in accordance with the Agreement and as due process and Rule 23 of the Federal Rules of Civil Procedure require.

10.      The Court finds that the Settlement Class Notice Program is reasonably calculated, under the circumstance, to apprise the Settlement Class:  (a) of the pendency of the

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000734

Litigation and the essential terms of the Settlement; (b) of the procedures for allocating the Settlement Fund; (c) of any requested amounts for Attorneys' Fee Award and Incentive Awards; (d) of right of members of the Settlement Class to exclude themselves from the Settlement Class and the proposed Settlement; (e) that any judgment, whether favorable or not, will bind all members of the Settlement Class who do not request exclusion; (f) that any member of the Settlement Class who does not request exclusion may object to the Settlement, the request for attorneys' fees and costs and/or the service award and, if he or she desires, enter an appearance personally or through counsel; and (g) prominently display the address of Class Counsel and the Settlement Administrator as well as the procedure for making inquiries.  The Court further finds that the notices are written in plain English and are readily understandable by members of the Settlement Class.

11.     The Court finds the Settlement Class Notice Program:  (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and of their right to object to or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all Persons entitled to receive notice; and (iv) meets all requirements of applicable law.

12.     No later than seven (7) days before the Fairness Hearing, the Settlement Administrator shall file a declaration with the Court attesting to the: (a) completion of the Settlement Class Notice Program and (b) number of valid claims, opt-outs, and objections.

13.     The Court approves the Claim Form in substantially the same form as the Claim Form attached to the Agreement.  Any member of the Settlement Class who wishes to receive benefits under the Agreement must sign and return a complete and timely Claim Form in compliance with the process set forth in the Agreement, and such Claim Form shall be

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000735

postmarked no later than one hundred five (105) days after the entry of this Order.   Any Settlement Class Member who does not submit a complete and timely Claim Form in compliance with the Agreement shall not be entitled to any benefits under the Settlement, but nonetheless shall be barred by the release provisions of the Agreement and the Final Judgment and shall be deemed to have released the Released Parties from the Released Claims.

14.     Any member of the Settlement Class who wishes to opt out or exclude himself or herself from the Settlement Class must submit an appropriate, timely request for exclusion sent to the Settlement Administrator at the address on the Notice and to be postmarked no later than one hundred five (105) days after the entry of this Order (the "Opt-Out and Objection Date"). The opt-out request must be personally signed by the member of the Settlement Class requesting exclusion, contain a statement that indicates his or her desire to be excluded from the Settlement Class and contain a statement that he or she is otherwise a member of the Settlement Class.   A timely and valid request to opt out of the Settlement Class shall preclude the person opting out from participating in the proposed Settlement and he or she will be unaffected by the Agreement. The Settlement Administrator shall compile a list of all members of the Settlement Class who properly and timely submit an opt-out request (the "Opt-Out List").

15.     Any member of the Settlement Class who does not submit a timely and valid written request for exclusion shall be bound by all subsequent proceedings, orders and judgments in this Litigation, regardless of whether he or she currently is, or subsequently becomes, a plaintiff in any other lawsuit, arbitration or other proceeding against any of the Released Parties asserting any of the Released Claims.

16.     The Settlement Administrator shall provide the Opt-Out List to Class Counsel and BLP Counsel no later seven (7) days after the Opt-Out and Objection Date and shall file the Opt-

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

TTA10262018 000736

Out List along with an affidavit attesting to the completeness and accuracy thereof with the Court no later than five (5) days thereafter, or another such date as the Parties may agree.

17.     Any Settlement Class Member who does not properly and timely submit an opt-out request and who wishes to object to the fairness, reasonableness or adequacy of the Agreement or the proposed Settlement or who wishes to object to the award of attorneys' fees and expenses or Plaintiff's service award must file with the Court and serve on Class Counsel and Defendant's Counsel, postmarked no later than the Opt-Out and Objection Date, a written statement of the objection signed by the Settlement Class Member containing all of the following information:

      a.   The name, address, telephone number of the Person objecting and, if represented by counsel, of his/her counsel;

      b.   A signed declaration stating that he or she is a member of the Settlement Class and in 2009 and/or 2010, received one or more facsimile advertisements sent by or on behalf of BLP;

      c.   A statement of all objections to the Settlement; and

      d.   A statement of whether he or she intends to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of his or her counsel who will attend.  Any Settlement Class Member who fails to file and serve a timely written objection and notice of his or her intent to appear at the Fairness Hearing pursuant to this Paragraph and as detailed in the Class Notice shall not be permitted to object to the approval of the Settlement at the Fairness Hearing and shall be foreclosed from seeking any review of the

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000737

Settlement or the terms of the Settlement Agreement by appeal or other means.

18.     Any objections must be appropriately filed with the Court no later than the Opt-Out and Objection Date, or alternatively they must be mailed to the Court at the address below and postmarked no later than the Opt-Out/Objection Deadline.

> Clerk of Court
> United States District Court for the Middle District of Florida
> 801 North Florida Avenue
> Tampa, Florida 33602
> Attention:     "Technology Training Associates, Inc. v. Buccaneers Limited Partnership, Case No. 8:16-cv-01622-MSS-AEP."

A copy of the objection, postmarked no later than the Opt-Out and Objection Date, must also be mailed to the Settlement Administrator at the post office box described in the Mailed Notice.

19.     No person shall be heard and no paper or brief submitted by any objector shall be received or considered by the Court unless such person has filed with the Clerk of Court and timely mailed to the Settlement Administrator, as provided above, the concise written statement of objections as described above, together with copies of any supporting materials, papers or briefs. Any Settlement Class Member who does not file a written objection in the time and manner described above shall be:  (a) deemed to have waived and forfeited any objections to the proposed Settlement; (b) foreclosed from raising any objection to the proposed Settlement at the Fairness Hearing; (c) bound by all of the terms of the Agreement and by all proceedings, orders and judgments by the Court; and (d) foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

20.     Any objecting Settlement Class Member who intends to appear at the Fairness Hearing, either with or without counsel, must also file a notice of intention to appear with the

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                  TTA10262018 000738

Court postmarked no later than the Opt-Out/Objection Deadline, which notice shall be filed with, or mailed to, the Clerk of the Court, with copy to the Settlement Administrator, as set forth above.

a. If the objecting Settlement Class Member intends to appear at the Fairness Hearing through counsel, he or she must also identify any attorney representing the objector who will appear at the Fairness Hearing and include the attorney(s) name, address, phone number, e-mail address and state bar(s) to which counsel is admitted.  Any attorney hired by a Settlement Class Member for the purpose of objecting to the Agreement or to the proposed Settlement or to the attorneys' fees and expenses will be at the Settlement Class Member's own expense; and

b. If the objecting Settlement Class Member intends to request the Court allow the Class Member to call witnesses at the Fairness Hearing, the objecting Class Member must provide a list of any such witnesses together with a brief summary of each witness's expected testimony no later than the Opt-Out/Objection Deadline.  If a witness is not identified in the notice of appearance, such witness shall not be permitted to object or appear at the Fairness Hearing.

21.    The Settlement Administrator will establish a post office box to be used for receiving requests for exclusion or objections, Claim Forms and any other communications relating to this Settlement.

22.    The Court preliminarily all members of the Settlement Class unless and until they have timely excluded themselves from the Settlement Class from (a) filing, commencing,

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000739

prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; (b) filing, commencing, participating in or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (c) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims. Any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by BLP, any other Released Person and Class Counsel as a result of the violation. This Order is not intended to prevent members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency .

23.     A hearing to determine (a) whether the Settlement Class should be finally certified pursuant to Rule 23 of the Federal Rules of Civil Procedure and (b) whether the proposed Settlement is fair, reasonable and adequate (the "Fairness Hearing") shall be conducted in the United States Courthouse, United States District Court for the Middle District of Florida, Tampa Division, Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida, Courtroom ____, commencing on _____ ___, 201_, at _____.m.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                      TTA10262018 000740

24.     The Court may reschedule the Fairness Hearing without further written notice.  If the Fairness Hearing is rescheduled from the currently scheduled date, information regarding a rescheduled Fairness Hearing will be posted on the Court's docket.

25.     Papers in support of the final approval of the Settlement, including responses to objections, shall be filed with the Court no later than seven (7) days before the Fairness Hearing.

26.      An application of Class Counsel for an award of fees and expenses shall be filed with the Court no later than fourteen (14) days before the Opt-Out and Objection Date.

27.     All discovery and other pre-trial proceedings in this Litigation are stayed and suspended pending the Fairness Hearing, except such actions as may be necessary to implement the Agreement and this Order.

28.      BLP shall file proof of compliance with the notice requirements of The Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715(b), no later than seven (7) days before the Fairness Hearing.

29.     This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (a) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Agreement or (b) the proposed Settlement is terminated in accordance with the Agreement or does not become effective as required by the terms of the Agreement for any other reason.  In any such event, the proposed Settlement and Agreement shall become null and void and be of no further force and effect, and neither the Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000741

30.     Neither the Agreement, nor any of its terms or provisions, nor any of its exhibits, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by any Defendant of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, or of the appropriateness of the certification of the Settlement Class for purposes other than for settlement.  This Order shall not be construed or used as an admission, concession or declaration by or against any of the Released Parties of any fault, wrongdoing, breach, or liability.

31.     The terms and provisions of the Agreement may be amended by agreement of the Parties in writing or with approval of the Court without further notice to the Settlement Class, if such changes are consistent with this Order and do not limit the rights of the Settlement Class.

IT IS SO ORDERED:


_____
Magistrate Judge Anthony E. Porcelli

-11-

From:         Kathleen.Lally@lw.com
To:           Jon Piper
Subject:      RE: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release
Date:         Tuesday, June 21, 2016 10:20:34 AM

Jon,

        Are we going to be able to talk soon?  If you would like to file today, the sooner I get docs to
my clients, the better.  I am free until 11.

Thanks,
Kate

---

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Tuesday, June 21, 2016 9:28 AM
**To:** Lally, Kathleen (CH)
**Subject:** Re: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release

OK. Can we push call to 1015?

*Sent from my Verizon 4G LTE Droid*
On Jun 21, 2016 9:16 AM, Kathleen.Lally@lw.com wrote:

Jon,


        In advance of our call, I revised the Settlement Agreement and drafted the PA order.
Can you also send me the PA motion for our review?  I will need to run these final drafts by
my client, but thought it might help for you to have something to review before we discuss.


Kate



**Kathleen P. Lally**


**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the

sender and delete all copies.

Latham & Watkins LLP

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

| | |
|---|---|
| **From:** | Jon Piper |
| **To:** | Kathleen.Lally@lw.com |
| **Cc:** | mark.mester@lw.com; Phil Bock; Dan Cohen - External Email; Jim Smith |
| **Subject:** | FW: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release |
| **Date:** | Tuesday, June 21, 2016 10:32:00 AM |
| **Attachments:** | NY-7719933-v13 Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release.docx |
| | CP_Redline - NY-7719933-v12 Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release and NY-7719933-v13 Technology Training.pdf |

Kate – the Settlement Agreement looks to be ready to sign. Should we use print outs of this word version to sign, or do you have a preference to recirculate a pdf version for signature? I'd just as soon go with this version. Please advise, and we can start the process of getting client signatures.

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Tuesday, June 21, 2016 9:16 AM
**To:** Jon Piper
**Subject:** Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release

Jon,

In advance of our call, I revised the Settlement Agreement and drafted the PA order.  Can you also send me the PA motion for our review?  I will need to run these final drafts by my client, but thought it might help for you to have something to review before we discuss.

Kate

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                         TTA10262018 000748

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is entered into between Plaintiffs Technology

Training Associates, Inc. and Larry E. Schwanke, D.C. d/b/a Back to Basics Family

Chiropractic and Defendant Buccaneers Limited Partnership in order to effect a full and final

settlement and dismissal with prejudice of all claims against Buccaneers Limited Partnership as

alleged in the case captioned ————————————————— **Technology**

**Training Associates, Inc., et al. v. Buccaneers Limited Partnership, Case No. 8:16-cv-**

**01622-MSS-AEP (M.D. Fla. 2016)** on the terms set forth below and to the full extent

reflected herein, subject to approval of the Court.  Capitalized terms shall have the meaning

ascribed to them in Section II of this Settlement Agreement.

## I.     RECITALS

A.     On or about May 6, 2016, Plaintiff Technology Training Associates, Inc. filed a

complaint in the Circuit Court of the 13th Judicial Circuit in and for Hillsborough County,

Florida alleging that in 2009 and 2010 BLP improperly sent advertisements by facsimile.

Technology Training Associates, Inc. sought actual damages and statutory damages under the

TCPA on behalf of itself and a proposed class of "[a]ll persons who, from July 1, 2009, to

present, were sent one or more facsimile advertisements offering group or individual game

tickets for Tampa Bay Buccaneer games, but not stating on the first page that the fax recipient

may make a request to the sender not to send any future ads and that failure to comply, within

30 days, with such a request is unlawful."

B.     The complaint filed by Technology Training Associates, Inc. addressed similar

conduct and sought to represent essentially the same class as a case pending in the United

States District Court for the Middle District of Florida before Magistrate Judge Anthony E.

Porcelli, captioned Cin-Q Automobiles, Inc., et al. v. Buccaneers Limited Partnership, et al.,

Case No. 8:13-cv-01592-AEP ("Cin-Q").  The parties in Cin-Q had been engaged in mediation

and attempting to reach a settlement for more than eight (8) months, but had been

unsuccessful.  Indeed, on April 18, 2016, BLP had filed a motion for a settlement conference

in Cin-Q, offering to waive the mediation privilege, relying on the Court's supervisory authority

under Fed. R. Civ. P. 23(g) and requesting that the Court or its designee hold a settlement

conference.  The Cin-Q plaintiffs and their counsel, however, opposed any settlement

conference before the Court or its designee, insisted that the mediator in the prior mediation

declare an impasse (which he did) and flatly refused to waive the mediation privilege.

C.      After the complaint on behalf of Technology Training Associates, Inc. was filed,

Class Counsel contacted BLP Counsel and indicated that they were aware of and had reviewed

the motion for a settlement conference filed by BLP in Cin-Q and understood that Cin-Q's

counsel had opposed that motion and had filed a notice of impasse.  Class Counsel then asked

if BLP would have any interest in an early mediation of the new case, pointing out that the

parties in that case would apparently be required to engage in alternative dispute resolution

under the applicable court rules.  The Parties agreed to a mediation and scheduled an initial

mediation session for May 19, 2016.

D.      Prior to the May 19, 2016 mediation, however, Plaintiff Technology Training

Associates, Inc. dismissed, without prejudice, the complaint filed in Hillsborough County,

Florida due to efforts by counsel for the plaintiffs in Cin-Q to interfere with the Parties'

mediation and settlement discussion.  Class Counsel indicated to BLP, however, that they were

maintaining the claims and that they intended to formally re-file that complaint once settlement

discussions had concluded, whether or not those discussions resulted in a settlement.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                          TTA10262018 000750

E.      Thereafter, the Parties participated in a full-day mediation on May 19, 2016 in Tampa, Florida before mediator Peter Grilli.  The Parties were not able to reach a settlement during that mediation, but made progress and agreed to continue negotiations.

F.      The Parties continued their settlement discussions in a second full-day mediation session on June 1, 2016 in Tampa, Florida with Mr. Grilli.  At the end of that mediation session, the Parties had reached an agreement in principle that would resolve the claims in Plaintiffs' Complaint on a class-wide basis, subject to finalization of a mutually-agreeable settlement agreement and subject to court approval.

G.      On or about ~~——————~~**June 20, 2016**, Plaintiffs filed their Complaint in the United States District Court for the Middle District of Florida, alleging that in 2009 and 2010 BLP improperly sent advertisements by facsimile, seeking actual damages, as well as statutory damages under the TCPA on behalf of themselves and a proposed class of "~~————————————~~**[a]ll persons who, in 2009 or 2010, received one or more facsimile advertisements sent by or on behalf of BLP and offering tickets for Tampa Bay Buccaneer games**."

H.      BLP denies all material allegations in the Litigation and have asserted a variety of affirmative defenses.  BLP specifically denies that it has engaged in any wrongdoing whatsoever, that it has any liability in connection with the claims asserted or that could have been asserted in the Litigation and further deny that the claims in the Litigation can properly be maintained as a class action, other than for the purposes of settlement.

I.      Plaintiffs and Class Counsel have conducted an examination of the facts and documents relating to the Litigation, including documents and information produced by BLP prior to and during mediation, and have concluded that this Settlement provides substantial

3

benefits to Plaintiffs and the Settlement Class and resolves all issues that were or could have been raised in the Litigation without prolonged litigation and the risks and uncertainties inherent in litigation.  Plaintiffs, Class Counsel and Mr. Grilli have further concluded that this Settlement is fair, reasonable, adequate and in the best interest of the Settlement Class.

J.      BLP denies each and every allegation of wrongdoing, liability and damages that were or could have been asserted in the Litigation and further deny that the claims in the Litigation would be appropriate for class treatment if the Litigation were to proceed through litigation and trial.  Nonetheless, without admitting or conceding any wrongdoing, liability or damages or the appropriateness of Plaintiffs' claims or similar claims for class treatment, BLP consents to the Settlement solely to avoid the expense, inconvenience and inherent risk of litigation as well as continued disruption of their business operations.

K.      Nothing in this Settlement or Settlement Agreement shall be construed as an admission or concession by BLP of the truth of any allegations raised in the Litigation or of any fault, wrongdoing, liability or damages of any kind.

L.      This Settlement Agreement, its terms, documents related to it and the negotiations or proceedings connected with it shall not be offered or received into evidence in the Litigation or in any other action or proceeding to establish any liability or admission by BLP.

**NOW**, **THEREFORE**, in consideration of the foregoing and the mutual covenants, promises and general releases set forth below and subject to preliminary and final approval of the Court, the Parties hereby agree as follows:

## II.      DEFINITIONS

As used herein, the following terms have the meanings set forth below.

4

A.    "Attorneys' Fee Award" means the Court-approved award to Class Counsel as defined in Section VI, Paragraph A and payable from the Net Settlement Fund.

B.    "Available Award Total" means the amount of money in the Net Settlement Fund available to pay such Awards.

C.    "Award" means the cash compensation that Settlement Class Members who submit Valid Claims shall be entitled to receive as detailed in Sections IV and VIII and payable from the Net Settlement Fund.

D.    "BLP" shall mean Defendant Buccaneers Limited Partnership.

E.    "BLP Counsel" means Latham & Watkins LLP and Holland & Knight.

F.    "CAFA Notices" means the notice of this settlement to be served upon State and Federal regulatory authorities as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

G.    "Claim Deadline" means the date by which Class Members must submit Claims Forms to be eligible for the benefits described herein, which date will be specified in the Class Notice.

H.    "Claim Form" means the claim form that Settlement Class Members must complete and submit on or before the Claim Deadline to be eligible for the benefits described herein, which shall be without material alteration from Exhibit A.  Claim Forms will be processed after the Effective Date.

I.    "Class Counsel" means Phillip A. Bock, Jonathan B. Piper and Daniel J. Cohen of Bock, Hatch, Lewis & Oppenheim, LLC.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                            TTA10262018 000753

J.      "Class Notice" means the Court-approved forms of notice to the Settlement Class, which will notify members of the Settlement Class of entry of the Preliminary Approval Order and the scheduling of the Fairness Hearing, among other things.

K.      "Court" means the United States District Court for the Middle District of Florida.

L.      "Days" means calendar days, except that when computing any period of time prescribed or allowed by this Settlement Agreement, the day of the act, event or default from which the designated period of time begins to run shall not be included.  Furthermore, when computing any period of time prescribed or allowed by this Settlement Agreement, the last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a Federal or State of Florida legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday or Federal or State of Florida legal holiday.

M.      "Effective Date" means the date defined in Section XIII.

N.      "Fairness Hearing" means the hearing at which the Court orders final approval of the Settlement.

O.      "Final" means final as defined in Section XIII, Paragraph B.

P.      "Final Order and Judgment" means a final order entered by the Court after the Fairness Hearing, granting approval of the Settlement as further described in Section XI.

Q.      "Incentive Award" means the Court-approved award, if any, to the individual class representative as defined in Section VI, Paragraph B and payable from the Net Settlement Fund.

6

R.     "Litigation" means the action captioned

~~————————————————————————.~~**Technology Training Associates, Inc., et al. v.**

**Buccaneers Limited Partnership, Case No. 8:16-cv-01622-MSS-AEP (M.D. Fla. 2016).**

S.     "Mailed Notice" shall mean the notice of the settlement provided to the

Settlement Class by first class mail, postage pre-paid, which shall be without material alteration

from Exhibit B.

T.     "Net Settlement Fund" means the Settlement Fund, less the amounts paid for the

Attorneys' Fee Award and Incentive Awards, as described in more detail in Section IV.

U.     "Notice And Administration Costs" means the reasonable and authorized costs

and expenses of the Settlement Class Notice Program and all reasonable and authorized costs

and expenses incurred by the Settlement Administrator or BLP in administering the Settlement,

including but not limited to costs and expenses associated with assisting members of the

Settlement Class, processing claims, escrowing funds, issuing and mailing the benefits provided

by the Settlement and other reasonable and authorized fees and expenses of the Settlement

Administrator.

V.     "Notice Date" means the first day on which the Settlement Administrator begins

disseminating the Class Notice.

W.     "Opt-Out" shall refer to a member of the Settlement Class who properly and

timely submits a request for exclusion from the Settlement Class as set forth in Section IX,

Paragraph B.  An Opt-Out may rescind a request for exclusion by submitting a Claim Form to

the Settlement Administrator to obtain benefits under the Settlement.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                        TTA10262018 000755

X.      "Opt-Out List" shall refer to the list compiled by the Settlement Administrator identifying those who properly and timely submit a request for exclusion from the Settlement Class and become Opt-Outs.

Y.      "Opt-Out and Objection Date" means the date by which a request for exclusion must be filed with the Settlement Administrator in order for a member of the Settlement Class to be excluded from the Settlement Class, and the date by which Settlement Class Members must file objections, if any, to the Settlement.

Z.      "Parties" means Plaintiffs and Settlement Class Members together with BLP. Plaintiffs and Settlement Class Members shall be collectively referred to as one "Party," with BLP as the other "Party."

AA.     "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, member, joint stock company, estate, legal representative, trust, unincorporated association, any business or legal entity and such individual's or entity's spouse, heirs, predecessors, successors, representatives and assignees.

BB.     "Plaintiffs" means Technology Training Associates, Inc. and Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic.

CC.     "Preliminary Approval Date" means the date the Preliminary Approval Order has been executed and entered by the Court and received by counsel for the Parties.

DD.     "Preliminary Approval Order" means the order defined in Section X and entered by the Court preliminary approving the Settlement.

EE.     "Release" means the release and discharge, as of the Effective Date, by Plaintiffs and all Settlement Class Members (and their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER      TTA10262018 000756

successors), who have not excluded themselves from the Settlement Class, of the Released

Persons and shall include the agreement and commitment by Plaintiffs and all Settlement Class

Members to not now or hereafter initiate, maintain or assert against the Released Persons or

any of them any and all causes of action, claims, rights, demands, actions, claims for damages,

equitable, legal and/or administrative relief, interest, demands or rights, including without

limitation, claims for damages of any kind, including those in excess of actual damages,

whether based on federal, state or local law, statute, ordinance, regulation, contract, common

law or any other sources that have been, could have been, may be or could be alleged or

asserted now or in the future by Plaintiffs or any Settlement Class Members against the

Released Persons, or any of them, in the Litigation or in any other court action or before any

administrative body (including any regulatory entity or organization), tribunal, arbitration panel

or other adjudicating body arising out of or related to the Released Claims.

   FF. "Released Claims" means any and all claims, actions, causes of action, rights,

demands, suits, debts, liens, contracts, agreements, offsets or liabilities, including but not

limited to statutory consumer protection claims, tort claims, conversion claims, negligence

claims, claims for breach of contract, breach of the duty of good faith and fair dealing, breach

of statutory duties, actual or constructive fraud, misrepresentations, fraudulent inducement,

statutory and consumer fraud, breach of fiduciary duty, unfair business or trade practices,

conversion, restitution, rescission, compensatory and punitive damages, injunctive or

declaratory relief, attorneys' fees, interests, costs, penalties and any other claims, whether

known or unknown, alleged or not alleged in the Litigation, suspected or unsuspected,

contingent or matured, under federal, state or local law, which Plaintiffs and/or any Settlement

Class Member had, now have or may in the future have with respect to any conduct, act,

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                       TTA10262018 000757

omissions, facts, matters, transactions or oral or written statements or occurrences on or prior to the Preliminary Approval Date arising from or relating to facsimile advertisements offering tickets for Tampa Bay Buccaneer games sent in 2009 or 2010 by and/or on behalf of the Released Persons, FaxQom and/or any entities hired directly or indirectly by FaxQom to the Releasing Persons, including, without limitation, the causes of action and allegations made by Plaintiffs in the Litigation as well as claims and allegations that the Released Persons violated any consumer protection, deceptive trade practices acts, privacy laws, the TCPA and/or common law of any state or the District of Columbia.

GG.    "Released Persons" means BLP, its affiliates, past, present and future direct and indirect predecessors, successors, assigns, parents, subsidiaries, affiliates, joint venturers, partnerships, limited liability companies, corporations, unincorporated entities, divisions, groups, directors, officers, shareholders, members, employees, partners, agents, insurers and attorneys. Released Persons does not include FaxQom or any entities hired by FaxQom to send facsimile advertisements offering tickets for Tampa Bay Buccaneer games.

HH.    "Releasing Persons" means Plaintiffs and all Settlement Class Members, and the respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors of each of Plaintiffs and Settlement Class Members.

II.    "Settlement" means the settlement set forth in this Settlement Agreement.

JJ.    "Settlement Administrator" means the independent professional service company to be selected by the Parties, subject to approval of the Court, which will administer Class Notice, administer the Settlement in accordance with this Settlement Agreement, maintain the

10

Settlement Website and engage in any other tasks directed by the Court, Class Counsel or BLP Counsel.

KK.    "Settlement Agreement" or "Agreement" means this Settlement Agreement and Release, including all exhibits hereto.

LL.    "Settlement Class" means all Persons who fall within the definition of the class identified in Section III, Paragraph A.

MM.    "Settlement Class Members" means all Persons in the Settlement Class who do not exclude themselves (i.e., become Opt-Outs) pursuant to Section IX, Paragraph A.

NN.    "Settlement Class Notice Program" means the process devised by the Parties and the Settlement Administrator, and approved by the Court, for notifying the Settlement Class of the Settlement and Settlement Agreement.

OO.    "Settlement Fund" means $19,500,000 as described in more detail in Section IV.

PP.    "Settlement Website" means the dedicated website created and maintained by the Settlement Administrator, which will contain relevant documents and information about the Settlement, including this Settlement Agreement, the Class Notice and the Claim Form.

QQ.    "TCPA" means the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227.

RR.    "Valid Claim" means a timely and fully completed Claim Form submitted by a Settlement Class Member as more fully described in Section VIII.

SS.    The plural of any defined term includes the singular, and vice versa, as made necessary in context.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000759

### III.   PROPOSED CLASS FOR SETTLEMENT PURPOSES

A.     Pursuant to Fed. R. Civ. P. 23, the Parties hereto agree to certification, for

settlement purposes only, of the following Settlement Class:

> All persons who, in 2009 or 2010, received one or more facsimile advertisements sent by or on behalf of BLP and offering tickets for Tampa Bay Buccaneer games.

> Specifically excluded from the Settlement Class are the following Persons:

> (i)     BLP and its respective parents, subsidiaries, divisions, affiliates, associated entities, business units, predecessors in interest, successors, successors in interest and representatives and each of their respective immediate family members;

> (ii)    Class Counsel; and

> (iii)   The judges who have presided over the Litigation and any related cases.

B.     Solely for the purpose of implementing this Settlement Agreement and

effectuating the Settlement, the Parties stipulate to the entry of an order preliminarily certifying

the Settlement Class, appointing Plaintiffs as representative of the Settlement Class and

appointing the following as counsel for the Settlement Class:

> Phillip A. Bock
> Jonathan B. Piper
> Daniel J. Cohen
> Bock, Hatch, Lewis & Oppenheim, LLC
> 134 North La Salle Street, Suite 1000
> Chicago, Illinois 60602
> Telephone:  (312) 658-5500
> Facsimile:  (312) 658-5555

C.     Solely for the purpose of implementing this Settlement Agreement and

effectuating the Settlement, the Parties stipulate to the Court entering an order preliminarily

finding that Plaintiffs and Class Counsel are adequate representatives of the Settlement Class.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                    TTA10262018 000760

D.      In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in any material respect (including with respect to the Settlement Class Notice Program) by the Court, or such approval is reversed, vacated or modified in any material respect by the Court or by any other court, the certification of the Settlement Class shall be deemed vacated, the Litigation shall proceed as if the Settlement Class had never been certified and no reference to the Settlement Class, this Settlement Agreement or any other Settlement documents, shall be made for any purpose in the Litigation or in any other action or proceeding.

