# EXHIBIT 3

| | |
|---|---|
| **From:** | Ross Good <rgood@andersonwanca.com> |
| **Sent:** | Thursday, December 12, 2019 1:24 PM |
| **To:** | Mester, Mark (CH) |
| **Cc:** | Michael Addison; Jon Piper; joe.varner@hklaw.com; Phil Bock; Lally, Kathleen (CH); gloria.mcknight@hklaw.com; Sue Fitzgerald |
| **Subject:** | Re: Cin-Q, et al. v. BLP, Case No. 8:13-cv-01592-AEP (M.D. Fla.) |

The Protective Orders.

Pursuant to Local Rule 3.01(g), what is your position? This is my final request.

--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com - EMail
(847) 350-9861 - Direct Phone
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phone
(847) 368-1501 - Office Fax


On Thu, Dec 12, 2019 at 1:22 PM <mark.mester@lw.com> wrote:
> Ross - To be clear, are you taking the position that M&C does not have within its possession, custody and control the record in a case where it was the sole Plaintiff?   If certain parts of the record are subject to an Attorneys Eyes Only designation and are therefore held by M&C's counsel, then surely M&C can direct its counsel to provide those portions to BLP.  And the balance of the record is obviously directly within M&C's possession, custody and control.  Alternatively, you no doubt could also direct M&C's counsel to provide the record to BLP, as we understand your firm has paid all the fees and costs incurred by M&C in the case it filed against BH and Mr. Oppenheim.   Either way, however, we are aware of no impediment to the production of the entire record.   If you believe there is such an impediment, please explain exactly what that impediment is.  Simply saying that you yourself don't currently "have" the documents really doesn't answer the relevant question.
>
>
> Sent with BlackBerry Work
> (www.blackberry.com)

> **From:** Ross Good <rgood@andersonwanca.com>
> **Date:** Thursday, Dec 12, 2019, 1:57 PM
> **To:** Mester, Mark (CH) <mark.mester@lw.com>
> **Cc:** Michael Addison <m@mcalaw.net>, Jon Piper <jon@classlawyers.com>, joe.varner@hklaw.com <joe.varner@hklaw.com>, Phil Bock <phil@classlawyers.com>, Lally, Kathleen (CH) <Kathleen.Lally@lw.com>, gloria.mcknight@hklaw.com <gloria.mcknight@hklaw.com>, Sue Fitzgerald <sfitzgerald@andersonwanca.com>

1

**Subject:** Re: Cin-Q, et al. v. BLP, Case No. 8:13-cv-01592-AEP (M.D. Fla.)

Mark,
Your claims are false. Just read the Protective Orders. I think even BHLO will confirm that.

Pursuant to Local Rule 3.01(g), what is your position?


--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com - EMail
(847) 350-9861 - Direct Phone
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phone
(847) 368-1501 - Office Fax


On Thu, Dec 12, 2019 at 11:22 AM <mark.mester@lw.com> wrote:
> Ross - I am traveling myself today and understand your position that you don't have the documents, though it is hard to imagine you couldn't get them if you wanted to, given the role your firm played in the M&C case. But your client (M&C) clearly has the documents within its possession, custody and control, and M&C is obviously a party to Cin-Q, hence our request and later motion.
>
>
> Sent with BlackBerry Work
> (www.blackberry.com)

---

**From:** Ross Good <rgood@andersonwanca.com>
**Date:** Thursday, Dec 12, 2019, 11:58 AM
**To:** Mester, Mark (CH) <mark.mester@lw.com>
**Cc:** Michael Addison <m@mcalaw.net>, Jon Piper <jon@classlawyers.com>, joe.varner@hklaw.com <joe.varner@hklaw.com>, Phil Bock <phil@classlawyers.com>, Lally, Kathleen (CH) <Kathleen.Lally@lw.com>, gloria.mcknight@hklaw.com <gloria.mcknight@hklaw.com>, Sue Fitzgerald <sfitzgerald@andersonwanca.com>
**Subject:** Re: Cin-Q, et al. v. BLP, Case No. 8:13-cv-01592-AEP (M.D. Fla.)

Mark,
As I have stated before, Plaintiffs' Counsel does not have all the documents you seek and cannot review them because of the Protective Orders in the cases. Pursuant to Local Rule 3.01(g), what is your position?

I am available if you want to call me to discuss further.


--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008

rgood@andersonwanca.com - EMail
(847) 350-9861 - Direct Phone
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phone
(847) 368-1501 - Office Fax


On Thu, Dec 12, 2019 at 10:09 AM <mark.mester@lw.com> wrote:
Is there any rationale for your request to do so?   Our position is the information and documents from those other cases are directly relevant to both the pending motion to intervene as well as the anticipated motion or motions for the appointment of interim class counsel.   If it's your position those materials are not relevant to the motion to intervene or if you are withdrawing your opposition to intervention, it would be helpful to know that and what the rationale is for your position.

Best regards.


Sent with BlackBerry Work
(www.blackberry.com)

---

**From:** Ross Good <rgood@andersonwanca.com>
**Date:** Thursday, Dec 12, 2019, 10:56 AM
**To:** Michael Addison <m@mcalaw.net>
**Cc:** Jon Piper <jon@classlawyers.com>, Mester, Mark (CH) <mark.mester@lw.com>, joe.varner@hklaw.com <joe.varner@hklaw.com>, Phil Bock <phil@classlawyers.com>, Lally, Kathleen (CH) <Kathleen.Lally@lw.com>, gloria.mcknight@hklaw.com <gloria.mcknight@hklaw.com>, Sue Fitzgerald <sfitzgerald@andersonwanca.com>
**Subject:** Re: Cin-Q, et al. v. BLP, Case No. 8:13-cv-01592-AEP (M.D. Fla.)

Counsel,
Plaintiffs intend to file a Motion to Enter and Continue BLP's Motion to Compel (Doc. 264) until after a ruling on the Intervention Motion (Doc. 258). Pursuant to Local Rule 3.01(g), what is your position? Please provide no later than 2:00 PM EST today.

--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com - EMail
(847) 350-9861 - Direct Phone
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phone
(847) 368-1501 - Office Fax