# EXHIBIT 5

**Mark S. Mester**
Direct Dial: +1.312.876.7623
mark.mester@lw.com

330 North Wabash Avenue
Suite 2800
Chicago, Illinois  60611
Tel: +1.312.876.7700  Fax: +1.312.993.9767
www.lw.com

## LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

December 18, 2019

**BY EMAIL**

Ross Good, Esq.
Anderson + Wanca
3701 Algonquin Road, Suite 500
Rolling Meadows, Illinois 60008

File No. 056866-0001

> Re: Cin-Q Automobiles, Inc., et al. v. BLP,
> Case No. 8:13-cv-01592-AEP (M.D. Fla.)

Dear Ross:

The motion you filed late last Thursday in Cin-Q would suggest that benefit could have been had from further discussions regarding the logistics of producing the records in the two lawsuits filed and funded by your firm against Bock Hatch and Mr. Oppenheim.  See Pls.' Mot. to Enter and Continue Briefing (Cin-Q Dkt. 268).  Indeed, we understood the purpose of Local Rule 3.01(g) to be the furtherance of such efforts so as to avoid needlessly inconveniencing the Court with motions that would possibly be resolved in whole or in part through substantive discussions between counsel.  See M.D. Fla. L.R. 3.01(g).

Unfortunately, you did not contact us until December 12, 2019 to address the motion you ended up filing that same day, and you abruptly terminated our communications regarding that motion after a few hours of email exchanges and after I raised questions regarding what specifically (if anything) in the protective orders would actually prevent M&C and its counsel from producing some or all documents, let alone suggest that the Court should delay consideration of BLP's motion.  See Dec. 12, 2019 Email fr. M. Mester to R. Good (1:38 p.m. CST).  Nevertheless, we think it still makes sense to try and work out these issues, and if we are able to do so, we can obviously advise Judge Porcelli that our motion to compel and your motion to enter and continue are now moot.  Reaching an agreement between counsel is also likely to be the most efficient way to resolve these issues with minimal or no delay, and your statements to the Court would suggest that you wish to act as expeditiously as possible, though the delays occasioned by your continuing refusals to provide the requested materials would, of course, suggest otherwise.  See Pls.' Mot. to Enter and Continue Briefing (Cin-Q Dkt. 268) at passim. We nevertheless trust and hope that we can work out with you all or most of these issues.

To that end, we have the following questions and would appreciate a response to this letter and these questions by Friday, December 20, 2019:

1.     You suggested in your motion that neither M&C nor Plaintiffs' counsel have all of the documents produced in Medical & Chiropractic Clinic, Inc. v. Oppenheim, et al., Case No. 8:16-cv-01477 (M.D. Fla.) ("M&C"),

LATHAM&WATKINS LLP

implying that M&C and/or you have some but not all responsive documents that have been requested.  See Pls.' Mot. to Enter and Continue Briefing (Cin-Q Dkt. 268) at 2.  In the interest of expediting matters, will you agree to provide those documents that M&C and you do have until such time as the Court has resolved the balance of our motion to compel?

2.  In terms of the documents from M&C that you suggest M&C and you do not have, we assume that M&C's counsel in M&C (fully funded we understand by your firm) has the complete record in M&C, and is there any reason why M&C cannot simply direct its counsel to make those documents and materials available to us, subject to the terms of the December 27, 2016 Agreed Confidentiality and Protective Order, which we agree to fully abide by?  See Agreed Confidentiality and Protective Order (Cin-Q Dkt. 268-1).

3.  With respect to the documents from Brian J. Wanca, J.D., P.C. d/b/a Anderson + Wanca v. Oppenheim, Case No. 2017CH08373 (Circuit Court of Cook County, Illinois) ("A+W"), will your firm agree to produce now the documents from that case that your firm does have until such time as the Court has resolved the balance of our motion to compel?

4.  In terms of the documents from A+W that you are claiming your firm does not have, is there any reason why your firm cannot simply request your counsel in that matter to make those documents and materials available to us, provided we agree to fully abide by the October 9, 2018 Agreed Protective Order in A+W, which we do?  See Agreed Protective Order (Cin-Q Dkt. 268-2).

5.  You refer in your motion to "potentially invading attorney-client privilege."  See Pls.' Mot. to Enter and Continue Briefing (Cin-Q Dkt. 268) at 3.  We would naturally assume that any claims of privilege have been long since waived.  But please provide us with the privilege logs from M&C and A+W so that we can understand this claim and determine whether any such documents (if any) could be excluded from the scope of our request.

6.  You refer extensively in your motion to the protective orders entered in both M&C and A+W.  See Pls.' Mot. to Enter and Continue Briefing (Cin-Q Dkt. 268) at Exs. A-B.  Both of those protective orders, however, only limit the disclosure of information that has been designated as confidential.  See Agreed Confidentiality and Protective Order (Cin-Q Dkt. 268-1) at ¶¶ 2, 5; Agreed Protective Order (Cin-Q Dkt. 268-2) at ¶¶ 1-2.  Would you be willing to make available to us this week the documents that were produced in M&C and/or A+W that were not designated as confidential under a protective order?

7.  The protective orders also both allow disclosure of confidential information to other persons with the written consent of the producing party.  See Agreed Confidentiality and Protective Order (Cin-Q Dkt. 268-1) at ¶ 5(b)(9); Agreed Protective Order (Cin-Q Dkt. 268-2) at ¶¶ 7(j), 8(i).  Would you be

Ross Good, Esq.
December 18, 2019
Page 3

**LATHAM&WATKINS** LLP

willing to make available to us the documents produced by M&C and your firm in <u>M&C</u>, provided we agree to fully abide by the other terms of the protective orders entered in <u>M&C</u> and <u>A+W</u>, which we do?

We look forward to a prompt response to this letter.

Best regards.

Sincerely,

Mark S. Mester
of LATHAM & WATKINS LLP

cc:  Michael C. Addison, Esq.
     Jonathan B. Piper, Esq.
     Joseph H. Varner III, Esq.