# EXHIBIT 1

**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CIN-Q AUTOMOBILES, INC., et al.,          )
                                          )
                        Plaintiffs,       )
                                          )
v.                                        )
                                          )
BUCCANEERS LIMITED                        )          Case No. 8:13-cv-01592-AEP
PARTNERSHIP and JOHN DOES 1-10,           )
                                          )          Magistrate Judge
                        Defendants,       )          Anthony E. Porcelli
_____     )
                                          )
TECHNOLOGY TRAINING                       )
ASSOCIATES, INC., et al.,                 )
                                          )
                        Intervenors.      )

### SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is entered into between Plaintiffs Cin-Q

Automobiles, Inc. ("Cin-Q") and Medical & Chiropractic Clinic, Inc. ("M&C") (collectively,

"Plaintiffs") and Defendant Buccaneers Team LLC, f/k/a Buccaneers Limited Partnership ("BTL")

in order to effect a full and final settlement and dismissal with prejudice of all claims against BTL

as alleged in the case captioned Cin-Q Automobiles, Inc., et al. v. Buccaneers Limited Partnership,

Case No. 8:13-cv-01592-AEP (M.D. Fla. 2013) on the terms set forth below and to the full extent

reflected herein, subject to approval of the Court. Capitalized terms shall have the meaning

ascribed to them in Section II of this Settlement Agreement.

### I.   RECITALS

A.      On or about June 15, 2013, Plaintiff Cin-Q filed a Complaint in the United States

District Court for the Middle District of Florida, alleging that in 2009 and 2010 BTL improperly

sent advertisements by facsimile. Plaintiffs filed a Second Amended Complaint ("SAC"), adding

M&C as a Plaintiff on January 3, 2014. Plaintiffs sought actual damages and statutory damages

1



under the TCPA on behalf of themselves and a proposed class consisting of "[a]ll persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of [BTL,] (3) from whom [BTL] did not obtain prior express permission or invitation to send those faxes, (4), with whom [BTL] did not have an established business relationship, and (5) did not display a proper opt-out notice."

    B.    On December 17, 2014, the district court denied both parties summary judgment. (Order, Doc. 167). The Court found there were genuine issues of material fact regarding the issue of whether BTL was liable as the "sender" of the faxes, ruling that a jury must decide the question.

    C.    On March 25, 2016, Plaintiffs filed their initial Motion for Class Certification. (Doc. 207). Thereafter, this case was stayed during the pendency of a settlement in another class action against BTL in Technology Training Associates, Inc., et al. v. Buccaneers Limited Partnership, Case No. 8:16-cv-01622-MSS-AEP (M.D. Fla. 2016) (the "*TTA* Action"). *See Tech. Training Assocs., Inc. v. Buccaneers Ltd. P'ship*, 874 F.3d 692, 697 (11th Cir. 2017) (reversing denial of *Cin-Q* Plaintiffs' motion to intervene in the *TTA* Action); *Tech. Training Assocs., Inc. v. Buccaneers Ltd. P'ship*, No. 8:16-CV-1622-T-AEP, 2019 WL 4751799, at *18 (M.D. Fla. Sept. 30, 2019) (vacating preliminary approval and decertifying *TTA* settlement class).

    D.    On January 17, 2020, the district court ordered the parties to hold a settlement conference with Magistrate Judge Sansone and appointed Michael C. Addison Interim Lead Counsel. (Doc. 284). The COVID-19 pandemic delayed the conference until September 22, 2020, when it was held via teleconference, and subsequent negotiations continued through Judge Sansone. (Doc. 312).



E.     On or about June 9, 2021, the Parties reached an agreement in principle that would resolve the claims in Plaintiffs' Second Amended Complaint and this Litigation on a class-wide basis, subject to finalization of a mutually-agreeable settlement agreement and court approval.

F.     BTL denies all material allegations in the Litigation and has asserted a variety of affirmative defenses. BTL specifically denies that it has engaged in any wrongdoing whatsoever, that it has any liability in connection with the claims asserted or that could have been asserted in the Litigation and further denies that the claims in the Litigation can properly be maintained as a class action, other than for the purposes of settlement.

G.     Plaintiffs and Class Counsel have conducted an examination of the facts and documents relating to the Litigation, including documents and information produced by BTL in discovery prior to settlement discussions, and have concluded that this Settlement provides substantial benefits to Plaintiffs and the Settlement Class and resolves all issues that were or could have been raised in the Litigation without prolonged litigation and the risks and uncertainties inherent in litigation. Plaintiffs and Class Counsel have further concluded that this Settlement is fair, reasonable, adequate and in the best interest of the Settlement Class.

H.     BTL denies each and every allegation of wrongdoing, liability and damages that were or could have been asserted in the Litigation and further denies that the claims in the Litigation would be appropriate for class treatment if the Litigation were to proceed through litigation and trial. Nonetheless, without admitting or conceding any wrongdoing, liability or damages or the appropriateness of Plaintiffs' claims or similar claims for class treatment, BTL consents to the Settlement solely to avoid the expense, inconvenience and inherent risk of litigation as well as continued disruption of their business operations.

I.      Nothing in this Settlement or Settlement Agreement shall be construed as an admission or concession by BTL of the truth of any allegations raised in the Litigation or of any fault, wrongdoing, liability or damages of any kind.

J.      This Settlement Agreement, its terms, documents related to it and the negotiations or proceedings connected with it shall not be offered or received into evidence in this case or in any other action or proceeding to establish any liability or admission by BTL.

**NOW, THEREFORE**, in consideration of the foregoing and the mutual

covenants, promises and general releases set forth below and subject to preliminary and final approval by the Court, the parties hereby agree as follows:

## II.      DEFINITIONS

As used herein, the following terms shall have the meaning set forth below.

A.      "Attorneys' Fee Award" means the Court-approved award of attorneys' fees in an amount not to exceed in total 25% of the Settlement Fund, to Class Counselplus reasonable out-of-pocket expenses incurred not to exceed $250,000, to be paid from the Settlement Fund, as defined in Section VI, Paragraph A.

B.      "Available Award Total" means the amount of money in the Net Settlement Fund available to pay such Awards.

C.      "Award" means the cash compensation that Settlement Class Members who submit Valid Claims shall be entitled to receive as detailed in Sections IV and VIII and payable from the Net Settlement Fund.

D.      "BTL" shall mean Defendant Buccaneers Team LLC, f/k/a Buccaneers Limited Partnership.

E.      "BTL Counsel" means Latham & Watkins LLP and Holland & Knight.

4



F.      "CAFA Notices" means the notice of this settlement to be served upon State and Federal regulatory authorities as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

G.      "Claim Deadline" means the date by which Class Members must submit Claims Forms to be eligible for the benefits described herein, which date will be specified in the Class Notice.

H.      "Claim Form" means the claim form that Settlement Class Members must complete and submit on or before the Claim Deadline and sign subject to penalty of perjury to be eligible for the benefits described herein, which shall be without material alteration from Exhibit A. Claim Forms will be processed after the Effective Date.

I.      "Class Counsel" means Michael C. Addison and the law firm of Addison Law Office, P.A., Ross M. Good, Glenn L. Hara, and Brian J. Wanca and the law firm of Anderson + Wanca as well as such other counsel (if any) that the Court appoints.

J.      "Class Notice" means the Court-approved forms of notice to the Settlement Class, which will notify members of the Settlement Class of entry of the Preliminary Approval Order and the scheduling of the Fairness Hearing, among other things.

K.      "Court" means the United States District Court for the Middle District of Florida.

L.      "Days" means calendar days, except that when computing any period of time prescribed or allowed by this Settlement Agreement, the day of the act, event or default from which the designated period of time begins to run shall not be included. Furthermore, when computing any period of time prescribed or allowed by this Settlement Agreement, the last day of the period so computed shall be included, unless it is a Saturday, a Sunday or a Federal or State of Florida



legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday or Federal or State of Florida legal holiday.

     M.     "Effective Date" means the date defined in Section XIII.

     N.     "Fax Notice" shall mean the notice of the settlement provided to the Settlement Class sent to the fax numbers in the Biggerstaff fax number database, if the Court orders such Fax Notice, which shall be without material alteration from Exhibit B.

     O.     "Fairness Hearing" means the hearing at which the Court orders final approval of the Settlement.

     P.     "Final" means final as defined in Section XIII, Paragraph B.

     Q.     "Final Order and Judgment" means a final order entered by the Court after the Fairness Hearing, granting approval of the Settlement as further described in Section XI.

     R.     "Incentive Award" means the Court-approved award, if any, to the individual class representatives as defined in Section VI, Paragraph B and payable from the Net Settlement Fund.

     S.     "Litigation" means the action captioned Cin-Q Automobiles, Inc., et al. v. Buccaneers Limited Partnership, Case No. 8:13-cv-01592-AEP (M.D. Fla. 2013).

     T.     "Mailed Notice" shall mean the notice of the settlement provided to the Settlement Class by first class mail, postage pre-paid, which shall be without material alteration from Exhibit B.

     U.     "Net Settlement Fund" means the Settlement Fund, less the amounts paid for the Attorneys' Fee Award, Notice and Administration Costs, and Incentive Awards, as described in more detail in Section IV.

     V.     "Notice And Administration Costs" means the reasonable and authorized costs and expenses of the Settlement Class Notice Program and all reasonable and authorized costs and



expenses incurred by the Settlement Administrator in administering the Settlement, including but not limited to costs and expenses associated with assisting members of the Settlement Class, processing claims, escrowing funds, issuing and mailing the benefits provided by the Settlement and other reasonable and authorized fees and expenses of the Settlement Administrator.

