## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | | |
|---|---|---|
| CIN-Q AUTOMOBILES, INC. and MEDICAL & CHIROPRACTIC CLINIC, INC., individually and on behalf of a class, | ) ) ) ) | |
| Plaintiffs, | ) ) | No.: 8:13-CV-01592-AEP |
| v. | ) ) ) | |
| BUCCANEERS LIMITED PARTNERSHIP, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) ) | |
| TECHNOLOGY TRAINING ASSOCS., INC. *et al.*, | ) ) ) | |
| Intervenors. | ) ) | |

## PLAINTIFFS' BRIEF IN SUPPORT OF FAX NOTICE AND PUBLICATION NOTICE OF THE CLASS ACTION SETTLEMENT

Pursuant to the Preliminary Approval Order (Doc. 343), Plaintiffs, Cin-Q

Automobiles, Inc. and Medical & Chiropractic Clinic, Inc., respectfully submit this

Brief in support of their request that the Court order that (1) class notice will be sent

via facsimile to the fax numbers in the Class List ("Fax Notice"); (2) that class

notice will be provided by publication via one-quarter-page advertisements on two

consecutive Sundays in the Tampa Bay Times, the Sarasota Herald Tribune, and

the Gainesville Sun ("Publication Notice").

In addition, a dispute has arisen between the parties regarding the addresses

to which Class Notice will be sent by U.S. Mail ("Mail Notice"). It was represented

to Class Counsel that Settlement Administrator ("Epiq") would employ a "robust

reverse lookup process utilizing the [Class List] and would then use recognized

techniques and methods to identify during the time period the faxes were sent the

persons **and entities.**" (*See* email from BTL's Counsel on August 26, 2021 attached

hereto as Exhibit E to Declaration of Ross M. Good ("Good Decl.")) (emphasis

added). However, on May 24, 2022, Class Counsel was informed by Epiq that

"TransUnion confirmed that the *Batch Legal Reverse Phone Look Up* is a search

product for individuals, which is likely why [] **business names are not in the data** . .

. . Currently, no TransUnion search product is available that searches only business

names associated with a telephone (or fax) number for a previous period of time."

(*See* email from Epiq on May 24, 2022, at 2:59 PM attached hereto as Good Decl.

Exhibit B) (emphasis added). The lack of business names in the results in the file

provided by Epiq on April 19, 2022 is what originally led to questions arising as to

the result of Epiq's search.  (Good Decl. ¶ 3). Although Epiq explained upon

questioning that Social Security Numbers are collected by TransUnion and included

in its Batch Legal Reverse Phone Look Up database, Epiq confirmed that Tax ID

Numbers are not.[1] (*See* email from Epiq on May 31, 2022 attached hereto as Good

Decl., Exhibit F).

     As a result of no search being done for businesses, Epiq was able to match

only 40,940 of the 131,011 fax numbers in the Class List with a name and mailing

---

[1] Individuals have Social Security Numbers while businesses have Tax ID Numbers.

address using TransUnion. Given this 31.25% match rate, Class Counsel hired a vendor at cost to Class Counsel, which cannot be reimbursed from the Settlement Fund, Class-Settlement.com, to conduct an additional reverse lookup for the numbers not matched by Epiq using sources other than TransUnion, which yielded names and addresses for an additional 50,175 class members, bringing the total coverage for Mail Notice to 69.55% of the Settlement Class.

As addressed in Section I, below, the Court should order that Mail Notice be sent to all address identified both by Epiq and by Class-Settlement.com. As argued in Sections II & III, the Court should additionally order the parties to provide Fax Notice and Publication Notice.

## Background

On August 27, 2021, Plaintiffs filed their Motion for Preliminary Approval of Class Action Settlement and Notice to the Class. (Doc. 324). The Motion explains that the parties reached a Settlement in which Defendant Buccaneers Team LLC, formerly Buccaneers Limited Partnership ("BTL" or "Defendant") agrees to pay up to $19.75 million to cover payments of $350 to $615 to claiming class members; Defendant's agreement to entry of an injunction ordering it not to send any further unsolicited facsimile advertisements; and potential awards of attorneys' fees, expenses, and incentive awards to the named Plaintiffs. (*Id.* at 2).

The Motion explains that the parties agreed to provide notice to the Settlement Class by U.S. mail, to the extent that mailing addresses can be determined. (*Id.* at 19). The Motion also explains that the parties agreed to submit

for the Court's decision whether to provide notice to the Settlement Class via facsimile ("Fax Notice") and/or newspaper publication ("Publication Notice"). (*Id.* at 20).

