# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| CIN-Q AUTOMOBILES, INC., <u>et al.</u>,<br><br>                       Plaintiffs,<br><br>  v.<br><br>BUCCANEERS LIMITED PARTNERSHIP and JOHN DOES 1-10,<br><br>                       Defendants,<br><br>TECHNOLOGY TRAINING ASSOCIATES, INC., <u>et al.</u>,<br><br>                       Intervenors. | Case No. 8:13-cv-01592-AEP<br><br>**Magistrate Judge<br>Anthony E. Porcelli** |

## BTL'S MOTION AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO SEAL DOCUMENTS AND TESTIMONY

Defendant Buccaneers Team LLC f/k/a Buccaneers Limited Partnership ("BTL"), pursuant to Local Rule 1.11(c), respectfully seeks leave for the sealing of documents submitted to the Court in advance of the August 31, 2022 evidentiary hearing, which documents may be introduced or used at such hearing. Said documents are listed on the exhibit list filed contemporaneously herewith. These documents include the results of the various reverse lookups that have been performed in this case and certain confidential materials analyzing and referencing such personal identifying information produced and relied on by BTL's expert. BTL also seeks to seal any portions of the August 31, 2022 hearing that may discuss or reference such exhibits.

In accordance with Local Rule 1.11(c), the incorporated memorandum of law identifies and describes the material proposed to be sealed, the reasons that sealing is necessary and cannot be accomplished through other means, a statement of the proposed duration of the seal and legal authority supporting sealing.  See M.D. Fla. L.R. 1.11(c).

As demonstrated below in the incorporated memorandum of law, BTL has met each of the requirements for sealing documents and testimony discussing such documents and respectfully requests that its motion for leave to seal be granted.

## MEMORANDUM OF LAW

### A. Description Of Documents To Be Sealed, The Necessity Of Sealing The Information And The Duration Of Sealing

BTL is filing contemporaneously herewith an exhibit list in advance of the August 31, 2022 evidentiary hearing, and BTL's thumb drive of exhibits was also delivered to the Court today, as required by the Court's August 12, 2022 Notice of Hearing.  See Aug. 12, 2022 Notice of Hearing (Dkt. 384).

Exhibits 1-6 contain the results of the reverse lookups performed in this case by TransUnion, LexisNexis and Class-Settlement.com, respectively.  BTL may use each of these exhibits at the August 31, 2022 evidentiary hearing to either examine witnesses or introduce the reverse lookup results into evidence.  The parties have designated the results as confidential pursuant to the Court's February 10, 2020 Order Entering Protective Order (Dkt. 293), incorporating Agreed Confidentiality and Protective Order (Dkt. 292-1), because they constitute both "research, technical, commercial or financial information that the party has maintained as confidential" and contain "personal identity information" on numerous individuals whose names

and addresses were returned. See Agreed Confidentiality and Protective Order (Dkt. 292-1) at ¶ 2.

Exhibits 54-57 contain either analyses of the telephone lines at issue in this case or analyses of the reverse lookup results performed in this case by TransUnion, LexisNexis and Class-Settlement.com, respectively, undertaken by BTL's expert. BTL may use each of these exhibits at the August 31, 2022 evidentiary hearing to either examine witnesses or introduce the exhibits into evidence. BTL has, in turn, designated the analyses as confidential pursuant to the Court's February 10, 2020 Order Entering Protective Order (Dkt. 293), incorporating Agreed Confidentiality and Protective Order (Dkt. 292-1), because they constitute both "research, technical, commercial or financial information that the party has maintained as confidential" and contain "personal identity information" on numerous individuals whose names and addresses were returned. See Agreed Confidentiality and Protective Order (Dkt. 292-1) at ¶ 2.

