**EXHIBIT B**

| | |
|---|---|
| **From:** | Castillejos, Orlando |
| **To:** | Robert.Collins@lw.com; Glenn Hara; Diego, Juana; mark.mester@lw.com; Gabe.Slater@lw.com; m@mcalaw.net; Ryan Kelly; Wallace Solberg; ross@loftusandeisenberg.com |
| **Cc:** | Cansler, Erik; Bithell, Richard; Robinson, Kiara; Palmer, Adam; Amin-Giwner, Stephanie |
| **Subject:** | RE: Cin-Q Auto. Inc. v BTL Activity Report |
| **Date:** | Tuesday, February 28, 2023 2:39:16 PM |

Some people who received this message don't often get email from orlando.castillejos@epiqglobal.com. Learn why this is important

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Robbie and Glenn,

Thank you both for the references and context. We had initially interpreted the Settlement Agreement as Robbie. After the additional context provided by Glenn, we believed we had interpreted the Settlement Agreement incorrectly. We look to both parties for advise throughout the administration to ensure the Settlement Agreement is fully implemented and continue to do so. Based on the language found in Plaintiffs Motion for Preliminary Approval, Order Granting Preliminary Approval Order, and Settlement Agreement, it does appear to us that Class Members who submit valid Claims are eligible for payments of $350 to $615. We did not find language that would have us calculate the award of each Class Member by the number of valid fax numbers claimed and the facsimiles each valid fax number represents. If there is additional information that has not been referenced which may help us better understand the Class Member awards, please let us know. I can also set up a conference call to discuss further. Please let me know how the parties would like to proceed.

Thank you,
Orlando

**Orlando Castillejos**
Epiq | Project Manager
Mobile:  +1 502 931 0892
Email:  orlando.castillejos@epiqglobal.com

**People. Partnership. Performance.**
www.epiqglobal.com

**From:** Robert.Collins@lw.com <Robert.Collins@lw.com>
**Sent:** Friday, February 24, 2023 2:09 PM
**To:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>; ghara@andersonwanca.com; Diego, Juana <jdiego@epiqglobal.com>; mark.mester@lw.com; Gabe.Slater@lw.com; m@mcalaw.net; rkelly@andersonwanca.com; wsolberg@andersonwanca.com; ross@loftusandeisenberg.com
**Cc:** Cansler, Erik <Erik.Cansler@epiqglobal.com>; Bithell, Richard <rbit@epiqglobal.com>; Robinson, Kiara <Kiara.Robinson@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** RE: Cin-Q Auto. Inc. v BTL Activity Report

Orlando –

We respectfully disagree with the position suggested in your email of February 23, 2023 that any Settlement Class Member is eligible to receive more than the $615 set out in the Settlement Agreement.  See Feb. 23, 2023 Email fr. O. Castillejos; see also Feb. 22, 2023 Email fr. G. Hara.  This position is obviously a reversal of the position taken by Epiq just one day prior.  See Feb. 22, 2023 Email fr. J. Diego (noting claimant claiming for multiple fax lines "may be approved for up to 5 valid faxes per the Settlement Agreement").  Moreover, it finds no basis in—and is expressly contradicted by—the express and unambiguous terms of the Settlement Agreement as well as the Notice Forms, Plaintiffs' Motion for Preliminary Approval, the Court's Preliminary Approval Order and Plaintiffs' Motion for Award of Attorney Fees.

The language of the Settlement Agreement is clear that the maximum payment each class member is eligible to receive is up to $615 total:

> Subject to the terms of this Agreement, Settlement Class Members who received or were successfully sent in 2009 or 2010 one or more unsolicited facsimile advertisements relating to tickets for Tampa Bay Buccaneers games sent by or on behalf of BTL and who submit a Valid Claim shall be eligible to receive up to:  (i) $350 for the first such facsimile; (ii) $125 for the second such facsimile; (iii) $90 for the third such facsimile; (iv) $25 for the fourth such facsimile: and (v) $25 for the fifth such facsimile.

Settlement Agreement (Dkt. 324-1) at § IV(B) (emphasis added).  The plain language of the Settlement Agreement unquestionably provides that each "Settlement Class Member" is eligible "to receive up to . . ." $615, based on a cap of five facsimiles, and is thus dispositive.  Id. (emphasis added).  There is, however, no basis for the suggestion that a Settlement Class Member can recover more than $615 if they held multiple fax lines and those multiple fax lines received a total of more than five faxes.  See id.

