**EXHIBIT C**

**Glenn Hara**

| | |
|---|---|
| **From:** | Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com> |
| **Sent:** | Wednesday, April 26, 2023 9:46 AM |
| **To:** | Jon Piper; Robert.Collins@lw.com; mark.mester@lw.com; m@mcalaw.net; Gabe.Slater@lw.com; Phil Bock; Robert Hatch; Glenn Hara; Ross Good |
| **Cc:** | Amin-Giwner, Stephanie; Bithell, Richard; Diego, Juana; Kovach, Loree; Palmer, Adam; Cansler, Erik |
| **Subject:** | RE: Cin-Q v. BTL |

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Hi Jon and All,

In our opinion, a claimant is eligible to be paid for a maximum of 5 valid faxes ($615) regardless of the number of claims or additional valid fax numbers claimed.

In regards to the claim forms, the file *Cin-Q Auto Inc v BTL 2023-04-03_v2.xls* previously provided includes all timely claims received as well as late claims received through the end of March. The file includes all of the information found on the claim form: claimant name, address, fax number(s) claimed, and if the claim was signed. The file also notes whether the fax number matched the Biggerstaff list and if the claim was late. If your request is for PDFs of the claims, we will have images of claims mailed but we will only have data points of claims filed online. Please advise.

Were there any questions regarding the proposed defects?

Thank you,
Orlando

**Orlando Castillejos**
Epiq | Project Manager
Mobile:  +1 502 931 0892
Email:  orlando.castillejos@epiqglobal.com

**People. Partnership. Performance.**
www.epiqglobal.com

---

**From:** Jon Piper <Jonathan@classlawyers.com>
**Sent:** Monday, April 24, 2023 1:41 PM
**To:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>; Robert.Collins@lw.com; mark.mester@lw.com; m@mcalaw.net; Gabe.Slater@lw.com; Phil Bock <phil@classlawyers.com>; Robert Hatch <robert@classlawyers.com>; ghara@andersonwanca.com; Ross Good <ross@loftusandeisenberg.com>
**Cc:** Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>; Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Kovach, Loree <loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Cansler, Erik <Erik.Cansler@epiqglobal.com>
**Subject:** Re: Cin-Q v. BTL

Counsel/Epiq -

First, we want to make the record clear that Intervenors' Counsel was not involved in discussion about defective claims handling as set forth in Mr. Castillejos' email below, was not invited to participate, and did not provide feedback. We do not agree to the proposals and reserve the right to include any and all proposed "defects" and handling of such in our objection to the settlement.

We do have two follow up questions:

1. Can you clarify how the tiered payouts are to be calculated ($350 for the first fax, $125 for the second fax, etc.)? Are these to be paid on a per claimant per fax number basis, or on a per claimant basis? For example, if a claimant submitted claims for two fax numbers on the Biggerstaff list and received 5 faxes on each number, would they be paid for a maximum of 5 faxes ($615) or for 10 faxes ($1230)? Suppose a claimant submitted claims for two fax numbers on the Biggerstaff list and had 2 faxes at one number and 1 fax at the second number, would they be paid $350 for the first fax on each number, or would they be paid the same as if they received 3 faxes on only one number?

2. We would like to review the submitted claim forms. We are of course willing to review them on a confidential - attorneys eyes only basis.

Please advise.

Jonathan B. Piper, Esq.

(312) 609-0906

jonathan@classlawyers.com



---

**From:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>
**Sent:** Friday, April 21, 2023 3:22 PM
**To:** Jon Piper <Jonathan@classlawyers.com>; Robert.Collins@lw.com <Robert.Collins@lw.com>; mark.mester@lw.com <mark.mester@lw.com>; m@mcalaw.net <m@mcalaw.net>; Gabe.Slater@lw.com <Gabe.Slater@lw.com>; Phil Bock <phil@classlawyers.com>; Robert Hatch <robert@classlawyers.com>; ghara@andersonwanca.com <ghara@andersonwanca.com>; Ross Good <ross@loftusandeisenberg.com>
**Cc:** Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>; Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Kovach, Loree <loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Cansler, Erik <Erik.Cansler@epiqglobal.com>
**Subject:** RE: Cin-Q v. BTL

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dear Counsel and Intervenors Counsel,

Thank you for all the feedback regarding defects. Based on that feedback, Epiq proposes the following defects:

1. Non-Matching Fax Number - A fax number claimed that is not matched to the Biggerstaff list.  This includes a claimant who provided both valid and invalid fax numbers.  For these records, we'll send them a defect notice regarding the invalid ax numbers.
   a. If one or more fax numbers claimed do not match then a defect letter would be mailed.
2. Multi Claimed Fax - A fax number claimed by multiple claimants.
   a. If a valid fax number matched to the Biggerstaff list is claimed across multiple claims then a defect letter would be mailed.
3. Original Notice Not Sent - A claim filed by claimant not identified in the original notice list.
   a. If a claimant who was not sent direct notice claims a fax number on the Biggerstaff list then a defect letter would be mailed.
4. Org Registered After Class Period - A claim filed by a business with an organizational date after June 9, 2010.
   a. If according to LN Secretary of State search records a business was organized after June 9, 2010  then a defect letter would be mailed.
5. Missing Signature - A claim filed and not signed.
   a. If claim filed is not signed then a defect letter would be mailed.
6. Government Entity - A claim filed by an entity that may be a government or department of a government.
   a. If the he name of the claimant includes one or more of the following words: "Government", "Public", "County", "Federal", "City", "State",
      and it is not a business then a defect letter would be mailed.

Counsel raised the possibility of defecting records identified by LexisNexis or TransUnion has also been raised. Typically, we do not defect claimants who are sent direct notice based on LexisNexis and TransUnion search results solely because we received their information from those search results. We instead rely on a claimant's certification under penalty of perjury which is present on this Claim Form.

Counsel also raised the possibility of  defecting a claim for being a potential fax service provider. We have received approximately 1,110 claim forms identified as businesses. Please confirm that all parties agree add this as a defect reason and mail a defect letter to all businesses requesting that they further attest that they are  not a fax service provider.

Please get back to us as soon as possible as to how we should proceed.  Once the defect reasons are confirmed, we will send out the notices within 10 business days.   Currently, the timeline had for claimants to cure their claims by May 12th, we may want to consider giving additional time to respond.

Thank you,
Orlando

**Orlando Castillejos**
Epiq | Project Manager
Mobile:  +1 502 931 0892
Email:  orlando.castillejos@epiqglobal.com

**People. Partnership. Performance.**
www.epiqglobal.com

**From:** Castillejos, Orlando
**Sent:** Tuesday, April 11, 2023 7:51 PM
**To:** Jon Piper <Jonathan@classlawyers.com>; Robert.Collins@lw.com; mark.mester@lw.com; m@mcalaw.net;
Gabe.Slater@lw.com; Phil Bock <phil@classlawyers.com>; Robert Hatch <robert@classlawyers.com>;
ghara@andersonwanca.com; Ross Good <ross@loftusandeisenberg.com>
**Cc:** Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>; Bithell, Richard <rbit@epiqglobal.com>; Diego,
Juana <jdiego@epiqglobal.com>; Kovach, Loree <loree.Kovach@epiqglobal.com>; Palmer, Adam
<apalmer@epiqglobal.com>; Cansler, Erik <Erik.Cansler@epiqglobal.com>
**Subject:** RE: Cin-Q v. BTL

Counsel and All,

We distributed our weekly report last week; however I didn't provide you with a separate status report.  My
apologies.  I've attached the Preliminary Status Report which provides each of you with a breakdown on the claims
received along with their corresponding fax numbers.  Basically, all the timely claims remain in a review status as we
work through the deficiency process.  The only claims which have been rejected thus far are those claims which were
filed after the deadline.

