# EXHIBIT 9

Cin-Q Automobiles, Inc., et al. v. BTL
Case No. 8:13-cv-01592-AEP (M.D. Fla.)

| | |
|---|---|
| **From:** | Collins, Robert (CH) |
| **Sent:** | Monday, January 30, 2023 3:11 PM |
| **To:** | Castillejos, Orlando |
| **Cc:** | Mester, Mark (CH); Slater, Gabe (CH) |
| **Subject:** | RE: Cin-Q v. BTL |

Thanks, Orlando

---

**From:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>
**Sent:** Monday, January 30, 2023 3:10 PM
**To:** Collins, Robert (CH) <Robert.Collins@lw.com>
**Cc:** Mester, Mark (CH) <mark.mester@lw.com>; Slater, Gabe (CH) <Gabe.Slater@lw.com>
**Subject:** RE: Cin-Q v. BTL

Hi Robbie,

That's right. We're only looking at exhibit_7.xlsx which lists the 131,011 fax numbers used to run the reverse lookup. Claims which list numbers not on the exhibit_7.xlsx list are not valid.

Thanks for following up.
Orlando

**Orlando Castillejos**
Epiq | Project Manager
Mobile:  +1 502 931 0892
Email:  orlando.castillejos@epiqglobal.com

**People. Partnership. Performance.**
www.epiqglobal.com

---

**From:** Robert.Collins@lw.com <Robert.Collins@lw.com>
**Sent:** Monday, January 30, 2023 3:08 PM
**To:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>
**Cc:** mark.mester@lw.com; Gabe.Slater@lw.com
**Subject:** RE: Cin-Q v. BTL

Orlando – we hope you had a nice weekend.  We just wanted to follow up with you on my note below.

Best,
Robbie

---

**From:** Collins, Robert (CH)
**Sent:** Monday, January 23, 2023 10:07 AM
**To:** 'Castillejos, Orlando' <Orlando.Castillejos@epiqglobal.com>
**Cc:** Mester, Mark (CH) <MARK.MESTER@lw.com>; Slater, Gabe (CH) <Gabe.Slater@lw.com>
**Subject:** RE: Cin-Q v. BTL

Thank you, Orlando

1

Also, it probably goes without saying, but looking at the data and numbers your team has been sending over, we just wanted to confirm that only claims related to numbers on the "Biggerstaff" list (i.e., the list of numbers Epiq used to run the reverse lookup that was prepared by plaintiffs' expert) might be valid, and claims related to numbers not on that list cannot be valid claims.

---

**From:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>
**Sent:** Thursday, January 19, 2023 7:56 AM
**To:** Collins, Robert (CH) <Robert.Collins@lw.com>
**Cc:** Mester, Mark (CH) <mark.mester@lw.com>; Slater, Gabe (CH) <Gabe.Slater@lw.com>
**Subject:** RE: Cin-Q v. BTL

Agreed. If we are going to follow up with LexisNexis records then our only option to cure the claims would be with supporting documentation. I'll include a list of defect types, counts and recommendations for both parties to review. From Epiq's perspective, it's important that both parties are aware and provide feedback on how the defect process is handled. I should have the defect list in the next week.

**Orlando Castillejos**
Epiq | Project Manager
Mobile:  +1 502 931 0892
Email:  orlando.castillejos@epiqglobal.com

**People. Partnership. Performance.**
www.epiqglobal.com

---

**From:** Robert.Collins@lw.com <Robert.Collins@lw.com>
**Sent:** Wednesday, January 18, 2023 7:06 PM
**To:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>
**Cc:** mark.mester@lw.com; Gabe.Slater@lw.com
**Subject:** RE: Cin-Q v. BTL

Thanks for the information, Orlando.  So to confirm, if there are 2 or more claims related to the same fax line, Epiq requests additional documentation?  What type of documentation?  Here, the claimants have already filed a claim with an attestation under penalty of perjury, so presumably something beyond an attestation would be needed at this point.

On the LexisNexis records, we did envision the need to request documentation, consistent with the declaration of the LexisNexis representation saying independent verification is needed, and from your response the other day, we understood Epiq agreed.  Let us know if we misunderstood.

---

**From:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>
**Sent:** Wednesday, January 18, 2023 5:27 PM
**To:** Collins, Robert (CH) <Robert.Collins@lw.com>
**Cc:** Mester, Mark (CH) <mark.mester@lw.com>; Slater, Gabe (CH) <Gabe.Slater@lw.com>
**Subject:** RE: Cin-Q v. BTL

Hi Robbie,

We will review for duplicates after the claim filing deadline. Normally, if the exact name, address and fax number(s) are claimed then no additional outreach is performed but if there multiple claims to a fax number then we request documentation. It's possible there were multiple owners of a fax number during the class period but it's considered an uncommon occurrence and flags are raised when there are 3 or more claims to a fax number. The question of ownership is usually resolved through an attestation or documentation.

For the LexisNexis records, did you envision we request documentation?

Thanks,
Orlando

**Orlando Castillejos**
Epiq | Project Manager
Mobile:  +1 502 931 0892
Email:  orlando.castillejos@epiqglobal.com

**People. Partnership. Performance.**
www.epiqglobal.com

---

**From:** Robert.Collins@lw.com <Robert.Collins@lw.com>
**Sent:** Tuesday, January 17, 2023 12:20 PM
**To:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>
**Cc:** mark.mester@lw.com; Gabe.Slater@lw.com
**Subject:** RE: Cin-Q v. BTL

Orlando –

In addition to my email yesterday, we separately wanted to raise with you the issue of the duplicate claims and were wondering how Epiq is planning to address those.

