# EXHIBIT 16

| | |
|---|---|
| **From:** | Collins, Robert (CH) |
| **Sent:** | Friday, May 26, 2023 5:39 PM |
| **To:** | Jonathan@classlawyers.com |
| **Cc:** | Mester, Mark (CH) |
| **Subject:** | Cin-Q v. BTL – Intervenors' Claim Forms |

Jon – Further to your comments at the May 22, 2023 hearing, we wanted to address the Claim Forms submitted by your five clients and the fact that one of your clients (i.e., Barewood Outlet, Inc.) failed as we understand it to provide any fax number matching the Biggerstaff list, while the other four each provided one non-matching fax number. Is it your current understanding that Barewood Outlet is actually a member of the Settlement Class?

We certainly hope that the provision of invalid fax numbers was an error on behalf of your clients. Given that the Claim Form requires each claimant to attest under penalty of perjury that each fax number they provided received a fax or faxes during the time period of July 2009 to June 2010, any invalid fax number provided obviously raises questions as to the accuracy of that attestation.

Nonetheless, if your clients were to provide us with any form of documentation that the invalid numbers were claimed in error and that they in fact held other numbers on the Biggerstaff list from July of 2009 to June of 2010 and can confirm they recall receiving faxes at those numbers, BTL would have no objection under the circumstances to accepting as timely filed a revised Claim Form submission from Barewood Outlet as well as your other four clients.

In the alternative, is it your clients' position that they did in fact receive facsimiles at issue in this case on each of the claimed fax numbers? And if so, do we understand correctly that their position is that the Biggerstaff list does not accurately reflect the fax numbers on which facsimiles in this case were received?

Best regards.

Robbie

**Robert C. Collins III**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800 | Chicago, IL 60611
D: +1.312.876.6566 | M: +1.219.789.3376