# EXHIBIT 20

Cin-Q Automobiles, Inc., et al. v. BTL
Case No. 8:13-cv-01592-AEP (M.D. Fla.)

| | |
|---|---|
| **From:** | Ross Good <rgood@andersonwanca.com> |
| **Sent:** | Thursday, September 29, 2022 10:29 AM |
| **To:** | Mester, Mark (CH) |
| **Cc:** | Jonathan@classlawyers.com; Collins, Robert (CH); m@mcalaw.net; Slater, Gabe (CH); phil@classlawyers.com; robert@classlawyers.com; ghara@andersonwanca.com; Orlando.Castillejos@epiqglobal.com; loree.Kovach@epiqglobal.com; Eric.Kierkegaard@epiqglobal.com; rbit@epiqglobal.com; jdiego@epiqglobal.com; Erik.Cansler@epiqglobal.com; Sandra.Peters@epiqglobal.com; apalmer@epiqglobal.com; stephanie.Amin-Giwner@epiqglobal.com |
| **Subject:** | Re: Cin-Q v. BTL |
| **Attachments:** | Cin-Q v. BTL - Joint Proposed Timeline of Deadlines(135513642.11) - CinQ DRAFT2.docx |

Counsel,
On Item 1, I made the change, please confirm that you are comfortable with that language.

On Item 2, I made that change, please confirm that is acceptable

On Item 3, Class Counsel believes that we should have the ability to respond to any such motion so I built in time for that. Please let me know if this is acceptable.

On Item 4, Class Counsel agrees with Intervenors that BTL should file a separate Motion for Leave and then meet-and-confer about the relief sought pursuant to 3.01(g).

I think it is feasible for Epiq to speak for itself. I will wait for Epiq's position on (1) how many thousand(s) of claims it anticipates receiving on the last day of the claims period, (2) whether Epiq will work during the claims period to process claims as they arrive, and (3) whether the timeline proposed is manageable.

Plaintiffs intend to follow the process dictated by the Settlement Agreement that BTL agreed to in which (1) class notice is disseminated; (2) claims are submitted; (3) those claims are processed by the Administrator that BTL proposed (Epiq); (4) Epiq reports the results of its claims-processing to the parties and the court; and (5) any objections to Epiq's claims-processing results are resolved between the parties and Epiq or (if necessary) brought to the Court.

With respect to "the ascertainability issue," as BTL frame it, and as we have briefed a couple of times now, the Settlement Class that Judge Porcelli certified at the parties' request in this case is "ascertainable" under *Cherry v. Dometic Corp.*, 986 F.3d 1296, 1303 (11th Cir. 2021), because it is defined by objective criteria (being sent particular faxes in a particular time frame). That is all that is required in the Eleventh Circuit. *Id*.

--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com - EMail
(847) 350-9861 - Direct Phone
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phone
(847) 368-1501 - Office Fax

1