UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| CIN-Q AUTOMOBILES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> BUCCANEERS LIMITED PARTNERSHIP and JOHN DOES 1-10, <br><br> Defendants, <br><br> ——————————————— <br><br> TECHNOLOGY TRAINING ASSOCIATES, INC., et al., <br><br> Intervenors. | Case No. 8:13-cv-01592-AEP <br><br> Magistrate Judge Anthony E. Porcelli |

**OPPOSED MOTION FOR LEAVE TO REPLY TO THE MEMORANDUM SUBMITTED BY INTERVENORS' COUNSEL (DKT. 460)**

BTL respectfully requests leave to file a seven-page reply to the memorandum filed by Intervenors Technology Training Associates, Inc., et al. ("Intervenors") in response to BTL's June 16, 2023 motion to compel compliance with Section VIII of the Settlement Agreement (see Intervenors' Resp. (Dkt. 460)):[1]

1. In their apparent haste to cast aspersions on BTL, Intervenors and their counsel neglected to apprise the Court of important facts that directly bear on their recent submission:

  a. At the May 22, 2023 hearing, Mr. Piper made some somewhat cryptic remarks regarding the Claim Forms submitted by Intervenors. See May 22, 2023 Hr'g Tr. (Dkt. 444) at 18-20. Those comments largely focused on the fact that at least some Intervenors were not identified in the reverse

---

[1] Capitalized terms have the meaning ascribed to them in the Settlement Agreement filed with Plaintiffs' motion for preliminary approval. See Settlement Agt. (Dkt. 324-1). In addition, all emphasis is supplied, and all internal citations, quotations and footnotes are omitted.

lookups and one Intervenor (i.e., Barewood Outlet, Inc. ("Barewood")) apparently put the wrong number on its Claim Form. See id.

 b. Shortly after that hearing and given the foregoing remarks by Mr. Piper, counsel for BTL contacted Mr. Piper for purposes of clarification and to address any concerns Mr. Piper had regarding his clients' Claim Forms. See Decl. of R. Collins, Ex. A hereto, at Ex. 2 thereto (May 26, 2023 Email fr. R. Collins to J. Piper).

 c. Mr. Piper responded that same day, promising he would provide a substantive response the following week but suggesting that we had misunderstood his comments at the hearing. See Collins Decl., Ex. A, at Ex. 3 thereto (May 26, 2023 Email from J. Piper to R. Collins).

 d. Intervenors' counsel, however, never provided a substantive response to our May 26, 2023 email. See Collins, Ex. A, at ¶ 5. Moreover, they never provided the Settlement Administrator (to our knowledge) or us with the information included in their recent submission. See Intervenors' Resp. (Dkt. 460).

 e. It remains to be seen how it was in the interests of the Settlement Class or the Court for Intervenors and their counsel to conceal a potential discrepancy in the results reported to the Parties and the Court by the Settlement Administrator. If the potential discrepancy had been raised by Intervenors when BTL first contacted their counsel in May, then any issues could have been rectified well before the recent submissions to the Court, and without doubt, time and effort could have been saved. But Intervenors and their counsel would seem more interested in sitting on whatever knowledge they have and then trying to ambush BTL, while continuing to do whatever they can to undermine the Settlement Agreement, all in a fairly transparent effort to secure some portion of any Attorneys' Fee Award made by this Court..

 f. We did not have access to the Claim Forms submitted to the Settlement Administrator and certainly did not have access to Claim Forms submitted by Intervenors.[2] See Collins Decl., Ex. A, at ¶ 6. We instead relied on the analysis and assessment of the Settlement Administrator in terms of the Claim Forms submitted by Settlement Class Members. See Slater Decl. (Dkt. 454-6) at ¶¶ 2-17. And the figures we supplied the Court in recent submissions were based directly on the data we received from the Settlement

---

[2] We also do not know whether the copies of Claim Forms attached to Intervenors' submission were copies retained by Intervenors or copies obtained from the Settlement Administrator. See Collins Decl., Ex. A, at ¶ 6.

Administrator as well as our expert's review of that same data.  See id.; Collins Decl., Ex. A, at ¶ 7.

g. Intervenors nonetheless accuse BTL of not getting its "facts straight"; any discrepancies, however, in submissions by BTL would purely be the result of an error by the Settlement Administrator.  See Intervenors' Resp. (Dkt. 460) at 6.

h. Intervenors also accuse BTL of throwing "around assertions about 'fraud' and 'perjury,'" but (i) Intervenors' themselves have estimated that at least one-third of all claims are fraudulent or invalid and (ii) even one-third of claims being fraudulent or invalid would be highly relevant, though we believe the actual number is much, much higher.  See Intervenors' Resp. (Dkt. 460) at 6; Intervenors' Objs. (Dkt. 434) at 12-13.

i. Upon receipt of Intervenors' June 30, 2023 submission, we promptly contacted the Settlement Administrator and asked for clarification with respect to the substance of Intervenors' submission.  See Collins Decl., Ex. A, at ¶ 8, Ex. 4 thereto.  The Settlement Administrator promised a response by Monday, July 3, 2023, but as of this filing, no explanation has been forthcoming from the Settlement Administrator.  See id. ¶¶ 8-9, Ex. 5 thereto.

2. BTL respectfully requests an opportunity to file a reply to Intervenors' submission so that it can more fully address Intervenors' claims and apprise the Court of what we learn from the Settlement Administrator, including whether this is an isolated issue (or an issue at all) or whether the analysis of Claim Forms by the Settlement Administrator contains more errors.  We can also address in that reply what steps we believe the Settlement Administrator (or someone else) should take to address this issue.

WHEREFORE, for the foregoing reasons, BTL respectfully requests that the Court grant it leave to file a seven-page reply to Intervenors' response to the pending motions.

Date:  July 5, 2023

Respectfully submitted,

/s/ Mark S. Mester
Mark S. Mester, One of the Attorneys
for Defendant Buccaneers Team LLC

3

Mark S. Mester
   (admitted *pro hac vice*)
Robert C. Collins III
   (admitted *pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767
E-mail:  mark.mester@lw.com
         robert.collins@lw.com

Joseph H. Varner, III
   (Bar No. 394904)
HOLLAND & KNIGHT LLP
100 North Tampa Street, Suite 4100
Tampa, Florida 33602-3644
Telephone:  (813) 227-8500
Facsimile:  (813) 229-0134
Email:  joe.varner@hklaw.com

## LOCAL RULE 3.01(G) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned hereby certifies that counsel for BTL conferred by email with Class Counsel and Intervenors' counsel with respect to the instant motion and have been informed that the relief requested herein is opposed at least by Intervenors' counsel.

Date:  July 5, 2023

/s/ Mark S. Mester
Mark S. Mester, One of the Attorneys for Defendant Buccaneers Team LLC

Mark S. Mester
  (admitted *pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767
E-mail:  mark.mester@lw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which served all relevant parties.

Date:  July 5, 2023

*/s/ Mark S. Mester*
Mark S. Mester
  (admitted *pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767
E-mail:  mark.mester@lw.com