# EXHIBIT A

**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | | |
|---|---|---|
| CIN-Q AUTOMOBILES, INC., <u>et al.</u>, | ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | |
| BUCCANEERS LIMITED PARTNERSHIP and JOHN DOES 1-10, | ) ) ) ) | **Case No. 8:13-cv-01592-AEP** |
| Defendants, | ) ) | **Magistrate Judge Anthony E. Porcelli** |
| _____ | ) ) | |
| TECHNOLOGY TRAINING ASSOCIATES, INC., <u>et al.</u>, | ) ) ) ) | |
| Intervenors. | ) | |

## <u>DECLARATION OF ROBERT C. COLLINS III</u>

I, Robert C. Collins III, declare and state as follows:

1.      I am an attorney admitted to practice law in the State of Illinois.  I am a Partner with the law firm of Latham & Watkins LLP, counsel for Defendant Buccaneers Team LLC f/k/a Buccaneers Limited Partnership ("BTL").  This declaration is based upon my first-hand knowledge.  If called upon to do so, I could and would testify competently thereto.

**A.     The May 22, 2023 Hearing And Intervenors' Claim Forms**

2.      On May 22, 2023, I attended the hearing before the Honorable Anthony E. Porcelli.  <u>See</u> May 22, 2023 Hr'g Tr. (Dkt. 444), Ex. 1 hereto, at 2. Jonathan Piper, counsel for Intervenors, also attended the May 22, 2023 hearing. <u>See</u> <u>id.</u>

3.      In response to statements made by Mr. Piper at the May 22, 2023 hearing (see May 22, 2023 Hr'g Tr. (Dkt. 444), Ex. 1 hereto, at 18-20), I emailed Mr. Piper on Friday, May 26, 2023, in an effort to address and hopefully resolve the issues he raised regarding the Claims Forms submitted to the Settlement Administrator by Intervenors.  See May 26, 2023 Email fr. R. Collins to J. Piper, Ex. 2 hereto.

4.      Mr. Piper responded shortly after I sent my email to him, indicating that he would provide a substantive response the following week but that we had misunderstood his statements at the May 22, 2023 hearing.  See May 26, 2023 Email from J. Piper to R. Collins, Ex. 3 hereto.

5.      Mr. Piper, however, did not provide any further response by email or any other means to my May 26, 2023 email.

6.      Counsel for BTL did not have access to the Claim Forms submitted to the Settlement Administrator by claimants or Intervenors, and counsel for BTL does not know whether the copies of Claim Forms attached to Intervenors' submission were copies retained by Intervenors or copies obtained by Intervenors' counsel from the Settlement Administrator.

7.      The figures we supplied the Court in recent submissions were based directly on the data we received from the Settlement Administrator as well as our expert's review of that same data.

**B.     Intervenors' June 30, 2023 Response To Pending Motions**

8.      After receiving and reviewing Intervenors' June 30, 2023 response to the pending motions of Plaintiffs and BTL (see Intervenors' Response (Dkt. 460)), I sent an email at 4:29 p.m. Central time on June 30, 2023 to the Settlement

Administrator forwarding Intervenors' response.  <u>See</u> June 30, 2023 Email to S. Amin-Giwner, O. Castillejos and L. Kovach, Ex. 4 hereto.  In that email, I requested that the Settlement Administrator review Intervenors' claims and asked the Settlement Administrator to let counsel for BTL know if Intervenors' statements were correct.

9.      At 6:33 p.m. Central time on Friday, June 30, 2023, Orlando Castillejos responded to my email on behalf of the Settlement Administrator indicating, "We are reviewing the brief and will have a response on Monday [<u>i.e.</u>, July 3, 2023]."  <u>See</u> June 30, 2023 Email from O. Castillejos to R. Collins, Ex. 5 hereto.

10.     Unfortunately, neither I nor other counsel of record for BTL received any response whatsoever from the Settlement Administrator on July 3, 2023 as promised by Mr. Castillejos nor have we received a response from Mr. Castillejos or the Settlement Administrator as of the signing of this declaration.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 5, 2023 in Chicago, Illinois.

<u>/s/ Robert C. Collins III</u>
Robert C. Collins III

# EXHIBIT 1

Cin-Q Automobiles, Inc., <u>et al</u>. v. BTL
Case No. 8:13-cv-01592-AEP (M.D. Fla.)

IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

CIN-Q AUTOMOBILES, INC., )
et al., )
)
)
            Plaintiffs, )
)   Civil Docket
      vs. )
)   No. 8:13-cv-1592-AEP
BUCCANEERS LIMITED PARTNERSHIP, )
and JOHN DOES 1-10 )
)
            Defendants. )
_____ )
)
TECHNOLOGY TRAINING ASSOCIATES, )
INC., et al., )
)
)
            Intervenors. )
_____ )


Transcript of Motion Hearing

Heard via Zoom
Sam M. Gibbons United States Courthouse
801 North Florida Avenue
Tampa, Florida 33602
Monday - May 22, 2023
11:08 a.m. - 11:34 a.m.

BEFORE THE HONORABLE ANTHONY E. PORCELLI

UNITED STATES MAGISTRATE JUDGE


REBECCA M. SABO, RMR, CRR
Federal Official Court Reporter
Sam M. Gibbons United States Courthouse
801 North Florida Avenue, Room 1221
Tampa, Florida 33602
Rebecca_Sabo@flmd.uscourts.gov
(406) 855-6410

Proceedings recorded by machine shorthand
Transcript produced by computer-assisted transcription

APPEARANCES


PRESENT ON BEHALF OF THE PLAINTIFF,
CIN-Q AUTOMOBILES, INC.:

      **Michael C. Addison**
      ADDISON LAW OFFICE, P.A.
      1304 Alicia Avenue
      Tampa, Florida 33604-6406

      **Ross Michael Good**
      LOFTUS & EISENBERG, LTD.
      161 North Clark, Suite 1600
      Chicago, Illinois 60601

      **Glenn L. Hara**
      ANDERSON & WANCA
      3701 Algonquin Road, Suite 500
      Rolling Meadows, Illinois 60008


PRESENT ON BEHALF OF THE DEFENDANT,
BUCCANEERS LIMITED PARTNERSHIP:

      **Mark S. Mester**
      **Robert C. Collins, III**
      LATHAM & WATKINS LLP
      330 North Wabash Avenue, Suite 2800
      Chicago, Illinois 60611


PRESENT ON BEHALF OF THE INTERVENOR:

      **Jonathan B. Piper**
      BOCK HATCH & OPPENHEIM, LLC
      203 North LaSalle Street, Suite 2100
      Chicago, Illinois 60601

1    THE COURT:  Mr. Piper?

2    MR. PIPER:  Your Honor, I have a couple of issues

3  about what Epiq's doing as it relates to the intervenors.  I

4  don't know if this is the time you want to hear that or --

5    THE COURT:  Please.

6    MR. PIPER:  Well, I will say one issue is that our --

7  and let me step back to say that I -- I appreciate the courtesy

8  that counsel have been including me on some of these

9  discussions, but we're not -- since we're objectors, we're not

10  advising Epiq about how to administer the settlement that we

11  are objecting to.

12    Having said that, none of our intervenors were on the

13  reverse lookup notice results, so they -- they got these faxes

14  in 2009-2010.  They have the same fax numbers today, most of

15  whom -- but the reverse lookup didn't generate mailing

16  addresses.  So the only reason they know about the settlement

17  is because we told them about it, and yet apparently one of the

18  defects is that Epiq's going to send my clients letters saying

19  we don't believe you're really a class member, because our

20  wonderful reverse lookup didn't give us a mailing address for

21  you.  That strikes me as sort of absurd.  They've already

22  declared, under penalty of perjury, that they got the faxes,

23  and their fax numbers are on the Biggerstaff report.  It seems

24  odd that they would get a notice saying we're not sure you're

25  really a class member.  So I'll just note that for the record.

1       Having said that, one of our clients, Barewood, has

2  multiple fax numbers, and they put the wrong fax number on

3  their claim form, so we do want to cure that.  I don't know if

4  there's a way, and we can talk to Epiq about this, that we can

5  do that proactively or whether we have to wait to get a defect

6  notice about that and respond.  But those are the two points I

7  wanted to make about this process as it relates to our clients.

8       THE COURT:  Well, you highlighted that point in

9  Document Number 434 in your objection as well as -- which I

10  don't want to digress too much into the objection, but I am

11  curious, you did raise an issue in your objection regarding the

12  requirement, as you're putting it -- an additional requirement

13  of actual knowledge and receipt of the fax based upon the

14  language in the claim form.

15       Do you feel that you have issued that objection at

16  any other time in the record, or is this the first time that

17  that is -- that issue has been raised?

