# EXHIBIT 2

Cin-Q Automobiles, Inc., et al. v. BTL
Case No. 8:13-cv-01592-AEP (M.D. Fla.)

IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

| | |
|---|---|
| CIN-Q AUTOMOBILES, INC., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> BUCCANEERS LIMITED PARTNERSHIP, and JOHN DOES 1-10 <br><br> Defendants. <br> ———————————————— <br> TECHNOLOGY TRAINING ASSOCIATES, INC., et al., <br><br> Intervenors. <br> ———————————————— | Civil Docket <br><br> No. 8:13-cv-1592-AEP |

Transcript of Motion Hearing

Heard via Zoom
Sam M. Gibbons United States Courthouse
801 North Florida Avenue
Tampa, Florida 33602
Monday - May 22, 2023
11:08 a.m. - 11:34 a.m.

BEFORE THE HONORABLE ANTHONY E. PORCELLI

UNITED STATES MAGISTRATE JUDGE


REBECCA M. SABO, RMR, CRR
Federal Official Court Reporter
Sam M. Gibbons United States Courthouse
801 North Florida Avenue, Room 1221
Tampa, Florida 33602
Rebecca_Sabo@flmd.uscourts.gov
(406) 855-6410

Proceedings recorded by machine shorthand
Transcript produced by computer-assisted transcription

APPEARANCES

PRESENT ON BEHALF OF THE PLAINTIFF,
CIN-Q AUTOMOBILES, INC.:

    **Michael C. Addison**
    ADDISON LAW OFFICE, P.A.
    1304 Alicia Avenue
    Tampa, Florida 33604-6406

    **Ross Michael Good**
    LOFTUS & EISENBERG, LTD.
    161 North Clark, Suite 1600
    Chicago, Illinois 60601

    **Glenn L. Hara**
    ANDERSON & WANCA
    3701 Algonquin Road, Suite 500
    Rolling Meadows, Illinois 60008

PRESENT ON BEHALF OF THE DEFENDANT,
BUCCANEERS LIMITED PARTNERSHIP:

    **Mark S. Mester**
    **Robert C. Collins, III**
    LATHAM & WATKINS LLP
    330 North Wabash Avenue, Suite 2800
    Chicago, Illinois 60611

PRESENT ON BEHALF OF THE INTERVENOR:

    **Jonathan B. Piper**
    BOCK HATCH & OPPENHEIM, LLC
    203 North LaSalle Street, Suite 2100
    Chicago, Illinois 60601

1    THE COURT: Mr. Piper?

2    MR. PIPER: Your Honor, I have a couple of issues
3 about what Epiq's doing as it relates to the intervenors.  I
4 don't know if this is the time you want to hear that or --

5    THE COURT: Please.

6    MR. PIPER: Well, I will say one issue is that our --
7 and let me step back to say that I -- I appreciate the courtesy
8 that counsel have been including me on some of these
9 discussions, but we're not -- since we're objectors, we're not
10 advising Epiq about how to administer the settlement that we
11 are objecting to.

12    Having said that, none of our intervenors were on the
13 reverse lookup notice results, so they -- they got these faxes
14 in 2009-2010.  They have the same fax numbers today, most of
15 whom -- but the reverse lookup didn't generate mailing
16 addresses.  So the only reason they know about the settlement
17 is because we told them about it, and yet apparently one of the
18 defects is that Epiq's going to send my clients letters saying
19 we don't believe you're really a class member, because our
20 wonderful reverse lookup didn't give us a mailing address for
21 you.  That strikes me as sort of absurd.  They've already
22 declared, under penalty of perjury, that they got the faxes,
23 and their fax numbers are on the Biggerstaff report.  It seems
24 odd that they would get a notice saying we're not sure you're
25 really a class member.  So I'll just note that for the record.

1          Having said that, one of our clients, Barewood, has
2    multiple fax numbers, and they put the wrong fax number on
3    their claim form, so we do want to cure that. I don't know if
4    there's a way, and we can talk to Epiq about this, that we can
5    do that proactively or whether we have to wait to get a defect
6    notice about that and respond. But those are the two points I
7    wanted to make about this process as it relates to our clients.
8          THE COURT: Well, you highlighted that point in
9    Document Number 434 in your objection as well as -- which I
10   don't want to digress too much into the objection, but I am
11   curious, you did raise an issue in your objection regarding the
12   requirement, as you're putting it -- an additional requirement
13   of actual knowledge and receipt of the fax based upon the
14   language in the claim form.
15         Do you feel that you have issued that objection at
16   any other time in the record, or is this the first time that
17   that is -- that issue has been raised?
18         MR. PIPER: No. We've been raising that issue going
19   back, and we had a long discussion about that at the
20   preliminary approval hearing, that we thought that was an
21   unfair requirement, particularly as to the Rocket faxes, where
22   there are good transmission logs, undisputably good
23   transmission logs.
24         THE COURT: Well, now, I understand that you've
25   always raised the issue regarding that additional language,

Case 8:13-cv-01592-AEP   Document 467-4   Filed 07/14/23   Page 6 of 7 PageID 13711

20

1  that there be an attestation to actually receipt of the fax.
2  But you now have argued it, rather than required somebody to
3  remember the receipt of the fax, but now you are indicating,
4  which is nuanced, but nonetheless a different argument that it
5  is requiring an additional element beyond what is required for
6  liability, that someone know that they have received the fax --
7           MR. PIPER:  That's correct.
8           THE COURT:  (Indiscernible) -- previously.
9           MR. PIPER:  I'm not sure if we put it quite that way
10 before.
11          THE COURT:  All right.  Well, that's
12 something obviously -- and it's not for today's date, but I
13 think that is a -- nonetheless an interesting twist of the
14 argument, and I am anxious to hear what class counsel will say
15 and BTL will say about that.
16          I'm also concerned, given what has also been
17 highlighted in that -- anticipating there will be responses to
18 that, I don't need it today, but those are obviously two main
19 issues outlined by the objection.  It is troublesome when there
20 is objectors, where there is no dispute, that they are
21 potential class members, and nonetheless did not receive
22 notification.  So I would anticipate at some point there's
23 going to be discussion of that as well.
24          All right.  Why don't I give you all a moment, if you
25 can, look at your schedules for December 11th, and just let me

```
 1                    REPORTER'S CERTIFICATE
 2            I, REBECCA M. SABO, a Registered Merit Reporter and
 3   Certified Realtime Reporter, certify that the foregoing
 4   transcript is a true and correct record of the proceedings
 5   given at the time and place hereinbefore mentioned; that the
 6   proceedings were recorded by FTR Gold and thereafter reduced to
 7   typewriting by me using computer-assisted transcription; that
 8   after being reduced to typewriting, a certified copy of the
 9   transcript will be filed electronically with the Court.
10            I further certify that I am not attorney for, nor
11   employed by, nor related to any of the parties or attorneys to
12   this action, nor financially interested in this action.
13            IN WITNESS WHEREOF, I have set my hand at Tampa,
14   Florida, this 25th day of May, 2023.
15
16                           /s/ Rebecca M. Sabo
17                           Rebecca M. Sabo, RMR, CRR
                             United States Court Reporter
18
19
20
21
22
23
24
25
```