# EXHIBIT 16

| | |
|---|---|
| **From:** | Collins, Robert (CH) |
| **Sent:** | Thursday, July 13, 2023 6:53 PM |
| **To:** | Jon Piper; stephanie.Amin-Giwner@epiqglobal.com; ghara@andersonwanca.com; jdiego@epiqglobal.com; loree.Kovach@epiqglobal.com; rbit@epiqglobal.com; Orlando.Castillejos@epiqglobal.com; Mester, Mark (CH); Slater, Gabe (CH); Phil Bock; Robert Hatch |
| **Cc:** | mca2175@hotmail.com; m@mcalaw.net; ross@loftusandeisenberg.com |
| **Subject:** | RE: Cin-Q v. BTL--Motions re: Claims Process |

Jon –

As you know, Gabe has contacted Epiq as a follow-up to your July 10, 2023 email for clarification of the meaning and purpose of the various columns in the spreadsheet Epiq provided to the Parties and to Intervenors.  See July 11, 2023 Email fr. G. Slater to O. Castillejos.  I understand you were copied on that email, and hopefully, it addresses any and all of your concerns.

You mentioned, however, in your July 10, 2023 email the possible need to re-notice the class.  See July 10, 2023 Email from J. Piper ("[I]t would seem this needs to be reviewed and fixed for purposes of re-noticing the class and sending checks.").  We are at a loss as to why re-noticing would be necessary, even if your concerns regarding the Settlement Administrator's treatment of individuals versus businesses were well-founded, which they do not appear to be.  See July 12, 2023 Email fr. G. Slater to O. Castillejos.  Accordingly, we would appreciate it if you could elaborate on why you think it would be necessary to re-notice any portion of the Settlement Class based on the issue you tried to identify in your July 10, 2023 email.  See July 10, 2023 Email fr. J. Piper.

Lastly, your email does raise an important issue that we believe should be addressed.  For purposes of standing under Article III as well as eligibility to make a claim under the Settlement Agreement, the dispositive issue should be who owned the number or numbers designated on the Claim Form between July 14, 2009 and June 9, 2010.  If TTA, for instance, is claiming that it held a number on the Biggerstaff list between July 14, 2009 and June 9, 2010, the number itself would have had to been held by TTA and not Mr. Higgins, as we are aware of no reason why the corporate form would or should be ignored.  See, e.g., Dania Jai-Alai Palace v. Sykes, 450 So.2d 1114, 1120 (Fla. 1984) (Florida law respects the corporate form, and the corporate veil will only be pierced in narrow circumstances); Cowan v. Florida Dep't of Bus. and Prof'l Reg., 2008 WL 11334899, *2 (M.D. Fla. 2008) (same).  Further to our email to you of July 10, 2023, please confirm that any numbers on the Biggerstaff list for which TTA, Back to Basics, Barewood Outlet, Meryman Environmental and WebRX / RxPalace.com are making a claim were in fact held by those corporate entities or businesses and not by some person or other entity affiliated with those entities or with some other entity.  See July 10, 2023 Email fr. R. Collins to J. Piper.

We would also be interested in your thoughts as to how the actual holders of the numbers on the Biggerstaff list as well as the distinction between an individual affiliated with a corporation and the corporation itself can and should be addressed for absent members of the Settlement Class for purposes of the auditing of Claim Forms.

Thank you,
Robbie