# EXHIBIT 25

Cin-Q Automobiles, Inc., et al. v. BTL
Case No. 8:13-cv-01592-AEP (M.D. Fla.)

| | |
|---|---|
| **From:** | Mester, Mark (CH) |
| **Sent:** | Friday, July 14, 2023 5:19 PM |
| **To:** | Jon Piper |
| **Cc:** | Collins, Robert (CH); Slater, Gabe (CH) |
| **Subject:** | RE: Cin-Q v. BTL, No. 8:13-cv-01592-AEP (M.D. Fla.) -- Intervenors |

Jon - I really do not understand the reason for or purpose of the vitriol.  See July 11, 2023 Email from J. Piper (accusing Robbie of having "grotesquely mischaracterized" what you said at a previous hearing).  It is neither warranted nor at all constructive in my view.

I am not aware of the submission of any proof in any of the pleadings, motions or other papers you have filed over the years in this litigation (or related litigation) establishing either of the following:  (1) that any of your clients actually held numbers on the Biggerstaff list between July 14, 2009 to June 9, 2010; and/or (2) that any of your clients that received faxes purportedly sent on behalf of BTL received them through any means other than an online service.  The former issue obviously determines whether your clients are in fact Settlement Class Members and as such have standing to make an objection, and the latter issue (among others) determines whether any of your clients have Article III standing under governing law.  See In re Amerifactors Fin. Grp. LLC Pet. for Expedited Declaratory Ruling, Nos. 02-278, 05-338, 2019 WL 6712128, at *3-4 (F.C.C. 2019) ("[W]e agree with commenters that faxes sent to online fax services do not cause the specific harms to consumers Congress sought to address in the TCPA."); Sharfman, M.D., P.A. v. Infucare RX LLC, 2022 WL 18926792, at *5 (M.D. Fla. 2022) (refusing to certify TCPA class containing persons or entities that received faxes through an "online fax service"); Scoma Chiro., P.A. v. Dental Equities, LLC, 2021 WL 6105590, at *4 (M.D. Fla. 2021) ("[T]he mere receipt of a fax through an online fax service, even if in violation of the TCPA, does not cause an injury in fact."); Daisy v. Mobile Mini, 489 F. Supp. 3d 1287, 1297 (M.D. Fla. 2020) (same).  Given the number of courts in the Middle District of Florida and elsewhere that have addressed this precise issue following the Amerifactors ruling, we expect that these issues are not at all foreign to you.  See, e.g., Sharfman, 2022 WL 18926792, at *5; Scoma Chiro., 2021 WL 6105590, at *4; Daisy, 489 F. Supp. 3d at 1297.  If you did previously provide proof of the foregoing, however, then I would appreciate it if you would provide us with a citation so that we can track that down instead of having to raise the issue with the Court.

Regarding our prior submissions to the Court, we have already indicated to you that we relied on the information that was supplied to us and to you by the Settlement Administrator, as I believe we were entitled to do and as you apparently did as well.  See Intervenors' Objs. (Dkt. 434) at 10-13; Bachmannhuff Decl. (Dkt. 434-4) at ¶¶ 2-3.  Inasmuch as we did not have copies of your clients' Claim Forms before receiving your June 30, 2023 submission, we were not aware of the fact that the Settlement Administrator had conflated fax numbers and contact numbers nor do we understand why the Settlement Administrator did that, let alone why the Settlement Administrator did not advise the Parties and Intervenors that it was treating some contact numbers as fax numbers because they were apparently numbers on the Biggerstaff list.

Upon discovering yesterday that only 14 contact numbers supplied on Claim Forms were also on the Biggerstaff list according to the Settlement Administrator, however, we are only more perplexed as to why the Settlement Administrator would do this, let alone why the Settlement Administrator would do this without telling any of us.  In any event, we will indicate in our submission to the Court later today that our prior representation that certain of the numbers on your clients' Claim Forms were invalid in

that they are not numbers on the Biggerstaff list was incorrect, because we understood the inclusion of those numbers under the columns titled "Claim_Fax_No_1" and "Claim_Fax_No_2" (Columns C and F) and the inclusion of them in the column titled "Total Fax Numbers Provided" (Column B) to mean that they actually were fax numbers and <u>not</u> contact numbers.   Needless to say, however, <u>none</u> of this answers the questions of whether your clients are Settlement Class Members or have Article III standing, which are both questions that seem particularly germane given that they are now parties and are objecting to the Settlement Agreement.

Best regards.

**Mark S. Mester**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800 | Chicago, IL 60611
D: +1.312.876.7623