# EXHIBIT 26

| | |
|---|---|
| **From:** | Jon Piper <Jonathan@classlawyers.com> |
| **Sent:** | Tuesday, July 11, 2023 3:52 PM |
| **To:** | Collins, Robert (CH) |
| **Cc:** | Mester, Mark (CH); Slater, Gabe (CH); Ross Good; ghara@andersonwanca.com |
| **Subject:** | Re: Cin-Q v. BTL, No. 8:13-cv-01592-AEP (M.D. Fla.) -- Intervenors |

Robbie -

Previously you sent me an email that grotesquely mischaracterized what I said at a previous court hearing. As I told you then, your characterizations were false in every way possible. The transcript shows that.

Then your firm went ahead and filed a brief making the same false assertions and adding new false assertions. Your statements were proved false both by us and by the settlement administrator. You still have not corrected those falsehoods.

Now you are once again asking for "confirmation" that the intervenors are members of the settlement class. Although I am not aware that we have any obligation to respond to that frivolous request, I hereby confirm the obvious - that the intervenors are members of the settlement class.

We are not obliged and do not intend to provide additional information to you relating to that fact at this time and in this procedural posture. The intervenors' membership in the settlement class is already amply demonstrated in the record, including most recently in the settlement administrator's data. We do not intend to respond to further "meet and confer" emails on this topic. We have stated our intent to correct the fax number supplied by Barewood Outlet in its claims submission, and if appropriate we may provide additional information pursuant to the claims administration and adjudication process laid out in the settlement.

We do look forward to your correcting the false statements your firm has made about the intervenors and their claims.

Jon

Jonathan B. Piper, Esq.
(312) 609-0906
jonathan@classlawyers.com



---

**From:** Robert.Collins@lw.com <Robert.Collins@lw.com>
**Sent:** Monday, July 10, 2023 7:23 PM
**To:** Jon Piper <Jonathan@classlawyers.com>

**Cc:** mark.mester@lw.com <mark.mester@lw.com>; Gabe.Slater@lw.com <Gabe.Slater@lw.com>
**Subject:** Cin-Q v. BTL, No. 8:13-cv-01592-AEP (M.D. Fla.) -- Intervenors

> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Jon -

We write consistent with our obligation to meet and confer with you.

As you know, your clients were absent members of the proposed class in the above-captioned matter when merits discovery was underway, and as a result, no discovery was sought from them in advance of the filing by Class Counsel of their motion for class certification (Dkt. 207). We understand, however, that all or at least some of your clients have submitted Claim Forms seeking funds from the Settlement Fund, and each of your clients have obviously objected to the Settlement Agreement. See Intervenors' Objs. (Dkt. 434). Accordingly, we wanted to confirm that each of your clients (a) are in fact members of the Settlement Class (i.e., they held one or more numbers on the Biggerstaff list from July 14, 2009, and June 9, 2010) and (b) have Article III standing insofar as the faxes they claim to have received that were sent on behalf of BTL were not received through an online service. See, e.g., In re Amerifactors, Nos. 02-278, 05-338, 2019 WL 6712128 (F.C.C. 2019); Scoma Chiropractic v. Nat'l Spine & Pain Centers, 2022 WL 16695130, *6 (M.D. Fla. 2022).

We naturally assume you verified all of this during your pre-filing inquiries for the various pleadings, motions and other papers you have filed over the last several years, and we certainly hope we can secure verification of the foregoing from you without the need to raise these issues with the Court. At your earliest convenience, however, we would appreciate it if you could provide us the information you have addressing whether each of your clients are Settlement Class Members and whether they each have Article III standing under governing law. If you do not have this information already, we would, in turn, respectfully request that you seek it from your clients as soon as possible.

Thank you,
Robbie

**Robert C. Collins III**

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800 | Chicago, IL 60611
D: +1.312.876.6566 | M: +1.219.789.3376

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.