UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| CIN-Q AUTOMOBILES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> BUCCANEERS LIMITED PARTNERSHIP and JOHN DOES 1-10, <br><br> Defendants, <br><br> ──────────────────── <br><br> TECHNOLOGY TRAINING ASSOCIATES, INC., et al., <br><br> Intervenors. | Case No. 8:13-cv-01592-AEP <br><br> Magistrate Judge <br> Anthony E. Porcelli |

**UNOPPOSED MOTION AND INCORPORATED MEMORANDUM
OF LAW IN SUPPORT OF BTL'S MOTION FOR LEAVE
TO FILE REVISED CLAIMS REPORTS UNDER SEAL**

BTL, pursuant to Local Rule 1.11(c) and the Protective Order for this case (Dkts. 292-1, 293), respectfully seeks leave to file under seal two revised claims report spreadsheets (the "Revised Claims Reports") prepared by the Settlement Administrator.[1] Consistent with this Court's June 16, 2023 Order concerning the original version of the claims report and spreadsheet the Settlement Administrator provided to the Parties and Intervenors in April of this year (see Order (Dkt. 450)), BTL requests that the Court enter an order permitting it to transmit in native format a copy of the Revised Claims Reports to the Court via electronic mail and to the Clerk of Court via a flash drive.

---

[1] Capitalized terms have the meaning ascribed to them in the Settlement Agreement filed with Plaintiffs' motion for preliminary approval. See Settlement Agt. (Dkt. 324-1).

In accordance with Local Rule 1.11(c), the incorporated memorandum of law identifies and describes the material proposed to be sealed, the reasons that sealing is necessary and cannot be accomplished through other means, a statement of the proposed duration of the seal and legal authority supporting sealing.  See M.D. Fla. L.R. 1.11(c).  BTL has conferred with counsel for Plaintiffs and for Intervenors, who have confirmed that they do not oppose the relief requested herein.  See July 14, 2023 Emails fr. R. Collins; July 14, 2023 Email fr. J. Piper; July 14, 2023 Email fr. R. Good.  For the reasons stated in the incorporated memorandum of law, BTL therefore respectfully requests that its motion for leave to file under seal be granted.

## MEMORANDUM OF LAW

**A. DESCRIPTION OF THE DOCUMENTS TO BE FILED UNDER SEAL AND THE NECESSITY OF SEALING THE INFORMATION**

The Revised Claims Reports sought to be sealed are Excel spreadsheets identified by the Settlement Administrator as "All_Claims_FaxOnly_Revised_ 2023-07-11_1044" and "Cin-Q Auto Inc v BTL 2023-07-11."  On June 16, 2023, Plaintiffs filed a motion for leave to file under seal the original version of the spreadsheet the Settlement Administrator provided in April to the Parties and Intervenors (see Pls.' Mot. for Leave (Dkt. 448)), which motion the Court subsequently granted.  See Order (Dkt. 450).

As more fully set forth in BTL's reply to the June 30, 2023 submission of Intervenors (Dkt. 460), being filed contemporaneously with this motion, the Settlement Administrator provided this week a revised version of the spreadsheet previously submitted by Class Counsel that purports to correct errors made in the original version of that spreadsheet (i.e., the file titled "All_Claims_FaxOnly_ Revised_2023-07-11_1044"), along with a second revised version of the spreadsheet

2

that purports to correct errors in the first revised version of the spreadsheet (i.e., the file titled "Cin-Q Auto Inc v BTL 2023-07-11"). See BTL's Reply at 3-4. BTL, in turn, believes that it will be helpful for the Court to review these spreadsheets in preparation for the hearing currently scheduled for July 17, 2023 (see Order (Dkt. 464)) but also for purposes of the ongoing approval process. See Intervenors' Resp. (Dkt. 460).

The Revised Claims Reports, like the original report provided by the Settlement Administrator, contain confidential information, including the names, addresses and claimed fax numbers of persons and entities who have filed claims in this case. Such information constitutes "personal identity information" within the meaning of the Protective Order in this litigation. See Agreed Confidentiality and Protective Order (Dkt. 292-1) at ¶ 2. Additionally, because the Revised Claims Reports contain thousands of rows and over 90 columns, they cannot be converted to PDF format without being rendered illegible or otherwise effectively produced other than in native format.

## B.   THE REQUEST TO SEAL

Under Eleventh Circuit precedents, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." Romero v. Drummond Co., 480 F.3d 1234, 1246 (11th Cir. 2007). In this instance, sealing is justified given the personally identifiable information contained in the Revised Claims Reports (including names, addresses and fax numbers of claimants). See, e.g., Hausburg v. McDonough, 2023 WL 2432322, *1 (M.D. Fla. 2023) (finding defendant "has shown good cause to seal the identified exhibits, as they contain personally identifiable information"). In light of this

concern, the Court previously granted Plaintiffs' motion to seal the original version of the Revised Claims Reports.  See Order (Dkt. 450); see also, e.g., Order (Dkt. 93), Scoma Chiro. v. Nat'l Spine, No. 2:20-cv-00430 (M.D. Fla., May 5, 2022) (granting seal of spreadsheet containing personally identifiable information of claimants in a class action).

Consistent with this Court's June 16, 2023 Order addressing the original version of the spreadsheet provided by the Settlement Administrator, BTL respectfully requests that the Clerk maintain the Revised Claims Reports under seal until 30 days after this case is closed and all appeals exhausted.  See Order (Dkt. 450).

WHEREFORE, for the foregoing reasons and pursuant to Local Rule 1.11(c), BTL respectfully requests that the Court enter an order permitting BTL to file the Revised Claims Reports under seal by transmitting a native format of the Revised Claims Reports to the Court via electronic mail and to the Clerk of Court via a flash drive.

| | |
|---|---|
| Date:  July 14, 2023 | Respectfully submitted,<br><br>*/s/ Mark S. Mester*<br>Mark S. Mester, One of the Attorneys for Defendant Buccaneers Team LLC |
| Mark S. Mester<br>   (admitted *pro hac vice*)<br>Robert C. Collins III<br>   (admitted *pro hac vice*)<br>LATHAM & WATKINS LLP<br>330 North Wabash Avenue, Suite 2800<br>Chicago, Illinois 60611<br>Telephone:  (312) 876-7700<br>Facsimile:  (312) 993-9767<br>E-mail:  mark.mester@lw.com<br>            robert.collins@lw.com | Joseph H. Varner, III<br>   (Bar No. 394904)<br>HOLLAND & KNIGHT LLP<br>100 North Tampa Street, Suite 4100<br>Tampa, Florida 33602-3644<br>Telephone:  (813) 227-8500<br>Facsimile:  (813) 229-0134<br>Email:  joe.varner@hklaw.com |

## **LOCAL RULE 3.01(G) CERTIFICATION**

Pursuant to Local Rule 3.01(g), the undersigned hereby certifies that we conferred with counsel for both Plaintiffs and Intervenors by email with respect to the instant motion and have been informed that Plaintiffs and Intervenors do not oppose the relief requested herein.

Date: July 14, 2023

*/s/ Mark S. Mester*
Mark S. Mester, One of the Attorneys for Defendant Buccaneers Team LLC

Mark S. Mester
  (admitted *pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
E-mail: mark.mester@lw.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which served all relevant parties.

Date: July 14, 2023

/s/ *Mark S. Mester*
Mark S. Mester
   (admitted *pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767
E-mail: mark.mester@lw.com