# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| CIN-Q AUTOMOBILES, INC. and MEDICAL & CHIROPRACTIC CLINIC, INC., individually and on behalf of a class, | )<br>)<br>)<br>) |
| Plaintiffs, | ) No.: 8:13-CV-01592-AEP<br>) |
| v. | )<br>) |
| BUCCANEERS LIMITED PARTNERSHIP, | )<br>) |
| Defendant. | )<br>) |
| _____ | )<br>) |
| TECHNOLOGY TRAINING ASSOCS., INC. *et al.*, | )<br>)<br>) |
| Intervenors. | ) |

## PLAINTIFFS' UNOPPOSED (IN PART) MOTION
## TO MODIFY SETTLEMENT DEADLINES

Plaintiffs, Cin-Q Automobiles, Inc. and Medical & Chiropractic Clinic, Inc., ("Plaintiffs"), request that the Court modify the remaining deadlines in the class-action settlement of this matter—excluding the January 19, 2024 Fairness Hearing—set by the Court's Order of June 16, 2023 (Doc. 447).[1] The basis for this motion is as follows:

---

[1] Capitalized terms have the meaning ascribed to them in the Settlement Agreement filed with Plaintiffs' motion for preliminary approval. See Settlement Agt. (Dkt. 324-1). In addition, all emphasis is supplied, and all internal citations, quotations and footnotes are omitted.

1.      On June 16, 2023, the Court entered its Order resetting deadlines for the class Settlement. (Doc. 447). In relevant part, the Court ordered that (1) the Parties may file any motions regarding defect notices and/or requests for additional information from claimant by June 16, 2023, with 14 days for responses; (2) that the Settlement Administrator (Epiq) must provide a Preliminary Report of all claims submitted, accepted, and rejected by July 31, 2023, and must "send all requests for additional information or defect notices to claimants" by July 31, 2023; and (3) that claimants would have until September 5, 2023, to submit additional information to Epiq. (Doc. 447 at 1–2).

2.      The Parties timely filed their motions regarding the claims process (Docs. 451, 454) and their responses (Docs. 459, 461), and the Court ruled on those motions in a hearing on July 17, 2023, ordering Epiq to request additional information from five categories of claimants. (Ex. A, Hr'g Tr. July 17, 2023). The Court noted in the hearing that "[w]e are cutting it close" with respect to the upcoming deadlines, given Epiq's July 31, 2023 deadline to send requests for additional information, stating "it's all gonna depend on how quickly Epiq gets out these deficiency requests and whether that could be done." (*Id.* at 56:18–25).  The Court also noted that should the schedule need to be further modified, the Parties could subsequently meet and confer and "provide a motion for the amendment for the Court." (*Id.* at 57:1-8).

3.      On July 19, 2023, the Court issued a Minute Order memorializing its July 17 oral ruling directing Epiq to request additional information from the five

2

categories of claimants. (Doc. 470).[2] That same day, Class Counsel sent the Minute Order to Epiq and requested the latest version of Epiq's draft requests for additional information. (Ex. B, Email fr. G. Hara to O. Castillejos, July 19, 2023).

4. Epiq sent a draft of a singular form "Notice of Incomplete Claim Form" on July 20, 2023, and stated, "We are working toward providing updated counts of the number of claimants in each of the five categories and anticipate results will be ready next week." (Ex. B, Email fr. O. Castillejos, July 20, 2023).

5. BTL's counsel responded on July 21, 2023, asking Epiq to "prepare separate versions of the letter for each category," along with a cover letter to claimants who fall into more than one category and will be receiving more than one letter, in order to avoid any confusion among claimants receiving requests for additional information and/or defect notices for multiple reasons. (Ex. B, Email from G. Slater, July 21, 2023).

6. On Monday, July 24, 2023, Epiq responded that it would prepare and distribute separate draft letters for each category of claimant, along with a cover letter for claimants in more than one category "by Wednesday," July 26, 2023. (Ex. B, Email fr. O. Castillejos, July 24, 2023).

7. On Friday, July 28, 2023, at 4:31 PM ET, Epiq sent the revised notices and cover letter, even though the initial deadline for the notices to be sent was the following Monday, July 31, 2023. (Ex. B, Email from O. Castillejos, July 28, 2023).

---

[2] The Court issued a separate written order on the Parties' motions regarding the claims process on July 26, 2023. (Doc. 475).

3

8. On Monday, July 31, 2023, BTL's counsel circulated proposed revisions to Epiq's initial draft notices and again reiterated to Epiq that "the Parties still need an opportunity to review Epiq's count of the number of claimants that will receive each letter," that "[w]e understood that Epiq was planning to provide that information to the Parties," before the letters were sent, but that "we have yet to receive any such information." (Ex. B, Email fr. R. Collins, July 31, 2023).

9. The same day, Class Counsel agreed that the Parties needed to know "the number of claimants" in each category before notices are sent and noted that Plaintiffs objected to several of the revisions BTL proposed. (Ex. B, Email fr. G. Hara, July 31, 2023).

10. Class Counsel and BTL's counsel met and conferred on the language in the notices on several occasions between August 1 and August 8, and the Parties sent to Epiq agreed versions of the cover letter, deficiency notice, and requests for additional information on August 9, 2023. (Ex. B, Email fr. R. Collins, Aug. 9, 2023).

