**EXHIBIT E**

**Glenn Hara**

| | |
|---|---|
| **From:** | Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com> |
| **Sent:** | Thursday, October 12, 2023 4:42 PM |
| **To:** | Glenn Hara; Gabe.Slater@lw.com; Jonathan@classlawyers.com |
| **Cc:** | Robert.Collins@lw.com; Amin-Giwner, Stephanie; mark.mester@lw.com; m@mcalaw.net; phil@classlawyers.com; robert@classlawyers.com; ross@loftusandeisenberg.com; Bithell, Richard; Diego, Juana; Kovach, Loree; Palmer, Adam; Cansler, Erik; Sue Fitzgerald; Susan Vega |
| **Subject:** | RE: Cin-Q v. BTL |

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Glenn,

To date, we have received 129 responses to the additional information letter and 164 responses to the defect letter. In addition, I confirm that we are on track to provide a Final Report and affidavit by November 3. We anticipate sending a draft of the affidavit on October 27.

Thank you,
Orlando

**Orlando Castillejos**
Epiq | Project Manager
Mobile:  +1 502 931 0892
Email:  orlando.castillejos@epiqglobal.com

**People. Partnership. Performance.**
www.epiqglobal.com

---

**From:** Glenn Hara <ghara@andersonwanca.com>
**Sent:** Wednesday, October 11, 2023 3:00 PM
**To:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>; Gabe.Slater@lw.com; Jonathan@classlawyers.com
**Cc:** Robert.Collins@lw.com; Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>; mark.mester@lw.com; m@mcalaw.net; phil@classlawyers.com; robert@classlawyers.com; ross@loftusandeisenberg.com; Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Kovach, Loree <loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Cansler, Erik <Erik.Cansler@epiqglobal.com>; Sue Fitzgerald <sfitzgerald@andersonwanca.com>; Susan Vega <svega@andersonwanca.com>
**Subject:** RE: Cin-Q v. BTL

Orlando,

Can Epiq please (1) update the parties on how many responses to the requests for additional information/defect letters Epiq has received to date; and (2) confirm that Epiq is on track to provide its Final Report of the claims process on November 3, 2023.

Thank you,
Glenn L. Hara
Anderson + Wanca

3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
(847) 368-1500

---

**From:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>
**Sent:** Thursday, September 21, 2023 2:34 PM
**To:** Glenn Hara <ghara@andersonwanca.com>; Gabe.Slater@lw.com; Jonathan@classlawyers.com
**Cc:** Robert.Collins@lw.com; Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>;
mark.mester@lw.com; m@mcalaw.net; phil@classlawyers.com; robert@classlawyers.com;
ross@loftusandeisenberg.com; Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Kovach,
Loree <loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Cansler, Erik
<Erik.Cansler@epiqglobal.com>; Sue Fitzgerald <sfitzgerald@andersonwanca.com>; Susan Vega
<svega@andersonwanca.com>
**Subject:** RE: Cin-Q v. BTL

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking
links, especially from unknown senders.

Glenn,

Yes, defect notices and requests for additional information letters mailed on September 1.

Thank you
Orlando

**Orlando Castillejos**
Epiq | Project Manager
Mobile:  +1 502 931 0892
Email:  orlando.castillejos@epiqglobal.com

**People. Partnership. Performance.**
www.epiqglobal.com

---

**From:** Glenn Hara <ghara@andersonwanca.com>
**Sent:** Thursday, September 21, 2023 3:08 PM
**To:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>; Gabe.Slater@lw.com; Jonathan@classlawyers.com
**Cc:** Robert.Collins@lw.com; Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>;
mark.mester@lw.com; m@mcalaw.net; phil@classlawyers.com; robert@classlawyers.com;
ross@loftusandeisenberg.com; Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Kovach,
Loree <loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Cansler, Erik
<Erik.Cansler@epiqglobal.com>; Sue Fitzgerald <sfitzgerald@andersonwanca.com>; Susan Vega
<svega@andersonwanca.com>
**Subject:** RE: Cin-Q v. BTL

Dear Orlando,

Can Epiq please confirm that all defect notices/requests for additional information were mailed on September
1, 2023?

Regards,
Glenn L. Hara
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
(847) 368-1500

---

**From:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>
**Sent:** Thursday, August 31, 2023 4:46 PM
**To:** Gabe.Slater@lw.com; Glenn Hara <ghara@andersonwanca.com>; Jonathan@classlawyers.com
**Cc:** Robert.Collins@lw.com; Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>; mark.mester@lw.com; m@mcalaw.net; phil@classlawyers.com; robert@classlawyers.com; ross@loftusandeisenberg.com; Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Kovach, Loree <loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Cansler, Erik <Erik.Cansler@epiqglobal.com>; Sue Fitzgerald <sfitzgerald@andersonwanca.com>; Susan Vega <svega@andersonwanca.com>
**Subject:** RE: Cin-Q v. BTL

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Gabe,

We will prepare an updated report, which we expect will be completed on Friday 9/8.

I apologize if we had  a misunderstanding, I was waiting for the parties to respond to my August 21 email and confirm they wanted the payment information added to the report.  Having not heard anything back, we assumed this could wait until the November report.  If this is incorrect and the parties want this information included in the updated version, please let me know and we will include it in the next version of the report.

Thank you,
Orlando

**Orlando Castillejos**
Epiq | Project Manager
Mobile:  +1 502 931 0892
Email:  orlando.castillejos@epiqglobal.com

**People. Partnership. Performance.**
www.epiqglobal.com

---

**From:** Gabe.Slater@lw.com <Gabe.Slater@lw.com>
**Sent:** Wednesday, August 30, 2023 11:29 AM
**To:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>; ghara@andersonwanca.com; Jonathan@classlawyers.com
**Cc:** Robert.Collins@lw.com; Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>; mark.mester@lw.com; m@mcalaw.net; phil@classlawyers.com; robert@classlawyers.com; ross@loftusandeisenberg.com; Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Kovach, Loree <loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Cansler, Erik <Erik.Cansler@epiqglobal.com>; sfitzgerald@andersonwanca.com; svega@andersonwanca.com
**Subject:** RE: Cin-Q v. BTL

Orlando –

Thanks for the clarification.  Given your explanation that Epiq has identified additional phone numbers that should have been removed from the Claims Report, we would appreciate if Epiq could provide an updated draft of the Claims Report to the Parties, with all telephone numbers identified in Epiq's most recent audit removed.

Additionally, last Monday you informed the Parties that Epiq would provide an updated copy of the Preliminary Report including estimated payment information, both in the individual and in the aggregate by no later than Friday, August 25.  See Aug. 21, 2023 Email fr. O. Castillejos.  Does Epiq have any update as to when that will be provided?

Best regards,
Gabe


**Gabe Slater**
Pronouns: he/him/his

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800 | Chicago, IL 60611
D: +1.312.777.7194

---

**From:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>
**Sent:** Tuesday, August 29, 2023 4:43 PM
**To:** Slater, Gabe (CH) <Gabe.Slater@lw.com>; ghara@andersonwanca.com; Jonathan@classlawyers.com
**Cc:** Collins, Robert (CH) <Robert.Collins@lw.com>; Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>; Mester, Mark (CH) <mark.mester@lw.com>; m@mcalaw.net; phil@classlawyers.com; robert@classlawyers.com; ross@loftusandeisenberg.com; Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Kovach, Loree <loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Cansler, Erik <Erik.Cansler@epiqglobal.com>; sfitzgerald@andersonwanca.com; svega@andersonwanca.com
**Subject:** RE: Cin-Q v. BTL

Gabe, my responses to your follow-up questions are below.

1. That is correct, these claims have been marked as wholly duplicative claims, and are included in the claims that Epiq will recommend for rejection.
2. Yes, these numbers were not included on the defect list because the non-matching number was a phone number.  These additional phone numbers were inadvertently included in the class list you were provided.  These phone numbers were identified during our claim data review in preparation for the defect and additional info request mailings.  All phone numbers provided on the claim forms have now been removed from the validation process.
3. Tracking No. 176968 was marked as a duplicate of Tracking No. 176970. Tracking No. 176970 will receive a letter requesting additional information.

Thank you,
Orlando


**Orlando Castillejos**
Epiq | Project Manager
Mobile:  +1 502 931 0892
Email:  orlando.castillejos@epiqglobal.com

**People. Partnership. Performance.**
www.epiqglobal.com

**From:** Gabe.Slater@lw.com <Gabe.Slater@lw.com>
**Sent:** Tuesday, August 29, 2023 10:57 AM
**To:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>; ghara@andersonwanca.com;
Jonathan@classlawyers.com
**Cc:** Robert.Collins@lw.com; Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>;
mark.mester@lw.com; m@mcalaw.net; phil@classlawyers.com; robert@classlawyers.com;
ross@loftusandeisenberg.com; Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Kovach,
Loree <loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Cansler, Erik
<Erik.Cansler@epiqglobal.com>; sfitzgerald@andersonwanca.com; svega@andersonwanca.com
**Subject:** RE: Cin-Q v. BTL

Orlando –

Thanks for your response.  We have a few follow-up questions.

First, in regard to the three claims containing duplicative fax numbers, we take your response to mean that these claims have been marked as wholly duplicative claims, and are thus among the claims that Epiq has already decided will be rejected.  Please confirm that this is correct.

Second, for the 77 claims containing non-matching numbers, we understand your response to be that these claims are not included on Epiq's defect list because the non-matching number was a phone number, which Epiq has excluded.  Our understanding, however, was that all of the phone numbers had <u>already</u> been removed from the fax number columns in the spreadsheet titled "Cin-Q Auto Inc v BTL 2023-07-11" (the "Claims Report").   <u>See</u> July 11, 2023 Email fr. O. Castillejos (explaining that an updated report was provided removing phone numbers that matched the Biggerstaff list); July 11, 2023 Email fr. R. Christman (providing the updated Claims Report).  Is that incorrect, and are phone numbers still included in the fax number columns on the Claims Report?

Even if that were the case, it still appears that some of the tracking numbers we listed provided <u>multiple</u> invalid numbers, which we don't believe could be attributable to the phone number provided by the claimant. For instance, the Claims Report shows that Tracking No. 176968 provided two non-matching fax numbers (9168096056 and 7607096472).  That tracking number, however, was not included on Epiq's defect list.  Because this claim provided multiple invalid numbers, we don't see how this could be attributable to the phone number listed on the claim form.  And as noted above, we also understood that any such phone numbers should already have been removed from the Claims Report.

We would appreciate your response as soon as possible.

Best regards,

Gabe

**Gabe Slater**
Pronouns: he/him/his

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800 | Chicago, IL 60611
D: +1.312.777.7194

---

**From:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>
**Sent:** Monday, August 28, 2023 3:03 PM
**To:** Slater, Gabe (CH) <Gabe.Slater@lw.com>; ghara@andersonwanca.com; Jonathan@classlawyers.com
**Cc:** Collins, Robert (CH) <Robert.Collins@lw.com>; Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>; Mester, Mark (CH) <mark.mester@lw.com>; m@mcalaw.net; phil@classlawyers.com; robert@classlawyers.com; ross@loftusandeisenberg.com; Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Kovach, Loree <loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Cansler, Erik <Erik.Cansler@epiqglobal.com>; sfitzgerald@andersonwanca.com; svega@andersonwanca.com
**Subject:** RE: Cin-Q v. BTL

Gabe,

After reviewing your email and the underlying data, here are my findings:

- The three claims you identified as containing duplicate numbers were already marked as duplicates in the data.

- The 77 claims weren't included on the defect list for having a nonmatching fax number because these numbers were entered in the phone number field on the claim form.  As such, these numbers were addressed when we removed the phone number data.

Let me know if you have any additional questions.

Thank you,
Orlando

**Orlando Castillejos**
Epiq | Project Manager
Mobile:  +1 502 931 0892
Email:  orlando.castillejos@epiqglobal.com

**People. Partnership. Performance.**
www.epiqglobal.com

**From:** Gabe.Slater@lw.com <Gabe.Slater@lw.com>
**Sent:** Saturday, August 26, 2023 12:19 AM
**To:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>; ghara@andersonwanca.com; Jonathan@classlawyers.com
**Cc:** Robert.Collins@lw.com; Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>; mark.mester@lw.com; m@mcalaw.net; phil@classlawyers.com; robert@classlawyers.com; ross@loftusandeisenberg.com; Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Kovach, Loree <loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Cansler, Erik <Erik.Cansler@epiqglobal.com>; sfitzgerald@andersonwanca.com; svega@andersonwanca.com
**Subject:** RE: Cin-Q v. BTL

Orlando –

We have reviewed the spreadsheet provided by Epiq on Monday, August 21, 2023, titled "Cin-Q Auto. Inc. v. Buccaneers Ltd_Defect Tracking Numbers 08212023" (the "Defect List."). <u>See</u> Aug. 21, 2023 Email fr. O. Castillejos.  We have worked to review the Defect List as quickly as possible, and write to raise several questions regarding Epiq's findings.

In order to conduct our audit, we compared the Defect List with the spreadsheet previously provided to the Parties titled "Cin-Q Auto Inc v BTL 2023-07-11," (the "Claims Report"), which we understand to be the complete, final list of all claims.  <u>See</u> July 11, 2023, Email fr. O. Castillejos.

During this review, we noticed the following discrepancies:

- 3 claims listed in the Claims Report provided a fax number <u>also</u> provided in another claim (<u>i.e.</u> a duplicate claim) that were <u>not</u> included in the Defect List; and

- 77 claims listed in Claims Report provided at least one invalid fax number that were <u>not</u> included in the Defect List.

For your convenience, we have attached to this email a chart listing the tracking numbers associated with each of the above two categories.  We also understand that claims that were submitted late, but which otherwise would have fallen into one of the above categories, have been excluded because Epiq has already rejected such claims.  But please let us know if we are incorrect in that understanding.

Please let us know as soon as possible if there was a reason why these claims were excluded from the Defect List.  We understand that Epiq has excluded certain claims that it deemed to be duplicate claims, so please let us know if that is the case for these claims.  But if Epiq is an agreement that these tracking numbers should be included, we believe that these should be added to Epiq's list and that these claimants should be included in the population receiving mailings on Friday, September 1, 2023.

Assuming you agree that these are discrepancies, their presence also adds broader issues about the accuracy of the data being provided by Epiq.  Accordingly, we would respectfully request that Epiq recheck its results before the final letters are sent next week.

Best regards,
Gabe

**Gabe Slater**
Pronouns: he/him/his

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800 | Chicago, IL 60611
D: +1.312.777.7194

**From:** Castillejos, Orlando <<u>Orlando.Castillejos@epiqglobal.com</u>>
**Sent:** Monday, August 21, 2023 3:39 PM
**To:** Glenn Hara <<u>ghara@andersonwanca.com</u>>; Slater, Gabe (CH) <<u>Gabe.Slater@lw.com</u>>; <u>Jonathan@classlawyers.com</u>
**Cc:** Collins, Robert (CH) <<u>Robert.Collins@lw.com</u>>; Amin-Giwner, Stephanie <<u>stephanie.Amin-Giwner@epiqglobal.com</u>>; Mester, Mark (CH) <<u>mark.mester@lw.com</u>>; <u>m@mcalaw.net</u>; <u>phil@classlawyers.com</u>; <u>robert@classlawyers.com</u>; <u>ross@loftusandeisenberg.com</u>; Bithell, Richard <<u>rbit@epiqglobal.com</u>>; Diego, Juana <<u>jdiego@epiqglobal.com</u>>; Kovach, Loree <<u>loree.Kovach@epiqglobal.com</u>>; Palmer, Adam <<u>apalmer@epiqglobal.com</u>>; Cansler, Erik <<u>Erik.Cansler@epiqglobal.com</u>>; Sue Fitzgerald <<u>sfitzgerald@andersonwanca.com</u>>; Susan Vega

<svega@andersonwanca.com>
**Subject:** RE: Cin-Q v. BTL

Counsel,

We will be sending, via secure delivery, a complete list of tracking numbers for claims that will receiving defect letters and/or additional information request letters. The Excel file name is *Cin-Q Auto. Inc. v. Buccaneers Ltd_Defect Tracking Numbers 08212023*. In total, 1,641 unique tracking numbers will receive at least one letter. A summary of the records by category is below and can also be found in the "Summary" tab of the file.

| | |
|---|---|
| Government Entity | 11 |
| Missing Signature | 18 |
| Outside of Class Period | 30 |
| Fax Service Provider | 63 |
| Multi-Claimed Fax | 711 |
| Non-Matching Fax Number | 897 |
| Total | 1730 |

Note, the total number of codes is greater than the number of tracking numbers because a claim could be defective or require additional information for more than one reason. The Multi-Claimed Fax and Non-Matching Fax Number counts have also changed due to phone numbers no longer being treated as potential fax numbers.

Today's report does not include preliminary estimated payment information. We can add this preliminary information and circulate a revised report by the end of the week. Please let me know if you would like us to circulate a revised report, nothing that information will not be final and will be subject to change.

