# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| CIN-Q AUTOMOBILES, INC. and MEDICAL & CHIROPRACTIC CLINIC, INC., individually and on behalf of a class, | )<br>)<br>)<br>) |
| Plaintiffs, | ) No.: 8:13-CV-01592-AEP |
| v. | )<br>) |
| BUCCANEERS TEAM LLC, | )<br>) |
| Defendant. | )<br>)<br>) |
| _____ | ) |
| TECHNOLOGY TRAINING ASSOCS., INC. *et al.*, | )<br>)<br>) |
| Intervenors. | )<br>) |

## FINAL ORDER AND JUDGMENT

This matter coming before the Court on the Motion for Final Approval of Class Action Settlement filed by Plaintiffs, Cin-Q Automobiles, Inc. and Medical & Chiropractic Clinic, Inc., ("Plaintiffs"), the Court having considered the Motion, the Responses to the Motion filed by Defendant, Buccaneers Team LLC, formerly Buccaneers Limited Partnership ("BTL"), and Intervenors, Technology Training Assocs., Inc., Larry F. Schwanke, D.C., Barewood Outlet, Inc., and Thomas Savino d/b/a WebRx Pharmacy Palace ("Intervenors"), and the Court having held a Fairness Hearing on January 29, 2024, the Court hereby orders as follows:

1. The Motion for Final Approval of Class Action Settlement (Doc. \_\_\_\_) is GRANTED. Unless otherwise indicated herein, the parties shall adhere to the terms of the Settlement Agreement.

2. The following Settlement Class is finally approved for purposes of settlement:

> All persons who received or were successfully sent in 2009 or 2010 one or more facsimile advertisements relating to tickets for Tampa Bay Buccaneers games.
>
> Specifically excluded from the Settlement Class are the following Persons:
>
> (i) BTL and its respective parents, subsidiaries, divisions, affiliates, associated entities, business units, predecessors in interest, successors, successors in interest and representatives and each of their respective immediate family members;
>
> (ii) Class Counsel; and
>
> (iii) The judges who have presided over the Litigation and any related cases.

3. The Court finds that the Settlement is "fair, reasonable, and adequate" to warrant final approval under Fed. R. Civ. P. 23(e).

4. The Court finds that the Notice disseminated in this case (i) described the essential terms of the settlement; (ii) disclosed any special benefits of incentives to the class representatives; (iii) provided information regarding the proposed attorneys' fee award; (iv) indicated the time and place of the fairness hearing for consideration of final approval of the settlement; (v) included information regarding the method and time for objection and opting out of the settlement; (vi)

explained the procedures for allocating and distributing the Settlement Fund; and (vii) prominently displayed the address of Class Counsel and the procedure for making inquiries.

5. The Court finds that the Settlement Administrator, Epiq Class Action & Claim Solutions, Inc., performed the functions delineated in the Settlement Agreement, including disseminating the Class Notice in accordance with the Settlement Class Notice Program described in the Settlement Agreement and with the directives in the Court's Orders. The Court finds the notice provisions contained in the Settlement Agreement and the Court's Orders (i) provided the best practicable notice under the circumstances and were reasonably calculated to apprise the Settlement Class of the pendency of the litigation and of their right to object to or to exclude themselves from the proposed settlement; (ii) were reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iii) met the requirements of applicable law.

6. The Court finds that three class members timely excluded themselves from the Settlement Class. (*See* Doc. 433, Castillejos Decl. ¶ 4).

7. The Court finds that one objection to the Settlement was filed, by Intervenors. Intervenors' objections are overruled for the reasons stated at the Final Approval Hearing.

8. The Court finds that any Settlement Class Member who did not submit a timely, written request for exclusion from the Settlement Class is bound by all proceedings, orders, and judgments in the litigation, even if such Settlement Class

Member previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Release.

9. Any Settlement Class Member who did not file a timely written objection to the settlement or who failed to otherwise comply with applicable requirements is foreclosed from seeking any adjudication or review of the settlement by appeal or otherwise.

10. Class Counsel timely filed their Motion for Attorney Fees and Expenses and Incentive Awards on April 28, 2022. No party opposed the motion. The Court hereby grants the Motion for Attorney Fees in the amount of 25% of the Settlement Fund ($4,937,500.00), plus reasonable out-of-pocket expenses of $250,000.

