UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| CIN-Q AUTOMOBILES, INC., et al., ) ) Plaintiffs, ) ) v. ) ) BUCCANEERS LIMITED ) PARTNERSHIP and JOHN DOES ) 1-10, ) ) Defendants, ) ) _____ ) ) TECHNOLOGY TRAINING ) ASSOCIATES, INC., et al., ) ) Intervenors. ) | Case No. 8:13-cv-01592-AEP Magistrate Judge Anthony E. Porcelli |

**OPPOSED MOTION AND INCORPORATED
MEMORANDUM OF LAW IN SUPPORT OF BTL'S
MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

BTL, pursuant to Local Rule 1.11(c) and the Protective Order for this case (Dkts. 292-1, 293), respectfully seeks leave to file under seal its Objections to the Settlement Administrator's Final Claims Report and Combined Motion and Incorporated Memorandum of Law in Support of BTL's Motion for Leave to Conduct Limited Confirmatory Discovery, two additional objections to the claims of certain entities (collectively, the "Objections") and all associated exhibits.[1]

Class Counsel is of the opinion that the entities named and discussed extensively in the Objections and the vast majority of the associated exhibits should not be revealed publicly, despite the fact that the names of organizational claimants and their status as claimants is not inherently worthy of sealing. BTL believes that

---

[1] Capitalized terms have the meaning ascribed to them in the Settlement Agreement filed with Plaintiffs' motion for preliminary approval. See Settlement Agt. (Dkt. 324-1).

the names of these entities and their status as claimants need not be sealed, but respectfully requests that the Court issue an order granting its motion to seal the Objections and all associated exhibits, because it is unduly burdensome to redact the names of entities that are used throughout the Objections and the associated exhibits. The Objections and associated exhibits also contain additional personal identifying information beyond merely the claimants' names (e.g., addresses, telephone numbers, etc.). Furthermore, and consistent with this Court's June 16, 2023 Order, BTL requests that the Court enter an order permitting it to transmit in native format a copy of certain of the associated exhibits (i.e., the Final Claims Report spreadsheet, September 8, 2023 Claims Report spreadsheet, List of Additional Information Letter Documents spreadsheet and the List of Defect Letter Documents spreadsheet) to the Court via electronic mail and to the Clerk of Court via a flash drive. Finally, the Objections reference or quote in numerous places the Declaration of Shawn Parks (Dkt. 398-2) ("Parks Declaration" or "Parks Decl.") and Declaration of Leslie Roach ("Roach Declaration" or "Roach Decl."), which were previously sealed pursuant to the Court's May 22, 2023 Order (Dkt. 443).

In accordance with Local Rule 1.11(c), the incorporated memorandum of law identifies and describes the material proposed to be sealed, the reasons that sealing is necessary and cannot be accomplished through other means, a statement of the proposed duration of the seal and legal authority supporting sealing. See M.D. Fla. L.R. 1.11(c). BTL has conferred with counsel for Plaintiffs and for Intervenors, who have yet to confirm that they do not oppose the relief requested herein. For the reasons stated in the incorporated memorandum of law, BTL therefore respectfully requests that its motion for leave to file under seal be granted.

## MEMORANDUM OF LAW

**A. DESCRIPTION OF THE DOCUMENTS TO BE FILED UNDER SEAL AND THE NECESSITY OF SEALING THE INFORMATION**

The Objections and their associated exhibits discuss extensively the names and certain other personal identifying information of specific claimants to whom BTL objects to having their claims approved by the Settlement Administrator. Class Counsel believes it is necessary to redact the names of the entities in the objections, which is not feasible given the extent to which they are discussed throughout BTL's submissions.

The Objections and their associated exhibits also contain confidential information, including the names, addresses and claimed fax numbers of persons and entities who have filed claims in this case to which BTL is not objecting. Such information constitutes "personal identity information" within the meaning of the Protective Order in this litigation. See Agreed Confidentiality and Protective Order (Dkt. 292-1) at ¶ 2. Moreover, the Final Claims Report spreadsheet contains thousands of rows and over 90 columns and cannot be converted to PDF format without being rendered illegible or otherwise effectively produced other than in native format. The September 8, 2023 Claims Report spreadsheet, List of Additional Information Letter Documents spreadsheet and List of Defect Letter Documents spreadsheet each likewise contain numerous rows and columns and cannot be effectively rendered into PDF.

