UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| CIN-Q AUTOMOBILES, INC. and<br>MEDICAL & CHIROPRACTIC CLINIC,<br>INC., individually and on behalf of a class,<br><br>  Plaintiffs,<br><br>  v.<br><br>BUCCANEERS LIMITED PARTNERSHIP,<br><br>  Defendant.<br>_____<br><br>TECHNOLOGY TRAINING ASSOCS., INC.<br>*et al.*,<br><br>  Intervenors. | No.: 8:13-CV-01592-AEP |

**PLAINTIFFS' STATEMENT OF DISPUTED CLAIMS**

  Plaintiffs, Cin-Q Automobiles, Inc. and Medical & Chiropractic Clinic, Inc. ("Plaintiffs"), on behalf of themselves and the Settlement Class, state as follows in regard to Section VIII(E) of the Settlement Agreement. As discussed below, Defendant, Buccaneers Team LLC ("BTL"), and Plaintiffs dispute the eligibility of certain Class Members to be paid from the Settlement Agreement based on their timely filed claims. Plaintiffs state as follows regarding disputed claims raised by Plaintiffs:

  **I.  The Court should order Epiq to pay the claims of the 26 claimants who were denied solely on the basis of potentially being a "fax service**

**provider," where Plaintiffs have uncovered evidence tending to show that they are not fax service providers.**

On July 19, 2023, the Court ordered Epiq to send a request for additional information to 63 claimants on the basis that they might potentially be "fax service providers." (Doc. 470). Following the claims process, Epiq ruled "ineligible" the following Claimants on the sole basis of potentially being a fax service provider: 2236 (Exhibit 1), 9911 (Exhibit 2), 11069 (Exhibit 3), 21838 (Exhibit 4), 25084 (Exhibit 5), 31448 (Exhibit 6), 43109 (Exhibit 7), 45004 (Exhibit 8), 50134 (Exhibit 9), 50201 (Exhibit 10), 95093 (Exhibit 11), 95111 (Exhibit12), 99766 (Exhibit 13), 99934 (Exhibit 14), 100112 (Exhibit 15), 100240 (Exhibit 16), 100259 (Exhibit 17), 108584 (Exhibit 18), 108641 (Exhibit 19), 108927(Exhibit 20), 109364 (Exhibit 21), 112660 (Exhibit 22), 114421 (Exhibit 23), 115350 (Exhibit 24), 115706 (Exhibit 25), and 116126 (Exhibit 26).[1]

The names of the companies, and the associated information indicate that some of these 26 claimants provide podiatry services, security systems, pharmacies, therapeutics, Marble and Granite work, and veterinary services. There is no indication any of these claimants is a fax service provider, and exclusion of these claimants for no cause is unwarranted.

Pursuant to Local Rule 3.01(g), on December 7, 2023, at 11:41 a.m. CT, Plaintiff's Counsel conferred by email with Defendant's Counsel regarding inclusion

---

[1] The names of the companies associated with each claimant are included with the exhibit which are all being filed under seal.

2

of these 26 claimants. Defendant's Counsel stated "BTL received the request [on December 7, 2023] and has not yet had time to review the files provided, so BTL cannot yet take a position."

## II.     Conclusion

For the foregoing reasons, the Court should approve payments to each of the Claimants identified above.

Respectfully submitted,

/s/ Ross M. Good
Ross M. Good (Fla. Bar. No. 116405)
LOFTUS & EISENBERG, LTD.
161 N. Clark, Suite 1600
Chicago, Illinois 60601
T: (786) 539-3952
ross@loftusandeisenberg.com

Glenn L. Hara (admitted *pro hac vice*)
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
Telephone: (847) 368-1500
Facsimile: (847) 368-1501
ghara@andersonwanca.com

Michael C. Addison (Fla. Bar. No. 0145579)
ADDISON LAW OFFICE, P.A.
1304 Alicia Avenue
Tampa, Florida 33604
Telephone: (813) 223-2000
Facsimile: (813) 228-6000
m@mcalaw.net

*Class Counsel*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 8, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                        s/Ross M. Good