UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| CIN-Q AUTOMOBILES, INC. and MEDICAL & CHIROPRACTIC CLINIC, INC., individually and on behalf of a class, | ) ) ) ) |
| Plaintiffs, | ) Case No.: ) 8:13-CV-01592-AEP |
| v. | ) ) |
| BUCCANEERS TEAM LLC, | ) ) |
| Defendant. | ) ) |
| _____ | ) ) |
| TECHNOLOGY TRAINING ASSOCS., INC. *et al.*, | ) ) ) |
| Intervenors. | ) ) |

**PLAINTIFFS' PARTIALLY UNOPPOSED MOTION FOR LEAVE TO FILE EXHIBITS UNDER SEAL**

Pursuant to the Protective Order for this case (Docs. 292 & 293), Plaintiffs, Cin-Q Automobiles, Inc. and Medical & Chiropractic Clinic, Inc. ("Plaintiffs"), respectfully move the Court to file under seal exhibits relating to Plaintiffs' Statement of Disputed Claims.

The exhibits sought to be sealed contain personal identifying information of 26 entities of which Epiq, the Settlement Administrator, has stated their claims are ineligible, claiming them to be on-line fax providers. Each of these 26 exhibits contains personal identifying information, including the claimants' names, addresses, and fax numbers.

In accordance with Local Rule 1.11(c), the incorporated memorandum of law identifies and describes the material proposed to be sealed, the reasons that sealing is necessary and cannot be accomplished through other means, a statement of the proposed duration of the seal, and legal authority supporting sealing. *See* M.D. Fla. L.R. 1.11(c).

## MEMORANDUM OF LAW

1. "A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

2. This Court entered an Order governing handling of confidential and proprietary information on February 10, 2020. (Doc. 293).

3. The submitted disputed claims provided by Epiq have only been shared between Epiq and counsel for Plaintiffs, counsel for Defendant, Buccaneers Team LLC ("BTL"), and counsel for Intervenors.

4. The exhibits to Plaintiffs' Statement of Disputed Claims contain the names, addresses, and fax numbers of certain persons/entities who have filed claims in this class-action settlement. This information constitutes "personal identity information" within the meaning of the Agreed Confidentiality and Protective Order. (Doc. 292-1 ¶ 2).

5. Pursuant to the Protective Order, Plaintiffs propose that this Court order the seal to remain in place indefinitely.

6. Pursuant to Local Rule 3.01(g), the undersigned hereby certifies that counsel for Plaintiffs conferred with BTL's counsel and Objectors' Counsel via email. Objectors' Counsel promptly confirmed they do not oppose the relief requested herein. As of this filing, BTL's counsel has not responded regarding filing under seal but did say with respect to its review of the exhibits themselves that "BTL received the request [on December 7, 2023] and has not yet had time to review the files provided, so BTL cannot yet take a position."

WHEREFORE, Plaintiffs request that the Court enter an Order permitting Plaintiffs to file the detail concerning the 26 disputed claimants under seal.

Respectfully submitted,

/s/ Ross M. Good
Ross M. Good (Fla. Bar. No. 116405)
LOFTUS & EISENBERG, LTD.
161 N. Clark, Suite 1600
Chicago, Illinois 60601
Telephone: (786) 539-3952
ross@loftusandeisenberg.com

Glenn L. Hara (admitted *pro hac vice*)
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: (847) 368-1500
ghara@andersonwanca.com

Michael C. Addison (Fla. Bar. No. 0145579)
ADDISON LAW OFFICE, P.A.
1304 Alicia Avenue
Tampa, Florida 33604
Telephone: (813) 223-2000
m@mcalaw.net

*Class Counsel*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 8, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

      s/Ross M. Good