# EXHIBIT 4

| | |
|---|---|
| **From:** | Slater, Gabe (CH) |
| **Sent:** | Wednesday, August 2, 2023 1:15 PM |
| **To:** | Glenn Hara; Orlando.Castillejos@epiqglobal.com; Collins, Robert (CH); stephanie.Amin-Giwner@epiqglobal.com; Mester, Mark (CH); Jonathan@classlawyers.com; m@mcalaw.net; phil@classlawyers.com; robert@classlawyers.com; ross@loftusandeisenberg.com |
| **Cc:** | rbit@epiqglobal.com; jdiego@epiqglobal.com; loree.Kovach@epiqglobal.com; apalmer@epiqglobal.com; Erik.Cansler@epiqglobal.com; Sue Fitzgerald; Susan Vega |
| **Subject:** | RE: Cin-Q v. BTL |

Glenn –

We write in response to your email dated July 31, 2023.  See July 31, 2023 Email fr. G. Hara.

First, we take issue with your suggestion that the "parties may be heading for yet another disputed motion before Judge Porcelli."  See July 31, 2023 Email fr. G. Hara.  We fail to see how our proposed edits justifies this suggestion, among other reasons, because it completely ignores the Parties' obligation to meet and confer regarding any outstanding issues before anything is brought to Judge Porcelli.  See Settlement Agt. (Dkt. 324-1) § VIII.E (requiring that the Parties "meet and confer and attempt, in good faith, to resolve any dispute" regarding disputed claims before such issues are brought before the Court); see also M.D. Fla. L.R. 3.01(g) (setting out the duty to confer in good faith prior to filing any motion in a civil action).

Our email on Monday evening simply communicated BTL's proposed edits to Epiq's three letters, and we expected that Class Counsel would do the same, at which point the Parties could meet and confer regarding any disputed issues in an attempt to reach a resolution.  See July 31, 2023 Email fr. G. Slater.  Unfortunately, instead of providing your own set of edits, your email suggests that Class Counsel are already prepared to bring some sort of motion before Judge Porcelli.  See July 31, 2023 Email fr. G. Hara.  We certainly hope that is not the case and are prepared to meet and confer with you regarding the issues discussed in your email and as set out below.  See disc. infra.

Second, instead of proposing any edits to the letters, your email vaguely asserts (without more) that you do not agree with any of the proposed edits suggested by BTL.  See July 31, 2023 Email fr. G. Hara.  You instead mischaracterize our email by claiming that we represented all of our edits were "non-substantive."  See id.  But we did no such thing.  Instead, our email clearly stated that in addition to several non-substantive line edits, we had several substantive comments.  See July 31, 2023 Email fr. G. Slater.  We then clearly described each of our proposed edits.  See id.  The intent of this was to flag for Epiq and for Class Counsel the substantive points we aimed to address, including the additional certification to which you now so strongly objected.

In any case, please inform us as soon as possible whether Class Counsel indeed objects to each and every edit made by BTL.  We certainly hope that is not the case, as a number of our edits were made with the intent of clarifying the letters and to make the process less burdensome on claimants, not more burdensome.  As one example, we suggested removing unclear language that would have required claimants to submit a written response to the defect letter, which would have imposed a confusing and unnecessary burden on claimants.  See July 31, 2023 Email fr. G. Slater.

Finally, we are surprised that you objected so strongly to our proposed edits, given the undisputed number of invalid and/or fraudulent claims submitted during the claims process. To name just a few of the notable occurrences of facially invalid and/or fraudulent claims: (i) 35% of all Claim Forms are duplicates in that they claim a fax number that is also listed on another Claim Form; (ii) 26% of all Claim Forms provided a number that did not match the Biggerstaff list; and (iii) entities (including MCAG and Astro Companies) submitted thousands of fax numbers that the Parties have agreed cannot form the basis of a valid claim.  See BTL's Reply (Dkt. 467) at 5-6.  Most obviously, 215 claimants who were not

M&C or Cin-Q provided a fax number claimed by either M&C or Cin-Q, though you have yet to provide documentation that the numbers claimed by M&C and Cin-Q were actually theirs during the period July 14, 2009 to June 9, 2010, something we believe needs to be done <u>before</u> the conflicting claims for those two numbers can be resolved by Epiq. <u>See</u> <u>id.</u>

We would hope that given these various claims have called into question the validity of the claims submitted by your own clients, you would see the need to undertake additional measures to ensure that the responses to these letters do not result in the same level of fraud that occurred during the claims process.  Whatever purpose the Parties believed that the certification was meant to provide in the Settlement Agreement, it has clearly failed.  Our edit was thus an attempt to communicate to claimants the seriousness of their representation, with the hope that this round of submissions would include far fewer invalid and/or fraudulent claims than during the claims process.
If you believe that our proposed edit is inadequate, does Class Counsel have any proposed alternative edit or proposal as to how to deal with the situation?  We are, of course, open to any suggestions, which is the very purpose of the meet and confer requirement you have appeared to ignore.

We also understand that this process has been rife with delays (in large part due to the very fraud described above),which is why we worked over the weekend to review this and to provide our proposed edits a day before the Settlement Administrator had requested them.  <u>See</u> July 31, 2023 Email fr. G. Slater.  In the interest of time, we would thus request that you provide responses on the following issues as soon as possible:

1. Does Class Counsel agree that it needs to meet and confer with BTL before any issues are brought before Judge Porcelli?

2. Can Class Counsel confirm that it objects to <u>every</u> edit made by BTL?  If so, please provide your grounds for each objection.

3. Does Class Counsel have any counterproposal to handle fraudulent representations submitted to the Settlement Administrator, given that the certification in the original Claim Form unquestionably did not work as intended?

4. When can you be available to meet and confer on these issues?

Best regards,
Gabe


P.S.:   Mark Mester wrote you on July 7, 2023 regarding the issue of Article III standing, including how recent decisions on Article III in the Eleventh Circuit and elsewhere have implications for this litigation.  <u>See</u> July 7, 2023 Email fr. M. Mester to G. Hara.  We were hoping for a prompt response from you to our email, but I do not believe you have responded to our email to date.  That is disappointing, especially since you have always insisted on prompt responses to issues of concern to you and were only willing to agree to give us two days to prepare our July 14, 2023 reply after Epiq's most recent error.  <u>See</u> July 7, 2023 Emails btwn. M. Mester and G. Hara.  In any case,  however, we would also like to discuss during our upcoming meet and confer session the issues raised in Mark's email.


**Gabe Slater**
Pronouns: he/him/his

**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800 | Chicago, IL 60611
D: +1.312.777.7194