# EXHIBIT 5

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| CIN-Q AUTOMOBILES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> BUCCANEERS LIMITED PARTNERSHIP and JOHN DOES 1-10, <br><br> Defendants, <br><br> ─────────────────────────── <br><br> TECHNOLOGY TRAINING ASSOCIATES, INC., et al., <br><br> Intervenors. | Case No. 8:13-cv-01592-AEP <br><br> Magistrate Judge Anthony E. Porcelli |

## DECLARATION OF ROBERT C. COLLINS III

I, Robert C. Collins III, declare and state as follows:

1. I am an attorney admitted to practice law in the State of Illinois. I am a Partner with the law firm of Latham & Watkins LLP, counsel for Defendant Buccaneers Team LLC f/k/a Buccaneers Limited Partnership ("BTL"). This declaration is based upon my first-hand knowledge. If called upon to do so, I could and would testify competently thereto.

### A. Discussions With Class Counsel Regarding The Issue Of Article III Standing

2. BTL raised the issue of Article III standing with Class Counsel[1] in early July of this year in light of the panel opinion issued by the Eleventh Circuit in

---

[1] Capitalized terms have the meaning ascribed to them in the Settlement Agreement filed with Plaintiffs' motion for preliminary approval. See Settlement Agt. (Dkt. 324-1).

Drazen v. Pinto holding, based on the United States Supreme Court's opinion in TransUnion v. Ramirez, 141 S. Ct. 2190, 2204-05, 2208 (2021), that all absent members of a class seeking monetary relief must each have Article III standing. See Drazen, 41 F.4th 1354, 1360-62 (11th Cir. 2022).

3. Because the FCC has determined that faxes received as emails through an online fax service are not subject to the TCPA (and their recipients thus lack standing to bring claims) and the Supreme Court has held that all absent class members must have standing, BTL was necessarily concerned regarding the class definition and the ascertainability of the Settlement Class.

4. On July 7, 2023 BTL posed the following three questions to Class Counsel:

> a. Is it Class Counsel's position that the definition of the Settlement Class in the Settlement Agreement excludes faxes purportedly sent on behalf of BTL that were sent through an online service?
>
> b. Is it Class Counsel's position that it is possible at this point in time, based on information available to the Parties, to ascertain which Settlement Class Members received faxes purportedly sent on behalf of BTL on stand-alone fax machines versus through online services?
>
> c. If Class Counsel answers Question No. 2 in the affirmative, please identify the telephone numbers on the Biggerstaff list that you contend received faxes through online services.

July 7, 2023 Email fr. M. Mester, Ex. 3 to BTL's Mototion to Dismiss Class Claims for Lack of Article III Standing and to Decertify the Settlement Class.[2]

---

[2] All subsequent exhibit references in this Declaration are attached as exhibits to BTL's Motion to Dismiss Class Claims for Lack of Article III Standing and to Decertify the Settlement Class, filed concurrently herewith.

2

5. Class Counsel did not respond to these questions for weeks, so we raised the issues again roughly a month later. See Aug. 2, 2023 Email fr. G. Slater, Ex. 4.

### B. The August 15, 2023 Meet And Confer

6. A meet and confer was finally held on August 15, 2023 addressing these and a number of unrelated issues.

7. Class Counsel openly acknowledged the following regarding the issue of Article III standing.

8. First, Class Counsel stated that the Settlement Class as defined in the Settlement Agreement plainly includes persons and entities that received faxes through an online fax service. See also Aug. 15, 2023 Email fr. G. Slater, Ex. 7.

9. Second, Class Counsel's position is that the Parties agreed to the Settlement Agreement in order to somehow avoid litigating the issue of Article III standing and the question of who received faxes through online fax services. See also id.

10. When pressed for any evidence that would reflect such an agreement, however, Class Counsel provided no response, nor have Class Counsel attempted to reconcile that position with the explicit raising of the issue of online faxes by BTL in 2022 and in fact earlier.

11. During the meet and confer, Class Counsel also purported to place reliance on the en banc opinion in Drazen, 74 F.4th 1336, 1343-46 (11th Cir. 2023), arguing that it somehow addresses the Article III problems in this litigation. The en banc opinion in Drazen, however, merely overruled the Eleventh Circuit's previous holding in Salcedo v. Hanna, 936 F.3d 1162 (11th Cir. 2019), that the

receipt of a single text message was not sufficient to confer Article III standing. That issue is in our view inapposite in this case.

12. Class Counsel likewise have provided no response to the point made during and after the August 15, 2023 meet and confer that standing is simply not something that the Parties could in any event agree upon or stipulate to.

13. Third, Class Counsel were unable to identify the Settlement Class Members who received faxes through online fax services and agreed and acknowledged that at this juncture, the only possible way to determine who those Settlement Class Members are would be to inspect the stand-alone fax machines or other devices on which the faxes were allegedly received in 2009 and 2010.  See also Aug. 15, 2023 Email fr. G. Slater to G. Hara, Ex. 7.  Given that the faxes were allegedly sent over thirteen years ago, however, Class Counsel agreed that this would not be feasible and, most importantly, further agreed that physical inspection of each machine or device on which a fax to a Settlement Class Member was allegedly received would be the only way to make this determination.  See also id.

14. BTL has repeatedly attempted to follow up with Class Counsel regarding these issues without receiving a substantive response and was recently compelled to remind Class Counsel that the meet and confer process regarding Article III began in July, but that they had not responded to long-standing requests from BTL on open issues regarding Article III.  See Oct. 16, 2023 Emails btwn M. Mester and G. Hara, Ex. 9.  In spite of that reminder, however, Class Counsel still have not done so.

4

5

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on December 14, 2023 in Chicago, Illinois.

*/s/ Robert C. Collins III*
Robert C. Collins III

5