UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CIN-Q AUTOMOBILE, INC., and
MEDICAL & CHIROPRACTIC CLINIC
INC., Florida corporations, individually and
As the representative of a class of
similarly-situated persons,

    Plaintiffs,
v.

                         Case No.: 8:13-cv-1592-17AEP

BUCCANEERS LIMITED PARTNERSHIP
And JOHN DOES 1-10,

    Defendants.
_____/

## POTENTIAL CLASS MEMBER, ASTRO COMPANIES, LLC'S, MOTION TO OPT OUT OF PROPOSED CLASS SETTLEMENT

Potential Class Member, Astro Companies, LLC ("Astro"), by and through its undesigned counsel and pursuant to Fed. R. Civ. P. Rule 23, hereby files its Motion to Opt Out of Proposed Class Settlement and in support of the foregoing states as follows:

1. **Introduction.** The Court should allow Astro to opt out of the proposed class settlement in the above captioned matter as (the "Proposed Class Settlement"), with respect to Astro, the Proposed Class Settlement is unfair, unreasonable, and inadequate.

2. **Statement of Facts.** Between July 14, 2009 and June 9, 2010, BTL successfully faxed 343,122 advertisements for group tickets to Buccaneers football games to 131,011 unique fax numbers. Biggerstaff Report, ¶¶ 1, 23, Exs. 2, 3, 6, 7. BTL sent three different fax ads. *Id.* BTL hired 127 High Street to broadcast the first ad on July 14, 15, and 16, 2009, and the data for these were found on a hard drive obtained from 127 High Street. *Id.* ¶¶ 9, 17-22, Ex 6. Later, BTL hired Rocket Messaging to broadcast two different fax ads, the first between August 17, 2009 and August 20, 2009, and the second between May 24, 2010 and June 9, 2010. *Id.*, ¶¶ 13-16, Ex. 3. Rocket Messaging produced fax logs detailing its fax broadcasts for BTL. *Id.* Only about half of the unique fax numbers in the 127 High Street records and Rocket Messaging records were the same. *Id*, ¶¶ 73-74.

Many of the foregoing faxes went to approximately 869 facsimile numbers owned by Astro. These unsolicited faxes tied up Astro's resources and needlessly hampered its business resources by clogging its lines with BTL'S spam faxes. Upon receiving notice of the Proposed Class Settlement, Astro timely filed its Proof of Claim for each of these approximately 869 facsimile numbers based on its understanding of the clear language within the proposed agreement wherein Astro was to receive a fixed sum for **each** of the fax messages received from BTL on **each** of its facsimile numbers during the subject period.

4589417v1

Astro's belief was reasonable as the Court's record at that time reflected that fact that the claims would be broken down and paid on a "per unique fax number" basis "up to $615 per fax number." [Doc. 329, Page 4]. It was not until seven months after submitting its Proof of Claim, that Astro learned that the Proposed Class Settlement would be interpreted as capping Astro's total settlement for the thousands of faxes it received from BTL at $615.00 [Doc. 475, Page 7]. This was well after the standard deadline for opting out of the settlement and would lead to an unfair, unreasonable, and inadequate result for Astro.

## MEMORANDUM OF LAW

Claimant should be permitted to opt out of the Proposed Class Settlement as its terms would be unfair, unreasonable, and inadequate as applied to Claimant's unique situation. The Court has explained that class actions are appropriate when there is "the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 131 S. Ct. 2541, 2551 (2011). Perhaps recognizing that the failure to reach such common answers may not arise until the eve of resolution, the Committee Notes on Rules – 2003 Amendment for Fed. R. Civ. P. Rule 23 explains that "after settlement terms are known …." the court can afford class members with a new opportunity to request exclusion from the class.

3

4589417v1

As explained above, Astro is electing to opt out of the Proposed Class Settlement now that its terms have been interpreted and revealed to Astro. More specifically, Astro has learned that its claims would not in fact be broken down and paid on a "per unique fax number" basis "up to $615 per fax number" as was indicated in the record [Doc. 329, Page 4]. Rather its Million-Dollar recovery would instead result in a payment of $615.00 in total.

Allowing Astro to opt out is the only way to ensure that the Proposed Class Settlement achieves the goal of answering the common question of how to equitably and fairly resolve this matter for the majority of the proposed class without prejudicing Astro's rights under the applicable statute. Stated another way, Astro is particularly dissimilar to other class members, and it should therefore not be included in the Proposed Class Settlement. BTL has recognized that Astro is dissimilar to other class members and appears to take the position that Astro is not a valid class member through its objection to the very claim from which Astro is now seeking to opt out.

The difference is that the majority of the class appear to have received a limited number of facsimile transmissions from BTL. The Proposed Class Settlement appears to have taken this into account by employing a tiered recovery system. Unlike most, or perhaps all other, potential class members, Astro received not just a few facsimile transmissions, but instead received thousands of these spam

facsimile transmissions from BTL during the subject time period. These spam facsimile transmissions were not merely an annoyance for Astro but resulted in a substantial impact to its business operations which relied upon its facsimile lines.

When Astro received notice of the Proposed Class Settlement, it elected to submit a claim form based on the clear language of that notice leading Astro to believe that it would receive up to $615.00 per affected facsimile line. While this amount is less than it would receive had it litigated on its own, Astro elected to submit its claim as the $615.00 cap, when multiplied by the number of affected facsimile lines, would net a recovery high enough to offset some of the damage that it suffered as a result of BTL'S spam faxes.

The capping of Astro's recovery at a total $615.00, rather than up to $615.00 per affected facsimile line up, means that Astro would recover mere pennies for each of the thousands of spam faxes it received. This recovery likely would not even cover the operational and material costs that was utilized by Astro when it received the thousands of spam facsimile transmissions. Certainly the $615.00 does nothing to offset for the business harm caused to Astro through BTL'S tying up Astro's fax lines with the spam faxes.

Comparatively, the Proposed Class Settlement seems reasonably well designed to resolve and answer the common question of fair recovery for most class members. For instance, a class member who received five (5) spam faxes would

recover an average of $123.00 per offending fax. Allowing a class member who received 5 faxes to receive $123 per fax while a company like Astro who received thousands of faxes to only receive pennies per fax highlights the unfairness, unreasonableness, and inadequacy of Astro's recovery if it is not allowed to opt out of the Proposed Class Settlement.

WHEREFORE Astro respectfully requests that it be excluded from the Proposed Class Settlement and instead be allowed to pursue its own individual remedy for the harm that it has suffered.

## Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01, counsel for Astro certifies that he has contacted counsel for Defendants and Class Counsel via telephone conference call. Counsel for Defendants opposes this motion and Class Counsel takes no position on this motion.

/s/ Daniel P. VanEtten
Daniel P. VanEtten, Esquire
FBN: 0126227
Primary email:
dvanetten@blalockwalters.com
Secondary email:
eservice@blalockwalters.com
Blalock Walters, P.A.
802 11th Street West
Bradenton, Florida 34205
941.748.0100 - Office

4589417v1

941.745.2093 - Facsimile<br>
Attorneys for Astro Companies, LLC

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 22 day of December, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which served all relevant parties.

_____
Daniel P. VanEtten, Esquire
FBN: 126227
Primary Email:
dvanetten@blalockwalters.com
Secondary Email:
eservice@blalockwalters.com
Blalock Walters, P.A.
802 11th Street West
Bradenton, Florida  34205
Telephone:  941.748.0100
Facsimile:   941.745.2093

4589417v1