UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| CIN-Q AUTOMOBILES, INC., et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>BUCCANEERS LIMITED PARTNERSHIP and JOHN DOES 1-10,<br><br>　　　　　　　Defendants,<br><br>TECHNOLOGY TRAINING ASSOCIATES, INC., et al.,<br><br>　　　　　　　Intervenors. | Case No. 8:13-cv-01592-AEP<br><br>Magistrate Judge<br>Anthony E. Porcelli |

**BTL'S NOTICE OF ADDITIONAL CLAIMS UNDER EVALUATION BY THE SETTLEMENT ADMINISTRATOR AND BY THE PARTIES**

In anticipation of the January 4, 2024 hearing in this matter, Defendant Buccaneers Team LLC ("BTL") submits this notice of additional claims under evaluation by the Settlement Administrator and by the Parties. In support of this notice, BTL states as follows:

1. On November 3, 2023, the Settlement Administrator transmitted its Final Claims Report. See Final Claims Rpt. (Dkt. 490-20).[1]

2. The objections of the Parties to any of the Settlement Administrator's determinations in the Final Claims Report were due on December 8, 2023. See Order (Dkt. 479) § 1.c. Class Counsel filed their statement of disputed claims on December 8, 2023. See Pls.' Statement of Disputed Claims (Dkt. 487).

---

[1] Capitalized terms have the meaning ascribed to them in the Settlement Agreement filed with Plaintiffs' motion for preliminary approval. See Settlement Agt. (Dkt. 324-1).

3.  On December 28, 2023 and nearly three weeks <u>after</u> the deadline to object to claims, the Settlement Administrator emailed the Parties to inform them that Class Counsel had recently brought to the attention of the Settlement Administrator that certain telephone numbers appeared on more than one Claim Form tentatively accepted for payment by the Settlement Administrator. <u>See</u> Dec. 28, 2023 Email fr. O. Castillejos, Ex. 1 hereto.

4.  The Settlement Administrator further informed the Parties on December 28, 2023 that a Defect Notice was sent with respect to 18 claims, because the telephone number listed on the Claim Form for those claims did not match <u>any</u> number on the Biggerstaff list. <u>See</u> Dec. 28, 2023 Email fr. O. Castillejos, Ex. 1. These claimants, in turn, responded to the Defect Notices by providing telephone numbers that did match a number on the Biggerstaff List, but which had already been listed on another claimant's Claim Form.[2] <u>See</u> <u>id.</u>

5.  The Settlement Administrator also indicated for the first time on December 28, 2023 that after additional review requested by Class Counsel, five claimants submitted documentation in response to Requests for Additional Information that was duplicative of documentation submitted by another claimant. <u>See</u> Dec. 28, 2023 Email fr. O. Castillejos, Ex. 1.[3]

---

[2] For similar situations (<u>i.e.</u>, when two claimants listed the same number on a Claim Form), the Settlement Administrator had mailed Requests for Additional Information to <u>both</u> claimants requesting proof of ownership of the telephone number. <u>See</u> Dec. 28, 2023 Email fr. O. Castillejos, Ex. 1. Due to the belated timing of the notification by the Settlement Administrator of these issues, however, the Settlement Administrator has not yet mailed a Request for Additional Information to these 18 claimants. <u>See</u> <u>id.</u>

[3] The Settlement Administrator later clarified that of the five claimants, two claimants (<u>i.e.</u>, the claimants identified in Tracking Nos. 66935 and 66936) submitted matching documentation and three claimants (<u>i.e.</u>, the claimants identified in Tracking Nos. 34126, 34127 and 34129) submitted different matching documentation, and only two of the claims

6. Finally, the Settlement Administrator indicated that two claimants responded to Requests for Additional Information by providing documentation the Settlement Administrator considered sufficient to demonstrate ownership of the telephone number and recommended that the payout be split between the claimants. See Dec. 28, 2023 Email fr. O. Castillejos, Ex. 1.

7. The foregoing issues were just recently made known to BTL (despite the fact that it appears that Class Counsel have been communicating for some time with the Settlement Administrator regarding these issues before they were brought to BTL's attention). Indeed, BTL did not receive this information nor was it even aware of the situation until the shortened week between two holidays and the very day before BTL was filing two additional submissions with the Court, including its response to Plaintiffs' original statement of disputed claims. See BTL's Dec. 29, 2023 Response to Pls.' Statement of Disputed Claims (Dkt. 510).

8. BTL has not yet had time to examine each of these issues, and the Settlement Administrator has not proposed a definitive plan for several of the issues, including telephone numbers for which multiple claims are being made. See Jan. 2, 2024 Email fr. O. Castillejos, Ex. 2. Moreover, BTL had some follow-up questions for the Settlement Administrator that it forwarded yesterday after receiving a partial "explanation" from the Settlement Administrator yesterday evening. See Jan. 2, 2024 Email fr. R. Collins, Ex. 3 hereto. The Settlement Administrator's responses, however, raise additional questions that BTL must evaluate. See Jan. 3, 2024 Email fr. O. Castillejos, Ex. 4 hereto.

---

should be accepted, while three should be denied as duplicates. See Jan. 2, 2024 Email fr. O. Castillejos, Ex. 2 hereto.

9. BTL nonetheless wanted to raise these issues with the Court as additional issues that the Parties must address, but which continue to demonstrate that the Claims Process has been beset by never-ending complications, inaccuracies and fraud ultimately due in substantial part to a lack of ascertainability.

WHEREFORE, BTL respectfully informs the Court of these additional issues apparently raised by Class Counsel after the deadline to object to claims, and BTL respectfully reserves its rights to challenge the validity of any and all of these claims once it has had a chance to fully review and assess all available information.

Date:  January 3, 2024

Respectfully submitted,

*/s/ Robert C. Collins III*
Robert C. Collins III, One of the Attorneys for Defendant Buccaneers Team LLC

Mark S. Mester
  (admitted *pro hac vice*)
Robert C. Collins III
  (admitted *pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Avenue
Suite 2800
Chicago, Illinois 60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767
E-mail:  mark.mester@lw.com
       robert.collins@lw.com

Joseph H. Varner, III
  (Bar No. 394904)
HOLLAND & KNIGHT LLP
100 North Tampa Street, Suite 4100
Tampa, Florida 33602-3644
Telephone:  (813) 227-8500
Facsimile:  (813) 229-0134
Email:  joe.varner@hklaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which served all relevant parties.

Date:  January 3, 2024

*/s/ Robert C. Collins III*
Robert C. Collins III
  (admitted *pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767
E-mail:  robert.collins@lw.com