# EXHIBIT 3

| | |
|---|---|
| **From:** | Collins, Robert (CH) |
| **Sent:** | Tuesday, January 2, 2024 6:09 PM |
| **To:** | Castillejos, Orlando; ross@loftusandeisenberg.com; ghara@andersonwanca.com; m@mcalaw.net; Mester, Mark (CH); Thomas, Joseph (CH) |
| **Cc:** | Diego, Juana; Bithell, Richard; Amin-Giwner, Stephanie |
| **Subject:** | RE: Cin-Q v. BTL |

Orlando –

Thank you for your response.  We are still digesting the information, but in the interim, we do have the three additional questions that are below in green font.

Thank you,
Robbie

**Robert C. Collins III**
Pronouns: He/Him/His

**LATHAM & WATKINS** LLP
330 North Wabash Avenue, Suite 2800 | Chicago, IL 60611
D: +1.312.876.6566 | M: +1.219.789.3376

---

**From:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>
**Sent:** Tuesday, January 2, 2024 4:26 PM
**To:** Collins, Robert (CH) <Robert.Collins@lw.com>; ross@loftusandeisenberg.com; ghara@andersonwanca.com; m@mcalaw.net; Mester, Mark (CH) <mark.mester@lw.com>; Thomas, Joseph (CH) <Joseph.Thomas@lw.com>
**Cc:** Diego, Juana <jdiego@epiqglobal.com>; Bithell, Richard <rbit@epiqglobal.com>; Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** RE: Cin-Q v. BTL

Robbie, I wanted to confirm that we have not had any discussions with Class Counsel on these claims. Please see responses to the questions below. Thank you, Orlando

**Orlando Castillejos**
Epiq | Project Manager
Mobile:  +1 502 931 0892
Email:  orlando.castillejos@epiqglobal.com

**People. Partnership. Performance.**
www.epiqglobal.com

---

**From:** Robert.Collins@lw.com <Robert.Collins@lw.com>
**Sent:** Sunday, December 31, 2023 2:44 AM
**To:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>; ross@loftusandeisenberg.com; ghara@andersonwanca.com; m@mcalaw.net; mark.mester@lw.com; Joseph.Thomas@lw.com
**Cc:** Diego, Juana <jdiego@epiqglobal.com>; Bithell, Richard <rbit@epiqglobal.com>; Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>; Robert.Collins@lw.com
**Subject:** RE: Cin-Q v. BTL

**CAUTION:** This email originated from outside of Epiq. Do not click links or open attachments unless you recognize the sender and know the content is safe. Report phishing by using the "Phish Alert Report" button above.

Orlando –

Thank you for bringing these issues to our attention, as we have not been privy to your discussions with Class Counsel about these claims and issues.  Based on your summary below, we would appreciate your responses to the following questions no later than noon ET on Tuesday, January 2, 2024, so that we can better assess your email before the hearing before the Court on January 4, 2024:

1. Please answer the following questions for the 18 claims where you state that the claim form did not identify a number on the Biggerstaff list, the claimant then identified a new number in response to a defect letter that was on the Biggerstaff list, and that number was already on another claim form:
    a. What is Epiq's proposed course of action?  We do not see any proposal in your email. There are several options. We can deny the claims or we can send a letter to the claims asking them to provide documentary support for ownership of the claimed fax number.
    b. Why wouldn't the 18 claims be denied on the basis that they failed to identify a valid number by the claim deadline?  The defect letter was intended to allow the claimant to justify the claim for the number he or she listed on the claim form, which they did not do, not to provide an opportunity to submit a claim for an entirely different number after the claim deadline. Per the defect letter, claimants were directed to provide "a corrected fax number(s) that received one or more facsimile advertisements relating to tickets for Tampa Bay Buccaneers games between July 14, 2009, and June 9, 2010."
    c. How many already-approved claims does this situation implicate in terms of these 18 claims now duplicating other claims that have been approved?  Please identify those claims. The 18 claims whose tracking numbers I included in my December 28 email.  The 18 claims were originally defected and subsequently moved to the approved list, at which point they were found to duplicate claims already on the approved list.  If that is right, shouldn't there be 36 claims that are affected (i.e., the 18 plus the ones they duplicate)?
    d. For the claims identified in (c) above, we assume Epiq's position is that those can no longer simply be approved.  Are you proposing that they now be denied, or that they be sent letters asking for proof of ownership? If the parties or the Court don't agree with the claims being eligible then we can do either of the options in 1.a.

