# EXHIBIT 2-A

Cin-Q Automobiles, Inc., et al. v. BTL
Case No. 8:13-cv-01592-AEP (M.D. Fla.)

Excerpts from
**In the Matter of Westfax, Inc. Petition for Consideration And Clarification,**
2015 WL 5120080 (F.C.C. Aug. 28, 2015)

> Efaxes differ from other faxes in that the intended recipient, instead of using a fax machine to receive incoming faxes, uses equipment or a service that converts the incoming fax into a format that can be and is emailed to the recipient.

Westfax ¶ 1 n.1.

> Westfax provides a fax broadcasting service that transmits messages to fax machines or fax servers on another entity's behalf. It also provides an efax service.

Westfax ¶ 4 (footnotes omitted).

> The Commission's rules define "telephone facsimile machine" to mean "equipment which has the capacity to transcribe text or images, or both, from paper into an electronic signal and to transmit that signal over a regular telephone line, or to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper."

Westfax ¶ 8 (footnote omitted).

> Westfax correctly notes, in this regard, that the Commission's finding in the *2003 TCPA Order* that faxes sent to computers with attached fax servers or modems is accompanied by the statement that faxes "sent as an email over the Internet" are not subject to TCPA and the rules. Westfax's concern appears to be that the conversion of the fax to email *after* it is sent removes it from the TCPA's reach. That is not the case. The TCPA applies to a fax that is sent as a fax over a telephone line to a device that meets the statutory definition of "telephone facsimile machine," which, as discussed above, is the case here. . . . [31]

. . .

> [31] We note that commercial email is subject to the CAN-SPAM Act, although we make no finding on how that might apply to "efaxes" here. Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003, *Pub. L. No. 108-187, 117 Stat. 2699, codified at 15 U.S.C. § 7701-7713, 18 U.S.C. § 1037* and *28 U.S.C. § 994*.

. . .

> ==Westfax raises no questions regarding a document sent as an email over the Internet.==

Westfax ¶ 10 (emphasis in original) (footnote omitted).

> ==We next clarify that it is the consumer to whom the content of a fax or efax is directed that is the "recipient" under the TCPA.== Westfax asks whether the recipient is the company with the fax server that converts the fax into an email. ==The Commission's rules and orders make clear that the ""recipient" of a fax is the consumer for whom the fax's content is intended== and to whom the fax's content is sent by dialing that consumer's fax number. ==The TCPA and the Commission's rules are designed to protect consumers for whom unwanted faxes represent annoyance and wasted resources. Entities that convert faxes to email are not "recipients" of such faxes under the TCPA because they are not the intended audience for the fax.== Instead, based upon the description of Westfax's own FaxForward service, such entities provide a service to the recipient that requires them to become part of the communications pathway between the sender and the recipient. Thus, while they expect to be part of the fax communication, they are neither the intended recipient nor the ultimate recipient of the document sent as a fax any more than would be the telephone company providing a telephone line to a consumer's traditional fax machine.

Westfax ¶ 12 (footnotes omitted).