# EXHIBIT 5

Cin-Q Automobiles, Inc., et al. v. BTL
Case No. 8:13-cv-01592-AEP (M.D. Fla.)

**Faxes Sent As Emails Over The Internet**
**Excerpts From 2003 Order, <u>Westfax</u>, <u>Amerifactors</u> And <u>Ryerson</u>**

### A.   The 2003 Order

We emphasize that any rules the Commission adopts with respect to unsolicited facsimile advertisements would not extend to facsimile messages transmitted as email over the Internet. See definition of telephone facsimile machine at *47 U.S.C. § 227(a)(2)*.

2003 Order, 2003 WL 21517853, ¶ 199 n.736 (F.C.C. July 3, 2003) (emphasis added).

[W]e clarify that the prohibition does not extend to facsimile messages sent as email over the Internet.

2003 Order ¶ 200.

### B.   <u>Westfax</u>

Westfax correctly notes, in this regard, that the Commission's finding in the *2003 TCPA Order* that faxes sent to computers with attached fax servers or modems is accompanied by the statement that faxes "sent as an email over the Internet" are not subject to TCPA and the rules.

. . .

By contrast, a fax *sent as an email* over the Internet — *e.g.*, a fax attached to an email message or a fax whose content has been pasted into an email message — is not subject to the TCPA.

<u>In re Westfax</u>, 2015 WL 5120880, ¶ 10 (F.C.C. Aug. 28, 2015).

### C.   <u>Amerifactors</u>

In relevant part, a ""telephone facsimile machine" is defined as "equipment which has the capacity . . . to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper." Construing these terms in 2003, the Commission has made clear that the prohibition does not extend to facsimile messages "sent as email over the Internet."

<u>In re Amerifactors</u>, 2019 WL 6712128, ¶ 1 (F.C.C. Dec. 9, 2019).

> In 2003, the Commission made clear that the TCPA's prohibition does not extend to facsimile messages "sent as email over the Internet."

Amerifactors ¶ 5.

> Under our precedent, faxes "sent as email over the Internet" are not subject to the TCPA. Faxes sent to online fax services via an attachment that the consumer can delete without printing are effectively the same as "email sent over the Internet." Consumers can manage those messages the same way they manage email by blocking senders or deleting incoming messages without printing them. We also understand that an online fax service cannot itself print a fax— the user of an online fax service must connect his or her own equipment in order to do so. As such, an online fax service is plainly not "equipment which has the capacity . . . to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper." Accordingly, under the plain terms of the Act, an online fax service is not a "telephone facsimile machine" and a fax sent to one is not "an unsolicited facsimile advertisement" prohibited by the TCPA.

Amerifactors ¶ 11.

### D.  Ryerson

> Construing these terms in 2003, the Commission made clear that the prohibition does not extend to facsimile messages "sent as email over the Internet."

In re Ryerson, 2020 WL 5362216, ¶ 1 (F.C.C. Sept. 4, 2020).

> In 2003, the Commission made clear that the TCPA's prohibition does not extend to facsimile messages "sent as email over the Internet." The Bureau reiterated this finding in the *Westfax Declaratory Ruling*, finding that "a fax *sent as an email* over the Internet—*e.g.*, a fax attached to an email message or a fax whose content has been pasted into an email message—is not subject to the TCPA." The Bureau held [in Westfax] that "[t]he TCPA applies to a fax that is sent as a fax over a telephone line to a device that meets the statutory definition of 'telephone facsimile machine,'" and found also that the "efaxes" at issue in the *Westfax Declaratory Ruling* were received by equipment that had "the capacity to 'transcribe text or images (or both) from an electronic signal received over a telephone line onto paper'" and thus met that statutory definition. The *Westfax Declaratory Ruling* held that the TCPA applies only when the document in question begins as a fax, not to one that is initially sent as an email.

Ryerson ¶ 6.

> We recognize that the Commission stated in the *2003 TCPA Order* that when the receiving equipment can transcribe a fax onto paper, it would remain within the scope of the TCPA. That was not the case here, however, as the cloud-based service received the document and it is not equipment that can transcribe a fax onto paper. Connector had the option to manage its Office@Hand account and handle the incoming document in the same way as an email. ==Further, we reiterate that transmissions that are effectively email do not implicate the consumer harms Congress sought to address in the TCPA, such as tying up phone/fax lines and the unnecessary use of paper and toner/ink from automatic printing.==

<u>Ryerson</u> ¶ 15.