# EXHIBIT 2

Cin-Q Automobiles, Inc., et al. v. BTL
Case No. 8:13-cv-01592-AEP (M.D. Fla.)

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| CIN-Q AUTOMOBILES, INC., et al.,<br><br>    Plaintiffs,<br><br> v.<br><br>BUCCANEERS LIMITED PARTNERSHIP and JOHN DOES 1-10,<br><br>    Defendants,<br><br>_____<br><br>TECHNOLOGY TRAINING ASSOCIATES, INC., et al.,<br><br>    Intervenors. | Case No. 8:13-cv-01592-AEP<br><br>Magistrate Judge<br>Anthony E. Porcelli |

**EXHIBIT 2 TO**
**BTL'S REPLY TO PLAINTIFFS' MARCH 21, 2024 SUBMISSION**

                                 **Page**

I.  CASES AND AUTHORITIES SUPPORTING BTL'S POSITION ..............1

   A.  Finality Of <u>Amerifactors</u> And <u>Ryerson</u>..................................................1

   B.  Receiving Faxes Via Emails Or Logging In To A Server Does Not Satisfy Article III................................................................................1

   C.  Decisions According <u>Chevron</u> Deference To <u>Amerifactors</u> ..................1

   D.  Class Treatment Is Not Warranted For Individuals Who Received Faxes From An Online Fax Service Or Where It Cannot Be Determined How Putative Class Members Received Faxes.......................................................................................................2

   E.  Concluding <u>Amerifactors</u> Should Be Applied Retroactively................4

**Page**

II. CASES AND AUTHORITIES SUPPORTING PLAINTIFFS' POSITION .................................................................................................................5

    A. Lyngaas v. Curaden AG, 992 F.3d 412 (6th Cir. 2021).........................5

    B. Mussat v. IQVIA Inc., 2020 WL 5994468 (N.D. Ill. Oct. 9, 2020).........................................................................................................7

    C. Ambassador Animal Hospital, Ltd. v. Hill's Pet Nutrition, Inc., 2021 WL 3043422 (N.D. Ill. Feb. 17, 2021).........................................8

    D. Levine Hat Co. v. Innate Intelligence, LLC, 2022 WL 1044880 (E.D. Mo. Apr. 7, 2022) .........................................................................8

## I. CASES AND AUTHORITIES SUPPORTING BTL'S POSITION

### A. Finality Of <u>Amerifactors</u> And <u>Ryerson</u>

1. <u>True Health Chiropractic Inc. v. McKesson Corporation</u>,
   2020 WL 7664484 (N.D. Cal. Dec. 24, 2020)

2. <u>Career Counseling, Inc. v. Amerifactors Financial Group, LLC</u>,
   2021 WL 3022677 (D.S.C. July 16, 2021)

3. <u>Jeffrey Katz Chiropratic, Inc. v. Diamond Respiratory Care, Inc.</u>,
   340 F.R.D. 383 (N.D. Cal. 2021)

4. <u>True Health Chiropractic Inc. v. McKesson Corporation</u>,
   2023 WL 7015279 (9th Cir. Oct. 25, 2023)

5. Pet. for Reh'g or Reh'g <u>En Banc</u> (Dkt. 52-1), <u>True Health v. McKesson</u>, Appeal Nos. 22-15710, 22-15732 (9th Cir., filed Nov. 22, 2023)

### B. Receiving Faxes Via Emails Or Logging In To A Server Does Not Satisfy Article III

1. <u>Daisy, Inc. v. Mobile Mini, Inc.</u>,
   489 F. Supp. 3d 1287 (M.D. Fla. 2020)

2. <u>Scoma Chiropractic, P.A. v. Dental Equities, LLC</u>,
   2021 WL 6105590 (M.D. Fla. Dec. 23, 2021)

3. <u>Scoma Chiropractic, P.A. v. National Spine & Pain Centers LLC</u>,
   2022 WL 16695130 (M.D. Fla. Nov. 3, 2022)

4. <u>Career Counseling, Inc. v. Amerifactors Financial Group, LLC</u>,
   91 F.4th 202 (4th Cir. 2024)

### C. Decisions According <u>Chevron</u> Deference To <u>Amerifactors</u>

1. <u>Advanced Rehab and Medical, P.C. v. Amedisys Holding, LLC</u>,
   2020 WL 4937790 (W.D. Tenn. Aug. 24, 2020)

2. <u>Licari Family Chiropractic Inc. v. Eclinical Works, LLC</u>,
   2021 WL 4506405 (M.D. Fla. Jan. 11, 2021)

    3.    Scoma Chiropractic, P.A. v. Mastercard International Inc., 2021 WL 720347 (M.D. Fla. Jan. 29, 2021), vacated as moot by Cherry v. Dometic Corp., 986 F.3d 1296 (11th Cir. 2021)

