# EXHIBIT 3

Cin-Q Automobiles, Inc., et al. v. BTL
Case No. 8:13-cv-01592-AEP (M.D. Fla.)

**Cases Giving Chevron or Auer Deference to Interpretations in Adjudications**

### A.  Sagarwala v. Cuccinelli, 2020 WL 2079444 (D.D.C. Apr. 30, 2020)

The Court found, and still finds, that provision was ambiguous—that is, "susceptible to more than one interpretation"—not because any of its words were unclear, but because of its obvious ill-fit with other regulatory and statutory language. *Sagarwala*, 387 F. Supp. 3d. at 66. This approach is fully consistent with *Kisor*, which explicitly requires courts to " 'carefully consider[ ]' the text, structure, history, and purpose of a regulation, in all the ways it would if it had no agency to fall back on," before concluding that a regulation is genuinely ambiguous. *Kisor*, 139 S. Ct. at 2415 (quoting *Pauley v. BethEnergy Mines, Inc.*, 501 U.S. 680, 707 (1991) (Scalia, J., dissenting)). Similarly, *Kisor* indeed cautioned that a court should only defer to an agency's " 'authoritative' or 'official position,' rather than any more ad hoc statement not reflecting the agency's view." *Id.* at 2416 (quoting *United States v. Mead Corp.*, 533 U.S. 218, 257–59, n.6 (2001) (Scalia, J., dissenting)). But USCIS's statement here, although articulated in an ordinary visa adjudication, does not appear to be *ad hoc* or unreflective of the agency's actual views; to the contrary, the decision purports to relate and apply the considered views of the agency.

Sagarwala, 2020 WL 2079444, *4.

### B.  Claiborne v. Sec'y of the Army, 2018 WL 6004661 (D. Or. Nov. 15, 2018), aff'd sub nom. Claiborne v. McCarthy, 798 Fed. App'x 128 (9th Cir. 2020)

Plaintiff asserts the Army's decision was arbitrary and capricious because the Army failed to follow its own regulations in reaching its decision to separate Plaintiff.

When an individual challenges an "agency's action as inconsistent with the agency's own policies, [the court] examines whether the agency has actually departed from its policy and, if so, whether the agency has offered a reasoned explanation for such departure." *Bahr*, 836 F.3d at 1229 (citing *Encino Motorcars, LLC v. Navarro*, 136 S. Ct. 2117, 2125–26 (2016)). Generally "[a]gencies are free to change their existing policies as long as they provide a reasoned explanation for the change." *Encino*, 136 S. Ct. at 2125. When an agency is "interpreting a binding regulation, the agency's interpretation is 'controlling' unless 'plainly erroneous or inconsistent with the regulation.'" *Bahr*, 836 F.3d at 1229 (quoting *Auer v. Robbins*, 519 U.S. 452, 461 (1997)).

Claiborne, 2018 WL 6004661, *9.

### C. City of Taunton, Massachusetts v. United States Env't Prot. Agency, 895 F.3d 120 (1st Cir. 2018)

Similarly, because interpreting and implementing the CWA falls squarely within the EPA's bailiwick, *see Adams v. EPA*, 38 F.3d 43, 49 (1st Cir. 1994), we defer to its "reasonable interpretation" of that statute, *Upper Blackstone*, 690 F.3d at 21. *See also Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) ("[I]f the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute."). Finally, the EPA enjoys greater deference still when interpreting its own regulations. *Upper Blackstone*, 690 F.3d at 21. Its interpretation of those regulations shall be "controlling unless 'plainly erroneous or inconsistent with the regulation.'" *Auer v. Robbins,* 519 U.S. 452, 461, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997) (quoting *Robertson v. Methow Valley Citizens Council*, 490 U.S. 332, 359, 109 S.Ct. 1835, 104 L.Ed.2d 351 (1989)).

City of Taunton, 895 F.3d at 126-27.

