# EXHIBIT 5

```
                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE MIDDLE DISTRICT OF FLORIDA
                              TAMPA DIVISION


* * * * * * * * * * * * * * * *
CIN-Q AUTOMOBILES INC.,        *
et al.
                               *   Case No. 8:13-cv-1592-AEP
vs.                            *
                               *   January 19, 2024
BUCCANEERS LIMITED             *
PARTNERSHIP, and JOHN DOES     *
1-10                           *
_____*
                               *
TECHNOLOGY TRAINING            *
ASSOCIATES INC., et al.        *
            Intervenors.       *
* * * * * * * * * * * * * * * *
```

MOTION HEARING

Heard in Courtroom 10A
Sam M. Gibbons United States Courthouse
801 N. Florida Avenue
Tampa, FL
January 19, 2024


BEFORE THE HONORABLE ANTHONY E. PORCELLI

UNITED STATES MAGISTRATE JUDGE


Official Court Reporter:    Tana J. Hess, CRR, FCRR, RMR
                            U.S. District Court Reporter
                            Middle District of Florida
                            Tampa Division
                            801 N. Florida Avenue
                            Tampa, FL  33602
                            813.301.5207
                            tana_hess@flmd.uscourts.gov

Proceedings recorded by mechanical stenography using
computer-aided transcription software.

APPEARANCES:

FOR THE PLAINTIFFS:

    Glenn L. Hara
    Anderson & Wanca
    3701 Algonquin Road
    Suite 500
    Rolling Meadows, IL  60008
    847.368.1500
    ghara@andersonwanca.com

    Michael C. Addison
    Addison Law Office PA
    1304 Alicia Avenue
    Tampa, FL  33604
    813.223.2000
    m@mcalaw.net

    Ross Michael Good
    Loftus & Eisenberg Ltd.
    161 N. Clark
    Suite 1600
    Chicago, IL  60601
    786.539.3952
    ross@loftusandeisenberg.com

FOR THE DEFENDANTS:

    Mark S. Mester
    Latham & Watkins LLP
    330 N. Wabash Avenue
    Suite 2800
    Chicago, IL  60611
    312.876.7700
    mark.mester@lw.com

    Robert C. Collins III
    Latham & Watkins LLP
    330 N. Wabash Avenue
    Suite 2800
    Chicago, IL  60611
    312.876.7700
    robert.collins@lw.com

```
                        APPEARANCES:
FOR THE DEFENDANTS:

        Joseph H. Varner III
        Holland & Knight LLP - Tampa
        100 N. Tampa Street, Suite 4100
        PO Box 1288
        Tampa, FL  33602
        813.227.8500
        joe.varner@hklaw.com

FOR ASTRO COMPANIES:

        Daniel P.VanEtten
        Blalock Walters PA
        802 11th St W.
        Bradenton, FL  34205
        941.748.0100
        dvanetten@blalockwalters.com

FOR THE INTERVENORS:

        Jonathan B. Piper
        Bock Hatch & Oppenheim LLC
        203 N. LaSalle Street
        Suite 2100
        Chicago, IL  60601
        312.658.5500
        jonathan@classlawyers.com
```

```
2:10PM    1   modem, Your Honor.  It's a --
2:10PM    2            THE COURT:  It's coming from a telephone line; is it
2:10PM    3   not?  It's the transmission through a telephone line.
2:10PM    4            MR. MESTER:  Yes.
2:10PM    5            THE COURT:  So it's got to be routed some way
2:10PM    6   digitally from the telephone line to a server so that it can
2:10PM    7   then be transmitted digitally over the internet.
2:10PM    8            MR. MESTER:  But if that device doesn't have the
2:10PM    9   capacity to print, then it's not a telephone facsimile machine.
2:10PM   10            THE COURT:  I understand the argument, but that
2:10PM   11   ultimately is what is -- as I see it, all these opinions are
2:10PM   12   trying to address and ultimately what I have to address is --
2:10PM   13   going back to what I stated before, is can the liability --
2:10PM   14   despite what Amerifactors is stating and trying to articulate,
2:10PM   15   do you look at it that it is essentially, as WestFax reads,
2:10PM   16   they are just a link in the communication?  And all they are is
2:11PM   17   a conduit to the ultimate recipient, the intended recipient?
2:11PM   18            MR. MESTER:  Yes, I think so.
2:11PM   19            THE COURT:  And as part of that conduit, it went
2:11PM   20   through and was received by fax equipment and ultimately then
2:11PM   21   converted.  Because -- let me put it to you this way.  Go back
2:11PM   22   to my example that I started with.  If WestFax was simply just
2:11PM   23   software that was sold to companies to use on their own
2:11PM   24   equipment so that they could receive faxes through a telephone
2:11PM   25   connection that converts it and then recognizes, based on the
```

