# EXHIBIT 6

## BTL's Unanswered and/or Conceded Arguments

| BTL's Argument | How Plaintiffs Address BTL's Argument | How Intervenors Address BTL's Argument |
|---|---|---|
| "[T]o the extent there were irreconcilable differences in the interpretations of the TCPA between Westfax on the one hand and Amerifactors and Ryerson on the other" then "Westfax would appear inconsistent with the clear pronouncement in the 2003 Order that the TCPA 'does not extend to facsimile messages sent as email over the Internet." BTL Sub. at 2-3 & n.4. | | Intervenors do not address this argument. See generally Int. Sub. |
| "[T]here is no indication whatsoever in either the TCPA or its legislative history of any intention on the part of Congress to regulate emails[.]" BTL Sub. at 4-5. | Plaintiffs do not address this argument. See Pls. Sub. at 10 (citing 2003 Order only when discussing Congress' intent and not separately citing, quoting, or examining legislative history). | Intervenors do not cite or examine any legislative history directly, but argue that since certain faxes use the PSTN, they are covered by the TCPA. Int. Sub. at 4-7. |
| "There was, however, no consideration in the 2003 Order of how the TCPA should be applied if the person or entity receiving a fax on a telephone facsimile machine, computer or other device is not the intended recipient and the intended recipient instead only receives a fax 'sent as email over the Internet.'" BTL Sub. at 5. | | Intervenors agree with BTL. See Int. Sub. at 11 (under the subheading "The FCC's 2003 Order," noting that "[w]hen a business sets up an internal network with a fax server that routes incoming faxes to employee desktop computers as emails, the entire network constitutes a telephone facsimile machine.") |

Page **1** of **4**

| BTL's Argument | How Plaintiffs Address BTL's Argument | How Intervenors Address BTL's Argument |
|---|---|---|
| "[A]fter extensive efforts, we still do not have any idea who a substantial percentage of the Settlement Class Members actually are[.]" BTL Sub. at 12 n.15. | Plaintiffs do not address this argument.  See generally Pls. Sub. | Intervenors do not address this argument.  See generally Int. Sub. |
| "Class Counsel would have to prove each Settlement Class Member received one or more faxes sent on behalf of BTL on 'equipment which has the capacity' to print" but "[t]o date, Class Counsel have made no such showing[.]" BTL Sub. at 12-13. | Plaintiffs do not address this argument.  See generally Pls. Sub. | |
| "[R]ulings and orders like Amerifactors and Ryerson made pursuant to delegated authority have exactly the same force and effect as any order, decision or ruling of the Commission[.]" BTL Sub. at 15. | | Intervenors do not address this argument.  See generally Int. Sub. |
| "Chevron and Skidmore deference should be accorded to various forms of orders, rulings, decisions, reports and other actions by administrative agencies and their delegees[.]" BTL Sub. at 16. | | Intervenors do not address this argument.  See generally Int. Sub. |
| "[T]he FCC's regulations make it perfectly clear that decisions made on delegated authority like Amerifactors and Ryerson are effective upon release[.]" BTL Sub. at 16-17. | Plaintiffs do not address this argument.  See generally Pls. Sub. | Intervenors do not address this argument.  See generally Int. Sub. |

| BTL's Argument | How Plaintiffs Address BTL's Argument | How Intervenors Address BTL's Argument |
|---|---|---|
| "Amerifactors and Ryerson" are "declaratory rulings interpreting the terms of the TCPA[.]"  BTL Sub. at 17-18. | Plaintiffs agree with BTL.  See Pls. Sub. at 20 ("the Amerifactors and Ryerson Bureau Rulings are interpretive rules"). | Intervenors do not address this argument.  See generally Int. Sub. |
| "[L]oss of time would not be a harm suitable for class adjudication under Rule 23" BTL Sub. at 22. | Plaintiffs do not address directly; they say evidence of receipt is enough.  Pls. Sub. at 27. | Intervenors do not address directly; they say evidence of receipt is enough.  Int. Sub. at 23. |
| "[T]here are many ways that emails can be screened or blocked (as recognized in Amerifactors), such that the recipient does not need to spend any time reviewing the actual email, let alone its contents or attachments, and anyone who did not spend any time reviewing such an email would obviously not have Article III standing, even on Class Counsel's telling of what Congress intended."  BTL Sub. at 22-24 & n.24. | Plaintiffs do not address this argument.  See generally Pls. Sub. | Intervenors do not address this argument.  See generally Int. Sub. |
| "Amerifactors and Ryerson should be accorded Chevron deference."  BTL Sub. at 24. | | Intervenors do not address this argument.  See generally Int. Sub. |
| "Amerifactors would be subject to Skidmore deference even if Chevron deference were not required."  BTL Sub. at 25. | | Intervenors do not address this argument.  See generally Int. Sub. |
| "[T]he Hobbs Act fully applies to Amerifactors[.]"  BTL Sub. at 25 n.28. | | Intervenors do not address this argument.  See generally Int. Sub. |

| BTL's Argument | How Plaintiffs Address BTL's Argument | How Intervenors Address BTL's Argument |
|---|---|---|
| "[A]ll members of any class seeking money damages must demonstrate Article III standing."  BTL Sub. at 27-29. | Plaintiffs agree with BTL.  See Pls. Sub. at 2 ("Every member of the settlement class in this case has Article III standing[.]"). | Intervenors agree with BTL.  See Int. Sub. at 1 ("Every Settlement Class Member has Article III standing[.]"). |
| "BTL would certainly have a due process right to contest" any evidence that Class Counsel offers to show "that all Settlement Class Members have Article III standing[.]"  BTL Sub. at 29-30. | Plaintiffs do not address this argument.  See generally Pls. Sub. | Intervenors agree with BTL.  See Int. Sub. at 4 ("BTL can challenge their claims through the claims administration process[.]"). |