## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | | |
|---|---|---|
| **CIN-Q AUTOMOBILES, INC.,** <u>et</u> <u>al</u>., | ) ) | |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | **Case No. 8:13-cv-01592-AEP** |
| **BUCCANEERS LIMITED PARTNERSHIP and JOHN DOES 1-10,** | ) ) ) | **Magistrate Judge Anthony E. Porcelli** |
| **Defendants,** | ) ) | |
| **TECHNOLOGY TRAINING ASSOCIATES, INC.,** <u>et</u> <u>al</u>., | ) ) ) | |
| **Intervenors.** | ) | |

### UNOPPOSED MOTION FOR LEAVE TO ADDRESS
### <u>PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY</u>

BTL respectfully moves for leave to address in a future submission (as necessary) the Notice of Supplemental Authority filed by Plaintiffs on June 12, 2024 (Dkt. 548).[1]  In support of this motion, BTL states as follows:

1.    The Court is currently addressing the motion to dismiss and decertify for lack of Article III standing filed by BTL on December 14, 2023.  <u>See</u> BTL's Motion to Dismiss & Decertify (Dkt. 492).  We respectfully believe that the briefing provided to the Court makes clear that a <u>substantial</u> portion of the Settlement Class lacks Article III standing, and we believe it is equally clear that Plaintiffs and their counsel have not met and cannot possibly meet their burden of demonstrating that

---

[1] Capitalized terms have the meaning ascribed to them in the Settlement Agreement.  <u>See</u> Settlement Agt. (Dkt. 324-1).

<u>all</u> Settlement Class Members have standing, let alone which ones do and which ones do not.  <u>See</u> BTL's Submission (Dkt. 532) at 19-24, 27-29, 30-32.

2.      Given the lack of Article III standing, the Court will not need to address the most recent decision by the Eleventh Circuit in <u>Drazen</u>, and as such, the timing of Plaintiffs' Notice is a bit odd.  <u>See</u> <u>Drazen v. Pinto</u>, 101 F.4th 1223 (11th Cir. 2024) ("<u>Drazen IV</u>") (opinion issued on May 13, 2024 or roughly one month ago). Indeed, <u>Drazen IV</u> does not speak at all to Article III.  If the Court were eventually required to address <u>Drazen IV</u>, however, there would be a great deal more that would need to be addressed than the very narrow, somewhat random excerpt featured in Plaintiffs' June 12, 2024 Notice, as Plaintiffs' Notice seems to be more of an effort to denigrate Intervenors' counsel than to actually inform the Court about something that could conceivably prove relevant in the future.  <u>See</u> Pls.' Notice of Supplemental Authority (Dkt. 548) at 2 (referring to comments made in <u>Drazen IV</u> about Bock Hatch & Oppenheim).  <u>But see</u> <u>Drazen IV</u>, 101 F.4th at 1255-56 (addressing material changes in governing law regarding the approval process for class settlements and the awarding of attorneys' fees to class counsel).

3.      In <u>Drazen IV</u>, the Eleventh Circuit <u>substantially</u> changed the law as it applies to the approval of class action settlements and the proper measure of fees and costs of class counsel, applying the 2018 amendment to Fed. R. Civ. P. 23 and largely endorsing the approach taken by the Ninth Circuit in <u>In re Bluetooth Headset</u>, 654 F.3d 935 (9th Cir. 2011).  <u>See</u> <u>Drazen IV</u>, 101 F.4th at 1255-78 (finding that the district court abused its discretion in approving the class settlement, vacating the judgment of the district court and its order granting attorneys' fees).  Among other things, the decision in <u>Drazen IV</u> addressed what is required by Rule 23(c)(2)(B)(iii)

for purposes of notice to a proposed settlement class, and it also clarified prior Eleventh Circuit law in terms of how attorneys' fees are to be calculated.  See id. at 1259-76.

4.      Most pertinently, Drazen IV reverses a decision by the district court to treat as a common fund a settlement apparently structured in all material respects just like the Settlement Agreement in this case and to then base the amount of attorneys' fees on a percentage of the fund.  See Drazen IV, 101 F.4th. at 1265-67. The ruling in Drazen IV likewise makes clear that Camden I is no longer the proper measure of fees in class actions such as this.  See id.  But see Pls.' Mot. for Fees & Expenses (Dkt. 347) at 7, 8, 10, 14-15 (relying largely on Camden I Condo. Ass'n v. Dunkle, 946 F.2d 768, 774 (11th Cir. 1991), in arguing that Class Counsels' fees should be based on the percentage of the fund method).[2]

WHEREFORE, for the foregoing reasons, BTL respectfully requests leave to respond to Plaintiffs' notice of supplemental authority and to further address Drazen IV in the future if necessary.

Date:  June 14, 2024                          Respectfully submitted,

                                              /s/ Mark S. Mester
                                              Mark S. Mester, One of the Attorneys
                                              for Defendant Buccaneers Team LLC

---

[2] Drazen IV also criticized the clear-sailing provision that Class Counsel insisted BTL agree to in the Settlement Agreement as well as the fact that class counsel in Drazen IV would recover four times what the class recovered.  See Drazen IV, 101 F.4th. at 1266.

Mark S. Mester
  (admitted *pro hac vice*)
Robert C. Collins III
  (admitted *pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767
E-mail:  mark.mester@lw.com
        robert.collins@lw.com

Joseph H. Varner, III
  (Bar No. 394904)
HOLLAND & KNIGHT LLP
100 North Tampa Street, Suite 4100
Tampa, Florida 33602-3644
Telephone:  (813) 227-8500
Facsimile:  (813) 229-0134
Email:  joe.varner@hklaw.com

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the undersigned hereby certifies that we conferred with Class Counsel and counsel for Intervenors by email with respect to the instant motion and have been informed that Class Counsel and counsel for Intervenors do not oppose the relief requested herein.

Date:  June 14, 2024

*/s/ Mark S. Mester*

Mark S. Mester, One of the Attorneys for Defendant Buccaneers Team LLC

Mark S. Mester
  (admitted *pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767
E-mail:  mark.mester@lw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 14, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which served all relevant parties.

Date:  June 14, 2024

*/s/ Mark S. Mester*
Mark S. Mester
  (admitted *pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767
E-mail:  mark.mester@lw.com