UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MEYERS DIVISION

| | |
|---|---|
| SCOMA CHIROPRACTIC, P.A., WILLIAM P. GRESS, and FLORENCE MUSSAT M.D., S.C., individually and as the representatives of a class of similarly-situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>MASTERCARD INTERNATIONAL INC.,<br><br>Defendant. | No. 2:16-cv-41-FtM-66MRM |

**PLAINTIFFS' OPPOSED MOTION TO STAY PENDING
ELEVENTH CIRCUIT AND SUPREME COURT RULINGS**

Plaintiffs, Scoma Chiropractic, P.A. ("Scoma"), Florence Mussat, M.D., S.C. ("Mussat"), and Dr. William P. Gress ("Gress") (collectively, "Plaintiffs"), respectfully move the Court to stay this action pending the later of: (1) a decision from the Eleventh Circuit regarding whether users of "online fax services" have Article III standing to sue under the TCPA in *Marc Irwin Sharman, M.D., P.A. v. Precision Imaging St. Augustine, LLC*, No. 24-90023 (11th Cir.) ("*Precision Imaging*"); and (2) a decision from the Supreme Court regarding whether district courts are required to follow the FCC's interpretations of the TCPA in *McLaughlin Chiropractic Assocs. v. McKesson Corp.*, No. 23-1226, *cert. granted* 2024 WL 4394119, at *1 (U.S. Oct. 4, 2024) ("*McKesson*"). The basis for this motion is as follows:

1. On December 23, 2021, this Court certified a class of persons who used "stand-alone" fax machines to receive the faxes at issue in this case (the "Stand-Alone Fax Machine Class"), reasoning that persons (like Plaintiff Mussat) who received the faxes via an "online fax service" lack Article III standing and are excluded from the TCPA's coverage under a ruling by an FCC bureau in *In re Amerifactors Fin. Group, LLC Pet.*, CG Docket Nos. 02-278, 05-338, 2019 WL 6712128 (CGAB Dec. 9, 2019) ("Amerifactors Bureau Ruling"). *Scoma Chiropractic, Inc. v. Dental Equities, LLC*, 2021 WL 6105590, at *5–8 (M.D. Fla. Dec. 23, 2021).

2. Following discovery, Plaintiffs moved to modify the class definition (Doc. 254), and Mastercard filed an opposition to that motion, combined with its own Motion to Decertify the Stand-Alone Fax Machine Class (Doc. 256). The pending motions focus heavily on two legal issues: (1) whether users of "online fax services" have Article III standing to sue under the TCPA (*see* Doc. 254 at 19–30; Doc. 256 at 16–17); and (2) the degree of deference the Court must give the various FCC rulings cited by the parties, including the Amerifactors Bureau Ruling (*see* Doc. 254 at 6–7; Doc. 256 at 12–15). The first issue is now before the Eleventh Circuit in *Precision Imaging*, and the second issue is before the Supreme Court in *McKesson*.

3. In *Precision Imaging*, the Eleventh Circuit recently granted the plaintiff's petition for interlocutory appeal from the district court's denial of class certification. (*See* Ex. A, Order). The district court in *Precision* denied class certification of an "all-fax recipients" class on the same grounds as this Court, reasoning that users of "online fax services" lack Article III standing, giving rise to individual issues. *Marc*

2

*Irwin Sharfman, M.D., P.A. v. Precision Imaging St. Augustine, LLC*, No. 6:22-CV-642-WWB-DCI, 2024 WL 4460209, at *1 (M.D. Fla. Aug. 2, 2024).

4. The plaintiff petitioned the Eleventh Circuit to accept interlocutory review of the district court's denial of class certification under Rule 23(f). The Eleventh Circuit granted the petition, finding that "the Article III standing issue identified in the Petition . . . warrants interlocutory review." (Ex. A).

5. The question presented in *McKesson* is "Whether the Hobbs Act required the district court in this case to accept the FCC's legal interpretation of the Telephone Consumer Protection Act." Pet. for Writ of Certiorari, 2024 WL 2325969, at *i (May 17, 2024). The FCC ruling at issue in *McKesson* is the Amerifactors Bureau Ruling regarding "online fax services." *Id.* at *9–10.

## **Precise Relief Requested**

Plaintiffs request the entry of an Order staying this case pending the Eleventh Circuit's decision in *Precision Imaging* and the Supreme Court's decision in *McKesson*.

## **Basis for Relief Requested**

A stay is appropriate under the Court's inherent powers under *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), because awaiting a decision in *Precision Imaging* and *McKesson* will not unduly prejudice Mastercard; the stay will simplify the issues of whether users of "online fax services" have Article III standing and whether the FCC's interpretations with respect to the definition of "telephone facsimile machine" are binding on this Court; and the stay will reduce the burden of litigation on the parties and on the Court.

## MEMORANDUM OF LAW

### I. Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. In determining whether to grant a stay, courts generally examine three factors: (1) whether a stay will unduly prejudice the non-moving party; (2) whether a stay will simplify the issues and streamline the litigation; and (3) whether a stay will reduce the burden of litigation on the parties and on the court. *Freedom Scientific, Inc. v. GW Micro, Inc.*, No. 8:05-cv-1365-T-33TBM, 2009 WL 2423095, at *1 (M.D. Fla. July 29, 2009).

