# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| CIN-Q AUTOMOBILES, INC. and MEDICAL & CHIROPRACTIC CLINIC, INC., individually and on behalf of a class, <br><br> Plaintiffs, <br><br> v. <br><br> BUCCANEERS LIMITED PARTNERSHIP, <br><br> Defendant. <br> _____ <br><br> TECHNOLOGY TRAINING ASSOCS., INC. *et al.*, <br><br> Intervenors. | No.: 8:13-CV-01592-AEP |

## PLAINTIFFS' UNOPPOSED MOTION TO STAY

Plaintiffs, Cin-Q Automobiles, Inc. and Medical & Chiropractic Clinic, Inc., respectfully move the Court to stay this case pending the later of: (1) a decision from the Eleventh Circuit regarding whether users of "online fax services" have Article III standing to sue under the TCPA in *Marc Irwin Sharman, M.D., P.A. v. Precision Imaging St. Augustine, LLC*, No. 24-90023 (11th Cir.) ("*Precision*"); and (2) a decision from the Supreme Court of the United States regarding whether a district court is required to follow the FCC's interpretations of the TCPA in *McLaughlin Chiropractic Assoc. v. McKesson Corp.*, No. 23-1226, *cert. granted* 2024 WL 4394119, at *1 (U.S. Oct. 4, 2024) (hereinafter, "*McKesson*"). The basis for this motion is as follows:

1. On October 21, 2024, the Eleventh Circuit in *Precision* granted the plaintiff's petition for interlocutory appeal from the district court's denial of class certification in a TCPA fax case. (*See* Ex. A, Order). The district court denied class certification on the basis that (a) users of "online fax services" lack Article III standing to sue under TCPA; (b) there was no administratively feasible way to determine which class members received the faxes at issue via an online fax service, as opposed to "stand-alone" fax machines; and (3) therefore, individual issues predominated over common issues, making class certification inappropriate. *Marc Irwin Sharfman, M.D., P.A. v. Precision Imaging St. Augustine, LLC*, No. 6:22-CV-642-WWB-DCI, 2024 WL 4460209, at *1 (M.D. Fla. Aug. 2, 2024).

2. The plaintiff petitioned the Eleventh Circuit to accept interlocutory review of the district court's denial of class certification under Rule 23(f). The Eleventh Circuit granted the petition, finding that "the Article III standing issue identified in the Petition . . . warrants interlocutory review." (Ex. A).

3. BTL's assertion that users of "online fax services" lack Article III standing to sue under the TCPA forms the crux of BTL's pending Motion to Dismiss Class Claims for Lack of Article III Standing and to Decertify the Class (Doc. 492 at 15–20) and BTL's Opposition to Plaintiffs' Motion for Final Approval (Doc. 496 at 13–14). The Eleventh Circuit is poised to decide that issue in *Precision*.

4. The question presented in *McKesson* is "Whether the Hobbs Act required the district court in this case to accept the FCC's legal interpretation of the Telephone Consumer Protection Act." Pet. for Writ of Certiorari, 2024 WL

2325969, at *i (May 17, 2024). The FCC interpretation at issue in *McKesson* is the same ruling that BTL urges the Court to follow in its pending Motion to Dismiss Class Claims for Lack of Article III Standing and to Decertify the Class (Doc. 492 at 15–20), namely *In re Amerifactors Fin. Group, LLC Pet. for Expedited Declaratory Ruling*, 2019 WL 6712128 (CGAB Dec. 9, 2019) ("Amerifactors Bureau Ruling").

5. The Eleventh Circuit, like the Ninth Circuit, answers the question presented in *McKesson* in the affirmative: in this circuit a district court "may not determine the validity of FCC orders, including by refusing to enforce an FCC interpretation, because '[d]eeming agency action invalid or ineffective is precisely the sort of review the Hobbs Act delegates to the courts of appeals in cases challenging final FCC orders.'" *Murphy v. DCI Biologicals Orlando, LLC*, 797 F.3d 1302, 1307 (11th Cir. 2015) (quoting *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110, 1120–21 (11th Cir. 2014)); *Gorss Motels, Inc. v. Safemark Sys., LP*, 931 F.3d 1094, 1109 (11th Cir. 2019) (Pryor, J., concurring) (arguing these Hobbs-Act precedents were wrongly decided, but acknowledging they are controlling).

6. The question of whether this Court is required to follow the FCC's interpretation of the TCPA is potentially outcome determinative in resolving BTL's pending Motion to Decertify the Class (Doc. 492) and Plaintiffs' pending Motion for Final Approval (Doc. 482). BTL relies on the Amerifactors Bureau Ruling's interpretation that the TCPA's definition of "telephone facsimile machine," 47 U.S.C. § 227(a)(3), is not implicated where a consumer uses a service to "access

'faxes' the same way that they do email: by logging into a server over the Internet or by receiving a pdf attachment [as] an email." (Amerifactors Bureau Ruling ¶ 2).