## IV.    BENEFITS TO THE CLASS

A.      Pursuant to the terms and conditions set forth in this Agreement, BLP agrees to fund a Settlement Fund of up to $19,500,000, which will be used to pay all Awards, Attorneys' Fee Awards and Incentive Awards.

B.      Subject to the terms of this Agreement, Settlement Class Members who received one or more unsolicited facsimile advertisements sent by or on behalf of BLP and who submit a Valid Claim shall be eligible to receive up to:

    (i)      $350 for the first such facsimile;

    (ii)     $100 for the second such facsimile;

    (iii)    $75 for the third such facsimile;

    (iv)     $20 for the fourth such facsimile; and

    (v)      $20 for the fifth such facsimile.

C.      No later than seven (7) Days after the Parties have resolved any disputes regarding rejected claims, the Settlement Administrator will provide Class Counsel and BLP Counsel with a report identifying the total of the Awards and the amount of money in the Net

13

Settlement Fund available to pay such Awards ("Available Award Total").  If the Awards exceed the Available Award Total, the Awards to the Settlement Class Members who submitted Valid Claims will be reduced on a pro rata basis until the Awards equal the Available Award Total.

D.     Without admitting wrongdoing or liability and solely to avoid the cost and disruption of further litigation, BLP further agrees to not send any unsolicited, facsimile advertisements that do not otherwise comply with the TCPA.

## V.     THE SETTLEMENT FUND

A.     BLP shall have no obligation to make any payments under this Settlement Agreement until the Court enters a Preliminary Approval Order.  Once the Court enters a Preliminary Approval Order, BLP shall pay reasonable Notice and Administration Costs arising under this Settlement Agreement by making such payments directly to the Settlement Administrator (or to such other party incurring such costs) as those costs are incurred and payment becomes due.

B.     Within forty-five (45) Days of the Effective Date, BLP will cause an amount sufficient to cover all Valid Claims, Attorneys' Fees and Costs and Incentive Awards, but not to exceed $19,500,000, to be transferred into an interest-bearing bank account (the "Settlement Account") designated by the Settlement Administrator.  Any interest that accrues on the Settlement Fund in the Settlement Account will be added to the Settlement Fund.

C.     Any amounts remaining in the Settlement Fund following disbursement of all Awards, Attorneys' Fee Award and Incentive Awards shall revert in full to BLP.

14

D.      Under no circumstances shall BLP be obligated to pay more under this Settlement Agreement than $19,500,000 to the Settlement Fund, excluding costs for Notice and Administration Costs.

## VI.      ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARDS

A.      Class Counsel will apply to the Court for an aggregate award of attorneys' fees and reimbursement of costs in an amount not to exceed in total 25% of the Settlement Fund and to be paid from the Settlement Fund.  BLP will not oppose Class Counsel's application for said award of fees, costs and expenses.  Class Counsel agree that once BLP has funded the Settlement Fund, BLP's obligations to Class Counsel shall be fully satisfied and discharged, Class Counsel shall have no further or other claim against BLP, including but not limited to any attorneys' lien claim, and that BLP shall have fully discharged their obligation to pay fees, costs and expenses to any lawyers claiming to represent the interests of the Settlement Class.

B.      Plaintiffs will apply for Incentive Awards in an amount to be paid from the Settlement Fund.  Plaintiff Technology Training Associates shall apply for an award of $20,000 and Plaintiff Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic shall apply for $3,000.  Plaintiffs agree that once BLP has funded the Settlement Fund and paid Notice and Administration Costs, BLP's obligations to Plaintiffs and the Settlement Class shall be fully satisfied and discharged, and Plaintiffs and the Settlement Class shall have no further or other claim against BLP.

C.      Any order or proceedings relating to the applications for the Attorneys' Fee Award and the Incentive Awards, or any appeal from any order relating thereto or reversal or modification thereof, will not operate to terminate or cancel this Agreement or affect or delay

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                          TTA10262018 000763

the finality of Final Order and Judgment approving the Settlement Agreement and the

Settlement.

## VII.   SETTLEMENT CLASS NOTICE PROGRAM

A.      The Parties agree the following Settlement Class Notice Program provides

reasonable notice to the Settlement Class.

B.      BLP will bear all Notice and Administration Costs.

C.      ~~The~~Prior to the hearing on Preliminary Approval, the Parties ~~have agreed~~

~~to have~~ _____ will submit an agreed-upon administrator to serve as the

Settlement Administrator and will request that the Court appoint _____ ~~as~~that

Settlement Administrator.  Once approved by the Court, the Settlement Administrator will be

an agent of the Court and will be subject to the Court's supervision and direction as

circumstances may require.  The Settlement Administrator will be responsible for administering:

        (i)      The CAFA Notice as required by statute;

        (ii)     The Settlement Class Notice Program as set forth below;

        (iii)    The Settlement Website; and

        (iv)     The claims' process set forth in Section VIII as well as any

additional processes agreed to by Class Counsel and BLP Counsel and subject

to the Court's supervision and direction as circumstances may require.

D.      Within ten (10) Days of the Preliminary Approval Date, the Parties shall provide

to the Settlement Administrator records identifying the fax numbers to which the facsimile

advertisements offering tickets for Tampa Bay Buccaneer games were sent.  The Settlement

Administrator will then use these records to determine the mailing addresses for as many

members of the Settlement Class as possible.  The Parties will work cooperatively with the

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000764

Settlement Administrator to mutually-agree upon the most practicable methods under the circumstances by which the addresses of the members of the Settlement Class can be derived. The mailing addresses will be updated with the National Change of Address Database maintained by the United States Postal Service before mailing.

E.      No later than 30 Days after the Preliminary Approval Date, the Settlement Administrator shall create the Settlement Website.  The Settlement Website shall provide information and relevant documents related to this Settlement, including but not limited to, the following:  applicable deadlines; Mailed Notice; a downloadable Claim Form that may be submitted by U.S. Mail; FAQs and answers; orders of the Court pertaining to the Settlement; this Agreement; and contact address for questions.  Class Counsel and the BLP Counsel shall agree on all information and documents to be posted on the Settlement Website.  The Claim Form shall be removed from the Settlement Website five (5) Days after the Claim Deadline has passed.  The Settlement Website will be deactivated at a time agreed upon by the Parties.

F.      No later than sixty (60) Days after the Preliminary Approval Date, the Settlement Administrator will mail the Court-approved Mailed Notice (Exhibit B) to all members of the Settlement Class whose addresses were derived as part of the process described in Paragraph D above.

G.      No later than sixty (60) Days after the Preliminary Approval Date, the Settlement Administrator will cause notice to be published in a manner that satisfies due process when considered in conjunction with the mailed notice portion of the Settlement Class Notice Program discussed in Paragraphs D and F above.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                    TTA10262018 000765

H.      Prior to the Fairness Hearing, the Settlement Administrator shall provide to the Court documentation reflecting that the Settlement Class Notice Program has been executed in accordance with the Settlement Agreement and Preliminary Approval Order.

I.      The Settlement Administrator, Class Counsel or any Person acting on behalf of Class Counsel shall not provide or publish any form of notice other than the agreed-upon Class Notice without prior written approval of the content of any such notice by BLP Counsel.

## VIII.   CLAIMS PROCESS AND PAYMENTS TO SETTLEMENT CLASS MEMBERS

A.      Class Notice shall be sent to all Settlement Class Members for whom the Settlement Administrator is able to determine a mailing address.

B.      To file a Valid Claim, Settlement Class Members must:

(i)      Complete a Claim Form, providing all of the information required by the Settlement Agreement and the Claim Form;

(ii)     Sign the Claim Form under penalty of perjury; and

(iii)    Return the completed and signed Claim Form to the Settlement Administrator on or before the Claim Deadline.

Only Settlement Class Members who submit Valid Claims shall be entitled to an Award.

C.      The Settlement Administrator shall be responsible for reviewing all claims to determine their validity.

(i)      Any claim that is not substantially in compliance with the instructions on the Claim Form or the terms of this Settlement Agreement or is postmarked later than the Claim Deadline shall be rejected.

(ii)     Following the Claim Deadline, the Settlement Administrator shall provide a report of any rejected claims to BLP Counsel and Class Counsel.  If

18

Class Counsel do not agree with the rejection of a claim, they shall bring it to the attention of BLP Counsel, and the Parties shall meet and confer and attempt, in good faith, to resolve any dispute regarding the rejected claim.  Following their meet and confer, the Parties will provide the Settlement Administrator with their positions regarding the disputed, rejected claim.  The Settlement Administrator, after considering the positions of the Parties and, if appropriate, seeking any additional information from the Settlement Class Member, will make the final decision in its sole discretion, subject only to review by the Court.

D.      BLP shall have the right to audit Claim Forms for validity and fraud.  In the event that BLP determines that a Claim Form is invalid or fraudulent and should be rejected, they shall bring it to the attention of Class Counsel, and the Parties shall meet and confer and attempt, in good faith, to resolve any dispute regarding the rejected claim.  Following their meet and confer, the Parties will provide the Settlement Administrator with their positions regarding the disputed, rejected claim.  The Settlement Administrator, after considering the positions of the Parties and, if appropriate, seeking any additional information from the Settlement Class Member, will make the final decision in its sole discretion, subject only to review by the Court.

E.      At any time during the claims' process, if the Settlement Administrator has a reasonable suspicion of fraud, the Settlement Administrator shall immediately notify both Class Counsel and BLP Counsel of that fact and the basis for its suspicion.  Class Counsel and BLP Counsel shall endeavor to reach an agreed-upon solution to any suspected fraud and, if necessary, BLP may suspend the claims process, and the Parties will promptly seek assistance from the Court.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

TTA10262018 000767

F.      As soon as practicable after the Effective Date, the Settlement Administrator

shall cause the Awards in the form of checks to be distributed to members of the Settlement

Class, and shall remit the Attorneys' Fee Award and Incentive Award as approved by the

Court.

## IX.   OBJECTIONS AND OPT-OUT RIGHTS

A.      Any Settlement Class Member who intends to object must do so on or before

the Opt-Out and Objection Date.  In order to object, the Settlement Class Member must

include in the objection submitted to the Court and served on Class Counsel and BLP Counsel

the following:

(i)      The name, address, telephone number of the Person objecting

and, if represented by counsel, of his/her counsel;

(ii)     A signed declaration stating that he or she is a member of the

Settlement Class and in 2009 and/or 2010, received one or more facsimile

advertisements sent by or on behalf of BLP;

(iii)    A statement of all objections to the Settlement; and

(iv)     A statement of whether he or she intends to appear at the

Fairness Hearing, either with or without counsel, and if with counsel, the name

of his or her counsel who will attend.  Any Settlement Class Member who fails

to file and serve a timely written objection and notice of his or her intent to

appear at the Fairness Hearing pursuant to this Paragraph and as detailed in the

Class Notice shall not be permitted to object to the approval of the Settlement

at the Fairness Hearing and shall be foreclosed from seeking any review of the

Settlement or the terms of the Settlement Agreement by appeal or other means.

20

B.      A member of the Settlement Class who wishes to opt out of the Settlement Class must complete and send to the Settlement Administrator a request for exclusion that is post-marked no later than the Opt-Out and Objection Date.  The request for exclusion must be personally signed by the member of the Settlement Class requesting exclusion, contain a statement that indicates his or her desire to be excluded from the Settlement Class and contain a statement that he or she is otherwise a member of the Settlement Class.  A member of the Settlement Class may opt-out on an individual basis only.  So-called "mass" or "class" opt-outs, whether filed by third parties on behalf of a "mass" or "class" of class members or multiple class members where no personal statement has been signed by each and every individual class members, shall not be allowed.

C.      Except for those members of the Settlement Class who timely and properly file a request for exclusion, all members of the Settlement Class will be deemed to be Settlement Class Members for all purposes under the Settlement Agreement, and upon the Effective Date, will be bound by its terms, regardless of whether they file a Claim Form or receive any monetary relief.

D.      Any member of the Settlement Class who properly opts out of the Settlement Class shall not:  (i) be bound by any orders or judgments entered in the Litigation or relating to the Settlement; (ii) be entitled to relief under, or be affected by, the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement.

E.      The Settlement Administrator shall provide Class Counsel and BLP Counsel with the Opt-Out List within seven (7) Days after the Opt-Out and Objection Date.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                               TTA10262018 000769

## X.   PRELIMINARY APPROVAL PROCESS AND CLASS NOTICE

After execution of this Settlement Agreement, Class Counsel shall promptly move the Court for a Preliminary Approval Order preliminarily approving the Settlement and the Settlement Class Notice Program.  The Preliminary Approval Order will:

A.   Preliminarily approve this Settlement Agreement.

B.   Preliminarily certify the Settlement Class.

C.   Find that the proposed Settlement is sufficiently fair, reasonable and adequate to warrant providing notice to the Settlement Class, which notice will: (i) describe the essential terms of the Settlement; (ii) disclose any special benefits or incentives to the Class Representatives; (iii) provide information regarding the Attorneys' Fee Award; (iv) indicate the time and place of the hearing to consider final approval of the Settlement, and the method for objection to and/or opting out of the Settlement; (v) explain the procedures for allocating and distributing the Settlement Fund; and (vi) prominently display the address of Class Counsel and the procedure for making inquiries.

D.   Schedule a Fairness Hearing on final approval of this Settlement and Settlement Agreement to consider the fairness, reasonableness and adequacy of the proposed Settlement and whether it should be finally approved by the Court.

E.   Appoint the Settlement Administrator.

F.   Approve the Class Notice, and direct the Settlement Administrator to disseminate the Class Notice in accordance with the Settlement Class Notice Program.

G.   Find that the Settlement Class Notice Program:  (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and of their right to object to or to exclude themselves from the

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000770

proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all Persons entitled to receive notice; and (iv) meets all requirements of applicable law.

H.      Require the Settlement Administrator to file proof of compliance with the Settlement Class Notice Program at or before the Fairness Hearing.

I.      Approve the Claim Form and set a Claim Deadline.

J.      Require any member of the Settlement Class who wishes to exclude himself or herself from the Settlement Class to submit an appropriate, timely request for exclusion, postmarked no later than the Opt-Out and Objection Date, or as the Court may otherwise direct, to the Settlement Administrator at the address on the Class Notice.

K.      Order that any member of the Settlement Class who does not submit a timely, written request for exclusion from the Settlement Class (i.e., becomes an Opt-Out) will be bound by all proceedings, orders and judgments in the Litigation, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

L.      Require any Settlement Class Member who does not become an Opt-Out and who wishes to object to the fairness, reasonableness or adequacy of this Settlement or Settlement Agreement to file with the Court and serve on Class Counsel and BLP Counsel no later than the Opt-Out and Objection Date, or as the court may otherwise direct, a statement of the objection signed by the Settlement Class Member containing all of the following information:

(i)      The objector's name, address, telephone number and, if represented by counsel, of his/her counsel;

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000771

        (ii)     A declaration stating that he or she is a member of the Settlement Class and received one or more unsolicited facsimile advertisements offering tickets for Tampa Bay Buccaneer games;

        (iii)    A statement of all objections to the Settlement; and

        (iv)    A statement of whether the objector intends to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of counsel who will attend.

M.     Order that any response to an objection shall be filed with the Court no later than seven (7) Days prior to the Fairness Hearing.

N.     Specify that any Settlement Class Member who does not file a timely written objection to the Settlement or who fails to otherwise comply with applicable requirements shall be foreclosed from seeking any adjudication or review of this Settlement by appeal or otherwise.

O.     Require that any attorney, hired by a Settlement Class Member for the purpose of objecting to the proposed Settlement, the Attorneys' Fee Award or the Incentive Award and who intends to make an appearance at the Fairness Hearing, shall provide to the Settlement Administrator (who shall forward it to Class Counsel and BLP Counsel) and file with the Clerk of the Court a notice of intention to appear no later than the Opt-Out and Objection Date or as the Court may otherwise direct.

P.     Require any Settlement Class Member who files and serves a written objection and who intends to make an appearance at the Fairness Hearing to so state in their objection papers or as the Court otherwise may direct.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                        TTA10262018 000772

Q.      Direct the Settlement Administrator to establish a post office box in the name of the Settlement Administrator to be used for receiving requests for exclusion and any other communications, and providing that only the Settlement Administrator, Class Counsel, BLP Counsel, the Court, the Clerk of the Court and their designated agents shall have access to this post office box, except as otherwise provided in this Settlement Agreement.

R.      Direct that Class Counsel shall file their applications for the Attorneys' Fee Award and Plaintiffs' Incentive Award at least fourteen (14) Days prior to the Opt-Out and Objection Date.

S.      Order the Settlement Administrator to provide the Opt-Out List to Class Counsel and BLP Counsel no later than seven (7) Days after the Opt-Out and Objection Date and then file with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy thereof no later than five (5) Days thereafter or on such other date as the Parties may direct.

T.      Preliminarily enjoin all members of the Settlement Class unless and until they have timely excluded themselves from the Settlement Class from (i) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; (ii) filing, commencing, participating in or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims

25

and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (iii) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims.  Any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by BLP, any other Released Person and Class Counsel as a result of the violation.  This Settlement Agreement is not intended to prevent members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency.

U.     Contain any additional provisions agreeable to the Parties that might be necessary or advisable to implement the terms of this Settlement Agreement and the proposed settlement.

## XI.     FINAL ORDER AND JUDGMENT AND RELEASES

A.     If this Settlement Agreement (including any modification thereto made with the consent of the Parties as provided for herein) is approved by the Court following the Fairness Hearing scheduled by the Court in its Preliminary Approval Order, the Parties shall request the Court to enter a Final Order and Judgment pursuant to the Federal Rules of Civil Procedure and all applicable laws that, among other things:

(i)     Finds that the Court has personal jurisdiction over Plaintiffs and all Settlement Class Members and that the Court has subject matter jurisdiction to approve this Settlement and Settlement Agreement and all exhibits thereto;

(ii)     Certifies a Settlement Class solely for purposes of this Settlement;

26

          TTA10262018 000774

(iii)    Grants final approval to this Settlement Agreement as being fair, reasonable and adequate as to all Parties and consistent and in compliance with all requirements of due process and applicable law, as to and in the best interests of all Parties and directs the Parties and their counsel to implement and consummate this Settlement Agreement in accordance with its terms and provisions;

(iv)    Declares this Settlement Agreement and the Final Order and Judgment to be binding on and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of Plaintiffs and all Settlement Class Members, as well as their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors;

(v)    Finds that the Settlement Class Notice Program:  (1) constituted the best practicable notice; (2) constituted notice that was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Litigation, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing and of their right to seek monetary and other relief; (3) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (4) met all requirements of due process and any other applicable law;

(vi)    Approves the Claim Form that was distributed to the Settlement Class;

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000775

(vii)   Finds that Class Counsel and Plaintiffs adequately represented the Settlement Class for purposes of entering into and implementing the Settlement and Settlement Agreement;

(viii)   Dismisses the Litigation now pending before the Court on the merits and with prejudice and without fees or costs except as provided herein, in accordance with the terms of the Final Order and Judgment;

(ix)   Adjudges that Plaintiffs and the Settlement Class have conclusively compromised, settled, dismissed and released any and all Released Claims against BLP and the Released Persons;

(x)   Approves payment of the Attorneys' Fee Award and Incentive Awards as determined by the Court;

(xi)   Without affecting the finality of the Final Order and Judgment for purposes of appeal, reserves jurisdiction over the Settlement Administrator, BLP, Plaintiffs and the Settlement Class Members as to all matters relating to the administration, consummation, enforcement and interpretation of the terms of the Settlement, the Settlement Agreement and Final Order and Judgment and for any other necessary purposes;

(xii)   Provides that upon the Effective Date, Plaintiffs and all Settlement Class Members, whether or not they return a Claim Form within the time and in the manner provided for, shall be barred from asserting any Released Claims against BLP and/or any Released Persons, and any such Settlement Class Members shall have released any and all Released Claims as against BLP and all Released Persons;

28

(xiii)   Determines that the Settlement Agreement and the Settlement provided for therein and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by BLP or any Released Persons or of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to this Settlement Agreement and the Settlement provided for therein in such proceedings solely as may be necessary to effectuate the Settlement Agreement;

(xiv)   Bars and permanently enjoins all Settlement Class Members from (1) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (2) organizing Settlement Class Members who have not excluded themselves from the Settlement Class into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency;

29

(xv)    States that any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by BLP and/or any other Released Persons and Class Counsel as a result of the violation;

(xvi)    Approves the Opt-Out List and determines that the Opt-Out List is a complete list of all members of the Settlement Class who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment, except for Opt-Outs who subsequently elect to submit Claim Forms during the Claim Period; and

(xvii)    Authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of this Settlement Agreement and all exhibits hereto as (1) shall be consistent in all material respects with the Final Order and Judgment; and (2) do not limit the rights of the Parties or Settlement Class Members.

B.    As of the Effective Date, the Releasing Persons are deemed to have fully released and forever discharged the Released Persons of and from all Released Claims by operation of entry of the Final Order and Judgment.

(i)    Subject to Court approval, all Settlement Class Members who have not excluded themselves from the Settlement Class shall be bound by this Settlement Agreement and the Release and all of their claims shall be dismissed with prejudice and released, irrespective of whether they received actual notice of the Litigation or this Settlement.

(ii)    Without in any way limiting the scope of the Release, this Release covers any and all claims for attorneys' fees, costs or disbursements incurred by

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

TTA10262018 000778

Class Counsel or any other counsel representing Plaintiffs or Settlement Class

Members, or any of them, in connection with or related in any manner to the

Litigation, the Settlement, the administration of such Settlement and/or the

Released Claims as well as any and all claims for the Incentive Award to

Plaintiffs and the Attorneys' Fee Award to Class Counsel.

(iii)    The Releasing Persons and the Released Persons expressly

acknowledge that they are familiar with principles of law such as Section 1542

of the Civil Code of the State of California, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH
THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS
OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE,
WHICH IF KNOWN BY HIM OR HER MIGHT HAVE MATERIALLY
AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Notwithstanding California or other law, the Releasing Persons and the Released Persons

hereby expressly agree that the provisions, rights and benefits of Section 1542 and all similar

federal or state laws, rights, rules or legal principles of any other jurisdiction that may be

applicable herein are hereby knowingly and voluntarily waived, released and relinquished to the

fullest extent permitted by law solely in connection with unknown claims that are the same as,

substantially similar to, or overlap the Released Claims, and the Releasing Persons and the

Released Persons hereby agree and acknowledge that this is an essential term of the Releases.

In connection with the Release, the Releasing Persons and the Released Persons acknowledge

that they are aware that they may hereafter discover claims presently unknown and unsuspected

or facts in addition to or different from those which they now know or believe to be true with

respect to matters released herein, and that such claims, to the extent that they are the same as,

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000779

substantially similar to, or overlap the Released Claims, are hereby released, relinquished and discharged.

        (iv)     Nothing in the Releases shall preclude any action to enforce the terms of this Settlement Agreement, including participation in any of the processes detailed herein.

## XII.    WITHDRAWAL FROM OR TERMINATION OF SETTLEMENT

A.    Within fifteen (15) Days after the occurrence of any of the following events and upon written notice to counsel for all Parties, a Party shall have the right to withdraw from the Settlement and terminate this Settlement Agreement:

        (i)     If the Court declines to approve the Settlement Agreement as written or if on appeal the Court's approval is reversed or modified;

        (ii)     If the Court materially alters any of the terms of the Settlement Agreement, except that a reduction in the Attorneys' Fee Award or the Incentive Awards shall not be deemed to be a material alteration; or

        (iii)     If the Preliminary Approval Order or the Final Order and Judgment is not entered by the Court or is reversed or modified on appeal, or otherwise fails for any reason.

B.    If, at any time prior to Final Order and Judgment, legislation is enacted, a controlling judicial opinion is rendered or regulatory agency action is undertaken that would entitle BLP to summary judgment on Plaintiffs' claims under the TCPA, then subject to Court approval, BLP shall have the right to withdraw from the Settlement and terminate this Settlement Agreement.  For the purposes of this provision, the issuance of a retroactive waiver of 47 C.F.R. § 64.1200(a)(4)(iv) regarding the Federal Communication Commission's opt-out

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER          TTA10262018 000780

notice requirement for faxes sent with the recipient's prior express permission in favor of BLP would not be considered agency action that would entitle BLP to summary judgment on Plaintiffs' claims under the TCPA and would not trigger BLP's right to terminate the Settlement.

C.      In the event of a withdrawal pursuant to Paragraphs A or B above, any certification of a Settlement Class will be vacated, without prejudice to any Party's position on the issue of class certification and the amenability of the claims asserted in the Litigation to class treatment, and the Parties shall be restored to their litigation position existing immediately before the execution of this Settlement Agreement.

D.      If members of the Settlement Class properly and timely submit requests for exclusion from the Settlement Class thereby becoming Opt-Outs in a number exceeding the number submitted to the Court under seal by the Parties, then BLP may elect in their sole discretion to withdraw from the Settlement and terminate this Settlement Agreement.  In that event, all of BLP's obligations under this Agreement shall cease to be of any force and effect; the certification of the Settlement Class shall be vacated without prejudice to BLP's position on the issue of class certification; and BLP shall be restored to their litigation position existing immediately before the execution of this Settlement Agreement.

(i)      In order to elect to withdraw from the Settlement and terminate this Settlement Agreement on the basis set forth above, BLP must notify Class Counsel in writing of their election to do so within fourteen (14) Days after the Opt-Out List has been served on the Parties.

(ii)      In the event that BLP exercises such right, Class Counsel shall have, at their discretion, fourteen (14) Days or such longer period as agreed to

33

by the Parties to address the concerns of the Opt-Outs.  If through such efforts the total number on the Opt-Out List subsequently becomes and remains fewer than the number submitted to the Court under seal at the time of filing the Motion For Preliminary Approval, BLP shall withdraw their election to withdraw from the Settlement and terminate the Settlement Agreement.  In no event, however, shall BLP have any further obligation under this Agreement to any Opt-Out unless he or she withdraws his or her request for exclusion.

(iii)     For purposes of this Paragraph, Opt-Outs shall not include (1) Persons who are specifically excluded from the Settlement Class definition; (2) Opt-Outs who elect to withdraw their request for exclusion; and (3) Opt-Outs who agree to sign an undertaking that they will not pursue an individual claim, class claim or any other claim that would otherwise be a Released Claim as defined in this Settlement Agreement.

E.     In the event of withdrawal by any Party in accordance with the terms set forth in this Section, the Settlement Agreement shall be null and void, shall have no further force and effect with respect to any Party in the Litigation and shall not be offered in evidence or used in any litigation for any purpose, including the existence, certification or maintenance of any proposed or existing class or the amenability of these or similar claims to class treatment.  In the event of such withdrawal, this Settlement Agreement and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to BLP, Plaintiffs and the Settlement Class Members and shall not be deemed or construed to be an admission or confession in any way by any Party of any fact, matter or proposition of law and shall not be used in any manner for any purpose, and the Parties to the Litigation shall

34

stand in the same position as if this Settlement Agreement had not been negotiated, made or filed with the Court.

## XIII.    EFFECTIVE DATE

A.    The Effective Date of this Settlement Agreement shall be the date when each and all of the following conditions have occurred:

(i)    This Settlement Agreement has been fully executed by all Parties and their counsel;

(ii)    Orders have been entered by the Court certifying the Settlement Class, granting preliminary approval of this Settlement and approving the forms of Class Notice and Claim Form, all as provided above;

(iii)    The Settlement Class Notice Program has been executed in accordance with the Preliminary Approval Order;

(iv)    The Court has entered a Final Order and Judgment finally approving this Agreement, as provided above; and

(v)    The Final Order and Judgment has become Final as defined in Paragraph B below.