W.    "Notice Date" means the first day on which the Settlement Administrator begins disseminating the Class Notice.

X.    "Opt-Out" shall refer to a member of the Settlement Class who properly and timely submits a request for exclusion from the Settlement Class as set forth in Section IX, Paragraph B. An Opt-Out may rescind a request for exclusion by submitting a Claim Form to the Settlement Administrator to obtain benefits under the Settlement.

Y.    "Opt-Out List" shall refer to the list compiled by the Settlement Administrator identifying those who properly and timely submit a request for exclusion from the Settlement Class and become Opt-Outs.

Z.    "Opt-Out and Objection Date" means the date by which a request for exclusion must be filed with the Settlement Administrator in order for a member of the Settlement Class to be excluded from the Settlement Class, and the date by which Settlement Class Members must file objections, if any, to the Settlement.

AA.    "Parties" means Plaintiffs and Settlement Class Members together with BTL. Plaintiffs and Settlement Class Members shall be collectively referred to as one "Party," with BTL as the other "Party."

BB.    "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, member, joint stock company, estate, legal representative, trust,

7



unincorporated association, any business or legal entity and such individual's or entity's spouse, heirs, predecessors, successors, representatives and assignees.

CC.    "Plaintiffs" means Cin-Q Automobiles, Inc. and Medical & Chiropractic Clinic, Inc.

DD.    "Preliminary Approval Date" means the date the Preliminary Approval Order has been executed and entered by the Court and received by counsel for the Parties.

EE.    "Preliminary Approval Order" means the order defined in Section X and entered by the Court preliminary approving the Settlement.

FF.    "Publication Notice" shall mean the notice of the settlement provided to the Settlement Class by publication via one-quarter page advertisements on two consecutive Sundays in the Tampa Bay Times, the Sarasota Herald Tribune, and the Gainesville Sun, if the Court orders such Publication Notice, which shall be without material alteration from Exhibit C.

GG.    "Release" means the release and discharge, as of the Effective Date, by Plaintiffs and all Settlement Class Members (and their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors), who have not excluded themselves from the Settlement Class, of the Released Persons and shall include the agreement and commitment by Plaintiffs and all Settlement Class Members to not now or hereafter initiate, maintain or assert against the Released Persons or any of them any and all causes of action, claims, rights, demands, actions, claims for damages, equitable, legal and/or administrative relief, interest, demands or rights, including without limitation, claims for damages of any kind, including those in excess of actual damages, whether based on federal, state or local law, statute, ordinance, regulation, contract, common law or any other sources that have been, could have been, may be or could be alleged or asserted now or in the future by Plaintiffs or any

8



Settlement Class Members against the Released Persons, or any of them, in the Litigation or in any other court action or before any administrative body (including any regulatory entity or organization), tribunal, arbitration panel or other adjudicating body arising out of or related to the Released Claims.

HH.    "Released Claims" means any and all claims, actions, causes of action, rights, demands, suits, debts, liens, contracts, agreements, offsets or liabilities, including but not limited to statutory consumer protection claims, tort claims, conversion claims, negligence claims, claims for breach of contract, breach of the duty of good faith and fair dealing, breach of statutory duties, actual or constructive fraud, misrepresentations, fraudulent inducement, statutory and consumer fraud, breach of fiduciary duty, unfair business or trade practices, conversion, restitution, rescission, compensatory and punitive damages, injunctive or declaratory relief, attorneys' fees, interests, costs, penalties and any other claims, whether known or unknown, alleged or not alleged in the Litigation, suspected or unsuspected, contingent or matured, under federal, state or local law, which Plaintiffs, Class Counsel and/or any Settlement Class Member had, now have or may in the future have with respect to any conduct, act, omissions, facts, matters, transactions or oral or written statements or occurrences on or prior to the Preliminary Approval Date arising from or relating to facsimile advertisements offering tickets for Tampa Bay Buccaneer games sent in 2009 or 2010 by and/or on behalf of the Released Persons, FaxQom and/or any entities hired directly or indirectly by FaxQom to the Releasing Persons, including, without limitation, the causes of action and allegations made by Plaintiffs in the Litigation as well as claims and allegations that the Released Persons violated any consumer protection, deceptive trade practices acts, privacy laws, the TCPA and/or and common law of any state or the District of Columbia. This release will not release claims regarding advertising faxes (if any) sent after 2010.

9

II.     "Released Persons" means BTL, its affiliates, past, present and future direct and indirect predecessors, successors, assigns, parents, subsidiaries, affiliates, joint venturers, partnerships, limited liability companies, corporations, unincorporated entities, divisions, groups, directors, officers, shareholders, members, employees, partners, agents, insurers and attorneys. Released Persons does not include FaxQom or any entities hired by FaxQom to send facsimile advertisements offering tickets for Tampa Bay Buccaneer games sent in 2009 or 2010.

JJ.     "Releasing Persons" means Plaintiffs and all Settlement Class Members, and the respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors of each of Plaintiffs and Settlement Class Members.

KK.     "Settlement" means the settlement set forth in this Settlement Agreement.

LL.     "Settlement Administrator" means the independent professional service company to be selected by the Parties, subject to approval of the Court, which will administer Class Notice, administer the Settlement in accordance with this Settlement Agreement, maintain the Settlement Website and engage in any other tasks directed by the Court, Class Counsel or BTL Counsel.

LL.     "Settlement Agreement" or "Agreement" means this Settlement Agreement and Release, including all exhibits hereto.

MM.     "Settlement Class" means all Persons who fall within the definition of the class identified in Section III, Paragraph A.

NN.     "Settlement Class Members" means all Persons in the Settlement Class who do not exclude themselves (i.e., become Opt-Outs) pursuant to Section IX, Paragraph A.

OO.    "Settlement Class Notice Program" means the process devised by the Parties and the Settlement Administrator, and approved by the Court, for notifying the Settlement Class of the Settlement and Settlement Agreement.

PP.    "Settlement Fund" means $19,750,000 as described in more detail in Section IV.

QQ.    "Settlement Website" means the dedicated website created and maintained by the Settlement Administrator, which will contain relevant documents and information about the Settlement, including this Settlement Agreement, the Class Notice, the Claim Form, and Plaintiffs' Motion for Attorneys' Fee Award and Incentive Awards.

RR.    "TCPA" means the Telephone Consumer Protection Act of 1991, 47 U.S.C.

§ 227.

SS.    "Valid Claim" means a timely and fully completed Claim Form submitted by a Settlement Class Member as more fully described in Section VIII.

TT.    The plural of any defined term includes the singular, and vice versa, as made necessary in context.

### III.    PROPOSED CLASS FOR SETTLEMENT PURPOSES

A.    Pursuant to Fed. R. Civ. P. 23, the Parties hereto agree to certification, for settlement purposes only, of the following Settlement Class:

All persons who received or were successfully sent in 2009 or 2010 one or more facsimile advertisements relating to tickets for Tampa Bay Buccaneers games.

Specifically excluded from the Settlement Class are the following Persons:

(i)    BTL and its respective parents, subsidiaries, divisions, affiliates, associated entities, business units, predecessors in interest, successors, successors in interest and representatives and each of their respective immediate family members;

(ii)    Class Counsel; and

11



(iii)    The judges who have presided over the Litigation and any related cases.

B.    Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement, the Parties stipulate to the entry of an order preliminarily certifying the Settlement Class, appointing Plaintiffs as representatives of the Settlement Class and appointing the following as counsel for the Settlement Class:

Michael C. Addison                          Ross M. Good
ADDISON LAW OFFICE, P.A.                     Glenn L. Hara
1304 Alicia Avenue                          Brian J. Wanca
Tampa, Florida  33604                       ANDERSON + WANCA
Telephone: (813) 223-2000                   3701 Algonquin Road, Suite 500
Facsimile:  (813) 228-6000                  Rolling Meadows, Illinois  60008
                                            Telephone:  (855) 827-2329
                                            Facsimile:   (847) 368-1501

C.    Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement, the Parties stipulate to the Court entering an order preliminarily finding that Plaintiffs and Class Counsel are adequate representatives of the Settlement Class.

D.    In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in any material respect (including with respect to the Settlement Class Notice Program) by the Court, or such approval is reversed, vacated or modified in any material respect by the Court or by any other court, the certification of the Settlement Class shall be deemed vacated, the Litigation shall proceed as if the Settlement Class had never been certified and no reference to the Settlement Class, this Settlement Agreement or any other Settlement documents, shall be made for any purpose in the Litigation or in any other action or proceeding.

## IV.    BENEFITS TO THE CLASS

A.    Pursuant to the terms and conditions set forth in this Agreement, BTL agrees to fund a Settlement Fund of up to $19,750,000, which will be used to pay all Awards, Attorneys' Fee Awards, Notice and Administration Costs and Incentive Awards.  In no event shall BTL

have any further obligation in terms of this Settlement above and beyond the foregoing amount.

B.      Subject to the terms of this Agreement, Settlement Class Members who received or were successfully sent in 2009 or 2010 one or more unsolicited facsimile advertisements relating to tickets for Tampa Bay Buccaneers games sent by or on behalf of BTL and who submit a Valid Claim shall be eligible to receive up to:

      (i)      $350 for the first such facsimile;

      (ii)     $125 for the second such facsimile;

      (iii)    $90 for the third such facsimile;

      (iv)    $25 for the fourth such facsimile; and

      (v)     $25 for the fifth such facsimile.