On March 29, 2022, the Court entered the Preliminary Approval Order, ordering in part that the parties "provide Epiq with the records identifying the fax numbers" allegedly sent the fax ads at issue "which Epiq will use to locate addresses for Class Members." (Doc. 343, Order at 80). The Court ordered that the parties "shall submit simultaneous briefing as to whether the Court should order additional publication and/or fax notice based on the results of the reverse-lookup process" by May, 31, 2022, and ordered that Epiq send the Mail Notice "[n]o later than June 27, 2022 . . . ." (*Id.*)

Following entry of the Preliminary Approval Order, Epiq conducted a reverse-lookup search using TransUnion's Batch Legal Reverse Phone Look Up database, which is a database of individuals' credit reports. Using only this database, Epiq matched 40,940 of the 131,011 fax numbers to a name and mailing address, which is approximately 31.25% of the fax numbers on the Class List. (Good Decl. ¶ 4 ). The fields of data in Epiq's matches are:

> Input Phone
> Date Phone First Seen
> Date Phone Last Seen
> First Name
> Last Name
> Phone Number
> Line Type
> Line1
> City

State
Zip
Error Message

(*Id.* ¶ 5). Business name is not one of the fields of data.

Given that TransUnion is a database of individuals' credit reports, Epiq's results do not include fax numbers associated with businesses. In fact, TransUnion does not offer a search tool to reverse look up "business names associated with a telephone (or fax) number for a previous period of time." (*See* email from Epiq on May 24, 2022 at 2:59 PM attached hereto as Good Decl., Exhibit B).

For example, the results did not return a name or address for the fax numbers of Plaintiffs in this action, Medical & Chiropractic, Inc. or Cin-Q Automobiles, Inc. (Good Decl. ¶ 6–7). Nor did it return a match for the plaintiffs in the *Stein* Action, (1) Jeffrey Stein, D.D.S., M.S.D., P.A., (2) Devito Orthodontics, P.A., (3) Steven J. Melilli, D.C. P.A., or (4) Charles R. Hatley, Inc., all of whom are businesses. (*Id.* ¶ 8–11). Nor did Epiq return a match for corporate Intervenor in this action, Technology Training, Inc. (*Id.* ¶ 12).

After receiving Epiq's results, Class Counsel engaged Class-Settlement.com to conduct a supplemental reverse lookup for the remaining 90,071 fax numbers that Epiq was unable to match to a name and address. (*Id.* ¶ 13). Class-Settlement.com conducted the reverse lookup using sources other than Transunion, including but not limited to National Provider Identifier (NPI) Registry, Florida residential and business directories, and the WhitePages/YP API. (Declaration of Dorothy Sue Merryman ("Merryman Decl.") ¶ 5). The supplemental search

resulted in complete matches for an additional 50,175 fax numbers from the Class

List. (Merryman Decl. ¶ 5). The supplemental search resulted in complete matches

for Plaintiff Medical & Chiropractic, Jeffrey Stein, D.D.S., M.S.D., P.A., Devito

Orthodontics, P.A., Steven J. Melilli, D.C. P.A., and Charles R. Hatley, Inc., and

Technology Training Associates, Inc., raising the total percentage of the Settlement

Class with a matching name and address to 69.55%. (Good Decl. ¶ 15–21).

The parties have met and conferred repeatedly from the middle of April to

the end of May including a conference call lasting over an hour on May 27, 2022,

but have been unable to reach an agreement on additional Fax Notice and/or

Publication Notice. (Good Decl ¶ 26; Merryman Decl. ¶ 7). In addition, BTL

opposes the inclusion of the reverse look-up work done by Class-Settlement.com on

the basis that "Epiq did the best job it possibly could under the circumstances." (*See*

email from BTL's Counsel on May 19, 2022 attached hereto as Good Decl. Exhibit

A).

For the reasons below, Plaintiffs submit that the Court should reject BTL's

suggestion that Mail Notice be sent only to the individuals identified by Epiq's

search of TransUnion, and order that Mail Notice also be sent to businesses (the

inclusion of the lookup done by Class-Settlement.com). In addition, the Court

should order the parties to provide both Fax Notice and Publication Notice. *See*

*Juris v. Inamed Corp.*, 685 F.3d 1294, 1321 (11th Cir. 2012) ("Where certain class

members' names and addresses cannot be determined with reasonable efforts, notice

by publication is generally considered adequate.").

This Court has ordered Class Notice be sent by mail no later than June 27, 2022. (Doc. 343). On May 24, 2022, Epiq informed Counsel for the Parties it "typically needs 15 business days to mail the [class] notice" meaning the deadline to finalize the mailing list is: **June 6, 2022**. (*See* email from Epiq on May 24, 2022 at 4:59 PM attached hereto as Good Decl. Exhibit C) (emphasis added).