Courts in this district have recognized that "personal identifying information of third parties deserves protection." Shamblin v. Obama for America, 2014 WL 6611006, *1-3 (M.D. Fla. 2014) (granting motion to seal documents "contain[ing] phone numbers of class members"). Each of the exhibits and potential testimony related thereto sought to be sealed discusses certain entries in the reverse lookup results in detail and also describes personal identifying information of third-party individuals, which necessitates sealing of this information. BTL has provided the Court with unredacted copies of the exhibits to be sealed so that the Court may review the documents in camera during its evaluation of BTL's motion for leave. BTL respectfully requests that the Court maintain the unredacted copies of

3

Exhibits 1-6 and 54-57 and any testimony related thereto at the August 31, 2022 evidentiary hearing under seal indefinitely.

### B.  Legal Authority Supporting The Request To Seal

In evaluating a motion to seal, a court must balance the public's interest in full access to court documents with the party's interest in keeping that information confidential.  See, e.g., Romero v. Drummond Co., 480 F.3d 1234, 1246 (11th Cir. 2007).  Indeed, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information."  Id.  When balancing these competing interests, the court considers a variety of different factors:

> In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Id.

In this instance, the balance of interests weighs in favor of sealing Exhibits 1-6 and 54-57.  Courts frequently grant motions to seal personal identifying information of individuals, including absent class members.  See, e.g., Shamblin, 2014 WL 6611006, *3; Barkley v. Pizza Hut, 2015 WL 5915817, *2 (M.D. Fla. 2015) (granting motion to seal class list with personal identifying information); Allgood v. Paperlesspay Corp., 2021 WL 3887558, *2 (M.D. Fla. 2021) (granting motion to seal personal identifying information of plaintiffs and third-party family members). Disallowing public access to the personal identifying information of class members and other third parties would not impair court functions or harm legitimate privacy

interests, and the information does not concern public officials or concerns but, instead, private individuals and businesses.

As mentioned above (see disc. supra at 3), there is no less onerous alternative to sealing, because Exhibits 1-6 and 54-57 almost exclusively contain lists of personal identifying information or information that the producing parties have maintained as confidential.

WHEREFORE, for the foregoing reasons, BTL respectfully requests, pursuant to Local Rule 1.11(c), that the Court grant leave to seal Exhibits 1-6 and 54-57, and any testimony related thereto at the August 31, 2022 evidentiary hearing indefinitely.

Date:  August 29, 2022                    Respectfully submitted,

                                          /s/ Mark S. Mester
                                          Mark S. Mester, One of the Attorneys
                                          for Defendant Buccaneers Team LLC

Mark S. Mester                            Joseph H. Varner, III
   (admitted *pro hac vice*)                 (Bar No. 394904)
Robert C. Collins III                     HOLLAND & KNIGHT LLP
   (admitted *pro hac vice*)              100 North Tampa Street, Suite 4100
LATHAM & WATKINS LLP                      Tampa, Florida 33602-3644
330 North Wabash Avenue, Suite 2800       Telephone:  (813) 227-8500
Chicago, Illinois 60611                   Facsimile:  (813) 229-0134
Telephone:  (312) 876-7700                Email:  joe.varner@hklaw.com
Facsimile:  (312) 993-9767
E-mail:  mark.mester@lw.com
            robert.collins@lw.com

## LOCAL RULE 3.01(G) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned hereby certifies that we conferred with Plaintiffs' counsel by email with respect to the instant motion and have been informed that Plaintiffs do not oppose sealing of Exhibits 1-6 and have declined to date to take a position in response to BTL's request on Exhibits 54-57.

Date:  August 29, 2022                    */s/ Mark S. Mester*
                                          Mark S. Mester, One of the Attorneys for
                                          Defendant Buccaneers Team LLC

                                          Mark S. Mester
                                             (admitted *pro hac vice*)
                                          LATHAM & WATKINS LLP
                                          330 North Wabash Avenue, Suite 2800
                                          Chicago, Illinois 60611
                                          Telephone:  (312) 876-7700
                                          Facsimile:  (312) 993-9767
                                          E-mail:  mark.mester@lw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 29, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

Date:  August 29, 2022

*/s/ Mark S. Mester*
Mark S. Mester, One of the Attorneys for Defendant Buccaneers Team LLC

Mark S. Mester
  (admitted *pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767
E-mail:  mark.mester@lw.com