Consistent with the Settlement Agreement, the Long Form Notice and Notice of Class Action Settlement to which the parties agreed similarly make plain that the maximum award is to be calculated per claimant, not per fax number.  See Long Form Notice (Ex. B to Dkt. 324-1) ("If the Court approves the Settlement at the final approval hearing, each valid claim will be paid up to $350.00 for the first fax, $125.00 for the second fax, $90.00 for the third fax, $25.00 for the fourth fax, and $25.00 for the fifth fax.") (emphasis added); Notice of Settlement (Ex. C to Dkt. 324-1) ("Each Settlement Class Member who received or was successfully sent one or more unsolicited facsimile advertisements relating to tickets for Tampa Bay Buccaneers games and who submits a Valid Claim shall be eligible to receive up to:  (i) $350 for the first such facsimile; (ii) $125 for the second such facsimile; (iii) $90 for the third such facsimile; (iv) $25 for the fourth such facsimile; and (v) $25 for the fifth such facsimile.") (emphasis added).

Tellingly, Plaintiffs and their counsel espoused this same interpretation in their Motion for Preliminary Approval, in which they explained to the Court at least twice that the maximum award to which any class member would be entitled was $615.  See Motion for Preliminary Approval (Dkt. 324) at 17-18.  In particular, Plaintiffs told the Court that:

> Each class member who does not opt-out of the Settlement Class and who submits a timely and valid claim form <u>will be mailed a check in an amount up to $615</u>.

<u>Id.</u> at 17 (emphasis added).  Plaintiffs went on to represent to the Court that "[h]ere, <u>each class member</u> who does not opt-out of this proposed settlement and who submits a timely and valid Claim Form <u>will receive a cash payment in an amount up to $615</u>, and Defendant has agreed to pay from the Settlement Fund the attorneys' fees and certain expenses of Class Counsel for conferring that benefit <u>upon each class member</u>."  <u>Id.</u> at 18 (emphasis added).

Based on Plaintiffs' motion, Judge Porcelli granted preliminary approval, stating that "the Settlement Agreement provides, among other things, for . . . payments of $350 to $615 (<u>i.e.</u>, $350 for the first facsimile; $125 for the second facsimile; $90 for the third facsimile; $25 for the fourth facsimile; and $25 for the fifth facsimile) to Class Members who submit a valid Claim . . . ."  <u>See</u> Preliminary Approval Order (Dkt. 343) at 37; <u>see</u> <u>also</u> <u>id.</u> at 66 ("In effecting this resolution, the Settlement Agreement provides, among other things, for . . . <u>payments of up to $350 for the first facsimile and up to $615 total for up to five facsimiles to Settlement Class Members who submit claims</u> . . . .") (emphasis added).

Plaintiffs again adopted and articulated this same understanding of the Settlement Agreement in their Motion for Award of Attorney Fees & Expenses and Incentive Awards submitted to the Court.  <u>See</u> Dkt. 347 at 13.  They stated, in particular, that "[e]ach class member who submits a valid claim will be paid a pro rata share of the Settlement Fund in the amount of at least $350 (for one fax) and <u>up to</u> $565 (for five faxes).  This is an excellent result for the class."  <u>See id.</u>  Putting aside the fact that Plaintiffs wrongly calculated the maximum award under the Settlement Agreement as $565 rather than $615, Plaintiffs' motion is again clear that the five-fax cap applies per class member, not per fax machine for fax number.

While the Claim Form does invite claimants to list multiple fax numbers (if applicable), nowhere does it provide that a claimant is eligible to receive payment for more than a total of five facsimiles.  Nor could it, since such language would be inconsistent with the language of the Settlement Agreement, the Long Form Notice, the Notice of Settlement, Plaintiffs' Motion for Preliminary Approval, Plaintiffs' Motion for Award of Attorney Fees & Expenses and the Court's Preliminary Approval Order.  This approach would also create absurd results that are inconsistent with the Settlement Agreement.  For instance—putting aside momentarily the obvious fraud concerns raised, for example, by the claim submitted by Astro Companies LLC—under the approach suggested by Mr. Castillejos, Astro Companies LLC could be entitled to a <u>minimum</u> of $273,350, rising to as much as $480,315, depending on the number of facsimiles received by each fax number listed on the claim.  The Settlement Agreement simply cannot be read to justify such a payment nor is that remotely the agreement that was reached by the parties.  To be sure, there is little doubt that any confusion on this point is a function of the ascertainability issues that have beset these class claims from the outset and the fact that at the time we negotiated the Settlement Agreement, there was no indication that Class Counsel had made any effort to identify who was actually in the class, choosing instead to rely solely on a list of telephone numbers compiled under dubious circumstances by Robert Biggerstaff and itself riddled with inconsistencies and anomalies.  As we repeatedly pointed

out during negotiations as well as to the Court, however, telephone numbers are not class members, and accordingly, the Settlement Agreement was drafted to address the persons and entities that would be members of the class being proposed by Plaintiffs, not the claims of telephone numbers.