Sincerely,
Orlando

**Orlando Castillejos**
Epiq | Project Manager
Mobile:  +1 502 931 0892
Email:  orlando.castillejos@epiqglobal.com

**People. Partnership. Performance.**
www.epiqglobal.com

---

**From:** Jon Piper <Jonathan@classlawyers.com>
**Sent:** Tuesday, April 11, 2023 12:07 PM
**To:** Robert.Collins@lw.com; Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>; rgood@andersonwanca.com;
mark.mester@lw.com; m@mcalaw.net; Gabe.Slater@lw.com; Phil Bock <phil@classlawyers.com>; Robert Hatch
<robert@classlawyers.com>; ghara@andersonwanca.com; Kovach, Loree <loree.Kovach@epiqglobal.com>; Kierkegaard,
Eric <Eric.Kierkegaard@epiqglobal.com>; Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana
<jdiego@epiqglobal.com>; Cansler, Erik <Erik.Cansler@epiqglobal.com>; Peters, Sandra
<Sandra.Peters@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Amin-Giwner, Stephanie
<stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** Re: Cin-Q v. BTL

Also, can you please let us know when you will have the report completed and circulated?

---

**From:** Robert.Collins@lw.com <Robert.Collins@lw.com>
**Sent:** Tuesday, April 11, 2023 12:01 PM
**To:** Orlando.Castillejos@epiqglobal.com <Orlando.Castillejos@epiqglobal.com>; Jon Piper
<Jonathan@classlawyers.com>; rgood@andersonwanca.com <rgood@andersonwanca.com>; mark.mester@lw.com
<mark.mester@lw.com>; m@mcalaw.net <m@mcalaw.net>; Gabe.Slater@lw.com <Gabe.Slater@lw.com>; Phil Bock
<phil@classlawyers.com>; Robert Hatch <robert@classlawyers.com>; ghara@andersonwanca.com
<ghara@andersonwanca.com>; loree.Kovach@epiqglobal.com <loree.Kovach@epiqglobal.com>;
Eric.Kierkegaard@epiqglobal.com <Eric.Kierkegaard@epiqglobal.com>; rbit@epiqglobal.com <rbit@epiqglobal.com>;
jdiego@epiqglobal.com <jdiego@epiqglobal.com>; Erik.Cansler@epiqglobal.com <Erik.Cansler@epiqglobal.com>;
Sandra.Peters@epiqglobal.com <Sandra.Peters@epiqglobal.com>; apalmer@epiqglobal.com

<apalmer@epiqglobal.com>; stephanie.Amin-Giwner@epiqglobal.com <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** RE: Cin-Q v. BTL

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Orlando –

Looking at the document that Epiq sent, it does not appear to us to be the preliminary report due to the parties by April 7, 2023 as contemplated by the Court's order, which states that "No later than April 7, 2023, the Settlement Administrator shall provide a preliminary report to counsel for Intervenors, Defendant's Counsel and Class Counsel of claims submitted, rejected, and accepted by the Settlement Administrator including a breakdown of how many faxes are associated with each of the accepted claims."  We believe that Class Counsel and Intervenors' Counsel are in agreement, though they can of course weigh in if they disagree.

Can Epiq please provide a preliminary report consistent with the Court's order?  If you believe we are misunderstanding or misreading the document provided by Epiq, please let us know, as that certainly could be the case.

Best regards,
Robbie

---

**From:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>
**Sent:** Monday, April 10, 2023 1:56 PM
**To:** Jon Piper <Jonathan@classlawyers.com>; Ross Good <rgood@andersonwanca.com>; Mester, Mark (CH) <mark.mester@lw.com>; Collins, Robert (CH) <Robert.Collins@lw.com>; m@mcalaw.net; Slater, Gabe (CH) <Gabe.Slater@lw.com>; Phil Bock <phil@classlawyers.com>; Robert Hatch <robert@classlawyers.com>; ghara@andersonwanca.com; Kovach, Loree <loree.Kovach@epiqglobal.com>; Kierkegaard, Eric <Eric.Kierkegaard@epiqglobal.com>; Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Cansler, Erik <Erik.Cansler@epiqglobal.com>; Peters, Sandra <Sandra.Peters@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** RE: Cin-Q v. BTL

Jon,

A report was circulated last week and the previous week. The report includes all claims filed, the faxes claimed, and whether the fax number claimed was matched to Biggerstaff list. We'll forward you the report shortly.

Thank you,
Orlando

**Orlando Castillejos**
Epiq | Project Manager
Mobile:  +1 502 931 0892
Email:  orlando.castillejos@epiqglobal.com

**People. Partnership. Performance.**
www.epiqglobal.com

---

**From:** Jon Piper <Jonathan@classlawyers.com>
**Sent:** Monday, April 10, 2023 2:54 PM
**To:** Ross Good <rgood@andersonwanca.com>; mark.mester@lw.com; Robert.Collins@lw.com; m@mcalaw.net; Gabe.Slater@lw.com; Phil Bock <phil@classlawyers.com>; Robert Hatch <robert@classlawyers.com>;

ghara@andersonwanca.com; Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>; Kovach, Loree
<loree.Kovach@epiqglobal.com>; Kierkegaard, Eric <Eric.Kierkegaard@epiqglobal.com>; Bithell, Richard
<rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Cansler, Erik <Erik.Cansler@epiqglobal.com>; Peters,
Sandra <Sandra.Peters@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Amin-Giwner, Stephanie
<stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** Re: Cin-Q v. BTL

Stephanie - according to the agreed schedule, April 7, 2023 was the deadline for Epiq to provide a preliminary
report on claims submitted, rejected and accepted, as well as a breakdown of how many faxes are associated
with the accepted claims.

Can you please advise as to the status of providing the report?

**From:** Ross Good <rgood@andersonwanca.com>
**Sent:** Friday, September 30, 2022 4:37 PM
**To:** Jon Piper <Jonathan@classlawyers.com>; mark.mester@lw.com <mark.mester@lw.com>; Robert.Collins@lw.com
<Robert.Collins@lw.com>; m@mcalaw.net <m@mcalaw.net>; Gabe.Slater@lw.com <Gabe.Slater@lw.com>; Phil Bock
<phil@classlawyers.com>; Robert Hatch <robert@classlawyers.com>; ghara@andersonwanca.com
<ghara@andersonwanca.com>; Orlando.Castillejos@epiqglobal.com <Orlando.Castillejos@epiqglobal.com>;
loree.Kovach@epiqglobal.com <loree.Kovach@epiqglobal.com>; Eric.Kierkegaard@epiqglobal.com
<Eric.Kierkegaard@epiqglobal.com>; rbit@epiqglobal.com <rbit@epiqglobal.com>; jdiego@epiqglobal.com
<jdiego@epiqglobal.com>; Erik.Cansler@epiqglobal.com <Erik.Cansler@epiqglobal.com>;
Sandra.Peters@epiqglobal.com <Sandra.Peters@epiqglobal.com>; apalmer@epiqglobal.com
<apalmer@epiqglobal.com>; stephanie.Amin-Giwner@epiqglobal.com <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** Re: Cin-Q v. BTL

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the
sender and know the content is safe.

Mimecast Attachment Protection has deemed this file to be safe, but always exercise caution when opening files.

Stephanie,
Please review the attached and confirm this is acceptable to Epiq. Today is the deadline to file.