If you could get back to us at your convenience on this as well, we would appreciate it.

Thanks again for your help.

Best regards,
Robbie

---

**From:** Collins, Robert (CH)
**Sent:** Monday, January 16, 2023 1:31 PM
**To:** 'Castillejos, Orlando' <Orlando.Castillejos@epiqglobal.com>
**Cc:** Mester, Mark (CH) <MARK.MESTER@lw.com>; Slater, Gabe (CH) <Gabe.Slater@lw.com>
**Subject:** RE: Cin-Q v. BTL

Orlando –

Thank you for your prompt response on the LexisNexis issue.  We really appreciate it.

Further to our exchange below, Epiq's latest numbers show 774 unique fax numbers related to the Lexis results but not the TransUnion results.  Attached please find a list of those numbers.  There are 841 rows rather than 774 because some of the 774 numbers are associated with more than 1 tracking number.

Hopefully this information helps your team.

Best,
Robbie

---

**From:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>
**Sent:** Friday, January 13, 2023 8:47 AM

3

**To:** Collins, Robert (CH) <Robert.Collins@lw.com>
**Cc:** Mester, Mark (CH) <mark.mester@lw.com>; Slater, Gabe (CH) <Gabe.Slater@lw.com>
**Subject:** RE: Cin-Q v. BTL

Thank you Robbie. We agree with the need to follow up with this group. We'll include this group as well as other groups identified and inform the parties of the defect population before defect letters mail.

**Orlando Castillejos**
Epiq | Project Manager
Mobile:  +1 502 931 0892
Email:  orlando.castillejos@epiqglobal.com

**People. Partnership. Performance.**
www.epiqglobal.com

---

**From:** Robert.Collins@lw.com <Robert.Collins@lw.com>
**Sent:** Wednesday, January 11, 2023 9:01 PM
**To:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>
**Cc:** mark.mester@lw.com; Gabe.Slater@lw.com
**Subject:** Cin-Q v. BTL

> **CAUTION:** This email originated from outside of Epiq. Do not click links or open attachments unless you recognize the sender and know the content is safe. Report phishing by using the "Phish Alert Report" button above.

Dear Orlando:

With the claims deadline of February 6, 2023 approaching and mindful of our mutual desire to maintain the existing schedule, we are reaching out to you now regarding what we believe is a clear need for additional information regarding certain of the claims received to date.

Based on the claims data provided by Epiq on January 3, 2023, there are at least 749 claims related to fax numbers for which we understand *only* LexisNexis *but not* TransUnion identified a match.  As you know, only valid, non-fraudulent claims are permissible under the Settlement Agreement.  See Settlement Agt. (Dkt. 324-1) §§ VIII.D & E.  As you no doubt also know, LexisNexis submitted a declaration to the Court in August 2022 that (1) disclaimed that its databases were intended or designed to accurately identify the historic holder of a line for purposes of class notice, (2) stated that the LexisNexis data may contain errors and is not free from defects, and (3) stated that matches may include persons or entities that ceased being associated with the telephone number in question before the time period in question.  See Declaration of Shawn R. Parks (Dkt. 398-2), attached hereto.  LexisNexis further warned that before relying on any of its data, that data "should be independently verified."  See id.

Based on this evidence and other information and factors, Judge Porcelli noted that "the LexisNexis reverse lookup is less reliable than the TransUnion reverse lookup," without otherwise fully endorsing TransUnion either.  See Aug. 31, 2022 Hr'g Tr. (Dkt. 410) at 163:19-22.  He noted, however, that the Settlement Agreement comprehends a robust process for investigating the possibility of fraudulent claims (see, e.g., Settlement Agt. (Dkt. 324-1) § VIII.E (addressing audit rights of BTL)), and we believe he expressly relied on this process in deciding to permit mailed notice to be sent to persons and businesses identified *only* by LexisNexis.  See Aug. 31, 2022 Hr'g Tr. (Dkt. 410) at 165:19-166:12 (finding that such notice was appropriate when balanced against the right of "due process of the defendant that is contemplated by Section VIII(E) of the Settlement Agreement," including Epiq's ability to seek documentation or additional information from claimants, Epiq's responsibility to send deficiency notices where appropriate and BTL's right to challenge the validity of claims).

Based on the foregoing, we believe it is critical to ensure that these 749 claims are not fraudulent and are valid before they can be approved and accepted.  Given LexisNexis' own statements that its data is not dependently

reliable, may contain errors and must be independently verified, it is not sufficient that a claimant appears in the LexisNexis results.  We instead believe that Epiq should request that each such claimant provide documentation to show that he or she held the line in question in 2009 and/or 2010 as well as any other documentation Epiq believes is necessary to independently verify the claim.  To that end, we are attaching a list of the 749 claims at issue, by tracking number.  We also expect that additional claims from claimants who were *only* identified by LexisNexis but *not* TransUnion may be received over the next month, and we ask that a similar request be made of those claimants as well.

There may well be (and likely are) additional categories of claims and other individual claims for which documentation should be requested.  But we wanted to start with this subset of claims in order to get the ball rolling.

We are happy to discuss further at your convenience if you wish.

Best regards,
Robbie

**Robert C. Collins III**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800 | Chicago, IL 60611
D: +1.312.876.6566 | M: +1.219.789.3376

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.