18       MR. PIPER:  No.  We've been raising that issue going

19  back, and we had a long discussion about that at the

20  preliminary approval hearing, that we thought that was an

21  unfair requirement, particularly as to the Rocket faxes, where

22  there are good transmission logs, undisputably good

23  transmission logs.

24       THE COURT:  Well, now, I understand that you've

25  always raised the issue regarding that additional language,

1  that there be an attestation to actually receipt of the fax.

2  But you now have argued it, rather than required somebody to

3  remember the receipt of the fax, but now you are indicating,

4  which is nuanced, but nonetheless a different argument that it

5  is requiring an additional element beyond what is required for

6  liability, that someone know that they have received the fax --

7       MR. PIPER:  That's correct.

8       THE COURT:  (Indiscernible) -- previously.

9       MR. PIPER:  I'm not sure if we put it quite that way

10  before.

11       THE COURT:  All right.  Well, that's

12  something obviously -- and it's not for today's date, but I

13  think that is a -- nonetheless an interesting twist of the

14  argument, and I am anxious to hear what class counsel will say

15  and BTL will say about that.

16       I'm also concerned, given what has also been

17  highlighted in that -- anticipating there will be responses to

18  that, I don't need it today, but those are obviously two main

19  issues outlined by the objection.  It is troublesome when there

20  is objectors, where there is no dispute, that they are

21  potential class members, and nonetheless did not receive

22  notification.  So I would anticipate at some point there's

23  going to be discussion of that as well.

24       All right.  Why don't I give you all a moment, if you

25  can, look at your schedules for December 11th, and just let me

# EXHIBIT 2

Cin-Q Automobiles, Inc., <u>et al</u>. v. BTL
Case No. 8:13-cv-01592-AEP (M.D. Fla.)

| | |
|---|---|
| **From:** | Collins, Robert (CH) |
| **Sent:** | Friday, May 26, 2023 5:39 PM |
| **To:** | Jonathan@classlawyers.com |
| **Cc:** | Mester, Mark (CH) |
| **Subject:** | Cin-Q v. BTL – Intervenors' Claim Forms |

Jon – Further to your comments at the May 22, 2023 hearing, we wanted to address the Claim Forms submitted by your five clients and the fact that one of your clients (i.e., Barewood Outlet, Inc.) failed as we understand it to provide any fax number matching the Biggerstaff list, while the other four each provided one non-matching fax number.  Is it your current understanding that Barewood Outlet is actually a member of the Settlement Class?

We certainly hope that the provision of invalid fax numbers was an error on behalf of your clients.  Given that the Claim Form requires each claimant to attest under penalty of perjury that each fax number they provided received a fax or faxes during the time period of July 2009 to June 2010, any invalid fax number provided obviously raises questions as to the accuracy of that attestation.

Nonetheless, if your clients were to provide us with any form of documentation that the invalid numbers were claimed in error and that they in fact held other numbers on the Biggerstaff list from July of 2009 to June of 2010 and can confirm they recall receiving faxes at those numbers, BTL would have no objection under the circumstances to accepting as timely filed a revised Claim Form submission from Barewood Outlet as well as your other four clients.

In the alternative, is it your clients' position that they did in fact receive facsimiles at issue in this case on each of the claimed fax numbers?  And if so, do we understand correctly that their position is that the Biggerstaff list does not accurately reflect the fax numbers on which facsimiles in this case were received?


Best regards.

Robbie

**Robert C. Collins III**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800 | Chicago, IL 60611
D: +1.312.876.6566 | M: +1.219.789.3376

1

# EXHIBIT 3

Cin-Q Automobiles, Inc., <u>et al</u>. v. BTL
Case No. 8:13-cv-01592-AEP (M.D. Fla.)

| | |
|---|---|
| **From:** | Jon Piper <Jonathan@classlawyers.com> |
| **Sent:** | Friday, May 26, 2023 5:48 PM |
| **To:** | Collins, Robert (CH) |
| **Cc:** | Mester, Mark (CH); Phil Bock; Robert Hatch |
| **Subject:** | Re: Cin-Q v. BTL – Intervenors' Claim Forms |

Robbie - I'll get back to you next week but the short answer is that you completely in every way have misunderstood what I said at the hearing.