11. On August 10, 2023, Epiq acknowledged receipt of the agreed-upon letters and stated Epiq would need 10 business days to complete the mailing, meaning the letters would mail on August 21, 2023. (Ex. B, Email fr. O. Castillejos, Aug. 10, 2023). With respect to the Preliminary Report, Epiq stated it was "currently completing our final review and quality assurance processes and will re-circulate an updated report as soon as the work is complete." (*Id.*)

12. On August 16, 2023, following a meet-and-confer between Class Counsel and BTL's counsel, BTL's counsel informed Epiq that given the extensive delays of Epiq in the previous month, the Parties had no choice but to ask the Court to modify the schedule as sought in this motion. (Ex. B, Email from R. Collins, Aug. 16, 2023). BTL's counsel advised Epiq that "[i]n order for this schedule to work, however, we need Epiq to strictly comply with the deadlines set out below, and we really cannot afford any further delays or missed deadlines." (*Id.*)

13. Epiq responded, "[w]e understand and appreciate your patience. Epiq confirms that it will meet the August 21 deadline as well as the other deadlines set forth in your email." (Ex. B, Email from O. Castillejos, Aug. 16, 2023).

14. On August 21, 2023, Epiq provided the Parties with its "complete list of tracking numbers for claims that will receiving defect letters and/or additional information request letters." (Ex. B, Email fr. O. Castillejos, Aug. 21, 2023).

15. On August 22, 2023, Epiq provided the Parties with its Preliminary Status Report, showing 3,211 claims submitted relating to 9,153 faxes received; 1,299 claims accepted relating to 3,653 faxes received; 271 claims rejected relating to 153 faxes received; and 1,641 claims still under review relating to 5,347 faxes received. (Ex. C, Email fr. O. Castillejos, Aug. 22, 2023; Ex. D, Preliminary Status Report).

16. On September 1, 2023, Epiq mailed the defect letters/requests for additional information. (Ex. D, Email fr. O. Castillejos, Sept. 21, 2023).

17. As of October 12, 2023, Epiq informed the Parties that, as of that date, it has received "129 responses to the additional information letter and 164 responses to the defect letter." (Ex. E, Email from O. Castillejos, Oct. 12, 2023). Epiq also confirmed that it is on track to provide the Parties and the Court with its Final Report on November 3, 2023. (*Id.*).

18. Due to the 32-day delay in Epiq's sending the requests for additional information/defect notices (from July 31, 2023 in Doc. 447 to September 1, 2023), Plaintiffs respectfully request that the Court modify the remaining schedule as follows:

| | |
|---|---|
| The Settlement Administrator shall provide a final report to the Court of claims rejected and accepted by the Settlement Administrator, specifying the amounts it expects to pay to each claimant and in the aggregate, including an affidavit attesting to the completeness and accuracy thereof and compliance with the Court's Orders regarding the Notice Program and Preliminary Approval | November 3, 2023 |
| Class Counsel shall move for final approval of the Settlement and respond to Settlement Class Member Objections | November 17, 2023 |
| The Parties may present to the Court disputed claims that cannot be resolved through good faith negotiations between the Parties and objections to determinations made by the Settlement Administrator | December 8, 2023 |
| All responses/oppositions to Class Counsel's motion for final approval of the Settlement | December 15, 2023 |

| | |
|---|---|
| Class Counsel may file a reply in support of motion for final approval of Settlement | December 29, 2023 |
| Fairness Hearing to determine final approval of the Settlement | January 19, 2024 |

## Local Rule 3.01(g) Certification

The undersigned certifies that, pursuant to L.R. 3.01(g), undersigned counsel conferred with counsel for Defendant, Buccaneers Team LLC, formerly Buccaneers Limited Partnership ("BTL" or "Defendant"), regarding the relief sought. Defendant BTL does not object to the proposed modifications to the schedule, but BTL does object to the refusal of Class Counsel to include in the proposed schedule the Motion Regarding Article III Standing that BTL intends to file.

Undersigned counsel conferred with counsel for Intervenors regarding the relief sought. Intervenors are objecting to the settlement, have not been privy to the recent discussions, and therefore have no position on the specific relief sought.

## Conclusion

For the foregoing reasons, Plaintiffs request that the Court modify the schedule for Settlement administration as requested above.

Respectfully submitted,

Date:  October 16, 2023

*/s/ Glenn L. Hara*
Glenn L. Hara, One of the Attorneys for Plaintiffs Cin-Q Automobiles, Inc. and Medical & Chiropractic Clinic, Inc.

7

Glenn L. Hara (admitted *pro hac vice*)
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
Telephone: (847) 368-1500
Facsimile: (847) 368-1501
Email:  ghara@andersonwanca.com

Michael C. Addison (Fla. Bar. No. 0145579)
ADDISON LAW OFFICE, P.A.
1304 Alicia Avenue
Tampa, Florida 33604
Telephone: (813) 223-2000
Facsimile: (813) 228-6000
Email:  m@mcalaw.net

Ross M. Good (Fla. Bar. No. 116405)
LOFTUS & EISENBERG, LTD.
161 N. Clark, Suite 1600
Chicago, Illinois 60601
Telephone:  (786) 539-3952
Email:  ross@loftusandeisenberg.com

8

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

/s/ *Glenn L. Hara*
Glenn L. Hara (admitted *pro hac vice*)
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
Telephone: (847) 368-1500
Facsimile: (847) 368-1501
Email:  ghara@andersonwanca.com