Thank you,
Orlando

**Orlando Castillejos**
Epiq | Project Manager
Mobile:  +1 502 931 0892
Email:  orlando.castillejos@epiqglobal.com

**People. Partnership. Performance.**
www.epiqglobal.com

---

**From:** Glenn Hara <ghara@andersonwanca.com>
**Sent:** Friday, August 18, 2023 10:30 AM
**To:** Gabe.Slater@lw.com; Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>; Jonathan@classlawyers.com
**Cc:** Robert.Collins@lw.com; Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>; mark.mester@lw.com; m@mcalaw.net; phil@classlawyers.com; robert@classlawyers.com; ross@loftusandeisenberg.com; Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Kovach, Loree <loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Cansler, Erik <Erik.Cansler@epiqglobal.com>; Sue Fitzgerald <sfitzgerald@andersonwanca.com>; Susan Vega <svega@andersonwanca.com>
**Subject:** RE: Cin-Q v. BTL

Orlando,

Plaintiffs have no objection, either. Please include in Monday's report the amounts to be paid to claimants individually and in the aggregate.

Glenn L. Hara
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
(847) 368-1500

---

**From:** Gabe.Slater@lw.com <Gabe.Slater@lw.com>
**Sent:** Thursday, August 17, 2023 6:32 PM
**To:** Orlando.Castillejos@epiqglobal.com; Jonathan@classlawyers.com
**Cc:** Robert.Collins@lw.com; stephanie.Amin-Giwner@epiqglobal.com; mark.mester@lw.com; m@mcalaw.net; phil@classlawyers.com; robert@classlawyers.com; ross@loftusandeisenberg.com; rbit@epiqglobal.com; jdiego@epiqglobal.com; loree.Kovach@epiqglobal.com; apalmer@epiqglobal.com; Erik.Cansler@epiqglobal.com; Sue Fitzgerald <sfitzgerald@andersonwanca.com>; Susan Vega <svega@andersonwanca.com>; Glenn Hara <ghara@andersonwanca.com>
**Subject:** RE: Cin-Q v. BTL

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Orlando –

BTL has no objection to the proposed edit.

Thanks,
Gabe

**Gabe Slater**
Pronouns: he/him/his

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800 | Chicago, IL 60611
D: +1.312.777.7194

---

**From:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>
**Sent:** Wednesday, August 16, 2023 1:04 PM
**To:** Jon Piper <Jonathan@classlawyers.com>; Slater, Gabe (CH) <Gabe.Slater@lw.com>
**Cc:** Collins, Robert (CH) <Robert.Collins@lw.com>; Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>; Mester, Mark (CH) <mark.mester@lw.com>; m@mcalaw.net; Phil Bock <phil@classlawyers.com>; Robert Hatch <robert@classlawyers.com>; ross@loftusandeisenberg.com; Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Kovach, Loree <loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Cansler, Erik <Erik.Cansler@epiqglobal.com>; sfitzgerald@andersonwanca.com; svega@andersonwanca.com; ghara@andersonwanca.com
**Subject:** RE: Cin-Q v. BTL

Assuming that all parties are in agreement, Epiq will be able to include the amounts it expects to pay to each claimant in the November 3rd report. Thank you

**Orlando Castillejos**
Epiq | Project Manager
Mobile:  +1 502 931 0892

Email: orlando.castillejos@epiqglobal.com

**People. Partnership. Performance.**
www.epiqglobal.com

---

**From:** Jon Piper <Jonathan@classlawyers.com>
**Sent:** Wednesday, August 16, 2023 12:25 PM
**To:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>; Gabe.Slater@lw.com
**Cc:** Robert.Collins@lw.com; Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>;
mark.mester@lw.com; m@mcalaw.net; Phil Bock <phil@classlawyers.com>; Robert Hatch <robert@classlawyers.com>;
ross@loftusandeisenberg.com; Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Kovach,
Loree <loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Cansler, Erik
<Erik.Cansler@epiqglobal.com>; sfitzgerald@andersonwanca.com; svega@andersonwanca.com;
ghara@andersonwanca.com
**Subject:** Re: Cin-Q v. BTL

With regard to the report on claims due Nov. 3, 2023, Intervenors request that the report specify the
amounts the Administrator expects to be paid to class members in the aggregate and individually. Just to
avoid confusion and delay, we suggest that that be incorporated into the written schedule (see below).

| | |
|---|---|
| The Settlement Administrator shall provide a final report to the Court of claims rejected and accepted by the Settlement Administrator, specifying the amounts it expects to pay to each claimant and in the aggregate, including an affidavit attesting to the completeness and accuracy thereof and compliance with the Court's Orders regarding the Notice Program and Preliminary Approval | November 3, 2023 |

---

**From:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>
**Sent:** Wednesday, August 16, 2023 12:03 PM
**To:** Gabe.Slater@lw.com <Gabe.Slater@lw.com>
**Cc:** Robert.Collins@lw.com <Robert.Collins@lw.com>; Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>; mark.mester@lw.com <mark.mester@lw.com>; Jon Piper <Jonathan@classlawyers.com>;
m@mcalaw.net <m@mcalaw.net>; Phil Bock <phil@classlawyers.com>; Robert Hatch <robert@classlawyers.com>;
ross@loftusandeisenberg.com <ross@loftusandeisenberg.com>; Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana
<jdiego@epiqglobal.com>; Kovach, Loree <loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>;
Cansler, Erik <Erik.Cansler@epiqglobal.com>; sfitzgerald@andersonwanca.com <sfitzgerald@andersonwanca.com>;
svega@andersonwanca.com <svega@andersonwanca.com>; ghara@andersonwanca.com
<ghara@andersonwanca.com>
**Subject:** RE: Cin-Q v. BTL

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Gabe and All,

We understand and appreciate your patience.  Epiq confirms that it will meet the August 21 deadline as well as the other deadlines set forth in your email.


Thank you,

Orlando


**Orlando Castillejos**

Epiq | Project Manager

Mobile:  +1 502 931 0892

Email:  orlando.castillejos@epiqglobal.com


**People. Partnership. Performance.**

www.epiqglobal.com

---

**From:** Gabe.Slater@lw.com <Gabe.Slater@lw.com>
**Sent:** Wednesday, August 16, 2023 12:02 AM
**To:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>
**Cc:** Robert.Collins@lw.com; Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>; mark.mester@lw.com; Jonathan@classlawyers.com; m@mcalaw.net; phil@classlawyers.com; robert@classlawyers.com; ross@loftusandeisenberg.com; Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Kovach, Loree <loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Cansler, Erik <Erik.Cansler@epiqglobal.com>; sfitzgerald@andersonwanca.com; svega@andersonwanca.com; ghara@andersonwanca.com
**Subject:** RE: Cin-Q v. BTL


Orlando –


Given the extensive delays over the past month, the Parties have agreed on the below revised schedule.  See disc. infra.

As you'll see, this provides a firm deadline of August 21, 2023 for Epiq to provide its preliminary report, including a full list of the number of claimants who will receive each category of request for additional information and/or defect notice.  The schedule also provides the Parties with 11 days to audit Epiq's list, with Epiq's deadline to mail out the letters on September 1, 2023.  The schedule then pushes back the remaining deadlines to provide claimants with adequate time to respond to the letters, with a new response deadline of October 6, 2023.

In order for this schedule to work, however, we need Epiq to strictly comply with the deadlines set out below, and we really cannot afford any further delays or missed deadlines.  Another week has already nearly passed since Epiq promised the full list of claimants that will fall within each category, and given that Epiq has previously provided its preliminary counts, we don't see why there should be any further delay at this point.  See Aug. 10, 2023 Email fr. O. Castillejos.

Please provide us the report as soon as possible, and by no later than Monday, August 21, 2023.  Please also confirm that Epiq can comply with each of the below deadlines set out in the proposed schedule as soon as possible.

Assuming Epiq has no issues, we plan to submit this proposed schedule to Judge Porcelli after Epiq has provided its report, which again, needs to be provided to the Parties as soon as possible, and by no later than Monday, August 21, 2023.

Best regards,

Gabe

| | |
|---|---|
| Deadline for Parties to file any motions with the Court concerning defect notices and/or requests for additional information to claimants | June 12, 2023 |
| Deadline to file any responses/oppositions to motions concerning defect notices and/or requests for additional information to claimants | June 26, 2023 |
| Settlement Administrator shall provide preliminary report to counsel of claims submitted, rejected, and accepted by the Settlement Administrator, including a list of each claimant to receive a request for additional information and/or a defect notice | August 21, 2023 |
| Settlement Administrator to send all requests for additional information and/or defect notices to claimants | September 1, 2023 |
| Any Settlement Class Member may submit any further information to the Settlement Administrator with respect to the Class Member's Claim | October 6, 2023 |
| The Settlement Administrator shall provide a final report to the Court of claims rejected and accepted by the Settlement Administrator, including an affidavit attesting to the completeness and accuracy thereof and compliance with the Court's Orders regarding the Notice Program and Preliminary Approval | November 3, 2023 |
| Class Counsel shall move for final approval of the Settlement and respond to Settlement Class Member Objections | November 17, 2023 |
| The Parties may present to the Court disputed claims that cannot be resolved through good faith negotiations between the Parties and objections to determinations made by the Settlement Administrator | December 8, 2023 |
| All responses/oppositions to Class Counsel's motion for final approval of the Settlement | December 15, 2023 |

| Class Counsel may file a reply in support of motion for final approval of Settlement | December 29, 2023 |
| Fairness Hearing to determine final approval of the Settlement | January 19, 2024 |

**Gabe Slater**

Pronouns: he/him/his

**LATHAM & WATKINS LLP**

330 North Wabash Avenue, Suite 2800 | Chicago, IL 60611

D: +1.312.777.7194

**From:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>
**Sent:** Thursday, August 10, 2023 3:02 PM
**To:** Slater, Gabe (CH) <Gabe.Slater@lw.com>
**Cc:** Collins, Robert (CH) <Robert.Collins@lw.com>; Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>; Mester, Mark (CH) <mark.mester@lw.com>; Jonathan@classlawyers.com; m@mcalaw.net; phil@classlawyers.com; robert@classlawyers.com; ross@loftusandeisenberg.com; Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Kovach, Loree <loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Cansler, Erik <Erik.Cansler@epiqglobal.com>; sfitzgerald@andersonwanca.com; svega@andersonwanca.com; ghara@andersonwanca.com
**Subject:** RE: Cin-Q v. BTL

Counsel,

Thank you for the updated letters. We'll begin to format the letters for mailing. As previously indicated, we will need 10 business days to complete the mailing. Accordingly, the letters will mail on Monday 8/21 with a September 5 deadline, per the Court's current Order.

We are currently completing our final review and quality assurance processes and will re-circulate an updated report as soon as the work is complete.

Sincerely,

Orlando


**Orlando Castillejos**

Epiq | Project Manager

Mobile:  +1 502 931 0892

Email:  orlando.castillejos@epiqglobal.com


**People. Partnership. Performance.**

www.epiqglobal.com

---

**From:** Gabe.Slater@lw.com <Gabe.Slater@lw.com>
**Sent:** Wednesday, August 9, 2023 7:13 PM
**To:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>
**Cc:** Robert.Collins@lw.com; Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>;
mark.mester@lw.com; Jonathan@classlawyers.com; m@mcalaw.net; phil@classlawyers.com;
robert@classlawyers.com; ross@loftusandeisenberg.com; Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana
<jdiego@epiqglobal.com>; Kovach, Loree <loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>;
Cansler, Erik <Erik.Cansler@epiqglobal.com>; sfitzgerald@andersonwanca.com; svega@andersonwanca.com;
ghara@andersonwanca.com
**Subject:** RE: Cin-Q v. BTL


Orlando –


We also note that the Parties have yet to receive an analysis showing the Tracking ID of each claimant in each of the categories, which was requested on July 31, 2023.  See July 31, 2023 Email fr. G. Harra.


As we have previously noted (see July 31, 2023 Email fr. G. Slater), the Parties need an opportunity to review this information and audit Epiq's findings before any of these letters are mailed out.


Please let us when Epiq will provide a list showing the Tracking ID of each claimant associated with each category.


Best regards,

Gabe

**Gabe Slater**

Pronouns: he/him/his

**LATHAM & WATKINS LLP**

330 North Wabash Avenue, Suite 2800 | Chicago, IL 60611

D: +1.312.777.7194

---

**From:** Slater, Gabe (CH)
**Sent:** Wednesday, August 9, 2023 4:59 PM
**To:** 'Glenn Hara' <ghara@andersonwanca.com>
**Cc:** Orlando.Castillejos@epiqglobal.com; Collins, Robert (CH) <Robert.Collins@lw.com>; stephanie.Amin-Giwner@epiqglobal.com; Mester, Mark (CH) <MARK.MESTER@lw.com>; Jonathan@classlawyers.com; m@mcalaw.net; phil@classlawyers.com; robert@classlawyers.com; ross@loftusandeisenberg.com; rbit@epiqglobal.com; jdiego@epiqglobal.com; loree.Kovach@epiqglobal.com; apalmer@epiqglobal.com; Erik.Cansler@epiqglobal.com; Sue Fitzgerald <sfitzgerald@andersonwanca.com>; Susan Vega <svega@andersonwanca.com>
**Subject:** RE: Cin-Q v. BTL

Orlando –

Please see attached revised copies of the three letters.  The parties have met and conferred, and reached agreement on the language included in these drafts.

Please let us know if you have any questions.

Best,

Gabe

**Gabe Slater**

Pronouns: he/him/his

**LATHAM & WATKINS LLP**

330 North Wabash Avenue, Suite 2800 | Chicago, IL 60611

D: +1.312.777.7194

---

**From:** Glenn Hara <ghara@andersonwanca.com>
**Sent:** Thursday, August 3, 2023 4:19 PM
**To:** Slater, Gabe (CH) <Gabe.Slater@lw.com>
**Cc:** Orlando.Castillejos@epiqglobal.com; Collins, Robert (CH) <Robert.Collins@lw.com>; stephanie.Amin-Giwner@epiqglobal.com; Mester, Mark (CH) <mark.mester@lw.com>; Jonathan@classlawyers.com; m@mcalaw.net; phil@classlawyers.com; robert@classlawyers.com; ross@loftusandeisenberg.com; rbit@epiqglobal.com; jdiego@epiqglobal.com; loree.Kovach@epiqglobal.com; apalmer@epiqglobal.com; Erik.Cansler@epiqglobal.com; Sue Fitzgerald <sfitzgerald@andersonwanca.com>; Susan Vega <svega@andersonwanca.com>
**Subject:** RE: Cin-Q v. BTL

Gabe,

I have attached our redline of the Defect Notice and Request for Additional Information, in advance of our call tomorrow. We have no changes to the Cover Letter.

Regards,

Glenn L. Hara

Anderson + Wanca

3701 Algonquin Rd., Suite 500

Rolling Meadows, IL 60008

(847) 368-1500

**From:** Glenn Hara
**Sent:** Wednesday, August 2, 2023 6:57 PM
**To:** Gabe.Slater@lw.com
**Cc:** Orlando.Castillejos@epiqglobal.com; Robert.Collins@lw.com; stephanie.Amin-Giwner@epiqglobal.com; mark.mester@lw.com; Jonathan@classlawyers.com; m@mcalaw.net; phil@classlawyers.com; robert@classlawyers.com; ross@loftusandeisenberg.com; rbit@epiqglobal.com; jdiego@epiqglobal.com; loree.Kovach@epiqglobal.com; apalmer@epiqglobal.com; Erik.Cansler@epiqglobal.com; Sue Fitzgerald <sfitzgerald@andersonwanca.com>; Susan Vega <svega@andersonwanca.com>
**Subject:** Re: Cin-Q v. BTL

Gabe,

Let's talk at noon CST on Friday. Thanks,

Glenn

Sent from my iPhone

> On Aug 2, 2023, at 4:37 PM, Gabe.Slater@lw.com wrote:

> CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

> Glenn –

> We are available at either 12 or 1:15 CT on Friday.  Please let us know if either of those times work.

> Thanks,

> Gabe

> **Gabe Slater**

> Pronouns: he/him/his

**LATHAM & WATKINS LLP**

330 North Wabash Avenue, Suite 2800 | Chicago, IL 60611

D: +1.312.777.7194

---

**From:** Glenn Hara <ghara@andersonwanca.com>
**Sent:** Wednesday, August 2, 2023 2:08 PM
**To:** Slater, Gabe (CH) <Gabe.Slater@lw.com>; Orlando.Castillejos@epiqglobal.com; Collins, Robert (CH) <Robert.Collins@lw.com>; stephanie.Amin-Giwner@epiqglobal.com; Mester, Mark (CH) <mark.mester@lw.com>; Jonathan@classlawyers.com; m@mcalaw.net; phil@classlawyers.com; robert@classlawyers.com; ross@loftusandeisenberg.com
**Cc:** rbit@epiqglobal.com; jdiego@epiqglobal.com; loree.Kovach@epiqglobal.com; apalmer@epiqglobal.com; Erik.Cansler@epiqglobal.com; Sue Fitzgerald <sfitzgerald@andersonwanca.com>; Susan Vega <svega@andersonwanca.com>
**Subject:** RE: Cin-Q v. BTL

Gabe,

We will send a redline of BTL's proposed changes to the notices by the end of the day tomorrow, August 3.  We propose that we meet and confer Friday, August 4.  Do you have any availability in the morning?