11. The Court hereby grants Plaintiff, Cin-Q Automobiles, Inc. and Incentive Award of $10,000, and grants Plaintiff, Medical & Chiropractic Clinic, Inc., an Incentive Award of $10,000.

12. Unless the Settlement Class Member has timely excluded himself or herself from the Settlement Class, Settlement Class Members are enjoined from (i) filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the litigation and/or the released claims; (ii) filing, commencing, participating in, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely

excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the litigation and/or the released claims; and (iii) attempting to effect opt-outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the litigation and/or released claims. Any person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by BTL, any other released person, and Class Counsel resulting from the violation. Nothing prohibits members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency.

13. The STAY of this action pending final approval of the settlement entered entered March 29, 2022, is hereby lifted.

14. Pursuant to the Settlement Agreement, Section X.A, the Court:

   (i) Finds that the Court has personal jurisdiction over Plaintiffs and all Settlement Class Members and that the Court has subject matter jurisdiction to approve this Settlement and Settlement Agreement and all exhibits thereto;

   (ii) Certifies a Settlement Class solely for purposes of this Settlement;

   (iii) Grants final approval to the Settlement Agreement as being fair, reasonable and adequate as to all Parties and consistent and in compliance

with all requirements of due process and applicable law, as to and in the best interests of all Parties and directs the Parties and their counsel to implement and consummate this Settlement Agreement in accordance with its terms and provisions;

 (iv) Declares the Settlement Agreement and this Final Order and Judgment to be binding on and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of Plaintiffs and all Settlement Class Members, as well as their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors;

 (v) Finds that the Settlement Class Notice Program: (1) constituted the best practicable notice; (2) constituted notice that was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Litigation, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing and of their right to seek monetary and other relief; (3) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (4) met all requirements of due process and any other applicable law;

 (vi) Approves the Claim Form that was distributed to the Settlement Class;

  (vii) Finds that Class Counsel and Plaintiffs adequately represented the Settlement Class for purposes of entering into and implementing the Settlement and Settlement Agreement;

  (viii) Dismisses the Litigation now pending before the Court on the merits and with prejudice and without fees or costs except as provided herein, in accordance with the terms of the Final Order and Judgment;

  (ix) Adjudges that Plaintiffs and the Settlement Class have conclusively compromised, settled, dismissed and released any and all Released Claims against BTL and the Released Persons;

  (x) Approves payment of the Attorneys' Fee Award and Incentive Awards as determined by the Court;

  (xi) Without affecting the finality of the Final Order and Judgment for purposes of appeal, reserves jurisdiction over the Settlement Administrator, BTL, Plaintiffs and the Settlement Class Members as to all matters relating to the administration, consummation, enforcement and interpretation of the terms of the Settlement, the Settlement Agreement and Final Order and Judgment and for any other necessary purposes;

  (xii) Provides that upon the Effective Date, Plaintiffs and all Settlement Class Members, whether or not they return a Claim Form within the time and in the manner provided for, shall be barred from asserting any Released Claims against BTL and/or any Released Persons, and any such Settlement

Class Members shall have released any and all Released Claims as against BTL and all Released Persons;

(xiii) Determines that the Settlement Agreement and the Settlement provided for therein and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by BTL or any Released Persons or of the suitability of these or similar claims to class treatment in active litigation and trial; provided, however, that reference may be made to this Settlement Agreement and the Settlement provided for therein in such proceedings solely as may be necessary to effectuate the Settlement Agreement;

(xiv) Bars and permanently enjoins all Settlement Class Members from: (1) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (2) organizing Settlement Class Members who have not excluded themselves from the Settlement Class into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking

class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency;

(xv) States that any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by BTL and/or any other Released Persons and Class Counsel as a result of the violation;

(xvi) Approves the Opt-Out List and determines that the Opt-Out List is a complete list of all members of the Settlement Class who have timely requested exclusion from the Settlement Class and, accordingly, shall neither share in nor be bound by the Final Order and Judgment, except for Opt-Outs who subsequently elect to submit Claim Forms during the Claim Period; and

(xvii) Authorizes the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of this Settlement Agreement and all exhibits hereto as (1) shall be consistent in all material respects with the Final Order and Judgment; and (2) do not limit the rights of the Parties or Settlement Class Members.

DONE AND ORDERED in Tampa, Florida, on this 29th day of January 2024.

_____

ANTHONY E. PORCELLI

United States Magistrate Judge