Separately, the Objections cite to both the Roach Declaration and the Parks Declaration, including direct and indirect quotes from the two declarations, in discussing the nature and limitations of the reverse lookup searches that LexisNexis and TransUnion performed. In light of the Court's order sealing the Roach

Declaration and Parks Declaration, BTL believes this is an additional reason to seal the Objections and the associated exhibits, consistent with the Court's Order. See Order (Dkt. 443).

**B. LEGAL AUTHORITY SUPPORTING THE REQUEST TO SEAL**

Under Eleventh Circuit precedent, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." Romero v. Drummond Co., 480 F.3d 1234, 1246 (11th Cir. 2007). In this instance, sealing is justified given Class Counsel's insistence that the names of the claimants to whom BTL is objecting not be made public, the additional personally identifiable information contained in the Final Claims Report and associated email correspondence exhibits (including names, addresses and fax numbers of claimants). See, e.g., Hausburg v. McDonough, 2023 WL 2432322, *1 (M.D. Fla. 2023) (finding defendant "has shown good cause to seal the identified exhibits, as they contain personally identifiable information").

BTL also hereby expressly incorporates each of its arguments made in its June 16, 2023 Motion for Leave to File Motion Under Seal (Dkt. 453), specifically that sealing a motion referencing the Roach Declaration and Parks Declaration is appropriate given the proprietary and confidential information contained therein. See id. at 3-4. Local Rule 3.1(c)(3)(C) permits "redaction" if available, but as previously noted, the Objections and their associated exhibits discuss the names of the claimants to whom BTL is objecting consistently throughout, and redacting each and every instance of the claimants' names is not feasible.

Consistent with this Court's June 16, 2023 Order addressing the original version of the claims spreadsheet provided by the Settlement Administrator, and its

4

May 22, 2023 Order concerning the Roach Declaration and the Parks Declaration, BTL respectfully requests that the Clerk maintain the Objections and associated exhibits under seal until 30 days after this case is closed and all appeals exhausted. See Order (Dkt. 450); Order (Dkt. 443).

    WHEREFORE, for the foregoing reasons and pursuant to Local Rule 1.11(c), BTL respectfully requests that the Court enter an order (1) permitting BTL to file the Objections and associated exhibits under seal; and (2) permitting BTL to file the Final Claims Report spreadsheet, September 8, 2023 Claims Report spreadsheet, List of Additional Information Letter Documents spreadsheet, List of Defect Letter Documents spreadsheet under seal by transmitting copies of these documents in native format to the Court via electronic mail and to the Clerk of Court via a flash drive.

| | |
|---|---|
| Date:  December 8, 2023 | Respectfully submitted, |
| | */s/ Robert C. Collins III* <br> Robert C. Collins III, One of the Attorneys for Defendant Buccaneers Team LLC |
| Mark S. Mester <br>   (admitted *pro hac vice*) <br> Robert C. Collins III <br>   (admitted *pro hac vice*) <br> LATHAM & WATKINS LLP <br> 330 North Wabash Avenue, Suite 2800 <br> Chicago, Illinois 60611 <br> Telephone:  (312) 876-7700 <br> Facsimile:  (312) 993-9767 <br> E-mail:  mark.mester@lw.com <br>         robert.collins@lw.com | Joseph H. Varner, III <br>   (Bar No. 394904) <br> HOLLAND & KNIGHT LLP <br> 100 North Tampa Street, Suite 4100 <br> Tampa, Florida 33602-3644 <br> Telephone:  (813) 227-8500 <br> Facsimile:  (813) 229-0134 <br> Email:  joe.varner@hklaw.com |

## **LOCAL RULE 3.01(G) CERTIFICATION**

Pursuant to Local Rule 3.01(g), the undersigned hereby certifies that we conferred with counsel for both Plaintiffs and Intervenors by email with respect to the instant motion, who have yet to confirm that they do not oppose the relief requested herein. Class Counsel, however, specifically requested that the names of all entities to which BTL is objecting their claim acceptance be filed under seal.

Date: December 8, 2023              */s/ Robert C. Collins III*

                                            Robert C. Collins III, One of the Attorneys
                                            for Defendant Buccaneers Team LLC

                                            Robert C. Collins III
                                               (admitted *pro hac vice*)
                                            LATHAM & WATKINS LLP
                                            330 North Wabash Avenue, Suite 2800
                                            Chicago, Illinois 60611
                                            Telephone: (312) 876-7700
                                            Facsimile: (312) 993-9767
                                            E-mail: robert.collins@lw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 8, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which served all relevant parties.

Date:  December 8, 2023

/s/ *Robert C. Collins III*
Robert C. Collins III
  (admitted *pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767
E-mail:  robert.collins@lw.com