2. For your description of the 5 claims in the second paragraph of your email, it is not clear what you are trying to say.  What are the "5 claims" for which you "found the documentation to be identical" and how did that lead to your conclusion that "3 claims should be denied as duplicates," rather than all 5.  Moreover, which 3 claims are you proposing to deny, and are you intending to propose approval of the other 2? Based on an additional review, TN 69936 is a duplicate of 69935 and TN'S 34126 and 34127 are duplicates of TN 34129.  Does this mean that all 5 claims should be denied as duplicates, not just 3 claims?

3. For the 2 claims, TN: 82950 and TN: 82951:
    a. Please provide the "distinct documentation demonstrating ownership." The documentation is being sent securely.
    b. When did these two claimants provide this documentation? Each claimant provided a business card with the fax number listed when they responded to the Additional Information Letter.
    c. Were these two claimants not on Epiq's original list of approved claims, and if not, why not? They were on the list.
    d. What led Epiq to reconsider these claims?  Epiq did not reconsider the eligibility of these claims.
    e. What do you mean when you say the "total award is recommended to be evenly distributed to the claims claimed for payment"? The total eligible award for the valid fax number is $350. We recommend the $350 be evenly split so that TN 82950 receives $175 and TN 82951 receives $175.  The fax number is

not entitled to payment; only a claimant is entitled to a payment for a fax.  Why would payment for a single fax be divided between two different claimants?

Thank you,
Robbie

**Robert C. Collins III**
Pronouns: He/Him/His

**LATHAM & WATKINS** LLP
330 North Wabash Avenue, Suite 2800 | Chicago, IL 60611
D: +1.312.876.6566 | M: +1.219.789.3376

---

**From:** Castillejos, Orlando <Orlando.Castillejos@epiqglobal.com>
**Sent:** Thursday, December 28, 2023 4:10 PM
**To:** Ross Good <ross@loftusandeisenberg.com>; Glenn Hara <ghara@andersonwanca.com>; Michael Addison <m@mcalaw.net>; Collins, Robert (CH) <Robert.Collins@lw.com>; Mester, Mark (CH) <mark.mester@lw.com>; Thomas, Joseph (CH) <Joseph.Thomas@lw.com>
**Cc:** Diego, Juana <jdiego@epiqglobal.com>; Bithell, Richard <rbit@epiqglobal.com>; Amin-Giwner, Stephanie <stephanie.Amin-Giwner@epiqglobal.com>
**Subject:** Cin-Q v. BTL

All,

Plaintiffs' Counsel recently brought to our attention claims where fax numbers appeared in more than one tracking number on the Eligible tab of the Final Claim Detail & Award Calculation report.

We looked into this and found that there were 18 claims where the claim initially received a defect letter because the fax number on the claim form did not match to the class list.  In response to the defect letter, the claimant provided a fax number that was included on the class list and the claim was included on the eligible tab.  Upon further review, these claims listed below do claim for a fax number in another claim.  For other claims in this situation, letters were sent to both claims asking for proof of ownership – but that was not done here because of the timing.  The tracking numbers for these claims are below:

TN: 78568
TN: 93646
TN: 36433
TN: 36435
TN: 41949
TN: 41951
TN: 71663
TN: 71664
TN: 28519
TN: 28522
TN: 58695
TN: 58696
TN: 59890
TN: 59891
TN: 177147
TN: 177146
TN: 28176
TN: 30849

There are 5 claims that received a defect letter because the fax number was present on multiple claims.  These claimants provided documentation to substantiate ownership of the fax number and these claims were included on the eligible.  In response to the questions by Plaintiffs' counsel we re-reviewed the documentation and for 5 claims found the documentation to be identical and therefore 3 claims should be denied as duplicates.  These tracking numbers are listed below

TN: 69935
TN: 69936
TN: 34129
TN: 34126
TN: 34127

Finally there were 2 claims, TN: 82950 and TN: 82951 that in response to the defect letters provided distinct documentation demonstrating ownership.  The total award is recommended to be evenly distributed to the claims recommended for payment.

Thank you,
Orlando

**Orlando Castillejos**
Epiq | Project Manager
10300 SW Allen Blvd
Beaverton, OR 97005
Mobile:  +1 502 931 0892
Email:  orlando.castillejos@epiqglobal.com

**People. Partnership. Performance.**
www.epiqglobal.com

*This electronic mail (including any attachments) may contain information that is privileged, confidential, and/or otherwise protected from disclosure to anyone other than its intended recipient(s).  If you have received this message in error, please notify the sender immediately by reply email of the inadvertent transmission and then immediately delete the original message (including any attachments) in its entirety.*

This communication (including any attachment(s)) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication to include any copy that may reside in your sent box. Thank you for your cooperation.

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient.  Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited.  If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.