    4.    Scoma Chiropractic, P.A. v. Dental Equities, LLC, 2021 WL 6105590 (M.D. Fla. Dec. 23, 2021)

    5.    Scoma Chiropractic, P.A. v. National Spine & Pain Centers LLC, 2022 WL 16695130 (M.D. Fla. Nov. 3, 2022)

    6.    Marc Irwin Sharfman, M.D. v. Infucare RX LLC, 2022 WL 18926792 (M.D. Fla. Nov. 16, 2022), R&R adopted, 2023 WL 2624754 (M.D. Fla. Mar. 24, 2023)

**D.    Class Treatment Is Not Warranted For Individuals Who Received Faxes From An Online Fax Service Or Where It Cannot Be Determined How Putative Class Members Received Faxes**

    1.    Advanced Rehab and Medical, P.C. v. Amedisys Holding, LLC, 2020 WL 4937790 (W.D. Tenn. Aug. 24, 2020)[1]

    2.    Scoma Chiropractic, P.A. v. Mastercard International Inc., 2021 WL 720347 (M.D. Fla. Jan. 29, 2021), vacated as moot by Cherry v. Dometic Corp., 986 F.3d 1296 (11th Cir. 2021)[2]

    3.    Career Counseling, Inc. v. Amerifactors Financial Group, LLC, 2021 WL 3022677 (D.S.C. July 16, 2021)[3]

---

[1] The Wanca firm was counsel of record in Advanced Rehab. See Docket, Advanced Rehab and Medical, P.C. v. Amedisys Holding, LLC, No. 1:17-cv-01149 (W.D. Tenn.); Advanced Rehab, 2020 WL 4937790, *1.

[2] The Wanca firm was counsel of record in Mastercard International. See Docket, Scoma Chiropractic, P.A. v. Mastercard International Inc., No. 2:16-cv-00041 (M.D. Fla.); Mastercard Int'l, 2021 WL 720347, *1.

[3] The Wanca firm was counsel of record in Career Counseling. See Docket, Career Counseling, Inc. v. Amerifactors Financial Group, LLC, No. 3:16-cv-03013 (D.S.C.); Career Counseling, 2021 WL 3022677, *1.

4. <u>True Health Chiropractic Inc. v. McKesson Corporation</u>,
   2021 WL 4818945 (N.D. Cal. Oct. 15, 2021)[4]

5. <u>Jeffrey Katz Chiropratic, Inc. v. Diamond Respiratory Care, Inc.</u>,
   340 F.R.D. 383 (N.D. Cal. 2021)

6. <u>Scoma Chiropractic, P.A. v. Dental Equities, LLC</u>,
   2021 WL 6105590 (M.D. Fla. Dec. 23, 2021)[5]

7. <u>Scoma Chiropractic, P.A. v. National Spine & Pain Centers LLC</u>,
   2022 WL 16695130 (M.D. Fla. Nov. 3, 2022)[6]

8. <u>Marc Irwin Sharfman, M.D. v. Infucare RX LLC</u>,
   2022 WL 18926792 (M.D. Fla. Nov. 16, 2022),
   <u>R&R adopted</u>, 2023 WL 2624754 (M.D. Fla. Mar. 24, 2023)[7]

9. <u>True Health Chiropractic Inc. v. McKesson Corporation</u>,
   2023 WL 7015279 (9th Cir. Oct. 25, 2023)[8]

10. <u>Career Counseling, Inc. v. Amerifactors Financial Group, LLC</u>,
    91 F.4th 202 (4th Cir. 2024)[9]

---

[4] The Wanca firm was counsel of record in <u>True Health</u>. <u>See</u> Docket, <u>True Health Chiropractic Inc. v. McKesson Corporation</u>, No. 4:13-cv-02219 (N.D. Cal.); <u>True Health</u>, 2021 WL 4818945, *1.

[5] The Wanca firm was counsel of record in <u>Dental Equities</u>. <u>See</u> Docket, <u>Scoma Chiropractic, P.A. v. Dental Equities, LLC</u>, No. 2:16-cv-00041 (M.D. Fla.); <u>Dental Equities</u>, 2021 WL 6105590, *1.

[6] The Wanca firm was counsel of record in <u>National Spine</u>. <u>See</u> Docket, <u>Scoma Chiropractic, P.A. v. National Spine & Pain Centers LLC</u>, No. 2:20-cv-00430 (M.D. Fla.); <u>Nat'l Spine</u>, 2022 WL 16695130, *1.

[7] The Wanca firm was counsel of record in <u>Sharfman</u>. <u>See</u> Docket, <u>Marc Irwin Sharfman, M.D. v. Infucare RX LLC</u>, No. 6:21-cv-00525 (M.D. Fla.); <u>Sharfman</u>, 2022 WL 18926792, *1.