### D. Brodsky v. U.S. Nuclear Regul. Comm'n, 783 F. Supp. 2d 448 (S.D.N.Y. 2011), vacated in part, 704 F.3d 113 (2d Cir. 2013), and aff'd in part, 507 F. App'x 48 (2d Cir. 2013)

The *Brodsky* court held that "[a]n agency's application of its own regulations is 'controlling unless plainly erroneous or inconsistent with the regulation[s].'" *Brodsky*, 578 F.3d at 182 (citing *Auer v. Robbins*, 519 U.S. 452, 461, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997)); *see also Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 128 S.Ct. 1147, 170 L.Ed.2d 10 (2008) ("[T]he agency is entitled to . . . deference when it adopts a reasonable interpretation of regulations it has put in force.") "Ultimately the agency's judgment, if reasonable, must prevail." *Brodsky*, 578 F.3d at 182. The Court of Appeals concluded that the Commission applied its regulations and rules reasonably in this case when it classified Entergy's application as an exemption.

Brodsky, 783 F. Supp. 2d at 454.

### E. Micalizzi v. Rumsfeld, 247 F. Supp. 2d 556 (D. Vt. 2003)

Even if DLA had issued conflicting rulings on the modification issue, an agency is not "disqualified from changing its mind" nor "estopped from changing ... a mistaken legal interpretation." *Callaway v. C.I.R.*, 231 F.3d 106, 132 (2d Cir.2000) (citing *Good Samaritan Hosp. v. Shalala*, 508 U.S. 402, 417, 113 S.Ct.

2151, 124 L.Ed.2d 368 (1993)). *See also Rust*, 500 U.S. at 187, 111 S.Ct. 1759 (agency interpretation entitled to deference despite constituting "a sharp break with prior interpretation."). Deference is still owed "where the agency's interpretation . . . is at least as plausible as competing ones," *Thomas Jefferson Univ.*, 512 U.S. at 517, 114 S.Ct. 2381 (internal quotations omitted), and represents its "fair and considered judgment," *Auer v. Robbins*, 519 U.S. 452, 462, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997). As discussed below, DLA's interpretation is a reasonable one. Moreover, there is no indication that it does not represent DLA's "fair and considered judgment."

Micalizzi, 247 F. Supp. 2d at 562 n.6.

### F. Fontana v. Caldera, 160 F. Supp. 2d 122 (D.D.C. 2001), aff'd sub nom. Fontana v. White, 334 F.3d 80 (D.C. Cir. 2003)

In reviewing the ABCMR's interpretation of the Army's regulations, this Court should accord even more deference to that decision than would be required by *Chevron* for statutory interpretation. *See Consarc Corp. v. Treasury Dep't*, 71 F.3d 909 (D.C.Cir.1995) (agency interpretation of rule is due more deference than agency interpretation of authorizing statute). Reviewing courts should accord an agency's interpretation of its own regulations a "high level of deference," and defer to that interpretation "unless it is plainly wrong." *General Carbon Co. v. OSHRC*, 860 F.2d 479, 483 (D.C.Cir.1988); *see also Auer*, 519 U.S. at 461, 117 S.Ct. 905 (holding that an agency's interpretation of a rule is "controlling unless plainly erroneous or inconsistent with the regulation"). Under this standard, courts must defer to an agency's interpretation as long as it is "logically consistent with the language of the regulation[s] and . . . serves a permissible regulatory function." *Gen. Elec.*, 53 F.3d at 1327 (quoting *Rollins Envtl. Serv. Inc. v. EPA*, 937 F.2d 649, 652 (D.C.Cir.1991)). This standard of deference requires a court to defer to an agency's interpretation of a rule even when that interpretation diverges from what a first-time reader might conclude was the "best" interpretation of the regulation. *Gen. Elec.*, 53 F.3d at 1327. Even when a plaintiff offers a more plausible interpretation of a regulation, it is the "agency's choice [that] receives substantial deference." *Id.* (quoting *Rollins*, 937 F.2d at 652). Thus, if the Army's interpretation of its regulations is a plausible interpretation of the plain language of those regulations, then this Court will defer to the ABCMR's decision.

Fontana, 160 F. Supp. 2d at 129-30.