2:11PM 1    number, to email it.  Let's say a law firm, and a law firm uses
2:11PM 2    software just to manage it that -- rather than having fax
2:11PM 3    machines on every floor, it can be sent directly to the lawyers
2:11PM 4    or whoever staff, to their email boxes.  Would the TCPA cover
2:11PM 5    that?
2:11PM 6             **MR. MESTER:**  If that device doesn't have the capacity
2:11PM 7    to print, no, because it's not sent to a telephone facsimile
2:12PM 8    machine.
2:12PM 9             **THE COURT:**  A computer doesn't have the --
2:12PM 10            **MR. MESTER:**  I don't think these are computers.  I
2:12PM 11   don't think the fax service providers use computers.
2:12PM 12            **THE COURT:**  No, no, stay focused on my hypothetical.
2:12PM 13            **MR. MESTER:**  Oh, I'm sorry.
2:12PM 14            **THE COURT:**  The law firm uses software that converts
2:12PM 15   it from the fax server to a PDF that's sent to the email to a
2:12PM 16   personal, you know, desktop.  Is that covered under the TCPA?
2:12PM 17   That's all right.  Believe me --
2:12PM 18            **MR. MESTER:**  I'm going to give you the answer again.
2:12PM 19   You're not going to like it.
2:12PM 20            **THE COURT:**  Let me give you it again.  I'm sending a
2:12PM 21   fax to your law firm.  Your law firm has the equipment that
2:12PM 22   converts it with software so my fax is going through a
2:12PM 23   telephone line.  It's received by a fax modem or a server on
2:12PM 24   your law firm's end.  But rather than having a stand-alone fax
2:12PM 25   machine that prints it out, there is software then that will

| | | |
|---|---|---|
| 2:13PM | 1 | convert it electronically so that it could be then attached as |
| 2:13PM | 2 | a PDF and sent directly to you as an email to your desktop.  Is |
| 2:13PM | 3 | that covered under the TCPA? |
| 2:13PM | 4 |       **MR. MESTER:**  With due respect, Your Honor, I think |
| 2:13PM | 5 | the answer -- I think the answer is no, provided that that |
| 2:13PM | 6 | server -- which is also equipment.  It's not just software -- |
| 2:13PM | 7 | that server doesn't have the capacity to print.  But in some |
| 2:13PM | 8 | sense, that becomes an academic issue because -- and in that |
| 2:13PM | 9 | sense, I guess, Your Honor, the law firm is not a perfect |
| 2:13PM | 10 | example, but the better example is the fax service provider -- |
| 2:13PM | 11 | what really matters is what does the end user get?  And if what |
| 2:13PM | 12 | the end user gets is an email and that's all they get, I think |
| 2:13PM | 13 | it's very clear that there's not statutory standing and there's |
| 2:13PM | 14 | not Article III standing. |
| 2:13PM | 15 |       And Your Honor's -- your hypothetical is |
| 2:13PM | 16 | addressing a different link in the chain, and the chain can be |
| 2:14PM | 17 | broken several times.  But where it clearly is broken is at the |
| 2:14PM | 18 | end.  And, again, we think this is for a sizable portion of the |
| 2:14PM | 19 | settlement class because all they got was an email, and they |
| 2:14PM | 20 | were the intended recipients, and that's all they got; ergo, |
| 2:14PM | 21 | there's no statutory standing, and there's no Article III |
| 2:14PM | 22 | standing. |
| 2:14PM | 23 |       **MR. VARNER:**  Your Honor -- |
| 2:14PM | 24 |       **THE COURT:**  Yes, please. |
| 2:14PM | 25 |       **MR. VARNER:**  If I could add this point just by way of |