A district court has discretion to "stay a case pending the resolution of related proceedings in another forum . . . ." *Ortega Trujillo v. Conover & Co. Comm'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000) (per curiam). Where "a federal appellate decision . . . is likely to have a substantial or controlling effect on the claims and issues," a stay is potentially warranted. *Miccosukee Tribe of Indians v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009). A stay order must not be "immoderate or of an indefinite duration." *CTI–Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982).

### II. A stay is warranted under the Court's inherent powers.

#### A. A stay will not unduly prejudice Mastercard.

Mastercard will suffer no prejudice as a result of the requested stay. The Eleventh Circuit accepted review of the denial of class certification in *Precision*

4

*Imaging* on October 21, 2024. The plaintiff's opening brief in the merits appeal is currently due December 2, 2024 (40 days from the order granting review). As for *McKesson*, the Supreme Court will issue a decision in the October 2024 term, which will end around the last week of June 2025. *See Figueroa v. Carrington Mortg. Servs. LLC*, No. 8:15-CV-2414-T-24TGW, 2016 WL 718289, at *3 (M.D. Fla. Feb. 22, 2016) (staying TCPA action pending relevant Supreme Court decision, where "the Supreme Court's decision is likely forthcoming within the next several months"). The stay will be "spent within reasonable limits, so far at least as they are susceptible of prevision and description," given this timeframe. *Landis*, 299 U.S. at 257.

In sum, waiting several months for the Eleventh Circuit to decide *Precision Imaging* and for the Supreme Court to decide *McKesson* would not prejudice Mastercard, and the stay is warranted under the Court's inherent powers.

**B.     A stay will simplify the issues and streamline the case.**

With respect to *Precision Imaging*, the Eleventh Circuit has not decided whether users of online fax services have Article III standing to sue under the TCPA. There are district court decisions going both ways on that question. *Compare Douglas Phillip Brust, D.C., P.C. v. Opensided MRI of St. Louis LLC*, 343 F.R.D. 581, 591 (E.D. Mo. 2023) (certifying all fax recipients class, holding "the receipt of unwanted faxes via online fax services is sufficient to confer Article III standing to bring a claim under the TCPA"), *with Precision Imaging*, 2024 WL 4460209, at *1 (reaching the opposite conclusion). The Eleventh Circuit's decision in *Precision Imaging* will answer this question, which will simplify the issues and streamline the case going forward.

5

With respect to *McKesson*, current Eleventh Circuit authority holds that district courts are required by the Hobbs Act to follow a final order of the FCC interpreting the TCPA. *See, e.g.*, *Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302, 1307 (11th Cir. 2015); *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1120–21 (11th Cir. 2014); *Gorss Motels, Inc. v. Safemark Sys., LP*, 931 F.3d 1094, 1109 (11th Cir. 2019) (Pryor, J., concurring) (arguing these Hobbs-Act precedents were wrongly decided, but acknowledging they are controlling). The parties point to various in FCC rulings that they claim cover the online fax services question. The Supreme Court has agreed to decide in *McKesson* whether district courts are *required* to follow the FCC's interpretation of the TCPA. Thus, a stay would serve judicial economy, and is warranted under the Court's inherent powers.

### C. A stay will reduce the burden of litigation on the parties and on the Court.

The Eleventh Circuit's decision in *Precision Imaging* and the Supreme Court's decision in *McKesson* will set the parameters for how this Court should rule on the pending Motion to Modify (Doc. 254) and Motion to Decertify (Doc. 256). A stay pending these decisions would thus reduce the burden of litigation, and the requested stay is warranted under the Court's inherent powers.

### Conclusion

For the foregoing reasons, the Court should stay this action pending the Eleventh Circuit's decision in *Marc Irwin Sharman, M.D., P.A. v. Precision Imaging St. Augustine, LLC*, No. 24-90023 (11th Cir.), and the Supreme Court's decision in

*McLaughlin Chiropractic Assoc. v. McKesson Corp.*, No. 23-1226, *cert. granted* 2024 WL 4394119 (U.S. Oct. 4, 2024).

## Local Rule 3.01(g) Certification

On October 24, 2024, undersigned counsel conferred by email with counsel for Defendant, Mastercard International Inc.  Mastercard's counsel advised that Mastercard opposes the relief sought.

        Respectfully submitted,

        SCOMA CHIROPRACTIC, P.A., FLORENCE MUSSAT, M.D., S.C, and DR. WILLIAM P. GRESS, individually, and as the representative for a class of similarly-situated persons

        By:   <u>/s/ Ryan M. Kelly</u>
                Ryan M. Kelly – FL Bar No. 90110

Daniel A. Edelman (*pro hac vice*)
Heather Kolbus
EDELMAN COMBS LATTURNER
& GOODWIN
20 S. Clark St., Suite 1800
Chicago, IL 60603
Telephone: (312) 739-4200
dedelman@edcombs.com
hkolbus@edcombs.com

Curtis C. Warner (*of counsel*)
Kelley & Evanchek PC
43695 Michigan Ave.
Canton, Michigan 48188
(607) 438-3011 (Dir. Cell)
cwarner@warner.legal

Ryan M. Kelly – FL Bar No.: 90110
Glenn L. Hara (*pro hac vice*)
Wallace C. Solberg (*pro hac vice*)
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
Telephone:  (847) 368-1500
rkelly@andersonwanca.com
ghara@andersonwana.com
wsolberg@andersonwanca.com

*Attorneys for Plaintiffs*

7

**CERTIFICATE OF SERVICE**

I declare under penalty of perjury that on October 24, 2024, a copy of the foregoing with the CM/ECF system, which will serve copies on all parties of record.

/s/ Ryan M. Kelly