7. Plaintiffs rely on two earlier FCC rulings, *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14133 ¶¶ 199–201 (FCC July 3, 2003) ("2003 Commission Order") (ruling faxes sent to "computerized fax servers" and then delivered to the end-user's electronic "inbox" are "subject to the TCPA's prohibition on unsolicited faxes"); *In re WestFax, Inc. Petition for Consideration & Clarification*, 30 FCC Rcd. 8620, 2015 WL 5120880, at *1 ¶ 1 (CGAB Aug. 28, 2015) (WestFax Bureau Ruling) (stating, "[t]he definition of 'telephone facsimile machine' sweeps in the fax server and modem, along with the computer that receives the efax because together they by necessity have the capacity to 'transcribe text or images (or both) from an electronic signal received over a telephone line onto paper'"). (*See* Doc. 505, Pls.' Opp. Mot. Decertify at 5–11; Doc. 508, Pls.' Reply Supp. Final Approval at 8–9, 24–25).

8. In the decision being reviewed by the Supreme Court in *McKesson*, the Ninth Circuit held the district court was required by the Hobbs Act to follow the Amerifactors Bureau Ruling and decertify the class because the plaintiff failed to distinguish between users of traditional "stand-alone" fax machines and e-fax recipients, exactly the outcome BTL seeks here. *True Health Chiropractic, Inc. v. McKesson Corp.*, No. 22-15710, 2023 WL 7015279, at *2 (9th Cir. Oct. 25, 2023). The Supreme Court will decide in *McKesson* whether the Ninth Circuit was correct, and that decision will control whether this Court is required to follow the various FCC

interpretations urged by the parties in this case, or whether the Court should "do [its] ordinary job of interpreting statutes, with due respect for the views of the Executive Branch." *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244, 2267 (2024). A stay is therefore warranted.

### Precise Relief Requested

9. Plaintiffs request the entry of an Order staying this case pending the Supreme Court's decision in *McKesson*, No. 23-1226 (U.S.).

### Basis for Relief Requested

10. A stay is appropriate under the Court's inherent powers under *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), because awaiting decisions in *McKesson* and *Precision* will not unduly prejudice BTL, which agrees that a stay is appropriate, or Intervenors; the stay will likely simplify the issues of whether users of "online fax services" have Article III standing and whether the FCC's interpretations with respect to the definition of "telephone facsimile machine" are binding on this Court; and the stay will in all probability reduce the burden of litigation on the parties and on the Court.

### MEMORANDUM OF LAW

### I. Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. In determining whether to grant a stay, courts generally examine three factors: (1) whether a stay

will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues and streamline the litigation; and (3) whether a stay will reduce the burden of litigation on the parties and on the court. *Freedom Scientific, Inc. v. GW Micro, Inc.*, No. 8:05-cv-1365-T-33TBM, 2009 WL 2423095, at *1 (M.D. Fla. July 29, 2009).

A district court has discretion to "stay a case pending the resolution of related proceedings in another forum . . . ." *Ortega Trujillo v. Conover & Co. Comm'ns, Inc.*, 221 F.3d 1262, 1264 (11th Cir. 2000) (per curiam). Where "a federal appellate decision . . . is likely to have a substantial or controlling effect on the claims and issues," a stay is potentially warranted. *Miccosukee Tribe of Indians v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009). A stay order must not be "immoderate or of an indefinite duration." *CTI–Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982).

## II. A stay is warranted under the Court's inherent powers.

### A. A stay will not unduly prejudice or tactically disadvantage BTL or Intervenors.

Neither BTL nor Intervenors will suffer any prejudice as a result of the requested stay. The Eleventh Circuit accepted review of the denial of class certification in *Precision* on October 21, 2024. The plaintiff's opening brief in the merits appeal is currently due December 2, 2024 (40 days from the order granting review). As for *McKesson*, the Supreme Court will issue a decision in the October 2024 term, which will end around the last week of June 2025. *See Figueroa v.*

*Carrington Mortg. Servs. LLC*, No. 8:15-CV-2414-T-24TGW, 2016 WL 718289, at *3 (M.D. Fla. Feb. 22, 2016) (staying TCPA action pending relevant Supreme Court decision, where "the Supreme Court's decision is likely forthcoming within the next several months"). The stay will be "spent within reasonable limits, so far at least as they are susceptible of prevision and description," given this timeframe. *Landis*, 299 U.S. at 257.

In sum, waiting several months for the Eleventh Circuit to decide *Precision* and for the Supreme Court to decide *McKesson* would not prejudice BTL or Intervenors, and the stay is warranted under the Court's inherent powers.