B.    "Final," when referring to a judgment or order means that (i) the judgment is a final, appealable judgment; and (ii) either (1) no appeal has been taken from the judgment as of the date on which all deadlines to appeal therefrom have expired; or (2) an appeal or other review proceeding of the judgment having been commenced, the date by which such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions or rehearing or re-argument, petitions for rehearing en banc, petitions for writ

35

of certiorari, or otherwise, and such appeal or other review has been finally resolved in a manner that affirms the Final Order and Judgment in all material respects.

C.      If, for any reason, this Settlement Agreement fails to become Final pursuant to the foregoing Paragraph B, the orders, judgment and dismissal to be entered pursuant to this Settlement Agreement shall be vacated, and the Parties will be returned to the status quo ante with respect to the Litigation as if this Settlement Agreement had never been entered into.

## XIV.   NOTICES

A.      All Notices (other than the Class Notice and CAFA Notices) required by the Settlement Agreement shall be made in writing and communicated by mail to the following addresses:

All Notices to the Settlement Class or Class Counsel shall be sent to Class Counsel, c/o:

> Phillip A. Bock
> Jonathan B. Piper
> Daniel J. Cohen
> Bock, Hatch, Lewis & Oppenheim, LLC
> 134 North La Salle Street, Suite 1000
> Chicago, Illinois 60602
> Telephone:  (312) 658-5500
> Facsimile:  (312) 658-5555

All Notices to BLP or BLP Counsel provided herein shall be sent to BLP Counsel, c/o:

> Mark S. Mester
> Kathleen P. Lally
> Latham & Watkins LLP
> 330 North Wabash Avenue, Suite 2800
> Chicago, Illinois  60611
> Telephone:  (312) 876-7700
> Facsimile:  (312) 993-9767

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                      TTA10262018 000784

B.      The notice recipients and addresses designated above may be changed by written notice.

C.      Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of comments, objections, requests for exclusion, or other documents or filings received as a result of the Class Notice.

## XV.    MISCELLANEOUS PROVISIONS

A.      **Interpretation**.  This Settlement Agreement contains the entire agreement among the Parties hereto and supersedes any prior discussions, agreements or understandings among them as well as any and all prior drafts of this Settlement Agreement.  All terms are contractual.  For the purpose of construing or interpreting this Settlement Agreement, the Parties agree that the Settlement Agreement is to be deemed to have been drafted equally by all Parties hereto and shall not be construed strictly for or against any Party, and the Parties further agree that any prior drafts may not be used to construe or interpret this Settlement Agreement.

B.      **Binding Effect**.  The terms are and shall be binding upon each of the Parties hereto, their administrators, agents, assigns, attorneys, executors, heirs, partners, representatives, predecessors-in-interest and successors as well as upon all other Persons claiming any interest in the subject matter hereto through any of the Parties hereto including any Settlement Class Members.

C.      **Headings**.  The headings contained in this Settlement Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Settlement Agreement.

37

D.     **No Rescission on Grounds of Mistake**.  The Parties acknowledge that they have made their own investigations of the matters covered by this Settlement Agreement to the extent they have deemed it necessary to do so.  Therefore, the Parties agree that they will not seek to set aside any part of the Settlement Agreement on the grounds of mistake.  Moreover, the Parties understand, agree and expressly assume the risk that any fact not recited, contained, or embodied in the Settlement Agreement may turn out hereinafter to be other than, different from, or contrary to the facts now known to them or believed by them to be true, and further agree that the Settlement Agreement shall be effective in all respects notwithstanding and shall not be subject to termination, modification, or rescission by reason of any such difference in facts.

E.     **Amendment**.  This Settlement Agreement may be amended or modified only by a written instrument signed by the Parties or their counsel.  Amendments and modifications may be made without notice to the Settlement Class unless notice is required by law or by the Court.

F.     **Integration Of Exhibits**.  Any exhibits to this Settlement Agreement are hereby incorporated and made a part of the Settlement Agreement.

G.     **Jurisdiction**.  The United States District Court for the Middle District of Florida has jurisdiction over the Parties to this Settlement Agreement and the Settlement Class.

H.     **Waiver of Statute of Limitations.**  BLP waives any affirmative defense regarding the statute of limitations that it may have had to Plaintiffs' claims.  This waiver shall survive in the event of the termination of this Agreement.

I.     **No Admission**.  Neither this Settlement Agreement nor any of its provisions, its exhibits or related documents (including but not limited to drafts of the Settlement Agreement,

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                     TTA10262018 000786

the Preliminary Approval Order or the Final Order and Judgment), its negotiation or any proceedings relating in any way to the Settlement shall be construed as or deemed to be evidence of an admission or concession by any person, including BLP, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or Court order.  The provisions of this Paragraph shall become effective when this Settlement Agreement has been signed by the Parties and shall be binding on the Parties and their counsel regardless of whether the Settlement Agreement is approved by this Court or any other court and regardless of whether the Settlement Agreement is otherwise rendered null and void.

J.     **Governing Law**.  This Settlement Agreement shall be governed by and construed in accordance with the internal laws (as opposed to the conflicts of law provisions) of the State of Florida.

K.     **Counterparts**.  This Settlement Agreement may be executed in counterparts and may be executed by facsimile, and as so executed shall constitute one agreement.

L.     **No Media Statements.**  BLP, BLP Counsel, Plaintiffs, Class Counsel and all other counsel of record for Plaintiffs agree not to issue any press releases regarding this settlement or publicize it in any way and further agree not to engage in any communications with the media or the press, on the internet, or in any public forum, orally or in writing, that relate to this Settlement or the Litigation other than statements that are fully consistent with the Mailed Notice.  Notwithstanding the foregoing, nothing in this Settlement Agreement shall preclude a Party from making a public statement in support of the Settlement.  For example, Plaintiffs or Class Counsel may state that the Settlement is a good result for the Class.  In addition, nothing in this Settlement Agreement shall preclude Plaintiffs or Class Counsel from

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000787

making a public statement that is consistent with the language of the Settlement Agreement or any motions submitted for approval of the Settlement.

      M.    **Confidentiality.**  All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

      N.    **Return Of Material.**  Within thirty (30) Days after the Effective Date, Class Counsel and BLP Counsel will return all material produced by one to the other in discovery or otherwise in connection with the Litigation.

      O.    **No Assignment**.  Plaintiffs represent and warrant that no portion of any claim, right, demand, action, or cause of action against the Released Persons that Plaintiffs have or may have arising out of any allegations made in any of the actions comprising the Litigation or pertaining to any of the Released Claims, and no portion of any recovery or settlement to which Plaintiffs may be entitled, has been assigned, transferred, or conveyed by or for Plaintiffs in any manner; and no Person other than Plaintiffs have any legal or equitable interest in the claims, demands, actions, or causes of action referred to in this Agreement as those of Plaintiffs.

      P.    **Stay.**  The Parties stipulate to stay all proceedings in the Litigation until the approval of this Settlement Agreement has been finally determined, except the stay of proceedings shall not prevent the filing of any motions, affidavits and other matters necessary to obtain and preserve final judicial approval of this Settlement Agreement.

      Q.    **Best Efforts.**  In the event that there are any developments in the effectuation and administration of this Agreement that are not dealt with by the terms of this Agreement, then such matters shall be dealt with as agreed upon by the Parties, and failing agreement, as

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER          TTA10262018 000788

shall be ordered by the Court.  The Parties shall execute all documents and use their best efforts to perform all acts necessary and proper to promptly effectuate the terms of this Agreement and to take all necessary or appropriate actions to obtain judicial approval of this Agreement in order to give this Agreement full force and effect.  The execution of documents must take place prior to the date scheduled for the Preliminary Approval Hearing.

41

IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by their duly authorized representatives below.

*Plaintiffs:*

Technology Training Associates, Inc.

By:_____

Larry E. Schwanke, D.C. d/b/a
Back to Basics Family Chiropractic

By:_____

*Approved as to form:*　　　　　　**BOCK, HATCH, LEWIS & OPPENHEIM, LLC**

　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　Phillip A. Bock
　　　　　　　　　　　　　　　　Jonathan B. Piper
　　　　　　　　　　　　　　　　Daniel J. Cohen
　　　　　　　　　　　　　　　　Bock, Hatch, Lewis & Oppenheim, LLC
　　　　　　　　　　　　　　　　134 North La Salle Street, Suite 1000
　　　　　　　　　　　　　　　　Chicago, Illinois 60602
　　　　　　　　　　　　　　　　Telephone:  (312) 658-5500
　　　　　　　　　　　　　　　　Facsimile:  (312) 658-5555

*Defendant:*

BUCCANEERS LIMITED PARTNERSHIP

By:_____

Its:_____

*Approved as to form:*　　　　　　**LATHAM & WATKINS LLP**

　　　　　　　　　　　　　　By:_____

42

Mark S. Mester
Kathleen P. Lally
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois  60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

43

| Summary report: Litéra® Change-Pro TDC 7.5.0.145 Document comparison done on 6/21/2016 9:13:20 AM | |
|---|---|
| **Style name:** L&W without Moves | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:**iw://US-DOCS/NY/7719933/12 | |
| **Modified DMS:** iw://US-DOCS/NY/7719933/13 | |
| **Changes:** | |
| Add | 7 |
| Delete | 7 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 14 |

| | |
|---|---|
| **From:** | Kathleen.Lally@lw.com |
| **To:** | Jon Piper |
| **Cc:** | mark.mester@lw.com; Phil Bock; Dan Cohen - External Email; Jim Smith |
| **Subject:** | RE: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release |
| **Date:** | Tuesday, June 21, 2016 10:38:37 AM |

Jon,

As I said in my email and on our call, I still need to run these by my client, but will let you know as soon as possible the status.  I don't have a preference on how the doc looks for signatures (i.e., word or PFD printed).

Kate

---

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Tuesday, June 21, 2016 10:36 AM
**To:** Lally, Kathleen (CH)
**Cc:** Mester, Mark (CH); Phil Bock; Dan Cohen - External Email; Jim Smith
**Subject:** FW: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release

Kate – the Settlement Agreement looks to be ready to sign. Should we use print outs of this word version to sign, or do you have a preference to recirculate a pdf version for signature? I'd just as soon go with this version. Please advise, and we can start the process of getting client signatures.

---

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Tuesday, June 21, 2016 9:16 AM
**To:** Jon Piper
**Subject:** Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release

Jon,

In advance of our call, I revised the Settlement Agreement and drafted the PA order.  Can you also send me the PA motion for our review?  I will need to run these final drafts by my client, but thought it might help for you to have something to review before we discuss.

Kate

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER
TTA10262018 000835

| | |
|---|---|
| **From:** | Jon Piper |
| **To:** | Kathleen.Lally@lw.com |
| **Subject:** | RE: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release |
| **Date:** | Tuesday, June 21, 2016 11:00:00 AM |

Kate – some comments on the draft preliminary approval order.

1.  The settlement agreement section X (C) recites that the court will approve the notice which will indicate the time etc. of the final approval hearing. The order paragraph 10 pretty much tracks that paragraph but leaves out the time and place of the hearing.
2.  105 days for claims is too short, especially given that the notice could take 60 days. We'd suggest 180 days. However, we could also just leave a blank and either reach agreement later or let the judge decide that.
3.  Paragraph 22, the injunction paragraph, is missing the verb. It should say "enjoins" or similar language.

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Tuesday, June 21, 2016 10:20 AM
**To:** Jon Piper
**Subject:** RE: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release

Jon,

　　　　Are we going to be able to talk soon?  If you would like to file today, the sooner I get docs to my clients, the better.  I am free until 11.

Thanks,
Kate

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Tuesday, June 21, 2016 9:28 AM
**To:** Lally, Kathleen (CH)
**Subject:** Re: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release

OK. Can we push call to 1015?

*Sent from my Verizon 4G LTE Droid*
On Jun 21, 2016 9:16 AM, Kathleen.Lally@lw.com wrote:

Jon,


　　　　In advance of our call, I revised the Settlement Agreement and drafted the PA order. Can you also send me the PA motion for our review?  I will need to run these final drafts by my client, but thought it might help for you to have something to review before we discuss.


Kate

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER　　　　　　　　　　　　　　　　　　　　　　　TTA10262018 000836

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

| | |
|---|---|
| **From:** | Kathleen.Lally@lw.com |
| **To:** | Jon Piper |
| **Subject:** | RE: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release |
| **Date:** | Tuesday, June 21, 2016 12:15:50 PM |

I made changes 1 and 3.  Let's discuss the timing issue.

---

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Tuesday, June 21, 2016 11:04 AM
**To:** Lally, Kathleen (CH)
**Subject:** RE: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release

Kate – some comments on the draft preliminary approval order.

1.   The settlement agreement section X (C) recites that the court will approve the notice which will indicate the time etc. of the final approval hearing. The order paragraph 10 pretty much tracks that paragraph but leaves out the time and place of the hearing.
2.   105 days for claims is too short, especially given that the notice could take 60 days. We'd suggest 180 days. However, we could also just leave a blank and either reach agreement later or let the judge decide that.
3.   Paragraph 22, the injunction paragraph, is missing the verb. It should say "enjoins" or similar language.

---

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Tuesday, June 21, 2016 10:20 AM
**To:** Jon Piper
**Subject:** RE: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release

Jon,

      Are we going to be able to talk soon?  If you would like to file today, the sooner I get docs to my clients, the better.  I am free until 11.

Thanks,
Kate

---

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Tuesday, June 21, 2016 9:28 AM
**To:** Lally, Kathleen (CH)
**Subject:** Re: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release

OK. Can we push call to 1015?

*Sent from my Verizon 4G LTE Droid*
On Jun 21, 2016 9:16 AM, Kathleen.Lally@lw.com wrote:

Jon,

In advance of our call, I revised the Settlement Agreement and drafted the PA order. Can you also send me the PA motion for our review?  I will need to run these final drafts by my client, but thought it might help for you to have something to review before we discuss.


Kate


**Kathleen P. Lally**


**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

| | |
|---|---|
| **From:** | Jon Piper |
| **To:** | Kathleen.Lally@lw.com |
| **Subject:** | RE: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release |
| **Date:** | Tuesday, June 21, 2016 1:57:00 PM |

I do think we need to make some reference to the website in the order. I think it is an important auxiliary component to the notice plan

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Tuesday, June 21, 2016 12:16 PM
**To:** Jon Piper
**Subject:** RE: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release

I made changes 1 and 3.  Let's discuss the timing issue.

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Tuesday, June 21, 2016 11:04 AM
**To:** Lally, Kathleen (CH)
**Subject:** RE: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release

Kate – some comments on the draft preliminary approval order.

1.   The settlement agreement section X (C) recites that the court will approve the notice which will indicate the time etc. of the final approval hearing. The order paragraph 10 pretty much tracks that paragraph but leaves out the time and place of the hearing.
2.   105 days for claims is too short, especially given that the notice could take 60 days. We'd suggest 180 days. However, we could also just leave a blank and either reach agreement later or let the judge decide that.
3.   Paragraph 22, the injunction paragraph, is missing the verb. It should say "enjoins" or similar language.

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Tuesday, June 21, 2016 10:20 AM
**To:** Jon Piper
**Subject:** RE: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release

Jon,

Are we going to be able to talk soon?  If you would like to file today, the sooner I get docs to my clients, the better.  I am free until 11.

Thanks,
Kate

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Tuesday, June 21, 2016 9:28 AM
**To:** Lally, Kathleen (CH)
**Subject:** Re: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release

OK. Can we push call to 1015?

*Sent from my Verizon 4G LTE Droid*
On Jun 21, 2016 9:16 AM, Kathleen.Lally@lw.com wrote:

Jon,


     In advance of our call, I revised the Settlement Agreement and drafted the PA order. Can you also send me the PA motion for our review?  I will need to run these final drafts by my client, but thought it might help for you to have something to review before we discuss.


Kate


**Kathleen P. Lally**


**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

| | |
|---|---|
| **From:** | Jon Piper |
| **To:** | Kathleen.Lally@lw.com |
| **Cc:** | Phil Bock; Dan Cohen - External Email; Jim Smith |
| **Subject:** | RE: Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release |
| **Date:** | Tuesday, June 21, 2016 2:11:00 PM |
| **Attachments:** | TTA v. Bucs - motion for preliminary approval - JLT draft.docx |

Kate – Here's the draft motion.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| TECHNOLOGY TRAINING ASSOCIATES, INC. and LARRY E. SCHWANKE, D.C. d/b/a/ BACK TO BASICS FAMILY CHIROPRACTIC, individually and as the representatives of a class of similarly-situated persons, | ) ) ) ) ) ) ) | Case No. 8:16-cv-01622-MSS-AEP Judge Mary S. Scriven Mag. Judge Anthony E. Porcelli |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| BUCCANEERS LIMITED PARTNERSHIP, | ) ) ) | |
| Defendant. | ) ) | |

**UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT AND NOTICE TO THE CLASS**

Plaintiffs, Technology Training Associates, Inc. and Larry E. Schwanke, D.C., d/b/a Back To Basics Family Chiropractic (together "Plaintiffs"), on behalf of themselves and a proposed settlement class of similarly-situated persons (identified herein as the "Settlement Class"), respectfully request, pursuant to Fed. R. Civ. P. 23 (e), that the Court enter an order (1) preliminarily approving the parties' proposed class action Settlement Agreement (the "Agreement") attached to Plaintiffs' supporting brief as <u>Exhibit 1</u>, (2) approving the form of Class Notice attached as Exhibit B to the Agreement and its dissemination to the Settlement Class by U.S. mail, website and by publication, and (3) setting dates for opt-outs, objections, and a fairness hearing.

The Agreement, which was negotiated through two full day mediation sessions before mediator Peter Grilli, provides substantial relief to members of the

Settlement Class, as described more fully in the accompanying Brief and the Agreement itself. The Agreement provides, inter alia, for a Settlement Fund of up to $19.5 million dollars; payments of between $350 to $565 to Settlement Class members who submit Claims (to be reduced *pro rata* if and only if the Settlement Fund (after payment of fees and incentive awards) is insufficient to fully pay the valid submitted Claims); Defendant's agreement not to send any further unsolicited facsimile advertisements in violation of the TCPA; and potential awards of attorneys fees, expenses, and incentive awards to the named Plaintiffs. Notice is to be by U. S. mail to those class members for whom mailing addresses can be determined, and by publication. The Settlement Agreement provides for a release of claims as set forth therein.

A proposed Preliminary Approval Order is attached as <u>Exhibit 2</u> to the memorandum filed herewith and will be submitted to the Court electronically. This motion is unopposed.

Plaintiffs have filed a brief in support of this motion.

2

Respectfully submitted,

TECHNOLOGY TRAINING ASSOCIATES,
INC. and LARRY E. SCHWANKE, D.C. d/b/a
BACK TO BASICS FAMILY
CHIROPRACTIC, individually and as the
representative of a class of similarly-situated
persons

By:  /s/ Phillip A. Bock

Phillip A. Bock
Daniel J. Cohen
Jonathan B. Piper
Bock, Hatch, Lewis & Oppenheim, LLC
134 N. La Salle St,, Ste. 1000
Chicago, IL  60602
Telephone:  312-658-5500
Facsimile:  312-658-5555

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| TECHNOLOGY TRAINING ASSOCIATES, INC. and LARRY E. SCHWANKE, D.C. d/b/a/ BACK TO BASICS FAMILY CHIROPRACTIC, individually and as the representatives of a class of similarly-situated persons, | ) ) ) ) ) ) | |
| | ) | Case No. 8:16-cv-01622-MSS-AEP |
| Plaintiffs, | ) ) | Judge Mary S. Scriven Mag. Judge Anthony E. Porcelli |
| v. | ) ) | |
| BUCCANEERS LIMITED PARTNERSHIP, | ) ) ) | |
| Defendant. | ) ) | |

BRIEF IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT AND NOTICE TO THE CLASS

Plaintiffs, Technology Training Associates, Inc. and Larry E. Schwanke, D.C., d/b/a Back To Basics Family Chiropractic (together "Plaintiffs"), on behalf of themselves and a proposed settlement class of similarly-situated persons (identified herein as the "Settlement Class"), in support of their request that the Court preliminarily approve the parties' proposed class action settlement (Exhibit 1).

I.      Background of the litigation and settlement discussions.

This case arises out of faxed advertisements for Tampa Bay Buccaneers tickets allegedly sent by or on behalf of Defendant Buccaneers Limited Partnership ("BLP" or "Defendant") in 2009 and 2010.

On May 6, 2016, Plaintiff Technology Training Associates, Inc. ("TTA"), filed a complaint in the Circuit Court of the 13th Judicial Circuit in and for Hillsborough County, Florida, alleging Defendant improperly sent advertisements by facsimile in

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). TTA sought actual damages and statutory damages and injunctive relief under the TCPA on behalf of itself and a proposed class of similarly-situated persons.

The complaint filed by TTA addressed similar conduct and sought to represent essentially the same class as a case pending in the United States District Court for the Middle District of Florida before Magistrate Judge Anthony E. Porcelli, captioned *Cin-Q Automobiles, Inc., et al. v. Buccaneers Limited Partnership, et al.*, Case No. 8:13-cv-01592-AEP ("Cin-Q"). Defendant denied liability to Cin-Q and the other members of that putative class on a variety of legal and factual grounds. The parties in Cin-Q had been engaged in mediation and attempting to reach a settlement for more than eight (8) months, but had been unsuccessful. Indeed, on April 18, 2016, Defendant had filed a motion for a settlement conference in Cin-Q, offering to waive the mediation privilege, relying on the Court's supervisory authority under Fed. R. Civ. P. 23(g) and requesting that the Court or its designee hold a settlement conference. The Cin-Q plaintiffs and their counsel, however, opposed any settlement conference before the Court or its designee, insisted that the mediator in the prior mediation declare an impasse (which he did) and refused to waive the mediation privilege.

After TTA filed its complaint, TTA's counsel contacted Defendant's counsel and indicated that they were aware of and had reviewed the motion for and opposition to a settlement conference filed by Defendant in Cin-Q. Counsel for TTA noted that the applicable state court rules required the parties engage in

2

alternative dispute resolution and suggested they mediate the new case with Defendants. TTA and Defendant agreed to mediate and scheduled an initial mediation session for May 19, 2016.

Prior to the May 19, 2016 mediation, however, TTA dismissed, without prejudice, the complaint filed in Hillsborough County, Florida, due to efforts by counsel for the plaintiffs in Cin-Q to interfere with the pending mediation and settlement discussion. Counsel for TTA represented to Defendant that they were maintaining the claims and intended to formally re-file that complaint once settlement discussions had concluded, whether or not those discussions resulted in a settlement.

Thereafter, on May 19, 2016, and again on June 1, 2016, Plaintiffs and Defendant participated in full-day mediation sessions in Tampa, Florida, before mediator Peter Grilli. At the end of the second day of mediation, the attendant parties reached an agreement in principle that would resolve the claims asserted by TTA on a class-wide basis, subject to finalization of mutually-agreeable settlement terms and subject to court approval. On June 16, 2016, Plaintiffs and Defendant agreed to the form and terms of the Settlement Agreement.

On June 20, 2016, Plaintiffs filed their Complaint in the instant action (the "Lawsuit"). Defendant continues to deny all material allegations of the Complaint and denies liability.

Plaintiffs and Defendant conducted an examination of the facts and documents relating to this action, including documents and information produced

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                      TTA10262018 000848

by Defendant prior to and during mediation, and have concluded that this Settlement provides substantial benefits to Plaintiffs and the Settlement Class and resolves all issues that were or could have been raised in this action without prolonged litigation and the risks and uncertainties inherent in litigation. Plaintiffs, Class Counsel and Mr. Grilli concluded that the Settlement is fair, reasonable, adequate and in the best interest of the Settlement Class. Despite maintaining its denial of liability, and without admitting or conceding any wrongdoing, Defendant consented to the Settlement solely to avoid the expense, inconvenience and inherent risks of litigation as well as continued disruption of their business operations. Based upon their review and analysis, Plaintiffs and Defendant agreed to and executed the Agreement.

## II.   Summary of the settlement.

If approved by the Court after notice to the Settlement Class, the parties' settlement agreement would resolve this action and the controversy about Defendant's fax advertisements sent at any time in 2009 or 2010 (the "Class Period").

The key terms of the Agreement are as follows:

a.   <u>Certification of a Settlement Class</u>. Solely for the purpose of implementing the Settlement, the Parties have stipulated to certification of a Rule 23 (b)(3) "Settlement Class" defined as, "All persons who, in 2009 or 2010, received one or more facsimile advertisements sent by or on behalf of BLP and offering tickets for Tampa Bay Buccaneer games." Specifically

4

excluded from the Settlement Class are Defendant, and its respective parents, subsidiaries, divisions, affiliates, associated entities, business units, predecessors in interest, successors, successors in interest and representatives and each of their respective immediate family members; Class Counsel; and the judges who have presided over the Litigation and any related cases.

b.  <u>The Class Representative and Class Counsel</u>. The parties have agreed that Plaintiffs are the Class Representatives and that Plaintiffs' attorney (Phillip A. Bock, Jonathan B. Piper and Daniel J. Cohen of Bock, Hatch, Lewis & Oppenheim LLC) are Class Counsel for the Settlement Class.

c.  <u>Settlement Fund.</u> Defendant has agreed to make available up to $19,500,000.00 (the "Settlement Fund") to pay valid class member claims ("Awards"), to pay incentive awards to Plaintiffs, and to pay Class Counsel attorneys' fees and reasonable litigation expenses, not limited to costs, as approved by the Court. Notice and Administration Costs will not be paid from the Settlement Fund.

d.  <u>Monetary Relief to the Members of the Settlement Class</u>. Settlement Class Members who received one or more unsolicited fax advertisements sent by or on behalf of Defendant and who submit a valid claim are eligible to receive Awards up to:

(i)  $350 for the first such fax;

(ii)  $100 for the second such fax;

5

       (iii)    $75 for the third such fax;

       (iv)    $20 for the fourth such fax; and

       (v)    $20 for the fifth such fax.

If the aggregate claimed Awards exceed the amount available to pay the Awards, after accounting for the payment of incentive awards and the payment of attorneys' fees and expenses, the Awards to the Settlement Class Members who submitted valid claims will be reduced on a <u>pro rata</u> basis.

       d.    <u>Class Notice</u>. The parties have agreed to notify the Settlement Class about the settlement by sending the notice and claim form by U.S. mail. The notice includes instructions about opting out, objecting, or submitting a claim form to the Settlement administrator by mail. In addition, the parties have agreed to publish notice to the Settlement Class in a manner that satisfies due process. Finally, the parties will cause to be created a settlement website that will provide information and relevant documents related to the Settlement, including a downloadable Claim Form that may be submitted by U.S. Mail. Defendant will bear all costs of notice and administration, which will not be paid from the Settlement Fund.

       e.    <u>Claims</u>.

       (i)    <u>Claim Form</u>. The class notice includes a simple Claim Form for submitting claims for cash Awards. The Claim Form is attached to the Settlement Agreement as Exhibit A. The Claim Form submitted by each class member must be signed under penalty of perjury. A claiming class

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                TTA10262018 000851

member must identify the fax number or numbers on which they may be received faxes from Defendant, as well their contact information.

(ii)     Settlement Administrator. Defendant shall retain a third-party settlement administrator, to be agreed upon by the parties and approved by the Court, who will issue the class notice, maintain the settlement website, receive the claim forms, assist class members in completing and submitting forms, provide a list of accepted and rejected claims to counsel for the parties and issue settlement checks. The third-party settlement administrator will provide copies of all valid and/or accepted claim forms to counsel for the parties. The parties will have the opportunity to review the submitted claim forms and set a timeframe in which objections to the claim forms can be made. The decision of the settlement administrator regarding the validity of claims, following any objection, shall be final and binding.

f.     Release. In consideration of the relief provided by the Settlement, the Settlement Class will release all claims that were brought or could have been brought, as defined in the Agreement, in this action against Defendant and the other released parties about the subject advertisements sent by fax during the Class Period.

g.     Attorneys' Fees and Costs and Class Representative Award. At the final approval hearing, after the Class is notified about the same, Class Counsel will apply to the Court to approve an award of attorneys' fees, costs

7

and expenses in an amount not to exceed in total 25% of the Settlement Fund ($4,875,000.00) and to be paid from the Settlement Fund. Class Counsel will also ask the Court to approve an award of $20,000 for Technology Training Associates and $3,000 for Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic for serving as the class representatives.