C.      No later than fourteen (14) Days after the Parties have resolved any disputes regarding rejected claims, the Settlement Administrator will provide Class Counsel and BTL Counsel with a report identifying the total of the Awards and the amount of money in the Net Settlement Fund available to pay such Awards ("Available Award Total"). If the Awards exceed the Available Award Total, the Awards to the Settlement Class Members who submitted Valid Claims will be reduced on a pro rata basis until the Awards equal the Available Award Total.

D.      Without admitting wrongdoing or liability and solely to avoid the cost and disruption of further litigation, BTL further agrees to the Court's entry of an injunction enjoining BTL from sending any unsolicited, facsimile advertisements that do not otherwise comply with the TCPA.

13

## V.    THE SETTLEMENT FUND

A.    BTL shall have no obligation to make any payments under this Settlement Agreement until the Court enters a Preliminary Approval Order. Once the Court enters a Preliminary Approval Order, BTL shall pay reasonable Notice and Administration Costs arising under this Settlement Agreement by making such payments directly to the Settlement Administrator (or to such other party incurring such costs) as those costs are incurred and payment becomes due.

B.    Within forty-five (45) Days after the Effective Date, BTL will cause an amount sufficient to cover all Valid Claims, Attorneys' Fee Award and Incentive Awards, but not to exceed $19,750,000, to be transferred into an interest-bearing bank account (the "Settlement Account") designated by the Settlement Administrator. Any interest that accrues on the Settlement Fund in the Settlement Account will be added to the Settlement Fund. Any payments made by BTL for Notice and Administration Costs shall reduce the maximum amount BTL will have to contribute to the Settlement Account.

C.    Any amounts remaining in the Settlement Fund following disbursement of all Awards, Attorneys' Fee Award, Notice and Administration Costs and Incentive Awards shall revert in full to BTL within fourteen (14) Days of the payment of all claims.

D.    Under no circumstances shall BTL be obligated to pay more under this Settlement Agreement than $19,750,000 to the Settlement Fund, including costs for Notice and Administration Costs.

## VI.    ATTORNEYS' FEE AWARD AND INCENTIVE AWARDS

A.    On the same day the Motion for Preliminary Approval is approved, Class Counsel will file a Motion for Attorneys' Fee Award and Incentive Award with the Court seeking an Attorneys' Fee Award in an amount not to exceed in total 25% of the Settlement Fund, plus

14

reasonable out-of-pocket expenses incurred not to exceed $250,000, to be paid from the Settlement Fund. BTL will not oppose Class Counsel's application for said award of fees and expenses. Class Counsel agree that once BTL has funded the Settlement Fund, BTL's obligations to Class Counsel shall be fully satisfied and discharged. Class Counsel shall have no further or other claim against BTL, including but not limited to any attorneys' lien claim, and that BTL shall have fully discharged its obligation to pay fees, costs and expenses to any lawyers claiming to represent the interests of the Settlement Class.

      B.     Plaintiffs and BTL will jointly petition the Court to set aside from the Settlement Fund an Incentive Award in an amount to be paid from the Settlement Fund. Plaintiff Cin-Q and Plaintiff M&C shall each apply for an award of $10,000 for acting as Class Representatives. BTL further agrees to cooperate with Class Counsel to take all reasonable measures to convince the Court the foregoing Incentive Awards should be authorized by the Court under the unique circumstances of the Litigation in spite of any contrary indications in *Johnson v. NPAS Sols., LLC*, 975 F.3d 1244 (11th Cir. Sept. 17, 2020). If the Court nevertheless does not authorize the foregoing Incentive Awards, the money set aside as an Incentive Award shall be paid pro rata to the persons who cashed their settlement check in this matter when the appellate proceedings in the *Johnson* case have concluded, provided that no member of the Settlement Class shall be entitled to receive more than the amount specified in Section IV.B. Plaintiffs agree that once BTL has funded the Settlement Fund, BTL's obligations to Plaintiffs and the Settlement Class shall be fully satisfied and discharged. and Plaintiffs and the Settlement Class shall have no further or other claim against BTL, other than as set forth in this Settlement Agreement.

      C.     Any order or proceedings relating to the applications for the Attorneys' Fee Award and the Incentive Awards, or any appeal from any order relating thereto or reversal or modification

15

thereof, will not operate to terminate or cancel this Agreement or affect or delay the finality of Final Order and Judgment approving the Settlement Agreement and the Settlement, except that the Effective Date will not occur until each and all of the conditions specified in Section XIII have occurred.

## VII.    SETTLEMENT CLASS NOTICE PROGRAM

A.    The Parties agree the following Settlement Class Notice Program provides reasonable notice to the Settlement Class.

B.    All Notice and Administration Costs shall be paid out of the Settlement Fund and subtracted from the amount to be paid into the Settlement Account.

C.    Prior to the hearing on Preliminary Approval, the Parties will submit an agreed-upon administrator to serve as the Settlement Administrator and will request that the Court appoint that Settlement Administrator. Once approved by the Court, the Settlement Administrator will be an agent of the Court and will be subject to the Court's supervision and direction as circumstances may require. The Settlement Administrator will be responsible for administering:

(i)    The CAFA Notice as required by statute;

(ii)    The Settlement Class Notice Program as set forth below;

(iii)    The Settlement Website; and

(iv)    The claims' process set forth in Section VIII as well as any additional processes jointly agreed to by Class Counsel and BTL Counsel and subject to the Court's supervision and direction as circumstances may require.

D.    Within ten (10) Days of the Preliminary Approval Date, the Parties shall provide to the Settlement Administrator records identifying the fax numbers to which the facsimile advertisements offering tickets for Tampa Bay Buccaneer games were allegedly sent. The Settlement Administrator will then use these records to determine the mailing addresses for as

16



many members of the Settlement Class as possible. The Parties will work cooperatively with the Settlement Administrator to mutually agree upon the most practicable and reasonable methods under the circumstances by which the addresses of the members of the Settlement Class can be derived in an efficient and reasonable manner. The mailing addresses will be updated with the National Change of Address Database maintained by the United States Postal Service before mailing.

E.      No later than 30 Days after the Preliminary Approval Date, the Settlement Administrator shall create the Settlement Website with the name BTL-TCPA-Settlement.com, if available, or, if not, with a name to be mutually agreed between the Parties. The Settlement Website shall provide information and relevant documents related to this Settlement, including but not limited to, the following: applicable deadlines; Mailed Notice; a downloadable Claim Form that may be submitted by U.S. Mail; FAQs and answers; orders of the Court pertaining to the Settlement; this Agreement; contact address for questions; and Plaintiffs' Motion for Attorneys' Fee Award and Incentive Awards. Class Counsel and the BTL Counsel shall agree on all information and documents to be posted on the Settlement Website. The Claim Form shall be removed from the Settlement Website five (5) Days after the Claim Deadline has passed. The Settlement Website will be deactivated at a time agreed upon by the Parties.

F.      No later than sixty (60) Days after the Preliminary Approval Date, the Settlement Administrator will mail the Court-approved Mailed Notice (Exhibit B) to all members of the Settlement Class whose addresses were derived as part of the process described in Paragraph D above.

G.      The Parties agree that the Court will decide whether either (or both) of the following two additional notice methods shall be undertaken, to the extent the identity and mailing address

17

MCA

of absent Class Members cannot be reasonably determined in a manner consistent with existing requirements for notice in the class context from the reverse-lookup process to be undertaken by the Settlement Administrator using records identifying the fax numbers: (1) send notice to those absent class members for whom names and addresses were not obtained at the fax numbers contained in the Biggerstaff fax number database; and/or (2) cause to be published a "Publication Notice" referring to the Settlement Website in one-quarter page advertisements on two consecutive Sundays in the Tampa Bay Times, the Sarasota Herald Tribune, and the Gainesville Sun.

H.     Prior to the Fairness Hearing, the Settlement Administrator shall provide to the Court documentation reflecting the fact that the Settlement Class Notice Program has been executed in accordance with the Settlement Agreement and Preliminary Approval Order.

I.     The Settlement Administrator, Class Counsel or any Person acting on behalf of Class Counsel shall not provide or publish any form of notice other than the agreed-upon Class Notice without prior written approval of the content of any such notice by BTL Counsel.

## VIII.    CLAIMS PROCESS AND PAYMENTS TO SETTLEMENT CLASS MEMBERS

A.     Class Notice shall be sent to all Settlement Class Members for whom the Settlement Administrator is able to determine a mailing address, as well as sent by Fax Notice and/or Publication Notice, as the Court decides as part of the approval process.

B.     To file a Valid Claim, Settlement Class Members must:

(i)     Complete a Claim Form, providing all of the information required

by the Settlement Agreement and the Claim Form;

(ii)    Sign the Claim Form under penalty of perjury; and

(iii)   Return the completed and signed Claim Form to the Settlement

Administrator on or before the Claim Deadline.

18

*MCA*

Only Settlement Class Members who submit Valid Claims shall be entitled to an Award.

C.     The Settlement Administrator shall be responsible for reviewing all claims to determine their validity.

(i)     Any claim that is not substantially in compliance with the instructions on the Claim Form or the terms of this Settlement Agreement or is postmarked later than the Claim Deadline shall be rejected.