## Argument

**I.     The Court should order that Mail Notice be sent to all addresses matched to fax numbers by Epiq and by Class-Settlement.com.**

Under Fed. R. Civ. P. 23(c)(2)(B), the Court must direct "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." While "there is no requirement that notice reach 100% of the class" to meet the "best notice practicable" standard, *In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 344 (N.D. Ga. 1993), "[i]ndividual notice must be sent to all class members whose names and addresses may be ascertained through reasonable effort," *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974).

In this case, Epiq's attempts to match the fax numbers in the Class List with names and addresses was severely limited by its use of TransUnion as its only source. Its results did not create matches for names and addresses of *businesses* that were sent BTL's faxes in 2009–10. For example, none of the corporate plaintiffs or intervenors in this case or in the *Stein* case were matched (although one individual *Stein* Plaintiff and Intervenor Lawrence Schwanke were matched). Limiting the

search to individual consumers would not result in the "best notice practicable"

because BTL specifically targeted *businesses* with its Group Ticket faxes. (*See, e.g.*,

Doc. 70, Second Am. Compl., Ex. A (fax addressed to "Human Resources" stating

"Many companies use group seating as a retreat and/or reward to build team

unity")).

The supplemental reverse-lookup conducted by Class-Settlement.com

remedies this problem because it used sources other than TransUnion, which

included businesses. (Merryman Decl. ¶ 5). The supplemental reverse-lookup

increases the percentage of the class that will be sent Mail Notice from

approximately 31% to 69.55%. (Good Decl. ¶ 4, 15). Class Counsel were able to

achieve this result using "reasonable effort" under Rule 23(c)(2)(B), and the Court

should order Mail Notice sent to the names and addresses identified by Class-

Settlement.com, as well as Epiq.

**II.     The Court should approve Fax Notice to the fax numbers for which no
         matching name and address was found in the reverse-lookup process.**

Rule 23(c)(2)(B) expressly recognizes that the "best notice practicable" may

be given "by one or more of the following: United States mail, electronic means, or

other appropriate means," depending on the circumstances of a particular case. In

a TCPA fax case, although some courts have found it "ironic" to send notice by

fax, they have also generally recognized that a class notice is not an

"advertisement" and may be an "appropriate" means of notice under the

circumstances. *City Select Auto Sales, Inc. v. David Randall Assocs., Inc.*, No. CIV.A. 11-2658 JBS, 2014 WL 413533, at *2 (D.N.J. Feb. 3, 2014).

For example, in *City Select*, 2014 WL 413533, at *2, the district court authorized notice by fax to a litigation class in a TCPA fax class action. The court found that fax notice was appropriate where (1) the fax advertisements had been sent eight years earlier, and "[s]ince that time, some members may have moved and retained their fax numbers"; (2) "the original list of class members was a list of fax numbers, not a list of names and addresses"; (3) fax notice "will generate a log of successful transmissions" confirming the notice was received; and (4) fax transmission is less expensive than mail, lowering administrative costs. *Id.*

Similarly, in *Lyngaas v. Curaden AG*, No. 17-CV-10910, 2019 WL 2865992, at *1 (E.D. Mich. July 3, 2019), the district court ordered notice to a litigation class be sent by fax to each of the fax numbers that received the subject faxes and, for each fax that cannot be sent successfully by fax after three attempts, "by U.S. Mail to the address last known to have been associated with that fax number."

In *Family Medicine Pharm., LLC v. Perfumania Holdings, Inc.*, No. 15-0563, 2016 WL 7320885, at *7 (S.D. Ala. Dec. 14, 2016), which involved a TCPA settlement class like this case, the district court approved the same combination of fax and mail notice as in *Lyngaas*, observing that "the vast majority of class members should be readily reachable via those same fax numbers to which the offending faxes giving rise

to their claims were sent."[2]

In *Physicians Healthsource, Inc. v. A-S Medication Sols., LLC*, 950 F.3d 959, 971 (7th Cir. 2020), the district court entered summary judgment in favor of a certified litigation class in a TCPA fax case and ordered notice of the judgment be sent by fax and, if unsuccessful, U.S. mail to class members for whom an address could be located. The Seventh Circuit Court of Appeals affirmed the fax notice program and distribution plan, holding that "the fact that counsel is faxing the notice to the same numbers that received the offending fax assures us that the individuals responding to it, and subsequently collecting the judgment, do in fact have standing." *Id.*