We believe the unusual circumstances presented by the claim of Astro Companies LLC, however, fully warrant a thorough investigation by Epiq.  It would appear that Astro Companies LLC did not receive Mailed Notice, and it would also appear that Astro Companies LLC was not identified by Epiq on either of the reverse lookups it performed using the databases of LexisNexis or TransUnion.  Moreover, the fact that Astro Companies LLC was apparently not incorporated until well after any faxes were allegedly sent on behalf of BTL raises obvious issues.  See Feb. 22, 2023 Email fr. R. Collins (noting that  Astro Companies LLC's Articles of Organization from the Florida Department of State show that the LLC was not created until February 15, 2011, a year or more after the faxes were alleged sent in this case).  Among other things, we would appreciate it if Class Counsel would let us know whether they had any communications whatsoever with Astro Companies LLC or counsel or agents thereof with regard to the claims made by Astro Companies LLC or this litigation.

We therefore ask that Epiq correct its reading to align with the plain language of the Settlement Agreement, as represented by Plaintiffs and their counsel to the Court.

BTL, of course, reserves all rights and waives none, including seeking clarification from the Court, although we hope that can be avoided based on the foregoing.

Best regards,

Robbie

---

**From:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>
**Sent:** Thursday, February 23, 2023 12:54 PM
**To:** Glenn Hara <ghara@andersonwanca.com>; Diego, Juana <jdiego@epiqglobal.com>; Collins, Robert (CH) <Robert.Collins@lw.com>; Mester, Mark (CH) <mark.mester@lw.com>; Slater, Gabe (CH) <Gabe.Slater@lw.com>; m@mcalaw.net; Ryan Kelly <rkelly@andersonwanca.com>; Wallace Solberg <wsolberg@andersonwanca.com>; Ross Good <ross@loftusandeisenberg.com>
**Cc:** Cansler, Erik <Erik.Cansler@epiqglobal.com>; Bithell, Richard <rbit@epiqglobal.com>; Robinson, Kiara <Kiara.Robinson@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** RE: Cin-Q Auto. Inc. v BTL Activity Report

Hi Glenn,

We have the same understanding. We will report on the number of fax numbers claimed by each class member as well as the number of facsimiles (pages) associated with each fax number per the Biggerstaff List. We will be more careful with the use of "fax" and "facsimile" when discussing claims. Apologies for any confusion.

Thank you,
Orlando

**Orlando Castillejos**
Epiq | Project Manager
Mobile:  +1 502 931 0892
Email:  orlando.castillejos@epiqglobal.com

**People. Partnership. Performance.**
www.epiqglobal.com

---

**From:** Glenn Hara <ghara@andersonwanca.com>
**Sent:** Wednesday, February 22, 2023 8:22 PM
**To:** Diego, Juana <jdiego@epiqglobal.com>; Robert.Collins@lw.com; mark.mester@lw.com; Gabe.Slater@lw.com; m@mcalaw.net; Ryan Kelly <rkelly@andersonwanca.com>; Wallace Solberg <wsolberg@andersonwanca.com>; Ross Good <ross@loftusandeisenberg.com>
**Cc:** Cansler, Erik <Erik.Cansler@epiqglobal.com>; Bithell, Richard <rbit@epiqglobal.com>; Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>; Robinson, Kiara <Kiara.Robinson@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** RE: Cin-Q Auto. Inc. v BTL Activity Report

(I have added Ross Good to this thread).

Dear Juana,

Class Counsel would like to clarify something in your response regarding Astro Companies LLC. When you write that Astro Companies would be paid "up to 5 valid faxes per the Settlement Agreement" (assuming the claims are valid), we take that to mean that it will be paid up to five faxes for each (valid) fax number submitted in the claim form. The reasoning behind the five-fax graduated scale of compensation was that the greatest number of faxes received at any particular fax number on the Biggerstaff List was five faxes, so the five-fax scale would ensure that every valid claimant would receive some compensation for each fax (regardless whether the claimant had one fax number or multiple fax numbers that received the faxes at issue).

To take a simpler example than Astro Companies (which is obviously an outlier), assume a business in Tampa had two fax numbers in 2009-2010, and each fax number received three of the faxes at issue advertising tickets to Buccaneers games. If that business submitted a valid claim form with both fax numbers listed on it—and the claim form invites claimants to list all applicable fax numbers—then Plaintiffs assume that Epiq would state in its Preliminary Report in April that this claimant should be paid for all six faxes (three for each fax number, starting at $350 for the first fax, $125 for the second fax, and $90 for the third fax, for a total of $565 for each fax number). Those two claims (on one claim form) would total a payment of $1,130 to the claimant ($565 x 2). The claimant would not be left with zero compensation for the sixth fax, in our understanding.