Thank you

--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com - EMail
(847) 350-9861 - Direct Phone
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phone
(847) 368-1501 - Office Fax

On Fri, Sep 30, 2022 at 3:16 PM Jon Piper <Jonathan@classlawyers.com> wrote:

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Mark - will you include the points about sharing data with Intervenors on the same day as the settling parties, and objections not being due until 10 days thereafter? You can use the language that's in Ross's draft if you want. That may save us the obligation to file a response.

**From:** mark.mester@lw.com <mark.mester@lw.com>
**Sent:** Friday, September 30, 2022 3:21 PM
**To:** rgood@andersonwanca.com <rgood@andersonwanca.com>; Jon Piper <Jonathan@classlawyers.com>
**Cc:** Robert.Collins@lw.com <Robert.Collins@lw.com>; m@mcalaw.net <m@mcalaw.net>; Gabe.Slater@lw.com <Gabe.Slater@lw.com>; Phil Bock <phil@classlawyers.com>; Robert Hatch <robert@classlawyers.com>; ghara@andersonwanca.com <ghara@andersonwanca.com>; Orlando.Castillejos@epiqglobal.com <Orlando.Castillejos@epiqglobal.com>; loree.Kovach@epiqglobal.com <loree.Kovach@epiqglobal.com>; Eric.Kierkegaard@epiqglobal.com <Eric.Kierkegaard@epiqglobal.com>; rbit@epiqglobal.com <rbit@epiqglobal.com>; jdiego@epiqglobal.com <jdiego@epiqglobal.com>; Erik.Cansler@epiqglobal.com <Erik.Cansler@epiqglobal.com>; Sandra.Peters@epiqglobal.com <Sandra.Peters@epiqglobal.com>; apalmer@epiqglobal.com <apalmer@epiqglobal.com>; stephanie.Amin-Giwner@epiqglobal.com <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** RE: Cin-Q v. BTL

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Ross - I certainly don't think you need to be the Settlement Administrator to understand that ten days is not enough time to do everything that is contemplated by Section VIII of the Settlement Agreement, and your suggestion to the contrary strikes us as utterly inconsistent with what was contemplated in the Settlement Agreement and by the Court.  Indeed,  it is very troubling that you insisted on expansive Mailed Notice but now want to truncate the process for validating claims in the Settlement Agreement that the Court clearly was focused in granting your request in part.  Since you rejected our proposal almost in its entirety, however,   we are planning to file our proposed schedule with the Court separately and will indicate that the Parties were unable to reach agreement.  You should do likewise on behalf of Plaintiffs.

Sent with BlackBerry Work
(www.blackberry.com)

**From:** Ross Good <rgood@andersonwanca.com>
**Date:** Friday, Sep 30, 2022, 12:13 PM
**To:** Jon Piper <Jonathan@classlawyers.com>
**Cc:** Mester, Mark (CH) <mark.mester@lw.com>, Collins, Robert (CH) <Robert.Collins@lw.com>, m@mcalaw.net <m@mcalaw.net>, Slater, Gabe (CH) <Gabe.Slater@lw.com>, Phil Bock <phil@classlawyers.com>, Robert Hatch <robert@classlawyers.com>, ghara@andersonwanca.com <ghara@andersonwanca.com>, Orlando.Castillejos@epiqglobal.com <Orlando.Castillejos@epiqglobal.com>, loree.Kovach@epiqglobal.com <loree.Kovach@epiqglobal.com>, Eric.Kierkegaard@epiqglobal.com <Eric.Kierkegaard@epiqglobal.com>, rbit@epiqglobal.com <rbit@epiqglobal.com>, jdiego@epiqglobal.com <jdiego@epiqglobal.com>, Erik.Cansler@epiqglobal.com <Erik.Cansler@epiqglobal.com>, Sandra.Peters@epiqglobal.com <Sandra.Peters@epiqglobal.com>, apalmer@epiqglobal.com <apalmer@epiqglobal.com>, stephanie.Amin-Giwner@epiqglobal.com <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** Re: Cin-Q v. BTL

Jon, Please see attached. Please confirm this is acceptable to TTA Intervenors.

Stephanie, what is Epiq's position?

Mark/Robbie, You are not the Class Administrator and my understanding is you do not speak for the Class Administrator. Your last email did not include an attachment. Please provide BTL's proposal in the draft separately so it can be timely filed.

Thanks

--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com - EMail
(847) 350-9861 - Direct Phone
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phone
(847) 368-1501 - Office Fax


On Fri, Sep 30, 2022 at 11:03 AM Jon Piper <Jonathan@classlawyers.com> wrote:

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Actually to avoid confusion it should say "Intervenors" or "TTA Intervenors" not TTA.

**From:** Jon Piper <Jonathan@classlawyers.com>
**Sent:** Friday, September 30, 2022 11:50 AM
**To:** Ross Good <rgood@andersonwanca.com>
**Cc:** mark.mester@lw.com <mark.mester@lw.com>; Robert.Collins@lw.com <Robert.Collins@lw.com>; m@mcalaw.net <m@mcalaw.net>; Gabe.Slater@lw.com <Gabe.Slater@lw.com>; Phil Bock <phil@classlawyers.com>; Robert Hatch <robert@classlawyers.com>; ghara@andersonwanca.com <ghara@andersonwanca.com>; Orlando.Castillejos@epiqglobal.com <Orlando.Castillejos@epiqglobal.com>; loree.Kovach@epiqglobal.com <loree.Kovach@epiqglobal.com>; Eric.Kierkegaard@epiqglobal.com <Eric.Kierkegaard@epiqglobal.com>; rbit@epiqglobal.com <rbit@epiqglobal.com>; jdiego@epiqglobal.com <jdiego@epiqglobal.com>; Erik.Cansler@epiqglobal.com <Erik.Cansler@epiqglobal.com>; Sandra.Peters@epiqglobal.com <Sandra.Peters@epiqglobal.com>; apalmer@epiqglobal.com <apalmer@epiqglobal.com>; stephanie.Amin-Giwner@epiqglobal.com <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** Re: Cin-Q v. BTL

Thanks. I guess we should add claim form to this language:  "TTA reserves all objections to the settlement, claim form and notice"

Otherwise, this language is ok by me, subject to review of any changes from BTL or Epiq.

**From:** Ross Good <rgood@andersonwanca.com>
**Sent:** Friday, September 30, 2022 11:39 AM
**To:** Jon Piper <Jonathan@classlawyers.com>
**Cc:** mark.mester@lw.com <mark.mester@lw.com>; Robert.Collins@lw.com <Robert.Collins@lw.com>; m@mcalaw.net <m@mcalaw.net>; Gabe.Slater@lw.com <Gabe.Slater@lw.com>; Phil Bock <phil@classlawyers.com>; Robert Hatch <robert@classlawyers.com>; ghara@andersonwanca.com

<ghara@andersonwanca.com>; Orlando.Castillejos@epiqglobal.com <Orlando.Castillejos@epiqglobal.com>;
loree.Kovach@epiqglobal.com <loree.Kovach@epiqglobal.com>; Eric.Kierkegaard@epiqglobal.com
<Eric.Kierkegaard@epiqglobal.com>; rbit@epiqglobal.com <rbit@epiqglobal.com>; jdiego@epiqglobal.com
<jdiego@epiqglobal.com>; Erik.Cansler@epiqglobal.com <Erik.Cansler@epiqglobal.com>;
Sandra.Peters@epiqglobal.com <Sandra.Peters@epiqglobal.com>; apalmer@epiqglobal.com
<apalmer@epiqglobal.com>; stephanie.Amin-Giwner@epiqglobal.com <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** Re: Cin-Q v. BTL

---

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

---

Your attachments have been security checked by Mimecast Attachment Protection. Files where no threat or malware was detected are attached.