# EXHIBIT 4

| | |
|---|---|
| **From:** | Collins, Robert (CH) |
| **Sent:** | Friday, June 30, 2023 4:29 PM |
| **To:** | Amin-Giwner, Stephanie; Orlando Castillejos |
| **Cc:** | Mester, Mark (CH); Slater, Gabe (CH); Kovach, Loree |
| **Subject:** | FW: [056866-0001] Cin-Q Automobiles, Inc. v. Buccaneers Limited Partnership et al (Doc# 460, M.D. Fla. 8:13-cv-01592-AEP) |
| **Attachments:** | 2023 06 30 (460) Response.pdf; 2023 06 30 (460-1) Exhibit Savino's Returned Proof of Claim Form.pdf; 2023 06 30 (460-2) Exhibit Schwanke's Returned Proof of Claim Form.pdf; 2023 06 30 (460-3) Exhibit Meryman's Returned Proof of Claim Form.pdf; 2023 06 30 (460-4) Exhibit Settlement Admin Spreadsheet Printouts.pdf |

Stephanie and Orlando —

Please see attached the response brief filed by Intervenors claiming Epiq made an error.  Can you please review and let us know today if they are correct?

Robbie

---

**From:** ECFdocuments@pacerpro.com <ECFdocuments@pacerpro.com>
**Date:** Friday, Jun 30, 2023 at 3:34 PM
**To:** CH EFiling <CHEFiling@lw.com>, Buettner, Thomas (CH) <Thomas.Buettner@lw.com>, Mester, Mark (CH) <mark.mester@lw.com>, Collins, Robert (CH) <Robert.Collins@lw.com>, Thomas, Joseph (CH) <Joseph.Thomas@lw.com>, Buti, Barb (CH) <Barbara.Buti@lw.com>, Slater, Gabe (CH) <Gabe.Slater@lw.com>
**Subject:** [056866-0001] Cin-Q Automobiles, Inc. v. Buccaneers Limited Partnership et al (Doc# 460, M.D. Fla. 8:13-cv-01592-AEP)

## Cin-Q Automobiles, Inc. v. Buccaneers Limited Partnership et al

**Docket entry number: 460**

RESPONSE to Motion re [451] MOTION for Miscellaneous Relief, specifically Motion Regarding Claims Process , [454] MOTION to Compel to Compel Compliance with Section VIII of the Settlement Agreement (Redacted) filed by Technology Training Associates, Inc.. (Attachments: # (1) Exhibit Savino's Returned Proof of Claim Form, # (2) Exhibit Schwanke's Returned Proof of Claim Form, # (3) Exhibit Meryman's Returned Proof of Claim Form, # (4) Exhibit Settlement Admin Spreadsheet Printouts)(Bock, Phillip) (Entered: 06/30/2023)

*Date entered: 2023-06-30*



https://app.pacerpro.com/cases/1902703

Sent from PacerPro, the fastest and most insightful way to access federal court records.
Questions? support@pacerpro.com

2

# EXHIBIT 5

Cin-Q Automobiles, Inc., et al. v. BTL
Case No. 8:13-cv-01592-AEP (M.D. Fla.)

| | |
|---|---|
| **From:** | Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com> |
| **Sent:** | Friday, June 30, 2023 6:33 PM |
| **To:** | Collins, Robert (CH); Amin-Giwner, Stephanie |
| **Cc:** | Mester, Mark (CH); Slater, Gabe (CH); Kovach, Loree |
| **Subject:** | RE: [056866-0001] Cin-Q Automobiles, Inc. v. Buccaneers Limited Partnership et al (Doc# 460, M.D. Fla. 8:13-cv-01592-AEP) |

Robbie,

We are reviewing the brief and will have a response on Monday.

Thank you,
Orlando

**Orlando Castillejos**
Epiq | Project Manager
Mobile:  +1 502 931 0892
Email:  orlando.castillejos@epiqglobal.com

**People. Partnership. Performance.**
www.epiqglobal.com

**From:** Robert.Collins@lw.com <Robert.Collins@lw.com>
**Sent:** Friday, June 30, 2023 5:29 PM
**To:** Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>; Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>
**Cc:** mark.mester@lw.com; Gabe.Slater@lw.com; Kovach, Loree <loree.Kovach@epiqglobal.com>
**Subject:** FW: [056866-0001] Cin-Q Automobiles, Inc. v. Buccaneers Limited Partnership et al (Doc# 460, M.D. Fla. 8:13-cv-01592-AEP)

**CAUTION:** This email originated from outside of Epiq. Do not click links or open attachments unless you recognize the sender and know the content is safe. Report phishing by using the "Phish Alert Report" button above.

Stephanie and Orlando —

Please see attached the response brief filed by Intervenors claiming Epiq made an error.  Can you please review and let us know today if they are correct?

Robbie