Regards,

Glenn L. Hara

Anderson + Wanca

3701 Algonquin Rd., Suite 500

Rolling Meadows, IL 60008

(847) 368-1500

---

**From:** Gabe.Slater@lw.com <Gabe.Slater@lw.com>
**Sent:** Wednesday, August 2, 2023 1:15 PM

**To:** Glenn Hara <ghara@andersonwanca.com>; Orlando.Castillejos@epiqglobal.com;
Robert.Collins@lw.com; stephanie.Amin-Giwner@epiqglobal.com; mark.mester@lw.com;
Jonathan@classlawyers.com; m@mcalaw.net; phil@classlawyers.com; robert@classlawyers.com;
ross@loftusandeisenberg.com
**Cc:** rbit@epiqglobal.com; jdiego@epiqglobal.com; loree.Kovach@epiqglobal.com;
apalmer@epiqglobal.com; Erik.Cansler@epiqglobal.com; Sue Fitzgerald
<sfitzgerald@andersonwanca.com>; Susan Vega <svega@andersonwanca.com>
**Subject:** RE: Cin-Q v. BTL

CAUTION: This email originated from outside your organization. Exercise caution when opening
attachments or clicking links, especially from unknown senders.

Glenn –

We write in response to your email dated July 31, 2023.  See July 31, 2023 Email fr. G. Hara.

First, we take issue with your suggestion that the "parties may be heading for yet another disputed
motion before Judge Porcelli."  See July 31, 2023 Email fr. G. Hara.  We fail to see how our proposed
edits justifies this suggestion, among other reasons, because it completely ignores the Parties' obligation
to meet and confer regarding any outstanding issues before anything is brought to Judge Porcelli.  See
Settlement Agt. (Dkt. 324-1) § VIII.E (requiring that the Parties "meet and confer and attempt, in good
faith, to resolve any dispute" regarding disputed claims before such issues are brought before the
Court); see also M.D. Fla. L.R. 3.01(g) (setting out the duty to confer in good faith prior to filing any
motion in a civil action).

Our email on Monday evening simply communicated BTL's proposed edits to Epiq's three letters, and we
expected that Class Counsel would do the same, at which point the Parties could meet and confer
regarding any disputed issues in an attempt to reach a resolution.  See July 31, 2023 Email fr. G.
Slater.  Unfortunately, instead of providing your own set of edits, your email suggests that Class Counsel
are already prepared to bring some sort of motion before Judge Porcelli.  See July 31, 2023 Email fr. G.
Hara.  We certainly hope that is not the case and are prepared to meet and confer with you regarding
the issues discussed in your email and as set out below.  See disc. infra.

Second, instead of proposing any edits to the letters, your email vaguely asserts (without more) that you
do not agree with any of the proposed edits suggested by BTL.  See July 31, 2023 Email fr. G. Hara.  You
instead mischaracterize our email by claiming that we represented all of our edits were "non-
substantive."  See id.  But we did no such thing.  Instead, our email clearly stated that in addition to
several non-substantive line edits, we had several substantive comments.  See July 31, 2023 Email fr. G.
Slater.  We then clearly described each of our proposed edits.  See id.  The intent of this was to flag for
Epiq and for Class Counsel the substantive points we aimed to address, including the additional
certification to which you now so strongly objected.

19

In any case, please inform us as soon as possible whether Class Counsel indeed objects to each and every edit made by BTL. We certainly hope that is not the case, as a number of our edits were made with the intent of clarifying the letters and to make the process <u>less</u> burdensome on claimants, not more burdensome. As one example, we suggested removing unclear language that would have required claimants to submit a written response to the defect letter, which would have imposed a confusing and unnecessary burden on claimants. <u>See</u> July 31, 2023 Email fr. G. Slater.

<u>Finally</u>, we are surprised that you objected so strongly to our proposed edits, given the undisputed number of invalid and/or fraudulent claims submitted during the claims process. To name just a few of the notable occurrences of facially invalid and/or fraudulent claims: (i) 35% of all Claim Forms are duplicates in that they claim a fax number that is also listed on another Claim Form; (ii) 26% of all Claim Forms provided a number that did <u>not</u> match the Biggerstaff list; and (iii) entities (including MCAG and Astro Companies) submitted thousands of fax numbers that the Parties have agreed <u>cannot</u> form the basis of a valid claim. <u>See</u> BTL's Reply (Dkt. 467) at 5-6. Most obviously, 215 claimants who were <u>not</u> M&C or Cin-Q provided a fax number claimed by either M&C or Cin-Q, though you have yet to provide documentation that the numbers claimed by M&C and Cin-Q were actually theirs during the period July 14, 2009 to June 9, 2010, something we believe needs to be done <u>before</u> the conflicting claims for those two numbers can be resolved by Epiq. See <u>id.</u>

We would hope that given these various claims have called into question the validity of the claims submitted by your own clients, you would see the need to undertake additional measures to ensure that the responses to these letters do not result in the same level of fraud that occurred during the claims process. Whatever purpose the Parties believed that the certification was meant to provide in the Settlement Agreement, it has clearly failed. Our edit was thus an attempt to communicate to claimants the seriousness of their representation, with the hope that this round of submissions would include far fewer invalid and/or fraudulent claims than during the claims process.

If you believe that our proposed edit is inadequate, does Class Counsel have any proposed alternative edit or proposal as to how to deal with the situation? We are, of course, open to any suggestions, which is the very purpose of the meet and confer requirement you have appeared to ignore.

We also understand that this process has been rife with delays (in large part due to the very fraud described above),which is why we worked over the weekend to review this and to provide our proposed edits a day before the Settlement Administrator had requested them. <u>See</u> July 31, 2023 Email fr. G. Slater. In the interest of time, we would thus request that you provide responses on the following issues as soon as possible:

1. Does Class Counsel agree that it needs to meet and confer with BTL before any issues are brought before Judge Porcelli?

2. Can Class Counsel confirm that it objects to <u>every</u> edit made by BTL? If so, please provide your grounds for each objection.

3.   Does Class Counsel have any counterproposal to handle fraudulent representations submitted to the Settlement Administrator, given that the certification in the original Claim Form unquestionably did not work as intended?

4.   When can you be available to meet and confer on these issues?

Best regards,
Gabe

P.S.:    Mark Mester wrote you on July 7, 2023 regarding the issue of Article III standing, including how recent decisions on Article III in the Eleventh Circuit and elsewhere have implications for this litigation.  See July 7, 2023 Email fr. M. Mester to G. Hara.  We were hoping for a prompt response from you to our email, but I do not believe you have responded to our email to date.  That is disappointing, especially since you have always insisted on prompt responses to issues of concern to you and were only willing to agree to give us two days to prepare our July 14, 2023 reply after Epiq's most recent error.  See July 7, 2023 Emails btwn. M. Mester and G. Hara.  In any case,  however, we would also like to discuss during our upcoming meet and confer session the issues raised in Mark's email.

**Gabe Slater**
Pronouns: he/him/his

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800 | Chicago, IL 60611
D: +1.312.777.7194

**From:** Glenn Hara <ghara@andersonwanca.com>
**Sent:** Monday, July 31, 2023 9:49 PM
**To:** Slater, Gabe (CH) <Gabe.Slater@lw.com>; Orlando.Castillejos@epiqglobal.com; Collins, Robert (CH) <Robert.Collins@lw.com>; stephanie.Amin-Giwner@epiqglobal.com; Mester, Mark (CH) <mark.mester@lw.com>; Jonathan@classlawyers.com; m@mcalaw.net; phil@classlawyers.com; robert@classlawyers.com; ross@loftusandeisenberg.com
**Cc:** rbit@epiqglobal.com; jdiego@epiqglobal.com; loree.Kovach@epiqglobal.com; apalmer@epiqglobal.com; Erik.Cansler@epiqglobal.com; Sue Fitzgerald <sfitzgerald@andersonwanca.com>; Susan Vega <svega@andersonwanca.com>
**Subject:** RE: Cin-Q v. BTL

Orlando and all,

In response to BTL's counsels' email this evening:

1.   Plaintiffs agree with BTL that the parties need "the number of claimants" (July 31, 2023, email fr. R. Collins, below) in each of the categories for Notices of Deficiency/Requests for Additional Information before we can finalize these Notices. When can Epiq provide that previously promised information to the parties?

2.   Plaintiffs additionally request that Epiq provide not only the number of claimants in each category but also the Tracking ID of each claimant in each category.

3. Plaintiffs do not agree with any of the supposedly "non-substantive" (July 31, 2023, email fr. R. Collins, below) changes that BTL has proposed to the Notices, including but not limited to, the never-before-seen language that "**Providing knowingly false information in this response may subject you to consequences including but not limited to denial of your Claim, civil liability and/or referral to state or federal authorities for investigation.**" Plaintiffs object to Epiq including this type of threatening language in any class communication in this case. It was not agreed to by the parties, and it was not ordered by the Court.

4. Since it appears the parties may be heading for yet another disputed motion before Judge Porcelli with regards to the contents of the Defect Notices/Requests for Additional Information, can Epiq confirm that it can send such notices 14 days from a ruling by the Court on those disputed issues?

Regards,
Glenn L. Hara
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
(847) 368-1500

---

**From:** Gabe.Slater@lw.com <Gabe.Slater@lw.com>
**Sent:** Monday, July 31, 2023 6:59 PM
**To:** Orlando.Castillejos@epiqglobal.com; Glenn Hara <ghara@andersonwanca.com>; Robert.Collins@lw.com; stephanie.Amin-Giwner@epiqglobal.com; mark.mester@lw.com; Jonathan@classlawyers.com; m@mcalaw.net; phil@classlawyers.com; robert@classlawyers.com; ross@loftusandeisenberg.com
**Cc:** rbit@epiqglobal.com; jdiego@epiqglobal.com; loree.Kovach@epiqglobal.com; apalmer@epiqglobal.com; Erik.Cansler@epiqglobal.com; Sue Fitzgerald <sfitzgerald@andersonwanca.com>; Susan Vega <svega@andersonwanca.com>
**Subject:** RE: Cin-Q v. BTL

Some people who received this message don't often get email from gabe.slater@lw.com. Learn why this is important

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Orlando –

As requested in your email this past Friday (see July 28, 2023 Email fr. O. Castillejos), please see attached revised drafts of the three letters and redlines reflecting BTL's proposed changes.  We note in passing that Epiq originally promised to get these drafts to us on Wednesday, July 26, 2023.  See July 24, 2023 Email fr. O. Castillejos.  But they were actually not provided to us until 4:31 PM ET on Friday, July 28, 2023, requiring us to review them over the weekend.  See July 28, 2023 Email fr. O. Castillejos.

First and foremost, before any letters are sent out, the Parties still need an opportunity to review Epiq's count of the number of claimants that will receive each letter.  We understood that Epiq was planning to provide that information to the Parties (see July 24, 2023 Email fr. O. Castillejos), but as of today, we have yet to receive any such information.  The Parties obviously need an opportunity to review the updated counts before any letters are mailed out, given Epiq's most recently-provided spreadsheet and apparent errors in that spreadsheet already identified by our expert.  See July 11, 2023 Email fr. O. Castillejos.  BTL thus requests that Epiq provide that information as soon as possible.

In terms of the content of the letters, we made several proposed non-substantive line edits that are reflected in the redlines, but we do have a few larger points on the Notice of Deficient Claim and the Notice of Request for Additional Information:

1. **Notice of Deficient Claim.**
   a. The instructions as written call for a written response, but based on the substance of the form, we do not believe any written response is required.  For the two fields, the claimant simply needs to provide a corrected fax number(s) and/or provide their signature.  Thus, we have removed language suggesting that a written response is required.
   b. Because the initial Claim Form was submitted under the penalty of perjury, we have also added a certification to this response.  This language follows from the Claim Form and requires that claimants certify that the information contained in their response is true and correct.

2. **Notice of Request for Additional Information.**
   a. In contrast, the Notice of Request for Additional Information clearly contemplates that the claimant will provide a written response in addition to any supporting documentation.  We have thus adjusted the language to reflect that in addition to any documentation, the claimant must provide a written response.  For instance, for the category of claimants that provided the name of a business that was not incorporated until after the class period, the revised language makes clear that the claimant must provide both (1) a written response stating that the business was organized on or before June 9, 2010, and (2) any supporting documentation that the business existed on or before June 9, 2010.
   b. As with the Notice of Deficient Claim Form, we have also added a certification stating that the information provided by the claimant is true and correct under the penalty of perjury.

Please let us know if you have any questions.

Best regards,
Gabe

**Gabe Slater**
Pronouns: he/him/his

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800 | Chicago, IL 60611
D: +1.312.777.7194

---

**From:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>
**Sent:** Friday, July 28, 2023 3:31 PM
**To:** Glenn Hara <ghara@andersonwanca.com>; Slater, Gabe (CH) <Gabe.Slater@lw.com>; Collins, Robert (CH) <Robert.Collins@lw.com>; Amin-Giwner, Stephanie <stephanie.Amin-

Giwner@epiqglobal.com>; Mester, Mark (CH) <mark.mester@lw.com>; Jonathan@classlawyers.com; m@mcalaw.net; phil@classlawyers.com; robert@classlawyers.com; ross@loftusandeisenberg.com
**Cc:** Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Kovach, Loree <loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Cansler, Erik <Erik.Cansler@epiqglobal.com>; Sue Fitzgerald <sfitzgerald@andersonwanca.com>; Susan Vega <svega@andersonwanca.com>
**Subject:** RE: Cin-Q v. BTL

As requested, attached are drafts of the defect letter, the letter requesting additional information and a cover letter which will be included if a claimant is receiving both letters.  Please review and let us know if you have any edits.  We will need final approval of these letters not later than August 1, 2023 in order to stay on track with the Court ordered deadlines. Thank you, Orlando

**Orlando Castillejos**
Epiq | Project Manager
Mobile:  +1 502 931 0892
Email:  orlando.castillejos@epiqglobal.com

**People. Partnership. Performance.**
www.epiqglobal.com

---

**From:** Glenn Hara <ghara@andersonwanca.com>
**Sent:** Wednesday, July 26, 2023 4:10 PM
**To:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>; Gabe.Slater@lw.com; Robert.Collins@lw.com; Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>; mark.mester@lw.com; Jonathan@classlawyers.com; m@mcalaw.net; phil@classlawyers.com; robert@classlawyers.com; ross@loftusandeisenberg.com
**Cc:** Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Kovach, Loree <loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Cansler, Erik <Erik.Cansler@epiqglobal.com>; Sue Fitzgerald <sfitzgerald@andersonwanca.com>; Susan Vega <svega@andersonwanca.com>
**Subject:** RE: Cin-Q v. BTL

Dear Stephanie and Orlando,

I have attached Judge Porcelli's Order issued today reflecting the Court's rulings at the hearing on July 17, 2023.

Regards,
Glenn L. Hara
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
(847) 368-1500

---

**From:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>
**Sent:** Monday, July 24, 2023 1:08 PM
**To:** Gabe.Slater@lw.com; Glenn Hara <ghara@andersonwanca.com>; Robert.Collins@lw.com; Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>; mark.mester@lw.com; Jonathan@classlawyers.com; m@mcalaw.net; phil@classlawyers.com; robert@classlawyers.com; ross@loftusandeisenberg.com
**Cc:** Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Kovach, Loree <loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Cansler, Erik

<Erik.Cansler@epiqglobal.com>; Sue Fitzgerald <sfitzgerald@andersonwanca.com>; Susan Vega
<svega@andersonwanca.com>
**Subject:** RE: Cin-Q v. BTL

Some people who received this message don't often get email from orlando.castillejos@epiqglobal.com. Learn why this is important

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Gabe,

Yes, we will prepare and distribute separate drafts of the letter to distinguish between defects and requests for additional information. We will also draft a cover letter for claimants who receive a letter for defects and a letter for additional information. We will circulate these updated drafts for review by Wednesday.