[8] The Wanca firm was counsel of record in <u>True Health</u>. <u>See</u> Docket, <u>True Health Chiropractic Inc. v. McKesson Corporation</u>, Appeal Nos. 22-15710, 22-15732 (9th Cir.); <u>True Health</u>, 2023 WL 7015279, *1.

[9] The Wanca firm was counsel of record in <u>Career Counseling</u>. <u>See</u> Docket, <u>Career Counseling, Inc. v. Amerifactors Financial Group, LLC</u>, Appeal Nos. 22-1119, 22-1136 (4th Cir.); <u>Career Counseling</u>, 91 F.4th at 204.

**E.     Concluding <u>Amerifactors</u> Should Be Applied Retroactively**

1. <u>Licari Family Chiropractic, Inc. v. Eclinical Works, LLC</u>, 2021 WL 4506405 (M.D. Fla. Jan. 11 2021)

2. <u>Scoma Chiropractic, P.A. v. Mastercard International, Inc.</u>, 2021 WL 720347 (M.D. Fla. Jan. 29, 2021), <u>vacated</u> <u>as</u> <u>moot</u> <u>by</u> <u>Cherry v. Dometic Corp.</u>, 986 F.3d 1296 (11th Cir. 2021)

3. <u>In re Advanced Rehab and Medical, P.C.</u>, 2021 WL 3533492 (6th Cir. Apr. 27, 2021)

4. <u>Scoma Chiropractic, P.A. v. Dental Equities, LLC</u>, 2021 WL 6105590 (M.D. Fla. Dec. 23, 2021)

## II. CASES AND AUTHORITIES SUPPORTING PLAINTIFFS' POSITION

### A. <u>Lyngaas v. Curaden AG</u>, 992 F.3d 412 (6th Cir. 2021)

1. The Majority Opinion In <u>Lyngaas</u>

   a. Although the majority opinion in <u>Lyngaas</u> relied heavily on the 2003 Order and <u>Westfax</u>, <u>Amerifactors</u> was inexplicably "<u>not</u> mentioned by <u>either</u> party," and therefore, the discussion of <u>Amerifactors</u> in <u>Lyngaas</u> is at best <u>dicta</u> and the ruling materially incomplete. See <u>Lyngaas</u> ("For the sake of completeness on this issue, we note our awareness that the Bureau issued a declaratory ruling in December 2019 that efaxes sent through an "online fax service" are not covered by the TCPA. *In re Amerifactors Fin. Group, LLC Pet. for Expedited Declaratory Ruling*, CG Docket Nos. 02-278, 05-338, 2019 WL 6712128, *1, *3 ¶¶ 2, 11 (Dec. 19, 2019). But an application for review of the Bureau's ruling is currently pending before the FCC, *see Applicant Career Counseling Services, Inc.'s Application for Review*, CG Docket Nos. 02-278, 05-338 (Jan. 8, 2020), the Amerifactors ruling is not mentioned by either party, and the ruling in any event would have no bearing on the case before us because the operative facts here took place more than three years earlier[.]").

   b. The majority opinion in <u>Lyngaas</u> purported to be based on "the plain language of the TCPA," but then proceeded to give what appeared to be <u>Chevron</u>-type deference to the 2003 Order and <u>Westfax</u>, while at the same time declining to consider <u>Amerifactors</u> (or <u>Ryerson</u>) at all in terms of how the TCPA is properly interpreted for third-party fax service providers such as online fax services. See <u>Lyngaas</u>, 992 F.3d at 425-27. <u>But</u> <u>see</u> <u>Regions Bank v. Legal Outsource</u>, 936 F.3d 1184, 1190 (11th Cir. 2019) (noting that if the plain language of statute is clear and not ambiguous, <u>Chevron</u> deference is not appropriate).

   c. The majority opinion in <u>Lyngaas</u> concluded—again apparently without input from the parties—that <u>Amerifactors</u> would have had "no bearing" on its ruling due to retroactivity concerns, but a later panel in the Sixth Circuit cast doubt on whether <u>Lyngaas</u>

5

        definitely decided the retroactivity question in light of <u>Amerifactors</u>. <u>See</u> <u>In re Advanced Rehab</u> ("Advanced Rehab also seeks permission to appeal so that we may review whether the district court erred in holding that the *Amerifactors Ruling* is entitled to deference and in failing to address whether it is retroactive. No circuit court has considered these issues, and only a few district courts have. Thus, this is unquestionably a novel and unsettled issue. Advanced Rehab asserts that our decision in *Lyngaas* holds that the *Amerifactors Ruling* is not retroactive. <u>We are not so sure</u>.").

    d.    The majority opinion in <u>Lyngaas</u> provided no other analysis of <u>Amerifactors</u> (or <u>Ryerson</u>) and offered no reasoning in terms of how serial interpretations by the FCC should be treated under <u>National Cable</u> or <u>Auer</u>, nor did the majority opinion make any effort to harmonize the 2003 Order, <u>Westfax</u>, <u>Amerifactors</u> and <u>Ryerson</u>.