2:14PM   1   comparison.  There could hypothetically be a third-party
2:14PM   2   provider at one time that you sent your fax to, and then they
2:14PM   3   would send faxes out to multiple people.  In that event, if
2:14PM   4   those recipients got a fax, they are, of course, covered.  But
2:14PM   5   to Mr. Mester's point, I think all roads lead to the conclusion
2:14PM   6   that no matter what happens at the third-party provider level,
2:14PM   7   if the ultimate recipient gets an email, there is no standing
2:14PM   8   because there is no harm.
2:14PM   9               MR. COLLINS:  And, Your Honor, I think Amerifactors
2:14PM  10   addresses your direct question in paragraph 11.  It says, "An
2:14PM  11   online fax service cannot itself print a fax.  The user of an
2:15PM  12   online fax service must connect his or her own equipment in
2:15PM  13   order to do so."  At the law firm, for example, someone then
2:15PM  14   connects a printer to their computer when they get an email,
2:15PM  15   and they decide to print it out.
2:15PM  16               THE COURT:  But isn't that contrary to what
2:15PM  17   Mr. Mester just told me, that there is no liability?  My
2:15PM  18   scenario was the law firm has the fax server, and it's sent to
2:15PM  19   your desktop which then can print it out.  It's all within the
2:15PM  20   same control.  Why wouldn't liability be there?
2:15PM  21               MR. COLLINS:  Amerifactors says that's not a
2:15PM  22   telephone facsimile machine.  It says, "An online fax service
2:15PM  23   cannot itself print a fax.  The user of an online fax service
2:15PM  24   must connect his or her own equipment in order to do so.  As
2:15PM  25   such, a online fax service is plainly not equipment which has

```
2:15PM    1    the capacity to transcribe," and so on.
2:15PM    2              THE COURT:  That's the online fax service.  My
2:15PM    3    scenario was the law firm has the fax service -- what I thought
2:15PM    4    WestFax was; that the law firm -- you're sending the fax
2:15PM    5    directly to the law firm who then converts it through software
2:16PM    6    and emails it.
2:16PM    7              MR. MESTER:  I think I understand your question.  So
2:16PM    8    it's all -- it's like combining the online fax service --
2:16PM    9              THE COURT:  Not using an online fax service.  It's
2:16PM   10    just your equipment.
2:16PM   11              MR. MESTER:  I understand, but that's the point I'm
2:16PM   12    trying to make.  You're combining those two functions into one
2:16PM   13    entity.  The law firm is both.
2:16PM   14              THE COURT:  Yes.
2:16PM   15              MR. MESTER:  It's effectively acting as the online
2:16PM   16    fax service and the end user.  I'd have to think about that.  I
2:16PM   17    think that's a different question than what we're looking at,
2:16PM   18    but I think this is important, we should remember, we don't
2:16PM   19    have the burden.  They have the burden.  They have to
2:16PM   20    demonstrate that every member of the settlement class has
2:16PM   21    Article III standing, and we're all sitting here now
2:16PM   22    speculating about all the different types of equipment and the
2:16PM   23    permutations, but they need to meet that burden, and I think
2:16PM   24    it's I think painfully obviously based upon this argument that
2:16PM   25    they can't do that.
```

```
2:39PM    1              (End of proceedings.)
2:39PM    2
2:39PM
2:39PM    3         * * * * * * * * * * * * * * * * * * *
2:39PM    4              UNITED STATES DISTRICT COURT
2:39PM    5              MIDDLE DISTRICT OF FLORIDA
2:39PM    6
2:39PM
2:39PM    7            REPORTER TRANSCRIPT CERTIFICATE
2:39PM
2:39PM    8      I, Tana J. Hess, Official Court Reporter for the United
2:39PM    States District Court, Middle District of Florida, certify,
2:39PM    9  pursuant to Section 753, Title 28, United States Code, that the
2:39PM    foregoing is a true and correct transcription of the
2:39PM    10 stenographic notes taken by the undersigned in the
2:39PM    above-entitled matter (Pages 1 through 70 inclusive) and that
2:39PM    11 the transcript page format is in conformance with the
2:39PM    regulations of the Judicial Conference of the United States of
2:39PM    12 America.
2:39PM
2:39PM    13
2:39PM
2:39PM    14                    [signature]
2:39PM    15         _____
2:39PM    16            Tana J. Hess, CRR, RMR, FCRR
2:39PM                  Official Court Reporter
2:39PM    17            United States District Court
2:39PM                  Middle District of Florida
2:39PM    18            Tampa Division
2:39PM                  Date:   January 24, 2024
2:39PM    19
          20
          21
          22
          23
          24
          25
```