**B.     A stay will simplify the issues and streamline the case.**

With respect to *Precision*, the Eleventh Circuit has not decided whether users of online fax services have Article III standing to sue under the TCPA. There are district court decisions going both ways on that question. *Compare Douglas Phillip Brust, D.C., P.C. v. Opensided MRI of St. Louis LLC*, 343 F.R.D. 581, 591 (E.D. Mo. 2023) (certifying all fax recipients class, holding "the receipt of unwanted faxes via online fax services is sufficient to confer Article III standing to bring a claim under the TCPA"), *with Precision*, 2024 WL 4460209, at *1 (reaching the opposite conclusion). The Eleventh Circuit's decision in *Precision* will answer this question, which will undoubtedly simplify the issues and streamline the case going forward.

With respect to *McKesson*, current Eleventh Circuit authority holds that district courts are required by the Hobbs Act to follow a final order of the FCC interpreting the TCPA. *See, e.g.*, *Murphy*, 797 F.3d at 1307; *Mais*, 768 F.3d at 1120–21; *Gorss*

7

*Motels*, 931 F.3d at 1109 (Pryor, J., concurring). Therefore, if this Court were to decide the pending motions today, it would be forced to determine which of the various FCC rulings advanced by the parties are controlling, be it the 2003 Commission Order, the 2015 WestFax Bureau Ruling, or the 2019 Amerifactors Bureau Ruling. The Supreme Court has agreed to decide in *McKesson* whether district courts are *required* to follow the FCC's interpretation of the TCPA or, instead, whether the courts should merely "do their ordinary job of interpreting statutes, with due respect for the views of the Executive Branch." *Loper Bright*, 144 S. Ct. at 2267. Thus, a stay would serve judicial economy, and is warranted under the Court's inherent powers.

### C. A stay will reduce the burden of litigation on the parties and on the Court.

The Eleventh Circuit's decision in *Precision* and the Supreme Court's decision in *McKesson* will set the parameters for how this Court should rule on BTL's pending Motion to Decertify and Plaintiffs' Motion for Final Approval. A stay pending these decisions would thus reduce the burden of litigation, and the requested stay is warranted under the Court's inherent powers.

### Conclusion

For the foregoing reasons, the Court should stay this action pending the Eleventh Circuit's decision in *Marc Irwin Sharman, M.D., P.A. v. Precision Imaging St. Augustine, LLC*, No. 24-90023 (11th Cir.), and the Supreme Court's decision in

8

*McLaughlin Chiropractic Assoc. v. McKesson Corp.*, No. 23-1226, *cert. granted* 2024 WL 4394119 (U.S. Oct. 4, 2024).

### Local Rule 3.01(g) Certification

On October 21, 2024, undersigned counsel conferred by email with counsel for Defendant, BTL. BTL's counsel advised the undersigned that while BTL disagrees with various of the statements and arguments made by Plaintiffs in this motion to stay, including Plaintiffs' characterization of BTL's position in this litigation regarding Article III and Amerifactors as well as Plaintiffs' characterization of existing law in the Eleventh Circuit and elsewhere, BTL agrees with Plaintiffs and their counsel that a stay of this litigation is warranted pending a decision by the Supreme Court in *McKesson* and the Eleventh Circuit in *Precision*, as a stay is likely to materially reduce the likelihood of substantial expenditures of resources by the Court and the parties that could otherwise be avoided.

On October 24, 2024, undersigned counsel conferred by email with counsel for Intervenors, Technology Training Assocs., Inc., Larry F. Schwanke, D.C., Barewood Outlet, Inc., and Thomas Savino d/b/a WebRx Pharmacy Palace, regarding the relief sought. Intervenors' counsel advised that Intervenors do not oppose the relief sought.

            Respectfully submitted,

            */s/ Glenn L. Hara*

Glenn L. Hara (*pro hac vice*)
ANDERSON + WANCA
3701 Algonquin Road, Suite 500
Rolling Meadows, IL  60008
Telephone:  (847) 368-1500
Facsimile:  (847) 368-1501
Email:  ghara@andersonwanca.com

Michael C. Addison
(Fla. Bar. No. 0145579)
ADDISON LAW OFFICE, P.A.
1304 Alicia Avenue
Tampa, Florida 33604
Telephone:  (813) 223-2000
Facsimile:  (813) 228-6000
Email:  m@mcalaw.net

Ross M. Good
(Fla. Bar. No. 116405)
THE GOOD LAW GROUP
800 E. Northwest Hwy., Suite 814
Palatine, Illinois  60074
Telephone:  (847) 600-9576
Email:  ross@thegoodlawgroup.com

*Class Counsel*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 25, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

s/Glenn L. Hara