## III.   The Court should grant preliminary approval to the settlement.

"Approval of a class-action settlement is a two-step process. In the first step, the Court determines whether the proposed settlement should be preliminarily approved." *Fresco v. Auto Data Direct, Inc.*, 2007 WL 2330895, *4 (S.D. Fla. May 14, 2007), *citing* David F. Herr, Annotated Manual for Complex Litigation § 21.632 (4th ed. 2004). "At the preliminary-approval step, the Court is required to 'make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms.'" *Id., quoting* Annotated Manual for Complex Litigation § 21.632. "A proposed settlement should be preliminarily approved if it 'is within the range of possible approval or, in other words, [if] there is "probable cause" to notify the class of the proposed settlement.'" *Id.* (*quoting Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 855 F.Supp. 825, 827 (E.D.N.C.1994) and *Armstrong v. Board of School Directors*, 616 F.2d 305, 312 (7th Cir. 1980)). "In the second step, following appropriate notice to the class and after hearing from any potential objectors, the Court makes a final decision whether to approve the proposed settlement." *Id.*

A court may approve a class action settlement if the settlement "is fair, reasonable, and adequate." Fed. R. Civ. P. 23 (e) (1) (C). *See Nelson v. Mead Johnson & Johnson Co.,* 484 Fed.Appx. 429, 434 (11th Cir. 2012). It is well-

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                      TTA10262018 000853

established that there is an overriding public interest in settling and quieting litigation, and this is particularly true in class actions. *See In re Checking Account Overdraft Litig.,* 830 F.Supp.2d 1330, 1341 (S.D. Fla. 2011), *quoting In re Chicken Antitrust Litig. Am. Poultry*, 669 F.2d 228, 238 (5th Cir. 1982) (The Rule 23(e) analysis should be "informed by the strong judicial policy favoring settlements as well as the realization that compromise is the essence of settlement"); *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996) ("Federal courts naturally favor the settlement of class action litigation."). "Settlement agreements are highly favored in the law and will be upheld whenever possible because they are a means of amicably resolving doubts and uncertainties and preventing lawsuits." *In re Checking Account Overdraft Litig.*, 830 F.Supp.2d at 1341, *quoting In re Nissan Motor Corp. Antitrust Litig.,* 552 F.2d 1088, 1105 (5th Cir. 1977).

C.   **Factors considered in determining whether a settlement is fair, reasonable, and adequate.**

The factors for consideration are: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the range of possible recovery at which a settlement is fair, adequate, and reasonable; (4) the anticipated complexity, length and expense of further litigation; (5) opposition to the settlement; and (6) the stage of the proceedings at the time of settlement. *See Faught v. American Home Shield Corp.*, 668 F.3d 1233, 1240 (11th Cir. 2011), *citing In re CP Ships Ltd. Sec. Litig.*, 578 F.3d 1306, 1315 (11th Cir. 2009).

In this case, these factors show that the proposed settlement is within the range of possible approval and, therefore, that the Court (a) should permit the

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                              TTA10262018 000854

parties to notify the Settlement Class and (b) should schedule a fairness hearing to determine whether to finally approve the settlement. The parties' Agreement resulted from arm's-length negotiations before an experienced mediator, Peter Grilli. The parties were represented by experienced counsel with an understanding of the strengths and weaknesses of their respective positions in this case.

This settlement is an excellent outcome and result for the Class. Defendant has agreed to create a settlement fund of up to $19.5 million. Each class member who does not opt-out of the Settlement Class and who submits a timely and valid claim form will be mailed a check in an amount up to $565. The settlement offers each member of the Settlement Class an opportunity to obtain a significant monetary payment, while avoiding the costs and risks associated with further litigation. Without the settlement, the Class might recover substantially less, if anything at all. Defendant has also agreed not to send unsolicited fax advertisements that do not otherwise comply with the TCPA. Defendant has agreed to pay attorneys fees and incentive awards to Plaintiffs. Defendant has agreed to pay all Notice and Administration costs, which costs shall not be paid from the settlement fund.

Class action litigation is time consuming in terms of both pretrial and trial work. "Most class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them." *In re Austrian and German Bank Holocaust Litig.,* 80 F. Supp. 2d 164, 174 (S. D. N. Y. 2000). This case is no exception. Defendant has denied liability and has agreed to settle to avoid the

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                        TTA10262018 000855

distraction and expense of defending protracted litigation and exposure to higher liability. There are risks attendant to further litigation in this matter, and substantial delay and expense. In a related case, Magistrate Judge Anthony Porcelli denied cross-motions for summary judgment, finding that the case would need to be submitted to a trier of fact. *Cin-Q Automobiles, Inc. v. Buccaneers Limited Partnership,* 2014 WL 7224943 (M.D. Fla. 2014). The decision to settle is reasonable in light of the risks of continued litigation for all parties. In addition to the risk of loss, continued litigation would delay the class members' receipt of any recovery.

The TCPA gives private citizens a right to sue to (i) enjoin future transmissions, (ii) recover the greater of actual monetary damages or $500 in damages for each junk fax, or (iii) obtain an injunction plus damages. If a court finds that the sender willfully or knowingly violated the TCPA, it may increase the award up to three times the amount of damages. Here, each class member who does not opt-out of this proposed settlement and who submits a timely and valid Claim Form will receive a cash payment in an amount up to $565, and Defendant has agreed to pay the attorneys' fees and certain expenses of Class Counsel for conferring that benefit upon each class member.  Moreover, Defendant has agreed to not send any unsolicited, facsimile advertisements that do not otherwise comply with the TCPA.

Plaintiffs' attorneys believe this settlement is fair, reasonable, and adequate. Plaintiffs' attorneys have litigated TCPA class actions since 2003. They have been appointed class counsel in several such cases pending in this and other District

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

TTA10262018 000856

Courts, as well as in other types of class actions. *See, e.g., G.M. Sign, Inc. v. Finish Thompson, Inc.*, No. C 5953, 2009 WL 2581324, *6 (N.D. Ill. Aug. 20, 2009) (Kendall, J.); *Green v. Service Master On Location Services, Corp.*, No. 07 C 4705, 2009 WL 1810769, *4 (N.D. Ill. June 22, 2009) (Hibbler, J.); *Hinman v. M and M Rental Center, Inc.*, 545 F. Supp. 2d 802 (N.D. Ill. 2008) (Bucklo, J.), *appeal denied* (08-8012) (7th Cir. Jun 13, 2008). Additionally, Plaintiffs' counsel have successfully negotiated numerous class-wide settlements in TCPA cases.

Based upon the foregoing, and the judgment of experienced class counsel, Plaintiffs request that the Court preliminarily approve the settlement.

## IV.   The Court should approve notice to the Settlement Class.

The parties propose to issue notice to the Settlement Class by U.S. mail and by publishing notice. A copy of the proposed notice is attached as Exhibit B to the Settlement Agreement.

Under federal law, notice of the settlement must satisfy due process. *Maher v. Zapata Corp.*, 714 F. 2d 436, 450-453 (5th Cir. 1983); *Walsh v. Great Atlantic & Pacific Tea Co.*, 726 F. 2d 956, 963 (3d Cir. 1983). The Court is vested with wide discretion both as to the manner in which notice is given and the form that notice is to take. 7B Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1797.6 (3d ed. 2005).

Rule 23 (e)(i)(B) requires that notice of a settlement be provided "in a reasonable manner." Here, the parties have agreed to a reasonable manner of notice by sending it by U.S. mail to the addresses associated with the fax numbers at issue in the case. The parties also intend to provide notice by publication that comports

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                   TTA10262018 000857

with due process. The simple claim form will be delivered with the mailed notice, so that members of the Settlement Class can complete a claim form and return it immediately by mail. Settlement Class members can also access and download a Claim Form through the settlement website.

The contents of the notice "must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23 (c)(3)." Here, the notice satisfies these requirements.

The notice meets the legal standards for appropriate notice and satisfies Rule 23 (e). Therefore, the Court should approve the proposed notice and authorize its dissemination to the Class.

## V.    The Court should schedule a final fairness hearing.

Plaintiffs request that the Court schedule a hearing to allow the proponents and any opponents of the settlement to voice their opinions or objections. The Notice informs the Settlement Class about this hearing. <u>Exhibit 1</u>, Ex. B. At the fairness hearing, Plaintiffs will request that the Court enter a Final Approval of Agreement and Judgment.

## VI.    Conclusion.

Plaintiffs respectfully request that the Court enter a Preliminary Approval

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                          TTA10262018 000858

Order in the form attached as <u>Exhibit 2</u> granting preliminary approval of the proposed settlement, directing that the members of the Settlement Class be notified about the proposed settlement in the form and manner agreed by the parties (Exhibit B to the Agreement), and setting dates for opt-outs, objections, and a final approval hearing.

Respectfully submitted,

TECHNOLOGY TRAINING ASSOCIATES, INC. and LARRY E. SCHWANKE, D.C. d/b/a BACK TO BASICS FAMILY CHIROPRACTIC, individually and as the representative of a class of similarly-situated persons

By: <u>/s/ Phillip A. Bock</u>

Phillip A. Bock
Daniel J. Cohen
Jonathan B. Piper
Bock, Hatch, Lewis & Oppenheim, LLC
134 N. La Salle St,, Ste. 1000
Chicago, IL  60602
Telephone:  312-658-5500
Facsimile:  312-658-5555

## CERTIFICATE OF E-FILING AND SERVICE

I hereby certify that on October 9, 2018, I electronically filed the foregoing *Plaintiffs' Unopposed Motion and Brief Requesting Preliminary Approval* using the ECF System, which will send notification of such filing to all counsel of record.

<u>s/ Phillip A. Bock</u>

14

| | |
|---|---|
| **From:** | Jon Piper |
| **To:** | Kathleen.Lally@lw.com |
| **Subject:** | RE: Preliminary Approval Order - TTA v. BLP.DOC |
| **Date:** | Tuesday, June 21, 2016 2:32:00 PM |

There's a typo on p. 6 – Plaintiff's should be Plaintiffs'

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Tuesday, June 21, 2016 2:34 PM
**To:** Jon Piper
**Subject:** Preliminary Approval Order - TTA v. BLP.DOC

Settlement website added as part of the notice paragraph.

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                              TTA10262018 000860

| From: | Kathleen.Lally@lw.com |
|---|---|
| To: | Jon Piper |
| Subject: | Preliminary Approval Order - TTA v. BLP.DOC |
| Date: | Tuesday, June 21, 2016 2:33:37 PM |
| Attachments: | Preliminary Approval Order - TTA v. BLP(7733121_1_NY)_(2).DOC |

Settlement website added as part of the notice paragraph.

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| **TECHNOLOGY TRAINING** | ) | |
| **ASSOCIATES, INC. and LARRY E.** | ) | |
| **SCHWANKE, D.C. d/b/a/ BACK TO** | ) | |
| **BASICS FAMILY CHIROPRACTIC,** | ) | |
| **individually and as the representatives of a** | ) | **Case No. 8:16-cv-01622-MSS-AEP** |
| **class of similarly-situated persons,** | ) | |
| **Plaintiffs,** | ) | **Judge Mary S. Scriven** |
| **v.** | ) | **Magistrate Judge Anthony E. Porcelli** |
| | ) | |
| **BUCCANEERS LIMITED** | ) | |
| **PARTNERSHIP,** | ) | |
| **Defendant.** | ) | |

<u>**PRELIMINARY APPROVAL ORDER**</u>

Having fully considered the Motion For Preliminary Approval Of Class Action Settlement (the "Motion") of Plaintiffs Technology Training Associates, Inc. and Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic (collectively, "Plaintiffs"), the parties' arguments and submissions concerning the Motion, and the applicable facts and law, the Court hereby finds and orders as follows:

1.     Except as otherwise provided below, all capitalized terms used in this Preliminary Approval Order shall have the meanings and/or definitions given them in the Settlement Agreement and Release ("Agreement").

2.     The Court preliminarily approves the Agreement subject to the Fairness Hearing, the purpose of which will be to decide whether to grant final approval to the Settlement Agreement reached by the Parties (the "Settlement").  The Court finds that the Agreement, the Settlement set forth therein and all exhibits attached thereto or to Plaintiffs' Motion For Preliminary Approval Of Class Action Settlement are fair, reasonable, and adequate, entered into in good faith, free of collusion to the detriment of the Settlement Class and within the range of

possible judicial approval to warrant sending notice of the Litigation and the proposed Settlement to the Settlement Class and to hold a full hearing on the proposed Settlement.

3.      For settlement purposes only, conditioned upon final certification of the proposed class and upon Final Judgment, the Court finds that the Litigation may be maintained on behalf of the following class:

> All persons who, in 2009 or 2010, received one or more facsimile advertisements sent by or on behalf of BLP and offering tickets for Tampa Bay Buccaneer games.
>
> Specifically excluded from the Settlement Class are the following Persons: (i) BLP and its respective parents, subsidiaries, divisions, affiliates, associated entities, business units, predecessors in interest, successors, successors in interest and representatives and each of their respective immediate family members; (ii) Class Counsel; and (iii) the judges who have presided over the Litigation and any related cases.

4.      The Court recognizes that Defendant Buccaneers Limited Partnership ("BLP") reserves all of its defenses and objections against and rights to oppose any request for class certification in the event that the proposed Settlement does not become Final for any reason. BLP also reserves all its defenses to the merits of the claims asserted in the event the Settlement does not become Final for any reason.

5.      For settlement purposes only, the Court preliminarily appoints Plaintiffs as representative of the Settlement Class.

6.      For settlement purposes only, the Court preliminarily appoints the following attorney to act as Class Counsel for the Settlement Class:

> Phillip A. Bock
> Jonathan B. Piper
> Daniel J. Cohen
> Bock, Hatch, Lewis & Oppenheim, LLC
> 134 North La Salle Street, Suite 1000
> Chicago, Illinois 60602
> Telephone:  (312) 658-5500
> Facsimile:  (312) 658-5555

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                          TTA10262018 000863

7.    The Court appoints the Settlement Administrator designated by the Parties, who will be an agent of the Court and subject to the Court's supervision and direction as circumstances may require.

8.    The Settlement Class Notice Program shall be effectuated as follows:

a.    Within ten (10) Days of the entry of this Order, the Parties shall provide to the Settlement Administrator records identifying the fax numbers to which the facsimile advertisements offering tickets for Tampa Bay Buccaneer games were sent.   The Settlement Administrator will then use these records to determine the mailing addresses for as many members of the Settlement Class as possible.

b.    No later than sixty (60) Days after the entry of this Order, the Settlement Administrator will mail the Mailed Notice to all such members of the Settlement Class whose addresses were derived as part of the process described in the paragraph above.

c.    No later than sixty (60) Days after the entry of this Order, the Settlement Administrator will also cause notice to be published in a manner that satisfies due process when considered in conjunction with the mailed notice portion of the Settlement Class Notice Program discussed in the paragraph above.

d.    The Settlement Administrator will maintain the Settlement Website in accordance with the Agreement.

9.    The form and content of the Class Notice are fair, reasonable and adequate, and notice shall be disseminated to the Settlement Class in accordance with the Agreement and as due process and Rule 23 of the Federal Rules of Civil Procedure require.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                TTA10262018 000864

10.     The Court finds that the Settlement Class Notice Program is reasonably calculated, under the circumstance, to apprise the Settlement Class:  (a) of the pendency of the Litigation and the essential terms of the Settlement; (b) of the procedures for allocating the Settlement Fund; (c) of any requested amounts for Attorneys' Fee Award and Incentive Awards; (d) of right of members of the Settlement Class to exclude themselves from the Settlement Class and the proposed Settlement; (e) that any judgment, whether favorable or not, will bind all members of the Settlement Class who do not request exclusion; (f) that any member of the Settlement Class who does not request exclusion may object to the Settlement, the request for attorneys' fees and costs and/or the service award and, if he or she desires, enter an appearance personally or through counsel; (g) the time and place of the Final Approval Hearing; and (h) prominently display the address of Class Counsel and the Settlement Administrator as well as the procedure for making inquiries.  The Court further finds that the notices are written in plain English and are readily understandable by members of the Settlement Class.

11.     The Court finds the Settlement Class Notice Program:  (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and of their right to object to or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all Persons entitled to receive notice; and (iv) meets all requirements of applicable law.

12.     No later than seven (7) days before the Fairness Hearing, the Settlement Administrator shall file a declaration with the Court attesting to the: (a) completion of the Settlement Class Notice Program and (b) number of valid claims, opt-outs, and objections.

13.     The Court approves the Claim Form in substantially the same form as the Claim Form attached to the Agreement.  Any member of the Settlement Class who wishes to receive

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000865

benefits under the Agreement must sign and return a complete and timely Claim Form in compliance with the process set forth in the Agreement, and such Claim Form shall be postmarked no later than one hundred twenty (120) days after the entry of this Order.  Any Settlement Class Member who does not submit a complete and timely Claim Form in compliance with the Agreement shall not be entitled to any benefits under the Settlement, but nonetheless shall be barred by the release provisions of the Agreement and the Final Judgment and shall be deemed to have released the Released Parties from the Released Claims.

14.     Any member of the Settlement Class who wishes to opt out or exclude himself or herself from the Settlement Class must submit an appropriate, timely request for exclusion sent to the Settlement Administrator at the address on the Notice and to be postmarked no later than one hundred twenty (120) days after the entry of this Order (the "Opt-Out and Objection Date"). The opt-out request must be personally signed by the member of the Settlement Class requesting exclusion, contain a statement that indicates his or her desire to be excluded from the Settlement Class and contain a statement that he or she is otherwise a member of the Settlement Class.  A timely and valid request to opt out of the Settlement Class shall preclude the person opting out from participating in the proposed Settlement and he or she will be unaffected by the Agreement. The Settlement Administrator shall compile a list of all members of the Settlement Class who properly and timely submit an opt-out request (the "Opt-Out List").

15.     Any member of the Settlement Class who does not submit a timely and valid written request for exclusion shall be bound by all subsequent proceedings, orders and judgments in this Litigation, regardless of whether he or she currently is, or subsequently becomes, a plaintiff in any other lawsuit, arbitration or other proceeding against any of the Released Parties asserting any of the Released Claims.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                            TTA10262018 000866

16.     The Settlement Administrator shall provide the Opt-Out List to Class Counsel and BLP Counsel no later seven (7) days after the Opt-Out and Objection Date and shall file the Opt-Out List along with an affidavit attesting to the completeness and accuracy thereof with the Court no later than five (5) days thereafter, or another such date as the Parties may agree.

17.     Any Settlement Class Member who does not properly and timely submit an opt-out request and who wishes to object to the fairness, reasonableness or adequacy of the Agreement or the proposed Settlement or who wishes to object to the award of attorneys' fees and expenses or Plaintiff's service award must file with the Court and serve on Class Counsel and Defendant's Counsel, postmarked no later than the Opt-Out and Objection Date, a written statement of the objection signed by the Settlement Class Member containing all of the following information:

    a.   The name, address, telephone number of the Person objecting and, if represented by counsel, of his/her counsel;

    b.   A signed declaration stating that he or she is a member of the Settlement Class and in 2009 and/or 2010, received one or more facsimile advertisements sent by or on behalf of BLP;

    c.   A statement of all objections to the Settlement; and

    d.   A statement of whether he or she intends to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of his or her counsel who will attend.  Any Settlement Class Member who fails to file and serve a timely written objection and notice of his or her intent to appear at the Fairness Hearing pursuant to this Paragraph and as detailed in the Class Notice shall not be permitted to object to the approval of the Settlement at the

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000867

Fairness Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

18.     Any objections must be appropriately filed with the Court no later than the Opt-Out and Objection Date, or alternatively they must be mailed to the Court at the address below and postmarked no later than the Opt-Out/Objection Deadline.

> Clerk of Court
> United States District Court for the Middle District of Florida
> 801 North Florida Avenue
> Tampa, Florida 33602
> Attention:    "Technology Training Associates, Inc. v. Buccaneers Limited Partnership, Case No. 8:16-cv-01622-MSS-AEP."

A copy of the objection, postmarked no later than the Opt-Out and Objection Date, must also be mailed to the Settlement Administrator at the post office box described in the Mailed Notice.

19.     No person shall be heard and no paper or brief submitted by any objector shall be received or considered by the Court unless such person has filed with the Clerk of Court and timely mailed to the Settlement Administrator, as provided above, the concise written statement of objections as described above, together with copies of any supporting materials, papers or briefs. Any Settlement Class Member who does not file a written objection in the time and manner described above shall be:  (a) deemed to have waived and forfeited any objections to the proposed Settlement; (b) foreclosed from raising any objection to the proposed Settlement at the Fairness Hearing; (c) bound by all of the terms of the Agreement and by all proceedings, orders and judgments by the Court; and (d) foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

TTA10262018 000868

20.     Any objecting Settlement Class Member who intends to appear at the Fairness Hearing, either with or without counsel, must also file a notice of intention to appear with the Court postmarked no later than the Opt-Out/Objection Deadline, which notice shall be filed with, or mailed to, the Clerk of the Court, with copy to the Settlement Administrator, as set forth above.

       a.  If the objecting Settlement Class Member intends to appear at the Fairness Hearing through counsel, he or she must also identify any attorney representing the objector who will appear at the Fairness Hearing and include the attorney(s) name, address, phone number, e-mail address and state bar(s) to which counsel is admitted.  Any attorney hired by a Settlement Class Member for the purpose of objecting to the Agreement or to the proposed Settlement or to the attorneys' fees and expenses will be at the Settlement Class Member's own expense; and

       b.  If the objecting Settlement Class Member intends to request the Court allow the Class Member to call witnesses at the Fairness Hearing, the objecting Class Member must provide a list of any such witnesses together with a brief summary of each witness's expected testimony no later than the Opt-Out/Objection Deadline.  If a witness is not identified in the notice of appearance, such witness shall not be permitted to object or appear at the Fairness Hearing.

21.     The Settlement Administrator will establish a post office box to be used for receiving requests for exclusion or objections, Claim Forms and any other communications relating to this Settlement.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                          TTA10262018 000869

22.     The Court preliminarily enjoins all members of the Settlement Class unless and until they have timely excluded themselves from the Settlement Class from (a) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; (b) filing, commencing, participating in or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (c) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims. Any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by BLP, any other Released Person and Class Counsel as a result of the violation. This Order is not intended to prevent members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency .

23.     A hearing to determine (a) whether the Settlement Class should be finally certified pursuant to Rule 23 of the Federal Rules of Civil Procedure and (b) whether the proposed Settlement is fair, reasonable and adequate (the "Fairness Hearing") shall be conducted in the United States Courthouse, United States District Court for the Middle District of Florida,

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000870

Tampa Division, Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida, Courtroom ____, commencing on _____ ___, 201_, at _____ __.m.

24.     The Court may reschedule the Fairness Hearing without further written notice.  If the Fairness Hearing is rescheduled from the currently scheduled date, information regarding a rescheduled Fairness Hearing will be posted on the Court's docket.

25.     Papers in support of the final approval of the Settlement, including responses to objections, shall be filed with the Court no later than seven (7) days before the Fairness Hearing.

26.      An application of Class Counsel for an award of fees and expenses shall be filed with the Court no later than fourteen (14) days before the Opt-Out and Objection Date.

27.     All discovery and other pre-trial proceedings in this Litigation are stayed and suspended pending the Fairness Hearing, except such actions as may be necessary to implement the Agreement and this Order.

28.      BLP shall file proof of compliance with the notice requirements of The Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715(b), no later than seven (7) days before the Fairness Hearing.

29.     This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (a) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Agreement or (b) the proposed Settlement is terminated in accordance with the Agreement or does not become effective as required by the terms of the Agreement for any other reason.  In any such event, the proposed Settlement and Agreement shall become null and void and be of no further force and effect, and

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000871

neither the Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever.

30.     Neither the Agreement, nor any of its terms or provisions, nor any of its exhibits, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by any Defendant of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, or of the appropriateness of the certification of the Settlement Class for purposes other than for settlement.  This Order shall not be construed or used as an admission, concession or declaration by or against any of the Released Parties of any fault, wrongdoing, breach, or liability.

31.     The terms and provisions of the Agreement may be amended by agreement of the Parties in writing or with approval of the Court without further notice to the Settlement Class, if such changes are consistent with this Order and do not limit the rights of the Settlement Class.

IT IS SO ORDERED:


_____
Magistrate Judge Anthony E. Porcelli

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                      TTA10262018 000872

| | |
|---|---|
| From: | Jon Piper |
| To: | Kathleen.Lally@lw.com |
| Subject: | RE: Preliminary Approval Order - TTA v. BLP.DOC |
| Date: | Tuesday, June 21, 2016 2:35:00 PM |

Just the Redman issue – but we can resolve that before preliminary approval

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Tuesday, June 21, 2016 2:37 PM
**To:** Jon Piper
**Subject:** RE: Preliminary Approval Order - TTA v. BLP.DOC

OK.  Any other comments?  I truly do not want to send back more than one more time.

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Tuesday, June 21, 2016 2:36 PM
**To:** Lally, Kathleen (CH)
**Subject:** RE: Preliminary Approval Order - TTA v. BLP.DOC

There's a typo on p. 6 – Plaintiff's should be Plaintiffs'

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Tuesday, June 21, 2016 2:34 PM
**To:** Jon Piper
**Subject:** Preliminary Approval Order - TTA v. BLP.DOC

Settlement website added as part of the notice paragraph.

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

TTA10262018 000874

| | |
|---|---|
| From: | Kathleen.Lally@lw.com |
| To: | Jon Piper |
| Subject: | RE: Preliminary Approval Order - TTA v. BLP.DOC |
| Date: | Tuesday, June 21, 2016 2:37:37 PM |

OK.  Any other comments?  I truly do not want to send back more than one more time.

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Tuesday, June 21, 2016 2:36 PM
**To:** Lally, Kathleen (CH)
**Subject:** RE: Preliminary Approval Order - TTA v. BLP.DOC

There's a typo on p. 6 – Plaintiff's should be Plaintiffs'

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Tuesday, June 21, 2016 2:34 PM
**To:** Jon Piper
**Subject:** Preliminary Approval Order - TTA v. BLP.DOC

Settlement website added as part of the notice paragraph.

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

| | |
|---|---|
| **From:** | Jon Piper |
| **To:** | Kathleen.Lally@lw.com |
| **Subject:** | RE: Preliminary Approval Order - TTA v. BLP.DOC |
| **Date:** | Tuesday, June 21, 2016 4:31:00 PM |

We have signature pages from plaintiffs.

What's the status on your end?

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Tuesday, June 21, 2016 2:37 PM
**To:** Jon Piper
**Subject:** RE: Preliminary Approval Order - TTA v. BLP.DOC

OK.  Any other comments?  I truly do not want to send back more than one more time.

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Tuesday, June 21, 2016 2:36 PM
**To:** Lally, Kathleen (CH)
**Subject:** RE: Preliminary Approval Order - TTA v. BLP.DOC

There's a typo on p. 6 – Plaintiff's should be Plaintiffs'

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Tuesday, June 21, 2016 2:34 PM
**To:** Jon Piper
**Subject:** Preliminary Approval Order - TTA v. BLP.DOC

Settlement website added as part of the notice paragraph.

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without

  TTA10262018 000876

express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

| | |
|---|---|
| From: | Kathleen.Lally@lw.com |
| To: | Jon Piper |
| Subject: | RE: Preliminary Approval Order - TTA v. BLP.DOC |
| Date: | Tuesday, June 21, 2016 4:36:03 PM |

I have some calls out.

---

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Tuesday, June 21, 2016 4:35 PM
**To:** Lally, Kathleen (CH)
**Subject:** RE: Preliminary Approval Order - TTA v. BLP.DOC

We have signature pages from plaintiffs.

What's the status on your end?

---

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Tuesday, June 21, 2016 2:37 PM
**To:** Jon Piper
**Subject:** RE: Preliminary Approval Order - TTA v. BLP.DOC

OK.  Any other comments?  I truly do not want to send back more than one more time.

---

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Tuesday, June 21, 2016 2:36 PM
**To:** Lally, Kathleen (CH)
**Subject:** RE: Preliminary Approval Order - TTA v. BLP.DOC

There's a typo on p. 6 – Plaintiff's should be Plaintiffs'

---

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Tuesday, June 21, 2016 2:34 PM
**To:** Jon Piper
**Subject:** Preliminary Approval Order - TTA v. BLP.DOC

Settlement website added as part of the notice paragraph.

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without

express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

| From: | Jon Piper |
|---|---|
| To: | Kathleen.Lally@lw.com |
| Subject: | RE: Preliminary Approval Order - TTA v. BLP.DOC |
| Date: | Tuesday, June 21, 2016 4:48:00 PM |

That works.

Do you think we can iron out the motion today?