D.     Following the Claim Deadline, the Settlement Administrator shall provide a report of rejected claims to BTL Counsel and Class Counsel, and the Settlement Administrator shall likewise provide a report of those claims that have been accepted, which list shall include an indication of the proposed payment to each Settlement Class Member who has submitted a valid claim. The decision of the Settlement Administrator regarding whether a claim is valid is final and binding on the Parties, subject to the provisions of Section VIII(E) as well as the right of the Parties and/or any absent Settlement Class Member to appeal any such determination by the Settlement Administrator. In such event, the Parties agree to negotiate in good faith a resolution of any dispute regarding a decision by the Settlement Administrator, and only if the dispute cannot be resolved informally by the Parties, shall the dispute be presented to and resolved by the Court.

E.     BTL shall have the right to audit Claim Forms for validity and fraud. In the event BTL determines that a Claim Form is invalid or fraudulent and should be rejected, it shall bring that to the attention of Class Counsel, and the Parties shall meet and confer and attempt, in good faith, to resolve any dispute regarding the rejected claim. Following their meet and confer, the Parties will provide the Settlement Administrator with their positions regarding the disputed claim. The Settlement Administrator, after considering the positions of the Parties and, if appropriate,



19

seeking any additional information from the Settlement Class Member, will make an initial determination, subject to review by the Court.

F.     At any time during the claims' process, if the Settlement Administrator has a reasonable suspicion of fraud, the Settlement Administrator shall immediately notify both Class Counsel and BTL Counsel of that fact and the basis for its suspicion.  Class Counsel and BTL Counsel shall endeavor to reach an agreed-upon solution to any suspected fraud and, if necessary, the Settlement Administrator may suspend the claims process, and the Parties will then promptly seek assistance from the Court.

G.     As soon as practicable after the Effective Date, the Settlement Administrator shall cause the Awards in the form of checks to be distributed to members of the Settlement Class who have presented a valid claim, and shall remit the Attorneys' Fee Award and Incentive Award as approved by the Court.

## IX.     OBJECTIONS AND OPT-OUT RIGHTS

A.     Any Settlement Class Member who intends to object must do so on or before the Opt-Out and Objection Date.  In order to object, the Settlement Class Member must include in the objection submitted to the Court and served on Class Counsel and BTL Counsel the following:

(i)     The name, address, telephone number of the Person objecting and, if represented by counsel, of his/her counsel, along with the telephone number or numbers at which the Settlement Class Member received the alleged fax or faxes sent on BTL's behalf;

(ii)     A signed declaration stating that he or she is a member of the Settlement Class and in 2009 and/or 2010, received or was successfully sent one or more facsimile advertisements sent by or on behalf of BTL and relating to tickets for Tampa Bay Buccaneers games;

20



(iii)    A statement of all objections to the Settlement; and

(iv)    A statement of whether he or she intends to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of his or her counsel who will attend. Any Settlement Class Member who fails to file and serve a timely written objection and notice of his or her intent to appear at the Fairness Hearing pursuant to this Paragraph and as detailed in the Class Notice shall not be permitted to object to the approval of the Settlement at the Fairness Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

B.    A member of the Settlement Class who wishes to opt out of the Settlement Class must complete and send to the Settlement Administrator a request for exclusion that is post-marked no later than the Opt-Out and Objection Date. The request for exclusion must be personally signed by the member of the Settlement Class requesting exclusion, contain a statement that indicates his or her desire to be excluded from the Settlement Class and contain a statement that he or she is otherwise a member of the Settlement Class. A member of the Settlement Class may opt-out on an individual basis only. So-called "mass" or "class" opt-outs, whether filed by third parties on behalf of a "mass" or "class" of class members or multiple class members where no personal statement has been signed by each and every individual class members, shall not be allowed.

C.    Except for those members of the Settlement Class who timely and properly file a request for exclusion, all members of the Settlement Class will be deemed to be Settlement Class Members for all purposes under the Settlement Agreement, and upon the Effective Date, will be bound by its terms, regardless of whether they file a Claim Form or receive any monetary relief.

21

MCA

D.     Any member of the Settlement Class who properly opts out of the Settlement Class shall not: (i) be bound by any orders or judgments entered in the Litigation or relating to the Settlement; (ii) be entitled to relief under, or be affected by, the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement.

E.     The Settlement Administrator shall provide Class Counsel and BTL Counsel with the Opt-Out List within seven (7) Days after the Opt-Out and Objection Date.

## X.     PRELIMINARY APPROVAL PROCESS AND CLASS NOTICE

After execution of this Settlement Agreement, Class Counsel shall promptly move the Court for a Preliminary Approval Order preliminarily approving the Settlement and the Settlement Class Notice Program.  The Preliminary Approval Order will:

A.     Preliminarily approve this Settlement Agreement.

B.     Preliminarily certify the Settlement Class.

C.     Find that the proposed Settlement is sufficiently fair, reasonable and adequate to warrant providing notice to the Settlement Class, which notice will: (i) describe the essential terms of the Settlement; (ii) disclose any special benefits or incentives to the Class Representatives; (iii) provide information regarding the Attorneys' Fee Award; (iv) indicate the time and place of the hearing to consider final approval of the Settlement, and the method for objection to and/or opting out of the Settlement; (v) explain the procedures for allocating and distributing the Settlement Fund; and (vi) prominently display the address of Class Counsel and the procedure for making inquiries.

D.     Schedule a Fairness Hearing on final approval of this Settlement and Settlement Agreement to consider the fairness, reasonableness and adequacy of the proposed Settlement and whether it should be finally approved by the Court.

22

MCA

E.     Appoint the Settlement Administrator.

F.     Approve the Class Notice, and direct the Settlement Administrator to disseminate the Class Notice in accordance with the Settlement Class Notice Program, including the Court's decision on whether to order Fax Notice and/or Publication Notice to those class members for whom a mailing address cannot be determined.

G.     Find that the Settlement Class Notice Program: (i) is the best practicable notice; is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and of their right to object to or to exclude themselves from the proposed settlement; (ii) is reasonable and constitutes due, adequate and sufficient notice to all Persons entitled to receive notice; and (iii) meets all requirements of applicable law.

H.     Require the Settlement Administrator to file proof of compliance with the Settlement Class Notice Program at or before the Fairness Hearing.

I.     Approve the Claim Form and set a Claim Deadline.

J.     Require any member of the Settlement Class who wishes to exclude himself or herself from the Settlement Class to submit an appropriate, timely request for exclusion, postmarked no later than the Opt-Out and Objection Date, or as the Court may otherwise direct, to the Settlement Administrator at the address on the Class Notice.

K.     Order that any member of the Settlement Class who does not submit a timely, written request for exclusion from the Settlement Class (i.e., becomes an Opt-Out) will be bound by all proceedings, orders and judgments in the Litigation, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

23

MCA

L.     Require any Settlement Class Member who does not become an Opt-Out and who wishes to object to the fairness, reasonableness or adequacy of this Settlement or Settlement Agreement to file with the Court and serve on Class Counsel and BTL Counsel no later than the Opt-Out and Objection Date, or as the court may otherwise direct, a statement of the objection signed by the Settlement Class Member containing all of the following information:

(i)     The objector's name, address, telephone number and, if represented by counsel, of his/her counsel;

(ii)     A declaration stating that he or she is a member of the Settlement Class and received or was successfully sent one or more unsolicited facsimile advertisements relating to tickets for Tampa Bay Buccaneer games;

(iii)     A statement of all objections to the Settlement; and

(iv)     A statement of whether the objector intends to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of counsel who will attend.

M.     Order that any response to an objection shall be filed with the Court no later than seven (7) Days prior to the Fairness Hearing.

N.     Specify that any Settlement Class Member who does not file a timely written objection to the Settlement or who fails to otherwise comply with applicable requirements shall be foreclosed from seeking any adjudication or review of this Settlement by appeal or otherwise.

O.     Require that any attorney, hired by a Settlement Class Member for the purpose of objecting to the proposed Settlement, the Attorneys' Fee Award or the Incentive Award and who intends to make an appearance at the Fairness Hearing, shall provide to the Settlement Administrator (who shall forward it to Class Counsel and BTL Counsel) and file with the Clerk of

24

the Court a notice of intention to appear no later than the Opt-Out and Objection Date or as the Court may otherwise direct.

P.      Require any Settlement Class Member who files and serves a written objection and who intends to make an appearance at the Fairness Hearing to so state in their objection papers or as the Court otherwise may direct.

Q.      Direct the Settlement Administrator to establish a post office box in the name of the Settlement Administrator to be used for receiving requests for exclusion and any other communications, and providing that only the Settlement Administrator, Class Counsel, BTL Counsel, the Court, the Clerk of the Court and their designated agents shall have access to this post office box, except as otherwise provided in this Settlement Agreement.

R.      Direct that Class Counsel shall file their applications for the Attorneys' Fee Award and Plaintiffs' Incentive Awards at least fourteen (14) Days prior to the Opt-Out and Objection Date.

S.      Order the Settlement Administrator to provide the Opt-Out List to Class Counsel and BTL Counsel no later than seven (7) Days after the Opt-Out and Objection Date and then file with the Court the Opt-Out List with an affidavit attesting to the completeness and accuracy thereof no later than five (5) Days thereafter or on such other date as the Parties may direct.

T.      Preliminarily enjoin all members of the Settlement Class unless and until they have timely excluded themselves from the Settlement Class from: (i) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; (ii) filing, commencing, participating in or prosecuting a

25

lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (iii) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims. Any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by BTL, any other Released Person and Class Counsel as a result of the violation. This Settlement Agreement is not intended to prevent members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency.