Here, the Settlement Administrator, Epiq, was able to match 40,940 of the fax numbers in the Class List with a mailing address (31.25%). (Good Decl. ¶ 4). The vendor engaged by Class Counsel to conduct additional reverse-lookup, Class-Settlement.com, was able to match an additional 50,175 fax numbers with a mailing address (38.30%). (*Id.* ¶ 15). Under these circumstances, the supplemental Fax Notice is plainly appropriate notice by "electronic means, or other appropriate

---

[2] There are many other examples of district courts allowing fax notice in TCPA cases. (*See* Good. Decl. ¶ 22 & Exhibit D (compiling orders in *Bridging Communities v. Top Flite Fin.*, No. 09-cv-14071 (E.D. Mich. Feb. 5, 2019) (Doc. 136); *G.M. Sign, Inc. v. Stealth Security Sys., Inc.*, No. 1:14-cv-09249 (N.D. Ill. Apr. 26, 2018) (Doc. 76, ¶ 7); *Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A.*, No. 12-cv-80178 (S.D. Fla. Oct. 22, 2015) (Doc. 134, ¶ 1); *A & L Indus. Inc. v. P. Cipollini, Inc.*, No. 12-cv-7598 (D. N.J. Mar. 7, 2014) (Doc. 46); *Hinman v. M & M Rental Ctr., Inc.*, No. 06 C 1156 (N.D. Ill. June 26, 2009) (Doc. 219, ¶ 3); *CE Design, Ltd. v. Exterior Sys., Inc.*, No 07 C 66 (N.D. Ill. Dec. 6, 2007) (Doc. 39, ¶ 9); *Green v. Service Master on Location Servs. Corp.*, No. 07 C 4705, (N.D. Ill. Aug. 27, 2009) (Doc. 98, ¶ 5); *Magnus v. Fin. Network Inv. Corp.*, No. 07 C 7112 (N.D. Ill. Nov. 3, 2008) (Doc. 32, ¶ 6)).

means" under Rule 23(c)(2)(B) to reach the 30.45% of the class for which mail addresses could not be identified.

**III.   The Court should approve Publication Notice to cover class members who do not receive Mail Notice or Fax Notice.**

It is well-established in this Circuit that the "combination of mailed notice to all class members who can be identified by reasonable effort and published notice to all others is the long-accepted norm in large class actions." *Juris v. Inamed Corp.*, 685 F.3d 1294, 1321 (11th Cir. 2012) (quoting *Gordon v. Hunt*, 117 F.R.D. 58, 63 (S.D.N.Y. 1987)). Where not all class members can be given individual notice, published notice ensures that "the notice afforded reaches a critical mass of putative class members, such that the facts underlying certification are contested and approached in a sufficiently adversarial manner . . . ." *Id.* at 1318.

In this case, Plaintiffs are proposing Publication Notice via one-quarter-page advertisements on two consecutive Sundays in the Tampa Bay Times, the Sarasota Herald Tribune, and the Gainesville Sun. In the absence of Publication Notice, there could be questions regarding "whether due process requirements are satisfied with respect to any class member who may not receive fax transmissions and for whom the claims administrator is unable to determine a current mailing address." *Fam. Med. Pharmacy*, 2016 WL 7320885, at *7 (citing *Juris*, 685 F.3d at 1321).

<u>Conclusion</u>

For the foregoing reasons, the Court should (1) order that Mail Notice be sent to all addresses matched to the fax numbers in the Class List, both by Epiq and by

11

Class-Settlement.com; (2) order that Fax Notice be sent to all fax numbers on the

Class List for which neither Epiq nor Class-Settlement.com matched a mailing

address; and (3) order the Publication Notice be published in one-quarter-page

advertisements on two consecutive Sundays in the Tampa Bay Times, the Sarasota

Herald Tribune, and the Gainesville Sun.

Respectfully submitted,

/s/ Ross M. Good
Ross M. Good (Fla. Bar No: 116405)
Ryan M. Kelly (Fla. Bar No: 90110)
Glenn L. Hara (admitted *pro hac vice*)
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
Telephone: (847) 368-1500
Facsimile: (847) 368-1501
rgood@andersonwanca.com
rkelly@andersonwanca.com
ghara@andersonwanca.com

and

Michael C. Addison (Fla. Bar. No. 0145579)
ADDISON LAW OFFICE, P.A.
1304 Alicia Avenue
Tampa, Florida 33604
Telephone: (813) 223-2000
Facsimile: (813) 228-6000
m@mcalaw.net

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 31, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

<u>s/Ross M. Good</u>