Does Epiq have a different understanding of the Settlement Agreement?

Regards,
Glenn L. Hara
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
(847) 368-1500

---

**From:** Diego, Juana <jdiego@epiqglobal.com>
**Sent:** Wednesday, February 22, 2023 11:49 AM
**To:** Robert.Collins@lw.com; mark.mester@lw.com; Gabe.Slater@lw.com; Glenn Hara <ghara@andersonwanca.com>; m@mcalaw.net; Ryan Kelly <rkelly@andersonwanca.com>; Wallace Solberg <wsolberg@andersonwanca.com>
**Cc:** Cansler, Erik <Erik.Cansler@epiqglobal.com>; Bithell, Richard <rbit@epiqglobal.com>; Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>; Robinson, Kiara <Kiara.Robinson@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** RE: Cin-Q Auto. Inc. v BTL Activity Report

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Robbie,

Although the number of valid claims changed by only a few, the number of valid fax numbers increased by nearly 1,000 because those few new claims consist of many fax numbers. Just 8 newly-added claims increased the count of valid fax numbers by 962; a single claim accounted for 781 of those.

The single claim was filed by Astro Companies LLC. Assuming the claim by Astro Companies LLC is not deficient and since no additional entities were listed, Astro Companies LLC may be approved for up to 5 valid faxes per the Settlement Agreement.

Adding the new valid numbers required a batch process which we just completed, as we waited to run it until after the claim deadline to ensure we had to do it only once.

As always, please let us know if you have other questions.

Best Regards,

**Juana Diego**
Epiq | Associate Project Manager
Office: +1 503.350.4263
Email: jdiego@epiqglobal.com

**From:** Robert.Collins@lw.com <Robert.Collins@lw.com>
**Sent:** Tuesday, February 21, 2023 4:13 PM
**To:** Diego, Juana <jdiego@epiqglobal.com>; mark.mester@lw.com; Gabe.Slater@lw.com; ghara@andersonwanca.com; m@mcalaw.net; rkelly@andersonwanca.com; wsolberg@andersonwanca.com
**Cc:** Cansler, Erik <Erik.Cansler@epiqglobal.com>; Bithell, Richard <rbit@epiqglobal.com>; Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>; Robinson, Kiara <Kiara.Robinson@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** RE: Cin-Q Auto. Inc. v BTL Activity Report

> **CAUTION:** This email originated from outside of Epiq. Do not click links or open attachments unless you recognize the sender and know the content is safe. Report phishing by using the "Phish Alert Report" button above.

Juana –

Last week you reported 3,144 claims, involving 1,940 numbers on the Biggerstaff list.  How has the number of claims risen only slightly to 3,172 in 7 days, but the number of numbers on the Biggerstaff list has gone up to 2,858, almost 1,000 more?

Robbie

---

**From:** Diego, Juana <jdiego@epiqglobal.com>
**Sent:** Tuesday, February 21, 2023 5:53 PM
**To:** Mester, Mark (CH) <mark.mester@lw.com>; Slater, Gabe (CH) <Gabe.Slater@lw.com>; Glenn Hara <ghara@andersonwanca.com>; Collins, Robert (CH) <Robert.Collins@lw.com>; Michael Addison <m@mcalaw.net>; rkelly@andersonwanca.com; wsolberg@andersonwanca.com
**Cc:** Cansler, Erik <Erik.Cansler@epiqglobal.com>; Bithell, Richard <rbit@epiqglobal.com>; Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>; Robinson, Kiara <Kiara.Robinson@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** Cin-Q Auto. Inc. v BTL Activity Report

Hello Everyone,

Attached please find the activity report for Cin-Q Auto. Inc. v BTL. The stats are cumulative through February 17, 2023. The total number of claims received is 3,172. For the claims received, there are a total of 2,858 unique valid (matched to the original fax number list) fax numbers claimed.

Thank you,

**Juana Diego**
Epiq | Associate Project Manager
10300 SW Allen Blvd
Beaverton, Oregon  97005
Office: +1 503.350.4263

Email: jdiego@epiqglobal.com

**People. Partnership. Performance.**
www.epiqglobal.com

*This electronic mail (including any attachments) may contain information that is privileged, confidential, and/or otherwise protected from disclosure to anyone other than its intended recipient(s). If you have received this message in error, please notify the sender immediately by reply email of the inadvertent transmission and then immediately delete the original message (including any attachments) in its entirety.*

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.