---

Stephanie, the deadline to file is today. Please confirm the deadlines in the draft will work for Epiq.

Jon, I added your last statement to the draft, please confirm it is acceptable (subject to any changes from BTL).

Mark/Robbie, what is BTL's position?

Thank you

--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com - EMail
(847) 350-9861 - Direct Phone
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phone
(847) 368-1501 - Office Fax


On Thu, Sep 29, 2022 at 5:04 PM Jon Piper <Jonathan@classlawyers.com> wrote:

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

As to 3.01(g) point for Intervenors, it's a little hard to say until we see the final version that is being submitted, but in principle I expect you can say that while we reserve all objections to the settlement and notice, we have no objections to the deadlines or sequence set forth in this report.

---

**From:** Ross Good <rgood@andersonwanca.com>
**Sent:** Thursday, September 29, 2022 2:13 PM
**To:** Jon Piper <Jonathan@classlawyers.com>
**Cc:** mark.mester@lw.com <mark.mester@lw.com>; Robert.Collins@lw.com <Robert.Collins@lw.com>;
m@mcalaw.net <m@mcalaw.net>; Gabe.Slater@lw.com <Gabe.Slater@lw.com>; Phil Bock
<phil@classlawyers.com>; Robert Hatch <robert@classlawyers.com>; ghara@andersonwanca.com
<ghara@andersonwanca.com>; Orlando.Castillejos@epiqglobal.com <Orlando.Castillejos@epiqglobal.com>;
loree.Kovach@epiqglobal.com <loree.Kovach@epiqglobal.com>; Eric.Kierkegaard@epiqglobal.com
<Eric.Kierkegaard@epiqglobal.com>; rbit@epiqglobal.com <rbit@epiqglobal.com>; jdiego@epiqglobal.com

<jdiego@epiqglobal.com>; Erik.Cansler@epiqglobal.com <Erik.Cansler@epiqglobal.com>;
Sandra.Peters@epiqglobal.com <Sandra.Peters@epiqglobal.com>; apalmer@epiqglobal.com
<apalmer@epiqglobal.com>; stephanie.Amin-Giwner@epiqglobal.com <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** Re: Cin-Q v. BTL

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize
the sender and know the content is safe.

Mimecast Attachment Protection has deemed this file to be safe, but always exercise caution when opening files.

Can someone from Epiq confirm the formatting of the summary of claims that will be provided to Intervenors, BTL
and Class Counsel for Jon?

Jon, The tweak you wanted has been made. See attached. Can you confirm for the 3.01(g) statement that
Intervenors do not oppose the deadlines as set out?

Thank you

--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com - EMail
(847) 350-9861 - Direct Phone
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phone
(847) 368-1501 - Office Fax


On Thu, Sep 29, 2022 at 12:34 PM Jon Piper <Jonathan@classlawyers.com> wrote:

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or
clicking links, especially from unknown senders.

I don't have a problem with these most current changes, except that this language should be
tweaked slightly as follows by inserting "submitted":


The Settlement Administrator to provide a report to

counsel for Intervenors, BTL and Class Counsel of

claims submitted, rejected and accepted by the Settlement

Administrator including...

As for the "including ...." clause at the end of that paragraph there must be a more artful way to say what we're looking for but I'm not sure how to put it more clearly. So long as Epiq understands what we're looking for, it would basically be something like this:

Total claims submitted XXXX

Total claims rejected YYYY

Total claims accepted ZZZZZ

> Total fax numbers associated with accepted claims that received 1 fax xxxx
> Total fax numbers associated with accepted claims that received 2 faxes yyyyy .....
> and so on through five faxes.

---

**From:** Ross Good <rgood@andersonwanca.com>
**Sent:** Thursday, September 29, 2022 11:29 AM
**To:** mark.mester@lw.com <mark.mester@lw.com>
**Cc:** Jon Piper <Jonathan@classlawyers.com>; Robert.Collins@lw.com <Robert.Collins@lw.com>; m@mcalaw.net <m@mcalaw.net>; Gabe.Slater@lw.com <Gabe.Slater@lw.com>; Phil Bock <phil@classlawyers.com>; Robert Hatch <robert@classlawyers.com>; ghara@andersonwanca.com <ghara@andersonwanca.com>; Orlando.Castillejos@epiqglobal.com <Orlando.Castillejos@epiqglobal.com>; loree.Kovach@epiqglobal.com <loree.Kovach@epiqglobal.com>; Eric.Kierkegaard@epiqglobal.com <Eric.Kierkegaard@epiqglobal.com>; rbit@epiqglobal.com <rbit@epiqglobal.com>; jdiego@epiqglobal.com <jdiego@epiqglobal.com>; Erik.Cansler@epiqglobal.com <Erik.Cansler@epiqglobal.com>; Sandra.Peters@epiqglobal.com <Sandra.Peters@epiqglobal.com>; apalmer@epiqglobal.com <apalmer@epiqglobal.com>; stephanie.Amin-Giwner@epiqglobal.com <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** Re: Cin-Q v. BTL

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Your attachments have been security checked by Mimecast Attachment Protection. Files where no threat or malware was detected are attached.

---

Counsel,
On Item 1, I made the change, please confirm that you are comfortable with that language.

On Item 2, I made that change, please confirm that is acceptable

On Item 3, Class Counsel believes that we should have the ability to respond to any such motion so I built in time for that. Please let me know if this is acceptable.

On Item 4, Class Counsel agrees with Intervenors that BTL should file a separate Motion for Leave and then meet-and-confer about the relief sought pursuant to 3.01(g).

I think it is feasible for Epiq to speak for itself. I will wait for Epiq's position on (1) how many thousand(s) of claims it anticipates receiving on the last day of the claims period, (2) whether Epiq will work during the claims period to process claims as they arrive, and (3) whether the timeline proposed is manageable.

Plaintiffs intend to follow the process dictated by the Settlement Agreement that BTL agreed to in which (1) class notice is disseminated; (2) claims are submitted; (3) those claims are processed by the Administrator that BTL proposed (Epiq); (4) Epiq reports the results of its claims-processing to the parties and the court; and (5) any objections to Epiq's claims-processing results are resolved between the parties and Epiq or (if necessary) brought to the Court.

With respect to "the ascertainability issue," as BTL frame it, and as we have briefed a couple of times now, the Settlement Class that Judge Porcelli certified at the parties' request in this case is "ascertainable" under *Cherry v. Dometic Corp.*, 986 F.3d 1296, 1303 (11th Cir. 2021), because it is defined by objective criteria (being sent particular faxes in a particular time frame). That is all that is required in the Eleventh Circuit. *Id.*

--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com - EMail
(847) 350-9861 - Direct Phone
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phone
(847) 368-1501 - Office Fax


On Wed, Sep 28, 2022 at 2:12 PM <mark.mester@lw.com> wrote:

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Jon - On Item 4, we obviously recognize that we could instead file one or more motions with the Court, but Judge Porcelli asked us to meet and confer and simply suggesting we file a motion doesn't really seem fully consistent with an obligation to meaningfully meet and confer.