Thank you,
Orlando

**Orlando Castillejos**
Epiq | Project Manager
Mobile:  +1 502 931 0892
Email:  orlando.castillejos@epiqglobal.com

**People. Partnership. Performance.**
www.epiqglobal.com

---

**From:** Gabe.Slater@lw.com <Gabe.Slater@lw.com>
**Sent:** Friday, July 21, 2023 6:07 PM
**To:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>; ghara@andersonwanca.com; Robert.Collins@lw.com; Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>; mark.mester@lw.com; Jonathan@classlawyers.com; m@mcalaw.net; phil@classlawyers.com; robert@classlawyers.com; ross@loftusandeisenberg.com
**Cc:** Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Kovach, Loree <loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Cansler, Erik <Erik.Cansler@epiqglobal.com>; sfitzgerald@andersonwanca.com; svega@andersonwanca.com
**Subject:** RE: Cin-Q v. BTL

Orlando –

Thank you for distributing the draft letter late yesterday.  See July 20, 2023 Email fr. O. Castillejos.  Our review of the letter is ongoing.  We write now, however, to raise a threshold concern with Epiq's proposed draft.

While we understand that Epiq has formatted this such that each category can be inserted into a single form letter, BTL does not believe that any one form letter can be appropriate for all of the categories.  For instance, the re line of the letter states "Notice of Incomplete Claim Form for *Cin-Q Automobiles, Inc., et al. v. Buccaneers Limited Partnership*," but some of the categories are not in fact issues relating to incomplete Claim Forms but, instead, requests for additional information to validate questionable Claims.  Similarly, the introductory paragraph states that this "letter is to provide you with an opportunity to cure the defect(s) of your Claim."  While some of the categories are certainly defects (for instance, the "Missing Signature" category), others are requests for additional information (for

instance, the "Unable To Determine Ownership" category).  In short, each category requires distinct verbiage that we don't believe can be reflected in the current format proposed by Epiq.

For these reasons, we believe it would be helpful to prepare separate versions of the letter for each category for the Parties to review.  We understand that certain claimants may be receiving this letter for multiple reasons, in which case Epiq can also prepare a form letter to cover such instances.  But since we do not currently have Epiq's final counts, you are obviously in a better position to understand the number of Claims that will fall into multiple categories and the need to draft separate letters for such claimants.

We are open to any additional suggestions you may have, but we would appreciate if Epiq could prepare and distribute separate drafts of the letter to cover each of the five categories.

Best regards,
Gabe


**Gabe Slater**
Pronouns: he/him/his

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800 | Chicago, IL 60611
D: +1.312.777.7194

---

**From:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>
**Sent:** Thursday, July 20, 2023 3:33 PM
**To:** Glenn Hara <ghara@andersonwanca.com>; Collins, Robert (CH) <Robert.Collins@lw.com>; Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>; Mester, Mark (CH) <mark.mester@lw.com>; Jonathan@classlawyers.com; m@mcalaw.net; Slater, Gabe (CH) <Gabe.Slater@lw.com>; phil@classlawyers.com; robert@classlawyers.com; ross@loftusandeisenberg.com
**Cc:** Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Kovach, Loree <loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Cansler, Erik <Erik.Cansler@epiqglobal.com>; Sue Fitzgerald <sfitzgerald@andersonwanca.com>; Susan Vega <svega@andersonwanca.com>
**Subject:** RE: Cin-Q v. BTL

All,

Thank you for providing us with the Order. Attached please find a draft of the defect letter. The defect letter reflects the five defect types listed in the Order. We are working toward providing updated counts of the number of claimants in each of the five categories and anticipate results will be ready next week.

Regards,
Orlando

**Orlando Castillejos**
Epiq | Project Manager
Mobile:  +1 502 931 0892
Email:  orlando.castillejos@epiqglobal.com

**People. Partnership. Performance.**
www.epiqglobal.com

**From:** Glenn Hara <ghara@andersonwanca.com>
**Sent:** Wednesday, July 19, 2023 11:49 AM
**To:** Robert.Collins@lw.com; Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>;
Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>; mark.mester@lw.com;
Jonathan@classlawyers.com; m@mcalaw.net; Gabe.Slater@lw.com; phil@classlawyers.com;
robert@classlawyers.com; ross@loftusandeisenberg.com
**Cc:** Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Kovach, Loree
<loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Cansler, Erik
<Erik.Cansler@epiqglobal.com>; Sue Fitzgerald <sfitzgerald@andersonwanca.com>; Susan Vega
<svega@andersonwanca.com>
**Subject:** RE: Cin-Q v. BTL

Dear Stephanie and Orlando,

I have attached the order entered by Judge Porcelli this morning directing Epiq to send
deficiency notices/requests for additional information to certain categories of claimants. Can
Epiq please forward drafts of the language it intends to use in these communications?  I know
Epiq circulated drafts weeks ago, but it would be helpful to have an updated review.

Regards,
Glenn L. Hara
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
(847) 368-1500

---

**From:** Robert.Collins@lw.com <Robert.Collins@lw.com>
**Sent:** Wednesday, July 19, 2023 8:42 AM
**To:** stephanie.Amin-Giwner@epiqglobal.com; Orlando.Castillejos@epiqglobal.com;
mark.mester@lw.com; Jonathan@classlawyers.com; Glenn Hara <ghara@andersonwanca.com>;
m@mcalaw.net; Gabe.Slater@lw.com; phil@classlawyers.com; robert@classlawyers.com;
ross@loftusandeisenberg.com
**Cc:** rbit@epiqglobal.com; jdiego@epiqglobal.com; loree.Kovach@epiqglobal.com;
apalmer@epiqglobal.com; Erik.Cansler@epiqglobal.com; Sue Fitzgerald
<sfitzgerald@andersonwanca.com>; Susan Vega <svega@andersonwanca.com>
**Subject:** RE: Cin-Q v. BTL


CAUTION: This email originated from outside your organization. Exercise caution when opening
attachments or clicking links, especially from unknown senders.

Stephanie and Orlando –

Just to confirm on the email chain with class counsel and Intervenors' counsel, Epiq will undertake the
review to determine if any of the claims were submitted by potential fax service providers, and I
understand the budget is approximately $3,550.

Best,
Robbie

**From:** Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>
**Sent:** Thursday, May 25, 2023 1:04 PM
**To:** Collins, Robert (CH) <Robert.Collins@lw.com>; Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>; Mester, Mark (CH) <mark.mester@lw.com>; Jonathan@classlawyers.com; ghara@andersonwanca.com; m@mcalaw.net; Slater, Gabe (CH) <Gabe.Slater@lw.com>; phil@classlawyers.com; robert@classlawyers.com; ross@loftusandeisenberg.com
**Cc:** Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Kovach, Loree <loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Cansler, Erik <Erik.Cansler@epiqglobal.com>; sfitzgerald@andersonwanca.com; svega@andersonwanca.com
**Subject:** RE: Cin-Q v. BTL

Robbie:

We estimate that our fees for this work will cost approximately $7,500,  This doesn't include the cost or preparing and sending any letters to individuals in either of these groups.


**Stephanie Amin-Giwner**
Epiq | Director, Client Services
Office: +1 631 470 6881
Email: stephanie.amin-giwner@epiqglobal.com


**From:** Robert.Collins@lw.com <Robert.Collins@lw.com>
**Sent:** Thursday, May 25, 2023 12:40 PM
**To:** Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>; Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>; mark.mester@lw.com; Jonathan@classlawyers.com; ghara@andersonwanca.com; m@mcalaw.net; Gabe.Slater@lw.com; phil@classlawyers.com; robert@classlawyers.com; ross@loftusandeisenberg.com
**Cc:** Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Kovach, Loree <loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Cansler, Erik <Erik.Cansler@epiqglobal.com>; sfitzgerald@andersonwanca.com; svega@andersonwanca.com
**Subject:** RE: Cin-Q v. BTL

Stephanie –

Thanks for your response.  Can you please provide an estimated budget for this work?

Best,
Robbie

**From:** Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>
**Sent:** Wednesday, May 24, 2023 8:19 PM
**To:** Collins, Robert (CH) <Robert.Collins@lw.com>; Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>; Mester, Mark (CH) <mark.mester@lw.com>; Jonathan@classlawyers.com; ghara@andersonwanca.com; m@mcalaw.net; Slater, Gabe (CH) <Gabe.Slater@lw.com>; phil@classlawyers.com; robert@classlawyers.com; ross@loftusandeisenberg.com
**Cc:** Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Kovach, Loree <loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Cansler, Erik

<Erik.Cansler@epiqglobal.com>; sfitzgerald@andersonwanca.com; svega@andersonwanca.com
**Subject:** RE: Cin-Q v. BTL

Robbie:

We have reviewed the parties' request below. There is no programmatic way to identify claims submitted by potential fax providers or submitted by claimants who sent their claim from prison or jail.  Identifying these two groups of claimants would require a manual review.

In order to identify claims submitted by potential fax service providers, Epiq proposes a manual review of the 1,147 claims that self-identified as a business on their claim form.  We would conduct an initial review and exclude any claimant where we can confirm that it is clearly not a fax service provider based on the name on the claim form, such as law firms, medical professionals, plumbers, painters, etc.  For any remaining claimants where we cannot confirm that it is a fax service provider, we would then conduct a further round of manual review to use internet research for further information to help us identify any fax service providers.

There is no easy way to identify claims submitted by people in prison or jail without manually reviewing each of the 2,045 claims submitted by individuals.  For the paper claims, we could manually review the envelope in which the claim was submitted to look at the return address in addition to the address provided on the claim form.  But for claims submitted online, we could only review the address provided on the claim.  In the alternative, we could attempt to programmatically search for a list of agreed upon certain "key words" that would indicate that the address is for a jail or prison.

We estimate that it would take about 5 business days to conduct these searches.


Thank you,
Stephanie

**Stephanie Amin-Giwner**
Epiq | Director, Client Services
Office: +1 631 470 6881
Email: stephanie.amin-giwner@epiqglobal.com


---

**From:** Robert.Collins@lw.com <Robert.Collins@lw.com>
**Sent:** Friday, May 19, 2023 6:11 PM
**To:** Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>; Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>; mark.mester@lw.com; Jonathan@classlawyers.com; ghara@andersonwanca.com; m@mcalaw.net; Gabe.Slater@lw.com; phil@classlawyers.com; robert@classlawyers.com; ross@loftusandeisenberg.com
**Cc:** Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Kovach, Loree <loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Cansler, Erik <Erik.Cansler@epiqglobal.com>; sfitzgerald@andersonwanca.com; svega@andersonwanca.com
**Subject:** RE: Cin-Q v. BTL

Dear Ms. Amin-Giwner –

Following up on our earlier email, during the meet and confer process the Parties have agreed to seek Epiq's input on two questions.

<u>First</u>, in light of the claim submitted by Astro Companies, LLC ("Astro"), the Parties would like to determine a reasonable mechanism for identifying potential fax service providers like Astro, so that any such claimant can be sent requests for additional information.  Please let us know what means Epiq has at its disposal for determining if a claimant is potentially a fax service provider.

<u>Second</u>, the parties also want to identify any fraudulent claims submitted by claimants who sent their claim from a prison or jail.  What means does Epiq have of reviewing the return addresses provided by a claimant to identify such claims?

Best regards,
Robbie

---

**From:** Collins, Robert (CH)
**Sent:** Friday, May 19, 2023 3:57 PM
**To:** 'Amin-Giwner, Stephanie' <stephanie.Amin-Giwner@epiqglobal.com>; Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>; Mester, Mark (CH) <MARK.MESTER@lw.com>; Jonathan@classlawyers.com; ghara@andersonwanca.com; m@mcalaw.net; Slater, Gabe (CH) <Gabe.Slater@lw.com>; phil@classlawyers.com; robert@classlawyers.com; ross@loftusandeisenberg.com
**Cc:** Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Kovach, Loree <loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Cansler, Erik <Erik.Cansler@epiqglobal.com>; sfitzgerald@andersonwanca.com; svega@andersonwanca.com
**Subject:** RE: Cin-Q v. BTL

Dear Ms. Amin-Giwner –

We write in response to your email below dated May 15, 2023.  <u>See</u> May 15, 2023 Email fr. S. Amin-Giwner.  We will provide a complete response to your email in due course, but in the meantime, we wanted to provide you with an update.

While BTL respectfully disagrees with the position taken by Epiq concerning its role in the claims process, in the interest of expediting matters, the Parties have nonetheless begun the meet and confer process to discuss the defect categories.  That process is ongoing, and while the Parties have reached agreement on several issues, the meet and confer process is by no means closed and a number of issues remain outstanding.

As Epiq has now been made aware (<u>see</u> May 17, 2023 Email fr. G. Hara), the Parties have a hearing before Judge Porcelli on Monday to discuss Plaintiffs' requested modification of the current schedule.  Following that hearing, the Parties will be able to provide a more detailed update to Epiq.

Best regards.

Robbie

---

**From:** Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>
**Sent:** Monday, May 15, 2023 5:39 PM
**To:** Collins, Robert (CH) <Robert.Collins@lw.com>; Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>; Mester, Mark (CH) <mark.mester@lw.com>; Jonathan@classlawyers.com; ghara@andersonwanca.com; m@mcalaw.net; Slater, Gabe (CH) <Gabe.Slater@lw.com>; phil@classlawyers.com; robert@classlawyers.com; ross@loftusandeisenberg.com

**Cc:** Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Kovach, Loree <loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Cansler, Erik <Erik.Cansler@epiqglobal.com>; sfitzgerald@andersonwanca.com; svega@andersonwanca.com
**Subject:** RE: Cin-Q v. BTL

All:

I am writing to follow up on the parties' responses to Orlando's April 21 email regarding deficiencies in this matter.

As the court-appointed independent Claims Administrator, it is Epiq's role to administer the case pursuant to the terms of the Settlement Agreement to which the parties agreed (ECF No. 324-1 at Section II. ¶LL).   Under the terms of the Settlement Agreement, Epiq, is responsible for determining the validity of claims which includes whether the  Settlement Class Members: (i) completed a Claim Form, providing all of the information required by the Settlement Agreement and the Claim Form; ( ii) signed the Claim Form under penalty of perjury; and ( iii) returned the completed and signed Claim Form to the Settlement Administrator on or before the Claim Deadline.  (ECF No. 324-1 at Section VIII. ¶B). It is not within Epiq's purview to determine additional factors for determining validity.   If the parties do not agree to treat the records identified by Lexis/Nexis or Transunion and potential fax providers as defects, would they agree to treat them as requests for additional information which can then be presented to the court for resolution if the parties cannot agree pursuant to Section VIII ¶¶D&E of the Settlement Agreement?

As there have been discussions with and among the parties regarding additional "defects" to the claim, Epiq has compiled a list of those potential defects and that list was used to draft the language in the draft defect letter circulated by Orlando on Friday, which was not intended to reflect Epiq's endorsement of any of these defects.

Contrary to Robbie's assertion in his April 27, 2023 email, Epiq did not confirm that it would seek documentation from persons and entities who submitted a claim but matched only on the Lexis/Nexis database and not on the TransUnion database.   To the contrary, at the hearing on August 31, 2022, Loree Kovach disagreed with Robbie's contention that there are no owners of the impacted fax numbers in the LexisNexis data.  *See* 8/31/22 Tr. at 9:11

At the time of Orlando's statement in his January 13, email "We agree with the need to follow up with this group. We'll include this group as well as other groups identified and inform the parties of the defect population before defect letters mail,"  he was not aware that the parties were not in agreement regarding this defect.  Further, Orlando's statement was not intended as an endorsement of considering the LexisNexis only results as defect but that it could be added to the potential list of defects for the parties to consider. In fact, in his January 19, 2023 email, Orlando stated that " If we are going to follow up with LexisNexis records then our only option to cure the claims would be with supporting documentation. I'll include a list of defect types, counts and recommendations for both parties to review. From Epiq's perspective, it's important that both parties are aware and provide feedback on how the defect process is handled. I should have the defect list in the next week."

I believe this addresses all of the outstanding questions in Robbie's email below.  If it would be helpful, we are happy to join a call with the parties to determine how best to proceed with defect letters and any requests for information the parties deem appropriate to send.

Regards,
Stephanie

**Stephanie Amin-Giwner**

Epiq | Director, Client Services
Office: +1 631 470 6881
Email: stephanie.amin-giwner@epiqglobal.com

**From:** Robert.Collins@lw.com <Robert.Collins@lw.com>
**Sent:** Monday, May 15, 2023 3:44 PM
**To:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>; mark.mester@lw.com;
Jonathan@classlawyers.com; ghara@andersonwanca.com; m@mcalaw.net; Gabe.Slater@lw.com;
phil@classlawyers.com; robert@classlawyers.com; ross@loftusandeisenberg.com
**Cc:** Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>; Bithell, Richard
<rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Kovach, Loree
<loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Cansler, Erik
<Erik.Cansler@epiqglobal.com>; sfitzgerald@andersonwanca.com; svega@andersonwanca.com
**Subject:** RE: Cin-Q v. BTL

Orlando –

We appreciate Epiq's efforts to respond to the outstanding issues and
concerns related to the settlement claims made in this case.  See May
12, 2023 Email fr. O. Castillejos.  In the interests of ensuring that we
are all on the same page, please see attached emails sent by counsel
for BTL which, to date, have not been responded to by Epiq.  See Apr.
19, 2023 Email fr. R. Collins; Apr. 27, 2023 Email fr. R. Collins.