2.    The Dissenting Opinion In <u>Lyngaas</u>

    a.    The dissenting opinion in <u>Lyngaas</u> provided a thorough analysis of the text of the TCPA itself.

    b.    The dissent in <u>Lyngaas</u> noted that computers are <u>included</u> in the list of <u>sending</u> devices that trigger liability under the TCPA but are omitted from the list of <u>receiving</u> devices:

> Recall that the TCPA makes it illegal to use a "telephone facsimile machine" or a "computer" to send an unsolicited advertisement "to a telephone facsimile machine." *Id. § 227(b)(1)(C)*. Congress expressly included computers alongside "telephone facsimile machine[s]" in the (broad and open-ended) list of sender devices. But it omitted computers from the list of receiver devices.

<u>Lyngaas</u>, 992 F.3d at 445.

    c.    The dissent then applied general rules of statutory interpretation in reaching its conclusion that computers are not necessarily "telephone facsimile machines" when used for the <u>receipt</u> of faxes:

6

> Given this distinction, we cannot read "telephone facsimile machine" to encompass computers without creating two interpretive problems. First, "[w]here Congress includes particular language in one section of a statute but omits it in another . . . it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."

Lyngaas, 992 F.3d at 445 (citation omitted); see also, e.g., Career Counseling, 91 F.4th at 210.

**B.   Mussat v. IQVIA Inc.,
     2020 WL 5994468 (N.D. Ill. Oct. 9, 2020)**

1. Amerifactors was raised as an issue on a motion to amend the pleadings and revise the class definition, with the court in Mussat recognizing that leave to amend "'shall be freely given when justice so requires.'" See Mussat, 2020 WL 5994468, *1.

2. The court in Mussat, however, expressly declined to address the issues before this Court:

    > The court declines to address the parties' arguments about whether, were the order final, it could have retroactive effect, or whether it would apply to the facts of this case. The court expresses no view on any potential argument related to these issues that the parties might raise in the future.

    Id. *4 (emphasis supplied).

3. Instead, the court in Mussat invited the parties to raise these issues at a later date:

    > The court need not address this issue now to conclude that IQVIA has not carried its burden of showing that the proposed amendment is futile. The parties are free to raise this issue again later as well.

    Id. (emphasis supplied).

7

C. **Ambassador Animal Hospital, Ltd. v. Hill's Pet Nutrition, Inc., 2021 WL 3043422 (N.D. Ill. Feb. 17, 2021)**

1. One page opinion, with little or no analysis.

2. Relies almost exclusively on Mussat and the "ruling" in Mussat that the fact Amerifactors was issued by the Consumer and Governmental Affairs Bureau ("CGAB") and an application for review is pending means it is "not binding." Ambassador Animal Hosp., 2021 WL 3043422, *1 (referring to a "'a subordinate unit of the FCC'").

3. Provides no analysis of Chevron, Skidmore or Auer or how rulings of the CGAB are effective upon issuance and remain in full force and effect unless and until stayed or overturned by the Commission. See id.

4. Relies on cases and authority from the Seventh Circuit and elsewhere that predate Amerifactors. See id. (citing Ira Holtzman, C.P.A. v. Turza, 728 F.3d 682 (7th Cir. 2013)).

5. Suggests that the moving party did "not substantively refute Mussat." See id. *1.

6. Incorrectly asserts that Amerifactors held that the TCPA "applies only to faxes received by traditional fax machines that print on paper, and not faxes that are received by a computer." Id. (emphasis supplied).

7. Relies on the 2003 Order vis-à-vis the proper interpretation of the statutory term "telephone facsimile machine," but makes no effort to harmonize Amerifactors and the 2003 Order.

8. Does not address the issue of capacity to print.

D. **Levine Hat Co. v. Innate Intelligence, LLC, 2022 WL 1044880 (E.D. Mo. Apr. 7, 2022)**

1. Notes conflict between Mussat and Advanced Rehab.

2. Appears to rely on "final" in terms of whether Amerifactors is ripe for judicial review. See Levine Hat, 2022 WL 1044880, *2.

3. Provides little or no analysis of the fact that Amerifactors was effective upon issuance and of full force and effect. See id.

8

4.     Ordered parties to submit additional briefing but <u>only</u> the plaintiff submitted anything. <u>See</u> <u>Levin Hat</u>, 2022 WL 1044880, *2 ("Again, <u>only</u> plaintiff responded to the Court's invitation to file further briefing."). Accordingly, the Court in <u>Levin Hat</u> was compelled to agree with plaintiff "on this record." <u>Id.</u>