---

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Tuesday, June 21, 2016 4:51 PM
**To:** Jon Piper
**Subject:** Preliminary Approval Order - TTA v. BLP.DOC

My client asked for a small change in Paragraph 3 to reference preliminary certification and to correct a few times where "attorneys' fees" was not the appropriate defined term.  I think I am collecting signatures now.

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

| From: | Kathleen.Lally@lw.com |
|---|---|
| To: | Jon Piper |
| Subject: | Preliminary Approval Order - TTA v. BLP.DOC |
| Date: | Tuesday, June 21, 2016 4:51:19 PM |
| Attachments: | Preliminary Approval Order - TTA v. BLP(7733121_2_NY).DOC |

My client asked for a small change in Paragraph 3 to reference preliminary certification and to correct a few times where "attorneys' fees" was not the appropriate defined term.  I think I am collecting signatures now.

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | | |
|---|---|---|
| **TECHNOLOGY TRAINING ASSOCIATES, INC. and LARRY E. SCHWANKE, D.C. d/b/a/ BACK TO BASICS FAMILY CHIROPRACTIC,** individually and as the representatives of a class of similarly-situated persons, | ) ) ) ) ) ) | **Case No. 8:16-cv-01622-MSS-AEP** |
| Plaintiffs, | ) | **Judge Mary S. Scriven** |
| v. | ) | **Magistrate Judge Anthony E. Porcelli** |
| | ) | |
| **BUCCANEERS LIMITED PARTNERSHIP,** | ) ) | |
| Defendant. | ) | |

<u>**PRELIMINARY APPROVAL ORDER**</u>

Having fully considered the Motion For Preliminary Approval Of Class Action Settlement (the "Motion") of Plaintiffs Technology Training Associates, Inc. and Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic (collectively, "Plaintiffs"), the parties' arguments and submissions concerning the Motion, and the applicable facts and law, the Court hereby finds and orders as follows:

1.       Except as otherwise provided below, all capitalized terms used in this Preliminary Approval Order shall have the meanings and/or definitions given them in the Settlement Agreement and Release ("Agreement").

2.       The Court preliminarily approves the Agreement subject to the Fairness Hearing, the purpose of which will be to decide whether to grant final approval to the Settlement Agreement reached by the Parties (the "Settlement").  The Court finds that the Agreement, the Settlement set forth therein and all exhibits attached thereto or to Plaintiffs' Motion For Preliminary Approval Of Class Action Settlement are fair, reasonable, and adequate, entered into in good faith, free of collusion to the detriment of the Settlement Class and within the range of

possible judicial approval to warrant sending notice of the Litigation and the proposed

Settlement to the Settlement Class and to hold a full hearing on the proposed Settlement.

3.      For settlement purposes only, conditioned upon final certification of the proposed

class and upon Final Judgment, the Court preliminarily certifies the following class:

> All persons who, in 2009 or 2010, received one or more facsimile advertisements
> sent by or on behalf of BLP and offering tickets for Tampa Bay Buccaneer games.

> Specifically excluded from the Settlement Class are the following Persons: (i)
> BLP and its respective parents, subsidiaries, divisions, affiliates, associated
> entities, business units, predecessors in interest, successors, successors in interest
> and representatives and each of their respective immediate family members; (ii)
> Class Counsel; and (iii) the judges who have presided over the Litigation and any
> related cases.

4.      The Court recognizes that Defendant Buccaneers Limited Partnership ("BLP")

reserves all of its defenses and objections against and rights to oppose any request for class

certification in the event that the proposed Settlement does not become Final for any reason.

BLP also reserves all its defenses to the merits of the claims asserted in the event the Settlement

does not become Final for any reason.

5.      For settlement purposes only, the Court preliminarily appoints Plaintiffs as

representative of the Settlement Class.

6.      For settlement purposes only, the Court preliminarily appoints the following

attorney to act as Class Counsel for the Settlement Class:

> Phillip A. Bock
> Jonathan B. Piper
> Daniel J. Cohen
> Bock, Hatch, Lewis & Oppenheim, LLC
> 134 North La Salle Street, Suite 1000
> Chicago, Illinois 60602
> Telephone:  (312) 658-5500
> Facsimile:  (312) 658-5555

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                      TTA10262018 000883

7.      The Court appoints the Settlement Administrator designated by the Parties, who will be an agent of the Court and subject to the Court's supervision and direction as circumstances may require.

8.      The Settlement Class Notice Program shall be effectuated as follows:

a.   Within ten (10) Days of the entry of this Order, the Parties shall provide to the Settlement Administrator records identifying the fax numbers to which the facsimile advertisements offering tickets for Tampa Bay Buccaneer games were sent.   The Settlement Administrator will then use these records to determine the mailing addresses for as many members of the Settlement Class as possible.

b.   No later than sixty (60) Days after the entry of this Order, the Settlement Administrator will mail the Mailed Notice to all such members of the Settlement Class whose addresses were derived as part of the process described in the paragraph above.

c.   No later than sixty (60) Days after the entry of this Order, the Settlement Administrator will also cause notice to be published in a manner that satisfies due process when considered in conjunction with the mailed notice portion of the Settlement Class Notice Program discussed in the paragraph above.

d.   The Settlement Administrator will maintain the Settlement Website in accordance with the Agreement.

9.      The form and content of the Class Notice are fair, reasonable and adequate, and notice shall be disseminated to the Settlement Class in accordance with the Agreement and as due process and Rule 23 of the Federal Rules of Civil Procedure require.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                     TTA10262018 000884

10.     The Court finds that the Settlement Class Notice Program is reasonably calculated, under the circumstance, to apprise the Settlement Class:  (a) of the pendency of the Litigation and the essential terms of the Settlement; (b) of the procedures for allocating the Settlement Fund; (c) of any requested amounts for Attorneys' Fee Award and Incentive Awards; (d) of right of members of the Settlement Class to exclude themselves from the Settlement Class and the proposed Settlement; (e) that any judgment, whether favorable or not, will bind all members of the Settlement Class who do not request exclusion; (f) that any member of the Settlement Class who does not request exclusion may object to the Settlement, the request for Attorneys' Fee Award and/or Incentive Awards and, if he or she desires, enter an appearance personally or through counsel; (g) the time and place of the Final Approval Hearing; and (h) prominently display the address of Class Counsel and the Settlement Administrator as well as the procedure for making inquiries.  The Court further finds that the notices are written in plain English and are readily understandable by members of the Settlement Class.

11.     The Court finds the Settlement Class Notice Program:  (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and of their right to object to or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all Persons entitled to receive notice; and (iv) meets all requirements of applicable law.

12.     No later than seven (7) days before the Fairness Hearing, the Settlement Administrator shall file a declaration with the Court attesting to the: (a) completion of the Settlement Class Notice Program and (b) number of valid claims, opt-outs, and objections.

13.     The Court approves the Claim Form in substantially the same form as the Claim Form attached to the Agreement.  Any member of the Settlement Class who wishes to receive

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                      TTA10262018 000885

benefits under the Agreement must sign and return a complete and timely Claim Form in compliance with the process set forth in the Agreement, and such Claim Form shall be postmarked no later than one hundred twenty (120) days after the entry of this Order.  Any Settlement Class Member who does not submit a complete and timely Claim Form in compliance with the Agreement shall not be entitled to any benefits under the Settlement, but nonetheless shall be barred by the release provisions of the Agreement and the Final Judgment and shall be deemed to have released the Released Parties from the Released Claims.

14.     Any member of the Settlement Class who wishes to opt out or exclude himself or herself from the Settlement Class must submit an appropriate, timely request for exclusion sent to the Settlement Administrator at the address on the Notice and to be postmarked no later than one hundred twenty (120) days after the entry of this Order (the "Opt-Out and Objection Date"). The opt-out request must be personally signed by the member of the Settlement Class requesting exclusion, contain a statement that indicates his or her desire to be excluded from the Settlement Class and contain a statement that he or she is otherwise a member of the Settlement Class.  A timely and valid request to opt out of the Settlement Class shall preclude the person opting out from participating in the proposed Settlement and he or she will be unaffected by the Agreement. The Settlement Administrator shall compile a list of all members of the Settlement Class who properly and timely submit an opt-out request (the "Opt-Out List").

15.     Any member of the Settlement Class who does not submit a timely and valid written request for exclusion shall be bound by all subsequent proceedings, orders and judgments in this Litigation, regardless of whether he or she currently is, or subsequently becomes, a plaintiff in any other lawsuit, arbitration or other proceeding against any of the Released Parties asserting any of the Released Claims.

-5-

16.     The Settlement Administrator shall provide the Opt-Out List to Class Counsel and BLP Counsel no later seven (7) days after the Opt-Out and Objection Date and shall file the Opt-Out List along with an affidavit attesting to the completeness and accuracy thereof with the Court no later than five (5) days thereafter, or another such date as the Parties may agree.

17.     Any Settlement Class Member who does not properly and timely submit an opt-out request and who wishes to object to the fairness, reasonableness or adequacy of the Agreement or the proposed Settlement or who wishes to object to the award of Attorneys' Fee Award or Plaintiffs' Incentive Awards must file with the Court and serve on Class Counsel and Defendant's Counsel, postmarked no later than the Opt-Out and Objection Date, a written statement of the objection signed by the Settlement Class Member containing all of the following information:

  a.  The name, address, telephone number of the Person objecting and, if represented by counsel, of his/her counsel;

  b.  A signed declaration stating that he or she is a member of the Settlement Class and in 2009 and/or 2010, received one or more facsimile advertisements sent by or on behalf of BLP;

  c.  A statement of all objections to the Settlement; and

  d.  A statement of whether he or she intends to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of his or her counsel who will attend.  Any Settlement Class Member who fails to file and serve a timely written objection and notice of his or her intent to appear at the Fairness Hearing pursuant to this Paragraph and as detailed in the Class Notice shall not be permitted to object to the approval of the Settlement at the

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                      TTA10262018 000887

Fairness Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

18.     Any objections must be appropriately filed with the Court no later than the Opt-Out and Objection Date, or alternatively they must be mailed to the Court at the address below and postmarked no later than the Opt-Out/Objection Deadline.

> Clerk of Court
> United States District Court for the Middle District of Florida
> 801 North Florida Avenue
> Tampa, Florida 33602
> Attention: "Technology Training Associates, Inc. v. Buccaneers Limited Partnership, Case No. 8:16-cv-01622-MSS-AEP."

A copy of the objection, postmarked no later than the Opt-Out and Objection Date, must also be mailed to the Settlement Administrator at the post office box described in the Mailed Notice.

19.     No person shall be heard and no paper or brief submitted by any objector shall be received or considered by the Court unless such person has filed with the Clerk of Court and timely mailed to the Settlement Administrator, as provided above, the concise written statement of objections as described above, together with copies of any supporting materials, papers or briefs. Any Settlement Class Member who does not file a written objection in the time and manner described above shall be:  (a) deemed to have waived and forfeited any objections to the proposed Settlement; (b) foreclosed from raising any objection to the proposed Settlement at the Fairness Hearing; (c) bound by all of the terms of the Agreement and by all proceedings, orders and judgments by the Court; and (d) foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                TTA10262018 000888

20.     Any objecting Settlement Class Member who intends to appear at the Fairness Hearing, either with or without counsel, must also file a notice of intention to appear with the Court postmarked no later than the Opt-Out/Objection Deadline, which notice shall be filed with, or mailed to, the Clerk of the Court, with copy to the Settlement Administrator, as set forth above.

      a.  If the objecting Settlement Class Member intends to appear at the Fairness Hearing through counsel, he or she must also identify any attorney representing the objector who will appear at the Fairness Hearing and include the attorney(s) name, address, phone number, e-mail address and state bar(s) to which counsel is admitted.  Any attorney hired by a Settlement Class Member for the purpose of objecting to the Agreement or to the proposed Settlement or to the Attorneys' Fee Award will be at the Settlement Class Member's own expense; and

      b.  If the objecting Settlement Class Member intends to request the Court allow the Class Member to call witnesses at the Fairness Hearing, the objecting Class Member must provide a list of any such witnesses together with a brief summary of each witness's expected testimony no later than the Opt-Out/Objection Deadline.  If a witness is not identified in the notice of appearance, such witness shall not be permitted to object or appear at the Fairness Hearing.

21.     The Settlement Administrator will establish a post office box to be used for receiving requests for exclusion or objections, Claim Forms and any other communications relating to this Settlement.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                   TTA10262018 000889

22.     The Court preliminarily enjoins all members of the Settlement Class unless and until they have timely excluded themselves from the Settlement Class from (a) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; (b) filing, commencing, participating in or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (c) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims. Any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by BLP, any other Released Person and Class Counsel as a result of the violation. This Order is not intended to prevent members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency.

23.     A hearing to determine (a) whether the Settlement Class should be finally certified pursuant to Rule 23 of the Federal Rules of Civil Procedure and (b) whether the proposed Settlement is fair, reasonable and adequate (the "Fairness Hearing") shall be conducted in the United States Courthouse, United States District Court for the Middle District of Florida,

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                  TTA10262018 000890

Tampa Division, Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida, Courtroom ____, commencing on _____ ___, 201_, at _____ _.m.

24.     The Court may reschedule the Fairness Hearing without further written notice.  If the Fairness Hearing is rescheduled from the currently scheduled date, information regarding a rescheduled Fairness Hearing will be posted on the Court's docket.

25.     Papers in support of the final approval of the Settlement, including responses to objections, shall be filed with the Court no later than seven (7) days before the Fairness Hearing.

26.      An application of Class Counsel for an award of fees and expenses shall be filed with the Court no later than fourteen (14) days before the Opt-Out and Objection Date.

27.     All discovery and other pre-trial proceedings in this Litigation are stayed and suspended pending the Fairness Hearing, except such actions as may be necessary to implement the Agreement and this Order.

28.      BLP shall file proof of compliance with the notice requirements of The Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715(b), no later than seven (7) days before the Fairness Hearing.

29.     This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (a) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Agreement or (b) the proposed Settlement is terminated in accordance with the Agreement or does not become effective as required by the terms of the Agreement for any other reason.  In any such event, the proposed Settlement and Agreement shall become null and void and be of no further force and effect, and

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                            TTA10262018 000891

neither the Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever.

30.     Neither the Agreement, nor any of its terms or provisions, nor any of its exhibits, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by any Defendant of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, or of the appropriateness of the certification of the Settlement Class for purposes other than for settlement.  This Order shall not be construed or used as an admission, concession or declaration by or against any of the Released Parties of any fault, wrongdoing, breach, or liability.

31.     The terms and provisions of the Agreement may be amended by agreement of the Parties in writing or with approval of the Court without further notice to the Settlement Class, if such changes are consistent with this Order and do not limit the rights of the Settlement Class.

IT IS SO ORDERED:


_____
Magistrate Judge Anthony E. Porcelli

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000892

| | |
|---|---|
| **From:** | Jon Piper |
| **To:** | Kathleen.Lally@lw.com |
| **Subject:** | Litigations updates |
| **Date:** | Tuesday, June 21, 2016 4:51:00 PM |

You probably saw that the judge in TTA v Bucs signed the order referring to Magistrate Porcelli.

The Judge in the Midwest v Oppenheim case declined to transfer to Porcelli because the parties had not consented and the magistrates had not consented. However, the judge then issued a show cause order giving us 14 days to explain why there is federal jurisdiction. That makes it unlikely she is going to enter any substantive orders, and basically means that yet another attempt by Wanca to interfere with our case has faltered.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

| | |
|---|---|
| **From:** | Kathleen.Lally@lw.com |
| **To:** | Jon Piper |
| **Subject:** | RE: Preliminary Approval Order - TTA v. BLP.DOC |
| **Date:** | Tuesday, June 21, 2016 4:53:07 PM |

I can try.  I think it might be tomorrow AM though.

---

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Tuesday, June 21, 2016 4:52 PM
**To:** Lally, Kathleen (CH)
**Subject:** RE: Preliminary Approval Order - TTA v. BLP.DOC

That works.

Do you think we can iron out the motion today?

---

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Tuesday, June 21, 2016 4:51 PM
**To:** Jon Piper
**Subject:** Preliminary Approval Order - TTA v. BLP.DOC

My client asked for a small change in Paragraph 3 to reference preliminary certification and to correct a few times where "attorneys' fees" was not the appropriate defined term.  I think I am collecting signatures now.

**Kathleen P. Lally**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

| | |
|---|---|
| **From:** | Kathleen.Lally@lw.com |
| **To:** | Jon Piper |
| **Subject:** | RE: Litigations updates |
| **Date:** | Tuesday, June 21, 2016 5:09:32 PM |

Thanks Jon. I am working on the signatures and other things. Can we chat quickly in about a half hour?

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Tuesday, June 21, 2016 4:55 PM
**To:** Lally, Kathleen (CH)
**Subject:** Litigations updates

You probably saw that the judge in TTA v Bucs signed the order referring to Magistrate Porcelli.

The Judge in the Midwest v Oppenheim case declined to transfer to Porcelli because the parties had not consented and the magistrates had not consented. However, the judge then issued a show cause order giving us 14 days to explain why there is federal jurisdiction. That makes it unlikely she is going to enter any substantive orders, and basically means that yet another attempt by Wanca to interfere with our case has faltered.

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

| From: | Jon Piper |
|---|---|
| To: | Kathleen.Lally@lw.com |
| Subject: | RE: Litigations updates |
| Date: | Tuesday, June 21, 2016 5:10:00 PM |

Ok. Unless you think we can file tonight, I may not be in my office however

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Tuesday, June 21, 2016 5:09 PM
**To:** Jon Piper
**Subject:** RE: Litigations updates

Thanks Jon. I am working on the signatures and other things. Can we chat quickly in about a half hour?

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Tuesday, June 21, 2016 4:55 PM
**To:** Lally, Kathleen (CH)
**Subject:** Litigations updates

You probably saw that the judge in TTA v Bucs signed the order referring to Magistrate Porcelli.

The Judge in the Midwest v Oppenheim case declined to transfer to Porcelli because the parties had not consented and the magistrates had not consented. However, the judge then issued a show cause order giving us 14 days to explain why there is federal jurisdiction. That makes it unlikely she is going to enter any substantive orders, and basically means that yet another attempt by Wanca to interfere with our case has faltered.

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

TTA10262018 000896

| | |
|---|---|
| **From:** | Kathleen.Lally@lw.com |
| **To:** | Jon Piper |
| **Subject:** | RE: Litigations updates |
| **Date:** | Tuesday, June 21, 2016 5:15:57 PM |

I think we might be able to.

---

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Tuesday, June 21, 2016 5:14 PM
**To:** Lally, Kathleen (CH)
**Subject:** RE: Litigations updates

Ok. Unless you think we can file tonight, I may not be in my office however

---

**From:** Kathleen.Lally@lw.com [mailto:Kathleen.Lally@lw.com]
**Sent:** Tuesday, June 21, 2016 5:09 PM
**To:** Jon Piper
**Subject:** RE: Litigations updates

Thanks Jon.  I am working on the signatures and other things.  Can we chat quickly in about a half hour?

---

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Tuesday, June 21, 2016 4:55 PM
**To:** Lally, Kathleen (CH)
**Subject:** Litigations updates

You probably saw that the judge in TTA v Bucs signed the order referring to Magistrate Porcelli.

The Judge in the Midwest v Oppenheim case declined to transfer to Porcelli because the parties had not consented and the magistrates had not consented. However, the judge then issued a show cause order giving us 14 days to explain why there is federal jurisdiction. That makes it unlikely she is going to enter any substantive orders, and basically means that yet another attempt by Wanca to interfere with our case has faltered.

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

---

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

| From: | Jon Piper |
|---|---|
| To: | Kathleen.Lally@lw.com |
| Subject: | FW: TTA v Bucs - proposed orders |
| Date: | Tuesday, June 21, 2016 5:21:00 PM |

Kate – there is a wrinkle in the MDFL ECF instructions, as usual. The information below suggests there is a possibility we may have a problem attaching the PAO as an exhibit. I think we should have a footnote in the motion that just says that we will separately submit a copy of the order in wordperfect format to the court's email.

*********************************************

I found this in the MDFL CM/ECF FAQ, at https://www.flmd.uscourts.gov/cmecf/CMECF_FAQs.htm under "How do I file a proposed order?"

If authorized, a proposed order shall be submitted as follows:

An electronically submitted proposed order shall not be combined with the motion into one document. The proposed order must be submitted by e-mail and refer to the document number of the motion. The Judge's email address can be found once the user logs into CM/ECF. Any proposed order must be submitted in a format compatible with WordPerfect. The judge will not accept a proposed order in PDF format.

**Julia L. Titolo**
BOCK, HATCH, LEWIS & OPPENHEIM LLC
312.658.5500 (phone)
312.658.5527 (direct line)
312.658.5555 (fax)

| | |
|---|---|
| **From:** | Kathleen.Lally@lw.com |
| **To:** | Jon Piper |
| **Subject:** | RE: TTA v Bucs - proposed orders |
| **Date:** | Tuesday, June 21, 2016 5:29:25 PM |

OK.   I am waiting for one last part of the signature page.  I am fine with this, but I don't have wordperfect.

---

**From:** Jon Piper [mailto:jon@classlawyers.com]
**Sent:** Tuesday, June 21, 2016 5:25 PM
**To:** Lally, Kathleen (CH)
**Subject:** FW: TTA v Bucs - proposed orders

Kate – there is a wrinkle in the MDFL ECF instructions, as usual. The information below suggests there is a possibility we may have a problem attaching the PAO as an exhibit. I think we should have a footnote in the motion that just says that we will separately submit a copy of the order in wordperfect format to the court's email.

*********************************************

I found this in the MDFL CM/ECF FAQ, at https://www.flmd.uscourts.gov/cmecf/CMECF_FAQs.htm under "How do I file a proposed order?"

If authorized, a proposed order shall be submitted as follows:

An electronically submitted proposed order shall not be combined with the motion into one document. The proposed order must be submitted by e-mail and refer to the document number of the motion. The Judge's email address can be found once the user logs into CM/ECF. Any proposed order must be submitted in a format compatible with WordPerfect. The judge will not accept a proposed order in PDF format.

**Julia L. Titolo**
BOCK, HATCH, LEWIS & OPPENHEIM LLC
312.658.5500 (phone)
312.658.5527 (direct line)
312.658.5555 (fax)

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

| From: | Kathleen.Lally@lw.com |
|---|---|
| To: | Jon Piper |
| Cc: | mark.mester@lw.com |
| Subject: | Final Docs & Signature Page |
| Date: | Tuesday, June 21, 2016 5:41:06 PM |
| Attachments: | Detailed Class Notice - Buccaneers(7720796_6_NY).DOCX |
| | Preliminary Approval Order - TTA v. BLP(7733121_2_NY) (2).DOC |
| | Technology Training v. Bucs -- Proof of Claim(7720495_21_NY).DOCX |
| | Technology Training, et al. v. Buccaneers -- DRAFT Settlement Agreement and Release(7719933_13_NY).DOCX |
| | Settlement Agreement.pdf |
| | 2016_06_21_18_33_15.pdf |

Jon,

       Here are the final documents in word version (as I noted earlier, I made a clarifying change in the notice to eliminate the "group and individual game" language we had taken out of the settlement) as well as our signature pages.  I will give you a call shortly.

Kate

**Kathleen P. Lally**

**LATHAM & WATKINS** LLP
330 North Wabash Avenue, Suite 2800
Chicago, IL 60611
Direct Dial: +1.312.777.7005
Fax: +1.312.993.9767
Email: kathleen.lally@lw.com
http://www.lw.com

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies.

Latham & Watkins LLP

# If You Received A Facsimile Advertising Allegedly Sent By Or On Behalf Of BLP In 2009 Or 2010, You May Be Part Of A Class Action Settlement

## IMPORTANT
## PLEASE READ THIS NOTICE CAREFULLY

## THIS NOTICE RELATES TO THE PENDENCY OF A CLASS ACTION LAWSUIT AND, IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, CONTAINS IMPORTANT INFORMATION ABOUT YOUR RIGHTS UNDER THE SETTLEMENT[1]

*A federal court directed this notice. This is not a solicitation from a lawyer. You are not being sued.*

- A Settlement has been reached in a class action lawsuit alleging that the Buccaneers Limited Partnership ("BLP") improperly sent advertisements regarding tickets for Tampa Bay Buccaneer games by facsimile. BLP denies the allegations in the lawsuit, and the Court has not decided who is right.

- Settlement Class Members who submit Valid Claims will be entitled to an Award.

- Your legal rights are affected whether you act or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM** (_____, 201_) | Submit a Claim Form seeking payment. Give up your right to be part of another lawsuit, arbitration or proceeding against BLP for the same legal claims resolved by this Settlement. |
| **OPT OUT OF THE SETTLEMENT** (_____, 201_) | Request to be excluded and receive no benefits from the Settlement. This is the only option that allows you to start or continue your own lawsuit against BLP for the claims at issue in the Settlement. |
| **OBJECT** (_____, 201_) | Remain in the Settlement and write to the Court about why you do not like the Settlement. If you would like benefits from the Settlement, you will need to file a Valid Claim. Give up your right to be part of another lawsuit, arbitration or proceeding against BLP for the same legal claims resolved by this Settlement. |
| **GO TO A HEARING** (_____, 201_) | Remain in the Settlement and ask to speak in Court about the fairness of the Settlement. Give up your right to be part of another lawsuit, arbitration or proceeding against BLP for the same legal claims resolved by this Settlement. |
| **DO NOTHING** | Get no benefits. Give up your right to be part of another lawsuit, arbitration or proceeding against BLP for the same legal claims resolved by this Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court still has to decide whether to approve the Settlement. If it does, and after any appeals are resolved, benefits will be distributed to those who submit qualifying claim forms. Please be patient.

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Settlement Agreement and Release ("Settlement Agreement") available from Class Counsel or by visiting the Settlement Website. If this notice conflicts with the Settlement Agreement, the Settlement Agreement will control.

**QUESTIONS? CALL 1-8XX-XXX-XXXX OR GO TO [WEBSITE]**

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ................................................................................................ PAGE 3
    1. Why is there a notice?
    2. What is this litigation about?
    3. What is the Telephone Consumer Protection Act?
    4. Why is this a class action?
    5. Why is there a settlement?

**WHO IS PART OF THE SETTLEMENT** .......................................................................... PAGE 4
    6. Who is included in the Settlement?
    7. What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS** ....................................................................................PAGE 4-5
    8. What does the Settlement provide?
    9. How do I file a Claim?
    10. When will I receive my payment?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ....................................................PAGE 5-6
    11. How do I get out of the Settlement?
    12. If I do not exclude myself, can I sue the Defendant for the same thing later?
    13. What am I giving up to stay in the Settlement Class?
    14. If I exclude myself, can I still get a payment?

**THE LAWYERS REPRESENTING YOU** .......................................................................... PAGE 6
    15. Do I have a lawyer in the case?
    16. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** ...........................................................................PAGE 6-7
    17. How do I tell the Court if I do not like the Settlement?
    18. What is the difference between objecting and asking to be excluded?

**THE FAIRNESS HEARING** ..........................................................................................PAGE 7-8
    19. When and where will the Court decide whether to approve the Settlement?
    20. Do I have to attend the hearing?
    21. May I speak at the hearing?

**IF YOU DO NOTHING** ................................................................................................ PAGE 8
    22. What happens if I do nothing at all?

**GETTING MORE INFORMATION** ................................................................................ PAGE 8
    23. How do I get more information?

**QUESTIONS?  CALL 1-8XX-XXX-XXXX OR GO TO [WEBSITE]**

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                        TTA10262018 000902

# BASIC INFORMATION

## 1. Why is there a notice?

This Notice is to inform you of the proposed Settlement of a class action lawsuit and about all of your rights and options before the Court decides whether to approve it. This Notice describes the lawsuit, the proposed Settlement, your legal rights, what benefits are available and who can get them.

_____ of the United States District Court for the Middle District of Florida is overseeing the proposed Settlement in the matter of [ ] (the "Litigation"). The proposed Settlement will resolve the claims made against BLP in the Litigation. The people who sued are called the "Plaintiffs." BLP is the "Defendant."

## 2. What is this Litigation about?

The Litigation alleges that in 2009 and 2010 BLP improperly sent advertisements by facsimile and seeks actual damages, as well as statutory damages under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 ("TCPA") on behalf of a proposed class of all persons who received one or more facsimile advertisements from or on behalf of BLP in 2009 and 2010.

BLP denies each and every allegation of wrongdoing, liability and damages that were or could have been asserted in the Litigation and further denies that the claims in the Litigation would be appropriate for class treatment if the Litigation were to proceed through trial.

The Settlement resolves the lawsuit. The Court has not decided who is right.