U.     Contain any additional provisions agreeable to the Parties that might be necessary or advisable to implement the terms of this Settlement Agreement and the proposed settlement.

## XI.     FINAL ORDER AND JUDGMENT AND RELEASES

A.     If this Settlement Agreement (including any modification thereto made with the consent of the Parties as provided for herein) is approved by the Court following the Fairness Hearing scheduled by the Court in its Preliminary Approval Order, the Parties shall request the Court to enter a Final Order and Judgment pursuant to the Federal Rules of Civil Procedure and all applicable laws that, among other things:

(i)     Finds that the Court has personal jurisdiction over Plaintiffs and all Settlement Class Members and that the Court has subject matter jurisdiction to approve this Settlement and Settlement Agreement and all exhibits thereto;

26



(ii)     Certifies a Settlement Class solely for purposes of this Settlement;

(iii)     Grants final approval to this Settlement Agreement as being fair, reasonable and adequate as to all Parties and consistent and in compliance with all requirements of due process and applicable law, as to and in the best interests of all Parties and directs the Parties and their counsel to implement and consummate this Settlement Agreement in accordance with its terms and provisions;

(iv)     Declares this Settlement Agreement and the Final Order and Judgment to be binding on and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of Plaintiffs and all Settlement Class Members, as well as their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors;

(v)     Finds that the Settlement Class Notice Program: (1) constituted the best practicable notice; (2) constituted notice that was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Litigation, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing and of their right to seek monetary and other relief; (3) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (4) met all requirements of due process and any other applicable law;

(vi)     Approves the Claim Form that was distributed to the Settlement Class;

27



(vii)    Finds that Class Counsel and Plaintiffs adequately represented the Settlement Class for purposes of entering into and implementing the Settlement and Settlement Agreement;

(viii)   Dismisses the Litigation now pending before the Court on the merits and with prejudice and without fees or costs except as provided herein, in accordance with the terms of the Final Order and Judgment;

(ix)     Adjudges that Plaintiffs and the Settlement Class have conclusively compromised, settled, dismissed and released any and all Released Claims against BTL and the Released Persons;

(x)      Approves payment of the Attorneys' Fee Award and Incentive Awards as determined by the Court;

(xi)     Without affecting the finality of the Final Order and Judgment for purposes of appeal, reserves jurisdiction over the Settlement Administrator, BTL, Plaintiffs and the Settlement Class Members as to all matters relating to the administration, consummation, enforcement and interpretation of the terms of the Settlement, the Settlement Agreement and Final Order and Judgment and for any other necessary purposes;

(xii)    Provides that upon the Effective Date, Plaintiffs and all Settlement Class Members, whether or not they return a Claim Form within the time and in the manner provided for, shall be barred from asserting any Released Claims against BTL and/or any Released Persons, and any such Settlement Class Members shall have released any and all Released Claims as against BTL and all Released Persons;

28



(xiii)   Determines that the Settlement Agreement and the Settlement provided for therein and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by BTL or any Released Persons or of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to this Settlement Agreement and the Settlement provided for therein in such  proceedings solely as may be necessary to effectuate the Settlement Agreement;

(xiv)   Bars and permanently enjoins all Settlement Class Members from: (1) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (2) organizing Settlement Class Members who have not excluded themselves from the Settlement Class into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency;

29

MCA

(xv)     States that any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by BTL and/or any other Released Persons and Class Counsel as a result of the violation;

(xvi)    Approves the Opt-Out List and determines that the Opt-Out List is a complete list of all members of the Settlement Class who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment, except for Opt-Outs who subsequently elect to submit Claim Forms during the Claim Period; and

(xvii)   Authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of this Settlement Agreement and all exhibits hereto as (1) shall be consistent in all material respects with the Final Order and Judgment; and (2) do not limit the rights of the Parties or Settlement Class Members

B.      As of the Effective Date, the Releasing Persons are deemed to have fully released and forever discharged the Released Persons of and from all Released Claims by operation of entry of the Final Order and Judgment.

(i)     Subject to Court approval, all Settlement Class Members who have not excluded themselves from the Settlement Class shall be bound by this Settlement Agreement and the Release and all of their claims shall be dismissed with prejudice and released, irrespective of whether they received actual notice of the Litigation or this Settlement.

(ii)    Without in any way limiting the scope of the Release, this Release covers any and all claims for attorneys' fees, costs or disbursements incurred by

30

$M4$

Class Counsel or any other counsel representing Plaintiffs or Settlement Class Members, or any of them, in connection with or related in any manner to the Litigation, the Settlement, the administration of such Settlement and/or the Released Claims as well as any and all claims for the Incentive Award to Plaintiffs and the Attorneys' Fee Award to Class Counsel.

(iii)     The Releasing Persons and the Released Persons expressly acknowledge that they are familiar with principles of law such as Section 1542 of the Civil Code of the State of California, which provides:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

Notwithstanding California or other law, the Releasing Persons and the Released Persons hereby expressly agree that the provisions, rights and benefits of Section 1542 and all similar federal or state laws, rights, rules or legal principles of any other jurisdiction that may be applicable herein are hereby knowingly and voluntarily waived, released and relinquished to the fullest extent permitted by law solely in connection with unknown claims that are the same as, substantially similar to, or overlap the Released Claims, and the Releasing Persons and the Released Persons hereby agree and acknowledge that this is an essential term of the Releases. In connection with the Release, the Releasing Persons and the Released Persons acknowledge that they are aware that they may hereafter discover claims presently unknown and unsuspected or facts in addition to or different from those which they now know or believe to be true with respect to matters released herein, and that

31



such claims, to the extent that they are the same as, substantially similar to, or overlap the Released Claims, are hereby released, relinquished and discharged.

(iv)     Nothing in the Releases shall preclude any action to enforce the terms of this Settlement Agreement, including participation in any of the processes detailed herein.

## XII.    WITHDRAWAL FROM OR TERMINATION OF SETTLEMENT

A.     Within fifteen (15) Days after the occurrence of any of the following events and upon written notice to counsel for all Parties, a Party shall have the right to withdraw from the Settlement and terminate this Settlement Agreement:

(i)     If the Court declines to approve the Settlement Agreement as written without material modification or if on appeal the Court's approval is reversed or modified through material modification of the Settlement Agreement;

(ii)     If the Court materially alters any of the terms of the Settlement Agreement, except that a reduction in the Attorneys' Fee Award or the Incentive Awards shall not be deemed to be a material alteration; or

(iii)     If the Preliminary Approval Order or the Final Order and Judgment is not entered by the Court without material modification of the Settlement Agreement or is reversed or modified on appeal, or otherwise fails for any reason.

B.     In the event of a withdrawal pursuant to Paragraph A above, any certification of a Settlement Class will be vacated, without prejudice to any Party's position on the issue of class certification and the amenability of the claims asserted in the Litigation to class treatment, and the Parties shall be restored to their litigation position existing immediately before the execution of this Settlement Agreement.

32

MCA

C.     If members of the Settlement Class properly and timely submit requests for exclusion from the Settlement Class thereby becoming Opt-Outs in a number exceeding the number submitted to the Court under seal by the Parties, then BTL may elect in its sole discretion to withdraw from the Settlement and terminate this Settlement Agreement. In that event, all of BTL's obligations under this Agreement shall cease to be of any force and effect; the certification of the Settlement Class shall be vacated without prejudice to BTL's position on the issue of class certification; and BTL shall be restored to its litigation position existing immediately before the execution of this Settlement Agreement.

(i)     In order to elect to withdraw from the Settlement and terminate this Settlement Agreement on the basis set forth above, BTL must notify Class Counsel in writing of its election to do so within fourteen (14) Days after the Opt-Out List has been served on the Parties.

(ii)     In the event that BTL exercises such right, Class Counsel shall have, at their discretion, fourteen (14) Days or such longer period as agreed to by the Parties to address the concerns of the Opt-Outs. If through such efforts the total number on the Opt-Out List subsequently becomes and remains fewer than the number submitted to the Court under seal at the time of filing the Motion For Preliminary Approval, BTL shall withdraw its election to withdraw from the Settlement and terminate the Settlement Agreement. In no event, however, shall BTL have any further obligation under this Agreement to any Opt-Out unless he or she withdraws his or her request for exclusion.

(iii)     For purposes of this Paragraph, Opt-Outs shall not include: (1) Persons who are specifically excluded from the Settlement Class definition;

33

MCA

(2) Opt-Outs who elect to withdraw their request for exclusion; and (3) Opt-Outs who agree to sign an undertaking that they will not pursue an individual claim, class claim or any other claim that would otherwise be a Released Claim as defined in this Settlement Agreement.

D.    In the event of withdrawal by any Party in accordance with the terms set forth in this Section, the Settlement Agreement shall be null and void, shall have no further force and effect with respect to any Party in the Litigation and shall not be offered in evidence or used in any litigation for any purpose, including the existence, certification or maintenance of any proposed or existing class or the amenability of these or similar claims to class treatment. In the event of such withdrawal, this Settlement Agreement and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to BTL, Plaintiffs and the Settlement Class Members and shall not be deemed or construed to be an admission or confession in any way by any Party of any fact, matter or proposition of law and shall not be used in any manner for any purpose, and the Parties to the Litigation shall stand in  the same position as if this Settlement Agreement had not been negotiated, made or filed with the Court.