As such, the question posed to Ross stands, and I think it would be helpful if Ross would answer that question.   To frame it again, the question is if you don't agree with the process we proposed to address the ascertainablity issue by a) determining what evidence (if any) Class Counsel intend to introduce to demonstrate the ascertainablity of the Settlement Class and then b) determining if any confirmatory discovery is necessary with respect to that evidence and then c) allowing the Court to determine what evidence is actually admissible to be followed by d) the Court finally determining if the Settlement Class is or is not ascertainable, then what process would you propose for having this issue resolved?  Waiting until the Fairness Hearing to start this process seems destined to interject unnecessary delay.   It is for that reason we proposed that the process commence next month.  But if you are aware of other ways to do this, we are, of course, willing to consider them.

Sent with BlackBerry Work
(www.blackberry.com)

From: Jon Piper <Jonathan@classlawyers.com>
Date: Wednesday, Sep 28, 2022, 12:11 PM

**To:** Mester, Mark (CH) <mark.mester@lw.com>, rgood@andersonwanca.com <rgood@andersonwanca.com>
**Cc:** Collins, Robert (CH) <Robert.Collins@lw.com>, m@mcalaw.net <m@mcalaw.net>, Slater, Gabe (CH) <Gabe.Slater@lw.com>, Phil Bock <phil@classlawyers.com>, Robert Hatch <robert@classlawyers.com>, ghara@andersonwanca.com <ghara@andersonwanca.com>, Orlando.Castillejos@epiqglobal.com <Orlando.Castillejos@epiqglobal.com>, loree.Kovach@epiqglobal.com <loree.Kovach@epiqglobal.com>, Eric.Kierkegaard@epiqglobal.com <Eric.Kierkegaard@epiqglobal.com>, rbit@epiqglobal.com <rbit@epiqglobal.com>, jdiego@epiqglobal.com <jdiego@epiqglobal.com>, Erik.Cansler@epiqglobal.com <Erik.Cansler@epiqglobal.com>, Sandra.Peters@epiqglobal.com <Sandra.Peters@epiqglobal.com>, apalmer@epiqglobal.com <apalmer@epiqglobal.com>, stephanie.Amin-Giwner@epiqglobal.com <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** Re: Cin-Q v. BTL

On item 1 in Ross's email, I am fine if Epiq provides the settling parties, the Court, *and Intervenors* with claims data on the same date. This data should also reflect for the accepted claims *a breakdown of how many accepted claimants received 1, 2, 3 ... etc. faxes, and the resulting projected payout numbers.*

To the extent that by the date this information is provided there are claims that are not yet accepted or rejected but are subject to a "cure" process or administrative resolution (which seems to be the issue Mark is mainly focused on) then Epiq can state the total number of claims falling in that category.

On item 2, I am fine shifting the objection deadline to 10 days after the claims data is provided by Epiq. Based on Ross's proposed schedule, the data would be provided Feb. 16, 2023, so the objection would be due Feb. 27 (because Feb. 26 is a Sunday).

On item 3, I suggest that any such petition be due the same day as plaintiffs' final approval brief. Based on Ross's proposed schedule that would be March 3, 2023.

I do not have hard positions on the dates. If they need to be extended to meet Epiq's needs or other reasons that's fine so long as the items above are reflected substantively and in the same order laid out above.

On item 4 and Mark's question, as previously stated I think whatever BTL proposes to do on ascertainability should be "dealt with" by BTL filing a separate motion for leave to do whatever it is BTL proposes to do.

---

**From:** mark.mester@lw.com <mark.mester@lw.com>
**Sent:** Wednesday, September 28, 2022 11:52 AM
**To:** rgood@andersonwanca.com <rgood@andersonwanca.com>
**Cc:** Jon Piper <Jonathan@classlawyers.com>; Robert.Collins@lw.com <Robert.Collins@lw.com>; m@mcalaw.net <m@mcalaw.net>; Gabe.Slater@lw.com <Gabe.Slater@lw.com>; Phil Bock <phil@classlawyers.com>; Robert Hatch <robert@classlawyers.com>; ghara@andersonwanca.com <ghara@andersonwanca.com>; Orlando.Castillejos@epiqglobal.com <Orlando.Castillejos@epiqglobal.com>; loree.Kovach@epiqglobal.com <loree.Kovach@epiqglobal.com>; Eric.Kierkegaard@epiqglobal.com <Eric.Kierkegaard@epiqglobal.com>; rbit@epiqglobal.com <rbit@epiqglobal.com>; jdiego@epiqglobal.com <jdiego@epiqglobal.com>; Erik.Cansler@epiqglobal.com <Erik.Cansler@epiqglobal.com>; Sandra.Peters@epiqglobal.com <Sandra.Peters@epiqglobal.com>; apalmer@epiqglobal.com <apalmer@epiqglobal.com>; stephanie.Amin-Giwner@epiqglobal.com <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** RE: Cin-Q v. BTL

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Ross - We understand that Epiq can process claims as they come in, but since the vast majority of claims will inevitably come in at or near the deadline — especially because the claims period is relatively short and spans the holidays — allowing only ten days after the expiration of the claims period seem both unnecessary as well as misguided.   Even if only a fraction of claims come in at the deadline — and I am confident it will be many more than that — do you really believe it is feasible for Epiq to seek and obtain and then review information from several thousand claimants in ten days?

If you don't believe we should address this in this schedule how the ascertainability issue itself will be addressed, where and how would you propose that we address it?   I recognize you would prefer that that issue just go away, but it isn't going away.   And we thought — perhaps erroneously — that you would see benefit to everyone (including the class) in doing the prefatory work needed to address that issue while the Notice Program is being implemented so that we don't have delays at the back end if we wait until at or near the Fairness Hearing to ask for the information needed to resolve it.

Sent with BlackBerry Work
([www.blackberry.com](www.blackberry.com))

---

**From:** Ross Good <[rgood@andersonwanca.com](mailto:rgood@andersonwanca.com)>
**Date:** Wednesday, Sep 28, 2022 at 11:14 AM
**To:** Mester, Mark (CH) <[mark.mester@lw.com](mailto:mark.mester@lw.com)>
**Cc:** [Jonathan@classlawyers.com](mailto:Jonathan@classlawyers.com) <[Jonathan@classlawyers.com](mailto:Jonathan@classlawyers.com)>, Collins, Robert (CH) <[Robert.Collins@lw.com](mailto:Robert.Collins@lw.com)>, [m@mcalaw.net](mailto:m@mcalaw.net) <[m@mcalaw.net](mailto:m@mcalaw.net)>, Slater, Gabe (CH) <[Gabe.Slater@lw.com](mailto:Gabe.Slater@lw.com)>, [phil@classlawyers.com](mailto:phil@classlawyers.com) <[phil@classlawyers.com](mailto:phil@classlawyers.com)>, [robert@classlawyers.com](mailto:robert@classlawyers.com) <[robert@classlawyers.com](mailto:robert@classlawyers.com)>, [ghara@andersonwanca.com](mailto:ghara@andersonwanca.com) <[ghara@andersonwanca.com](mailto:ghara@andersonwanca.com)>, [Orlando.Castillejos@epiqglobal.com](mailto:Orlando.Castillejos@epiqglobal.com) <[Orlando.Castillejos@epiqglobal.com](mailto:Orlando.Castillejos@epiqglobal.com)>, [loree.Kovach@epiqglobal.com](mailto:loree.Kovach@epiqglobal.com) <[loree.Kovach@epiqglobal.com](mailto:loree.Kovach@epiqglobal.com)>, [Eric.Kierkegaard@epiqglobal.com](mailto:Eric.Kierkegaard@epiqglobal.com) <[Eric.Kierkegaard@epiqglobal.com](mailto:Eric.Kierkegaard@epiqglobal.com)>, [rbit@epiqglobal.com](mailto:rbit@epiqglobal.com) <[rbit@epiqglobal.com](mailto:rbit@epiqglobal.com)>, [jdiego@epiqglobal.com](mailto:jdiego@epiqglobal.com) <[jdiego@epiqglobal.com](mailto:jdiego@epiqglobal.com)>, [Erik.Cansler@epiqglobal.com](mailto:Erik.Cansler@epiqglobal.com) <[Erik.Cansler@epiqglobal.com](mailto:Erik.Cansler@epiqglobal.com)>, [Sandra.Peters@epiqglobal.com](mailto:Sandra.Peters@epiqglobal.com) <[Sandra.Peters@epiqglobal.com](mailto:Sandra.Peters@epiqglobal.com)>, [apalmer@epiqglobal.com](mailto:apalmer@epiqglobal.com) <[apalmer@epiqglobal.com](mailto:apalmer@epiqglobal.com)>, [stephanie.Amin-Giwner@epiqglobal.com](mailto:stephanie.Amin-Giwner@epiqglobal.com) <[stephanie.Amin-Giwner@epiqglobal.com](mailto:stephanie.Amin-Giwner@epiqglobal.com)>
**Subject:** Re: Cin-Q v. BTL