We have highlighted portions of the two attached emails for which we
think it would be helpful for Epiq provide a response.  We look forward
to Epiq's response.

Best regards,
Robbie

**From:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>
**Sent:** Friday, May 12, 2023 4:52 PM
**To:** Mester, Mark (CH) <mark.mester@lw.com>; Jonathan@classlawyers.com;
ghara@andersonwanca.com; Collins, Robert (CH) <Robert.Collins@lw.com>; m@mcalaw.net; Slater,
Gabe (CH) <Gabe.Slater@lw.com>; phil@classlawyers.com; robert@classlawyers.com;
ross@loftusandeisenberg.com
**Cc:** Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>; Bithell, Richard
<rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Kovach, Loree
<loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Cansler, Erik
<Erik.Cansler@epiqglobal.com>; sfitzgerald@andersonwanca.com; svega@andersonwanca.com
**Subject:** RE: Cin-Q v. BTL

Mark:  We will review Robbie's email and respond on Monday, May 15.  Epiq does not take a position on
the deadlines proposed - however, we will need two weeks to mail defect letters from the date we
receive approval  from all parties. Thank you

32

**Orlando Castillejos**
Epiq | Project Manager
Mobile:  +1 502 931 0892
Email:  orlando.castillejos@epiqglobal.com

**People. Partnership. Performance.**
www.epiqglobal.com

---

**From:** mark.mester@lw.com <mark.mester@lw.com>
**Sent:** Friday, May 12, 2023 5:44 PM
**To:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>; Jonathan@classlawyers.com;
ghara@andersonwanca.com; Robert.Collins@lw.com; m@mcalaw.net; Gabe.Slater@lw.com;
phil@classlawyers.com; robert@classlawyers.com; ross@loftusandeisenberg.com
**Cc:** Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>; Bithell, Richard
<rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Kovach, Loree
<loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Cansler, Erik
<Erik.Cansler@epiqglobal.com>; sfitzgerald@andersonwanca.com; svega@andersonwanca.com
**Subject:** RE: Cin-Q v. BTL

Orlando - As you know, there are a number of outstanding issues and questions that we have raised
with Epiq that you have yet to respond to.  Those include but are by no means limited to the questions
and issues raised in the email Robbie Collins sent to you on April 27, 2023.   In order for us to have any
ability to meet the May 19 deadline suggested in your email below for approving of the defect
categories, we would obviously need to get full responses to each of the issues and questions we have
raised today.    Is that possible and if not, when do you plan to provide us with responses to those issues
and questions?

Thank you in advance for your prompt response to this email.

Sent with BlackBerry Work
(www.blackberry.com)

---

**From:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>
**Date:** Friday, May 12, 2023 at 5:35 PM
**To:** Jon Piper <Jonathan@classlawyers.com>, Glenn Hara <ghara@andersonwanca.com>, Collins, Robert (CH)
<Robert.Collins@lw.com>, Mester, Mark (CH) <mark.mester@lw.com>, m@mcalaw.net <m@mcalaw.net>,
Slater, Gabe (CH) <Gabe.Slater@lw.com>, Phil Bock <phil@classlawyers.com>, Robert Hatch
<robert@classlawyers.com>, Ross Good <ross@loftusandeisenberg.com>
**Cc:** Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>, Bithell, Richard
<rbit@epiqglobal.com>, Diego, Juana <jdiego@epiqglobal.com>, Kovach, Loree
<loree.Kovach@epiqglobal.com>, Palmer, Adam <apalmer@epiqglobal.com>, Cansler, Erik
<Erik.Cansler@epiqglobal.com>, Sue Fitzgerald <sfitzgerald@andersonwanca.com>, Susan Vega
<svega@andersonwanca.com>
**Subject:** RE: Cin-Q v. BTL

All,
Epiq would prefer June 2 as the date to provide its preliminary report and to send any requests for
additional information to claimants.  The June 2 date assumes the parties approve of the defect
categories and letter by May 19. Attached is a preliminary draft of the defect letter for all defects
proposed by the parties.  Please review and provide any comments. The defect reasons are highlighted
in yellow with the text that would appear for each defect immediately following.  This draft includes

language for all of the defects currently being discussed by the parties but does not and is not intended to reflect Epiq's endorsement of any of these defects.

Thank you,
Orlando

**Orlando Castillejos**
Epiq | Project Manager
Mobile:  +1 502 931 0892
Email:  orlando.castillejos@epiqglobal.com

**People. Partnership. Performance.**
www.epiqglobal.com

---

**From:** Jon Piper <Jonathan@classlawyers.com>
**Sent:** Friday, May 12, 2023 3:43 PM
**To:** Glenn Hara <ghara@andersonwanca.com>; Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>; Robert.Collins@lw.com; mark.mester@lw.com; m@mcalaw.net; Gabe.Slater@lw.com; Phil Bock <phil@classlawyers.com>; Robert Hatch <robert@classlawyers.com>; Ross Good <ross@loftusandeisenberg.com>
**Cc:** Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>; Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Kovach, Loree <loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Cansler, Erik <Erik.Cansler@epiqglobal.com>; Sue Fitzgerald <sfitzgerald@andersonwanca.com>; Susan Vega <svega@andersonwanca.com>
**Subject:** Re: Cin-Q v. BTL

Glenn - we certainly agree that class members should have an opportunity to cure alleged defects, which requires extending the current schedule. Otherwise, we are objecting to the settlement, have not been privy to the recent discussions, and therefore have no position on the specific relief. We would appreciate it if you would convey all of the foregoing in your motion.

---

**From:** Glenn Hara <ghara@andersonwanca.com>
**Sent:** Friday, May 12, 2023 3:02 PM
**To:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>; Jon Piper <Jonathan@classlawyers.com>; Robert.Collins@lw.com; mark.mester@lw.com <mark.mester@lw.com>; m@mcalaw.net <m@mcalaw.net>; Gabe.Slater@lw.com <Gabe.Slater@lw.com>; Phil Bock <phil@classlawyers.com>; Robert Hatch <robert@classlawyers.com>; Ross Good <ross@loftusandeisenberg.com>
**Cc:** Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>; Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Kovach, Loree <loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Cansler, Erik <Erik.Cansler@epiqglobal.com>; Sue Fitzgerald <sfitzgerald@andersonwanca.com>; Susan Vega <svega@andersonwanca.com>
**Subject:** RE: Cin-Q v. BTL

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Mimecast Attachment Protection has deemed this file to be safe, but always exercise caution when opening files.

Dear BTL Counsel, Intervenors' Counsel, and Epiq,

I have attached Plaintiffs' Motion to Modify Settlement Deadlines, which we plan to file today.  As you know, today (May 12, 2023) is the deadline for class members to submit additional information on their claims under Judge Porcelli's Order entered in October 2022 (Doc. 418), which obviously cannot be complied with because no defect letters/requests for additional information have yet been sent. (At least Epiq has not forwarded any proposed language for such communications to us). It is impossible to comply with the remaining dates in the schedule Judge Porcelli entered in October 2022.

To Counsel for BTL and Counsel for Intervenors: Do you oppose or not oppose the relief sought?

Epiq: The proposed modified schedule gives Epiq until May 26 to provide its preliminary report (previously due April 7) and to send any requests for additional information to claimants by that date. If that is not a realistic date for Epiq, please tell us immediately.

I will note for Intervenors and Epiq that Class Counsel and BTL's counsel tried to negotiate this as a Joint Motion on behalf of Plaintiffs and BTL, but we were not able to agree on the language of the motion (although the modified schedule was agreed).

Regards,
Glenn L. Hara
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
(847) 368-1500

---

**From:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>
**Sent:** Wednesday, April 26, 2023 9:46 AM
**To:** Jon Piper <Jonathan@classlawyers.com>; Robert.Collins@lw.com; mark.mester@lw.com; m@mcalaw.net; Gabe.Slater@lw.com; Phil Bock <phil@classlawyers.com>; Robert Hatch <robert@classlawyers.com>; Glenn Hara <ghara@andersonwanca.com>; Ross Good <ross@loftusandeisenberg.com>
**Cc:** Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>; Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Kovach, Loree <loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Cansler, Erik <Erik.Cansler@epiqglobal.com>
**Subject:** RE: Cin-Q v. BTL

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Hi Jon and All,

In our opinion, a claimant is eligible to be paid for a maximum of 5 valid faxes ($615) regardless of the number of claims or additional valid fax numbers claimed.

In regards to the claim forms, the file *Cin-Q Auto Inc v BTL 2023-04-03_v2.xls* previously provided includes all timely claims received as well as late claims received through the end of March. The file includes all of the information found on the claim form: claimant name, address, fax number(s) claimed, and if the claim was signed. The file also notes whether the fax number matched the Biggerstaff list and if the claim was late. If your request is for PDFs of the claims, we will have images of claims mailed but we will only have data points of claims filed online. Please advise.

Were there any questions regarding the proposed defects?

Thank you,
Orlando

**Orlando Castillejos**
Epiq | Project Manager
Mobile:  +1 502 931 0892
Email:  orlando.castillejos@epiqglobal.com

**People. Partnership. Performance.**
www.epiqglobal.com

---

**From:** Jon Piper <Jonathan@classlawyers.com>
**Sent:** Monday, April 24, 2023 1:41 PM
**To:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>; Robert.Collins@lw.com; mark.mester@lw.com; m@mcalaw.net; Gabe.Slater@lw.com; Phil Bock <phil@classlawyers.com>; Robert Hatch <robert@classlawyers.com>; ghara@andersonwanca.com; Ross Good <ross@loftusandeisenberg.com>
**Cc:** Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>; Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Kovach, Loree <loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Cansler, Erik <Erik.Cansler@epiqglobal.com>
**Subject:** Re: Cin-Q v. BTL

Counsel/Epiq -

First, we want to make the record clear that Intervenors' Counsel was not involved in discussion about defective claims handling as set forth in Mr. Castillejos' email below, was not invited to participate, and did not provide feedback. We do not agree to the proposals and reserve the right to include any and all proposed "defects" and handling of such in our objection to the settlement.

We do have two follow up questions:

1.  Can you clarify how the tiered payouts are to be calculated ($350 for the first fax, $125 for the second fax, etc.)? Are these to be paid on a per claimant per fax number basis, or on a per claimant basis? For example, if a claimant submitted claims for two fax numbers on the Biggerstaff list and received 5 faxes on each number, would they be

paid for a maximum of 5 faxes ($615) or for 10 faxes ($1230)? Suppose a claimant submitted claims for two fax numbers on the Biggerstaff list and had 2 faxes at one number and 1 fax at the second number, would they be paid $350 for the first fax on each number, or would they be paid the same as if they received 3 faxes on only one number?

1.  We would like to review the submitted claim forms. We are of course willing to review them on a confidential - attorneys eyes only basis.

Please advise.

Jonathan B. Piper, Esq.

(312) 609-0906

jonathan@classlawyers.com


<image001.png>

---

**From:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>
**Sent:** Friday, April 21, 2023 3:22 PM
**To:** Jon Piper <Jonathan@classlawyers.com>; Robert.Collins@lw.com <Robert.Collins@lw.com>; mark.mester@lw.com <mark.mester@lw.com>; m@mcalaw.net <m@mcalaw.net>; Gabe.Slater@lw.com <Gabe.Slater@lw.com>; Phil Bock <phil@classlawyers.com>; Robert Hatch <robert@classlawyers.com>; ghara@andersonwanca.com <ghara@andersonwanca.com>; Ross Good <ross@loftusandeisenberg.com>
**Cc:** Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>; Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Kovach, Loree <loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Cansler, Erik <Erik.Cansler@epiqglobal.com>
**Subject:** RE: Cin-Q v. BTL

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Dear Counsel and Intervenors Counsel,

Thank you for all the feedback regarding defects. Based on that feedback, Epiq proposes the following defects:

1.  Non-Matching Fax Number - A fax number claimed that is not matched to the Biggerstaff list.  This includes a claimant who provided both valid and invalid fax numbers.  For these records, we'll send them a defect notice regarding the invalid ax numbers.
    a.  If one or more fax numbers claimed do not match then a defect letter would be mailed.
1.  Multi Claimed Fax - A fax number claimed by multiple claimants.
    a.  If a valid fax number matched to the Biggerstaff list is claimed across multiple claims then a defect letter would be mailed.

1. Original Notice Not Sent - A claim filed by claimant not identified in the original notice list.
   a. If a claimant who was not sent direct notice claims a fax number on the Biggerstaff list then a defect letter would be mailed.
1. Org Registered After Class Period - A claim filed by a business with an organizational date after June 9, 2010.
   a. If according to LN Secretary of State search records a business was organized after June 9, 2010  then a defect letter would be mailed.
1. Missing Signature - A claim filed and not signed.
   a. If claim filed is not signed then a defect letter would be mailed.
1. Government Entity - A claim filed by an entity that may be a government or department of a government.
   a. If the he name of the claimant includes one or more of the following words: "Government", "Public", "County", "Federal", "City", "State", and it is not a business then a defect letter would be mailed.

Counsel raised the possibility of defecting records identified by LexisNexis or TransUnion has also been raised. Typically, we do not defect claimants who are sent direct notice based on LexisNexis and TransUnion search results solely because we received their information from those search results. We instead rely on a claimant's certification under penalty of perjury which is present on this Claim Form.

Counsel also raised the possibility of  defecting a claim for being a potential fax service provider. We have received approximately 1,110 claim forms identified as businesses. Please confirm that all parties agree add this as a defect reason and mail a defect letter to all businesses requesting that they further attest that they are  not a fax service provider.

Please get back to us as soon as possible as to how we should proceed.  Once the defect reasons are confirmed, we will send out the notices within 10 business days.   Currently, the timeline had for claimants to cure their claims by May 12th, we may want to consider giving additional time to respond.

Thank you,
Orlando


**Orlando Castillejos**
Epiq | Project Manager
Mobile:  +1 502 931 0892
Email:  orlando.castillejos@epiqglobal.com

**People. Partnership. Performance.**
www.epiqglobal.com

---

**From:** Castillejos, Orlando
**Sent:** Tuesday, April 11, 2023 7:51 PM
**To:** Jon Piper <Jonathan@classlawyers.com>; Robert.Collins@lw.com; mark.mester@lw.com; m@mcalaw.net; Gabe.Slater@lw.com; Phil Bock <phil@classlawyers.com>; Robert Hatch <robert@classlawyers.com>; ghara@andersonwanca.com; Ross Good <ross@loftusandeisenberg.com>
**Cc:** Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>; Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Kovach, Loree <loree.Kovach@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Cansler, Erik <Erik.Cansler@epiqglobal.com>
**Subject:** RE: Cin-Q v. BTL

Counsel and All,

We distributed our weekly report last week; however I didn't provide you with a separate status report.  My apologies.  I've attached the Preliminary Status Report which provides each of you with a breakdown on the claims received along with their corresponding fax numbers.  Basically, all the timely claims remain in a review status as we work through the deficiency process.  The only claims which have been rejected thus far are those claims which were filed after the deadline.


Sincerely,
Orlando

**Orlando Castillejos**
Epiq | Project Manager
Mobile:  +1 502 931 0892
Email:  orlando.castillejos@epiqglobal.com

**People. Partnership. Performance.**
www.epiqglobal.com

---

**From:** Jon Piper <Jonathan@classlawyers.com>
**Sent:** Tuesday, April 11, 2023 12:07 PM
**To:** Robert.Collins@lw.com; Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>; rgood@andersonwanca.com; mark.mester@lw.com; m@mcalaw.net; Gabe.Slater@lw.com; Phil Bock <phil@classlawyers.com>; Robert Hatch <robert@classlawyers.com>; ghara@andersonwanca.com; Kovach, Loree <loree.Kovach@epiqglobal.com>; Kierkegaard, Eric <Eric.Kierkegaard@epiqglobal.com>; Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Cansler, Erik <Erik.Cansler@epiqglobal.com>; Peters, Sandra <Sandra.Peters@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** Re: Cin-Q v. BTL

Also, can you please let us know when you will have the report completed and circulated?