## 3. What is the Telephone Consumer Protection Act?

The TCPA is a federal law that restricts telephone solicitations and the use of certain automated telephone equipment, such as automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines for advertising and certain other purposes.

## 4. Why is this a class action?

In a class action, one or more people called "Class Representatives" (in this case, Plaintiffs Technology Training Associates, Inc. and Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic) sue on behalf of themselves and other similarly situated people. Together, all the people with similar claims are members of a "Settlement Class."

## 5. Why is there a Settlement?

The Court has not decided in favor of Plaintiffs or BLP. Instead, both sides have agreed to a settlement. By agreeing to the Settlement, the parties avoid the costs and uncertainty of a trial, and if the Settlement is approved by the Court, Settlement Class Members will receive the benefits described in this notice. The proposed Settlement does not mean that any law was broken or that BLP did anything wrong. BLP denies all legal claims in this case. Plaintiffs and their lawyers think the proposed Settlement is best for everyone who is affected.

**QUESTIONS? CALL 1-8XX-XXX-XXXX OR GO TO [WEBSITE]**

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER
TTA10262018 000903

## WHO IS PART OF THE SETTLEMENT

**6.  Who is included in the Settlement?**

The Settlement includes all persons who, in 2009 or 2010, received one or more facsimile advertisements sent by or on behalf of BLP and offering tickets for Tampa Bay Buccaneer games. These people are called the "Settlement Class."

Excluded from the Settlement Class are (a) BLP and its respective parents, subsidiaries, divisions, affiliates, associated entities, business units, predecessors in interest, successors, successors in interest and representatives and each of their respective immediate family members; (b) Class Counsel; and (c) the Judges who have presided over the Litigation and any related cases.

**7.  What if I am not sure whether I am included in the Settlement?**

If you are not sure whether you are in the Settlement Class, or have any other questions about the Settlement, call the toll free number, 1-8XX-XXX-XXXX, visit the Settlement Website, www._____, or send questions to the Settlement Administrator at _____, PO Box XXXX, [City], [State] XXXXX-XXXX.   You may also call Class Counsel at the number listed in Question 17.

## THE SETTLEMENT BENEFITS

**8.  What does the Settlement provide?**

BLP has agreed to pay up to $19.5 million to create a "Settlement Fund."  The Settlement Fund will be used to pay Awards, the Attorneys' Fee Awards, and Incentive Awards to Plaintiffs.  Awards will be distributed to Settlement Class Members who submit Valid Claims.  Each Settlement Class Member who received one or more unsolicited facsimile advertisements sent by or on behalf of BLP and who submit a Valid Claim shall be eligible to receive up to: (i) $350 for the first such facsimile; (ii) $100 for the second such facsimile; (iii) $75 for the third such facsimile; (iv) $20 for the fourth such facsimile; and (v) $20 for the fifth such facsimile.

**9.  How do I file a Claim?**

To receive a payment, you must submit a Valid Claim.  To submit a Valid Claim, you must timely and fully complete and submit a Claim Form by mail on or before **Month DD, 201_**.  Claim Forms may be obtained on the Settlement Website, www._____.

You can submit your Claim Form via regular mail.  Claim Forms submitted by mail must be postmarked on or before **Month Day, 2016** to:

_____ Settlement Administrator
PO Box XXX
City, State XXXXX-XXXX

Please read the Claim Form carefully and provide all the information required.

**QUESTIONS?  CALL 1-8XX-XXX-XXXX OR GO TO [WEBSITE]**

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000904

## 10.  When will I receive my payment?

Payments for Valid Claims will be made only after the Court enters a Final Order and Judgment granting approval of the Settlement and after any appeals are resolved (*see* "Fairness Hearing" below).  If there are appeals, resolving them can take time.  Please be patient.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

## 11.  How do I get out of the Settlement?

If you want to keep any right you might have to sue BLP about the issues in this case and if you do not want benefits from the Settlement, then you must take steps to exclude yourself from the Settlement.  This is called "opting-out" of the Settlement Class.

To exclude yourself from the Settlement, you must send a letter or other written document by mail to:

_____ Settlement Administrator
PO Box XXXX
City, State XXXXX-XXXX

Your request to be excluded from the Settlement must be personally signed by you and contain a statement that you are a member of the Settlement Class but desire to be excluded from it.

Your exclusion request must be postmarked no later than **Month Day, 2016**.  You <u>cannot</u> ask to be excluded on the phone, by email or in any other manner.

You may opt-out of the Settlement Class only for yourself.  So-called "mass" or "class" opt outs, whether filed by third parties on behalf of a "mass" or "class" of members of the Settlement Class or multiple members of the Settlement Class where no personal statement has been signed by each and every individual member of the Settlement Class, are not allowed.

## 12.  If I do not exclude myself, can I sue the Defendant for the same thing later?

No.  Unless you exclude yourself, you give up any right you might have to sue BLP for legal claims that the Settlement resolves.  You must exclude yourself from the Settlement Class in order to try to maintain your own lawsuit.  If you start your own lawsuit, you will have to hire your own lawyer and you will have to prove your claims.

## 13.  What am I giving up to stay in the Settlement Class?

Unless you exclude yourself from the Settlement, you cannot sue or be part of any other lawsuit against BLP about the issues in this case, including any existing litigation, arbitration, or proceeding.  Unless you exclude yourself, all of the decisions and judgments by the Court will bind you.  If you file a Claim Form for benefits or do nothing at all, you will be releasing BLP from all of the claims described and identified in Section [ ] of the Settlement Agreement.

The Settlement Agreement is available by visiting the Settlement Website [WEBSITE], calling [SA Number] or writing to [SA ADDRESS].  The Settlement Agreement provides more detail regarding the release and describes the released claims with specific descriptions in necessary, accurate legal

terminology, so read it carefully. You can talk to the law firm seeking to represent the Settlement Class and listed in Question 15 for free or you can, at your own expense, talk to your own lawyer if you have any questions about the released claims or what they mean.

## 14. If I exclude myself, can I still get a payment?

No.   You will not get a payment from the Settlement Fund if you exclude yourself from the settlement.

# THE LAWYERS REPRESENTING YOU

## 15. Do I have a lawyer in the case?

The Court has appointed Phillip A. Bock, Jonathan B. Piper, Daniel J. Cohen of Bock, Hatch, Lewis & Oppenheim, LLC as "Class Counsel" to represent all members of the Settlement Class.

You will not be charged for these lawyers' services. The Attorneys' Fee Awards will be paid directly from the Settlement Fund. If you want to be represented by another lawyer, you may hire one to appear in Court for you at your own expense.

## 16. How will the lawyers be paid?

Class Counsel intend to request up to twenty-five percent (25%) ($4,875,000) of the Settlement Fund for attorneys' fees and reasonable, actual out-of-pocket expenses incurred in the Litigation.  The fees and expenses awarded by the Court will be paid out of the Settlement Fund.  The Court will decide the amount of fees and expenses to award.

Plaintiffs will apply for Incentive Awards in an amount to be paid from the Settlement Fund. Plaintiff Technology Training Associates will apply for an award of $20,000 and Plaintiff Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic will apply for $3,000.

# OBJECTING TO THE SETTLEMENT

## 17. How do I tell the Court if I do not like the Settlement?

If you are a Settlement Class Member (and do not exclude yourself from the Settlement Class), you can object to any part of the Settlement.  To object, you must submit a letter or other written document that includes the following:

1)  A heading that includes the case name and case number - [ ].

2)  Your name, address, telephone number and, if represented by counsel, the name, bar number, address and telephone number of your counsel;

3)  A signed declaration stating that you are a member of the Settlement Class and in 2009 and/or 2010, received one or more facsimile advertisements sent by or on behalf of BLP;

4)  A statement of all your objections to the Settlement; and

5)  A statement of whether you intend to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name, bar number, address, and telephone number of your counsel who will attend.

QUESTIONS?  CALL 1-8XX-XXX-XXXX OR GO TO [WEBSITE]

6

You must file your objection with the Court and mail or email your objection to each of the following postmarked or emailed by **Month Day, 2016**:

| Settlement Administrator | Class Counsel | Defendant's Counsel |
|---|---|---|
| | Phillip A. Bock<br>Jonathan B. Piper<br>Daniel J. Cohen<br>Bock, Hatch, Lewis &<br>Oppenheim, LLC<br>134 North La Salle Street,<br>Suite 1000<br>Chicago, Illinois 60602<br>Phone: _____<br>Email: _____ | Mark S. Mester<br>mark.mester@lw.com<br>Kathleen P. Lally<br>kathleen.lally@lw.com<br>Latham & Watkins LLP<br>330 N. Wabash Avenue<br>Suite 2800<br>Chicago, Illinois 60611 |

## 18.  What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you do not like something about the Settlement.  You can object to the Settlement only if you do not exclude yourself.  Excluding yourself is telling the Court that you do not want to be part of the Settlement.  If you exclude yourself, you have no basis to object to the Settlement because it no longer affects you.

# THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement and any requests for fees and expenses ("Fairness Hearing").

## 19.  When and where will the Court decide whether to approve the Settlement?

The Court has scheduled a Fairness Hearing on **Month Day, 2016 at __:__ _m**, at the [address].  The hearing may be moved to a different date or time without additional notice.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  The Court will also consider the requests by Class Counsel for Attorneys' Fee Award and for Inventive Awards to the Class Representatives.  If there are objections, the Court will consider them at that time.  After the hearing, the Court will decide whether to approve the Settlement.  It is unknown how long these decisions will take.

## 20.  Do I have to attend the hearing?

No.  Class Counsel will answer any questions the Court may have.  But, you are welcome to attend the hearing at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you submitted your written objection on time, to the proper addresses, and it complies with the other requirements set forth above, the Court will consider it.  You also may pay your own lawyer to attend the hearing, but it is not necessary.

**QUESTIONS?  CALL 1-8XX-XXX-XXXX OR GO TO [WEBSITE]**

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                    TTA10262018 000907

## 21.  May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, your filed objection must include a statement of whether you intend to appear at the Fairness Hearing (*See* question 17 above).

You cannot speak at the hearing if you exclude yourself from the Settlement.

# IF YOU DO NOTHING

## 22.  What happens if I do nothing at all?

If you are a member of the Settlement Class and do nothing, you will not get benefits from the Settlement.  And, unless you exclude yourself, you will be bound by the judgment entered by the Court.  This means you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit or proceeding against BLP about the claims at issue in this case.

# GETTING MORE INFORMATION

## 23.  How do I get more information?

This notice summarizes the proposed Settlement.  More details are in the Settlement Agreement.  For a complete, definitive statement of the settlement terms visit the Settlement Website at _____, write with questions to the Settlement Administrator at _____ Settlement Administrator, PO Box XXXX, City, State XXXXX-XXXX, or call the toll-free number, 1-8XX-XXX-XXXX.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| **TECHNOLOGY TRAINING** | ) | |
| **ASSOCIATES, INC. and LARRY E.** | ) | |
| **SCHWANKE, D.C. d/b/a/ BACK TO** | ) | |
| **BASICS FAMILY CHIROPRACTIC,** | ) | |
| **individually and as the representatives of a** | ) | **Case No. 8:16-cv-01622-MSS-AEP** |
| **class of similarly-situated persons,** | ) | |
| **Plaintiffs,** | ) | **Judge Mary S. Scriven** |
| **v.** | ) | **Magistrate Judge Anthony E. Porcelli** |
| | ) | |
| **BUCCANEERS LIMITED** | ) | |
| **PARTNERSHIP,** | ) | |
| **Defendant.** | ) | |

<u>**PRELIMINARY APPROVAL ORDER**</u>

Having fully considered the Motion For Preliminary Approval Of Class Action Settlement (the "Motion") of Plaintiffs Technology Training Associates, Inc. and Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic (collectively, "Plaintiffs"), the parties' arguments and submissions concerning the Motion, and the applicable facts and law, the Court hereby finds and orders as follows:

1.      Except as otherwise provided below, all capitalized terms used in this Preliminary Approval Order shall have the meanings and/or definitions given them in the Settlement Agreement and Release ("Agreement").

2.      The Court preliminarily approves the Agreement subject to the Fairness Hearing, the purpose of which will be to decide whether to grant final approval to the Settlement Agreement reached by the Parties (the "Settlement").  The Court finds that the Agreement, the Settlement set forth therein and all exhibits attached thereto or to Plaintiffs' Motion For Preliminary Approval Of Class Action Settlement are fair, reasonable, and adequate, entered into in good faith, free of collusion to the detriment of the Settlement Class and within the range of

TTA10262018 000909

possible judicial approval to warrant sending notice of the Litigation and the proposed

Settlement to the Settlement Class and to hold a full hearing on the proposed Settlement.

3.     For settlement purposes only, conditioned upon final certification of the proposed

class and upon Final Judgment, the Court preliminarily certifies the following class:

> All persons who, in 2009 or 2010, received one or more facsimile advertisements
> sent by or on behalf of BLP and offering tickets for Tampa Bay Buccaneer games.
>
> Specifically excluded from the Settlement Class are the following Persons: (i)
> BLP and its respective parents, subsidiaries, divisions, affiliates, associated
> entities, business units, predecessors in interest, successors, successors in interest
> and representatives and each of their respective immediate family members; (ii)
> Class Counsel; and (iii) the judges who have presided over the Litigation and any
> related cases.

4.     The Court recognizes that Defendant Buccaneers Limited Partnership ("BLP")

reserves all of its defenses and objections against and rights to oppose any request for class

certification in the event that the proposed Settlement does not become Final for any reason.

BLP also reserves all its defenses to the merits of the claims asserted in the event the Settlement

does not become Final for any reason.

5.     For settlement purposes only, the Court preliminarily appoints Plaintiffs as

representative of the Settlement Class.

6.     For settlement purposes only, the Court preliminarily appoints the following

attorney to act as Class Counsel for the Settlement Class:

> Phillip A. Bock
> Jonathan B. Piper
> Daniel J. Cohen
> Bock, Hatch, Lewis & Oppenheim, LLC
> 134 North La Salle Street, Suite 1000
> Chicago, Illinois 60602
> Telephone:  (312) 658-5500
> Facsimile:  (312) 658-5555

-2-

7.      The Court appoints the Settlement Administrator designated by the Parties, who will be an agent of the Court and subject to the Court's supervision and direction as circumstances may require.

8.      The Settlement Class Notice Program shall be effectuated as follows:

a.  Within ten (10) Days of the entry of this Order, the Parties shall provide to the Settlement Administrator records identifying the fax numbers to which the facsimile advertisements offering tickets for Tampa Bay Buccaneer games were sent.  The Settlement Administrator will then use these records to determine the mailing addresses for as many members of the Settlement Class as possible.

b.  No later than sixty (60) Days after the entry of this Order, the Settlement Administrator will mail the Mailed Notice to all such members of the Settlement Class whose addresses were derived as part of the process described in the paragraph above.

c.  No later than sixty (60) Days after the entry of this Order, the Settlement Administrator will also cause notice to be published in a manner that satisfies due process when considered in conjunction with the mailed notice portion of the Settlement Class Notice Program discussed in the paragraph above.

d.  The Settlement Administrator will maintain the Settlement Website in accordance with the Agreement.

9.      The form and content of the Class Notice are fair, reasonable and adequate, and notice shall be disseminated to the Settlement Class in accordance with the Agreement and as due process and Rule 23 of the Federal Rules of Civil Procedure require.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000911

10.     The Court finds that the Settlement Class Notice Program is reasonably calculated, under the circumstance, to apprise the Settlement Class:  (a) of the pendency of the Litigation and the essential terms of the Settlement; (b) of the procedures for allocating the Settlement Fund; (c) of any requested amounts for Attorneys' Fee Award and Incentive Awards; (d) of right of members of the Settlement Class to exclude themselves from the Settlement Class and the proposed Settlement; (e) that any judgment, whether favorable or not, will bind all members of the Settlement Class who do not request exclusion; (f) that any member of the Settlement Class who does not request exclusion may object to the Settlement, the request for Attorneys' Fee Award and/or Incentive Awards and, if he or she desires, enter an appearance personally or through counsel; (g) the time and place of the Final Approval Hearing; and (h) prominently display the address of Class Counsel and the Settlement Administrator as well as the procedure for making inquiries.  The Court further finds that the notices are written in plain English and are readily understandable by members of the Settlement Class.

11.     The Court finds the Settlement Class Notice Program:  (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and of their right to object to or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all Persons entitled to receive notice; and (iv) meets all requirements of applicable law.

12.     No later than seven (7) days before the Fairness Hearing, the Settlement Administrator shall file a declaration with the Court attesting to the: (a) completion of the Settlement Class Notice Program and (b) number of valid claims, opt-outs, and objections.

13.     The Court approves the Claim Form in substantially the same form as the Claim Form attached to the Agreement.  Any member of the Settlement Class who wishes to receive

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000912

benefits under the Agreement must sign and return a complete and timely Claim Form in compliance with the process set forth in the Agreement, and such Claim Form shall be postmarked no later than one hundred twenty (120) days after the entry of this Order. Any Settlement Class Member who does not submit a complete and timely Claim Form in compliance with the Agreement shall not be entitled to any benefits under the Settlement, but nonetheless shall be barred by the release provisions of the Agreement and the Final Judgment and shall be deemed to have released the Released Parties from the Released Claims.

14.     Any member of the Settlement Class who wishes to opt out or exclude himself or herself from the Settlement Class must submit an appropriate, timely request for exclusion sent to the Settlement Administrator at the address on the Notice and to be postmarked no later than one hundred twenty (120) days after the entry of this Order (the "Opt-Out and Objection Date"). The opt-out request must be personally signed by the member of the Settlement Class requesting exclusion, contain a statement that indicates his or her desire to be excluded from the Settlement Class and contain a statement that he or she is otherwise a member of the Settlement Class. A timely and valid request to opt out of the Settlement Class shall preclude the person opting out from participating in the proposed Settlement and he or she will be unaffected by the Agreement. The Settlement Administrator shall compile a list of all members of the Settlement Class who properly and timely submit an opt-out request (the "Opt-Out List").

15.     Any member of the Settlement Class who does not submit a timely and valid written request for exclusion shall be bound by all subsequent proceedings, orders and judgments in this Litigation, regardless of whether he or she currently is, or subsequently becomes, a plaintiff in any other lawsuit, arbitration or other proceeding against any of the Released Parties asserting any of the Released Claims.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER          TTA10262018 000913

16.     The Settlement Administrator shall provide the Opt-Out List to Class Counsel and BLP Counsel no later seven (7) days after the Opt-Out and Objection Date and shall file the Opt-Out List along with an affidavit attesting to the completeness and accuracy thereof with the Court no later than five (5) days thereafter, or another such date as the Parties may agree.

17.     Any Settlement Class Member who does not properly and timely submit an opt-out request and who wishes to object to the fairness, reasonableness or adequacy of the Agreement or the proposed Settlement or who wishes to object to the award of Attorneys' Fee Award or Plaintiffs' Incentive Awards must file with the Court and serve on Class Counsel and Defendant's Counsel, postmarked no later than the Opt-Out and Objection Date, a written statement of the objection signed by the Settlement Class Member containing all of the following information:

      a.    The name, address, telephone number of the Person objecting and, if represented by counsel, of his/her counsel;

      b.    A signed declaration stating that he or she is a member of the Settlement Class and in 2009 and/or 2010, received one or more facsimile advertisements sent by or on behalf of BLP;

      c.    A statement of all objections to the Settlement; and

      d.    A statement of whether he or she intends to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of his or her counsel who will attend.  Any Settlement Class Member who fails to file and serve a timely written objection and notice of his or her intent to appear at the Fairness Hearing pursuant to this Paragraph and as detailed in the Class Notice shall not be permitted to object to the approval of the Settlement at the

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000914

Fairness Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

18.     Any objections must be appropriately filed with the Court no later than the Opt-Out and Objection Date, or alternatively they must be mailed to the Court at the address below and postmarked no later than the Opt-Out/Objection Deadline.

> Clerk of Court
> United States District Court for the Middle District of Florida
> 801 North Florida Avenue
> Tampa, Florida 33602
> Attention:   "Technology Training Associates, Inc. v. Buccaneers Limited Partnership, Case No. 8:16-cv-01622-MSS-AEP."

A copy of the objection, postmarked no later than the Opt-Out and Objection Date, must also be mailed to the Settlement Administrator at the post office box described in the Mailed Notice.

19.     No person shall be heard and no paper or brief submitted by any objector shall be received or considered by the Court unless such person has filed with the Clerk of Court and timely mailed to the Settlement Administrator, as provided above, the concise written statement of objections as described above, together with copies of any supporting materials, papers or briefs. Any Settlement Class Member who does not file a written objection in the time and manner described above shall be:  (a) deemed to have waived and forfeited any objections to the proposed Settlement; (b) foreclosed from raising any objection to the proposed Settlement at the Fairness Hearing; (c) bound by all of the terms of the Agreement and by all proceedings, orders and judgments by the Court; and (d) foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                      TTA10262018 000915

20.      Any objecting Settlement Class Member who intends to appear at the Fairness Hearing, either with or without counsel, must also file a notice of intention to appear with the Court postmarked no later than the Opt-Out/Objection Deadline, which notice shall be filed with, or mailed to, the Clerk of the Court, with copy to the Settlement Administrator, as set forth above.

a.  If the objecting Settlement Class Member intends to appear at the Fairness Hearing through counsel, he or she must also identify any attorney representing the objector who will appear at the Fairness Hearing and include the attorney(s) name, address, phone number, e-mail address and state bar(s) to which counsel is admitted.  Any attorney hired by a Settlement Class Member for the purpose of objecting to the Agreement or to the proposed Settlement or to the Attorneys' Fee Award will be at the Settlement Class Member's own expense; and

b.  If the objecting Settlement Class Member intends to request the Court allow the Class Member to call witnesses at the Fairness Hearing, the objecting Class Member must provide a list of any such witnesses together with a brief summary of each witness's expected testimony no later than the Opt-Out/Objection Deadline.  If a witness is not identified in the notice of appearance, such witness shall not be permitted to object or appear at the Fairness Hearing.

21.      The Settlement Administrator will establish a post office box to be used for receiving requests for exclusion or objections, Claim Forms and any other communications relating to this Settlement.

-8-

22.     The Court preliminarily enjoins all members of the Settlement Class unless and until they have timely excluded themselves from the Settlement Class from (a) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; (b) filing, commencing, participating in or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (c) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims. Any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by BLP, any other Released Person and Class Counsel as a result of the violation. This Order is not intended to prevent members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency.

23.     A hearing to determine (a) whether the Settlement Class should be finally certified pursuant to Rule 23 of the Federal Rules of Civil Procedure and (b) whether the proposed Settlement is fair, reasonable and adequate (the "Fairness Hearing") shall be conducted in the United States Courthouse, United States District Court for the Middle District of Florida,

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                          TTA10262018 000917

Tampa Division, Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida, Courtroom _____, commencing on _____ ____, 201_, at _____ __.m.

24.     The Court may reschedule the Fairness Hearing without further written notice.  If the Fairness Hearing is rescheduled from the currently scheduled date, information regarding a rescheduled Fairness Hearing will be posted on the Court's docket.

25.     Papers in support of the final approval of the Settlement, including responses to objections, shall be filed with the Court no later than seven (7) days before the Fairness Hearing.

26.      An application of Class Counsel for an award of fees and expenses shall be filed with the Court no later than fourteen (14) days before the Opt-Out and Objection Date.

27.     All discovery and other pre-trial proceedings in this Litigation are stayed and suspended pending the Fairness Hearing, except such actions as may be necessary to implement the Agreement and this Order.

28.      BLP shall file proof of compliance with the notice requirements of The Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715(b), no later than seven (7) days before the Fairness Hearing.

29.     This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (a) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Agreement or (b) the proposed Settlement is terminated in accordance with the Agreement or does not become effective as required by the terms of the Agreement for any other reason.  In any such event, the proposed Settlement and Agreement shall become null and void and be of no further force and effect, and

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER     TTA10262018 000918

neither the Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever.

30.     Neither the Agreement, nor any of its terms or provisions, nor any of its exhibits, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by any Defendant of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, or of the appropriateness of the certification of the Settlement Class for purposes other than for settlement.  This Order shall not be construed or used as an admission, concession or declaration by or against any of the Released Parties of any fault, wrongdoing, breach, or liability.

31.     The terms and provisions of the Agreement may be amended by agreement of the Parties in writing or with approval of the Court without further notice to the Settlement Class, if such changes are consistent with this Order and do not limit the rights of the Settlement Class.

IT IS SO ORDERED:


_____
Magistrate Judge Anthony E. Porcelli

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                        TTA10262018 000919

**Technology Training Associates, Inc., et al. v Buccaneers Limited Partnership**

**Case No. XXXXXXXXX**

C/O [SETTLEMENT ADMINISTRATOR ADDRESS]

> **Your Signed Claim Form Must Be Completed, Mailed
> And Postmarked No Later Than [_____, 201_].**
>
> **If You Do Not Submit A Claim Form By [_____, 201_], You
> Will Not Receive The Benefits Described In The Class Notice.
> Please Read This Entire Form Carefully.**

*To be eligible to receive payment under the proposed Settlement Agreement you must complete <u>all</u> steps to claim a share of the settlement fund:*

1.  Fax Number(s):   ___ ___ ___-___ ___ ___-___ ___ ___ ___

    _____

    List all numbers on which you may have received faxes sent by or on behalf of BLP.  Attach an additional sheet if necessary.  The Settlement Administrator will verify that the fax number(s) appears in the existing records related to the case before approving your claim. If you believe you received more than one fax to the number(s) listed above, you may indicate how many you believe you received at each number in parenthesis next to each number.

2.  **You Must Provide Your Contact Information.**

    Name:_____

    Company:_____

    Address:_____

    City/State/Zip Code:_____

3.  **Requested Information If The Settlement Administrator Needs To Contact You:**

    Daytime Phone Number:_____   Email Address:_____

4.  **You Must Verify Ownership Of The Fax Number(s) Listed In #1 Above (select (a) or (b) and sign your name):**

    (a) The fax number(s) identified above or attached to this Proof of Claim was/were registered to me or a company I owned or operated in 2009 or 2010.

    _____

    (Sign your name here)

    <u>***OR***</u>

    (b) The fax number(s) identified in No. 1 above or attached to this Proof of Claim was **not**/were **not** registered to me or a company I owned or operated throughout 2009 and 2010.  Explain when you obtained the fax number(s) identified in No. 1 above and how you received the faxes at issue:

    _____

    _____

    (Sign your name here)

5.  **Certification (please sign below):**

    **PURSUANT TO 28 U.S. § 1746, I HEREBY STATE UNDER PENALTY OF PERJURY THAT I/MY COMPANY OWNED AND/OR USED THE FAX NUMBER(S) SPECIFIED ABOVE.  I FURTHER STATE THAT THE INFORMATION IN THIS CLAIM FORM IS TRUE AND CORRECT.**

    Signature: _____   Date:_____

    Print Name:_____

**Partial records exist of faxes allegedly sent by or on behalf of BLP, and BLP has the right to audit this claim form and verify your statements and dispute any claims that are based on inaccurate responses.**

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER TTA10262018 000920

**If the [...] accounting your share of the Settlement Fund. This process takes time, so please be patient. Please keep a copy of your completed Claim Form for your records and ensure that you keep your current address on file with the Settlement Administrator.**

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is entered into between Plaintiffs Technology Training Associates, Inc. and Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic and Defendant Buccaneers Limited Partnership in order to effect a full and final settlement and dismissal with prejudice of all claims against Buccaneers Limited Partnership as alleged in the case captioned Technology Training Associates, Inc., et al. v. Buccaneers Limited Partnership, Case No. 8:16-cv-01622-MSS-AEP (M.D. Fla. 2016) on the terms set forth below and to the full extent reflected herein, subject to approval of the Court.  Capitalized terms shall have the meaning ascribed to them in Section II of this Settlement Agreement.

## I.   RECITALS

A.      On or about May 6, 2016, Plaintiff Technology Training Associates, Inc. filed a complaint in the Circuit Court of the 13th Judicial Circuit in and for Hillsborough County, Florida alleging that in 2009 and 2010 BLP improperly sent advertisements by facsimile. Technology Training Associates, Inc. sought actual damages and statutory damages under the TCPA on behalf of itself and a proposed class of "[a]ll persons who, from July 1, 2009, to present, were sent one or more facsimile advertisements offering group or individual game tickets for Tampa Bay Buccaneer games, but not stating on the first page that the fax recipient may make a request to the sender not to send any future ads and that failure to comply, within 30 days, with such a request is unlawful."