## XIII.    EFFECTIVE DATE

A.    The Effective Date of this Settlement Agreement shall be the date when each and all of the following conditions have occurred:

(i)    This Settlement Agreement has been fully executed by all Parties and their counsel;

(ii)    Orders have been entered by the Court certifying the Settlement Class, granting preliminary approval of this Settlement and approving the forms of Class Notice and Claim Form, all as provided above;

34

(iii)     The Settlement Class Notice Program has been executed in accordance with the Preliminary Approval Order;

(iv)     The Court has entered a Final Order and Judgment finally approving this Agreement, as provided above; and

(v)     The Final Order and Judgment has become Final as defined in Paragraph B below.

B.     "Final," when referring to a judgment  or order means that (i) the judgment is a final, appealable judgment; and (ii) either (1) no appeal has been taken from the judgment as of the date on which all deadlines to appeal therefrom have expired; or (2) an appeal or other review proceeding of the judgment having been commenced, the date by which such appeal or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions or rehearing or re-argument, petitions for rehearing en banc, petitions for writ of certiorari, or otherwise, and such appeal or other review has been finally resolved in a manner that affirms the Final Order and Judgment in all material respects.

C.     If, for any reason, this Settlement Agreement fails to become Final pursuant to the foregoing Paragraph B, the orders, judgment and dismissal to be entered pursuant to this Settlement Agreement shall be vacated, and the Parties will be returned to the status quo ante with respect to the Litigation as if this Settlement Agreement had never been entered into.

## XIV.     NOTICES

A.     All Notices (other than the Class Notice and CAFA Notices) required by the Settlement Agreement shall be made in writing and communicated by mail to the following addresses:



35

All Notices to the Settlement Class or Class Counsel shall be sent to

Class Counsel, c/o:

| | |
|---|---|
| Michael C. Addison | Ross M. Good |
| ADDISON LAW OFFICE, P.A. | Glenn L. Hara |
| 1304 Alicia Avenue | Brian J. Wanca |
| Tampa, Florida 33604 | ANDERSON + WANCA |
| Telephone: (813) 223-2000 | 3701 Algonquin Road, Suite 500 |
| Facsimile: (813) 228-6000 | Rolling Meadows, Illinois 60008 |
| | Telephone: (855) 827-2329 |
| | Facsimile: (847) 368-1501 |

All Notices to BTL or BTL Counsel provided herein shall be sent to

BTL Counsel, c/o:

Mark S. Mester
Robert C. Collins III
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

B.     The notice recipients and addresses designated above may be changed by written

notice.

C.     Upon the request of any of the Parties, the Parties agree to promptly provide

each other with copies of comments, objections, requests for exclusion, or other documents

or filings received as a result of the Class Notice.

## XV.     MISCELLANEOUS PROVISIONS

A.     **Interpretation.** This Settlement Agreement contains the entire agreement among

the Parties hereto and supersedes any prior discussions, agreements or understandings among them

as well as any and all prior drafts of this Settlement Agreement. All terms are contractual. For the

purpose of construing or interpreting this Settlement Agreement, the Parties agree that the

Settlement Agreement is to be deemed to have been drafted equally by all Parties hereto and shall

36



not be construed strictly for or against any Party, and the Parties further agree that any prior drafts may not be used to construe or interpret this Settlement Agreement.

B. **Binding Effect**. The terms are and shall be binding upon each of the Parties hereto, their administrators, agents, assigns, attorneys, executors, heirs, partners, representatives, predecessors-in-interest and successors as well as upon all other Persons claiming any interest in the subject matter hereto through any of the Parties hereto including any Settlement Class Members.

C. **Headings**. The headings contained in this Settlement Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Settlement Agreement.

D. **No Rescission on Grounds of Mistake**. The Parties acknowledge that they have made their own investigations of the matters covered by this Settlement Agreement to the extent they have deemed it necessary to do so. Therefore, the Parties agree that they will not seek to set aside any part of the Settlement Agreement on the grounds of mistake. Moreover, the Parties understand, agree and expressly assume the risk that any fact not recited, contained, or embodied in the Settlement Agreement may turn out hereinafter to be other than, different from, or contrary to the facts now known to them or believed by them to be true, and further agree that the Settlement Agreement shall be effective in all respects notwithstanding and shall not be subject to termination, modification, or rescission by reason of any such difference in facts.

E. **Amendment**. This Settlement Agreement may be amended or modified only by a written instrument signed by the Parties or their counsel. Amendments and modifications may be made without notice to the Settlement Class unless notice is required by law or by the Court.

37

MCA

F.     **Integration Of Exhibits**. Any exhibits to this Settlement Agreement are hereby incorporated and made a part of the Settlement Agreement.

G.     **Jurisdiction**. The United States District Court for the Middle District of Florida has jurisdiction over the Parties to this Settlement Agreement and the Settlement Class.

H.     **No Admission**. Neither this Settlement Agreement nor any of its provisions, its exhibits or related documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order or the Final Order and Judgment), its negotiation or any proceedings relating in any way to the Settlement shall be construed as or deemed to be evidence of an admission or concession by any person, including BTL, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or Court order. The provisions of this Paragraph shall become effective when this Settlement Agreement has been signed by the Parties and shall be binding on the Parties and their counsel regardless of whether the Settlement Agreement is approved by this Court or any other court and regardless of whether the Settlement Agreement is otherwise rendered null and void.

I.     **Governing Law**. This Settlement Agreement shall be governed by and construed in accordance with the internal laws (as opposed to the conflicts of law provisions) of the State of Florida.

J.     **Counterparts**. This Settlement Agreement may be executed in counterparts and may be executed by facsimile, and as so executed shall constitute one agreement.

K.     **No Media Statements**. BTL, BTL Counsel, Plaintiffs, Class Counsel and all other counsel of record for Plaintiffs agree not to issue any press releases regarding this settlement or publicize it in any way and further agree not to engage in any communications with the media or



the press, on the internet, or in any public forum, orally or in writing, that relate to this Settlement or the Litigation other than statements that are fully consistent with the Mailed Notice. Notwithstanding the foregoing, nothing in this Settlement Agreement shall preclude a Party from making a public statement in support of the Settlement. For example, Plaintiffs or Class Counsel may state that the Settlement is a good result for the Class. In addition, nothing in this Settlement Agreement shall preclude Plaintiffs or Class Counsel from making a public statement that is consistent with the language of the Settlement Agreement or any motions submitted for approval of the Settlement.

L. **Confidentiality.** All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Settlement Agreement.

M. **Return Of Material.** Within thirty (30) Days after the Effective Date, Class Counsel and BTL Counsel will return all material produced by one to the other in discovery or otherwise in connection with the Litigation.

N. **No Assignment.** Plaintiffs represent and warrant that no portion of any claim, right, demand, action, or cause of action against the Released Persons that Plaintiffs have or may have arising out of any allegations made in any of the actions comprising the Litigation or pertaining to any of the Released Claims, and no portion of any recovery or settlement to which Plaintiffs may be entitled, has been assigned, transferred, or conveyed by or for Plaintiffs in any manner; and no Person other than Plaintiffs have any legal or equitable interest in the claims, demands, actions, or causes of action referred to in this Agreement as those of Plaintiffs.

O. **Stay.** The Parties stipulate to stay all proceedings in the Litigation until the approval of this Settlement Agreement has been finally determined, except the stay of proceedings

MGA

shall not prevent the filing of any motions, affidavits and other matters necessary to obtain and preserve final judicial approval of this Settlement Agreement.

P.   **Best Efforts**.  In the event that there are any developments in the effectuation and administration of this Agreement that are not dealt with by the terms of this Agreement, then such matters shall be dealt with as agreed upon by the Parties, and failing agreement, as shall be ordered by the Court.  The Parties shall execute all documents and use their best efforts to perform all acts necessary and proper to promptly effectuate the terms of this Agreement and to take all necessary or appropriate actions to obtain judicial approval of this Agreement in order to give this Agreement full force and effect.  The execution of documents must take place prior to the date scheduled for the Preliminary Approval Hearing.

IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by their duly authorized representatives below.

*Plaintiffs:*

Cin-Q Automobiles, Inc.

By: _____

Medical & Chiropractic Clinic, Inc.

By: _____

*Approved as to form:*

ADDISON LAW OFFICE, P.A.

By: _____

Michael C. Addison
Addison Law Office, P.A.
1304 Alicia Avenue
Tampa, Florida 33604
Telephone:  (813) 223-2000
Facsimile:  (813) 228-6000

40

shall not prevent the filing of any motions, affidavits and other matters necessary to obtain and preserve final judicial approval of this Settlement Agreement.

P.     **Best Efforts**.  In the event that there are any developments in the effectuation and administration of this Agreement that are not dealt with by the terms of this Agreement, then such matters shall be dealt with as agreed upon by the Parties, and failing agreement, as shall be ordered by the Court. The Parties shall execute all documents and use their best efforts to perform all acts necessary and proper to promptly effectuate the terms of this Agreement and to take all necessary or appropriate actions to obtain judicial approval of this Agreement in order to give this Agreement full force and effect. The execution of documents must take place prior to the date scheduled for the Preliminary Approval Hearing.

IN WITNESS WHEREOF, the Parties have executed and caused this Agreement to be executed by their duly authorized representatives below.

*Plaintiffs:*                                  Cin-Q Automobiles, Inc.

                                               By:_____

                                               Medical & Chiropractic Clinic, Inc.

                                               By:_____

*Approved as to form:*                         ADDISON LAW OFFICE, P.A.