Counsel,
Epiq is not forbidden from processing claims during the claims period; in fact, it is anticipated that they will work diligently throughout the claims process. Why don't we just wait for Epiq to respond with their position on the dates I proposed?

My responses to Jon's points are in bold:
1.      There should be a deadline by which Epiq must provide the Court, Intervenors and any objectors with the numbers of claims submitted, accepted and rejected (reflecting the number of faxes involved in the submitted, accepted and rejected claims). - **No objection from Class Counsel**
2.      Intervenors and any objectors should be permitted 14 days to make a supplemental filing in light of that information. - **Can this be the same date as #3? We do not intend to agree to two separate filings.**
3.      There should be a deadline for anyone other than Class Counsel seeking fees or incentive awards to submit petitions for such. - **What date do you propose? This will be titled "Any other party seeking to pursue an incentive award or any other attorney seeking to pursue an award of fees" as previously set by the Court in the original Preliminary Approval Order (Doc. 343 at 82-83)**
4.      Intervenors object to discovery and briefing on ascertainability. If BTL wants to take discovery at this point, it should make a separate motion for leave to do so. If BTL wants to move to decertify (and Intervenors do not believe that such a motion by any of the settling parties would be appropriate) it can do so now or at the time set forth in the order. - **Judge Porcelli ordered us to provide "a proposed timeline for the previously set deadlines in this Court's Order granting preliminary approval of the settlement (Doc. 343)." (Doc. 413, Order at 1). There are**

no "previously set deadlines" in the preliminary approval order with respect to the things BTL is suggesting, and so they don't belong in this joint proposal.

Thank you

--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com - EMail
(847) 350-9861 - Direct Phone
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phone
(847) 368-1501 - Office Fax


On Tue, Sep 27, 2022 at 6:26 PM <mark.mester@lw.com> wrote:

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Not faulty at all, just not especially flattering to Brian.    We never suggested that Brian said that directly to us.   He said it to Judge Andersen, who then reported it orally to us.    Judge Andersen may have also included it in an email.  With the passage of time, I don't recall whether he did that or not.   But I know he reported it to us orally, and I distinctly recall Brian being increasingly focused on Capitol One, in spite of the manifest differences between this case and ours.

But if 5% were Brian's only estimate, that would only make all the unsustainable the notion that Epiq could feasibly process and evaluate upwards of 6500 claims on only ten days, yet that seems to be exactly what Ross is now proposing.

Sent with BlackBerry Work
(www.blackberry.com)

---

**From:** Jon Piper <Jonathan@classlawyers.com>
**Date:** Tuesday, Sep 27, 2022 at 6:49 PM
**To:** Mester, Mark (CH) <mark.mester@lw.com>, rgood@andersonwanca.com <rgood@andersonwanca.com>, Collins, Robert (CH) <Robert.Collins@lw.com>, m@mcalaw.net <m@mcalaw.net>, Slater, Gabe (CH) <Gabe.Slater@lw.com>, Phil Bock <phil@classlawyers.com>, Robert Hatch <robert@classlawyers.com>, ghara@andersonwanca.com <ghara@andersonwanca.com>
**Cc:** Orlando.Castillejos@epiqglobal.com <Orlando.Castillejos@epiqglobal.com>, loree.Kovach@epiqglobal.com <loree.Kovach@epiqglobal.com>, Eric.Kierkegaard@epiqglobal.com <Eric.Kierkegaard@epiqglobal.com>, rbit@epiqglobal.com <rbit@epiqglobal.com>, jdiego@epiqglobal.com <jdiego@epiqglobal.com>, Erik.Cansler@epiqglobal.com <Erik.Cansler@epiqglobal.com>, Sandra.Peters@epiqglobal.com <Sandra.Peters@epiqglobal.com>, apalmer@epiqglobal.com <apalmer@epiqglobal.com>, stephanie.Amin-Giwner@epiqglobal.com <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** Re: Cin-Q v. BTL

I'd like to see an email that reflects that. There's no evidence that you had any oral communications with Wanca after the email quoted from below, so it would have to have been reflected in writing. Your recollections about those communications have proven faulty when compared to the written record.

**From:** mark.mester@lw.com <mark.mester@lw.com>
**Sent:** Tuesday, September 27, 2022 6:45 PM
**To:** Jon Piper <Jonathan@classlawyers.com>; rgood@andersonwanca.com <rgood@andersonwanca.com>; Robert.Collins@lw.com <Robert.Collins@lw.com>; m@mcalaw.net <m@mcalaw.net>; Gabe.Slater@lw.com <Gabe.Slater@lw.com>; Phil Bock <phil@classlawyers.com>; Robert Hatch <robert@classlawyers.com>; ghara@andersonwanca.com <ghara@andersonwanca.com>
**Cc:** Orlando.Castillejos@epiqglobal.com <Orlando.Castillejos@epiqglobal.com>; loree.Kovach@epiqglobal.com <loree.Kovach@epiqglobal.com>; Eric.Kierkegaard@epiqglobal.com <Eric.Kierkegaard@epiqglobal.com>; rbit@epiqglobal.com <rbit@epiqglobal.com>; jdiego@epiqglobal.com <jdiego@epiqglobal.com>; Erik.Cansler@epiqglobal.com <Erik.Cansler@epiqglobal.com>; Sandra.Peters@epiqglobal.com <Sandra.Peters@epiqglobal.com>; apalmer@epiqglobal.com <apalmer@epiqglobal.com>; stephanie.Amin-Giwner@epiqglobal.com <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** RE: Cin-Q v. BTL

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Jon - We will respond to the balance of your email in due course, but in terms of Brian's estimates, he definitely started at 5%, but I believe he eventually got to .5% as he continued to demand a $92 million virtual fund and seemed to become more and more transfixed on eclipsing the amount of what we understood was the Capitol One settlement.