---

**From:** Robert.Collins@lw.com <Robert.Collins@lw.com>
**Sent:** Tuesday, April 11, 2023 12:01 PM
**To:** Orlando.Castillejos@epiqglobal.com <Orlando.Castillejos@epiqglobal.com>; Jon Piper <Jonathan@classlawyers.com>; rgood@andersonwanca.com <rgood@andersonwanca.com>; mark.mester@lw.com <mark.mester@lw.com>; m@mcalaw.net <m@mcalaw.net>; Gabe.Slater@lw.com <Gabe.Slater@lw.com>; Phil Bock <phil@classlawyers.com>; Robert Hatch <robert@classlawyers.com>; ghara@andersonwanca.com <ghara@andersonwanca.com>; loree.Kovach@epiqglobal.com <loree.Kovach@epiqglobal.com>; Eric.Kierkegaard@epiqglobal.com <Eric.Kierkegaard@epiqglobal.com>; rbit@epiqglobal.com <rbit@epiqglobal.com>; jdiego@epiqglobal.com <jdiego@epiqglobal.com>; Erik.Cansler@epiqglobal.com <Erik.Cansler@epiqglobal.com>; Sandra.Peters@epiqglobal.com <Sandra.Peters@epiqglobal.com>; apalmer@epiqglobal.com <apalmer@epiqglobal.com>; stephanie.Amin-Giwner@epiqglobal.com <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** RE: Cin-Q v. BTL

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Orlando –

Looking at the document that Epiq sent, it does not appear to us to be the preliminary report due to the parties by April 7, 2023 as contemplated by the Court's order, which states that "No later than April 7, 2023, the Settlement Administrator shall provide a preliminary report to counsel for Intervenors,

Defendant's Counsel and Class Counsel of claims submitted, rejected, and accepted by the Settlement Administrator including a breakdown of how many faxes are associated with each of the accepted claims." We believe that Class Counsel and Intervenors' Counsel are in agreement, though they can of course weigh in if they disagree.

Can Epiq please provide a preliminary report consistent with the Court's order? If you believe we are misunderstanding or misreading the document provided by Epiq, please let us know, as that certainly could be the case.

Best regards,
Robbie

---

**From:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>
**Sent:** Monday, April 10, 2023 1:56 PM
**To:** Jon Piper <Jonathan@classlawyers.com>; Ross Good <rgood@andersonwanca.com>; Mester, Mark (CH) <mark.mester@lw.com>; Collins, Robert (CH) <Robert.Collins@lw.com>; m@mcalaw.net; Slater, Gabe (CH) <Gabe.Slater@lw.com>; Phil Bock <phil@classlawyers.com>; Robert Hatch <robert@classlawyers.com>; ghara@andersonwanca.com; Kovach, Loree <loree.Kovach@epiqglobal.com>; Kierkegaard, Eric <Eric.Kierkegaard@epiqglobal.com>; Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Cansler, Erik <Erik.Cansler@epiqglobal.com>; Peters, Sandra <Sandra.Peters@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** RE: Cin-Q v. BTL

Jon,

A report was circulated last week and the previous week. The report includes all claims filed, the faxes claimed, and whether the fax number claimed was matched to Biggerstaff list. We'll forward you the report shortly.

Thank you,
Orlando

**Orlando Castillejos**
Epiq | Project Manager
Mobile: +1 502 931 0892
Email: orlando.castillejos@epiqglobal.com

**People. Partnership. Performance.**
www.epiqglobal.com

---

**From:** Jon Piper <Jonathan@classlawyers.com>
**Sent:** Monday, April 10, 2023 2:54 PM
**To:** Ross Good <rgood@andersonwanca.com>; mark.mester@lw.com; Robert.Collins@lw.com; m@mcalaw.net; Gabe.Slater@lw.com; Phil Bock <phil@classlawyers.com>; Robert Hatch <robert@classlawyers.com>; ghara@andersonwanca.com; Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>; Kovach, Loree <loree.Kovach@epiqglobal.com>; Kierkegaard, Eric <Eric.Kierkegaard@epiqglobal.com>; Bithell, Richard <rbit@epiqglobal.com>; Diego, Juana <jdiego@epiqglobal.com>; Cansler, Erik <Erik.Cansler@epiqglobal.com>; Peters, Sandra <Sandra.Peters@epiqglobal.com>; Palmer, Adam <apalmer@epiqglobal.com>; Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** Re: Cin-Q v. BTL

Stephanie - according to the agreed schedule, April 7, 2023 was the deadline for Epiq to provide a preliminary report on claims submitted, rejected and accepted, as well as a breakdown of how many faxes are associated with the accepted claims.

Can you please advise as to the status of providing the report?

**From:** Ross Good <rgood@andersonwanca.com>
**Sent:** Friday, September 30, 2022 4:37 PM
**To:** Jon Piper <Jonathan@classlawyers.com>; mark.mester@lw.com <mark.mester@lw.com>; Robert.Collins@lw.com <Robert.Collins@lw.com>; m@mcalaw.net <m@mcalaw.net>; Gabe.Slater@lw.com <Gabe.Slater@lw.com>; Phil Bock <phil@classlawyers.com>; Robert Hatch <robert@classlawyers.com>; ghara@andersonwanca.com <ghara@andersonwanca.com>; Orlando.Castillejos@epiqglobal.com <Orlando.Castillejos@epiqglobal.com>; loree.Kovach@epiqglobal.com <loree.Kovach@epiqglobal.com>; Eric.Kierkegaard@epiqglobal.com <Eric.Kierkegaard@epiqglobal.com>; rbit@epiqglobal.com <rbit@epiqglobal.com>; jdiego@epiqglobal.com <jdiego@epiqglobal.com>; Erik.Cansler@epiqglobal.com <Erik.Cansler@epiqglobal.com>; Sandra.Peters@epiqglobal.com <Sandra.Peters@epiqglobal.com>; apalmer@epiqglobal.com <apalmer@epiqglobal.com>; stephanie.Amin-Giwner@epiqglobal.com <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** Re: Cin-Q v. BTL

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Mimecast Attachment Protection has deemed this file to be safe, but always exercise caution when opening files.

Stephanie,
Please review the attached and confirm this is acceptable to Epiq. Today is the deadline to file.

Thank you

--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com - EMail
(847) 350-9861 - Direct Phone
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phone
(847) 368-1501 - Office Fax

On Fri, Sep 30, 2022 at 3:16 PM Jon Piper <Jonathan@classlawyers.com> wrote:

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Mark - will you include the points about sharing data with Intervenors on the same day as the settling parties, and objections not being due until 10 days thereafter? You can use the language that's in Ross's draft if you want. That may save us the obligation to file a response.

**From:** mark.mester@lw.com <mark.mester@lw.com>
**Sent:** Friday, September 30, 2022 3:21 PM
**To:** rgood@andersonwanca.ca <rgood@andersonwanca.com>; Jon Piper <Jonathan@classlawyers.com>
**Cc:** Robert.Collins@lw.com <Robert.Collins@lw.com>; m@mcalaw.net <m@mcalaw.net>; Gabe.Slater@lw.com <Gabe.Slater@lw.com>; Phil Bock <phil@classlawyers.com>; Robert Hatch <robert@classlawyers.com>; ghara@andersonwanca.com <ghara@andersonwanca.com>; Orlando.Castillejos@epiqglobal.com <Orlando.Castillejos@epiqglobal.com>; loree.Kovach@epiqglobal.com <loree.Kovach@epiqglobal.com>; Eric.Kierkegaard@epiqglobal.com <Eric.Kierkegaard@epiqglobal.com>; rbit@epiqglobal.com <rbit@epiqglobal.com>; jdiego@epiqglobal.com <jdiego@epiqglobal.com>; Erik.Cansler@epiqglobal.com <Erik.Cansler@epiqglobal.com>; Sandra.Peters@epiqglobal.com <Sandra.Peters@epiqglobal.com>; apalmer@epiqglobal.com <apalmer@epiqglobal.com>; stephanie.Amin-Giwner@epiqglobal.com <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** RE: Cin-Q v. BTL

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Ross - I certainly don't think you need to be the Settlement Administrator to understand that ten days is not enough time to do everything that is contemplated by Section VIII of the Settlement Agreement, and your suggestion to the contrary strikes us as utterly inconsistent with what was contemplated in the Settlement Agreement and by the Court.   Indeed,  it is very troubling that you insisted on expansive Mailed Notice but now want to truncate the process for validating claims in the Settlement Agreement that the Court clearly was focused in granting your request in part.   Since you rejected our proposal almost in its entirety, however,   we are planning to file our proposed schedule with the Court separately and will indicate that the Parties were unable to reach agreement.  You should do likewise on behalf of Plaintiffs.

Sent with BlackBerry Work
(www.blackberry.com)

**From:** Ross Good <rgood@andersonwanca.com>
**Date:** Friday, Sep 30, 2022 12:13 PM
**To:** Jon Piper <Jonathan@classlawyers.com>
**Cc:** Mester, Mark (CH) <mark.mester@lw.com>, Collins, Robert (CH) <Robert.Collins@lw.com>, m@mcalaw.net <m@mcalaw.net>, Slater, Gabe (CH) <Gabe.Slater@lw.com>, Phil Bock <phil@classlawyers.com>, Robert Hatch <robert@classlawyers.com>, ghara@andersonwanca.com <ghara@andersonwanca.com>, Orlando.Castillejos@epiqglobal.com <Orlando.Castillejos@epiqglobal.com>, loree.Kovach@epiqglobal.com <loree.Kovach@epiqglobal.com>, Eric.Kierkegaard@epiqglobal.com <Eric.Kierkegaard@epiqglobal.com>, rbit@epiqglobal.com <rbit@epiqglobal.com>, jdiego@epiqglobal.com <jdiego@epiqglobal.com>, Erik.Cansler@epiqglobal.com <Erik.Cansler@epiqglobal.com>, Sandra.Peters@epiqglobal.com <Sandra.Peters@epiqglobal.com>, apalmer@epiqglobal.com <apalmer@epiqglobal.com>, stephanie.Amin-Giwner@epiqglobal.com <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** Re: Cin-Q v. BTL

Jon, Please see attached. Please confirm this is acceptable to TTA Intervenors.

Stephanie, what is Epiq's position?

Mark/Robbie, You are not the Class Administrator and my understanding is you do not speak for the Class Administrator. Your last email did not include an attachment. Please provide BTL's proposal in the draft separately so it can be timely filed.

Thanks

--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com - EMail
(847) 350-9861 - Direct Phone
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phone
(847) 368-1501 - Office Fax


On Fri, Sep 30, 2022 at 11:03 AM Jon Piper <Jonathan@classlawyers.com> wrote:

> CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Actually to avoid confusion it should say "Intervenors" or "TTA Intervenors" not TTA.

---

**From:** Jon Piper <Jonathan@classlawyers.com>
**Sent:** Friday, September 30, 2022 11:50 AM
**To:** Ross Good <rgood@andersonwanca.com>
**Cc:** mark.mester@lw.com <mark.mester@lw.com>; Robert.Collins@lw.com <Robert.Collins@lw.com>; m@mcalaw.net <m@mcalaw.net>; Gabe.Slater@lw.com <Gabe.Slater@lw.com>; Phil Bock <phil@classlawyers.com>; Robert Hatch <robert@classlawyers.com>; ghara@andersonwanca.com <ghara@andersonwanca.com>; Orlando.Castillejos@epiqglobal.com <Orlando.Castillejos@epiqglobal.com>; loree.Kovach@epiqglobal.com <loree.Kovach@epiqglobal.com>; Eric.Kierkegaard@epiqglobal.com <Eric.Kierkegaard@epiqglobal.com>; rbit@epiqglobal.com <rbit@epiqglobal.com>; jdiego@epiqglobal.com <jdiego@epiqglobal.com>; Erik.Cansler@epiqglobal.com <Erik.Cansler@epiqglobal.com>; Sandra.Peters@epiqglobal.com <Sandra.Peters@epiqglobal.com>; apalmer@epiqglobal.com <apalmer@epiqglobal.com>; stephanie.Amin-Giwner@epiqglobal.com <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** Re: Cin-Q v. BTL

Thanks. I guess we should add claim form to this language:  "TTA reserves all objections to the settlement, claim form and notice"

Otherwise, this language is ok by me, subject to review of any changes from BTL or Epiq.

---

**From:** Ross Good <rgood@andersonwanca.com>
**Sent:** Friday, September 30, 2022 11:39 AM

43

**To:** Jon Piper <Jonathan@classlawyers.com>
**Cc:** mark.mester@lw.com <mark.mester@lw.com>; Robert.Collins@lw.com
<Robert.Collins@lw.com>; m@mcalaw.net <m@mcalaw.net>; Gabe.Slater@lw.com
<Gabe.Slater@lw.com>; Phil Bock <phil@classlawyers.com>; Robert Hatch
<robert@classlawyers.com>; ghara@andersonwanca.com <ghara@andersonwanca.com>;
Orlando.Castillejos@epiqglobal.com <Orlando.Castillejos@epiqglobal.com>;
loree.Kovach@epiqglobal.com <loree.Kovach@epiqglobal.com>; Eric.Kierkegaard@epiqglobal.com
<Eric.Kierkegaard@epiqglobal.com>; rbit@epiqglobal.com <rbit@epiqglobal.com>;
jdiego@epiqglobal.com <jdiego@epiqglobal.com>; Erik.Cansler@epiqglobal.com
<Erik.Cansler@epiqglobal.com>; Sandra.Peters@epiqglobal.com <Sandra.Peters@epiqglobal.com>;
apalmer@epiqglobal.com <apalmer@epiqglobal.com>; stephanie.Amin-Giwner@epiqglobal.com
<stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** Re: Cin-Q v. BTL

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless
you recognize the sender and know the content is safe.

Your attachments have been security checked by Mimecast Attachment Protection. Files where no threat or
malware was detected are attached.

Stephanie, the deadline to file is today. Please confirm the deadlines in the draft will work for Epiq.

Jon, I added your last statement to the draft, please confirm it is acceptable (subject to any changes
from BTL).

Mark/Robbie, what is BTL's position?

Thank you

--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com - EMail
(847) 350-9861 - Direct Phone
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phone
(847) 368-1501 - Office Fax

On Thu, Sep 29, 2022 at 5:04 PM Jon Piper <Jonathan@classlawyers.com> wrote:

CAUTION: This email originated from outside your organization. Exercise caution when opening
attachments or clicking links, especially from unknown senders.

As to 3.01(g) point for Intervenors, it's a little hard to say until we see the final version that
is being submitted, but in principle I expect you can say that while we reserve all objections
to the settlement and notice, we have no objections to the deadlines or sequence set forth
in this report.

**From:** Ross Good <rgood@andersonwanca.com>
**Sent:** Thursday, September 29, 2022 2:13 PM
**To:** Jon Piper <Jonathan@classlawyers.com>
**Cc:** mark.mester@lw.com <mark.mester@lw.com>; Robert.Collins@lw.com <Robert.Collins@lw.com>; m@mcalaw.net <m@mcalaw.net>; Gabe.Slater@lw.com <Gabe.Slater@lw.com>; Phil Bock <phil@classlawyers.com>; Robert Hatch <robert@classlawyers.com>; ghara@andersonwanca.com <ghara@andersonwanca.com>; Orlando.Castillejos@epiqglobal.com <Orlando.Castillejos@epiqglobal.com>; loree.Kovach@epiqglobal.com <loree.Kovach@epiqglobal.com>; Eric.Kierkegaard@epiqglobal.com <Eric.Kierkegaard@epiqglobal.com>; rbit@epiqglobal.com <rbit@epiqglobal.com>; jdiego@epiqglobal.com <jdiego@epiqglobal.com>; Erik.Cansler@epiqglobal.com <Erik.Cansler@epiqglobal.com>; Sandra.Peters@epiqglobal.com <Sandra.Peters@epiqglobal.com>; apalmer@epiqglobal.com <apalmer@epiqglobal.com>; stephanie.Amin-Giwner@epiqglobal.com <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** Re: Cin-Q v. BTL

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Mimecast Attachment Protection has deemed this file to be safe, but always exercise caution when opening files.

---

Can someone from Epiq confirm the formatting of the summary of claims that will be provided to Intervenors, BTL and Class Counsel for Jon?

Jon, The tweak you wanted has been made. See attached. Can you confirm for the 3.01(g) statement that Intervenors do not oppose the deadlines as set out?

Thank you

--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com - EMail
(847) 350-9861 - Direct Phone
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phone
(847) 368-1501 - Office Fax


On Thu, Sep 29, 2022 at 12:34 PM Jon Piper <Jonathan@classlawyers.com> wrote:

> CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

> I don't have a problem with these most current changes, except that this language should be tweaked slightly as follows by inserting "submitted":

The Settlement Administrator to provide a report to

counsel for Intervenors, BTL and Class Counsel of

claims submitted, rejected and accepted by the Settlement

Administrator including...


As for the "including ...." clause at the end of that paragraph there must be a more artful way to say what we're looking for but I'm not sure how to put it more clearly. So long as Epiq understands what we're looking for, it would basically be something like this:


Total claims submitted XXXX

Total claims rejected YYYY

Total claims accepted ZZZZZ

      Total fax numbers associated with accepted claims that received 1 fax xxxx

      Total fax numbers associated with accepted claims that received 2 faxes yyyyy .....

      and so on through five faxes.