B.      The complaint filed by Technology Training Associates, Inc. addressed similar conduct and sought to represent essentially the same class as a case pending in the United States District Court for the Middle District of Florida before Magistrate Judge Anthony E. Porcelli, captioned Cin-Q Automobiles, Inc., et al. v. Buccaneers Limited Partnership, et al., Case No. 8:13-cv-01592-AEP ("Cin-Q").  The parties in Cin-Q had been engaged in mediation and

attempting to reach a settlement for more than eight (8) months, but had been unsuccessful. Indeed, on April 18, 2016, BLP had filed a motion for a settlement conference in Cin-Q, offering to waive the mediation privilege, relying on the Court's supervisory authority under Fed. R. Civ. P. 23(g) and requesting that the Court or its designee hold a settlement conference. The Cin-Q plaintiffs and their counsel, however, opposed any settlement conference before the Court or its designee, insisted that the mediator in the prior mediation declare an impasse (which he did) and flatly refused to waive the mediation privilege.

C. After the complaint on behalf of Technology Training Associates, Inc. was filed, Class Counsel contacted BLP Counsel and indicated that they were aware of and had reviewed the motion for a settlement conference filed by BLP in Cin-Q and understood that Cin-Q's counsel had opposed that motion and had filed a notice of impasse. Class Counsel then asked if BLP would have any interest in an early mediation of the new case, pointing out that the parties in that case would apparently be required to engage in alternative dispute resolution under the applicable court rules. The Parties agreed to a mediation and scheduled an initial mediation session for May 19, 2016.

D. Prior to the May 19, 2016 mediation, however, Plaintiff Technology Training Associates, Inc. dismissed, without prejudice, the complaint filed in Hillsborough County, Florida due to efforts by counsel for the plaintiffs in Cin-Q to interfere with the Parties' mediation and settlement discussion. Class Counsel indicated to BLP, however, that they were maintaining the claims and that they intended to formally re-file that complaint once settlement discussions had concluded, whether or not those discussions resulted in a settlement.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000923

E.      Thereafter, the Parties participated in a full-day mediation on May 19, 2016 in Tampa, Florida before mediator Peter Grilli.  The Parties were not able to reach a settlement during that mediation, but made progress and agreed to continue negotiations.

F.      The Parties continued their settlement discussions in a second full-day mediation session on June 1, 2016 in Tampa, Florida with Mr. Grilli.  At the end of that mediation session, the Parties had reached an agreement in principle that would resolve the claims in Plaintiffs' Complaint on a class-wide basis, subject to finalization of a mutually-agreeable settlement agreement and subject to court approval.

G.      On or about June 20, 2016, Plaintiffs filed their Complaint in the United States District Court for the Middle District of Florida, alleging that in 2009 and 2010 BLP improperly sent advertisements by facsimile, seeking actual damages, as well as statutory damages under the TCPA on behalf of themselves and a proposed class of "[a]ll persons who, in 2009 or 2010, received one or more facsimile advertisements sent by or on behalf of BLP and offering tickets for Tampa Bay Buccaneer games."

H.      BLP denies all material allegations in the Litigation and have asserted a variety of affirmative defenses.  BLP specifically denies that it has engaged in any wrongdoing whatsoever, that it has any liability in connection with the claims asserted or that could have been asserted in the Litigation and further deny that the claims in the Litigation can properly be maintained as a class action, other than for the purposes of settlement.

I.      Plaintiffs and Class Counsel have conducted an examination of the facts and documents relating to the Litigation, including documents and information produced by BLP prior to and during mediation, and have concluded that this Settlement provides substantial benefits to Plaintiffs and the Settlement Class and resolves all issues that were or could have

3

been raised in the Litigation without prolonged litigation and the risks and uncertainties inherent

in litigation.  Plaintiffs, Class Counsel and Mr. Grilli have further concluded that this Settlement

is fair, reasonable, adequate and in the best interest of the Settlement Class.

J.       BLP denies each and every allegation of wrongdoing, liability and damages that

were or could have been asserted in the Litigation and further deny that the claims in the

Litigation would be appropriate for class treatment if the Litigation were to proceed through

litigation and trial.  Nonetheless, without admitting or conceding any wrongdoing, liability or

damages or the appropriateness of Plaintiffs' claims or similar claims for class treatment, BLP

consents to the Settlement solely to avoid the expense, inconvenience and inherent risk of

litigation as well as continued disruption of their business operations.

K.       Nothing in this Settlement or Settlement Agreement shall be construed as an

admission or concession by BLP of the truth of any allegations raised in the Litigation or of any

fault, wrongdoing, liability or damages of any kind.

L.       This Settlement Agreement, its terms, documents related to it and the negotiations

or proceedings connected with it shall not be offered or received into evidence in the Litigation

or in any other action or proceeding to establish any liability or admission by BLP.

**NOW**, **THEREFORE**, in consideration of the foregoing and the mutual covenants,

promises and general releases set forth below and subject to preliminary and final approval of the

Court, the Parties hereby agree as follows:

## II.       DEFINITIONS

As used herein, the following terms have the meanings set forth below.

A.       "Attorneys' Fee Award" means the Court-approved award to Class Counsel as

defined in Section VI, Paragraph A and payable from the Net Settlement Fund.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                          TTA10262018 000925

B.      "Available Award Total" means the amount of money in the Net Settlement Fund available to pay such Awards.

C.      "Award" means the cash compensation that Settlement Class Members who submit Valid Claims shall be entitled to receive as detailed in Sections IV and VIII and payable from the Net Settlement Fund.

D.      "BLP" shall mean Defendant Buccaneers Limited Partnership.

E.      "BLP Counsel" means Latham & Watkins LLP and Holland & Knight.

F.      "CAFA Notices" means the notice of this settlement to be served upon State and Federal regulatory authorities as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

G.      "Claim Deadline" means the date by which Class Members must submit Claims Forms to be eligible for the benefits described herein, which date will be specified in the Class Notice.

H.      "Claim Form" means the claim form that Settlement Class Members must complete and submit on or before the Claim Deadline to be eligible for the benefits described herein, which shall be without material alteration from Exhibit A.  Claim Forms will be processed after the Effective Date.

I.      "Class Counsel" means Phillip A. Bock, Jonathan B. Piper and Daniel J. Cohen of Bock, Hatch, Lewis & Oppenheim, LLC.

J.      "Class Notice" means the Court-approved forms of notice to the Settlement Class, which will notify members of the Settlement Class of entry of the Preliminary Approval Order and the scheduling of the Fairness Hearing, among other things.

K.      "Court" means the United States District Court for the Middle District of Florida.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                       TTA10262018 000926

L.     "Days" means calendar days, except that when computing any period of time prescribed or allowed by this Settlement Agreement, the day of the act, event or default from which the designated period of time begins to run shall not be included.  Furthermore, when computing any period of time prescribed or allowed by this Settlement Agreement, the last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a Federal or State of Florida legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday or Federal or State of Florida legal holiday.

M.     "Effective Date" means the date defined in Section XIII.

N.     "Fairness Hearing" means the hearing at which the Court orders final approval of the Settlement.

O.     "Final" means final as defined in Section XIII, Paragraph B.

P.     "Final Order and Judgment" means a final order entered by the Court after the Fairness Hearing, granting approval of the Settlement as further described in Section XI.

Q.     "Incentive Award" means the Court-approved award, if any, to the individual class representative as defined in Section VI, Paragraph B and payable from the Net Settlement Fund.

R.     "Litigation" means the action captioned <u>Technology Training Associates, Inc., et al. v. Buccaneers Limited Partnership</u>, Case No. 8:16-cv-01622-MSS-AEP (M.D. Fla. 2016).

S.     "Mailed Notice" shall mean the notice of the settlement provided to the Settlement Class by first class mail, postage pre-paid, which shall be without material alteration from Exhibit B.

T.     "Net Settlement Fund" means the Settlement Fund, less the amounts paid for the Attorneys' Fee Award and Incentive Awards, as described in more detail in Section IV.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                       TTA10262018 000927

U.     "Notice And Administration Costs" means the reasonable and authorized costs and expenses of the Settlement Class Notice Program and all reasonable and authorized costs and expenses incurred by the Settlement Administrator or BLP in administering the Settlement, including but not limited to costs and expenses associated with assisting members of the Settlement Class, processing claims, escrowing funds, issuing and mailing the benefits provided by the Settlement and other reasonable and authorized fees and expenses of the Settlement Administrator.

V.     "Notice Date" means the first day on which the Settlement Administrator begins disseminating the Class Notice.

W.     "Opt-Out" shall refer to a member of the Settlement Class who properly and timely submits a request for exclusion from the Settlement Class as set forth in Section IX, Paragraph B.  An Opt-Out may rescind a request for exclusion by submitting a Claim Form to the Settlement Administrator to obtain benefits under the Settlement.

X.     "Opt-Out List" shall refer to the list compiled by the Settlement Administrator identifying those who properly and timely submit a request for exclusion from the Settlement Class and become Opt-Outs.

Y.     "Opt-Out and Objection Date" means the date by which a request for exclusion must be filed with the Settlement Administrator in order for a member of the Settlement Class to be excluded from the Settlement Class, and the date by which Settlement Class Members must file objections, if any, to the Settlement.

Z.     "Parties" means Plaintiffs and Settlement Class Members together with BLP. Plaintiffs and Settlement Class Members shall be collectively referred to as one "Party," with BLP as the other "Party."

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER     TTA10262018 000928

AA.    "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, member, joint stock company, estate, legal representative, trust, unincorporated association, any business or legal entity and such individual's or entity's spouse, heirs, predecessors, successors, representatives and assignees.

BB.    "Plaintiffs" means Technology Training Associates, Inc. and Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic.

CC.    "Preliminary Approval Date" means the date the Preliminary Approval Order has been executed and entered by the Court and received by counsel for the Parties.

DD.    "Preliminary Approval Order" means the order defined in Section X and entered by the Court preliminary approving the Settlement.

EE.    "Release" means the release and discharge, as of the Effective Date, by Plaintiffs and all Settlement Class Members (and their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors), who have not excluded themselves from the Settlement Class, of the Released Persons and shall include the agreement and commitment by Plaintiffs and all Settlement Class Members to not now or hereafter initiate, maintain or assert against the Released Persons or any of them any and all causes of action, claims, rights, demands, actions, claims for damages, equitable, legal and/or administrative relief, interest, demands or rights, including without limitation, claims for damages of any kind, including those in excess of actual damages, whether based on federal, state or local law, statute, ordinance, regulation, contract, common law or any other sources that have been, could have been, may be or could be alleged or asserted now or in the future by Plaintiffs or any Settlement Class Members against the Released Persons, or any of them, in the Litigation or in any other court action or before any administrative body (including any

8

                                    TTA10262018 000929

regulatory entity or organization), tribunal, arbitration panel or other adjudicating body arising out of or related to the Released Claims.

FF.    "Released Claims" means any and all claims, actions, causes of action, rights, demands, suits, debts, liens, contracts, agreements, offsets or liabilities, including but not limited to statutory consumer protection claims, tort claims, conversion claims, negligence claims, claims for breach of contract, breach of the duty of good faith and fair dealing, breach of statutory duties, actual or constructive fraud, misrepresentations, fraudulent inducement, statutory and consumer fraud, breach of fiduciary duty, unfair business or trade practices, conversion, restitution, rescission, compensatory and punitive damages, injunctive or declaratory relief, attorneys' fees, interests, costs, penalties and any other claims, whether known or unknown, alleged or not alleged in the Litigation, suspected or unsuspected, contingent or matured, under federal, state or local law, which Plaintiffs and/or any Settlement Class Member had, now have or may in the future have with respect to any conduct, act, omissions, facts, matters, transactions or oral or written statements or occurrences on or prior to the Preliminary Approval Date arising from or relating to facsimile advertisements offering tickets for Tampa Bay Buccaneer games sent in 2009 or 2010 by and/or on behalf of the Released Persons, FaxQom and/or any entities hired directly or indirectly by FaxQom to the Releasing Persons, including, without limitation, the causes of action and allegations made by Plaintiffs in the Litigation as well as claims and allegations that the Released Persons violated any consumer protection, deceptive trade practices acts, privacy laws, the TCPA and/or and common law of any state or the District of Columbia.

GG.    "Released Persons" means BLP, its affiliates, past, present and future direct and indirect predecessors, successors, assigns, parents, subsidiaries, affiliates, joint venturers,

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000930

partnerships, limited liability companies, corporations, unincorporated entities, divisions, groups, directors, officers, shareholders, members, employees, partners, agents, insurers and attorneys. Released Persons does not include FaxQom or any entities hired by FaxQom to send facsimile advertisements offering tickets for Tampa Bay Buccaneer games.

HH.    "Releasing Persons" means Plaintiffs and all Settlement Class Members, and the respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors of each of Plaintiffs and Settlement Class Members.

II.    "Settlement" means the settlement set forth in this Settlement Agreement.

JJ.    "Settlement Administrator" means the independent professional service company to be selected by the Parties, subject to approval of the Court, which will administer Class Notice, administer the Settlement in accordance with this Settlement Agreement, maintain the Settlement Website and engage in any other tasks directed by the Court, Class Counsel or BLP Counsel.

KK.    "Settlement Agreement" or "Agreement" means this Settlement Agreement and Release, including all exhibits hereto.

LL.    "Settlement Class" means all Persons who fall within the definition of the class identified in Section III, Paragraph A.

MM.    "Settlement Class Members" means all Persons in the Settlement Class who do not exclude themselves (i.e., become Opt-Outs) pursuant to Section IX, Paragraph A.

NN.    "Settlement Class Notice Program" means the process devised by the Parties and the Settlement Administrator, and approved by the Court, for notifying the Settlement Class of the Settlement and Settlement Agreement.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                          TTA10262018 000931

OO.     "Settlement Fund" means $19,500,000 as described in more detail in Section IV.

PP.     "Settlement Website" means the dedicated website created and maintained by the Settlement Administrator, which will contain relevant documents and information about the Settlement, including this Settlement Agreement, the Class Notice and the Claim Form.

QQ.     "TCPA" means the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227.

RR.     "Valid Claim" means a timely and fully completed Claim Form submitted by a Settlement Class Member as more fully described in Section VIII.

SS.     The plural of any defined term includes the singular, and vice versa, as made necessary in context.

### III.     PROPOSED CLASS FOR SETTLEMENT PURPOSES

A.     Pursuant to Fed. R. Civ. P. 23, the Parties hereto agree to certification, for settlement purposes only, of the following Settlement Class:

> All persons who, in 2009 or 2010, received one or more facsimile advertisements sent by or on behalf of BLP and offering tickets for Tampa Bay Buccaneer games.

Specifically excluded from the Settlement Class are the following Persons:

(i)     BLP and its respective parents, subsidiaries, divisions, affiliates, associated entities, business units, predecessors in interest, successors, successors in interest and representatives and each of their respective immediate family members;

(ii)     Class Counsel; and

(iii)     The judges who have presided over the Litigation and any related cases.

B.     Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement, the Parties stipulate to the entry of an order preliminarily certifying the Settlement Class, appointing Plaintiffs as representative of the Settlement Class and appointing the following as counsel for the Settlement Class:

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                     TTA10262018 000932

Phillip A. Bock
Jonathan B. Piper
Daniel J. Cohen
Bock, Hatch, Lewis & Oppenheim, LLC
134 North La Salle Street, Suite 1000
Chicago, Illinois 60602
Telephone:  (312) 658-5500
Facsimile:  (312) 658-5555

C.     Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement, the Parties stipulate to the Court entering an order preliminarily finding that Plaintiffs and Class Counsel are adequate representatives of the Settlement Class.

D.     In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in any material respect (including with respect to the Settlement Class Notice Program) by the Court, or such approval is reversed, vacated or modified in any material respect by the Court or by any other court, the certification of the Settlement Class shall be deemed vacated, the Litigation shall proceed as if the Settlement Class had never been certified and no reference to the Settlement Class, this Settlement Agreement or any other Settlement documents, shall be made for any purpose in the Litigation or in any other action or proceeding.

## IV.    <u>BENEFITS TO THE CLASS</u>

A.     Pursuant to the terms and conditions set forth in this Agreement, BLP agrees to fund a Settlement Fund of up to $19,500,000, which will be used to pay all Awards, Attorneys' Fee Awards and Incentive Awards.

B.     Subject to the terms of this Agreement, Settlement Class Members who received one or more unsolicited facsimile advertisements sent by or on behalf of BLP and who submit a Valid Claim shall be eligible to receive up to:

(i)     $350 for the first such facsimile;

(ii)    $100 for the second such facsimile;

12

(iii)     $75 for the third such facsimile;

(iv)     $20 for the fourth such facsimile; and

(v)     $20 for the fifth such facsimile.

C.     No later than seven (7) Days after the Parties have resolved any disputes regarding rejected claims, the Settlement Administrator will provide Class Counsel and BLP Counsel with a report identifying the total of the Awards and the amount of money in the Net Settlement Fund available to pay such Awards ("Available Award Total").  If the Awards exceed the Available Award Total, the Awards to the Settlement Class Members who submitted Valid Claims will be reduced on a pro rata basis until the Awards equal the Available Award Total.

D.     Without admitting wrongdoing or liability and solely to avoid the cost and disruption of further litigation, BLP further agrees to not send any unsolicited, facsimile advertisements that do not otherwise comply with the TCPA.

## V.     THE SETTLEMENT FUND

A.     BLP shall have no obligation to make any payments under this Settlement Agreement until the Court enters a Preliminary Approval Order.  Once the Court enters a Preliminary Approval Order, BLP shall pay reasonable Notice and Administration Costs arising under this Settlement Agreement by making such payments directly to the Settlement Administrator (or to such other party incurring such costs) as those costs are incurred and payment becomes due.

B.     Within forty-five (45) Days of the Effective Date, BLP will cause an amount sufficient to cover all Valid Claims, Attorneys' Fees and Costs and Incentive Awards, but not to exceed $19,500,000, to be transferred into an interest-bearing bank account (the "Settlement Account") designated by the Settlement Administrator.  Any interest that accrues on the Settlement Fund in the Settlement Account will be added to the Settlement Fund.

13

C.　　　Any amounts remaining in the Settlement Fund following disbursement of all Awards, Attorneys' Fee Award and Incentive Awards shall revert in full to BLP.

D.　　　Under no circumstances shall BLP be obligated to pay more under this Settlement Agreement than $19,500,000 to the Settlement Fund, excluding costs for Notice and Administration Costs.

## VI.　　ATTORNEYS' FEES AND COSTS AND INCENTIVE AWARDS

A.　　　Class Counsel will apply to the Court for an aggregate award of attorneys' fees and reimbursement of costs in an amount not to exceed in total 25% of the Settlement Fund and to be paid from the Settlement Fund.  BLP will not oppose Class Counsel's application for said award of fees, costs and expenses.  Class Counsel agree that once BLP has funded the Settlement Fund, BLP's obligations to Class Counsel shall be fully satisfied and discharged, Class Counsel shall have no further or other claim against BLP, including but not limited to any attorneys' lien claim, and that BLP shall have fully discharged their obligation to pay fees, costs and expenses to any lawyers claiming to represent the interests of the Settlement Class.

B.　　　Plaintiffs will apply for Incentive Awards in an amount to be paid from the Settlement Fund.  Plaintiff Technology Training Associates shall apply for an award of $20,000 and Plaintiff Larry E. Schwanke, D.C. d/b/a Back to Basics Family Chiropractic shall apply for $3,000.  Plaintiffs agree that once BLP has funded the Settlement Fund and paid Notice and Administration Costs, BLP's obligations to Plaintiffs and the Settlement Class shall be fully satisfied and discharged, and Plaintiffs and the Settlement Class shall have no further or other claim against BLP.

C.　　　Any order or proceedings relating to the applications for the Attorneys' Fee Award and the Incentive Awards, or any appeal from any order relating thereto or reversal or

14

modification thereof, will not operate to terminate or cancel this Agreement or affect or delay the finality of Final Order and Judgment approving the Settlement Agreement and the Settlement.

## VII.    SETTLEMENT CLASS NOTICE PROGRAM

A.    The Parties agree the following Settlement Class Notice Program provides reasonable notice to the Settlement Class.

B.    BLP will bear all Notice and Administration Costs.

C.    Prior to the hearing on Preliminary Approval, the Parties will submit an agreed-upon administrator to serve as the Settlement Administrator and will request that the Court appoint that Settlement Administrator.  Once approved by the Court, the Settlement Administrator will be an agent of the Court and will be subject to the Court's supervision and direction as circumstances may require.  The Settlement Administrator will be responsible for administering:

       (i)    The CAFA Notice as required by statute;

       (ii)    The Settlement Class Notice Program as set forth below;

       (iii)    The Settlement Website; and

       (iv)    The claims' process set forth in Section VIII as well as any

additional processes agreed to by Class Counsel and BLP Counsel and subject to

the Court's supervision and direction as circumstances may require.

D.    Within ten (10) Days of the Preliminary Approval Date, the Parties shall provide to the Settlement Administrator records identifying the fax numbers to which the facsimile advertisements offering tickets for Tampa Bay Buccaneer games were sent.  The Settlement Administrator will then use these records to determine the mailing addresses for as many members of the Settlement Class as possible.  The Parties will work cooperatively with the Settlement Administrator to mutually-agree upon the most practicable methods under the

15

circumstances by which the addresses of the members of the Settlement Class can be derived. The mailing addresses will be updated with the National Change of Address Database maintained by the United States Postal Service before mailing.

E.      No later than 30 Days after the Preliminary Approval Date, the Settlement Administrator shall create the Settlement Website.  The Settlement Website shall provide information and relevant documents related to this Settlement, including but not limited to, the following:  applicable deadlines; Mailed Notice; a downloadable Claim Form that may be submitted by U.S. Mail; FAQs and answers; orders of the Court pertaining to the Settlement; this Agreement; and contact address for questions.  Class Counsel and the BLP Counsel shall agree on all information and documents to be posted on the Settlement Website.  The Claim Form shall be removed from the Settlement Website five (5) Days after the Claim Deadline has passed.  The Settlement Website will be deactivated at a time agreed upon by the Parties.

F.      No later than sixty (60) Days after the Preliminary Approval Date, the Settlement Administrator will mail the Court-approved Mailed Notice (Exhibit B) to all members of the Settlement Class whose addresses were derived as part of the process described in Paragraph D above.

G.      No later than sixty (60) Days after the Preliminary Approval Date, the Settlement Administrator will cause notice to be published in a manner that satisfies due process when considered in conjunction with the mailed notice portion of the Settlement Class Notice Program discussed in Paragraphs D and F above.

H.      Prior to the Fairness Hearing, the Settlement Administrator shall provide to the Court documentation reflecting that the Settlement Class Notice Program has been executed in accordance with the Settlement Agreement and Preliminary Approval Order.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                 TTA10262018 000937

I.      The Settlement Administrator, Class Counsel or any Person acting on behalf of Class Counsel shall not provide or publish any form of notice other than the agreed-upon Class Notice without prior written approval of the content of any such notice by BLP Counsel.

## VIII.   CLAIMS PROCESS AND PAYMENTS TO SETTLEMENT CLASS MEMBERS

A.      Class Notice shall be sent to all Settlement Class Members for whom the Settlement Administrator is able to determine a mailing address.

B.      To file a Valid Claim, Settlement Class Members must:

(i)     Complete a Claim Form, providing all of the information required by the Settlement Agreement and the Claim Form;

(ii)    Sign the Claim Form under penalty of perjury; and

(iii)   Return the completed and signed Claim Form to the Settlement Administrator on or before the Claim Deadline.

Only Settlement Class Members who submit Valid Claims shall be entitled to an Award.

C.      The Settlement Administrator shall be responsible for reviewing all claims to determine their validity.

(i)     Any claim that is not substantially in compliance with the instructions on the Claim Form or the terms of this Settlement Agreement or is postmarked later than the Claim Deadline shall be rejected.

(ii)    Following the Claim Deadline, the Settlement Administrator shall provide a report of any rejected claims to BLP Counsel and Class Counsel.  If Class Counsel do not agree with the rejection of a claim, they shall bring it to the attention of BLP Counsel, and the Parties shall meet and confer and attempt, in good faith, to resolve any dispute regarding the rejected claim.  Following their meet and confer, the Parties will provide the Settlement Administrator with their

17

positions regarding the disputed, rejected claim.  The Settlement Administrator, after considering the positions of the Parties and, if appropriate, seeking any additional information from the Settlement Class Member, will make the final decision in its sole discretion, subject only to review by the Court.

      D.      BLP shall have the right to audit Claim Forms for validity and fraud.  In the event that BLP determines that a Claim Form is invalid or fraudulent and should be rejected, they shall bring it to the attention of Class Counsel, and the Parties shall meet and confer and attempt, in good faith, to resolve any dispute regarding the rejected claim.  Following their meet and confer, the Parties will provide the Settlement Administrator with their positions regarding the disputed, rejected claim.  The Settlement Administrator, after considering the positions of the Parties and, if appropriate, seeking any additional information from the Settlement Class Member, will make the final decision in its sole discretion, subject only to review by the Court.

      E.      At any time during the claims' process, if the Settlement Administrator has a reasonable suspicion of fraud, the Settlement Administrator shall immediately notify both Class Counsel and BLP Counsel of that fact and the basis for its suspicion.  Class Counsel and BLP Counsel shall endeavor to reach an agreed-upon solution to any suspected fraud and, if necessary, BLP may suspend the claims process, and the Parties will promptly seek assistance from the Court.

      F.      As soon as practicable after the Effective Date, the Settlement Administrator shall cause the Awards in the form of checks to be distributed to members of the Settlement Class, and shall remit the Attorneys' Fee Award and Incentive Award as approved by the Court.

## IX.      OBJECTIONS AND OPT-OUT RIGHTS

      A.      Any Settlement Class Member who intends to object must do so on or before the Opt-Out and Objection Date.  In order to object, the Settlement Class Member must include in

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER      TTA10262018 000939

the objection submitted to the Court and served on Class Counsel and BLP Counsel the following:

      (i)    The name, address, telephone number of the Person objecting and, if represented by counsel, of his/her counsel;

      (ii)    A signed declaration stating that he or she is a member of the Settlement Class and in 2009 and/or 2010, received one or more facsimile advertisements sent by or on behalf of BLP;

      (iii)    A statement of all objections to the Settlement; and

      (iv)    A statement of whether he or she intends to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of his or her counsel who will attend.  Any Settlement Class Member who fails to file and serve a timely written objection and notice of his or her intent to appear at the Fairness Hearing pursuant to this Paragraph and as detailed in the Class Notice shall not be permitted to object to the approval of the Settlement at the Fairness Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

B.    A member of the Settlement Class who wishes to opt out of the Settlement Class must complete and send to the Settlement Administrator a request for exclusion that is post-marked no later than the Opt-Out and Objection Date.  The request for exclusion must be personally signed by the member of the Settlement Class requesting exclusion, contain a statement that indicates his or her desire to be excluded from the Settlement Class and contain a statement that he or she is otherwise a member of the Settlement Class.  A member of the Settlement Class may opt-out on an individual basis only.  So-called "mass" or "class" opt-outs,

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER      TTA10262018 000940

whether filed by third parties on behalf of a "mass" or "class" of class members or multiple class members where no personal statement has been signed by each and every individual class members, shall not be allowed.

C.      Except for those members of the Settlement Class who timely and properly file a request for exclusion, all members of the Settlement Class will be deemed to be Settlement Class Members for all purposes under the Settlement Agreement, and upon the Effective Date, will be bound by its terms, regardless of whether they file a Claim Form or receive any monetary relief.

D.      Any member of the Settlement Class who properly opts out of the Settlement Class shall not:  (i) be bound by any orders or judgments entered in the Litigation or relating to the Settlement; (ii) be entitled to relief under, or be affected by, the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement.

E.      The Settlement Administrator shall provide Class Counsel and BLP Counsel with the Opt-Out List within seven (7) Days after the Opt-Out and Objection Date.