                                               By:_____
                                                  Michael C. Addison
                                                  Addison Law Office, P.A.
                                                  1304 Alicia Avenue
                                                  Tampa, Florida 33604
                                                  Telephone:  (813) 223-2000
                                                  Facsimile:  (813) 228-6000

40

ANDERSON + WANCA

By: ~~Ross M. Good~~ Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, Illinois  60008
Telephone:  (855) 827-2329
Facsimile:  (847) 368-1501

*Defendant:*                  **BUCCANEERS TEAM LLC**

By:_____

Its:_____

*Approved as to form:*        **LATHAM & WATKINS LLP**

By:_____
Mark S. Mester
Robert C. Collins III
Latham & Watkins LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois  60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767

**ANDERSON + WANCA**

By:_____

    Ross M. Good
    ANDERSON + WANCA
    3701 Algonquin Road, Suite 500
    Rolling Meadows, Illinois 60008
    Telephone: (855) 827-2329
    Facsimile: (847) 368-1501

*Defendant:*

**BUCCANEERS TEAM LLC**

By:_____

Its:_____ COO _____

*Approved as to form:*

**LATHAM & WATKINS LLP**

By:_____

    Mark S. Mester
    Robert C. Collins III
    Latham & Watkins LLP
    330 North Wabash Avenue, Suite 2800
    Chicago, Illinois 60611
    Telephone: (312) 876-7700
    Facsimile: (312) 993-9767

**ANDERSON + WANCA**

By:_____

    Ross M. Good
    ANDERSON + WANCA
    3701 Algonquin Road, Suite 500
    Rolling Meadows, Illinois  60008
    Telephone:  (855) 827-2329
    Facsimile:   (847) 368-1501

*Defendant:*              **BUCCANEERS TEAM LLC**

By:_____

Its:_____

*Approved as to form:*     **LATHAM & WATKINS LLP**

By:_____

    Mark S. Mester
    Robert C. Collins III
    Latham & Watkins LLP
    330 North Wabash Avenue, Suite 2800
    Chicago, Illinois  60611
    Telephone:  (312) 876-7700
    Facsimile:  (312) 993-9767

# EXHIBIT A

## PROOF OF CLAIM

### Cin-Q Automobiles, Inc., et al. v Buccaneers Limited Partnership
### Case No. 8:13-cv-01592 (M.D. Fla.)

| |
|---|
| **Please Read This Entire Form Carefully** |
| **You Must Submit Your Signed Claim By [_____, 2021].** |
| **If You Do Not Submit A Claim Form By [_____, 2021], You Will Not Receive The Benefits Described In The Class Notice.** |

*You Must Complete <u>All Three</u> Steps to Claim a Share of the Settlement Fund.*

**Step 1.   PROVIDE YOUR CONTACT INFORMATION.**

Name:_____

Company (if applicable):_____

Address:_____

City/State/Zip Code:_____

Phone Number and/or Email:_____

Fax Number(s):_____

*List all numbers at which you or your company received faxes between July 14, 2009, and June 9, 2010.  Attach a separate sheet if necessary.  The Settlement Administrator will verify that the fax number(s) you provide appear(s) in the existing records related to the case before approving your claim.  The parties also have the right to audit this claim form, verify your statements, and dispute any claims.*

**Step 2.   VERIFY OWNERSHIP OF THE FAX NUMBER(S) LISTED ABOVE AND RECEIPT OF A FAX OR FAXES.**

Between July 14, 2009 and June 9, 2010, I or my company subscribed to the fax number(s) identified above or attached to this Proof of Claim and faxes were received at such number or numbers, including faxes from the Tampa Bay Buccaneers.

I certify under penalty of perjury that the foregoing is true and correct.

_____
(Sign your name here)

**Step 3.   RETURN THIS CLAIM FORM BY _____, 2021.**

   a.   Fax this Claim Form to: [fax number for claims]; OR

   b.   Mail this Claim Form to: [claims administrator address]; OR

   c.   Submit this claim form electronically at [website]

*If the Settlement is granted Final Approval and your claim is accepted, you will be mailed a check representing your share of the Settlement Fund, subject to the verification process noted above. This process takes time so please be patient. Please keep a copy of your completed claim form for your records and ensure that you keep your current address on file with the Settlement Administrator.*

# EXHIBIT B

**This is a notice of a lawsuit settlement, not a lawsuit against you.**

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| CIN-Q AUTOMOBILES, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No.  8:13-cv-01592-AEP |
| v. | ) | |
| | ) | Magistrate Judge |
| BUCCANEERS LIMITED PARTNERSHIP | ) | Anthony E. Porcelli |
| And JOHN DOES 1-10, | ) | |
| Defendants. | ) | |

**NOTICE OF CLASS ACTION SETTLEMENT WITH ATTACHED CLAIM FORM**

**TO:  All persons who received or were successfully sent in 2009 or 2010 one or more facsimile advertisements relating to tickets for Tampa Bay Buccaneers games (the "Settlement Class").**

The Court ordered us to send you this Notice, because your fax number is contained on a list of fax numbers to which advertisements may have been sent by fax and you may be a member of the Settlement Class ("Settlement Class Member") defined above.

**A.    WHAT IS THIS LAWSUIT ABOUT?** Plaintiffs filed this class action lawsuit (the "Litigation") against Buccaneers Limited Partnership, now known as Buccaneers Team LLC ("BTL" or "Defendant") alleging that it violated the federal Telephone Consumer Protection Act ("TCPA") by allegedly sending unsolicited advertisements by fax. Defendant denies each and every allegation of wrongdoing, liability and damages that were or could have been asserted in the Litigation and further denies that the claims would be appropriate for class treatment if the Litigation were to proceed through trial. The parties have agreed to settle all claims about 343,122 advertising faxes allegedly sent by or on behalf of BTL from July 14, 2009 to June 9, 2010. This notice informs you of your rights regarding this settlement as a potential member of the Settlement Class.

**B.    WHY IS THERE A SETTLEMENT?** The Court has not decided in favor of Plaintiffs or BTL. Instead, both sides have agreed to a settlement. By agreeing to the Settlement, the parties avoid the costs and uncertainty of a trial, and if the Settlement is approved by the Court, Settlement Class Members will receive the benefits described in this notice. The proposed Settlement does not mean that any law was broken or that BTL did anything wrong. BTL denies all legal claims in this case. Plaintiffs and their lawyers think the proposed Settlement is best for everyone who is affected.

**C.    WHAT IS THE PROPOSED SETTLEMENT?** The Court has certified the Settlement Class defined above and preliminarily approved a settlement, subject to a final approval hearing that will occur on [MM DD,] 2021, at [HH:MM a.m./p.m.], in [Courtroom ###], United States District Court, Middle District of Florida, 801 North Florida Avenue, Tampa, Florida 33602. BTL has agreed to create a settlement fund of $19,750,000.00 ("Settlement Fund") to settle this case. If the Court approves the settlement at the final approval hearing, each valid claim will be paid up to (1) $350.00 for the first fax; $125.00 for the second fax; $90.00 for the third fax; $25.00 for the fourth fax; and $25.00 for the fifth fax. You do not need to state on the claim form how many faxes you received from BTL in 2009-2010.  You will be paid according to the electronic records obtained in this case. In the event the Settlement Fund is exhausted, these amounts are subject to reduction.

**D.    WHO REPRESENTS THE SETTLEMENT CLASS IN THIS LITIGATION?** The Court appointed Plaintiffs Cin-Q Automobiles, Inc. and Medical & Chiropractic Clinic, Inc. as the class representatives, and appointed the following attorneys as Class Counsel:

Michael C. Addison
Addison Law Office, P.A.
1304 Alicia Avenue
Tampa, FL  33604

Ross M. Good
Glenn L. Hara
Brian J. Wanca
Anderson + Wanca
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008

They have litigated on behalf of the Settlement Class against BTL on a contingency basis. As part of the settlement, Class Counsel will request that the Court award each Plaintiff an incentive award of $10,000.00 for serving as class representatives and ask the Court to award attorney's fees to Class Counsel equal to 25% of the settlement fund for their legal services, plus their reasonable out-of-pocket litigation expenses, also to be paid out of the Settlement Fund. You can read Plaintiffs' Motion for Attorney Fees and Incentive Award on the Settlement website. You will not have to pay any money to Class Counsel.  You may retain your own counsel to represent you at your own expense. The Court will ultimately decide the amount of fees and expenses to award.

**E.**     **WHAT ARE YOUR FOUR OPTIONS?**

   **1.     Submit a Proof of Claim (attached) to receive a check:** You must submit a completed Claim Form (see form at end of this notice) to the Settlement Administrator signed subject to penalty of perjury via U.S. mail. Claim Forms may also be obtained on the Settlement Website, [SettlementWebsite.com]. The claim form must be submitted to the Settlement Administrator on or before _____, 2021. If mailed, the envelope must be postmarked on or before [MM DD], 2021.  If you do not submit a claim form you will not be eligible to participate in the economic recovery under this settlement.  If you submit a timely and valid claim form you will be mailed a settlement check after the Court enters a Final Order and Judgment granting approval of the Settlement and after any appeals are resolved.  If there are appeals, resolving them can take time.  Please be patient.

   **2.     Do nothing:** You will be bound by the settlement, and you will release your claims regarding faxes sent by or on behalf of BTL from July 14, 2009 to June 9, 2010, but you will not receive any money. Unless you opt out of the Settlement (see below), you give up any right you might have to sue BTL for legal claims that the Settlement resolves.  You must exclude yourself from the Settlement Class in order to try to maintain your own lawsuit.  If you start your own lawsuit, you will have to hire your own lawyer, and you will have to prove your claims.