Sent with BlackBerry Work
(www.blackberry.com)

**From:** Jon Piper <Jonathan@classlawyers.com>
**Date:** Tuesday, Sep 27, 2022 at 6:30 PM
**To:** Mester, Mark (CH) <mark.mester@lw.com>, rgood@andersonwanca.com <rgood@andersonwanca.com>, Collins, Robert (CH) <Robert.Collins@lw.com>, m@mcalaw.net <m@mcalaw.net>, Slater, Gabe (CH) <Gabe.Slater@lw.com>, Phil Bock <phil@classlawyers.com>, Robert Hatch <robert@classlawyers.com>, ghara@andersonwanca.com <ghara@andersonwanca.com>
**Cc:** Orlando.Castillejos@epiqglobal.com <Orlando.Castillejos@epiqglobal.com>, loree.Kovach@epiqglobal.com <loree.Kovach@epiqglobal.com>, Eric.Kierkegaard@epiqglobal.com <Eric.Kierkegaard@epiqglobal.com>, rbit@epiqglobal.com <rbit@epiqglobal.com>, jdiego@epiqglobal.com <jdiego@epiqglobal.com>, Erik.Cansler@epiqglobal.com <Erik.Cansler@epiqglobal.com>, Sandra.Peters@epiqglobal.com <Sandra.Peters@epiqglobal.com>, apalmer@epiqglobal.com <apalmer@epiqglobal.com>, stephanie.Amin-Giwner@epiqglobal.com <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** Re: Cin-Q v. BTL

We're still reviewing the competing proposals, but in the interests of efficiency I want to raise four issues:

1.       There should be a deadline by which Epiq must provide the Court, Intervenors and any objectors with the numbers of claims submitted, accepted and rejected.

2.    Intervenors and any objectors should be permitted 14 days to make a supplemental filing in light of that information.

3.    There should be a deadline for anyone other than Class Counsel seeking fees or incentive awards to submit petitions for such.

4.    Intervenors object to discovery and briefing on ascertainability. If BTL wants to take discovery at this point, it should make a separate motion for leave to do so. If BTL wants to move to decertify (and Intervenors do not believe that such a motion by any of the settling parties would be appropriate) it can do so now or at the time set forth in the order.

Mark - I reviewed the emails, and you are inaccurately recollecting your discussions with Wanca. At the time you stated that he had projected a 5% claims rate. Please see below:

| From: | Mester, Mark (CH) </O=LW/OU=CH/CN=RECIPIENTS/CN=MARK MESTER> |
| To: | Wayne Andersen; David Oppenheim |
| Sent: | 10/25/2015 5:32:20 PM |
| Subject: | RE: Bucs settlement term sheet theirs |

Judge - As you probably recall, Brian estimated the likely claim-in rate at 5% during our initial m in August. In our view, that is a fairly reasonable estimate, though we think the actual claim-in ra lower and more in the range of 1% to 2%, given the nature of the claims, the fact that so much tim since the faxes were allegedly sent and the Bucaneers' position in the community.

**From:** mark.mester@lw.com <mark.mester@lw.com>
**Sent:** Tuesday, September 27, 2022 5:45 PM
**To:** rgood@andersonwanca.com <rgood@andersonwanca.com>; Jon Piper <Jonathan@classlawyers.com>; Robert.Collins@lw.com <Robert.Collins@lw.com>; m@mcalaw.net <m@mcalaw.net>; Gabe.Slater@lw.com <Gabe.Slater@lw.com>; Phil Bock <phil@classlawyers.com>; Robert Hatch <robert@classlawyers.com>; ghara@andersonwanca.com <ghara@andersonwanca.com>
**Cc:** Orlando.Castillejos@epiqglobal.com <Orlando.Castillejos@epiqglobal.com>; loree.Kovach@epiqglobal.com <loree.Kovach@epiqglobal.com>; Eric.Kierkegaard@epiqglobal.com <Eric.Kierkegaard@epiqglobal.com>; rbit@epiqglobal.com <rbit@epiqglobal.com>; jdiego@epiqglobal.com <jdiego@epiqglobal.com>; Erik.Cansler@epiqglobal.com <Erik.Cansler@epiqglobal.com>; Sandra.Peters@epiqglobal.com <Sandra.Peters@epiqglobal.com>; apalmer@epiqglobal.com <apalmer@epiqglobal.com>; stephanie.Amin-Giwner@epiqglobal.com <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** RE: Cin-Q v. BTL

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Ross - I believe we were directed to meet and confer.   Can you provide an explanation as to why you rejected each of the entries in our proposal that you rejected?

In terms of entries you didn't reject but changed dates on, can you also explain the reason for the change?

I would be particularly interested to know why you believe it would be remotely feasible for Epiq to undertake the verification measures contemplated by the Settlement Agreement and addressed by the Court at the August hearing for claims that are submitted in only ten days (I.e., Feb 6 to Feb 16). I don't believe that would be feasible if claim-in were as low as Brian promised it would be during the mediation with Judge Andersen, but given that we will now be sending (at your behest) mailed notice to up to sixteen people (or more) associated with a single number on the Biggerstaff list, ten days seems utterly unrealistic.

Epiq - Please let us know if it would be helpful for us to send you a highlighted copy of the full transcript from the August hearing so you can fully understand and incorporate into your assessment the Court's understanding of the Settlement Agreement and the role of the Settlement Administrator in obtaining documentation from persons who claim-in before accepting or rejecting claims.

Thank you.

Sent with BlackBerry Work
([www.blackberry.com](www.blackberry.com))

---

**From:** Ross Good <[rgood@andersonwanca.com](rgood@andersonwanca.com)>
**Date:** Tuesday, Sep 27, 2022 at 5:19 PM
**To:** Mester, Mark (CH) <[mark.mester@lw.com](mark.mester@lw.com)>, Jon Piper <[Jonathan@classlawyers.com](Jonathan@classlawyers.com)>, Collins, Robert (CH) <[Robert.Collins@lw.com](Robert.Collins@lw.com)>, Michael Addison <[m@mcalaw.net](m@mcalaw.net)>, Slater, Gabe (CH) <[Gabe.Slater@lw.com](Gabe.Slater@lw.com)>, Phil Bock <[phil@classlawyers.com](phil@classlawyers.com)>, Robert Hatch <[robert@classlawyers.com](robert@classlawyers.com)>, Glenn Hara <[ghara@andersonwanca.com](ghara@andersonwanca.com)>
**Cc:** Castillejos, Orlando <[Orlando.Castillejos@epiqglobal.com](Orlando.Castillejos@epiqglobal.com)>, Kovach, Loree <[loree.Kovach@epiqglobal.com](loree.Kovach@epiqglobal.com)>, Kierkegaard, Eric <[Eric.Kierkegaard@epiqglobal.com](Eric.Kierkegaard@epiqglobal.com)>, Bithell, Richard <[rbit@epiqglobal.com](rbit@epiqglobal.com)>, Diego, Juana <[jdiego@epiqglobal.com](jdiego@epiqglobal.com)>, Cansler, Erik <[Erik.Cansler@epiqglobal.com](Erik.Cansler@epiqglobal.com)>, Peters, Sandra <[Sandra.Peters@epiqglobal.com](Sandra.Peters@epiqglobal.com)>, Palmer, Adam <[apalmer@epiqglobal.com](apalmer@epiqglobal.com)>, Amin-Giwner, Stephanie <[stephanie.Amin-Giwner@epiqglobal.com](stephanie.Amin-Giwner@epiqglobal.com)>
**Subject:** Re: Cin-Q v. BTL

To all,
Judge Porcelli ordered us to provide "a proposed timeline for the previously set deadlines in this Court's Order granting preliminary approval of the settlement (Doc. 343)." (Doc. 413, Order at 1). In accordance with that order, I have attached a redline draft proposing new dates for the deadlines in the preliminary approval order. To the extent BTL (or Intervenors) seek to add additional deadlines that deviate from Judge Porcelli's Preliminary Approval Order, Class Counsel believes we will have to provide the Court separate positions.