---

**From:** Ross Good <rgood@andersonwanca.com>
**Sent:** Thursday, September 29, 2022 11:29 AM
**To:** mark.mester@lw.com <mark.mester@lw.com>
**Cc:** Jon Piper <Jonathan@classlawyers.com>; Robert.Collins@lw.com <Robert.Collins@lw.com>; m@mcalaw.net <m@mcalaw.net>; Gabe.Slater@lw.com <Gabe.Slater@lw.com>; Phil Bock <phil@classlawyers.com>; Robert Hatch <robert@classlawyers.com>; ghara@andersonwanca.com <ghara@andersonwanca.com>; Orlando.Castillejos@epiqglobal.com <Orlando.Castillejos@epiqglobal.com>; loree.Kovach@epiqglobal.com <loree.Kovach@epiqglobal.com>; Eric.Kierkegaard@epiqglobal.com <Eric.Kierkegaard@epiqglobal.com>; rbit@epiqglobal.com <rbit@epiqglobal.com>; jdiego@epiqglobal.com <jdiego@epiqglobal.com>; Erik.Cansler@epiqglobal.com <Erik.Cansler@epiqglobal.com>; Sandra.Peters@epiqglobal.com <Sandra.Peters@epiqglobal.com>; apalmer@epiqglobal.com <apalmer@epiqglobal.com>; stephanie.Amin-Giwner@epiqglobal.com <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** Re: Cin-Q v. BTL

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Your attachments have been security checked by Mimecast Attachment Protection. Files where no threat or malware was detected are attached.

Counsel,
On Item 1, I made the change, please confirm that you are comfortable with that language.

On Item 2, I made that change, please confirm that is acceptable

On Item 3, Class Counsel believes that we should have the ability to respond to any such motion so I built in time for that. Please let me know if this is acceptable.

On Item 4, Class Counsel agrees with Intervenors that BTL should file a separate Motion for Leave and then meet-and-confer about the relief sought pursuant to 3.01(g).

I think it is feasible for Epiq to speak for itself. I will wait for Epiq's position on (1) how many thousand(s) of claims it anticipates receiving on the last day of the claims period, (2) whether Epiq will work during the claims period to process claims as they arrive, and (3) whether the timeline proposed is manageable.

Plaintiffs intend to follow the process dictated by the Settlement Agreement that BTL agreed to in which (1) class notice is disseminated; (2) claims are submitted; (3) those claims are processed by the Administrator that BTL proposed (Epiq); (4) Epiq reports the results of its claims-processing to the parties and the court; and (5) any objections to Epiq's claims-processing results are resolved between the parties and Epiq or (if necessary) brought to the Court.

With respect to "the ascertainability issue," as BTL frame it, and as we have briefed a couple of times now, the Settlement Class that Judge Porcelli certified at the parties' request in this case is "ascertainable" under *Cherry v. Dometic Corp.*, 986 F.3d 1296, 1303 (11th Cir. 2021), because it is defined by objective criteria (being sent particular faxes in a particular time frame). That is all that is required in the Eleventh Circuit. *Id*.

--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com - EMail
(847) 350-9861 - Direct Phone
(847) 350-9861 - Direct Phone
(847) 368-1500 - Office Phone
(847) 368-1501 - Office Fax


On Wed, Sep 28, 2022 at 2:12 PM <mark.mester@lw.com> wrote:

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Jon - On Item 4, we obviously recognize that we could instead file one or more motions with the Court, but Judge Porcelli asked us to meet and confer and simply suggesting we file a motion doesn't really seem fully consistent with an obligation to meaningfully meet and confer.

As such, the question posed to Ross stands, and I think it would be helpful if Ross would answer that question.    To frame it again, the question is if you don't agree with the process we proposed to address the ascertainablity issue by a) determining what evidence (if any) Class Counsel intend to introduce to demonstrate the ascertainablity of the Settlement Class and then b) determining if any confirmatory discovery is necessary with respect to that evidence and then c) allowing the Court to determine what evidence is actually admissible to be followed by d) the Court finally determining if the Settlement Class is or is not ascertainable, then what process would you propose for having this issue resolved?  Waiting until the Fairness Hearing to start this process seems destined to interject unnecessary delay.   It is for that reason we proposed that the process commence next month.  But if you are aware of other ways to do this, we are, of course, willing to consider them.

Sent with BlackBerry Work
([www.blackberry.com](www.blackberry.com))

---

**From:** Jon Piper <[Jonathan@classlawyers.com](Jonathan@classlawyers.com)>
**Date:** Wednesday, Sep 28, 2022, 12:11 PM
**To:** Mester, Mark (CH) <[mark.mester@lw.com](mark.mester@lw.com)>, [rgood@andersonwanca.com](rgood@andersonwanca.com) <[rgood@andersonwanca.com](rgood@andersonwanca.com)>
**Cc:** Collins, Robert (CH) <[Robert.Collins@lw.com](Robert.Collins@lw.com)>, [m@mcalaw.net](m@mcalaw.net) <[m@mcalaw.net](m@mcalaw.net)>, Slater, Gabe (CH) <[Gabe.Slater@lw.com](Gabe.Slater@lw.com)>, Phil Bock <[phil@classlawyers.com](phil@classlawyers.com)>, Robert Hatch <[robert@classlawyers.com](robert@classlawyers.com)>, [ghara@andersonwanca.com](ghara@andersonwanca.com) <[ghara@andersonwanca.com](ghara@andersonwanca.com)>, [Orlando.Castillejos@epiqglobal.com](Orlando.Castillejos@epiqglobal.com) <[Orlando.Castillejos@epiqglobal.com](Orlando.Castillejos@epiqglobal.com)>, [loree.Kovach@epiqglobal.com](loree.Kovach@epiqglobal.com) <[loree.Kovach@epiqglobal.com](loree.Kovach@epiqglobal.com)>, [Eric.Kierkegaard@epiqglobal.com](Eric.Kierkegaard@epiqglobal.com) <[Eric.Kierkegaard@epiqglobal.com](Eric.Kierkegaard@epiqglobal.com)>, [rbit@epiqglobal.com](rbit@epiqglobal.com) <[rbit@epiqglobal.com](rbit@epiqglobal.com)>, [jdiego@epiqglobal.com](jdiego@epiqglobal.com) <[jdiego@epiqglobal.com](jdiego@epiqglobal.com)>, [Erik.Cansler@epiqglobal.com](Erik.Cansler@epiqglobal.com) <[Erik.Cansler@epiqglobal.com](Erik.Cansler@epiqglobal.com)>, [Sandra.Peters@epiqglobal.com](Sandra.Peters@epiqglobal.com) <[Sandra.Peters@epiqglobal.com](Sandra.Peters@epiqglobal.com)>, [apalmer@epiqglobal.com](apalmer@epiqglobal.com) <[apalmer@epiqglobal.com](apalmer@epiqglobal.com)>, [stephanie.Amin-Giwner@epiqglobal.com](stephanie.Amin-Giwner@epiqglobal.com) <[stephanie.Amin-Giwner@epiqglobal.com](stephanie.Amin-Giwner@epiqglobal.com)>
**Subject:** Re: Cin-Q v. BTL

On item 1 in Ross's email, I am fine if Epiq provides the settling parties, the Court, **and Intervenors** with claims data on the same date. This data should also reflect for the accepted claims **a breakdown of how many accepted claimants received 1, 2, 3 ... etc. faxes, and the resulting projected payout numbers.**

To the extent that by the date this information is provided there are claims that are not yet accepted or rejected but are subject to a "cure" process or administrative resolution (which seems to be the issue Mark is mainly focused on) then Epiq can state the total number of claims falling in that category.

On item 2, I am fine shifting the objection deadline to 10 days after the claims data is provided by Epiq. Based on Ross's proposed schedule, the data would be provided Feb. 16, 2023, so the objection would be due Feb. 27 (because Feb. 26 is a Sunday).

On item 3, I suggest that any such petition be due the same day as plaintiffs' final approval brief. Based on Ross's proposed schedule that would be March 3, 2023.

I do not have hard positions on the dates. If they need to be extended to meet Epiq's needs or other reasons that's fine so long as the items above are reflected substantively and in the same order laid out above.

On item 4 and Mark's question, as previously stated I think whatever BTL proposes to do on ascertainability should be "dealt with" by BTL filing a separate motion for leave to do whatever it is BTL proposes to do.

---

**From:** mark.mester@lw.com <mark.mester@lw.com>
**Sent:** Wednesday, September 28, 2022 11:52 AM
**To:** rgood@andersonwanca.com <rgood@andersonwanca.com>
**Cc:** Jon Piper <Jonathan@classlawyers.com>; Robert.Collins@lw.com <Robert.Collins@lw.com>; m@mcalaw.net <m@mcalaw.net>; Gabe.Slater@lw.com <Gabe.Slater@lw.com>; Phil Bock <phil@classlawyers.com>; Robert Hatch <robert@classlawyers.com>; ghara@andersonwanca.com <ghara@andersonwanca.com>; Orlando.Castillejos@epiqglobal.com <Orlando.Castillejos@epiqglobal.com>; loree.Kovach@epiqglobal.com <loree.Kovach@epiqglobal.com>; Eric.Kierkegaard@epiqglobal.com <Eric.Kierkegaard@epiqglobal.com>; rbit@epiqglobal.com <rbit@epiqglobal.com>; jdiego@epiqglobal.com <jdiego@epiqglobal.com>; Erik.Cansler@epiqglobal.com <Erik.Cansler@epiqglobal.com>; Sandra.Peters@epiqglobal.com <Sandra.Peters@epiqglobal.com>; apalmer@epiqglobal.com <apalmer@epiqglobal.com>; stephanie.Amin-Giwner@epiqglobal.com <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** RE: Cin-Q v. BTL

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Ross - We understand that Epiq can process claims as they come in, but since the vast majority of claims will inevitably come in at or near the deadline — especially because the claims period is relatively short and spans the holidays — allowing only ten days after the expiration of the claims period seem both unnecessary as well as misguided.   Even if only a fraction of claims come in at the deadline — and I am confident it will be many more than that — do you really believe it is feasible for Epiq to seek and obtain and then review information from several thousand claimants in ten days?

If you don't believe we should address in this schedule how the ascertainability issue itself will be addressed, where and how would you propose that we address it?   I recognize you would prefer that that issue just go away, but it isn't going away.   And we thought — perhaps erroneously — that you would see benefit to everyone (including the class) in doing the prefatory work needed to address that issue while the Notice Program is being implemented so that we don't have delays at the back end if we wait until at or near the Fairness Hearing to ask for the information needed to resolve it.

Sent with BlackBerry Work
(www.blackberry.com)

---

**From:** Ross Good <rgood@andersonwanca.com>
**Date:** Wednesday, Sep 28, 2022 at 11:14 AM
**To:** Mester, Mark (CH) <mark.mester@lw.com>

**Cc:** Jonathan@classlawyers.com <Jonathan@classlawyers.com>, Collins, Robert (CH)
<Robert.Collins@lw.com>, m@mcalaw.net <m@mcalaw.net>, Slater, Gabe (CH)
<Gabe.Slater@lw.com>, phil@classlawyers.com <phil@classlawyers.com>, robert@classlawyers.com
<robert@classlawyers.com>, ghara@andersonwanca.com <ghara@andersonwanca.com>,
Orlando.Castillejos@epiqglobal.com <Orlando.Castillejos@epiqglobal.com>,
loree.Kovach@epiqglobal.com <loree.Kovach@epiqglobal.com>, Eric.Kierkegaard@epiqglobal.com
<Eric.Kierkegaard@epiqglobal.com>, rbit@epiqglobal.com <rbit@epiqglobal.com>,
jdiego@epiqglobal.com <jdiego@epiqglobal.com>, Erik.Cansler@epiqglobal.com
<Erik.Cansler@epiqglobal.com>, Sandra.Peters@epiqglobal.com <Sandra.Peters@epiqglobal.com>,
apalmer@epiqglobal.com <apalmer@epiqglobal.com>, stephanie.Amin-Giwner@epiqglobal.com
<stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** Re: Cin-Q v. BTL

Counsel,
Epiq is not forbidden from processing claims during the claims period; in fact, it is anticipated that
they will work diligently throughout the claims process. Why don't we just wait for Epiq to
respond with their position on the dates I proposed?

My responses to Jon's points are in bold:
1.       There should be a deadline by which Epiq must provide the Court, Intervenors and any
objectors with the numbers of claims submitted, accepted and rejected (reflecting the number of
faxes involved in the submitted, accepted and rejected claims). **- No objection from Class Counsel**
2.       Intervenors and any objectors should be permitted 14 days to make a supplemental filing
in light of that information. **- Can this be the same date as #3? We do not intend to agree to two
separate filings.**
3.       There should be a deadline for anyone other than Class Counsel seeking fees or incentive
awards to submit petitions for such. **- What date do you propose? This will be titled "Any other
party seeking to pursue an incentive award or any other attorney seeking to pursue an award of
fees" as previously set by the Court in the original Preliminary Approval Order (Doc. 343 at 82-
83)**
4.       Intervenors object to discovery and briefing on ascertainability. If BTL wants to take
discovery at this point, it should make a separate motion for leave to do so. If BTL wants to move
to decertify (and Intervenors do not believe that such a motion by any of the settling parties
would be appropriate) it can do so now or at the time set forth in the order. **- Judge Porcelli
ordered us to provide "a proposed timeline for the previously set deadlines in this Court's Order
granting preliminary approval of the settlement (Doc. 343)." (Doc. 413, Order at 1). There are
no "previously set deadlines" in the preliminary approval order with respect to the things BTL is
suggesting, and so they don't belong in this joint proposal.**

Thank you

--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com - EMail
(847) 350-9861 - Direct Phone
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phone
(847) 368-1501 - Office Fax

On Tue, Sep 27, 2022 at 6:26 PM <mark.mester@lw.com> wrote:

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Not faulty at all, just not especially flattering to Brian.     We never suggested that Brian said that directly to us.   He said it to Judge Andersen, who then reported it orally to us.   Judge Andersen may have also included it in an email.  With the passage of time, I don't recall whether he did that or not.   But I know he reported it to us orally, and I distinctly recall Brian being increasingly focused on Capitol One, in spite of the manifest differences between this case and ours.

But if 5% were Brian's only estimate, that would only make all the unsustainable the notion that Epiq could feasibly process and evaluate upwards of 6500 claims on only ten days, yet that seems to be exactly what Ross is now proposing.

Sent with BlackBerry Work
(www.blackberry.com)

---

**From:** Jon Piper <Jonathan@classlawyers.com>
**Date:** Tuesday, Sep 27, 2022 at 6:49 PM
**To:** Mester, Mark (CH) <mark.mester@lw.com>, rgood@andersonwanca.com <rgood@andersonwanca.com>, Collins, Robert (CH) <Robert.Collins@lw.com>, m@mcalaw.net <m@mcalaw.net>, Slater, Gabe (CH) <Gabe.Slater@lw.com>, Phil Bock <phil@classlawyers.com>, Robert Hatch <robert@classlawyers.com>, ghara@andersonwanca.com <ghara@andersonwanca.com>
**Cc:** Orlando.Castillejos@epiqglobal.com <Orlando.Castillejos@epiqglobal.com>, loree.Kovach@epiqglobal.com <loree.Kovach@epiqglobal.com>, Eric.Kierkegaard@epiqglobal.com <Eric.Kierkegaard@epiqglobal.com>, rbit@epiqglobal.com <rbit@epiqglobal.com>, jdiego@epiqglobal.com <jdiego@epiqglobal.com>, Erik.Cansler@epiqglobal.com <Erik.Cansler@epiqglobal.com>, Sandra.Peters@epiqglobal.com <Sandra.Peters@epiqglobal.com>, apalmer@epiqglobal.com <apalmer@epiqglobal.com>, stephanie.Amin-Giwner@epiqglobal.com <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** Re: Cin-Q v. BTL

I'd like to see an email that reflects that. There's no evidence that you had any oral communications with Wanca after the email quoted from below, so it would have to have been reflected in writing. Your recollections about those communications have proven faulty when compared to the written record.

---

**From:** mark.mester@lw.com <mark.mester@lw.com>
**Sent:** Tuesday, September 27, 2022 6:45 PM
**To:** Jon Piper <Jonathan@classlawyers.com>; rgood@andersonwanca.com <rgood@andersonwanca.com>; Robert.Collins@lw.com <Robert.Collins@lw.com>; m@mcalaw.net <m@mcalaw.net>; Gabe.Slater@lw.com <Gabe.Slater@lw.com>; Phil Bock <phil@classlawyers.com>; Robert Hatch <robert@classlawyers.com>; ghara@andersonwanca.com <ghara@andersonwanca.com>
**Cc:** Orlando.Castillejos@epiqglobal.com <Orlando.Castillejos@epiqglobal.com>; loree.Kovach@epiqglobal.com <loree.Kovach@epiqglobal.com>; Eric.Kierkegaard@epiqglobal.com <Eric.Kierkegaard@epiqglobal.com>; rbit@epiqglobal.com <rbit@epiqglobal.com>; jdiego@epiqglobal.com <jdiego@epiqglobal.com>; Erik.Cansler@epiqglobal.com <Erik.Cansler@epiqglobal.com>; Sandra.Peters@epiqglobal.com

<Sandra.Peters@epiqglobal.com>; apalmer@epiqglobal.com <apalmer@epiqglobal.com>;
stephanie.Amin-Giwner@epiqglobal.com <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** RE: Cin-Q v. BTL

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments
> unless you recognize the sender and know the content is safe.