## X.      **PRELIMINARY APPROVAL PROCESS AND CLASS NOTICE**

After execution of this Settlement Agreement, Class Counsel shall promptly move the Court for a Preliminary Approval Order preliminarily approving the Settlement and the Settlement Class Notice Program.  The Preliminary Approval Order will:

A.      Preliminarily approve this Settlement Agreement.

B.      Preliminarily certify the Settlement Class.

C.      Find that the proposed Settlement is sufficiently fair, reasonable and adequate to warrant providing notice to the Settlement Class, which notice will: (i) describe the essential terms of the Settlement; (ii) disclose any special benefits or incentives to the Class Representatives; (iii) provide information regarding the Attorneys' Fee Award; (iv) indicate the

20

time and place of the hearing to consider final approval of the Settlement, and the method for

objection to and/or opting out of the Settlement; (v) explain the procedures for allocating and

distributing the Settlement Fund; and (vi) prominently display the address of Class Counsel and

the procedure for making inquiries.

       D.      Schedule a Fairness Hearing on final approval of this Settlement and Settlement

Agreement to consider the fairness, reasonableness and adequacy of the proposed Settlement and

whether it should be finally approved by the Court.

       E.      Appoint the Settlement Administrator.

       F.      Approve the Class Notice, and direct the Settlement Administrator to disseminate

the Class Notice in accordance with the Settlement Class Notice Program.

       G.      Find that the Settlement Class Notice Program:  (i) is the best practicable notice;

(ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the

pendency of the Litigation and of their right to object to or to exclude themselves from the

proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all

Persons entitled to receive notice; and (iv) meets all requirements of applicable law.

       H.      Require the Settlement Administrator to file proof of compliance with the

Settlement Class Notice Program at or before the Fairness Hearing.

       I.      Approve the Claim Form and set a Claim Deadline.

       J.      Require any member of the Settlement Class who wishes to exclude himself or

herself from the Settlement Class to submit an appropriate, timely request for exclusion,

postmarked no later than the Opt-Out and Objection Date, or as the Court may otherwise direct,

to the Settlement Administrator at the address on the Class Notice.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                        TTA10262018 000942

K.      Order that any member of the Settlement Class who does not submit a timely, written request for exclusion from the Settlement Class (i.e., becomes an Opt-Out) will be bound by all proceedings, orders and judgments in the Litigation, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

L.      Require any Settlement Class Member who does not become an Opt-Out and who wishes to object to the fairness, reasonableness or adequacy of this Settlement or Settlement Agreement to file with the Court and serve on Class Counsel and BLP Counsel no later than the Opt-Out and Objection Date, or as the court may otherwise direct, a statement of the objection signed by the Settlement Class Member containing all of the following information:

(i)      The objector's name, address, telephone number and, if represented by counsel, of his/her counsel;

(ii)     A declaration stating that he or she is a member of the Settlement Class and received one or more unsolicited facsimile advertisements offering tickets for Tampa Bay Buccaneer games;

(iii)    A statement of all objections to the Settlement; and

(iv)    A statement of whether the objector intends to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of counsel who will attend.

M.      Order that any response to an objection shall be filed with the Court no later than seven (7) Days prior to the Fairness Hearing.

22

 TTA10262018 000943

N.      Specify that any Settlement Class Member who does not file a timely written objection to the Settlement or who fails to otherwise comply with applicable requirements shall be foreclosed from seeking any adjudication or review of this Settlement by appeal or otherwise.

O.      Require that any attorney, hired by a Settlement Class Member for the purpose of objecting to the proposed Settlement, the Attorneys' Fee Award or the Incentive Award and who intends to make an appearance at the Fairness Hearing, shall provide to the Settlement Administrator (who shall forward it to Class Counsel and BLP Counsel) and file with the Clerk of the Court a notice of intention to appear no later than the Opt-Out and Objection Date or as the Court may otherwise direct.

P.      Require any Settlement Class Member who files and serves a written objection and who intends to make an appearance at the Fairness Hearing to so state in their objection papers or as the Court otherwise may direct.

Q.      Direct the Settlement Administrator to establish a post office box in the name of the Settlement Administrator to be used for receiving requests for exclusion and any other communications, and providing that only the Settlement Administrator, Class Counsel, BLP Counsel, the Court, the Clerk of the Court and their designated agents shall have access to this post office box, except as otherwise provided in this Settlement Agreement.

R.      Direct that Class Counsel shall file their applications for the Attorneys' Fee Award and Plaintiffs' Incentive Award at least fourteen (14) Days prior to the Opt-Out and Objection Date.

S.      Order the Settlement Administrator to provide the Opt-Out List to Class Counsel and BLP Counsel no later than seven (7) Days after the Opt-Out and Objection Date and then file

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                      TTA10262018 000944

with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy

thereof no later than five (5) Days thereafter or on such other date as the Parties may direct.

   T.  Preliminarily enjoin all members of the Settlement Class unless and until they

have timely excluded themselves from the Settlement Class from (i) filing, commencing,

prosecuting, intervening in or participating as plaintiff, claimant or class member in any other

lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on,

relating to or arising out of the claims and causes of action or the facts and circumstances giving

rise to the Litigation and/or the Released Claims; (ii) filing, commencing, participating in or

prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class

action on behalf of any member of the Settlement Class who has not timely excluded himself or

herself (including by seeking to amend a pending complaint to include class allegations or

seeking class certification in a pending action), based on, relating to or arising out of the claims

and causes of action or the facts and circumstances giving rise to the Litigation and/or the

Released Claims; and (iii) attempting to effect Opt-Outs of a class of individuals in any lawsuit

or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out

of the claims and causes of action or the facts and circumstances giving rise to the Litigation

and/or the Released Claims.  Any Person who knowingly violates such injunction shall pay the

attorneys' fees and costs incurred by BLP, any other Released Person and Class Counsel as a

result of the violation.  This Settlement Agreement is not intended to prevent members of the

Settlement Class from participating in any action or investigation initiated by a state or federal

agency.

   U.  Contain any additional provisions agreeable to the Parties that might be necessary

or advisable to implement the terms of this Settlement Agreement and the proposed settlement.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER        TTA10262018 000945

## XI.   FINAL ORDER AND JUDGMENT AND RELEASES

A.      If this Settlement Agreement (including any modification thereto made with the consent of the Parties as provided for herein) is approved by the Court following the Fairness Hearing scheduled by the Court in its Preliminary Approval Order, the Parties shall request the Court to enter a Final Order and Judgment pursuant to the Federal Rules of Civil Procedure and all applicable laws that, among other things:

(i)      Finds that the Court has personal jurisdiction over Plaintiffs and all Settlement Class Members and that the Court has subject matter jurisdiction to approve this Settlement and Settlement Agreement and all exhibits thereto;

(ii)      Certifies a Settlement Class solely for purposes of this Settlement;

(iii)      Grants final approval to this Settlement Agreement as being fair, reasonable and adequate as to all Parties and consistent and in compliance with all requirements of due process and applicable law, as to and in the best interests of all Parties and directs the Parties and their counsel to implement and consummate this Settlement Agreement in accordance with its terms and provisions;

(iv)      Declares this Settlement Agreement and the Final Order and Judgment to be binding on and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of Plaintiffs and all Settlement Class Members, as well as their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors;

(v)      Finds that the Settlement Class Notice Program:  (1) constituted the best practicable notice; (2) constituted notice that was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                      TTA10262018 000946

Litigation, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing and of their right to seek monetary and other relief; (3) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (4) met all requirements of due process and any other applicable law;

(vi)     Approves the Claim Form that was distributed to the Settlement Class;

(vii)     Finds that Class Counsel and Plaintiffs adequately represented the Settlement Class for purposes of entering into and implementing the Settlement and Settlement Agreement;

(viii)     Dismisses the Litigation now pending before the Court on the merits and with prejudice and without fees or costs except as provided herein, in accordance with the terms of the Final Order and Judgment;

(ix)     Adjudges that Plaintiffs and the Settlement Class have conclusively compromised, settled, dismissed and released any and all Released Claims against BLP and the Released Persons;

(x)     Approves payment of the Attorneys' Fee Award and Incentive Awards as determined by the Court;

(xi)     Without affecting the finality of the Final Order and Judgment for purposes of appeal, reserves jurisdiction over the Settlement Administrator, BLP, Plaintiffs and the Settlement Class Members as to all matters relating to the administration, consummation, enforcement and interpretation of the terms of the

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                     TTA10262018 000947

Settlement, the Settlement Agreement and Final Order and Judgment and for any other necessary purposes;

(xii)    Provides that upon the Effective Date, Plaintiffs and all Settlement Class Members, whether or not they return a Claim Form within the time and in the manner provided for, shall be barred from asserting any Released Claims against BLP and/or any Released Persons, and any such Settlement Class Members shall have released any and all Released Claims as against BLP and all Released Persons;

(xiii)    Determines that the Settlement Agreement and the Settlement provided for therein and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by BLP or any Released Persons or of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to this Settlement Agreement and the Settlement provided for therein in such proceedings solely as may be necessary to effectuate the Settlement Agreement;

(xiv)    Bars and permanently enjoins all Settlement Class Members from (1) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (2) organizing Settlement Class

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000948

Members who have not excluded themselves from the Settlement Class into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency;

(xv)    States that any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by BLP and/or any other Released Persons and Class Counsel as a result of the violation;

(xvi)    Approves the Opt-Out List and determines that the Opt-Out List is a complete list of all members of the Settlement Class who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment, except for Opt-Outs who subsequently elect to submit Claim Forms during the Claim Period; and

(xvii)   Authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of this Settlement Agreement and all exhibits hereto as (1) shall be consistent in all material respects with the Final Order and Judgment; and (2) do not limit the rights of the Parties or Settlement Class Members.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                              TTA10262018 000949

B.      As of the Effective Date, the Releasing Persons are deemed to have fully released

and forever discharged the Released Persons of and from all Released Claims by operation of

entry of the Final Order and Judgment.

(i)      Subject to Court approval, all Settlement Class Members who have

not excluded themselves from the Settlement Class shall be bound by this

Settlement Agreement and the Release and all of their claims shall be dismissed

with prejudice and released, irrespective of whether they received actual notice of

the Litigation or this Settlement.

(ii)      Without in any way limiting the scope of the Release, this Release

covers any and all claims for attorneys' fees, costs or disbursements incurred by

Class Counsel or any other counsel representing Plaintiffs or Settlement Class

Members, or any of them, in connection with or related in any manner to the

Litigation, the Settlement, the administration of such Settlement and/or the

Released Claims as well as any and all claims for the Incentive Award to

Plaintiffs and the Attorneys' Fee Award to Class Counsel.

(iii)      The Releasing Persons and the Released Persons expressly

acknowledge that they are familiar with principles of law such as Section 1542 of

the Civil Code of the State of California, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR
HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH
IF KNOWN BY HIM OR HER MIGHT HAVE MATERIALLY
AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Notwithstanding California or other law, the Releasing Persons and the Released Persons hereby

expressly agree that the provisions, rights and benefits of Section 1542 and all similar federal or

state laws, rights, rules or legal principles of any other jurisdiction that may be applicable herein

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000950

are hereby knowingly and voluntarily waived, released and relinquished to the fullest extent permitted by law solely in connection with unknown claims that are the same as, substantially similar to, or overlap the Released Claims, and the Releasing Persons and the Released Persons hereby agree and acknowledge that this is an essential term of the Releases.  In connection with the Release, the Releasing Persons and the Released Persons acknowledge that they are aware that they may hereafter discover claims presently unknown and unsuspected or facts in addition to or different from those which they now know or believe to be true with respect to matters released herein, and that such claims, to the extent that they are the same as, substantially similar to, or overlap the Released Claims, are hereby released, relinquished and discharged.

(iv)     Nothing in the Releases shall preclude any action to enforce the terms of this Settlement Agreement, including participation in any of the processes detailed herein.

## XII.     WITHDRAWAL FROM OR TERMINATION OF SETTLEMENT

A.     Within fifteen (15) Days after the occurrence of any of the following events and upon written notice to counsel for all Parties, a Party shall have the right to withdraw from the Settlement and terminate this Settlement Agreement:

(i)     If the Court declines to approve the Settlement Agreement as written or if on appeal the Court's approval is reversed or modified;

(ii)     If the Court materially alters any of the terms of the Settlement Agreement, except that a reduction in the Attorneys' Fee Award or the Incentive Awards shall not be deemed to be a material alteration; or

(iii)     If the Preliminary Approval Order or the Final Order and Judgment is not entered by the Court or is reversed or modified on appeal, or otherwise fails for any reason.

30

B.      If, at any time prior to Final Order and Judgment, legislation is enacted, a controlling judicial opinion is rendered or regulatory agency action is undertaken that would entitle BLP to summary judgment on Plaintiffs' claims under the TCPA, then subject to Court approval, BLP shall have the right to withdraw from the Settlement and terminate this Settlement Agreement.  For the purposes of this provision, the issuance of a retroactive waiver of 47 C.F.R. § 64.1200(a)(4)(iv) regarding the Federal Communication Commission's opt-out notice requirement for faxes sent with the recipient's prior express permission in favor of BLP would not be considered agency action that would entitle BLP to summary judgment on Plaintiffs' claims under the TCPA and would not trigger BLP's right to terminate the Settlement.

C.      In the event of a withdrawal pursuant to Paragraphs A or B above, any certification of a Settlement Class will be vacated, without prejudice to any Party's position on the issue of class certification and the amenability of the claims asserted in the Litigation to class treatment, and the Parties shall be restored to their litigation position existing immediately before the execution of this Settlement Agreement.

D.      If members of the Settlement Class properly and timely submit requests for exclusion from the Settlement Class thereby becoming Opt-Outs in a number exceeding the number submitted to the Court under seal by the Parties, then BLP may elect in their sole discretion to withdraw from the Settlement and terminate this Settlement Agreement.  In that event, all of BLP's obligations under this Agreement shall cease to be of any force and effect; the certification of the Settlement Class shall be vacated without prejudice to BLP's position on the issue of class certification; and BLP shall be restored to their litigation position existing immediately before the execution of this Settlement Agreement.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                             TTA10262018 000952

(i)      In order to elect to withdraw from the Settlement and terminate

this Settlement Agreement on the basis set forth above, BLP must notify Class

Counsel in writing of their election to do so within fourteen (14) Days after the

Opt-Out List has been served on the Parties.

(ii)      In the event that BLP exercises such right, Class Counsel shall

have, at their discretion, fourteen (14) Days or such longer period as agreed to by

the Parties to address the concerns of the Opt-Outs.  If through such efforts the

total number on the Opt-Out List subsequently becomes and remains fewer than

the number submitted to the Court under seal at the time of filing the Motion For

Preliminary Approval, BLP shall withdraw their election to withdraw from the

Settlement and terminate the Settlement Agreement.  In no event, however, shall

BLP have any further obligation under this Agreement to any Opt-Out unless he

or she withdraws his or her request for exclusion.

(iii)      For purposes of this Paragraph, Opt-Outs shall not include

(1) Persons who are specifically excluded from the Settlement Class definition;

(2) Opt-Outs who elect to withdraw their request for exclusion; and (3) Opt-Outs

who agree to sign an undertaking that they will not pursue an individual claim,

class claim or any other claim that would otherwise be a Released Claim as

defined in this Settlement Agreement.

E.      In the event of withdrawal by any Party in accordance with the terms set forth in

this Section, the Settlement Agreement shall be null and void, shall have no further force and

effect with respect to any Party in the Litigation and shall not be offered in evidence or used in

any litigation for any purpose, including the existence, certification or maintenance of any

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000953

proposed or existing class or the amenability of these or similar claims to class treatment.  In the event of such withdrawal, this Settlement Agreement and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to BLP, Plaintiffs and the Settlement Class Members and shall not be deemed or construed to be an admission or confession in any way by any Party of any fact, matter or proposition of law and shall not be used in any manner for any purpose, and the Parties to the Litigation shall stand in the same position as if this Settlement Agreement had not been negotiated, made or filed with the Court.

## XIII.   EFFECTIVE DATE

A.   The Effective Date of this Settlement Agreement shall be the date when each and all of the following conditions have occurred:

(i)   This Settlement Agreement has been fully executed by all Parties and their counsel;

(ii)   Orders have been entered by the Court certifying the Settlement Class, granting preliminary approval of this Settlement and approving the forms of Class Notice and Claim Form, all as provided above;

(iii)   The Settlement Class Notice Program has been executed in accordance with the Preliminary Approval Order;

(iv)   The Court has entered a Final Order and Judgment finally approving this Agreement, as provided above; and

(v)   The Final Order and Judgment has become Final as defined in Paragraph B below.

B.   "Final," when referring to a judgment or order means that (i) the judgment is a final, appealable judgment; and (ii) either (1) no appeal has been taken from the judgment as of

33

the date on which all deadlines to appeal therefrom have expired; or (2) an appeal or other review proceeding of the judgment having been commenced, the date by which such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions or rehearing or re-argument, petitions for rehearing en banc, petitions for writ of certiorari, or otherwise, and such appeal or other review has been finally resolved in a manner that affirms the Final Order and Judgment in all material respects.

C.    If, for any reason, this Settlement Agreement fails to become Final pursuant to the foregoing Paragraph B, the orders, judgment and dismissal to be entered pursuant to this Settlement Agreement shall be vacated, and the Parties will be returned to the status quo ante with respect to the Litigation as if this Settlement Agreement had never been entered into.

## XIV.    NOTICES

A.    All Notices (other than the Class Notice and CAFA Notices) required by the Settlement Agreement shall be made in writing and communicated by mail to the following addresses:

All Notices to the Settlement Class or Class Counsel shall be sent to Class Counsel, c/o:

Phillip A. Bock
Jonathan B. Piper
Daniel J. Cohen
Bock, Hatch, Lewis & Oppenheim, LLC
134 North La Salle Street, Suite 1000
Chicago, Illinois 60602
Telephone:  (312) 658-5500
Facsimile:  (312) 658-5555

All Notices to BLP or BLP Counsel provided herein shall be sent to BLP Counsel, c/o:

Mark S. Mester
Kathleen P. Lally
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois  60611

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000955

Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

B.     The notice recipients and addresses designated above may be changed by written

notice.

C.     Upon the request of any of the Parties, the Parties agree to promptly provide each

other with copies of comments, objections, requests for exclusion, or other documents or filings

received as a result of the Class Notice.

## XV.     MISCELLANEOUS PROVISIONS

A.     **Interpretation**.  This Settlement Agreement contains the entire agreement among

the Parties hereto and supersedes any prior discussions, agreements or understandings among

them as well as any and all prior drafts of this Settlement Agreement.  All terms are contractual.

For the purpose of construing or interpreting this Settlement Agreement, the Parties agree that

the Settlement Agreement is to be deemed to have been drafted equally by all Parties hereto and

shall not be construed strictly for or against any Party, and the Parties further agree that any prior

drafts may not be used to construe or interpret this Settlement Agreement.

B.     **Binding Effect**.  The terms are and shall be binding upon each of the Parties

hereto, their administrators, agents, assigns, attorneys, executors, heirs, partners, representatives,

predecessors-in-interest and successors as well as upon all other Persons claiming any interest in

the subject matter hereto through any of the Parties hereto including any Settlement Class

Members.

C.     **Headings**.  The headings contained in this Settlement Agreement are for

reference purposes only and shall not affect in any way the meaning or interpretation of this

Settlement Agreement.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                          TTA10262018 000956

D.    **No Rescission on Grounds of Mistake**.  The Parties acknowledge that they have made their own investigations of the matters covered by this Settlement Agreement to the extent they have deemed it necessary to do so.  Therefore, the Parties agree that they will not seek to set aside any part of the Settlement Agreement on the grounds of mistake.  Moreover, the Parties understand, agree and expressly assume the risk that any fact not recited, contained, or embodied in the Settlement Agreement may turn out hereinafter to be other than, different from, or contrary to the facts now known to them or believed by them to be true, and further agree that the Settlement Agreement shall be effective in all respects notwithstanding and shall not be subject to termination, modification, or rescission by reason of any such difference in facts.

E.    **Amendment**.  This Settlement Agreement may be amended or modified only by a written instrument signed by the Parties or their counsel.  Amendments and modifications may be made without notice to the Settlement Class unless notice is required by law or by the Court.

F.    **Integration Of Exhibits**.  Any exhibits to this Settlement Agreement are hereby incorporated and made a part of the Settlement Agreement.

G.    **Jurisdiction**.  The United States District Court for the Middle District of Florida has jurisdiction over the Parties to this Settlement Agreement and the Settlement Class.

H.    **Waiver of Statute of Limitations.**  BLP waives any affirmative defense regarding the statute of limitations that it may have had to Plaintiffs' claims.  This waiver shall survive in the event of the termination of this Agreement.

I.    **No Admission**.  Neither this Settlement Agreement nor any of its provisions, its exhibits or related documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order or the Final Order and Judgment), its negotiation or any proceedings relating in any way to the Settlement shall be construed as or deemed to be evidence

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                    TTA10262018 000957

of an admission or concession by any person, including BLP, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or Court order.  The provisions of this Paragraph shall become effective when this Settlement Agreement has been signed by the Parties and shall be binding on the Parties and their counsel regardless of whether the Settlement Agreement is approved by this Court or any other court and regardless of whether the Settlement Agreement is otherwise rendered null and void.

J.      **Governing Law**.  This Settlement Agreement shall be governed by and construed in accordance with the internal laws (as opposed to the conflicts of law provisions) of the State of Florida.

K.      **Counterparts**.  This Settlement Agreement may be executed in counterparts and may be executed by facsimile, and as so executed shall constitute one agreement.

L.      **No Media Statements.**  BLP, BLP Counsel, Plaintiffs, Class Counsel and all other counsel of record for Plaintiffs agree not to issue any press releases regarding this settlement or publicize it in any way and further agree not to engage in any communications with the media or the press, on the internet, or in any public forum, orally or in writing, that relate to this Settlement or the Litigation other than statements that are fully consistent with the Mailed Notice.  Notwithstanding the foregoing, nothing in this Settlement Agreement shall preclude a Party from making a public statement in support of the Settlement.  For example, Plaintiffs or Class Counsel may state that the Settlement is a good result for the Class.  In addition, nothing in this Settlement Agreement shall preclude Plaintiffs or Class Counsel from making a public statement that is consistent with the language of the Settlement Agreement or any motions submitted for approval of the Settlement.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                                     TTA10262018 000958

M.     **Confidentiality.**  All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

N.     **Return Of Material.**  Within thirty (30) Days after the Effective Date, Class Counsel and BLP Counsel will return all material produced by one to the other in discovery or otherwise in connection with the Litigation.

O.     **No Assignment**.  Plaintiffs represent and warrant that no portion of any claim, right, demand, action, or cause of action against the Released Persons that Plaintiffs have or may have arising out of any allegations made in any of the actions comprising the Litigation or pertaining to any of the Released Claims, and no portion of any recovery or settlement to which Plaintiffs may be entitled, has been assigned, transferred, or conveyed by or for Plaintiffs in any manner; and no Person other than Plaintiffs have any legal or equitable interest in the claims, demands, actions, or causes of action referred to in this Agreement as those of Plaintiffs.

P.     **Stay.**  The Parties stipulate to stay all proceedings in the Litigation until the approval of this Settlement Agreement has been finally determined, except the stay of proceedings shall not prevent the filing of any motions, affidavits and other matters necessary to obtain and preserve final judicial approval of this Settlement Agreement.

Q.     **Best Efforts.**  In the event that there are any developments in the effectuation and administration of this Agreement that are not dealt with by the terms of this Agreement, then such matters shall be dealt with as agreed upon by the Parties, and failing agreement, as shall be ordered by the Court.  The Parties shall execute all documents and use their best efforts to perform all acts necessary and proper to promptly effectuate the terms of this Agreement and to take all necessary or appropriate actions to obtain judicial approval of this Agreement in order to

38

give this Agreement full force and effect.  The execution of documents must take place prior to

the date scheduled for the Preliminary Approval Hearing.

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                        TTA10262018 000960

IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by their duly authorized representatives below.

*Plaintiffs:*

Technology Training Associates, Inc.

By:_____

Larry E. Schwanke, D.C. d/b/a
Back to Basics Family Chiropractic

By:_____

*Approved as to form:*                 **BOCK, HATCH, LEWIS & OPPENHEIM, LLC**

                               By:_____

                                    Phillip A. Bock
                                    Jonathan B. Piper
                                    Daniel J. Cohen
                                    Bock, Hatch, Lewis & Oppenheim, LLC
                                    134 North La Salle Street, Suite 1000
                                    Chicago, Illinois 60602
                                    Telephone:  (312) 658-5500
                                    Facsimile:  (312) 658-5555

*Defendant:*

BUCCANEERS LIMITED PARTNERSHIP

By:_____

Its:_____

*Approved as to form:*                 **LATHAM & WATKINS LLP**

                               By:_____

                                    Mark S. Mester
                                    Kathleen P. Lally
                                    Latham & Watkins LLP

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                     TTA10262018 000961

330 North Wabash Avenue, Suite 2800
Chicago, Illinois  60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

41

IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by their duly authorized representatives below.

*Plaintiffs:*

Technology Training Associates, Inc.

By:_____

Larry E. Schwanke, D.C. d/b/a
Back to Basics Family Chiropractic

By:_____

*Approved as to form:*                    **BOCK, HATCH, LEWIS & OPPENHEIM, LLC**

                                           By:_____
                                              Phillip A. Bock
                                              Jonathan B. Piper
                                              Daniel J. Cohen
                                              Bock, Hatch, Lewis & Oppenheim, LLC
                                              134 North La Salle Street, Suite 1000
                                              Chicago, Illinois 60602
                                              Telephone:  (312) 658-5500
                                              Facsimile:  (312) 658-5555

*Defendant:*

BUCCANEERS LIMITED PARTNERSHIP

By:_____

Its: Chief Operating Officer

*Approved as to form:*                     **LATHAM & WATKINS LLP**

                                           By:_____
                                              Mark S. Mester
                                              Kathleen P. Lally
                                              Latham & Watkins LLP

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000963

330 North Wabash Avenue, Suite 2800
Chicago, Illinois  60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

TTA10262018 000964

IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by their duly authorized representatives below.

***Plaintiffs:***

Technology Training Associates, Inc.

By:_____

Larry E. Schwanke, D.C. d/b/a
Back to Basics Family Chiropractic

By:_____

***Approved as to form:***                    **BOCK, HATCH, LEWIS & OPPENHEIM, LLC**

By:_____
      Phillip A. Bock
      Jonathan B. Piper
      Daniel J. Cohen
      Bock, Hatch, Lewis & Oppenheim, LLC
      134 North La Salle Street, Suite 1000
      Chicago, Illinois 60602
      Telephone:  (312) 658-5500
      Facsimile:  (312) 658-5555

***Defendant:***

BUCCANEERS LIMITED PARTNERSHIP

By:_____

Its: <u>Chief Operating Officer</u>

***Approved as to form:***                    **LATHAM & WATKINS LLP**

By:_____
      Mark S. Mester
      Kathleen P. Lally
      Latham & Watkins LLP

40

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                    TTA10262018 000965

41

330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

TTA10262018 000966

IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by their duly authorized representatives below.

*Plaintiffs:*

Technology Training Associates, Inc.

By: _____

Larry E. Schwanke, D.C. d/b/a
Back to Basics Family Chiropractic

By:_____

*Approved as to form:*

BOCK, HATCH, LEWIS & OPPENHEIM, LLC

By:_____
Phillip A. Bock
Jonathan B. Piper
Daniel J. Cohen
Bock, Hatch, Lewis & Oppenheim, LLC
134 North La Salle Street, Suite 1000
Chicago, Illinois 60602
Telephone:  (312) 658-5500
Facsimile:  (312) 658-5555

*Defendant:*

BUCCANEERS LIMITED PARTNERSHIP

By:_____

Its:_____

*Approved as to form:*

LATHAM & WATKINS LLP

By:_____
Mark S. Mester
Kathleen P. Lally
Latham & Watkins LLP

40

WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by their duly authorized representatives below.

*Plaintiffs:*

Technology Training Associates, Inc.

By:_____

Larry E. Schwanke, D.C. d/b/a
Back to Basics Family Chiropractic

By: _____

*Approved as to form:*                     **BOCK, HATCH, LEWIS & OPPENHEIM, LLC**

                                            By:_____
                                                Phillip A. Bock
                                                Jonathan B. Piper
                                                Daniel J. Cohen
                                                Bock, Hatch, Lewis & Oppenheim, LLC
                                                134 North La Salle Street, Suite 1000
                                                Chicago, Illinois 60602
                                                Telephone: (312) 658-5500
                                                Facsimile: (312) 658-5555

*Defendant:*

BUCCANEERS LIMITED PARTNERSHIP

By:_____

Its:_____

*Approved as to form:*                     **LATHAM & WATKINS LLP**

                                            By: _____
                                                Mark S. Mester
                                                Kathleen P. Lally
                                                Latham & Watkins LLP