Unless you exclude yourself from the Settlement, you cannot sue or be part of any other lawsuit against BTL about the issues in this case, including any existing litigation, arbitration, or proceeding.  Unless you exclude yourself, all of the decisions and judgments by the Court will bind you.  If you file a Claim Form for benefits or do nothing at all, you will be releasing BTL from all of the claims described and identified in Section [XX] of the Settlement Agreement.

The Settlement Agreement is available by visiting the Settlement Website [SettlementWebsite.com], calling [(###) ###-####] or writing to [SA ADDRESS].  The Settlement Agreement provides more detail regarding the release and describes the released claims with specific descriptions in necessary, accurate legal terminology, so read it carefully. You can talk to the lawyers seeking to represent the Settlement Class and listed above for free, or you can, at your own expense, talk to your own lawyer if you have any questions about the released claims or what they mean.

   **3.     Opt out of the settlement:** You have the right to exclude yourself from both the class action and the Settlement by submitting a written request by mail to be excluded from the Settlement Class. Your request for exclusion must be postmarked on or before [MM DD], 2021. It must list your name, fax number, street address, the name and number of this case, it must be personally signed by you, and it must state that you are a member of the Settlement Class and that you wish to be excluded (for example, "Exclude me from the Buccaneers settlement."). Mail your exclusion request to the Settlement Administrator, postmarked by date above, who will notify Class Counsel, BTL Counsel, and the Court of your request:

[                    ] Settlement Administrator
P.O. Box [###]
[City, State #####-####]

**QUESTIONS?  CALL 1-8XX-XXX-XXXX OR GO TO [WEBSITE]**

You <u>cannot</u> ask to be excluded on the phone, by email or in any other manner.

You may opt out of the Settlement Class only for yourself. So-called "mass" or "class" opt outs, whether filed by third parties on behalf of a "mass" or "class" of members of the Settlement Class or multiple members of the Settlement Class where no personal statement has been signed by each and every individual member of the Settlement Class, are not allowed.

**4.** **Object to the settlement:** If you are a Settlement Class Member (and do not exclude yourself from the Settlement Class) and wish to object to the settlement rather than excluding yourself, you must file a written objection with the Clerk of the United States District Court, Middle District of Florida, 801 North Florida Avenue, Tampa, Florida 33602. Your objection must be filed by [MM DD], 2021, and must contain the name and number of this case (as indicated at the top of this notice). You must also serve copies of your objection on Class Counsel (address above) and Defendant's attorneys, Mark S. Mester and Robert C. Collins III, Latham & Watkins LLP, 330 N. Wabash Ave., Suite 2800, Chicago, IL 60611, postmarked by the same date. Your objection must include your name, fax number, telephone number and street address, along with a statement of the reasons why you believe the Court should find that the proposed settlement is not in the best interests of the Settlement Class. If you are represented by counsel, your objection must also include the name, bar number, address and telephone number of your counsel. Your objection must also include a signed declaration stating that you are a member of the Settlement Class and in 2009 and/or 2010, received or were successfully sent one or more facsimile advertisements relating to Tampa Bay Buccaneers games. It is not sufficient to simply state that you object; you must state your reasons. Additionally, if you want the Court to consider your objection, then <u>you must also appear</u> at the final approval hearing in Courtroom [###], on [MM DD], 2021, at [HH:MM a.m./p.m.]. <u>You are not required to attend this hearing unless you object to the settlement</u>.

**F.** **WILL THE COURT APPROVE THE SETTLEMENT?** The Court will hold a final approval hearing on [MM DD], 2021, at [HH:MM a.m./p.m.], in Courtroom [###] of the United States District Court, Middle District of Florida, 801 North Florida Avenue, Tampa, Florida 33602, at which the Court will hear any timely and properly-filed objections and arguments about the Settlement. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider the requests by Class Counsel for Attorneys' Fee Award and for Inventive Awards to the Class Representatives. After the hearing, the Court will decide whether to approve the Settlement. It is unknown how long these decisions will take. You are **not** required to attend unless you object to the settlement. The hearing may be continued to a future date without further notice. You are welcome to attend the hearing at your own expense.

**G.** **WHERE CAN YOU GET MORE INFORMATION?** If you have specific questions, you can write to Class Counsel at the address listed above. Include the case number, your name, your fax number, and your current street address on any correspondence. You may also contact Michael Addison at 813-760-6712 or Anderson + Wanca, Class Counsel, at 855-827-2329. You can review the Complaint, Settlement documents, and Plaintiffs' Motion for Attorney Fees and Incentive Award on the settlement website at [SettlementWebsite.com]. You may also send questions to the Settlement Administrator, [_____], at [Contact Info]. This Notice only summarizes the Litigation and Settlement. The Court files for this case are available for your inspection at the Office of the Clerk of Court for the United States District Court for the Middle District of Florida, (Monday through Friday, 8:30 a.m. – 4:00 p.m.) or through the Court's Public Access to Electronic Records (PACER) system at https://flmd.uscourts.gov/pacer.

**DO NOT CONTACT THE JUDGE, THE JUDGE'S STAFF, OR THE CLERK OF THE COURT BECAUSE THEY CANNOT ANSWER YOUR QUESTIONS ABOUT THE SETTLEMENT.**

**BY ORDER OF THE COURT, HONORABLE ANTHONY E. PORCELLI**

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| CIN-Q AUTOMOBILES, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 8:13-cv-01592-AEP |
| v. | ) | |
| | ) | Magistrate Judge |
| BUCCANEERS LIMITED PARTNERSHIP | ) | Anthony E. Porcelli |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF CLASS ACTION SETTLEMENT**

**TO:** **All persons who received or were successfully sent in 2009 or 2010 one or more facsimile advertisements relating to tickets for Tampa Bay Buccaneers games (the "Settlement Class").**

This notice informs you of a settlement ("Settlement") of a class action lawsuit arising from fax advertisements allegedly sent on behalf of Buccaneers Limited Partnership, now known as Buccaneers Team LLC ("BTL") by fax. BTL denies the allegations in the lawsuit, and the Court has not decided who is right. If approved, however, the Settlement will resolve the entire controversy. If you received one or more fax advertisements from BTL in the time period July 14, 2009 through June 9, 2010, you may be entitled to claim a share of a $19,750,000.00 settlement fund ("Settlement Fund").

The Settlement Fund will be used to pay class member awards, the attorneys' fee awards, and incentive awards to Plaintiffs. Awards will be distributed to Settlement Class Members who submit Valid Claims, and all claims will be subject to audit. Each Settlement Class Member who received or was successfully sent one or more unsolicited facsimile advertisements relating to tickets for Tampa Bay Buccaneers games and who submits a Valid Claim shall be eligible to receive up to: (i) $350 for the first such facsimile; (ii) $125 for the second such facsimile; (iii) $90 for the third such facsimile; (iv) $25 for the fourth such facsimile; and (v) $25 for the fifth such facsimile. Also, BTL has agreed that it will not send any future fax advertisement that does not comply with applicable laws.

You have several choices: (1) submit a claim form, (2) object to any of the Settlement terms, (3) exclude yourself from the Settlement, or (4) do nothing. If you submit a claim form or do nothing, you will give up your right to sue BTL about the claims resolved in the Settlement. You must submit a claim form to be eligible for a payment. If you exclude yourself, you won't get a payment but you'll keep your rights to sue BTL.. Visit [SettlementWebsite.com] or call [(XXX) XXX-XXXX] for more information about how to file a claim form, object or exclude yourself from the settlement.

1

The Court appointed Michael C. Addison of the Addison Law Office, P.A. law firm and Ross M. Good, Glenn L. Hara and Brian J. Wanca of the Anderson + Wanca law firm as "Class Counsel" to represent the Settlement Class. Class Counsel will request 25% of the $19.75 million Settlement Fund for attorney's fees, plus the reasonable expenses these firms incurred on behalf of the Settlement Class, also to be paid from the Settlement Fund. You will not be charged for the services of these firms. If you want your own attorney, you may hire one at your own expense.

Claim forms are available from the settlement administrator or the website listed below. Claim forms are due by [MM DD], 2021. If you wish to object to the settlement, you must identify yourself as a class member and state the reasons for and file and serve your objection by [MM DD], 2021, and you must appear at the Court hearing on [MM DD], 2021, at [HH:MM a.m./p.m.], Courtroom [###], United States District Court, Middle District of Florida, 801 North Florida Avenue, Tampa, Florida 33602.

The Court has scheduled a fairness hearing on the settlement for [MM DD], 2021, at [HH:MM a.m./p.m.], Courtroom [###], United States District Court, Middle District of Florida, 801 North Florida Avenue, Tampa, Florida 33602. The Court may move the hearing to a different date or time without additional notice. At that hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. The Court will also consider the requests by Class Counsel for attorney's fees and expenses, and for incentive awards of $10,000 to the two class representative plaintiffs who brought the lawsuit. If there are objections, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the settlement. It is unknown how long these decisions will take. You are not required to attend this hearing if you do not file an objection.

To obtain information about the settlement and to receive a claim form, immediately contact:

[SETTLEMENT ADMIN NAME, ADDRESS, PHONE]

[SettlementWebsite.com]

**PLEASE DO NOT CONTACT THE COURT OR THE JUDGE.**