Can Epiq confirm that the dates proposed by Class Counsel are manageable (assuming a ruling from Judge Porcelli on or before October 13, 2022)?

Jon, can you provide TTA's position for the 3.01(g) certification?

Please provide your positions by close of business on September 29, 2022.

Thank you

--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com - EMail
(847) 350-9861 - Direct Phone
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phone
(847) 368-1501 - Office Fax


On Mon, Sep 26, 2022 at 6:53 PM <mark.mester@lw.com> wrote:

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Jon - Understood, and that's why I asked Robbie to be sure to copy you on the email and draft.

Best regards.

Sent with BlackBerry Work
(www.blackberry.com)

**From:** Jon Piper <Jonathan@classlawyers.com>
**Date:** Monday, Sep 26, 2022 at 7:51 PM
**To:** Mester, Mark (CH) <mark.mester@lw.com>, Collins, Robert (CH) <Robert.Collins@lw.com>, rgood@andersonwanca.com <rgood@andersonwanca.com>, m@mcalaw.net <m@mcalaw.net>
**Cc:** Slater, Gabe (CH) <Gabe.Slater@lw.com>, Phil Bock <phil@classlawyers.com>, Robert Hatch <robert@classlawyers.com>
**Subject:** Re: Cin-Q v. BTL

Mark - thanks for explaining where you're coming from.

Given that we are not being asked to sign the stip, I do not think it is necessary to debate these points at this time. We can do that down the line.

I would appreciate continuing to be kept in the loop,  especially with regard to discovery.

**From:** mark.mester@lw.com <mark.mester@lw.com>
**Sent:** Monday, September 26, 2022 6:30 PM
**To:** Jon Piper <Jonathan@classlawyers.com>; Robert.Collins@lw.com <Robert.Collins@lw.com>; rgood@andersonwanca.com <rgood@andersonwanca.com>; m@mcalaw.net <m@mcalaw.net>
**Cc:** Gabe.Slater@lw.com <Gabe.Slater@lw.com>; Phil Bock <phil@classlawyers.com>; Robert Hatch <robert@classlawyers.com>
**Subject:** RE: Cin-Q v. BTL

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Jon - I will have to check my notes, but I believe Brian indicated to us at some point during the mediation with Judge Andersen that we should expect claim-in below 1% and likely below .5% in this case in trying to persuade us to accept the $92 million virtual fund.   So using that as a metric, we would be expecting something in the range of 650 to 1300 claims.

More fundamentally, however, since we will now be sending (at Ross' behest) mailed notices to up to sixteen (or more) different persons for a single number, we wouldn't even have a clear indication that claims were valid if we ended up in the range of 650 to 1300 claims, as it would be entirely possible (if not likely) that someone claiming in who held one of the numbers on the Biggerstaff list actually did not hold the number in the 2009 to 2010 time period.   And as we indicated at the hearing in August, I think the substantially broader mailed notice that we will now have (again at Ross' behest) creates a real risk of an avalanche of invalid and fraudulent claims, which will only increase the burden on the Settlement Administrator, the Parties and ultimately the Court.   That is an issue we tried to address in our draft.

As for discovery, we have made fairly clear for some time that we believe it may be necessary for BTL to move to decertify the Settlement Class, and confirmatory discovery is certainly not something that is unusual during an approval process for a class action settlement.   At this point, however, we don't know for certain that discovery will be necessary, because we don't know what evidence (if any) Class Counsel have to carry their burden of demonstrating that the Settlement Class is in fact ascertainable.   That is why we structured the proposed schedule to set as the first order of business an identification by Class Counsel of the evidence and opinions they intend to rely upon to try and establish ascertainablity.   As you probably recall, Class Counsel didn't address at all the issue of ascertainability in their Preliminary Approval motion, though that was obviously before Epiq encountered all of the problems it did tracking down matches for the numbers on the Biggerstaff list.   Our operating assumption is Class Counsel have no other evidence; otherwise, I suspect we wouldn't be using as a source for matching names and addresses results obtained from a source that explicitly said its database should not be used for this purpose.   But the reason why I asked Ross the question I did last week about subpoenas to telephone service providers was precisely to confirm whether Class Counsel have something that we don't know about.

Our primary reason, however, for building all of this into the schedule is that we assumed (perhaps incorrectly) that everyone would prefer to do as much work as we can on the ascertainablity issue before we get to the Fairness Hearing so that we don't have to delay that hearing to sort out discovery and evidentiary issues that I strongly suspect will otherwise be front and center.   Our schedule creates an orderly process for doing that that doesn't inject further delay into the approval process and that allows the Court ample time to consider these issues once they are briefed by the Parties in advance of the Fairness Hearing.

Sent with BlackBerry Work
(www.blackberry.com)

---

**From:** Jon Piper <Jonathan@classlawyers.com>
**Date:** Monday, Sep 26, 2022, 12:37 PM
**To:** Collins, Robert (CH) <Robert.Collins@lw.com>, rgood@andersonwanca.com <rgood@andersonwanca.com>, m@mcalaw.net <m@mcalaw.net>
**Cc:** Mester, Mark (CH) <mark.mester@lw.com>, Slater, Gabe (CH) <Gabe.Slater@lw.com>, Phil Bock <phil@classlawyers.com>, Robert Hatch <robert@classlawyers.com>
**Subject:** Re: Cin-Q v. BTL

Rob - can you please quantify the number of claims that you "fear" will be an "inordinate amount of claims"? 1 claim, 100 claims, 1000 ...?

Also, can you please enlighten me where in the record Judge Porcelli contemplated discovery on ascertainability or a motion by BTL to decertify the class?

---

**From:** Robert.Collins@lw.com <Robert.Collins@lw.com>
**Sent:** Monday, September 26, 2022 12:06 PM
**To:** rgood@andersonwanca.com <rgood@andersonwanca.com>; m@mcalaw.net <m@mcalaw.net>
**Cc:** mark.mester@lw.com <mark.mester@lw.com>; Gabe.Slater@lw.com <Gabe.Slater@lw.com>; Jon Piper <Jonathan@classlawyers.com>
**Subject:** Cin-Q v. BTL

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Your attachments have been security checked by Mimecast Attachment Protection. Files where no threat or malware was detected are attached.

---

Ross –

As promised, please find attached a draft of the jointly-proposed schedule that is due at the end of the week. We heard back from our client on this yesterday, and BTL is signed off on this schedule.

As you will note, we tried to address in the schedule all of the things that likely need to occur for the balance of the approval process. We did not limit this schedule to notice only. As Mark indicated in his email to you yesterday, however, one of the issues that obviously needs to be resolved is ascertainability, and we have accounted for that in the draft. Our thinking is that we should do whatever we can to avoid unnecessary delay, and to that end, we have included in the schedule work on the ascertainablity issue that can be done while notice and the claims process are ongoing. We also tried to address in the schedule the amount of time the Settlement Administrator will need to understand the work that Judge Porcelli addressed in terms of claims processing at the August hearing. If there are an inordinate number of claims (as we fear there may be), then the schedule may need to be adjusted, but we proposed here what we would typically propose in a more conventional class case.

As I indicated last week, I am at trial in San Francisco and will be for the balance of this week and the next two (at least). Once you have had an opportunity to review this draft, let me know your thoughts as soon as possible, and I will do my best to get back to you as soon as possible.

Best regards.

**Robert C. Collins III**

**LATHAM & WATKINS LLP**

330 North Wabash Avenue, Suite 2800 | Chicago, IL 60611

D: +1.312.876.6566 | M: +1.219.789.3376

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying,

distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security,

compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.