Jon - We will respond to the balance of your email in due course, but in terms of Brian's
estimates, he definitely started at 5%, but I believe he eventually got to .5% as he continued to
demand a $92 million virtual fund and seemed to become more and more transfixed on eclipsing
the amount of what we understood was the Capitol One settlement.

Sent with BlackBerry Work
(www.blackberry.com)

---

**From:** Jon Piper <Jonathan@classlawyers.com>
**Date:** Tuesday, Sep 27, 2022 at 6:30 PM
**To:** Mester, Mark (CH) <mark.mester@lw.com>, rgood@andersonwanca.com
<rgood@andersonwanca.com>, Collins, Robert (CH) <Robert.Collins@lw.com>, m@mcalaw.net
<m@mcalaw.net>, Slater, Gabe (CH) <Gabe.Slater@lw.com>, Phil Bock <phil@classlawyers.com>,
Robert Hatch <robert@classlawyers.com>, ghara@andersonwanca.com
<ghara@andersonwanca.com>
**Cc:** Orlando.Castillejos@epiqglobal.com <Orlando.Castillejos@epiqglobal.com>,
loree.Kovach@epiqglobal.com <loree.Kovach@epiqglobal.com>, Eric.Kierkegaard@epiqglobal.com
<Eric.Kierkegaard@epiqglobal.com>, rbit@epiqglobal.com <rbit@epiqglobal.com>,
jdiego@epiqglobal.com <jdiego@epiqglobal.com>, Erik.Cansler@epiqglobal.com
<Erik.Cansler@epiqglobal.com>, Sandra.Peters@epiqglobal.com <Sandra.Peters@epiqglobal.com>,
apalmer@epiqglobal.com <apalmer@epiqglobal.com>, stephanie.Amin-Giwner@epiqglobal.com
<stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** Re: Cin-Q v. BTL

We're still reviewing the competing proposals, but in the interests of efficiency I want to
raise four issues:


1.      There should be a deadline by which Epiq must provide the Court, Intervenors and any
objectors with the numbers of claims submitted, accepted and rejected.

2.      Intervenors and any objectors should be permitted 14 days to make a supplemental filing
in light of that information.

3.      There should be a deadline for anyone other than Class Counsel seeking fees or incentive
awards to submit petitions for such.

4.      Intervenors object to discovery and briefing on ascertainability. If BTL wants to
take discovery at this point, it should make a separate motion for leave to do so. If BTL
wants to move to decertify (and Intervenors do not believe that such a motion by any of
the settling parties would be appropriate) it can do so now or at the time set forth in the
order.

Mark - I reviewed the emails, and you are inaccurately recollecting your discussions with Wanca. At the time you stated that he had projected a 5% claims rate. Please see below:

<image002.png>

**From:** mark.mester@lw.com <mark.mester@lw.com>
**Sent:** Tuesday, September 27, 2022 5:45 PM
**To:** rgood@andersonwanca.com <rgood@andersonwanca.com>; Jon Piper <Jonathan@classlawyers.com>; Robert.Collins@lw.com <Robert.Collins@lw.com>; m@mcalaw.net <m@mcalaw.net>; Gabe.Slater@lw.com <Gabe.Slater@lw.com>; Phil Bock <phil@classlawyers.com>; Robert Hatch <robert@classlawyers.com>; ghara@andersonwanca.com <ghara@andersonwanca.com>
**Cc:** Orlando.Castillejos@epiqglobal.com <Orlando.Castillejos@epiqglobal.com>; loree.Kovach@epiqglobal.com <loree.Kovach@epiqglobal.com>; Eric.Kierkegaard@epiqglobal.com <Eric.Kierkegaard@epiqglobal.com>; rbit@epiqglobal.com <rbit@epiqglobal.com>; jdiego@epiqglobal.com <jdiego@epiqglobal.com>; Erik.Cansler@epiqglobal.com <Erik.Cansler@epiqglobal.com>; Sandra.Peters@epiqglobal.com <Sandra.Peters@epiqglobal.com>; apalmer@epiqglobal.com <apalmer@epiqglobal.com>; stephanie.Amin-Giwner@epiqglobal.com <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** RE: Cin-Q v. BTL

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Ross - I believe we were directed to meet and confer.    Can you provide an explanation as to why you rejected each of the entries in our proposal that you rejected?

In terms of entries you didn't reject but changed dates on, can you also explain the reason for the change?

I would be particularly interested to know why you believe it would be remotely feasible for Epiq to undertake the verification measures contemplated by the Settlement Agreement and addressed by the Court at the August hearing for claims that are submitted in only ten days (I.e., Feb 6 to Feb 16). I don't believe that would be feasible if claim-in were as low as Brian promised it would be during the mediation with Judge Andersen, but given that we will now be sending (at your behest) mailed notice to up to sixteen people (or more) associated with a single number on the Biggerstaff list, ten days seems utterly unrealistic.

Epiq - Please let us know if it would be helpful for us to send you a highlighted copy of the full transcript from the August hearing so you can fully understand and incorporate into your assessment the Court's understanding of the Settlement Agreement and the role of the Settlement Administrator in obtaining documentation from persons who claim-in before accepting or rejecting claims.

Thank you.

Sent with BlackBerry Work
(www.blackberry.com)

**From:** Ross Good <rgood@andersonwanca.com>
**Date:** Tuesday, Sep 27, 2022 at 5:19 PM
**To:** Mester, Mark (CH) <mark.mester@lw.com>, Jon Piper <Jonathan@classlawyers.com>, Collins, Robert (CH) <Robert.Collins@lw.com>, Michael Addison <m@mcalaw.net>, Slater, Gabe (CH) <Gabe.Slater@lw.com>, Phil Bock <phil@classlawyers.com>, Robert Hatch <robert@classlawyers.com>, Glenn Hara <ghara@andersonwanca.com>
**Cc:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>, Kovach, Loree <loree.Kovach@epiqglobal.com>, Kierkegaard, Eric <Eric.Kierkegaard@epiqglobal.com>, Bithell, Richard <rbit@epiqglobal.com>, Diego, Juana <jdiego@epiqglobal.com>, Cansler, Erik <Erik.Cansler@epiqglobal.com>, Peters, Sandra <Sandra.Peters@epiqglobal.com>, Palmer, Adam <apalmer@epiqglobal.com>, Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** Re: Cin-Q v. BTL

To all,
Judge Porcelli ordered us to provide "a proposed timeline for the previously set deadlines in this Court's Order granting preliminary approval of the settlement (Doc. 343)." (Doc. 413, Order at 1). In accordance with that order, I have attached a redline draft proposing new dates for the deadlines in the preliminary approval order. To the extent BTL (or Intervenors) seek to add additional deadlines that deviate from Judge Porcelli's Preliminary Approval Order, Class Counsel believes we will have to provide the Court separate positions.

Can Epiq confirm that the dates proposed by Class Counsel are manageable (assuming a ruling from Judge Porcelli on or before October 13, 2022)?

Jon, can you provide TTA's position for the 3.01(g) certification?

Please provide your positions by close of business on September 29, 2022.

Thank you


--
Ross Good
Anderson + Wanca
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL 60008
rgood@andersonwanca.com - EMail
(847) 350-9861 - Direct Phone
(847) 350-9861 - Direct Fax
(847) 368-1500 - Office Phone
(847) 368-1501 - Office Fax


On Mon, Sep 26, 2022 at 6:53 PM <mark.mester@lw.com> wrote:

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Jon - Understood, and that's why I asked Robbie to be sure to copy you on the email and draft.

Best regards.

Sent with BlackBerry Work
([www.blackberry.com](www.blackberry.com))

---

**From:** Jon Piper <[Jonathan@classlawyers.com](mailto:Jonathan@classlawyers.com)>
**Date:** Monday, Sep 26, 2022 at 7:51 PM
**To:** Mester, Mark (CH) <[mark.mester@lw.com](mailto:mark.mester@lw.com)>, Collins, Robert (CH) <[Robert.Collins@lw.com](mailto:Robert.Collins@lw.com)>, [rgood@andersonwanca.com](mailto:rgood@andersonwanca.com) <[rgood@andersonwanca.com](mailto:rgood@andersonwanca.com)>, [m@mcalaw.net](mailto:m@mcalaw.net) <[m@mcalaw.net](mailto:m@mcalaw.net)>
**Cc:** Slater, Gabe (CH) <[Gabe.Slater@lw.com](mailto:Gabe.Slater@lw.com)>, Phil Bock <[phil@classlawyers.com](mailto:phil@classlawyers.com)>, Robert Hatch <[robert@classlawyers.com](mailto:robert@classlawyers.com)>
**Subject:** Re: Cin-Q v. BTL

Mark - thanks for explaining where you're coming from.

Given that we are not being asked to sign the stip, I do not think it is necessary to debate these points at this time. We can do that down the line.

I would appreciate continuing to be kept in the loop, especially with regard to discovery.

---

**From:** [mark.mester@lw.com](mailto:mark.mester@lw.com) <[mark.mester@lw.com](mailto:mark.mester@lw.com)>
**Sent:** Monday, September 26, 2022 6:30 PM
**To:** Jon Piper <[Jonathan@classlawyers.com](mailto:Jonathan@classlawyers.com)>; [Robert.Collins@lw.com](mailto:Robert.Collins@lw.com) <[Robert.Collins@lw.com](mailto:Robert.Collins@lw.com)>; [rgood@andersonwanca.com](mailto:rgood@andersonwanca.com) <[rgood@andersonwanca.com](mailto:rgood@andersonwanca.com)>; [m@mcalaw.net](mailto:m@mcalaw.net) <[m@mcalaw.net](mailto:m@mcalaw.net)>
**Cc:** [Gabe.Slater@lw.com](mailto:Gabe.Slater@lw.com) <[Gabe.Slater@lw.com](mailto:Gabe.Slater@lw.com)>; Phil Bock <[phil@classlawyers.com](mailto:phil@classlawyers.com)>; Robert Hatch <[robert@classlawyers.com](mailto:robert@classlawyers.com)>
**Subject:** RE: Cin-Q v. BTL

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Jon - I will have to check my notes, but I believe Brian indicated to us at some point during the mediation with Judge Andersen that we should expect claim-in below 1% and likely below .5% in this case in trying to persuade us to accept the $92 million virtual fund. So using that as a metric, we would be expecting something in the range of 650 to 1300 claims.

More fundamentally, however, since we will now be sending (at Ross' behest) mailed notices to up to sixteen (or more) different persons for a single number, we wouldn't even have a clear indication that claims were valid if we ended up in the range of 650 to 1300 claims, as it would be entirely possible (if not likely) that someone claiming in who held one of the numbers on the Biggerstaff list actually did not hold the number in the 2009 to 2010 time period. And as we indicated at the hearing in August, I think the substantially broader mailed notice that we will now have (again at Ross' behest) creates a real risk of an avalanche of invalid and fraudulent claims, which will only increase the burden on the Settlement Administrator, the Parties and ultimately the Court. That is an issue we tried to address in our draft.

As for discovery, we have made fairly clear for some time that we believe it may be necessary for BTL to move to decertify the Settlement Class, and confirmatory discovery is certainly not something that is unusual during an approval process for a class action settlement. At this point, however, we don't know for certain that discovery will be necessary, because we don't

know what evidence (if any) Class Counsel have to carry their burden of demonstrating that the Settlement Class is in fact ascertainable.  That is why we structured the proposed schedule to set as the first order of business an identification by Class Counsel of the evidence and opinions they intend to rely upon to try and establish ascertainablity.   As you probably recall, Class Counsel didn't address at all the issue of ascertainability in their Preliminary Approval motion, though that was obviously before Epiq encountered all of the problems it did tracking down matches for the numbers on the Biggerstaff list.   Our operating assumption is Class Counsel have no other evidence; otherwise, I suspect we wouldn't be using as a source for matching names and addresses results obtained from a source that explicitly said its database should not be used for this purpose.   But the reason why I asked Ross the question I did last week about subpoenas to telephone service providers was precisely to confirm whether Class Counsel have something that we don't know about.

Our primary reason, however, for building all of this into the schedule is that we assumed (perhaps incorrectly) that everyone would prefer to do as much work as we can on the ascertainablity issue before we get to the Fairness Hearing so that we don't have to delay that hearing to sort out discovery and evidentiary issues that I strongly suspect will otherwise be front and center.   Our schedule creates an orderly process for doing that that doesn't inject further delay into the approval process and that allows the Court ample time to consider these issues once they are briefed by the Parties in advance of the Fairness Hearing.

Sent with BlackBerry Work
([www.blackberry.com](http://www.blackberry.com))

---

**From:** Jon Piper <[Jonathan@classlawyers.com](mailto:Jonathan@classlawyers.com)>
**Date:** Monday, Sep 26, 2022, 12:37 PM
**To:** Collins, Robert (CH) <[Robert.Collins@lw.com](mailto:Robert.Collins@lw.com)>, [rgood@andersonwanca.com](mailto:rgood@andersonwanca.com) <[rgood@andersonwanca.com](mailto:rgood@andersonwanca.com)>, [m@mcalaw.net](mailto:m@mcalaw.net) <[m@mcalaw.net](mailto:m@mcalaw.net)>
**Cc:** Mester, Mark (CH) <[mark.mester@lw.com](mailto:mark.mester@lw.com)>, Slater, Gabe (CH) <[Gabe.Slater@lw.com](mailto:Gabe.Slater@lw.com)>, Phil Bock <[phil@classlawyers.com](mailto:phil@classlawyers.com)>, Robert Hatch <[robert@classlawyers.com](mailto:robert@classlawyers.com)>
**Subject:** Re: Cin-Q v. BTL

Rob - can you please quantify the number of claims that you "fear" will be an "inordinate amount of claims"? 1 claim, 100 claims, 1000 ...?

Also, can you please enlighten me where in the record Judge Porcelli contemplated discovery on ascertainability or a motion by BTL to decertify the class?

---

**From:** [Robert.Collins@lw.com](mailto:Robert.Collins@lw.com) <[Robert.Collins@lw.com](mailto:Robert.Collins@lw.com)>
**Sent:** Monday, September 26, 2022 12:06 PM
**To:** [rgood@andersonwanca.com](mailto:rgood@andersonwanca.com) <[rgood@andersonwanca.com](mailto:rgood@andersonwanca.com)>; [m@mcalaw.net](mailto:m@mcalaw.net) <[m@mcalaw.net](mailto:m@mcalaw.net)>
**Cc:** [mark.mester@lw.com](mailto:mark.mester@lw.com) <[mark.mester@lw.com](mailto:mark.mester@lw.com)>; [Gabe.Slater@lw.com](mailto:Gabe.Slater@lw.com) <[Gabe.Slater@lw.com](mailto:Gabe.Slater@lw.com)>; Jon Piper <[Jonathan@classlawyers.com](mailto:Jonathan@classlawyers.com)>
**Subject:** Cin-Q v. BTL

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Your attachments have been security checked by Mimecast Attachment Protection. Files where no threat or malware was detected are attached.

Ross –


As promised, please find attached a draft of the jointly-proposed schedule that is due at the end of the week.  We heard back from our client on this yesterday, and BTL is signed off on this schedule.


As you will note, we tried to address in the schedule all of the things that likely need to occur for the balance of the approval process.  We did not limit this schedule to notice only.  As Mark indicated in his email to you yesterday, however, one of the issues that obviously needs to be resolved is ascertainability, and we have accounted for that in the draft.  Our thinking is that we should do whatever we can to avoid unnecessary delay, and to that end, we have included in the schedule work on the ascertainablity issue that can be done while notice and the claims process are ongoing.  We also tried to address in the schedule the amount of time the Settlement Administrator will need to understand the work that Judge Porcelli addressed in terms of claims processing at the August hearing.  If there are an inordinate number of claims (as we fear there may be), then the schedule may need to be adjusted, but we proposed here what we would typically propose in a more conventional class case.


As I indicated last week, I am at trial in San Francisco and will be for the balance of this week and the next two (at least).   Once you have had an opportunity to review this draft, let me know your thoughts as soon as possible, and I will do my best to get back to you as soon as possible.


Best regards.


**Robert C. Collins III**


**LATHAM & WATKINS LLP**

330 North Wabash Avenue, Suite 2800 | Chicago, IL 60611

D: +1.312.876.6566 | M: +1.219.789.3376

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

### Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

### Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

### Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

### Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

### Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

This communication (including any attachment(s)) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication to include any copy that may reside in your sent box. Thank you for your cooperation.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.